UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

                                      Plaintiff,

-vs-

HOWARD HINKLE, JR.,

                                      Defendant.

NOTICE OF MOTION

23-cr-99-LJV-JJM

| | |
|---|---|
| MOTION BY: | Frank M. Bogulski as attorney for Howard Hinkle Jr. |
| DATE, TIME & PLACE: | Before Hon. Jeremiah J. McCarthy, Genesee Courtroom, 6th Floor West, 2 Niagara Square, Buffalo, NY |
| SUPPORTING PAPERS: | Affirmation of Frank M. Bogulski, Esq. Dated January 24, 2024 |
| RELIEF REQUESTED: | Appointment of learned counsel or a second attorney. |
| DATED: | January 24, 2024 Buffalo, New York |

                                                                        Frank M. Bogulski, Esq.
                                                                        Attorney for Defendant
                                                                      135 Delaware Ave, Suite #2
                                                                       Buffalo, New York 14202
                                                                                716-649-0090

TO:    Casey L. Chalbeck, Assistant United States Attorney
          Joseph M. Tripi, Assistant United States Attorney
          Nicolas Cooper, Assistant United States Attorney

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

                      Plaintiff,

-vs-

                                        **23-cr-99-LJV-JJM**

HOWARD HINKLE, JR.,

                      Defendant.

I, Frank M. Bogulski, Esq., an attorney duly admitted in the Western District of New York, affirm the following under penalties of perjury:

1. On January 19, 2024, attorneys Mark A. Foti and Eric M. Soehnlein for Defendant Peter Gerace, Jr. filed a memorandum regarding the appointment of learned counsel and authorization of capital resources (**DKT #42**). On behalf of Howard Hinkle, I would like to join in the application for the appointment of learned counsel or alternatively argue for the appointment of a second attorney to assist with this case.

2. Gerace's attorneys do a fantastic job outlining the fundamental rationale for appointment of learned counsel in capital cases. Additionally, they point out numerous examples of where learned counsel was appointed at the early stages of proceedings, such as this case. It appears that there is a strong public policy interest in appointing learned counsel where there is potential for the death penalty. This is clear even in those cases where the government did not commit to seeking the death penalty early on, and counsel remained on the case until a determination was made by the government.

3. In Howard Hinkle's case, the government has not unequivocally stated that they will not seek the death penalty. If the government is prepared to make that commitment, then perhaps they would have an argument to oppose the appointment of learned counsel. However, until that decision is ultimately made by the Department of Justice, it appears

1

that appointment of learned counsel is absolutely necessary to protect the rights of all the defendants in this case.

4. In my personal experience with the 10th Street gang case, (<u>USA v. Busch et al</u>, **1:09-cr-00331-RJA-HBS-15**), my recollection is that learned counsel was appointed for all defendants who were potentially facing the death penalty. This was done promptly by Magistrate Hugh B. Scott. Moreover, I recall that several local attorneys traveled to Texas to receive training on death penalty cases. My memory is that ultimately, the government did not seek the death penalty for any of the 10th Street gang defendants, however, learned counsel was still appointed.

## **ARGUMENT**

5. Given the complexity of this case and the amount of defendants, even if the government were to affirmatively state that they were not going to seek the death penalty, Mr. Hinkle argues that the appointment of a second attorney is necessary to provide the effective assistance of counsel. In this case, the government has publicly acknowledged the complexity of this case and the many challenges both the government and the defendants have had in moving the previous indictments to trial. To say that this has been a challenging process would be an understatement. Given the complex factual and legal issues, the appointment of a second attorney would be prudent for all the defendants in this case, especially because the government has several attorneys prosecuting it.

6. Arguably, in this case, the appointment of a second attorney also would be advantageous for the government. This is because, in the event that the cases go to trial and there is a conviction, it would be more difficult for an appellate court to find that the defendants were afforded ineffective assistance of counsel. This is because the defendants would

have two (2) attorneys advocating on their behalf and the convictions would be more likely to stand.

7. There has been precedent in this district for the appointment of two attorneys on cases that are far less complex and where the defendants were facing far less prison exposure. The case of USA v. Fox (1:22-cr-00053-LJV-JJM) comes to mind, where two attorneys were appointed by District Judge Lawrence J. Vilardo to represent Mr. Fox after he had exhausted significant resources with private counsel. It is important to note that in that case there were only two (2) defendants, and the charges against Mr. Fox were relatively straightforward.

8. Based on the precedent that has been set for death penalty cases and other cases, it is clear that the complexity of this case and the exposure to the death penalty and or potentially life in prison warrants the appointment of learned counsel and or a second attorney to assist with the investigation and any trial preparations involved.

## CONCLUSION

9. In conclusion, Howard Hinkle is requesting that the Court appoint learned counsel or a second attorney to assist Mr. Hinkle with his defense. From a personal perspective, given the complexities of this case and the significant resources that the government has devoted to prosecuting it, it would appear that a second attorney would actually be even more valuable to assist with Mr. Hinkle's defense than learned counsel. This is because of the amount of investigation that will be the amount of expected voluminous discovery and the amount of information that must be analyzed to assist in preparing proper defense.

**WHEREFORE** Howard Hinkle is requesting that this Court appoint a second attorney or learned counsel to assist with litigating these very serious legal matters.

Dated: Buffalo, NY
January 24, 2024

/s/ FRANK M. BOGULSKI
FRANK M. BOGULSKI
*Attorney for Defendant Howard Hinkle Jr.*
135 Delaware Ave. Suite #2
Buffalo, New York 14202
(716) 649-0090

4