UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

v.

SIMON GOGOLACK,

            Defendant.

_____

23-CR-99-JLS-JJM

NOTICE OF MOTION

| | |
|---|---|
| **MOTION BY:** | Jeffrey T. Bagley, Assistant Federal Public Defender |
| **DATE, TIME & PLACE:** | Before the Honorable Jeremiah J. McCarthy, United States Magistrate Judge, Robert H. Jackson United States Courthouse, 2 Niagara Square, Buffalo, New York, **on the papers submitted.** |
| **SUPPORTING PAPERS:** | Affirmation of Assistant Federal Public Defender Jeffrey T. Bagley, dated February 2, 2024 |
| **RELIEF REQUESTED:** | Detention Hearing |
| **DATED:** | Buffalo, New York, February 2, 2024 |

                                **/s/  Jeffrey T. Bagley**
                                Jeffrey T. Bagley
                                Assistant Federal Public Defender
                                Federal Public Defender's Office
                                300 Pearl Street, Suite 200
                                Buffalo, New York 14202
                                (716) 551-3341, (716) 551-3346 (Fax)
                                jeffrey_bagley@fd.org
                                *Counsel for Defendant*

**TO:**    Nicholas Cooper
          Assistant United States Attorney
          Western District of New York
          138 Delaware Avenue, Federal Centre
          Buffalo, New York 14202

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,                               23-CR-99-JLS-JJM

        v.

                                  **MEMORANDUM**

SIMON GOGOLACK,

        Defendant.

_____

1. Simon Gogolack, through counsel, respectfully requests this Court to set a detention hearing.

2. Mr. Gogolack was initially charged by a complaint filed in August 2023. This Court then presided over a detention hearing on September 14, 2023, and ordered Mr. Gogolack detained.

3. Since that time, Mr. Gogolack has been named in a superseding indictment and a second superseding indictment. At the latest arraignment, I requested that the Court reopen the hearing. The Court then ordered that request be submitted in writing.

4. At the time of the initial detention hearing, the government had provided only limited discovery. The defense received more discovery on October 19, 2023, and on December 26, 2023.

5. At the conclusion of the detention hearing, the Court's "ruling right now is detention," but the Court noted that the defense has been "at a procedural disadvantage" because

counsel had just recently been assigned to this case and had limited time to review the limited discovery that had been provided.[1]

6. The Court also noted that "further review" of discovery would be a basis to seek a renewed hearing.

7. As indicated above, not only has the defense now had more time to review what was provided at the time, but the government has provided two more Rule 16 batch disclosures that contain information I was not privy to at the time of the hearing.

8. Of particular note are FBI laboratory reports (attached as Ex. A) that contain the results of testing done on materials retrieved from the basement of a residence associated with Mr. Gogolack.

9. At the initial detention hearing, the government made much of an alleged kidnapping scheme that, in the telling of the drug users who say they were "kidnapped" and whom themselves stand much to gain by crafting stories about Mr. Gogolack, occurred in Mr. Gogolack's basement.

10. At a detention hearing for co-defendant Cortnie Barber on January 11, 2024, the government again placed a heavy emphasis on this purported occurrence in the basement.

11. There, the government proffered to the Court that "consistent with those victims' accounts," FBI agents conducted testing in the basement "by using a Bluestar chemical . . . a re-agent that lights up in the presence of certain items including blood," and that "consistent with areas where victims would have bled," this chemical lit up. The government characterized this as

---

[1] All in-court quotations in this motion are drawn from the Court's official audio recordings of the various proceedings. Those recordings will be provided to the Court and the government under separate cover.

"significant corroboration" of the story it has been told about a kidnapping occurring in the basement.[2]

12. The government, however, did not inform the Court that in a report dated November 3, 2023, its laboratory could not link any of the material that "lit up" to either of the two alleged victims. It also did not inform this Court that no blood at all was detected on several of the locations where this re-agent lit up, and that in other locations the only thing these lab results could conclude was that blood "may be present," but such a finding "does not constitute an identification of blood."

