1
**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

2

3  UNITED STATES OF AMERICA,              )
                                          ) Case No. 1:23-CR-00099
4                                         )            (LJV)(JJM)
                        Plaintiff,        )
5                                         )
   vs.                                    ) January 9th, 2024
6                                         )
   MICHAEL RONCONE (4),                   )
7  FRANK KNIGHT (5),                      )
   CORTNIE BARBER (7),                    )
8                                         )
                        Defendants.       )
9
                     **TRANSCRIPT OF ARRAIGNMENT**
10      **BEFORE THE HONORABLE JEREMIAH J. MCCARTHY**
                **UNITED STATES MAGISTRATE JUDGE**
11

12  <u>APPEARANCES</u>:

13  For the Plaintiff:   TRINI E. ROSS
                         UNITED STATES ATTORNEY
14                       BY:  CASEY CHALBECK, ESQ.
                              NICHOLAS COOPER, ESQ.
15                            JOSEPH TRIPI, ESQ.
                         ASSISTANT UNITED STATES ATTORNEYS
16                       138 Delaware Avenue
                         Buffalo, NY 14202
17
    For the Defendant:   LAW OFFICE OF PAUL G. DELL
18  RONCONE               BY:  PAUL G. DELL, ESQ.
                         70 Niagara Street
19                       Buffalo, NY 14202

20  For the Defendant:   CLAIR A. MONTROY, III, ESQ.
    KNIGHT               97 Lake Street
21                       Hamburg, NY 14075

22  For the Defendant:   FEDERAL PUBLIC DEFENDER'S OFFICE
    BARBER               BY:  BRIAN COMERFORD, ESQ.
23                       ASSISTANT FEDERAL PUBLIC DEFENDER
                         300 Pearl Street, Suite 450
24                       Buffalo, NY 14202

25  Audio Recorder:      ERIC GLYNN

1   APPEARANCES CONTINUED:

2   Transcriber:            MEGAN E. PELKA, RPR
                            Robert H. Jackson US Courthouse
3                           2 Niagara Square
                            Buffalo, NY 14202
4                           (716) 229-0880

5           Proceedings recorded with electronic sound recording,
    transcript prepared with computer-aided transcription.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1          THE CLERK:  We're on the record in criminal

2    proceeding 23-CR-99.  United States of America vs.

3    Michael Roncone, Frank Knight, Cortnie Barber, for

4    arraignment.

5       Present in the courtroom are Assistant US Attorneys

6    Nicholas Cooper, Joseph Tripi, and Casey Chalbeck; Defendant

7    Roncone with attorney Paul Dell; Defendant Knight by video

8    with Attorney Clair Montroy; Defendant Barber with Assistant

9    Federal Public Defender Brian Comerford; United States

10   Probation Officer, Brian Mamizuka.  The Honorable

11   Jeremiah J. McCarthy is presiding.

12          THE COURT:  Good afternoon again, everyone.

13          MS. CHALBECK:  Good afternoon again.

14          THE COURT:  Mr. Roncone, sir, where are you, sir?

15   Good afternoon.  Mr. Knight, you are by video; is that

16   correct, sir?  Can you see and hear me?  Mr. Knight?  Is the

17   audio on?

18          THE CLERK:  It was working before, Judge.

19          Sir, are you able to see and hear us?  I'll call the

20   marshals again.  We just fixed this.

21          THE COURT:  All right.  Ms. Barber?

22          MR. COMERFORD:  Right here, Judge.

23          THE COURT:  Okay.  Thank you.  Is it working now?

24   All right.  I'll proceed with Mr. Roncone and Ms. Barber

25   first.  Mr. Roncone and Ms. Barber, you are both named in a

1    second superseding indictment dated January 5th, 2024.  Have

2    each of you received a copy of that document?  You have,

3    Mr. Knight?  Okay.  Ms. Barber, have you?

4              DEFENDANT BARBER:  Yes.

5              THE COURT:  Okay.  Who is going to speak on behalf of

6    the government?

7              MS. CHALBECK:  I will, Your Honor.

8              THE COURT:  Ms. Chalbeck, would you briefly summarize

9    the charges and potential penalties as they relate to these

10   two defendants?

11             MS. CHALBECK:  Yes, Your Honor.  May I approach the

12   podium?

