UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

| | |
|---|---|
| UNITED STATES OF AMERICA, | 23-CR-99-JLS-JJM |
| v. | |
| SIMON GOGOLACK, | **AFFIRMATION** |
| Defendant. | |

_____

**JEFFREY T. BAGLEY,** affirms under penalty of perjury that:

1. I am an Assistant Federal Public Defender for the Western District of New York and was assigned to represent the above-named defendant, Simon Gogolack.

2. On February 15, 2023, this Court set a detention hearing for March 1, 2024. It further ordered that "[b]y February 23, 2024 the government shall produce to defendant all evidence that it intends to rely upon at the detention hearing." (Docket No. 61.)

3. The government did not produce any discovery pursuant to this Order. Rather, on February 23, 2024, the day of the discovery deadline, the government sent an email indicating that it intends to "proceed by proffer with regards to the March 1st detention hearing in this matter."

4. The defense and presumably this Court anticipated that the hearing, like nearly every other detention hearing, would proceed by proffer. This Court's Order that the government must provide discovery was not cabined to non-proffer detention hearings; the order applies whether the government proceeds by proffer or by any other means.

5. Of course, neither the defense nor this Court know precisely what areas the government intends to explore at the hearing, but in the past the government has proffered, for

instance, that Mr. Gogolack and others in this case ought to be detained due to jail calls Mr. Gogolack has made, the results of Crystal Quinn's autopsy, messages from Ms. Quinn's phone, statements from alleged victims of an alleged kidnapping attempt, and photographs from a co-defendant's phone.

6. Despite this Court's order, none of this has been provided to the defense.

7. Unless the government intends to eschew nearly all the bases that it has previously argued warrant detention, this Court must now either compel disclosure under threat of sanction or preclude reliance on any information not disclosed.

8. Indeed, this Court has already issued its February 15 Order as well as its Rule 5(f) order, which provides in part that favorable "information must be disclosed sufficiently in advance of trial in order for the defendant to make effective use of it at trial *or at such other time as the Court may order*." (emphasis added).

**DATED**: Buffalo, New York, February 26, 2024

Respectfully submitted,

**/s/  Jeffrey T. Bagley**
Jeffrey T. Bagley
Assistant Federal Public Defender
Federal Public Defender's Office
300 Pearl Street, Suite 200
Buffalo, New York 14202
(716) 551-3341, (716) 551-3346 (Fax)
jeffrey_bagley@fd.org
*Counsel for Defendant*

**TO:** Casey Chalbeck
Assistant United States Attorney