IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK
_____


UNITED STATES OF AMERICA


-vs-


PETER GERACE, JR.,

Defendant.


_____


**MEMORANDUM IN OPPOSITION TO THE GOVERNMENT'S MOTION FOR
RECONSIDERATION OF THE COURT'S MARCH 1, 2024, TEXT ORDER**


Docket No. 23-CR-99


Respectfully submitted on March 3, 2024, by:

Mark A. Foti, Esq.

Eric M. Soehnlein, Esq.

The Foti Law Firm, P.C.

Soehnlein Law, PLLC

16 West Main Street, Suite 100

2100 Main Place Tower

Rochester, New York 14614

350 Main Street

Phone: (585) 461-1999

Buffalo, NY 14202

Fax: (585) 491-6512

Phone: (716) 771-9092

E-mail: mark@fotilaw.com

E-mail: eric@soehnleinlaw.com

Defendant Peter Gerace, Jr., by and through counsel, Mark A. Foti, Esq., provides the following memorandum in response to the Motion by the Government seeking Reconsideration of the Court's March 1, 2024, Text Order. Dkt. # 86.

The Table of Contents is as follows:

Background ....................................................................................................... 1

Applicable Law .............................................................................................. 4

Discussion ...................................................................................................... 8

    Local Rules ................................................................................................ 9

    Timeliness of Defendant's Response .................................................. 13

    A Developed Record .............................................................................. 16

    The Government's Claims Regarding the Pretrial Services Report.................. 17

Conclusion ..................................................................................................... 19

## BACKGROUND

The guidelines for the Judicial Conference state that "[e]mployees of ... U.S. attorney offices should not ... seek to obtain information from a person requesting the appointment of counsel concerning the person's eligibility," 7A Jud. Conf. of the U.S., Guide to Judiciary Policy § 210.40.20(e).

1

The CJA plan for the Western District of New York is contained in the WDNY Revised Plan for Furnishing Representation pursuant to the Criminal Justice Act 18 U.S.C. § 3006A ("hereafter "WDNY CJA Plan").[1] It mandates that courts in this District comply with Volume 7A of the Judicial Conference's guidelines. WDNY CJA Plan, Section (II)(B)(1), at page 1.

The WDNY CJA Plan also reiterates that "[e]mployees of law enforcement agencies shall not participate in the completion of the financial affidavit *or seek to obtain information concerning financial eligibility*." WDNY CJA Plan, Section (IV)(B)(1)(a)(ii), at page 5 (emphasis added).

Despite the clear directives of the Judicial Conference and the WDNY CJA Plan, on February 20, 2024, the Government filed a motion for disclosure of Mr. Gerace's financial affidavit. Dkt. # 71.

The Government never stated in its motion that it intended to file a reply. *See* Dkt. # 71.

The following day, the Court issued a Text Order setting a schedule for the filing of the defendants' responses. Dkt. # 72 (hereafter "the Scheduling Order"). The Scheduling Order appears on the docket as follows:

---

[1]     Available     at     https://www.nywd.uscourts.gov/sites/nywd/files/CJA%20Plan%202021-10-31%20Signed%20with%20Circuit%20Approval.pdf.

| 02/21/2024 | 72 | TEXT ORDER as to Peter Gerace, Jr, John Thomas Ermin: Defendants responses to the governments motion for access to the financial affidavits of defendants Gerace and Ermin 71 shall be filed by February 26, 2024, **after which time the motion will be taken under advisement**. The February 23, 2024 status conference 54 remains as scheduled. SO ORDERED. Issued by Hon. Jeremiah J. McCarthy on 2/21/24. (MDY) (Entered: 02/21/2024) |
|---|---|---|

(Emphasis added.)

The Scheduling Order specifically advised the parties that the Court would take the matter under advisement upon the filing of the defendant's response. There was nothing ambiguous about the Court's Order.

The Government never filed anything in response to the Scheduling Order indicating that it intended to reply to the defendant's response.

A status conference was held on February 23, 2024, two days after the Scheduling Order was issued. During that status conference, the Government never indicated that it intended to file a Reply, nor did it ask for an amendment to the Scheduling Order.

On February 27, 2024, at 12:24 a.m. EST, the defense for Mr. Gerace filed his Response in Opposition to the Government's Motion, at which time, the Court took the matter under advisement, as it indicated it would in the Scheduling Order.

