IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

———————————————————————————

UNITED STATES OF AMERICA,

            v.                              23-CR-99-LJV

SIMON GOGOLACK, et al.,

                    Defendants.

———————————————————————————

### GOVERNMENT'S MOTION FOR RECONSIDERATION PENDING RECEIPT OF GOVERNMENT'S REPLY BRIEF

THE UNITED STATES OF AMERICA, by and through its attorneys, Trini E. Ross, United States Attorney for the Western District of New York, and Joseph M. Tripi, Nicholas T. Cooper, and Casey L. Chalbeck, Assistant United States Attorney, of counsel, hereby files its motion for reconsideration as to the Court's March 1, 2024, text order denying the government's motion to access Defendants Peter Gerace, Jr. and John Thomas Ermin's financial affidavits until which time the government may file its reply brief.

## I.    Background

On January 31, 2024, the Court requested financial affidavits from Defendants Peter Gerace, Jr. and John Thomas Ermin so that the Court could make a determination as to whether learned counsel would be appointed for them.  Defendant Gerace requested to submit the affidavit *ex parte*, to avoid the affidavit from becoming a "discovery tool" for the government.  The government objected to the request.  The Court permitted Mr. Gerace and Mr. Ermin to file the financial affidavits *ex parte* but allowed the government to submit a motion for access to the financial affidavits.  *See* Minute Entry, ECF No. 53, (dated Jan. 31, 2024).  The government filed its motion on February 20, 2024.  *See* Mot. for Defs. Gerace &

Ermin's Fin. Aff., ECF No. 71, (dated Feb. 20, 2024).   Thereafter, the Court ordered Mr. Gerace and Mr. Ermin to file response briefs by February 26, 2024.   *See* Text Order, ECF No. 72, 2024, (dated Feb. 21, 2024).   The Court's order was silent as to whether the government could file a reply brief.   In the meantime, the government noticed its decision not to seek the death penalty against Mr. Gerace and Mr. Ermin, which moots any outstanding request for learned counsel.   *See* Notice, ECF No. 75, (dated Feb. 23, 2024).

## II.   Legal Standard

Although the Federal Rules of Criminal Procedure do not specifically recognize motions for reconsideration, such motions "have traditionally been allowed within the Second Circuit."   *United States v. Yannotti*, 457 F. Supp. 2d 385, 388 (S.D.N.Y. 2006).   District courts "have applied the applicable civil standard to such motions in criminal cases."   *United States v. Larson*, No. 07-CR-304S, 2013 WL 6196292, at *2 (W.D.N.Y. Nov. 27, 2013).

"The standard for granting . . . a motion [for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."   *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).   Common grounds for reconsideration include "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice."   *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (citation omitted).

2

### III.    Argument

The Court should withdraw or, alternatively, hold in abeyances its March 1, 2024, order denying the government's motion until the government has had an opportunity to file a reply brief.  The Court expressly advised that it was denying the government's motion "[f]or the reasons stated in [Mr.] Gerace's [response in] opposition."  Text Order, ECF No. 84, (dated Mar. 1, 2024).  Yet, at no point did the Court provide notice that it would prohibit the government from filing a reply brief, let alone that it would afford only 72 hours for a reply. Both the local rules, principles of procedural fairness, and the Court's interest in ruling upon a fully developed record militate in favor of granting the government leave to file a reply brief.

*First*, the local rules advise that absent court order, a party enjoys "seven (7) days after service of the responding papers to file and serve reply papers."  W.D.N.Y. LOCAL R. CRIM. P. 12(b)(2).  There was no order prohibiting the government from filing a reply brief.  Indeed, unlike other orders in this case, the Court's briefing schedule was silent as to the government's right to reply.  *Compare* Text Order, ECF No. 57, (dated Feb. 7, 2024) ("Defendant's reply, if any, to the government's opposition to his motion to reopen the detention hearing shall be filed by February 13, 2024."); *with* Text Order, ECF No. 71, (dated Feb. 21, 2024) (not discussing a reply brief).  To be sure, the Court stated it would take the government's motion under advisement following receipt of Mr. Gerace's response.  *See* Text Order, ECF No. 71, (dated Feb. 21, 2024).  However, because the Court's February 21st text order did not expressly rule out additional briefing, the government anticipated replying to Mr. Gerace's response brief within the time contemplated by the local rules.  *See* W.D.N.Y. LOCAL R. CRIM. P. 12(b)(2).

