IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

      v.                                                                                                   23-CR-99-LJV

SIMON GOGOLACK, et al.,

      Defendants.

## RESPONSE IN OPPOSITION TO DEFENDANT SCOTT BARNES' MOTION TO REOPEN DETENTION HEARING

**THE UNITED STATES OF AMERICA**, by and through its attorneys, Trini E. Ross, United States Attorney for the Western District of New York, Joseph M. Tripi, Nicholas T. Cooper, and Casey L. Chalbeck, Assistant United States Attorneys, of counsel, hereby submits the following response in opposition to defendant Scott Barnes' motion to reopen detention hearing.[1] ECF No. 81, (dated Feb. 29, 2024).

### I. INTRODUCTION

On January 3, 2024, Chief Judge Elizabeth A. Wolford issued an opinion ordering Mr. Barnes detained pending trial, concluding that there "are no conditions of release that will reasonably assure the appearance of Defendant as required and the safety of any other person and the community." *United States v. Barnes*, No. 23-MR-00551, 2024 WL 33740, at *1

---

[1] Though stylized as a "motion for release," the government refers to Mr. Barnes' motion as one to reopen his detention hearing based on changed circumstances, per Mr. Barnes' request. *See* Mot. for Release at 8 ("WHEREFORE your affiant respectfully requests this Court to grant a new detention hearing based on the change in circumstances.").

(W.D.N.Y. Jan. 3, 2024). Less than two months later, Mr. Barnes filed the instant motion for release, which the government construes as a motion to reopen the detention hearing, before this Court.

The motion fails for three reasons. First, this Court lacks statutory jurisdiction to reconsider the district court's detention order. Second, the information Mr. Barnes cites in his motion is not new for the purposes of the Bail Reform Act, as it was largely known to Mr. Barnes at the time of his initial detention hearing. Third, and finally, none of the information Mr. Barnes relies on demonstrates that he is more likely to appear at trial or less likely to pose a danger to the community. Accordingly, the motion should be denied.

## II.   FACTUAL BACKGROUND

The government incorporates by reference the factual background detailed in Chief Judge Wolford's detention opinion and adds only that two days after that opinion issued, a grand jury indicted Mr. Barnes for unlawfully possessing a firearm under 18 U.S.C. § 922(g).

## III.   LEGAL FRAMEWORK

After a judge issues a detention order,

> [t]he [detention] hearing may be reopened . . . at any time before trial if *the* judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

18 U.S.C. § 3142(f) (emphasis added). "By its terms, this section provides for the reconsideration of a detention order only by the same judicial officer that conducted the original detention hearing, and only when there is new evidence that is material to the decision of whether detention is appropriate." *United States v. Cannon*, 711 F. Supp. 2d 602, 606 (E.D. Va. 2010) (emphasis added); *United States v. Manley*, 659 F. Supp. 3d 15, 19 (D.D.C. 2023) (same); *see United States v. Cisneros*, 328 F.3d 610, 614 (10th Cir. 2003) (holding that "review of a detention or release order" under § 3142(f) may only be "conducted by the same judicial officer who entered the order").

Even when brought before the appropriate judicial officer, the Bail Reform Act does not permit the reopening of a detention hearing unless the new information brought to the Court "increase[s] the likelihood that the defendant will appear at trial" or "show[s] that the defendant is less likely to pose a danger to the community." *United States v. Watson*, 475 F. App'x 589, 600 (6th Cir. 2011); *see United States v. Bothra*, No. 20-1364, 2020 WL 2611545, at *1 (6th Cir. May 21, 2020) (unpublished) ("Courts . . . requir[e] a showing of truly changed circumstances or a significant event.").

### IV.   ANALYSIS

Mr. Barnes' motion to reopen fails for three reasons. *First*, Mr. Barnes' motion falls outside the purview of § 3142(f) because the original detention hearing was not conducted by this Court. Indeed, in *United States v. Cisneros*, the seminal appellate decision addressing whether one judge may reopen another judge's detention hearing, the Tenth Circuit concluded that review of a detention or release order is available only when the same judicial officer who entered the

original order conducts such review. 328 F.3d at 614. "This straightforward reading of the statute serves the salutary purpose of preventing judge shopping by either party and prevents magistrate judges from being placed in the uncomfortable position of second-guessing their fellow magistrates, or district judges of second-guessing magistrates with information that the magistrates did not have," or, as here, magistrates second-guessing district judges. *United States v. Anaya*, 376 F. Supp. 2d 1261, 1263 (D.N.M. 2005) (internal quotations omitted). "Accordingly, . . . only the judicial officer who holds a [detention] hearing may then reopen [the hearing], before or after a determination by the judicial officer, [or] at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing . . . ." *United States v. Alderete*, 336 F.R.D. 240, 265 (D.N.M. 2020) (quoting 18 U.S.C. § 3142(f)) (internal quotation marks omitted). Mr. Barnes' motion is therefore improperly before this Court.

