UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

                              Plaintiff,

-vs-

HOWARD HINKLE, JR.,

                              Defendant.

**NOTICE OF MOTION**

**23-CR-99**

| | |
|---|---|
| MOTION BY: | Frank M. Bogulski as attorney for Howard Hinkle Jr. |
| DATE, TIME & PLACE: | Before Judge Jeremiah J. McCarthy, Robert H. Jackson United States Courthouse, 2 Niagara Square, Buffalo, NY 14202, at a date and time to be decided by the Court. |
| SUPPORTING PAPERS: | Affirmation of Frank M. Bogulski, Esq. Dated March 15, 2024 |
| RELIEF REQUESTED: | Release of the defendant on reasonable conditions. |
| DATED: | March 15, 2024, Buffalo, New York |

                                                      /s/ FRANK M. BOGULSKI
                                                      /s/ DAN HENRY
                                                      Attorneys for Defendant
                                                        *Howard Hinkle Jr.*
                                                     135 Delaware Ave. Suite #2
                                                       Buffalo, New York 14202
                                                          (716) 649-0090

TO:    Casey L. Chalbeck, Assistant United States Attorney
          Joseph M. Tripi, Assistant United States Attorney
          Nicolas Cooper, Assistant United States Attorney

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>                              Plaintiff,<br>-vs-<br>HOWARD HINKLE, JR.,<br>                              Defendant. | **ATTORNEY AFFIRMATION**<br><br>**23-CR-99** |

I, Frank M. Bogulski, Esq., an attorney duly admitted in the Western District of New York, affirm the following under penalties of perjury.

1. I represent the Defendant, Howard Hinkle Jr., in the above-captioned matter.

2. I was assigned to represent Mr. Hinkle on or about October 24, 2023, under docket no. 23-mj-05219.

3. On or about October 26, 2023, a detention hearing was held before United States Magistrate Judge Michael J. Roemer. At that time, the government had argued for the detention of both Mr. Hinkle and his co-defendant, Dillon Anderson. The United States Probation Department, however, recommended the release of Mr. Hinkle on reasonable conditions.

4. Specifically, included in Mr. Hinkle's bail report, the U.S. Probation Department outlined a combination of fourteen (14) conditions that they argued would both "assure the defendant's appearance in court and the safety of the community."

5. After considering the arguments of both parties and upon review of the probation department's proposed conditions, the Court ultimately determined that the government failed to demonstrate that no combination of conditions would both protect the community and guarantee Mr. Hinkle's presence in Court. Accordingly, Judge Roemer ordered that Mr. Hinkle be released upon the completion of a home inspection.

6. The government subsequently requested a stay of Mr. Hinkle's release and appealed the Magistrate's decision to United States District Judge John L. Sinatra. Hearings were held on or about November 3, 2023, and Judge Sinatra granted the government's motion to revoke Judge Roemer's decision.

7. Subsequently, a Superseding Indictment was filed under docket no. 23-CR-99, accusing Hinkle of violating Title 18, United States Code, § 1503 (Obstruction of Justice), Title 18, United States Code, § 1512(k) (Witness Tampering Conspiracy), Title 18, United States Code, § 1513(f) (Witness Retaliation Conspiracy), Title 21, United States Code, § 841(a)(1) and 841(b)(B)(vii), and Title 18 United States Code § 2 (Manufacture and Possession with Intent to Distribute 100 or More Marijuana Plants), Title 21 United States Code § 856(a)(1) and Title 18 United States Code § 2 (Maintaining a Drug-Involved Premises), Title 18 United States Code § 924(c)(1)(A) and 2 (Possession of Firearms in Furtherance of Drug Trafficking) and Title 18 United States Code § 922(g)(1) (Felon in Possession of Firearms).

8. Hearings were conducted before the Honorable Jeremiah J. McCarthy on or about January 10, 2024. At that time, the parties did not address the issues of detention in any great detail. Specifically, the Court continued Mr. Hinkle's detention without conducting a hearing.

9. Mr. Hinkle is now seeking an order from this Court directing his release on reasonable conditions. Hinkle argues that there is a change in circumstances that warrants his release. First, Hinkle has had an opportunity to review the indictment and argues that it lacks specificity with respect to the more serious charges and seems to infer guilt based on his purported associations with individuals in the Wellsville area. Mr. Hinkle adamantly

denies those allegations and asserts that the indictment's lack of specificity with respect to the charges is a factor that the Court should consider in his favor.

10. In addition to the lack of specificity in the indictment, Mr. Hinkle argues that there is a change in circumstances with respect to his incarceration that should be considered by the Court. Specifically, since Mr. Hinkle has been incarcerated in the Chautauqua County Jail, his inmate classification has substantially improved. In particular, Mr. Hinkle directs the Court's attention to the fact that is now classified as a trustee in the Chautauqua County jail in Mayville, NY. What this means is that Mr. Hinkle now is housed in a trustee honor dorm that provides far greater freedom and movement within the Chautauqua County Jail.

