UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

                        Plaintiff,                    **23-CR-99**

-vs-

HOWARD HINKLE, JR.,

                        Defendant.

## REPLY TO RESPONSE IN SUPPORT OF DEFENDANT HOWARD HINKLE'S MOTION TO REOPEN THE DETENTION HEARING

On March 15, 2024, Defendant Howard Hinkle filed a motion for reconsideration of bail pending trial pursuant to 18 U.S.C. §3142(f)(2)(B). The government filed a response to Defendant's motion on March 19, 2024. Mr. Hinkle now submits this reply to the government's response.

## ARGUMENT

Mr. Hinkle argues that he should be released pending trial as, contrary to the government's assertions, he does not pose a risk of flight, nor is he dangerous to others in the community. This is evidenced by the fact that Magistrate Judge Michael J. Roemer as well as the United States Probation Department initially recommended Howard Hinkle's release. Specifically, included in Mr. Hinkle's bail report, the U.S. Probation Department established a combination of fourteen (14) conditions that they argued would both "assure the defendant's appearance in court and the safety of the community." Finding that the government failed to demonstrate "by clear and convincing evidence" that these conditions would not protect the community and guarantee Mr. Hinkle's presence in court, Magistrate Roemer ordered that Howard be released upon completion of a home inspection.

As recommended by the United States Probation Department and Magistrate Judge Roemer, Howard Hinkle argues that following the completion of a detailed home inspection, he should be

1

released and subject to electronic monitoring and home incarceration pending trial. He, further, argues that the imposition of the aforesaid condition of release would alleviate any concerns of the government with respect to the "absence of constant monitoring" (Doc #101, Pg. 5).

It is also important to note that the federal government has already seized all of the hunting rifles in Mr. Hinkle's home. Additionally, condition eight (8) of the probation department's recommendation provides that Mr. Hinkle "refrain from possessing a firearm/destructive device, or any other dangerous weapon." Upon release of Howard Hinkle to electronic monitoring, this provision could easily be enforced by the U.S. Probation Department. Additionally, if any conditions of release were to be violated by Howard (i.e. attempting to possess a gun), he would obviously be promptly incarcerated. Essentially, given the aforementioned electronic monitoring component and overall strict conditions of release, the government's concerns regarding his possession of firearms and the safety of others are moot. Therefore, the release of Howard Hinkle on reasonable conditions is appropriate for this case.

Additionally, the government argues that Mr. Hinkle should not be released pending trial due to the seriousness of the additional charges contained in the Superseding Indictment. Specifically, the Superseding Indictment alleges violations against Mr. Hinkle of Title 18, United States Code, Section 371 (Obstruction of Justice Conspiracy), Title 18, United States Code, Section 1512(k), (Witness Tampering Conspiracy), Title 18, United States Code, Section 1513(f) (Witness Retaliation Conspiracy). However, Howard argues the indictment lacks specificity with respect to the more serious obstruction charges and seems to infer guilt based on his purported associations with individuals in the Wellsville area. Mr. Hinkle adamantly denies these allegations and asserts that the indictment's lack of specificity with respect to these new charges is a factor that this Court should consider in his favor in considering the issue of release.

As previously argued, Mr. Hinkle has been classified as a trustee in the Chautauqua County jail in Mayville, NY. The government claims that Howard's "membership in the trustee dorm does not show that the defendant is less likely to pose a danger to the community" (Doc #101, Pg. 5). However, this classification means that jail experts have deemed Hinkle to be an honest and trustworthy individual, which is certainly worth considering when evaluating his detention.

The government has proffered to Judge Sinatra that Mr. Hinkle is dangerous to others and the community and as such, he must be detained. However, Howard asserts that his conduct in jail has rebutted any purported presumptions and that he has demonstrated through his actions and behavior that he can be trusted if granted pretrial release. Mr. Hinkle has been an exemplary inmate and has not committed any offenses while incarcerated. Although this is the first significant period of incarceration that Mr. Hinkle has faced in his life, he has proven to jail officials his ability to obey orders and comply with directives under extremely difficult circumstances. This should demonstrate to the United States Attorney's Office and this Court that if he is released on reasonable conditions, he will follow all instructions and abide by the directives of the United States Probation Department.

## **MR. HINKLE IS NOT A FLIGHT RISK**

Despite the government's opinion, Mr. Hinkle is not a flight risk. Howard has spent his entire life in Allegheny County and does not venture far from his town. Howard lives with his common-law wife, Dillon Anderson, whom he has been in a relationship with for the last twenty-five (25) years. His son, Gage Hinkle, lives a mile away from him, and the remainder of his entire family also resides in Allegheny County. Beyond his extensive community ties to the area, Howard does not even have a passport, and there has been nothing proffered by the government that he has any ties outside of the United States or even outside the county for that

matter, that would make him a risk of flight. Common sense would dictate that home confinement and electronic monitoring would not only resolve the issue of public safety but also, ensure that Mr. Hinkle does not flee.

## CONCLUSION

In conclusion, Mr. Hinkle argues that his release is warranted because there are reasonable conditions that would protect the public and ensure that he returns to Court.

**WHEREFORE**, pursuant to 18 U.S.C. §3142(f)(2)(B), Howard Hinkle is requesting that this Court order his release on reasonable conditions, including home incarceration and electronic monitoring.

Dated: Buffalo, NY
March 25, 2024

/s/ FRANK M. BOGULSKI
/s/ DAN HENRY
Attorneys for Defendant
*Howard Hinkle Jr.*
135 Delaware Ave. Suite #2
Buffalo, New York 14202
(716) 649-0090