UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

vs.

SCOTT J. BARNES,

                Defendant.

**SUPPLEMENTAL AFFIRMATION**

Docket No. 1:23-CR-00099-LJV-JJM

---

STATE OF NEW YORK }
COUNTY OF ERIE      } ss.:

    David B. Cotter, an attorney at law duly licensed to practice before the United States District Court for the Western District of New York and I affirm the following to be true under penalty of perjury.

1. As the Court may recall, I represent the Defendant, Scott J. Barnes in the above referenced matter and have since shortly after his arrest on December 7, 2023.

2. Given certain medical issues that appear (to me) to be serious and long lasting, I sought the Court's intervention by motion filed on February 29, 2024. The reasons therefore are stated within that filing.

3. The referenced motion was argued on March 8, 2024. The purpose of this Affirmation is to update the Court and renew my requests.

4. Since the argument on March 8, 2024, I was able to have Dr. Kowalski (the surgeon at ECMC) make arrangements to see Mr. Barnes on March 28, 2024. He advised that the appointment could take at least two hours and would require x-rays and results. Obviously, given the two major surgeries Mr. Barnes had in 2023, one could expect more than just x-rays.

5. I was able to obtain some surgical records for Mr. Barnes and planned on hand delivering them to the Niagara County Jail on Friday, March 22, 2024; however, a mid-afternoon snow storm made traveling to Lockport an unpleasant thought.

6. I was able to speak with a Lieutenant at the jail that day and I emailed him a section of the Pacer Docket sheet (including the Text Order at Entry 95), the medical records, a letter explaining the situation, etc. Though I had asked for confirmation of receipt, I did not receive any.

7. On or about March 26, 2024, Lee Eckenrode, from the U.S. Marshals, provided me with contact information for a Lieutenant Moll at the Niagara County Jail. I similarly provided the same records to Lieutenant Moll who forwarded them to Amanda Covert, the Charge Nurse (upon information and belief) at the Niagara County Jail.

8. On Wednesday, March 27, 2024 I received an email from Ms. Covert advising that an appointment had been scheduled with Mr. Barnes' surgeon – however, no date was provided. In a follow up with her earlier this week, she advised that she could not provide me with a date, time or location of any such appointment. I am advised by my client that his inquiries have similarly been met with no information.

9. As the Court may also recall, from the time of his arrest on December 7, 2023, Mr. Barnes was initially housed in the Livingston County Jail in Geneseo, New York. Because Livingston County is small and rural, it has medical staff available for one shift during the day. That being the case, Mr. Barnes was not

able to receive the post-surgical pain medication with the frequency and dosage he requires.

10. The above stated reason was that which was provided by jail personnel when Mr. Barnes was moved from Livingston County to Niagara County after the Court appearance on March 8, 2024; he was advised that the Niagara County Jail has two shifts of medical staff per day.

11. Notwithstanding the fact that Dr. Kowalski had an appointment scheduled for Mr. Barnes on March 28, 2024, and the fact that they have two medical shifts per day, the appointment was not kept and Mr. Barnes' situation and condition has continued to degrade.

12. As I understand it, when he arrived in Lockport at the Niagara County Jail, he was initially put in the secured/special housing unit as he tested COVID positive after the Court appearance. He remained in the SHU for approximately ten days.[1]

13. He was released from the SHU on or about March 17, 2024. However, because he developed a cyst on his back at some point at or near the transition from Livingston County to Niagara County, which burst on or about March 20, 2024 and he was returned to the SHU/medical unit. He was given unknown strong antibiotics that interfered with his ability to communicate verbally. He was not made aware of what the antibiotics were.

---

[1] I am generally familiar with the layout of the Niagara County Jail but cannot discern from my conversations with Mr. Barnes whether his references to the SHU are to the medical treatment area on the first floor of the new part of the jail. I visited him on Aril 4th, 2024 and he is in the infirmary, but he advises that the electronic tablets the jail provides have SHU on the screen where he is as opposed to DORM when he was in gen pop.

14. Shortly after the cyst burst, he was advised by a nurse on staff at Niagara County that he had MRSA which, if I understand correctly, is an infection caused by a type of staph bacteria that is resistant to many antibiotics and can be fatal.

15. Mr. Barnes is uncertain whether the drainage from the burst cyst has ever been tested; my understanding is that answers to his question is that regard have been non-committal.

16. As of April 4, 2024, the burst cyst on his back is still seeping. At some point recently, Mr. Barnes was being escorted back to the secured housing unit and inquired of a Sergeant what would need to happen for him to be taken to a hospital. Upon information and belief, the Sergeant's reply was "nice try, we don't do hospitals".

17. In a conversation with Mr. Barnes earlier this week, he advised that his left foot has become "useless". When he was in general population for a few days, one of the other inmates in his sleeping area had a cane which Mr. Barnes said made his mobility considerably easier; when Mr. Barnes asked a guard if he could have a cane, he was advised that he would be provided nothing that could be used as a weapon.

18. During the visit earlier today, Mr. Barnes indicated that his left foot is numb and that the discoloration of his toes continues.

19. Although your affiant has limited medical knowledge, I am rather concerned that the lack of medical attention following his surgeries, what appears to be the continued degradation of the condition of his left foot, and the prospect that he is carrying a MRSA infection, leads your affiant to request that this Court strongly

consider either ordering the Niagara County Holding Center to have Mr. Barnes go to see his surgeon immediately or, in the alternative, releasing Mr. Barnes on conditions.

20. I note that throughout the original detention hearing before Magistrate Schroeder and the appeal before Judge Wolford, Probation did not change their original recommendation that Mr. Barnes be released on conditions.

21. At or during the argument on March 8, 2024 I was advised that a friend of Mr. Barnes (unrelated to the Outlaws) has an empty house somewhere east of Buffalo (possibility in Genesee County) that he would make available to Mr. Barnes. That individual, Mark Graber, also has a vehicle which he would allow Mr. Barnes to use to get to and from medical appointments.

22. Although I understand that I do not have the address for Probation to begin any type of investigation, I can certainly provide that on short notice.

23. I further state that whatever condition Mr. Barnes may have been in prior to breaking his back thirteen months ago, he is currently considerably diminished, and that progress seems to be continuing. Inasmuch as he can barely walk, there is no risk of flight. In addition, he is in considerable pain (over 10 on a scale of 1-10) he is no danger to the community.

24. After today's visit, Scott called to relay that the Jail's doctor came to visit him; she advised that she was unaware of any issue with his back, other than the cyst and, because the cyst was still seeping many days after bursting, she would consider having him seen outside the facility.

25. If I recall correctly, this Court made a comment during argument on March 8, 2024 argument 2024 that paralysis should not be part of a criminal justice sentence. Although Mr. Barnes has not been found guilty of anything, he has been ordered to be detained; the same appears to be on its way to becoming cruel and inhuman treatment.

    WHEREFORE, your affiant respectfully requests this Court allow the renewal of the request for relief originally made on February 29, 2024.

Dated: April 4, 2024
       Buffalo, New York

_____
David B. Cotter

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA

vs.                                                             **CERTIFICATE OF SERVICE**

SCOTT J. BARNES,                                  Docket No. 1:23-CR-00099-LJV-JJM

                Defendant.

_____

       David B. Cotter, states that on April 4, 2024 a Supplemental Affirmation was electronically filed with the Clerk of the District Court using its CM/ECF system, which would then electronically notify the following CM/ECF participants on this case:

Assistant United States Attorney Joseph M. Tripi
Assistant United States Attorney Nicholas Cooper

_____
David B. Cotter