UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

v.

HOWARD HINKLE, JR.,

        Defendant.

**DECISION AND ORDER**

1:23-cr-00099-LJV-JJM

---

      Before the court is defendant Howard Hinkle, Jr.'s motion for release from custody [98].[1] Having reviewed the motion, along with the government's response [101] and defendant's reply [103], for the following reasons the motion is denied.

## BACKGROUND

      October 24, 2023 Hinkle was charged in a four-count Complaint [1] with being a felon in possession of a firearm, maintaining a drug involved premise, possession of marijuana with intent to distribute, and possession of a firearm in furtherance of drug trafficking crimes. Following a detention hearing on October 26, 2023, Magistrate Judge Michael J. Roemer ordered him released on conditions. [6, 10].

      However, District Judge John L. Sinatra, Jr. revoked his release following a further hearing on November 3, 2023 [12, 101], and that revocation was affirmed by the Second Circuit. [21] in case 23-mj-5219. On January 5, 2024 Hinkle was charged in a Second

---

[1]     Bracketed references are to CM/ECF docket entries, and page references are to CM/ECF pagination.

Superseding Indictment which realleged the charges previously alleged in the Complaint and added charges of obstruction of justice, witness tampering conspiracy, and witness retaliation conspiracy. [24], Counts 1-3, 19-22.

Hinkle's motion points to "a change in circumstances that warrants his release". Bogulski Affirmation [98], ¶9. He first argues that the Second Superseding Indictment "lacks specificity with respect to the more serious charges", which he "adamantly denies". Id. Next, he "directs the Court's attention to the fact that [he] is now classified as a trustee in the Chautauqua County jail", arguing that "[t]he fact that the jail experts have deemed Mr. Hinkle to be trustworthy is a significant factor for this Court to consider when evaluating his detention". Id., ¶¶10, 13.

## DISCUSSION

Under the Bail Reform Act . . . a court has discretion to reopen a bail hearing if information comes to light that is both new and material to the detention question." United States v. Zhang, 55 F.4th 141, 147 (2d Cir. 2022); 18 U.S.C. §3142(f). "A court's prior detention determination is a natural reference point against which to measure the materiality of new information for the purpose of reopening the hearing - that is, revisiting its earlier decision." Id. at 148. If the new information would not change the court's previous decision, it is not "material". United States v. Havens, 487 F. Supp. 2d 335, 339 (W.D.N.Y. 2007).

"New and material information . . . consists of something other than a defendant's own evaluation of his character or the strength of the case against him." United States v. Quinones, 2016 WL 1694998, *1 (W.D.N.Y. 2016); United States v. Jerdine, 2009 WL 4906564,

*3 (N.D. Ohio 2009). If anything, the addition of new and serious charges against Hinkle strengthens the reasons for detention outlined by Judge Sinatra. [101] at 66-70.

Nor am I persuaded by Hinkle's classification as a trustee while incarcerated. While commendable, the fact that he "has behaved well in jail does not mean that, in the absence of constant monitoring, he will cease to pose a danger to others". Government's Response [101] at 5.

## CONCLUSION

For these reasons, Hinkle's motion [98] is denied.

**SO ORDERED.**

_____
HONORABLE JEREMIAH J. MCCARTHY
United States Magistrate Judge

DATED:   Buffalo, New York
         April 5, 2024