IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

             v.                                    23-CR-99

SIMON GOGOLACK, et al.,

             Defendants
_____

## ADVISORY

**THE UNITED STATES OF AMERICA**, by and through its attorney, Trini E. Ross, United States Attorney for the Western District of New York, Casey L. Chalbeck, Assistant United States Attorney, hereby files this advisory concerning the Court's April 19, 2024, decision concluding that it lacked authority to release defendant Scott Barnes from pre-trial detention owing to the conditions of his confinement.

On April 19, 2024, the Court concluded that it lacked authority to release Mr. Barnes due to the alleged lack of medical care he received at the Niagara County Detention Facility. *See generally* Text Order, ECF No. 117, (Apr. 19, 2024) (denying motion for release).   In support of this conclusion, the Court cited *United States v. Abrams*, 1:21-CR-69-ADA-BAM-1, 2023 WL 2655850, (E.D.Cal. Mar. 27, 2023), which advised that "the proper procedure to redress a defendant's grievances regarding treatment within a jail or prison is to file a civil suit against the relevant parties . . . rather than a motion in his criminal case," *id.* at *1 (quoting *United States v. Luong*, No. CR 99-433WBSGGH, 2009 WL 2852111, at *1 (E.D. Cal. Sept. 2, 2009)).

Though it agrees with the Court's decision denying Mr. Barnes's motion for release, the government notes—in the discharge of its duty of candor to the court—that courts within the Second Circuit have held that a "defendant's serious medical conditions" may warrant his temporary release under 18 U.S.C. § 3142(i)'s other "compelling reason[s]" provision. *United States v. Stephens*, 447 F. Supp. 3d 63, 66 (S.D.N.Y. 2020) (Nathan, J.) (collecting cases); § 3142(i) ("The judicial officer may, by subsequent order, *permit the temporary release* of the person, in the custody of a United States marshal or another appropriate person, to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for *another compelling reason*." (emphases added)).

However, the government further submits that, based on the April 19th oral argument, and Mr. Barnes's access to adequate medical treatment from within the detention facility, the availability of § 3142(i) should not alter the Court's decision denying Mr. Barnes's motion for release.

DATED:   Buffalo, New York, May 20, 2024.

TRINI E. ROSS
United States Attorney

BY:   s/CASEY L. CHALBECK
Assistant United States Attorney
United States Attorney's Office
Western District of New York
138 Delaware Avenue
Buffalo, New York 14202