IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

      v.                                                                          23-CR-99-LJV-JJM

PETER GERACE JR.,
JOHN THOMAS ERMIN a/k/a Tommy O,
MICHAEL RONCONE a/k/a Cone,
FRANK KNIGHT,
HOWARD HINKLE JR. a/k/a Hard How,
SIMON GOGOLACK a/k/a Greek,
CORTNIE BARBER,
BERNARD BYRD III a/k/a Deal,
SCOTT BARNES a/k/a Big Scott 1%er,
                Defendants.

---

## AFFIDAVIT

STATE OF NEW YORK    )
COUNTY OF ERIE        )   SS:
CITY OF BUFFALO      )

**NICHOLAS T. COOPER,** being duly sworn, deposes and states:

1.      I am an Assistant United States Attorney for the Western District of New York assigned to the prosecution of the above-referenced case. This affidavit is submitted in support of the government's motion to exclude time from the Speedy Trial Act from and including June 5, 2024, through and including June 27, 2024, pursuant to Tile 18, United States Code, Sections 3161(h)(7)(A) and 3161(h)(7)(B)(iv).

## RELEVANT PROCEDURAL HISTORY

2.     On January 5, 2024, a Grand Jury in the Western District of New York returned a 28-count Second Superseding Indictment charging the defendants with a variety of felonies, including, inter alia, six defendants charged in Count 1 with Conspiracy to Obstruct Justice related to the death of a federal witness. *See* Doc. No. 25.

3.     On January 9, 2024, defendant Roncone, defendant Knight, and defendant Barber appeared with counsel before the Honorable Jeremiah J. McCarthy, United States Magistrate Judge, for the purposes of an arraignment. *See* Doc. No. 29, Minute Entry January 9, 2024. The government moved for detention as to all defendants, and as to defendants Barber and Knight and the Court scheduled attorney appointment hearings and detention hearings for defendants Barber and Knight on January 11, 2024. As for defendant Roncone, who had previously been ordered released on conditions by Chief United States District Judge Wolford on a related criminal complaint, the government withdrew its motion for detention with an agreement to make a renewed motion on January 10, 2024, at which time Judge McCarthy released defendant Roncone on the previously imposed conditions and scheduled a detention hearing for January 10, 2024. As to defendants Roncone, Barber, and Knight, the Court excluded time from the Speedy Trial Act through January 11, 2024 due to the pending motions for detention. *Id.*

4.     On January 10, 2024, defendant Gerace, defendant Ermin, defendant Hinkle, and defendant Barnes appeared with counsel before Judge McCarthy for the purposes of an arraignment. *See* Doc. No. 31, Minute Entry January 10, 2024. Defendant Gerace's counsel,

Mark Foti, Esq., indicated that he was retained by Gerace on other matters but was not yet retained on this matter. Defendant Ermin's counsel, George Muscato, Esq., similarly indicated that he was retained on other matters but was not yet retained on this matter. Frank Bogulski, Esq., was appointed to represent defendant Hinkle and David Cotter, Esq., was appointed to represent defendant Barnes. Defendant Gerace, defendant Ermin, defendant Hinkle, and defendant Barnes had each been previously ordered detained, and the Court ordered that they remain detained pending a change in circumstances. The Court scheduled a status conference for January 31, 2024, in part to allow for defendant Gerace and defendant Ermin to address the retention of counsel. The Court excluded the time from January 10, 2024, through January 31, 2024, from the Speedy Trial Act. *See* Doc. No. 31, Minute Entry January 10, 2024.

5. Separately on January 10, 2024, the Court held a detention hearing as to defendant Roncone and ultimately ordered him released on the previously imposed conditions. *See* Doc. No. 35, Minute Entry January 10, 2024. The Court ordered defendant Roncone to appear for the previously scheduled January 31, 2024, status conference and indicated that time had already been excluded from the Speedy Trial Act through that date. *Id.*

6. Separately on January 10, 2024, defendant Byrd appeared before the Court for an arraignment, and was appointed Michael Stachowski, Esq., as counsel. *See* Doc. No. 36, Minute Entry January 10, 2024. The government consented to defendant Byrd's release due to his severe health condition, and the Court ordered defendant Byrd released on conditions. *Id.* The Court ordered defendant Byrd to appear for the previously scheduled January 31,

2024, status conference and indicated that time had already been excluded from the Speedy Trial Act through that date. *Id.*

7. On January 11, 2024, the Court held an attorney appointment hearing and detention hearing as to defendant Barber, appointed Brian Hutchison, Esq., to represent defendant Barber, and, after a hearing, ordered defendant Barber detained. *See* Doc. No. 37, Minute Entry January 11, 2024. The Court ordered defendant Barber to appear for the previously scheduled January 31, 2024, status conference and indicated that time had already been excluded from the Speedy Trial Act through that date. *Id.*

