IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

      v.                                                                                      23-CR-99-LJV-JJM

PETER GERACE JR.,
JOHN THOMAS ERMIN a/k/a Tommy O,
MICHAEL RONCONE a/k/a Cone,
FRANK KNIGHT,
HOWARD HINKLE JR. a/k/a Hard How,
SIMON GOGOLACK a/k/a Greek,
CORTNIE BARBER,
BERNARD BYRD III a/k/a Deal,
SCOTT BARNES a/k/a Big Scott 1%er,
           Defendants.

## SPEEDY TRIAL ORDER
(June 5, 2024 through June 27, 2024)

On February 23, 2024, the parties appeared for a status conference. *See* Doc. No. 73, Minute Entry February 23, 2024. The government requested 90 days to produce discovery. *Id.* The Court granted the government's request, set a deadline for production of May 23, 2024, and scheduled a status conference for June 3, 2024. *Id.* The government requested that the Court exclude the time from February 23, 2024, through June 3, 2024, from the Speedy Trial Act pursuant to Title 18, United States Code, Sections 3161(h)(7)(A) and 3161(h)(7)(B)(iv), the defendants agreed, and the Court ordered that the time be excluded. *Id.*

On June 3, 2024, the parties appeared before the Court for a status conference regarding the provision of discovery. The defense objected to the fact that they had not yet received the discoverable material. The government advised the Court that it intended to provide the discoverable material as soon as the terms of a protective order were agreed upon.

The Court expressed, repeatedly, its desire for the parties to reach an agreement, upon consent, to the terms of a protective order, and set a motion schedule in the event that such an agreement could not be reached without judicial intervention. *See* Doc. No. 122. The Court's motion schedule would require that the government file any motion for a protective order by June 10, 2024, that the defense respond by June 14, 2024, and set a Scheduling Conference for June 27, 2024. *Id.* The government proposed that, in order to provide discovery to the defense without additional delay, the Court impose a temporary "Attorneys' Eyes Only" provision with respect to the discovery material, which would remain in place only until a formal protective order was imposed by the Court. The parties agreed and the Court ordered that the discoverable material be considered "Attorneys' Eyes Only" until a formal protective order was approved by the Court.

At the conclusion of the June 3, 2024 status conference, the government requested that the time between June 3, 2024, and June 27, 2024, be excluded from the Speedy Trial Act pursuant to Title 18, United States Code, Sections 3161(h)(7)(A) and 3161(h)(7)(B)(iv), in that the time between those dates would be used to arrange for a protective order, facilitate the production of the discoverable material, and allow for the defense to review the discoverable material. The Court denied the government's motion to exclude the time. *Id.*

On June 5, 2024, the government filed a Motion to Exclude Time from the Speedy Trial Act from and including June 5, 2024, through and including June 27, 2024, and represented that discovery had been provided and/or made available to counsel for each defendant on June 4, 2024.

The government requests that the time between June 5, 2024 and June 27, 2024 be excluded from the Speedy Trial Act pursuant to Title 18, United States Code, Sections 3161(h)(7)(A) and 3161(h)(7)(B)(iv), as such an exclusion of time is in the interests of justice, as it will allow counsel for the defendants to begin reviewing the discovery and assessing which, if any, pre-trial motions to file in this case. The government also argues that such an exclusion of time is also in the interests of justice because it will allow the parties to continue to negotiate the terms of a protective order which will inure to the benefit of the public, and the defendants, because some of the discoverable material includes extractions from cell phones and other electronic devices, photographs from search warrants, phone records, and other material that both members of the public and many of the defendants have a privacy interest in. The government also argues that such an exclusion of time is also in the interests of justice because the review of discovery by counsel for the defendants will afford each of the defendants the effective assistance of counsel. The government further argues that these interests, as outline above, outweigh the interests of the public and the defendants in a speedier trial.

Based on the representations made by counsel for the government and the findings made by the Court, the government's request to exclude the Speedy Trial Act time between June 5, 2024, and June 27, 2024, is granted and the time is excluded from and including June 5, 2024, to and including June 27, 2024, pursuant to Title 18, United States Code, Sections 3161(h)(7)(A) and 3161(h)(7)(B)(iv). Specifically, the exclusion of time is in the interests of justice in that the defendants' interests in reviewing discovery and determining which, if any, pre-trial motions to file outweigh the interests of the defendant and the public in a speedier trial.

**NOW**, it is hereby

**ORDERED**, for the reasons stated above, that the time in this action from and including June 5, 2024, to and including June 27, 2024, is properly excluded from the time within which trial must commence, in accordance with the Speedy Trial Act, pursuant to Title 18, United States Code, Sections 3161(h)(7)(A) and 3161(h)(7)(B)(iv).

DATED:  Buffalo, New York, June ____, 2024.

_____
HONORABLE JEREMIAH J. MCCARTHY
United States Magistrate Judge