13. This alone entitles Mr. Gogolack to a renewed hearing before this Court.

14. Further, despite having this report since early November 2023, the government did not provide it to Ms. Barber's defense counsel before her detention hearing, and, upon information and belief, still has not.

15. This omission underscores the practicality, general fairness, and wisdom of the Court's usual practice of requiring the government to disclose to the defense materials related to its proffer at the detention hearing.

16. Indeed, the government should welcome such disclosure, as it is the government's burden to produce "sufficient evidentiary support" for its proffer. *United States v. LaFontaine*, 210 F.3d 125, 132 (2d Cir. 2000); *United States v. English*, 629 F.3d 311, 319 (2d Cir. 2011); 18 U.S.C. § 3142(f) (to detain the defendant on the grounds of dangerousness, the government must establish defendant's "dangerousness by clear and convincing evidence"); *United States v. Martir*, 782 F.2d 1141, 1147 (2d Cir. 1986) (may be error to rely on a government proffer that simply states in "general and conclusory terms what it hoped to prove," fails to refer to any

---

[2] The government raised this again at Ms. Barber's hearing because it proffered to the Court that Ms. Barber led the alleged victims into the basement. The government has yet to offer any motive for this alleged conduct.

3

"independent evidence, such as tapes, documents, or photographs," and fails to "furnish testimony or an affidavit.").

17. The government retains this burden even in so-called presumption cases. *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001) (defendant "bears a limited burden of production – not a burden of persuasion – to rebut that presumption by coming forward with evidence that he does not pose a danger to the community or a risk of flight" and "[a]t all times . . . the government retains the ultimate burden of persuasion.")

18. While the government is permitted to proceed by proffer in a detention hearing, the Court must evaluate its representations for reliability, and documents that call into question the proffer are obviously relevant and must be considered in determining detention. *See, e.g.*, *United States v. Fox*, No. 22-1043, 2022 WL 2564600, at *1 (2d Cir. July 8, 2022) ("The only other evidence . . . is [the government's] own proffer . . . . . But witness statements disclosed in discovery contradict this proffer, and so we cannot say that the district court clearly erred" in ordering release.).

19. Underscoring this point even further, the Second Circuit in *Fox* criticized the government for failing to provide to it a photo, as well as an audio recording or a transcript of a phone call that the government argued supported detention. 2022 WL 2564600, at *2, n. 2.

20. The government has had much to say about Mr. Gogolack in his and his co-defendants various detention hearings. It has referenced alleged jail calls made by Mr. Gogolack; it has characterized the toxicology report for Crystal Quinn as indicating that she died of an overdose and had in her system "400 times" a lethal dose; it has discussed alleged text messages sent from Ms. Quinn's phone about Mr. Gogolack; it has pointed to a photograph of Mr. Gogolack allegedly recovered on co-defendant's Knight's phone; and referenced text messages from Mr. Gogolack to Knight.

4

21. The defense anticipates that the government will similarly rely on such items in any future hearing concerning Mr. Gogolack.

22. But none of the materials referenced above have been provided to the defense. (And, upon information and belief, none of this was provided to other defense counsel ahead of the detention hearings held for the other defendants in January 2024.)

23. Mr. Gogolack is entitled to a full and fair detention hearing, one in which he has access to the various items that government relies on to support its detention argument.

24. It is respectfully submitted this Court set a hearing date. Further, that the government be ordered to disclose to the defense and the Court materials related to its intended proffer.

**DATED**: Buffalo, New York, February 2, 2024

Respectfully submitted,

**/s/  Jeffrey T. Bagley**
Jeffrey T. Bagley
Assistant Federal Public Defender
Federal Public Defender's Office
300 Pearl Street, Suite 200
Buffalo, New York 14202
(716) 551-3341, (716) 551-3346 (Fax)
jeffrey_bagley@fd.org
*Counsel for Defendant*

**TO:** Nicholas Cooper
Assistant United States Attorney
Western District of New York
138 Delaware Avenue, Federal Centre
Buffalo, New York 14202