13             THE COURT:  If you wish, yes.

14             MS. CHALBECK:  Your Honor, I'll start with the

15   charges as it relates to Mr. Roncone.

16             THE COURT:  Yes.  Okay.  Wait a second.  Mr. Knight,

17   can you hear me now?  Mr. Knight, can you hear me now?

18   Mr. Knight, can you hear me, sir?  All right.  I'm sorry.  Go

19   ahead.

20             MS. CHALBECK:  Thank you, Your Honor.  So, as I said,

21   I'll start with the charges that relate to Mr. Roncone first.

22             THE COURT:  Right.

23             MS. CHALBECK:  Mr. Roncone is charged in Count 1 of

24   the second superseding indictment with a violation to 18 USC

25   371.  That's a conspiracy to obstruct justice charge.  That

1    offense carries a --

2              THE COURT:  Just a second.

3              MS. CHALBECK:  I am sorry.

4    (An off-the-record discussion was held.)

5              THE COURT:  Okay.  We'll bring him in in here

6    afterwards, okay?  All right.  I -- apologies for this mix up,

7    but we'll proceed right now with Mr. Knight and Ms. -- excuse

8    me, Mr. Roncone and Ms. Barber.  We'll bring Mr. Knight in in

9    a few moments after we're completed on these.  Go ahead.

10             MS. CHALBECK:  So, as I was saying, Mr. Roncone is

11   charged in Count 1 of the superseding indictment with a

12   violation of 18 USC 371.  That is a conspiracy to obstruct

13   justice offense.  That offense carries a five-year maximum

14   penalty.  A five-year maximum term of imprisonment as the

15   penalty.

16      He is further charged in Count 25 of the second

17   superseding indictment.  That is an offense under 18 USC

18   922(g)(3), for being an unlawful user in possession of a

19   firearm and ammunition.  That offense carries a 15-year

20   maximum penalty.

21      Finally, he is charged with Count 26 of the second

22   superseding indictment.  That's an offense of 18 USC

23   1001(a)(2) for making a false statement.  That offense carries

24   a five-year maximum term of imprisonment.

25             THE COURT:  Okay.  Are there any mandatory minimum

1    charges on any of those counts?

2           MS. CHALBECK:  No, Your Honor.

3           THE COURT:  All right.  Thank you.  And how about

4    Ms. Barber?

5           MS. CHALBECK:  With regards to Ms. Barber, she is

6    charged in Counts 6, 11, and 12 of the second superseding

7    indictment.  Count 6 charges an offense under 21 USC,

8    Section 846.  That's a narcotics conspiracy charge.  There is

9    a 20-year maximum term of imprisonment there.

10      Count 11 charges Ms. Barber with kidnapping under 18 USC

11   Section 1201(a)(1) and 18 USC 2.  There is a maximum penalty

12   of life imprisonment under that charge.  Likewise, on Count

13   12, Ms. Barber is charged with 18 USC 1201(a)(1), another

14   kidnapping charge, with a maximum penalty of life

15   imprisonment.

16          THE COURT:  Okay.  Thank you.  Are there any

17   mandatory minimums on those charges?

18          MS. CHALBECK:  No, Your Honor.

19          THE COURT:  Thank you.  Mr. Knight and -- excuse me,

20   again.  Mr. Roncone and Ms. Barber, you are, at the present

21   time, legally presumed innocent of these charges.  You have

22   the right to remain silent.  You cannot be compelled to

23   testify against yourselves, but anything that you do say may

24   be used against you.  You have the right to be represented by

25   an attorney at all stages of this proceeding, and if you

1   cannot afford an attorney, one will be appointed for you.

2           Mr. Roncone, you already have Mr. Dell.  Are you --

3           MR. DELL:  I am retained, Your Honor.

4           THE COURT:  You are retained.  Okay.  And are you

5   fully retained with respect to the second superseding

6   indictment?

7           MR. DELL:  Yes, Your Honor.

8           THE COURT:  And do you waive a formal reading of that

9   indictment?

10          MR. DELL:  Correct, and enter a plea of not guilty to

11  each count.

12          THE COURT:  Thank you.  Ms. Barber, it's my

13  understanding that you are asking for appointment of counsel;

14  is that correct?