Two days ago, the Court issued a Text Order denying the Government's motion. Dkt. # 84 (hereafter "the Court's Decision"). The Court's Decision appears on the docket as follows:

| | | |
|---|---|---|
| 03/01/2024 | 84 | TEXT ORDER: Defendants Peter Gerace, Jr. and John Thomas Ermin have requested the appointment of counsel pursuant to the Criminal Justice Act and submitted financial affidavits ex parte. For the reasons stated in Gerace's opposition 79 , the government's motion 71 for access to those affidavits is denied. A conference to address Gerace's request for appointment of counsel is scheduled for March 8, 2024 at 3:00 p.m. See February 23, 2024 minute entry 73 . Before a determination on Ermin's request for appointment of counsel can be made, he shall supplement his financial affidavit with a sworn ex parte submission detailing the "[o]ther property" identified, including the approximate value of each item of property. SO ORDERED. Issued by Hon. Jeremiah J. McCarthy on 3/1/24. (MDY) (Entered: 03/01/2024) |

After the Court denied the Government's motion, the Government filed a Motion for Reconsideration of the Court's Decision. Dkt. # 86. The Motion for Reconsideration was the first time the Government claimed that it had intended to file a Reply on the underlying motion.[2]

For the following reasons, the Government's Motion for Reconsideration should be denied.

<u>APPLICABLE LAW</u>

Motions for reconsideration are generally permitted in criminal cases. Courts will commonly apply the civil standard of review in determining whether there is a sufficient basis for the motion. While motions for reconsideration are within the discretion of the

---

[2] The Government also never indicated that it intends to file a Reply on its Motion for Reconsideration, so for reasons discussed, *infra*, the filing of this Response should place this matter under advisement, unless the Court decides *sua sponte* that it wants additional briefing or argument.

court, they must also be weighed alongside the law of the case doctrine.

There is no statutory authority for a party to make a motion for reconsideration in a criminal case. However, the United States Supreme Court has "recognized the appropriateness of petitions for rehearing by the United States in criminal cases" *United States v. Healy*, 376 U.S. 75, 78 (1964); *see also United States v. Dieter*, 429 U.S. 6 (1976)

Although, "some motions for reconsideration are so totally lacking in merit… there is no certain way of deciding in advance which motions for reconsideration have the requisite degree of merit, and which do not." *United States v. Ibarra*, 502 U.S. 1, 6–7 (1991).

Absent any "criminal procedure provision for a reconsideration motion, courts in this Circuit have applied the applicable civil standard to such motions in criminal cases." *United States v. Larson*, 07-CR-304S, 3 (W.D.N.Y. Nov. 23, 2013)

"[T]he standard for reconsideration is 'strict' and reconsideration '*will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked-matters*, in other words, that might reasonably be expected to alter the conclusion reached by the court,'" *United States v. Briggs*, 10-CR-184S, 4 (W.D.N.Y. Nov. 7, 2012)(*quoting United States v. Amanuel*, No. 05-CR-6075, 2006 WL 266560, at *1 (W.D.N.Y. Jan. 31, 2006))(emphasis added).

There are three major grounds identified to justify a motion for reconsideration: "an intervening change of controlling law, the availability of new evidence, or the need

to correct a clear error or prevent manifest injustice." *Virgin Atlantic Airways v. Nat. Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)(*quoting* 18 C. Wright, A. Miller E. Cooper, Federal Practice Procedure § 4478 at 790).

"A motion for reconsideration may not be used to advance new facts, issues or arguments not previously presented to the Court, *nor may [they] it be used as vehicle[s] for relitigating issues already decided by the Court*." *United States v. Smith*, 105 F. Supp. 3d 255, 258 (W.D.N.Y. 2015)(internal quotations and citations omitted)(emphasis added).

The "limitation on motions for reconsideration is to ensure finality and to 'prevent the practice of a losing party examining a decision and then plugging the gaps of the lost motion with additional matters.'" *Range Road Music, Inc. v. Music Sales Corp.*, 90 F. Supp. 2d 390, 392 (S.D.N.Y. 2000) (*quoting Carolco Pictures, Inc. v. Siroto*, 700 F. Supp. 169, 170 (S.D.N.Y. 1988)).