*Second*, to the extent the Court's February 21st text order was ambiguous as to the government's right to reply, that ambiguity should not be construed against the government—

especially since the Court accepted Mr. Gerace's February 27th response brief after unambiguously instructing him to file it by February 26, 2024.  Text Order, ECF No. 72, (dated Feb. 21, 2024) (providing that responses "shall be filed by February 26, 2024").[1] Principles of equity point much in the same direction.  *Cf.* RESTATEMENT (SECOND) OF CONTRACTS § 206, pp. 80–81, 105–107 (1979) (classifying *contra proferentem*—or the rule of construction in which ambiguity is construed against the drafter—under "Considerations of Fairness and the Public Interest"); *Chapman v. United States*, 500 U.S. 453, 463 (1991) (applying the same concept in criminal cases but calling it the rule of lenity); *Wooden v. United States*, 595 U.S. 360, 396 (2022) (Gorsuch, J., concurring) (equating both concepts and advising that they help "resolv[e] ambiguities").  In sum, basic tenets of fairness and consistency counsel in favor of giving the government leave to file a reply brief.

*Third*, and finally, a developed record benefits the Court.  "A reply brief is the best vehicle for narrowing the true issues and is especially important and called for when a new point or issue is raised in the appellee's brief."  § 3:714. Reply briefs, 2A FED. PROC., L. Ed. § 3:714; *see also United States v. Rodriguez*, 15 F.3d 408, 415 (5th Cir. 1994) (same).  The Court's decision deprives the government from doing just that.  Financial affidavits filed pursuant to the Criminal Justice Act are filed *ex parte* and under seal to protect the privacy of the affiant, not to confer secrecy over false statements.  Were it otherwise, the affiant's certification "under penalty of perjury" that his financial statements are "true and correct" would be a dead letter.  CJA-23 Fin. Aff. at 1, (Rev'd Mar. 2021).  The government does not routinely request CJA financial affidavits.  Here, however, based on pre-trial services report prepared

---

[1]      In like manner, if defendants are provided the opportunity to file reply briefs as a matter of course, *see* Text Order, ECF No. 57, (dated Feb. 7, 2024), the government would respectfully request that it be given the same opportunity.

in <u>January 2024</u>, Peter Gerace's net worth exceeds █████████.  Nevertheless, Mr. Gerace, who already has one federal fraud conviction under his belt, now boldly asks the taxpayers to foot his legal bills, claiming, as he must under the plan, that he is "financially unable to obtain adequate representation."  CJA Plan, W.D.N.Y. at 1.  And he does so while being under indictment for four counts of fraud in *United States v. Gerace*, 1:23-CR-60.  The basis for the government's concern that Mr. Gerace might be misrepresenting his finances to the Court speaks for itself.

## **CONCLUSION**

For the reasons set forth above, the government respectfully asks the Court to:

1. Withdraw or, alternatively, hold in abeyance, its March 1, 2024, text order denying the government's motion to access defendant Peter Gerace and John Ermin's financial affidavits;

2. Grant the government leave to file a reply brief; and

3. Set a briefing deadline for any such reply brief.

DATED:  Buffalo, New York, March 1, 2024.

TRINI E. ROSS
United States Attorney

BY:   s/ JOSEPH M. TRIPI
      s/ NICHOLAS T. COOPER
      s/CASEY L. CHALBECK
      Assistant United States Attorneys
      United States Attorney's Office
      Western District of New York
      138 Delaware Avenue
      Buffalo, New York 14202
      (716) 843-5839
      joseph.tripi@usdoj.gov