*Second*, Chief Judge Wolford considered Mr. Barnes' health concerns during the December 2023 detention hearings and nevertheless ordered him detained. Specifically, counsel proffered both "that Defendant . . . underwent two back surgeries in 2023," *Barnes*, 2024 WL 33740, at *2, and "that Mr. Barnes had some pretty major back surgery six weeks ago and does have scheduled follow up post-surgical appointments scheduled with his surgeon," Det. Hr'g Tran. at 94–96, (dated Dec. 27, 2023). To be sure, Chief Judge Wolford did not hear counsel proffer that Mr. Barnes was experiencing discoloration and loss of sensation in his toes. But, by counsel's own admission, Mr. Barnes had knowledge of the loss of sensation in his toes at the time of the December 27 detention hearing and failed to inform counsel. *See* Mot. for Release at 3 ¶ 8. The Bail Reform Act does not permit a defendant multiple bites at the detention apple

4

based on information known to him at the time but that he neglected to use. *See Zhang*, 55 F.4th at 148 (stating that "new information under the statute must have been 'not known to the movant at the time of the hearing.'" (quoting § 3142(f)). Consequently, on the merits, Mr. Barnes' motion fails at the first step.

*Third*, even assuming *arguendo* that Mr. Barnes' health concerns are new, his motion never addresses how they materially bear on the issue of detention—that is, how they "increase the likelihood that [he] will appear at trial" or "show that [he] is less likely to pose a danger to the community." *Watson*, 475 F. App'x at 600. Specifically, as to the issue of flight, Mr. Barnes makes no effort to engage with Chief Judge Wolford's assessment of his risk of non-appearance:

> Although Defendant has not disclosed financial resources that could potentially fund an effort to flee, his proffered position within the Outlaws MC presents significant concerns. The Court finds that the government has established by clear and convincing evidence that Defendant holds a prominent leadership role within the Outlaws MC, and his role is related to enforcement. As a result, Defendant has ready access to a vast network that could easily facilitate an effort to flee and hide from law enforcement. If nothing else, his most recent living arrangements at the Outlaws MC Clubhouse demonstrate that. In other words, with not an undue amount of effort, Defendant could be secreted away in any one of the clubhouses throughout the country. And while Defendant denied to USPO any international travel or documentation to allow the same, the Outlaws MC has a vast international network that presents significant concerns about Defendant's risk of flight.

*Barnes*, 2024 WL 33740, at *7 (footnote omitted).

Mr. Barnes is equally silent with respect to the Chief Judge's determination that he poses a danger to the community if released pending trial:

> With respect to the nature and seriousness of the danger to any person or the community that would be posed by Defendant's release, the Court concludes that it is significant. The government has offered evidence that

5

> Defendant has engaged in acts of violence or threats of violence simply to protect against other individuals wearing colors supporting a rival motorcycle club within Outlaws MC so-called territory. Moreover, Defendant is a member of an organization that endorses without reservation the notion that individuals should not cooperate with law enforcement and those who do should be punished. The Outlaws MC has strong links to Pharaoh's and its owner, Peter Gerace, who is charged criminally and facing a significant sentence if convicted. One witness who was cooperating with the government has died under suspicious circumstances after expressing fear of "bikers" and the Outlaws MC. The Outlaws MC Clubhouse, where Defendant was residing, has a history of violent assaults, including against women, and the use of drugs.

*Id.*

In sum, Mr. Barnes' motion should be denied as not properly before this Court or, alternatively, for failure to identify new and material information meriting the reopening of his detention hearing.

## V. CONCLUSION

For the reasons set forth above, the government respectfully requests that the Court deny Mr. Barnes' Motion for Release (ECF No. 81).

DATED: Buffalo, New York, March 5, 2024.

>> TRINI E. ROSS
>> United States Attorney
>>
>> BY:  s/ CASEY L. CHALBECK
>>      s/ JOSEPH M. TRIPI
>>      s/ NICHOLAS T. COOPER
>>      Assistant United States Attorneys
>>      United States Attorney's Office
>>      Western District of New York
>>      138 Delaware Avenue
>>      Buffalo, New York 14202
>>      (716) 843-5881
>>      Casey.Chalbeck@usdoj.gov