11. The trustee dormitory setting is reserved for inmates who are respectful to others, can be trusted, and provide little or no risk of flight. Individuals in the trustee dormitory are not locked in their cells all day long like the other inmates who are unruly, pose a flight risk, or are dangerous.

12. In addition to being housed in the trustee dorm, Mr. Hinkle has been assigned to work various jobs within the jail. Currently, Mr. Hinkle reports that he is working regularly in the kitchen doing whatever tasks are required, including cooking, cleaning, and taking out the trash.

13. The fact that the jail experts have deemed Mr. Hinkle to be trustworthy is a significant factor for this Court to consider when evaluating his detention. This is because the government has moved for detention on the grounds that Mr. Hinkle poses a danger to others and the community. Although this is the first significant period of incarceration that Mr. Hinkle has faced in his life, he has had the opportunity to demonstrate to jail

4

officials that he is an individual who can be trusted with important tasks in the facility. He has also had the opportunity to demonstrate that he can follow directions in a strict setting and excel under very difficult circumstances.

14. Because the government has previously proffered to Judge Sinatra that Mr. Hinkle is dangerous and therefore must be detained, Hinkle argues that his experience and conduct in jail have rebutted any purported presumptions and that he has demonstrated by deeds and actions that he can be trusted. Mr. Hinkle's record in jail has been exemplary and he has not committed any offenses. Howard Hinkle's good behavior while in jail demonstrates to the United States Attorney's Office and the Court that if Howard is released on reasonable conditions, he will follow instructions and comply with the directives of the United States Probation Department.

15. Additionally, Mr. Hinkle argues that he is not a flight risk as the United States Probation Department initially recommended his release and set forth ample conditions that would protect the public and guarantee his presence at future proceedings. Furthermore, these factors were carefully considered by Magistrate Judge Roemer and reviewed by Howard Hinkle who stated on the record that he fully understood and would agree to the imposition of such conditions.

## LEGAL ANALYSIS AND ARGUMENT

16. In the case US v. Carter (996 F. Supp. 260 WDNY 1998), United States Magistrate Judge Feldman stressed in his decision that "in our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." (United States v. Salerno, 481 U.S. 739, 755, 107 S.Ct. 2095, 95 L.Ed.2d 697 (1987); US v. Carter (996 F. Supp. 260 WDNY 1998). Judge Feldmen, further noted that "[t]he Bail Reform Act limits the

circumstances under which a district court may order pretrial detention" (United States v. Friedman, 837 F.2d 48, 49 (2d Cir.1988).

17. As known, the Bail Reform Act (18 U.S.C. § 3141 *et seq.*), requires the Court to release a defendant pending trial subject to the least restrictive conditions that will reasonably assure the defendant's appearance as required and the safety of any other person and the community (18 U.S.C. § 3142(c)(1)(B). The Court may order that a defendant be held without bail <u>only if there are no conditions that will reasonably assure the defendant's appearance and the safety of any other person and the community</u>, after considering the factors set forth in 18 U.S.C. § 3142(g), 18 U.S.C. § 3142(e)(1). Those factors are:

>   (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including family ties, financial resources, length of residence in the community, community ties, and past conduct; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. (18 U.S.C. § 3142(g).

18. In Howard Hinkle's case, he argues that the United States Probation Department previously did a thorough investigation into the facts and circumstances of the charges against him, as well as Hinkle's history and character, family ties, and circumstances surrounding the gun and marijuana charges. Based on the assessment from the United States Probation Department, it was recommended to the Court that he be released. Hinkle's release is consistent with the statutory requirements of 18 U.S. Code 3143(g) and 18 US Code 3142(e)(1). Moreover, they are congruent with the Bail Reform Act, which requires the court to release the defendant on the least restrictive conditions.

19. In US v. Carter (996 F. Supp. 260 WDNY 1998), the government also argued that the defendant should be detained as they alleged that Defendant Michael Carter committed a crime of violence and that he posed a risk of flight. The probation department, however, "found no facts evidencing risk of flight" (citation omitted). The Court also noted that the Second Circuit has long "required more than evidence of the commission of a serious crime and the fact of a potentially long sentence to support a finding of risk of flight" United States v. Friedman, 837 F.2d 48, 50 (2d Cir.1988). Accordingly, the Court denied the government's motion.

20. In this case, Mr. Hinkle was initially charged with marijuana counts, and then an indictment was filed alleging obstruction. With respect to the marijuana charges, it is clear that marijuana is far less serious than fentanyl. This is because individuals do not die from marijuana. It appears that in this case, the government initially charged Mr. Hinkle with the marijuana offenses in an effort to detain him in advance of charging him with the obstruction charges. Based on my experience in federal court, it is generally rare that an individual is charged with violating Title 18, United States Code, Section 924(c)(1)(A) and 2 with respect to marijuana.