8. On January 16, 2024, the Court held a detention hearing as to defendant Knight, and ultimately ordered him released on conditions. *See* Doc. No. 39 Minute Entry January 16, 2024. The Court ordered defendant Knight to appear for the previously scheduled January 31, 2024, status conference and indicated that time had already been excluded from the Speedy Trial Act through that date. *Id.*

9. On January 23, 2024, defendant Gogolack appeared, with counsel, before the Court for an arraignment. *See* Doc. No. 45 Minute Entry January 23, 2024. The Court ordered defendant Gogolack to appear for the previously scheduled January 31, 2024, status conference and indicated that time had already been excluded from the Speedy Trial Act through that date. *Id.*

10. On January 31, 2024, the parties appeared before the Court for a status conference and heard argument on certain defendants' motions for the appointment of learned counsel. The Court ultimately ordered that the parties appear for a status conference

on February 23, 2024, and ordered that the time between January 31, 2024, and February 23, 2024, be excluded from the Speedy Trial Act pursuant to Title 18, United States Code, Sections 3161(h)(7)(A), 3161(h)(7)(B)(iv), and 3161(h)(1)(D). *See* Doc. No. 53 Minute Entry January 31, 2024, and Doc. No. 54.

11. On February 23, 2024, the parties appeared for a status conference. *See* Doc. No. 73, Minute Entry February 23, 2024. Attorney Foti, on behalf of defendant Gerace, indicated that he was appearing provisionally and was not yet retained. *Id.* Attorney Muscato similarly indicated that he was not yet retained but hoped to have an update regarding his retention within two weeks. *Id.* The government requested 90 days to produce discovery. *Id.* The Court granted the government's request, set a deadline for production of May 23, 2024[12], and scheduled a status conference for June 3, 2024. *Id.* The government requested that the Court exclude the time from February 23, 2024, through June 3, 2024, from the Speedy Trial Act pursuant to Title 18, United States Code, Sections 3161(h)(7)(A) and 3161(h)(7)(B)(iv), the defendants agreed, and the Court ordered that the time be excluded. *Id.*

## PREPARATION FOR DISCOVERY PRODUCTION

12. On Thursday, May 16, 2024, at 6:50 P.M., after nearly three-months of working with a dedicated FBI agent, support staff, and a Litigation Technology Specialist with the USAO-WDNY to collect, organize, bates-stamp, process, and review discoverable

---

[1] The Court also ordered that, to the extent possible, the government provide discovery on a "rolling basis".

[2] The government notes that a portion of discoverable material in this case was provided during extensive detention hearings involving defendant Ermin, defendant Barnes, defendant Hinkle, defendant Roncone, defendant Knight, and defendant Barber. Additionally, defendant Gogolack has received prior discovery productions stemming from the initial Indictment (Doc. No. 12) and the Superseding Indictment (Doc. No. 18), as well as from his own extensive detention hearings. Defendant Gerace is also in possession of some of the discoverable material in this case as a result of productions in Case No. 19-cr-227-LVJ and Case No. 23-cr-37.

material, I was informed by my Litigation Technology Specialist that he determined that the necessary hard drive storage capacity for the disclosure of the discovery production in this case would be 3 Terabytes. Until the collection, organization, processing, and review of the discoverable material had taken place, it would not have been clear what size hard drive would be required to store the discoverable material for production.

13. The following Monday, May 20, 2024, I emailed counsel for each defendant in this case with an attached letter informing them of the need for a 3 TB hard drive to be provided to the government in order for a copy of the discoverable material to be produced to each defendant. In the attached letter, and in the body of the email, I informed counsel for each defendant that the upload process itself would likely take between two and three days to complete due to the size of the production.

14. The timeline below indicates when the United States Attorney's Office (USAO) received hard drives from the defense.

- May 22, 2024 – USAO received drive from defendant Gogolack
- May 22, 2024 – USAO received drive from defendant Barber
- May 23, 2024 – USAO received drive from defendant Hinkle
- May 28, 2024 – USAO received drive from defendant Roncone
- May 28, 2024 – USAO received drive from defendant Ermin
- May 29, 2024 – USAO received drive from defendant Gerace
- May 31, 2024 – USAO received drive from defendant Barnes
- STILL NO DRIVE – defendant Knight
- STILL NO DRIVE – defendant Byrd

15. On May 29, 2024, I emailed counsel for each defendant in this case and attached a draft proposed protective order. The contents of my email are depicted below:



16. While the government acknowledges that it could have sought to address the issue of a protective order sooner, it still did so before it had received hard drives capable of receiving the discovery from 3 of the 9 defendants.