15          DEFENDANT BARBER:  (Inaudible).

16          THE COURT:  I didn't hear you.

17          DEFENDANT BARBER:  Yes.

18          THE COURT:  Okay.  Would you raise your right hand,

19  please?

20  (The defendant was sworn.)

21          THE COURT:  I have before me a financial affidavit

22  dated today's date.  Is that your signature on the affidavit?

23          DEFENDANT BARBER:  Yes.

24          THE COURT:  Is the information complete and accurate?

25          DEFENDANT BARBER:  Yes.

1      THE COURT:  And that indicates that you are not

2  currently employed other than public assistance of $300 per

3  month.  You have no other income and no property; is that

4  correct, ma'am?

5      DEFENDANT BARBER:  Yes.

6      THE COURT:  And, based on your statements, I find

7  that you are eligible for appointment of counsel.

8      Mr. Comerford, I understand your office has a

9  conflict; is that correct?

10      MR. COMERFORD:  That is correct, Judge.

11      THE COURT:  But I am going to ask that you represent

12  Ms. Barber for today's proceedings, and then we'll have

13  counsel appointed to represent her going forward.  Do you

14  waive the second -- the formal reading of the second

15  superseding indictment?

16      MR. COMERFORD:  Yes, Judge.

17      THE COURT:  And how does she plead?

18      MR. COMERFORD:  Not guilty.

19      THE COURT:  Okay.  Thank you.

20      Ms. Chalbeck, what is the government's position on

21  detention or release as to these two defendants?

22      MS. CHALBECK:  The government would move to detain

23  both defendants, Your Honor.

24      THE COURT:  On what basis?

25      MS. CHALBECK:  For Mr. Roncone, the basis would be

1    under 18 USC 3142(f)(1)(A).  Pursuant to *United States v.*

2    *Watkins*, which is a 2019 Second Circuit opinion, 922(g)

3    violations constitute a crime of violence for the purposes of

4    the Bail Reform Act.

5         We would further move for detention under 18 USC

6    3142(f)(1)(E), which provides that any felony that is not

7    otherwise a crime of violence that involves the possession or

8    use of a firearm or destructive device or any other dangerous

9    weapons is another basis for detention.

10        Moreover, we would move for detention under 18 USC

11   3142(f)(2)(A), on the proposition that Mr. Roncone presents a

12   serious risk of flight.  And finally, we would move for

13   detention under 18 USC 3142(f)(2)(B) on account that he

14   presents a serious risk of obstructing justice.

15        With regards to Ms. Barber, we would move for detention

16   under 18 USC 3142(f)(1)(C) because she's charged with a Title

17   21 offense with a maximum penalty of 10 years or more in

18   prison, and that is the only basis.  I would add, though, that

19   there is a presumption that applies under 3142(e)(3)(a) for

20   Ms. Barber's offense.

21            THE COURT:  Okay.  Now , Mr. Roncone had been subject

22   to prior charges, and I understand he had been released on

23   conditions; is that correct?

24            MS. CHALBECK:  I apologize, Your Honor, for that.  I

25   was just hearing a comment from my colleague.  Could I

1    please --

2            THE COURT:  Yes.  According to the Pretrial Services

3    report I have on Mr. Roncone, he was previously released on

4    conditions in another case, correct?

5            MS. CHALBECK:  That's correct, Your Honor.  And I

6    can -- if the Court is going to have a detention hearing in

7    this matter today, I can, you know, give the Court some

8    procedural background as to how Mr. Roncone has ended up in

9    this particular posture if you would like.

10           THE COURT:  Well, it's my understanding that the

11   second superseding indictment contains additional charges

12   against him beyond what was previously charged, correct?

13           MS. CHALBECK:  That's correct, Your Honor.

14           THE COURT:  So, on that basis then, I will hold

15   another detention hearing as to him.

16           Mr. Dell, when do you wish to hold that?

17           MR. DELL:  I would note, Your Honor, that the two

18   detention hearings in front of Judge Schroeder and

19   Judge Wolford stand about six or seven hours.  And I would say

20   about 98 percent of it, of the proffer, contained these new

21   allegations as opposed to the allegations that he was charged

22   with.  So there's -- in my -- it's my position that there's

23   nothing new.  I'd like a detention hearing right now.