It has been "recognize[d] 'that reconsideration of a previous order is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.'" *In re Health Management Systems, Inc. Sec. Lit.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000)(*quoting Wendy's Int'l, Inc. v. Nu-Cape Construction, Inc.*, 169 F.R.D. 680, 685 (M.D.Fla. 1996)).

Thus, a motion for reconsideration "should be granted only in extraordinary circumstances." *Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009)(*citing Liljeberg v. Health Serv. Acquisition Corp.*, 486 U.S. 847, 863 (1988)).

Furthermore, when a party brings a motion for reconsideration, it "must do so within the strictures of the law of the case doctrine." *Virgin Atlantic Airways v. Nat. Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992).

The law of the case doctrine indicates that "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Arizona v. California*, 460 U. S. 605, 618 (1983).

A "clear conviction of error on a point of law that is certain to recur… will prevail over 'the law of the case' whereas 'mere doubt' will not." *Zdanok v. Glidden Co.*, 327 F.2d 944, 953 (2d Cir. 1964).

"The law of the case doctrine commands that 'when a court has ruled on an issue, that decision should generally be adhered to by that court in subsequent stages in the same case' unless 'cogent and compelling reasons militate otherwise.'" *Johnson v. Holder*, 564 F. 3d 95, 99 (2d Cir. 2009)(*quoting United States v. Quintieri*, 306 F.3d 1217, 1225 (2d Cir.2002))

Thus, as previously noted, "reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked… a motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." *Shrader v. CSX Transportation, Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

"[T]he law of the case doctrine forecloses reconsideration of issues that were

decided — or that could have been decided — during prior proceedings." *US v. Williams*, 475 F. 3d 468, 471 (2d Cir. 2007).[3]

## DISCUSSION

Despite the Law of the Case Doctrine and the strict limitations on motions for reconsideration, the Government made its Motion for Reconsideration without pointing to any controlling decisions or data that the Court overlooked in rendering its decision. The motion merely seeks to relitigate an issue already decided.

The Government dressed up its effort to relitigate the issue by relying on the false premise that the Court was either required to provide the government with a deadline to reply, *sua sponte*, or specifically state that one was not being provided for. Neither of those points are true.

The Government appears to present three arguments dependent on this premise: (1) the false claim that the Local Rules entitle the Government to a reply; (2) the Government should be allowed to reply because the defense filed the Response one day late; and (3) a reply brief would allow the Government to "develop[] the record."

Then, although it is irrelevant to a motion for reconsideration, the Government references a Pretrial Services Report to publicly comment on Mr. Gerace's alleged net

---

[3] The Second Circuit has recently deferred to the Law of the Case Doctrine on multiple occasions to foreclose reconsiderations of decisions it had previously decided. *See e.g. Vaughn v. Phoenix House New York Inc.*, 957 F.3d 141, 146-47 (2d Cir 2020); *see also Doe v. East Lyme Bd. of Educ.*, 962 F. 3d 649, 662-63 (2d Cir 2020)

worth while omitting crucial information relevant to that figure.

Each of the Government's arguments is discussed below.  None of the arguments warrant granting the Government's motion. In fact, a closer look at the arguments demonstrates why a motion for reconsideration should be summarily denied.

## Local Rules

The Government's lead argument appears to be based on the false claim that the Local Rules entitle the Government to file a Reply unless the Court specifically "rule[s] out additional briefing." The Government makes the following assertions:

> First, the local rules advise that absent court order, a party enjoys "seven (7) days after service of the responding papers to file and serve reply papers." W.D.N.Y. LOCAL R. CRIM. P. 12(b)(2). There was no order prohibiting the government from filing a reply brief… To be sure, the Court stated it would take the government's motion under advisement following receipt of Mr. Gerace's response. See Text Order, ECF No. 71, (dated Feb. 21, 2024). However, because the Court's February 21st text order did not expressly rule out additional briefing, the government anticipated replying to Mr. Gerace's response brief within the time contemplated by the local rules. *See* W.D.N.Y. LOCAL R. CRIM. P. 12(b)(2).

> Dkt. # 86 at 3.