21. In US v. Enix (209 F. Supp. 3d 557 WDNY (2016), Defendant Timothy Enix was "charged with some very serious crimes, including a RICO conspiracy that involved a pattern of racketeering activity involving murder, robbery, kidnapping, drug trafficking, and obstruction of justice as part of its predicate acts" (citation omitted). Additionally, as with Hinkle's case, Defendant Enix was also accused of "firearms offenses in violation of 18 U.S.C. § 924(c)" (US v. Enix (209 F. Supp. 3d 557 WDNY (2016). After his motion for release from custody was denied by Magistrate Judge Michael J. Roemer, Mr. Enix

7

applied for a *de novo* review before District Judge Elizabeth A. Wolford. After considering the arguments of both parties, the Court found that "Defendant's motion to be released pending trial conditioned upon the setting of reasonable bail conditions should be granted" (US v. Enix (209 F. Supp. 3d 557 WDNY (2016).

22. In that case, the Court noted that "even in a presumption case, however, at all times the government retains the ultimate burden of persuasion" (US v. Enix (209 F. Supp. 3d 557 WDNY (2016). Judge Wolford proceeded, "The government must demonstrate by clear and convincing evidence that a defendant should not be released due to his risk of danger (Chimurenga, 760 F.2d at 405). Clear and convincing evidence means something more than preponderance and something less than beyond a reasonable doubt. *Id.* In other words, the evidence must support a conclusion of danger to the community "with a high degree of certainty" (citation omitted).

23. In Mr. Enix' case, the Court found that "much of the evidence between the parties" had been disputed (US v. Enix (209 F. Supp. 3d 557 WDNY (2016). Because the government had been unable to prove "clearly and convincingly that the defendant presented a danger to the community" (citation omitted), the release of Mr. Enix had been granted. Further, the court found that the factors set forth under 18 U.S.C. § 3142(g) weighed strongly in favor of Defendant Enix. Like Howard Hinkle, Timothy Enix was not a risk of flight, did not have an extensive criminal history, and had family and community ties.

24. Moreover, most cases accusing individuals of the crimes that Howard Hinkle has been charged with pertain to fentanyl, cocaine, or methamphetamine and not marijuana. My experience is that a person is rarely charged under this statute regarding a modest amount of marijuana plants. In any event, the amount of marijuana plants that Mr. Hinkle is

alleged to have possessed is relatively modest. Moreover, the government has not provided any lab reports indicating the weight of the alleged marijuana. Therefore, to hold Mr. Hinkle on a 924(c) charge that involves marijuana would be inappropriate.

25. In <u>United States v. Encarnacion</u> (22 Cr. 693 (LAK) (S.D.N.Y. Dec. 21, 2022), Defendant Luis Encarnacion was charged with conspiring to traffic fentanyl and trafficking fentanyl. Nevertheless, both parties agreed to a combination of six (6) conditions of release that they determined would ultimately secure the defendant's presence in court and protect public safety.

26. As known, fentanyl is a far more dangerous, high-risk substance than marijuana, a drug which, in the State of New York and twenty-three (23) others, is now legal for recreational use and for which many obtain a medical license for the treatment of chronic conditions such as cancer, HIV/AIDs, and epilepsy, to name a few.

27. Given those facts and circumstances, it is likely for this reason that the United States Probation Department recommended that Mr. Hinkle be released on reasonable conditions. With respect to the obstruction charges, Mr. Hinkle alleges that the indictment simply contains very generalized, conclusory statements regarding obstruction. There is, in fact, very limited information contained in the indictment that alleges what it is that Mr. Hinkle did to obstruct anything. Mr. Hinkle argues that a bill of particulars is going to be required in order to provide him with the necessary due process protections so that he may properly defend this case. Consequently, the fact that the indictment is a bare-bones document without specifics should be considered by the Court. With respect to the lack of evidence against Mr. Hinkle, it appears that the government has a hunch that Mr. Hinkle

was involved in an obstruction. However, there are very, there are scant details that have been provided to date.

## CONCLUSION

28. In conclusion, Defendant Howard Hinkle argues that there has been a change in circumstances that would warrant his release. Moreover, Hinkle argues that upon careful review of the indictment, it is clear the instrument lacks specificity with respect to the more serious charges and infers guilt based on his purported associations. Furthermore, Hinkle submits that contrary to the government's assertions, there are clearly ample conditions that would ensure his presence in Court and also protect public safety. These conditions were carefully examined by Magistrate Judge Romer and were created and endorsed by the United States Probation Department. Moreover, Mr. Hinkle agreed to submit to each of the fourteen (14) conditions set forth by the probation department and stated under oath that he fully understood each of the conditions. Lastly, given the Bail Reform Act (18 U.S.C. § 3141 *et seq.*) and factors set forth under 18 U.S.C. § 3142(g) and 18 U.S.C. § 3142(e)(1), Mr. Hinkle argues that the revocation of his release had been improperly decided and that he must be released on reasonable conditions.

**WHEREFORE,** Defendant Howard Hinkle Jr. requests release on reasonable conditions.

Dated: Buffalo, NY
March 15, 2024

/s/ FRANK M. BOGULSKI
/s/ DAN HENRY
Attorneys for Defendant
*Howard Hinkle Jr.*
135 Delaware Ave. Suite #2
Buffalo, New York 14202
(716) 649-0090