17. In the email, the government circulated the proposed protective order and indicated that once a protective order was in place, the government would release the discoverable material. The email also indicated "*[i]f we can not reach an agreement on this protective order, the government will file a motion with Judge McCarthy as soon as practicable to keep this process moving forward. In order to keep this case moving forward expeditiously, kindly reply to this email as quickly as possible.*" Nobody responded to the email on May 29, 2024.

18. On May 30, 2024, I received an email from Mr. Dell, counsel for defendant Roncone, indicating that he had "no issue with the proposed protective order." None of the remaining eight defendants responded on May 30, 2024. The government held off on filing a motion to institute a protective order in the hopes that an agreement would be reached between the parties on consent which would avoid unnecessary litigation.

19. On May 31, 2024, I emailed counsel for each of the defendants and stated "*So far, I have received one response to this email, from Mr. Dell, who indicated that he has no objections to the terms of the proposed protective order. Can the remaining attorneys please respond to this email?*" I received a text message back from Mr. Hutchison, counsel for defendant Barber, indicating that he intended to send me some feedback regarding the proposed protective order, but no such feedback was ever sent. None of the remaining seven defendants responded to the May 29 or May 31, 2024, emails.

20. On June 1, 2024, I received an email from Mr. Cotter, counsel for defendant Barnes, indicating that "the intent is to have a discussion when all are together on Monday." None of the remaining six defendants responded to the May 29 or May 31, 2024, emails.

21. On June 3, 2024, I received an email from Mr. Muscato, counsel for defendant Ermin, expressing that he intended to discuss the proposed protective order with counsel for the other defendants "prior to our appearance today" and addressing two provisions with which he took issue. This email was sent about 6 hours before the scheduled status conference.

22.     Mr. Foti (counsel for defendant Gerace), Mr. Bagley (counsel for defendant Gogolack), Mr. Stachowski (counsel for defendant Byrd), Mr. Bogulski / Mr. Henry (counsel for defendant Hinkle), and Mr. Montroy (counsel for defendant Knight) never responded to the government's emails at all.

23.     Had the government filed a motion for a protective order on May 29, 2024, without first seeking input from defense counsel, the Speedy Trial Act clock likely would have stopped from that date until the motion was resolved pursuant to Title 18, United States Code, 3161(h)(1)(D).  Instead of engaging in what may have amounted to needless litigation, the government instead attempted to reach a consent agreement regarding the terms of the proposed protective order.  Unfortunately, whether strategically or otherwise, counsel for numerous defendants in this case ignored the government's attempts to reach an agreement regarding a protective order on consent until after appearing for the June 3, 2024 status conference.

### STATUS CONFERENCE ON JUNE 3, 2024

24.     On June 3, 2024, the parties appeared before the Court for a status conference regarding the provision of discovery. The defense, mainly through Mr. Foti[3], objected to the fact that they had not yet received the discoverable material.  The government advised the Court that it intended to provide the discoverable material as soon as the terms of a protective order were agreed upon.  The Court expressed, repeatedly, its desire for the parties to reach

---

[3] It should be noted that Mr. Foti did not provide the USAO with a hard drive on behalf of his client until May 29, 2024, nine days after the government's email specifying what type of drive would be required and six days after the discovery deadline set by the Court had elapsed, rendering it impossible for him to have received the disclosure by May 23, 2024 in any event.  Mr. Foti was informed on June 4, 2024 that his drive containing discovery was available to be picked up.  Mr. Foti has since indicated that he will not be coming to pick up the drive until June 7, 2024.

an agreement, upon consent, to the terms of a protective order, and set a motion schedule in the event that such an agreement could not be reached without judicial intervention. *See* Doc. No. 122. The Court's motion schedule would require that the government file any motion for a protective order by June 10, 2024, that the defense respond by June 14, 2024, and set a Scheduling Conference for June 27, 2024. *Id.* The government proposed that, in order to provide discovery to the defense without additional delay, the Court impose a temporary "Attorneys' Eyes Only" provision with respect to the discovery material, which would remain in place only until a formal protective order was imposed by the Court. The parties agreed and the Court ordered that the discoverable material be considered "Attorneys' Eyes Only" until a formal protective order was approved by the Court.