24           MS. CHALBECK:  We could do that, Your Honor.

25           THE COURT:  All right.  Well, let me -- before we do

```
 1   that, let me go back and address Ms. Barber.  You are also

 2   moving for detention as to her, correct?

 3          MS. CHALBECK:  Yes, Your Honor.  If I could just

 4   correct the record briefly.  I -- we would also move for

 5   detention under 3142(f)(2)(a) on account that Ms. Barber

 6   presents a flight risk, and also under 3142(f)(2)(e) on

 7   account that she presents a serious risk of obstructing

 8   justice.  And earlier in my allocution, I just omitted those

 9   bases for detention, Your Honor.

10          THE COURT:  All right.  Well, I have a bail report on

11   her dated today's date.  And, based on that, I don't feel that

12   I can go forward as to her with respect to a full detention

13   hearing, particularly because she's going to need new counsel.

14   So, I'll set a hearing date for her, perhaps two days later.

15   So, what's today, the 9th?  Eric, do we have time on the 11th

16   we can get counsel appointed and then --

17          THE CLERK:  Yes, Judge.  Could do 11 o'clock on

18   Thursday.

19          THE COURT:  Okay.  She'll be detained pending that

20   time.  And in the interim, we'll get counsel appointed.  And,

21   as to anybody that I have to appoint counsel for, I would ask

22   the government to provide us with a conflict list so we're not

23   spinning our wheels, okay?

24          MS. CHALBECK:  Absolutely, Your Honor.

25          THE COURT:  All right.  Now, back to Mr. Roncone.  I
```

 1  did not, obviously, participate in those other hearings.  I

 2  don't know what went on or what was proffered or what was

 3  decided, but all I do note is that there are new charges

 4  pending now that were not the subject, at least, of formal

 5  charges before him on a prior case.  So, I am willing to go

 6  forward today, but I am at a bit of a disadvantage.

 7          MR. COOPER:  Judge, could we have just a moment

 8  before we weigh in on that?

 9          THE COURT:  Yeah.

10          MR. COOPER:  Just a second.

11          MS. CHALBECK:  Your Honor, we could proceed today.

12  However, if Your Honor would like the transcripts and exhibits

13  that we proffered in the prior detention hearings, we would be

14  more than happy to supply the Court with that in the next 24

15  hours.

16          THE COURT:  Yeah.  Mr. Dell, I understand your

17  position, and perhaps your frustration, but I am just not in a

18  position to address this today.  I can set it for later

19  tomorrow, or I can set it for Thursday, but I do want to see

20  what went on.

21          MR. DELL:  That's exactly my point, Your Honor.  I

22  just -- my question is, is there anything new beside the

23  government saying, well, he's indicted now?  Because I'm being

24  serious.  There were six hours of hearings.  I would say 5

25  hours and 50 minutes of it had to do with these new charges.

1          THE COURT:  Is that right?

2          MS. CHALBECK:  Your Honor, the -- pursuant to or

3    consistent with the 3142(g) factors, the government proffered

4    extensively about the defendant's characteristics and, like,

5    history of dangerousness.  And so, yes.  The proffer

6    encompassed uncharged conduct, some of which is relevant to

7    the second superseding indictment today.  However, I would

8    proffer before you now as you consider a continuance that the

9    government has additional information not proffered in either

10   of the two prior detention hearings that it would proffer

11   before this Court.

12         THE COURT:  He was released on December 18th?  I'm

13   looking at my bail report.  It says he was released on

14   December 18th, so I don't know.

15         MS. CHALBECK:  I think it was either the 18th or the

16   21st, Your Honor.

17         THE COURT:  Okay.  So, in any event, there's

18   basically two weeks that he's been out on release, right?

19         MS. CHALBECK:  That's correct.

20         THE COURT:  All right.  Here's what I am going to do.

21   I am going to release him today on those conditions, but I

22   will hold a hearing.  I will give the government an

23   opportunity -- once I have the transcript of what occurred

24   before, and can consider the government's proffer on this, I

25   may revisit that.  But, for now, I'll release him on the

1    previously imposed set of conditions --

2           MR. DELL:  Thank you.

3           THE COURT:  -- with which I understand he has been

4    compliant.

5           MR. DELL:  Thank you.

6           MS. CHALBECK:  I'm sorry, Your Honor.  To -- but just

7    to make a record, I would note that the Bail Reform Act

8    instructs expressly that where the Court continues a detention

9    hearing, the defendant will be detained during that period of

10   continuance.