The basis of this argument is the Government's claim that the Court erred in failing to schedule a deadline for a Reply or specifically stating that one was not being provided for, because according to the Government, the Local Rules would require it.

That is entirely false.

9

The Government selectively cites Local Rule 12(b)(2), which is the rule related to deadlines for submissions "[i]f the Court does not set deadlines by order." Loc. R. Crim. P. 12(b)(2). This rule would only apply if the Court had never issued the Scheduling Order at Docket Entry 72.

Here, the applicable rule is clearly Local Rule 12(b)(1), which states that "[a]fter a motion is filed, the Court may issue an order setting deadlines for filing and service of opposing papers, *and for filing and service of reply papers,* **if** *the moving party has stated an intent to reply.*" Loc. R. Crim. P. 12(b)(1) (emphasis added).

The Local Rules are clear that when the Court issues a scheduling order, as it did here, a deadline for a reply is only set "if the moving party has stated an intent to reply." Thus, the inclusion of a deadline for a reply was dependent on the Government requesting it, which it did not. The Government should have expected the Court to take the matter under advisement following the filing of a response, even if the Court had not explicitly stated it would do so.[4]

The Government never references Rule 12(b)(1) in its motion for reconsideration. It either managed to overlook the rule entirely or, more likely, strategically ignored it.[5]

_____

[4] Although the Local Rules may suggest that a moving party should indicate an intention to file a Reply prior to the issuance of a Scheduling Order, it is likely that a moving party will be permitted to file a Reply brief as long as it does so or requests the opportunity to do so at any time prior to the issuance of a decision. That did not happen here.

[5] In the local rules, Rule 12(b)(1) is on the same page and immediately above Rule 12(b)(2). It is hard to imagine that the Government did not review Rule 12(b)(1), which would suggest that the Government intentionally omitted reference to Rule 12(b)(1)'s when the Government attempted to cast blame on the

The Government did not state it had an intention to file a Reply in its initial motion. The Government did not request the opportunity to file a Reply when the Court issued a Scheduling Order indicating it would take the matter under advisement upon the filing of the defendant's response. Nor did the Government request the opportunity to file a Reply when the parties convened for a Status Conference on February 23, 2024.

There is absolutely no basis for the Government to argue that the Court was required to include a deadline for a Reply, or alternatively include a specific indication that a Reply was not being provided for, especially when the Court was clear that it was going to take the matter under advisement upon the filing of the defendant's Response.

Of course, during the litigation of a case, there may be issues which the Court elects, *sua sponte*, to provide a date for filing of a Reply brief because the Court anticipates that the issue will require additional litigation. Similarly, the Court has discretion to decide whether oral argument is necessary to resolve a motion. Loc. R. Crim. P. 12(e).

However, this issue was entirely appropriate for the Court to take under advisement upon the filing of the defendant's response. The Government did not state an intention to Reply, and the issue is one that has already been recently addressed in this District, the most recent example being a decision issued just days before the Government

---

Court for the Government's failure to request or file a Reply prior the issuance of the Court's Decision. The rules can be viewed together on page 8 at https://tinyurl.com/WDNYLocalRules.

filed its motion.[6]

Nothing prevented the Government from requesting an amended Scheduling Order to include an opportunity to submit further briefing before a decision was made. Instead, the Government did nothing, even knowing the Court was taking the matter under advisement, and thus, a decision could be rendered at any time.[7]

This request for Reconsideration amounts to an attempt to take a second bite of the apple, an effort to relitigate an issue already decided, by claiming the Court created an "ambiguous" text order, even though the Court's text order was clear, and the Government took no further action until a decision was rendered which the Government disfavors.

"It is well-settled that [a Reconsideration Motion] is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or

---

[6] Hon. H. Kenneth Schroeder Jr. had found it appropriate to allow a defendant to submit a financial affidavit for in camera review as part of an application for appointed counsel in a case that is related to Mr. Gerace. *United States v. Rosenthal, et al.*, 23-cr-102-LJV-HKS at Dkt. 27 (W.D.N.Y. 2024).