25.     At the conclusion of the June 3, 2024 status conference, the government requested that the time between June 3, 2024, and June 27, 2024, be excluded from the Speedy Trial Act pursuant to Title 18, United States Code, Sections 3161(h)(7)(A) and 3161(h)(7)(B)(iv), in that the time between those dates would be used to arrange for a protective order, facilitate the production of the discoverable material, and allow for the defense to review the discoverable material. The Court denied the government's motion to exclude the time. *Id.*

**DISCOVERY PRODUCED ON JUNE 4, 2024**

26. On June 4, 2024, the government produced the discoverable material under the "Attorneys' Eyes Only" provision set in place by the Court as described in greater detail below.

27. At 10:50 A.M. on June 4, 2024, the government emailed Mr. Foti (counsel for defendant Gerace), Mr. Henry/Mr. Bogulski (counsel for defendant Hinkle), Mr. Bagley (counsel for defendant Gogolack), Mr. Muscato (counsel for defendant Ermin), and Mr. Hutchison (counsel for defendant Barber), and advised them that the drive they provided was "ready to be picked up today at the US Attorney's Office."

28. At 11:23 A.M. on June 4, 2024, the government emailed Mr. Dell (counsel for defendant Roncone) and advised him that "[y]our drive is ready to be picked up."

29. At 2:21 P.M. on June 4, 2024, the government emailed Mr. Cotter (counsel for defendant Barnes) and advised him that "your drive is ready to be picked up from the USAO."

30. Although Mr. Stachowski (counsel for defendant Byrd) and Mr. Montroy (counsel for defendant Knight) have yet to provide the necessary hard drives to the government to have the discovery uploaded, they were advised in the government's 10:50 A.M. email on June 4, 2024, that "**[a]ll of the discoverable material is currently available to be viewed by any defendant's attorney at the US Attorney's Office.**"

31. Mr. Bogulski (counsel for defendant Hinkle) retrieved his discovery drive from the USAO at approximately 3:30 P.M. on June 4, 2024. Mr. Cotter (counsel for defendant

Barnes) retrieved his discovery drive from the USAO at approximately 4:15 P.M. on June 4, 2024. An employee of the Federal Public Defender's Office (counsel for defendant Gogolack) retrieved the discovery drive from the USAO at approximately 9:40 A.M. on June 5, 2024. An agent of Mr. Muscato (counsel for defendant Ermin) retrieved his discovery drive from the USAO at approximately 3:45 P.M. on June 5, 2024.

## EXCLUSION OF TIME BETWEEN JUNE 5, 2024 AND JUNE 27, 2024

32.     It is the government's understanding that the Court's basis for denying an exclusion of time between June 3, 2024, and June 27, 2024, was that the discoverable material in the case had not yet been provided consistent with the Court's February 23, 2024 order that discovery be produced by May 23, 2024. As of June 4, 2024, the government provided the discoverable material (or in the case of the two defendants who have yet to provide hard drives, made the discoverable material available for their review).

33.     The government now moves, pursuant to Title 18, United States Code, Sections 3161(h)(7)(A) and 3161(h)(7)(B)(iv), that the Court exclude the time from and including June 5, 2024, through and including June 27, 2024, from the Speedy Trial Act. Such an exclusion of time is in the interests of justice, as it will allow counsel for the defendants to begin reviewing the discovery and assessing which, if any, pre-trial motions to file in this case. Such an exclusion of time is also in the interests of justice because it will allow the parties to continue to negotiate the terms of a protective order which will inure to the benefit of the public, and the defendants, because some of the discoverable material includes extractions from cell phones and other electronic devices, photographs from search warrants, phone records, and other material that both members of the public and many of the defendants have

a privacy interest in. Such an exclusion of time is also in the interests of justice because the review of discovery by counsel for the defendants will afford each of the defendants the effective assistance of counsel. These interests, as outlined above, outweigh the interests of the public and the defendants in a speedier trial.

34. Should the defendants object to such an exclusion of time from the Speedy Trial Act, essentially demanding a speedy trial, the government intends to file a Motion to Set a Trial Date to ensure that the defendant's rights to a speedy trial are scrupulously honored.

35. Accordingly, the government requests that this Court exclude the time from and including June 5, 2024, through and including June 27, 2024, for purposes of the Speedy Trial Act pursuant to Title 18, United States Code, Sections 3161(h)(7)(A) and 3161(h)(7)(B)(iv). The government has drafted a proposed Speedy Trial Order which is attached hereto as **Exhibit 1**.

s/ NICHOLAS T. COOPER
Assistant United States Attorney
United States Attorney's Office
Western District of New York
138 Delaware Avenue
Buffalo, New York 14202
716/843-5830
Nicholas.Cooper@usdoj.gov

Sworn to before me this
5th day of June, 2024.

s/ELIZABETH HARF,
Commissioner of Deeds
In and for the City of Buffalo, New York
My Commission Expires Dec 31, 2024