11          THE COURT:  What section?

12          MS. CHALBECK:  So, under 3142(f)(2)(E), if I am

13   reading the statute correctly.  It instructs during a

14   continuance, such person shall be detained.

15          THE COURT:  3142(f)(2)(B)?

16          MS. CHALBECK:  (f)(2)(E).  Another alternative, Your

17   Honor, if I may?

18          THE COURT:  Yes.

19          MS. CHALBECK:  The government could withdraw its

20   detention motion and remove for detention tomorrow to

21   effectuate that 24-hour period, but I just want to make sure

22   that our record is sound before we proceed.

23          THE COURT:  All right.  Mr. Dell, if I am going to

24   release him, it would be on condition that the government have

25   the opportunity to renew its motion.  So, when can you be

1    available for another detention hearing?

2           MR. DELL:  I could do tomorrow afternoon.  I am -- I

3    will be going out of town on Wednesday for one week.

4           THE COURT:  Tomorrow is Wednesday.

5           MR. DELL:  I mean, tomorrow is my last day in town

6    until the following Wednesday.

7           THE COURT:  Okay.  So, let's do it tomorrow, but can

8    you get me the transcript and everything?  All right.  So,

9    Eric, what time do we have tomorrow?  Yeah.  Can we do

10   4 o'clock tomorrow?

11          MR. DELL:  Yes.

12          MS. CHALBECK:  Yes, Your Honor.

13          THE COURT:  Okay.  So, you'll reserve your right.

14   You can re-move tomorrow.  I am releasing him today on the

15   previously-imposed set of conditions.  Tomorrow, at 4 o'clock,

16   you can renew your motion.  You will provide me, in the

17   interim, with the record of all proceedings that took place in

18   the other case relative to his detention or release, and then

19   everybody reserves their rights, okay?

20          MR. DELL:  Yes.  Thank you.

21          THE COURT:  Okay.

22          MS. CHALBECK:  Your Honor, I'm sorry to interrupt

23   again.  Can I just make one further clarification for the

24   record?

25          THE COURT:  Yes.

1          MS. CHALBECK:  I believe that Probation services

2    provided a bail report.  I think counsel has that.  The

3    conditions of Mr. Roncone's release on that report are -- do

4    not include all of the conditions of release on -- articulated

5    in Chief Judge Wolford's order.  So, if it's all right with

6    Your Honor, could you just please instruct the defendant to

7    comply with the Judge's order and not necessarily the

8    conditions outlined in the bail report?

9          THE COURT:  I presume you were a party to what.

10   Whatever Judge --

11         MR. DELL:  Yes.

12         THE COURT:  Whatever Chief Judge Wolford ordered, he

13   has to comply with.

14         MR. DELL:  Absolutely.

15         THE COURT:  Okay.  All right.  Okay.  So, you needed

16   to leave, didn't you?  We'll set a -- I'm not going to set a

17   scheduling order today until we get everybody -- so, let me

18   know --

19         MR. DELL:  I'll be here about 3:45 tomorrow.

20         THE COURT:  Okay.  So, you and Mr. Roncone are free

21   to leave today.

22         MR. DELL:  Thank you.

23         THE COURT:  You'll be back here tomorrow, though.  If

24   you are not, things will not go well.  All right.  Now, as to

25   Ms. Barber, Eric, you said there's a problem?

```
1              THE CLERK:  Yes, Judge.  I'm sorry.  I apologize.
2     I'm having some calendar issues.  That would have to be later
3     in the day as well, possibly 3 o'clock on Thursday.
4              THE COURT:  What time?
5              THE CLERK:  Three o'clock.
6              THE COURT:  Okay.  Can we do that?  Brian, I should
7     ask, are you available as well?
8              P.O. MAMIZUKA:  Judge, I apologize.  Was that with
9     respect to the detention hearing?
10             THE COURT:  Yeah, on Ms. Barber, on Thursday.
11             P.O. MAMIZUKA:  Thursday at 3 p.m.?
12             THE COURT:  Yeah.
13             P.O. MAMIZUKA:  Yes, Judge.
14             THE COURT:  Okay.  Counsel, let me ask, I understand
15    that there may be some issues with available counsel because
16    of the number of conflicts or are we going to be okay?  She
17    needs to get somebody to represent her.
18             MR. TRIPI:  Yes, Judge.  We'll get you an -- I think
19    an abridged list.  I don't think all of the conflicts on the
20    larger case would necessarily apply with full force and effect
21    to Ms. Barber.
22             THE COURT:  Okay.
23             MR. TRIPI:  So, we'll get you something after court
24    today.
25             THE COURT:  Okay.  Okay.  Fine.  Then, Ms. Barber
```