[7] While improperly citing to Loc. R. Crim. P. 12(b)(2), the Government claims that a party "enjoys 'seven (7) days… to file and serve reply papers'" and "the government anticipated replying to Mr. Gerace's response brief within the time contemplated by the local rules." Dkt. # 86 at 3. That statement is confounding. Setting aside the fact that the Government never indicated it intended to reply and the Scheduling Order did not reference a reply, the Scheduling Order set a deadline for the defendant's response less than one week after the filing of the Motion. If there had been no scheduling order, Local Rule 12(b)(2) would have afforded the defense fourteen days to respond. The Court clearly sought to resolve this issue in an expedited fashion. Had the Government requested to file a Reply, it stands to reason that it would have been given the opportunity to do so, but it would have been on a much shorter schedule than the one contemplated by Local Rule 12(b)(2). Of course, the Government never inquired regarding a deadline, because it never expressed any interest in filing a reply until, conveniently, after it lost the motion.

otherwise taking a `second bite at the apple'...." *Analytical Surveys, Inc. v. Tonga Partners, LP*, 684 F. 3d 36, 52 (2d Cir.1998)(*quoting Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir.1998)). Yet, that is exactly what the government is seeking to do here under the guise that the Court failed to provide time for a Reply when one had not been requested.

<u>Timeliness of Defendant's Response</u>

After suggesting the Court failed to properly fashion an appropriate scheduling order, the Government states "to the extent the Court's February 21st text order was ambiguous as to the Government's right to reply, that ambiguity should not be construed against the Government—especially since the Court accepted Mr. Gerace's February 27th response brief after unambiguously instructing him to file it by February 26, 2024." Dkt. 86 at 3-4.

Again, there was nothing ambiguous about the Text Order, and the Government does not have a "right to reply."

To the extent that the defendant's response was filed one day late, that point is irrelevant to the Government's failure to state an intention to reply or request an amended scheduling order at any time prior to the Court's Decision.

Even after the defense's Response was filed, the Government made no request to file a reply. It is not as if the Court issued a decision on the same day that the defendant's Response was filed. The Decision was rendered three days later which is likely the

amount of time the Government would have been afforded to reply if it had requested the opportunity to do so. *See* FN 7, *supra*.

The timing of the defendant's submission is wholly irrelevant to the issue of whether the Government had a "right to a reply," but because the Government brings it up, the defense does acknowledge the response was one day late. However, it should be noted that the Government omits from its Motion for Reconsideration that the submission was one day late, because it was filed at 12:24 a.m. on February 27th, 24 minutes after the midnight deadline on February 26th.

The defense acknowledges that the submission should have been filed 24 minutes earlier, even though the point is immaterial, and the Government clearly was not prejudiced by the timing of the filing.[8]

Moreover, in addition to omitting the actual timing of the filing, the Government's shot at the defense lacks additional context.

On January 31, 2024, the Court had indicated that if the Government wanted to file a motion for disclosure of the defendants' financial affidavits, it shall do so by February 12, 2024. Dkt. # 53. That afforded the Government twelve days to complete the motion.

---

[8] Although there are five AUSAs assigned to this matter, it seems safe to assume that the Response was filed several hours before *any* of them arrived at work on February 27th. The Government had the full day to review the Response just as it would have had if the submission had been filed in the evening on February 26th. That said, even if the submission had been multiple days late, it still would not have prejudiced the Government, because the Court had already made clear that the matter was under advisement upon the filing of the defendant's submission. If anything, delay would have afforded the Government additional time to request the opportunity to file a Reply, which it did not.

On February 12, 2024, the Government moved for an extension of time to file. Dkt. # 58. The defense consented to the request. The Government was provided an additional eight days and permitted to file on February 20, 2024.  Dkt. # 59.

The Government had nearly three weeks to prepare its motion. The Court provided the defense with a deadline of February 26, 2024, which was less than one week. The defense did not request any extensions.

Nonetheless, the defense filed a 19-page Response that required a substantial amount of time to draft, and the defense worked on the submission up to midnight and beyond, by 24 minutes.

Notably, if the Government had subsequently indicated that it wanted to reply to the defendant's response, the defense would not have objected prior to the issuance of a decision. And if the Government had subsequently needed additional time to complete the reply, the defense would have likely consented, just as it had previously. However, the Government never reached out to the defense regarding an intention to file a Reply.

In the days that followed the filing of the defendant's response, the Government was completely silent as to any intention to submit further briefing. That is, until the Court decided in the defendant's favor. Then, the Government filed the motion for reconsideration within approximately four hours, claiming for the first time that it had intended to Reply within an invented deadline of seven days.