1   will be detained pending that hearing.  I should have read --

2   and I will now read -- before Mr. Roncone left -- I'm going to

3   read a brief statement and follow it up with a written order.

4      I hereby direct the government to comply with its

5   obligations under *Brady vs. Maryland* and its progeny to

6   disclose to the defendants all information, whether admissible

7   or not, that is favorable to the defendants, material either

8   to guilt or to punishment and known to the government.

9      The possible consequences of non-compliance may include

10  dismissal of individual charges or of the entire case, the

11  exclusion of evidence and professional discipline or court

12  sanctions on the attorneys responsible.  I'll be entering a

13  written order confirming these obligations and I direct the

14  government to review and comply with that order.

15     Ms. Chalbeck, can you confirm that the government

16  understands its obligations and will fulfill them?

17         MS. CHALBECK:  Yes, Your Honor.

18         THE COURT:  Okay.  Thank you.  So, Speedy Trial Act,

19  given that motions are pending, at least as to Ms. Barber,

20  time is excluded for now between today and Thursday, January

21  11th from the Speedy Trial Act calendar, and that relates both

22  to Mr. Roncone and Ms. Barber.  Okay?

23     With that, I think you can all leave the courtroom because

24  we'll bring Mr. Knight -- well, not you, but we'll bring

25  Mr. Knight in, and he had a medical issue.

1    (A brief recess was held from 3:36 to 3:47 p.m.)

2           THE CLERK:  Back on the record in criminal proceeding

3    23-CR-99.  Present in the courtroom is defendant Frank Knight

4    with attorney Clair Montroy.  The Honorable

5    Jeremiah J. McCarthy presiding.

6           THE COURT:  Good afternoon, Mr. Knight.  I apologize

7    for the logistical problems.  We thought that you would be

8    able to hear me and, apparently, you couldn't.  So, all right.

9    You are named in a second superseding indictment dated

10   January 5th, 2024.  Have you received a copy of that document,

11   sir?

12          DEFENDANT KNIGHT:  Yes.  Now, Your Honor, I have.

13          THE COURT:  All right.  Counsel, you want to share it

14   with him for a moment?  Okay.  Ms. Chalbeck, would you briefly

15   summarize the charges of the second superseding indictment as

16   they relate to Mr. Knight, along with the potential penalties?

17          MS. CHALBECK:  Yes, Your Honor.  Mr. Knight is

18   charged in Count 1 of the second superseding indictment.  That

19   is an offense under 18, United States Code, Section 371.  It's

20   a conspiracy to obstruction of justice charge.  There is a

21   five-year maximum term of imprisonment associated with the

22   count.

23      Mr. Knight is also charged in Count 5 under 18,

24   United States Code, 1001(a)(2).  That's a false statements

25   charge that carries a five-year term -- maximum term of

1    imprisonment.  And, finally, Mr. Knight is charged in Count

2    23.  That, too, is a false statements charge under 18, United

3    States Code 1001(a)(2), which carries a five-year maximum term

4    of imprisonment.

5            THE COURT:  Okay.  Are there any mandatory minimum

6    charges as to any of these charges against Mr. Knight?

7            MS. CHALBECK:  No, Your Honor.

8            THE COURT:  Thank you.  Sir, you are legally presumed

9    innocent of these charges at the present time.  You have the

10   right to remain silent.  You cannot be compelled to testify

11   against yourself, but anything that you do say may be used

12   against you.  You have the right to be represented by an

13   attorney, and if you cannot afford an attorney, one will be

14   appointed for you.

15           Mr. Montroy, are you retained to represent

16   Mr. Knight?

17           MR. MONTROY:  I am partially retained, Your Honor.

18           THE COURT:  When do you expect to know whether you

19   are fully retained?