## A Developed Record

The Government's motion for disclosure completely failed to address the directives of the Judicial Conference. It failed to address the WDNY CJA Plan. It relied heavily on a case in another district under the direction of a different CJA Plan. It ignored cases in our District, including a decision rendered by Judge Schroeder just days earlier.

Now that the Court has rendered a decision denying the Government's motion, the Government has moved for reconsideration of the Court's Order, and in moving for reconsideration, the Government indicates it seeks to file a Reply to the underlying motion that would provide for a more "developed record."

Attempting to create a more "developed record" after a decision is rendered is not a basis for reconsideration.

In fact, in claiming that it is trying to create a more "developed record" after the Court has already ruled against the motion, the Government is openly attempting to engage in the prohibited practice of a losing party examining a decision and then attempting to plug the gaps of the lost motion with additional matters.

Thus, the Government's claim that it is trying to further develop the record after the motion has already been decided is actually a sufficient basis to deny a motion for reconsideration.

<u>The Government's Claims Regarding the Pretrial Services Report</u>

The Government acknowledges that it "does not routinely request CJA financial affidavits." Dkt. # 86 at 4. However, it attempts to justify its selective approach here, by claiming that it has assessed Mr. Gerace's net worth "based on pre-trial services report prepared in <u>January 2024</u>." Dkt. # 86 at 4-5 (emphasis included in the original).

The Pretrial Services Report referenced by the Government is under seal. The Government emphasizes that the Pretrial Services Report was prepared by Probation in January 2024, presumably to suggest the information is current, but the Government omits that the Introduction to the Report notes that the Report was prepared in March 2020, and it is merely an updated report that was prepared in January of this year.

Specifically, the information in the relevant portion of the report, the Employment History / Financial Resources section, is clearly identified within the report as information that was collected in 2020. A lot has happened since then. As just one example, Mr. Gerace's residence is mentioned in the report, but it is a matter of public record that it was sold last year. The financial information in the report is outdated.

Consequently, the Government publicly filed a motion that emphasized that a sealed report was created in January 2024 without acknowledging the financial information was outdated, and then it made a representation of Mr. Gerace's net worth based on that report.

17

To the extent that the Government suggests that the Pretrial Services Report is proof of Mr. Gerace's current net worth, there are three points to be made.

First, the Court is in possession of the sealed Pretrial Services Report, and if the report contained any current information relevant to the determination of eligibility, the Court is capable of making that determination.

Second, the public does not have access to the Pretrial Services Report, so when the Government publicly presents a figure of net worth based on that report, it should be mindful to represent that the information is from early 2020, and not create the misperception that the information is current by emphasizing that the report was prepared in January 2024.

Third, Mr. Gerace's net worth is not the only consideration in determining financial eligibility for appointed counsel. There are other considerations, such as asset encumbrances, which the Court is aware of and quite capable of weighing without the Government's input.

As the Court knows, Mr. Gerace's finances have been depleted by four years of defending federal criminal actions and the collateral impact of those cases. The Court has been provided with information regarding Mr. Gerace's current financial circumstances. The law mandates that Mr. Gerace-- and every other defendant in federal court -- be afforded counsel in circumstances like the ones here.

If anything, the Government's Motion for Reconsideration demonstrates why the Court was correct to exclude the Government from inserting itself into the eligibility process. The Court is more than capable of reviewing all information presented to it, including the Pretrial Services Report, and making an appropriate determination, without the Government attempting to weigh in on the matter in the manner that it did here.

## CONCLUSION

The Government made its motion.  It had ample time to brief that motion.  It filed its briefing and did not indicate that it intended to file a reply. The Court set a scheduling order clearly stating it would take the matter under advisement upon receipt of the defendant's response. The Government lost the motion.

Now, the Government incorrectly claims that the Local Rules provide a "right to reply," and based on that erroneous representation, the Government openly argues for another opportunity to litigate the issue. The Government should not be allowed to do so.

For all of the reasons set forth above, Mr. Gerace respectfully requests the Government's Motion for Reconsideration be denied.

Dated: March 3, 2024

/s/ Mark A. Foti___
Mark A. Foti, Esq.