20           MR. MONTROY:  I haven't had much of an opportunity to

21   talk to my client.  After we leave here today, I'll talk to

22   him at the end of this session.

23           THE COURT:  Okay.  Mr. Knight, do you agree that

24   Mr. Montroy can represent you for today's purposes, although

25   he has not been fully retained yet?

1          DEFENDANT KNIGHT:  Yes, sir.

2          THE COURT:  Okay.  Do you waive the formal reading of

3    the second superseding indictment?

4          MR. MONTROY:  Yes, Your Honor.

5          THE COURT:  And how does the defendant plead?

6          MR. MONTROY:  Not guilty, Your Honor.

7          THE COURT:  Thank you.  Ms. Chalbeck, what is the

8    government's position on detention or release?

9          MS. CHALBECK:  The government would move for

10   detention, Your Honor, under 18 United States Code

11   3142(f)(2)(A) on account that Mr. Knight presents a serious

12   risk of flight and, furthermore, under Section 3142(f)(2)(B)

13   on account that there is a serious risk that he will obstruct

14   justice if released.

15         THE COURT:  Okay.  Mr. Montroy, Mr. Knight is

16   entitled to a detention hearing.  Do you wish to have a

17   hearing?

18         MR. MONTROY:  Yes, Your Honor.

19         THE COURT:  When would you like to schedule that?

20         MR. MONTROY:  Well, I know that probation -- there's

21   a report that's not finished yet, so I think he said they

22   could have it done by tomorrow.

23         THE COURT:  Do you want to reconvene tomorrow?

24         MR. MONTROY:  No.  Tomorrow, I'm not able to.

25         THE COURT:  Okay.

1          MR. MONTROY:  I can do Thursday afternoon.

2          THE COURT:  Okay.  Eric, can we do Thursday

3    afternoon?  Why don't we put him on both and we'll just take

4    them one after another?

5          MR. MONTROY:  Put the other ones on the same day?

6          THE CLERK:  There's one at 3 o'clock on Thursday.

7          MR. MONTROY:  Okay.  We have enough time to finish

8    it?

9          THE COURT:  Yeah.  We'll get through.  Does that work

10   for you?

11         MR. MONTROY:  Three o'clock on Thursday?

12         THE COURT:  Yes.

13         MR. MONTROY:  Sure.

14         THE COURT:  Okay.  And, counsel for the government,

15   that's good for you?

16         MS. CHALBECK:  Yes.

17         THE COURT:  And Brian?

18         P.O. MAMIZUKA:  Yes, Judge.

19         THE COURT:  All right.  Since the government's motion

20   for detention remains pending on that basis, time is excluded

21   between today and Thursday, January 11th, from the Speedy

22   Trial Act calendar.  I want to read a brief statement for

23   Mr. Knight's benefit, and I'll follow it up with a written

24   order.

25      I hereby direct the government to comply with its

1  obligations under *Brady vs. Maryland* and its progeny to

2  disclose to the defendant all information, whether admissible

3  or not, that is favorable to the defendant, material either to

4  guilt or to punishment and known to the government.

5      Possible consequences of non-compliance may include

6  dismissal of individual charges, or of the entire case, the

7  exclusion of evidence, and professional discipline, or court

8  sanctions on the attorneys responsible.  I'll be entering a

9  written order confirming this obligation and I direct the

10  government to review and comply with that order.

11         Ms. Chalbeck, can you confirm that the government

12  understands its obligations and will fulfill them?

13         MS. CHALBECK:  Yes, Your Honor.

14         THE COURT:  Thank you.  Anything further today?

15         MR. MONTROY:  No, Your Honor.

16         THE COURT:  Okay.  Defendant is remanded.  Thank you.

17  (Proceedings concluded.)

18

19

20

21

22

23

24

25

1                     CERTIFICATE OF TRANSCRIBER

2

3          In accordance with 28, USC, 753(b), I certify that

4     this is a true and correct record of the proceedings held in

5     the United States District Court for the Western District of

6     New York before Honorable Magistrate Judge Jeremiah J.

7     McCarthy, on January 9th, 2024.

8

9

10                              s/ Megan E. Pelka, RPR

11                              Megan E. Pelka, RPR

12                              Transcriber

13

14

15

16

17

18

19

20

21

22

23

24

25