1

```
                      UNITED STATES DISTRICT COURT

                      WESTERN DISTRICT OF NEW YORK


     - - - - - - - - - - - - - X         23-CR-0099
     UNITED STATES OF AMERICA,
                  Plaintiff

              Vs.                         Buffalo, New York
     SIMON GOGOLACK,                      August 30, 2023
                  Defendant
     - - - - - - - - - - - - - X


                   TRANSCRIPT OF STATUS CONFERENCE
              BEFORE THE HONORABLE JEREMIAH J. MCCARTHY
                    UNITED STATES MAGISTRATE JUDGE


                    U.S. ATTORNEY'S OFFICE - BUFFALO
                    BY: NICHOLAS COOPER, ESQ.
                        CASEY CHALBECK, ESQ.
                    138 Delaware Avenue
                    Buffalo, New York 14202
                    Appearing on behalf of the Plaintiff

                    FEDERAL PUBLIC DEFENDER'S OFFICE
                    BY:  JOHN MORRISSEY, ESQ.
                    300 Pearl Street
                    Suite 200
                    Buffalo, New York 14202
                    Appearing on behalf of the Defendant
```

COURT REPORTER: Brandi A. Wilkins
                scalisba@gmail.com
                Kenneth B. Keating Federal Building
                100 State Street, Room 2120
                Rochester, New York 14614

1                THE CLERK:  All rise.
2                THE COURT:  Good morning.  Please be seated.
3                THE CLERK:  We're on the record in criminal
4    proceeding 23-CR-0099, United States of America versus
5    Simon Gogolack et al. for a status conference.
6    Present in the courtroom are Assistant U.S. Attorneys
7    Nicholas Cooper and Casey Chalbeck for the Government.
8    Assistant Federal Public Defender John Morrissey for
9    defendants Simon Gogolack and Cortnie Barber.
10   Defendant Peter Gerace with attorneys Mark Foti and
11   Eric Soehnlein.  Defendant John Ermin with Attorney
12   George Muscato, Attorney Paul Dell for defendant
13   Michael Roncone.  Attorney Clair Montroy for defendant
14   Frank Knight.  Defendant Howard Hinkle Jr. with
15   attorney Daniel Henry.  Defendant Bernard Byrd with
16   attorney Michael Stachowski.  Defendant Scott Barnes
17   with attorney David Cotter.  Also present is the
18   public defender Marianne Marianno.  The Honorable
19   Jeremiah J. McCarthy presiding.
20               THE COURT:  Good morning again, everyone.
21               MR. COOPER:  Morning, Your Honor.
22               MS. CHALBECK:  Morning, Judge.
23               THE COURT:  Mr. Cooper and/or Ms. Chalbeck,
24   any update on the whether or not this will be a death
25   penalty case as to certain of the defendants?

1          MR. COOPER:  No official update yet, Judge.
2          THE COURT:  Okay.
3          MR. COOPER:  No update.
4          THE COURT:  All right.  Is there any -- I
5    know -- I believe that Mr. Tripi had said initially
6    that you would try to expedite the process, and I
7    recognize you can't guaranty any particular date, but
8    is that -- is that what is occurring?
9          MS. CHALBECK:  Your Honor, I can't give an
10   official update, but I believe I could say that we
11   anticipate to have a report back to the Court soon in
12   short order.
13         THE COURT:  Okay.  Well, I guess that's all
14   I can ask for at this point.  I've given some thought
15   to what is the best way to proceed, and you know,
16   there are certain defendants as to whom potentially a
17   death penalty may be applicable, maybe not.  We will
18   see.  But there are others who regardless do not face
19   that exposure in any event, and I want to move this
20   case forward in some fashion so that everybody can get
21   at least some initial discovery.
22         My proposal is that we'll set a deadline
23   today for the Government to produce discovery.  Then
24   we will reconvene on that deadline or shortly
25   thereafter and assess.  Perhaps by that time we'll

1   have an answer from you as to the death penalty
2   situation, but in any event, the parties will have had
3   the opportunity to review the discovery and we'll be
4   in a better position to advise as to how much time is
5   going to be necessary for motion practice.  Anybody
6   have a major issue with proceeding in that fashion?
7            MR. MUSCATO:  No, Your Honor.
8            THE COURT:  Mr. Foti?
9            MR. FOTI:  Judge, I don't have any issue
10  with moving forward in terms of discovery disclosure.
11  I do think at this point at least in regard to Mr.
12  Gerace both myself and co-counsel are appearing
13  provisionally.
14           THE COURT:  I understand that.
15           MR. FOTI:  And we will continue to do so if
16  the Court directs us to, but obviously, at this point,
17  we're doing it really out of service to the Court and
18  out of service to Mr. Gerace because we represent him
19  in another case.
20           THE COURT:  Well, I think you indicated
21  previously that you were assessing your situation and
22  then would let me -- let me know whether you are going
23  to be in a position to be retained.
24           MR. FOTI:  We did.  Certainly at the initial
25  appearance, we wanted to explore whether there's any

1    additional assets that we were unaware of that might
2    somehow -- that there's no encumbrance on that we
3    would be in a position to utilize as part of being
4    retained here.  I think as of the last Court
5    appearance we were under the impression that that's
6    not the case, and what we have submitted to the Court
7    at this point is consistent with what we believe
8    supports the appointment of counsel.  I don't think
9    that there's any manner in which we are going to be
10   able to be appointed on this case particularly given
11   the circumstances that exist here.
12              THE COURT:  Okay.  I'll come back to that in
13   a minute.  Where is Mr. Muscato?  Mr. Muscato, I think
14   you had said the same.  You were assessing your
15   situation?
16              MR. MUSCATO:  Yes, Your Honor.  We continue
17   to do that.  Obviously, it is complicated a little bit
18   by the Government's position with respect to whether
19   it's a death penalty case or not, but we are getting
20   close to being able to make a decision within the next
21   couple of weeks.
22              THE COURT:  Okay.  Well, I'm going to ask
23   everybody to stay in place for now if they would.  I
24   do have your submissions.  The open issue is whether
25   the Government is entitled to review them.  I have

1  your submission.  I think I've given you until Monday
2  to reply.
3          MR. FOTI:  Yes.
4          MR. MUSCATO:  Yes.
5          THE COURT:  I may bring you and Mr. Gerace
6  and Mr. Ermin back separately with counsel to finally
7  decide that issue, but there's no need to -- I think
8  you -- for the process that I envision, you can stay
9  on board for right now.  I'm going to resolve that
10 sooner rather than later, and we can at least get the
11 discovery going.  Is that acceptable to everyone?
12         MR. MUSCATO:  Yes.  Thank you.
13         THE COURT:  All right.  My suggestion would
14 be that we set a deadline of 60 days from now for that
15 discovery and to reconvene.  Mr. Cooper?
16         MR. COOPER:  Judge, I'd ask that the Court
17 set 90 days for the provision of discovery for two
18 reasons.  The first reason is this case involves a
19 significant amount of discoverable material.  It's a
20 significant undertaking.  There's an agent from the
21 FBI who has been essentially exclusively assigned to
22 that task, but the resources that that requires are
23 significant.  And so as opposed to setting a shorter
24 deadline and rushing things for lack of a better word,
25 I'd ask that we set 90 days and allow a thorough

1  review and production of discovery.
2          The other reason is as the Court indicated,
3  it would be helpful to have a final determination
4  regarding this death penalty issue before we all come
5  back and before motion practice begins, and I think
6  kicking this out 90 days versus 60 days errs on the
7  side of caution with respect to that determination.
8  As the Court knows and all these attorneys know as
9  well, that's not a decision that the prosecutors here
10 in this office in the Western District make.
11         THE COURT:  No, I understand.
12         MR. COOPER:  It's up above our head, and so
13 I have no control of when we learn that decision.
14         THE COURT:  I understand that.  Okay.
15         MS. CHALBECK:  And Judge, if I could just
16 make one additional comment.
17         THE COURT:  Yes.  Go ahead.
18         MS. CHALBECK:  The virtue of providing 90
19 days, even though it's an extra 30 days and that
20 extends the process to be sure, but because of the
21 voluminous discovery at issue here, enabling the
22 Government to get this right and do discovery
23 appropriately and make sure that no stone is left
24 unturned might save and almost invariably will save
25 time on the back end.  So it's building an additional

1  30 day cushion, sure, but the savings I think would
2  accrue later on in this case.
3           THE COURT:  Okay.  Anybody want to be heard
4  in response to that suggestion?
5           MR. FOTI:  Judge, I think we're all in a
6  position where we somewhat have to defer to the
7  Government in terms of how long it will take them to
8  produce discovery, but I would note a couple things.
9  One, I've had a number of mega cases where discovery
10 could be produced in 30 to 60 days.  So if it's going
11 to take 90 here, that should indicate to the Court the
12 volume of discovery and the complexity of discovery is
13 so significant that it should weigh in on other
14 considerations the Court currently has in regard to
15 the appointment of counsel.
16          So I'm not disagreeing with the Government
17 if they say they need 90 days, but I think that has a
18 significant impact on some of the other decisions the
19 Court has to make.  I would also ask that if the
20 volume of discovery is that significant, would the
21 Court -- the Government specifically be ordered to
22 provide Rule 12 notice for each defendant so we can
23 further determine in terms of motion practice out of
24 the discovery we've been provided, the volume of the
25 discovery that we've been provided, what items are

1    subject to suppression, which items are we going to
2    have motion practice on.  I think that's necessary if
3    we have such a significant volume of discovery here.
4           Beyond that, Judge, I would just note
5    obviously almost all of the defendants are in custody.
6    I have concerns about the length of that type of
7    adjournment, but um, given the fact that the
8    Government is the only entity at this point that can
9    describe the volume of discovery and they're saying
10   they need 90 days, um, I don't know that there's much
11   I can do to rebut that.
12          THE COURT:  Yeah.
13          MR. COOPER:  Judge, I'd like to respond to
14   that briefly.
15          THE COURT:  I'm sorry.  Where --
16          MR. COOPER:  Nick Cooper, hi.
17          THE COURT:  Well, before you respond, is
18   there anybody else, any other defense counsel who
19   wishes to be heard?  Okay.  Go ahead.
20          MR. COOPER:  Just -- it's perplexing to hear
21   that counsel has concerns regarding speedy trial when
22   we've had I think three separate status conferences
23   where counsel hasn't wanted to set a scheduling order
24   in place.  To come today and say, hey, that's too long
25   to ask for is contrary to the arguments that have been

1   raised that the arraignment, the status conference
2   after the arraignment.  It's inconsistent with
3   arguments previously raised that the Court shouldn't
4   set a scheduling order.  So I don't understand.
5          We're asking for the 90 days to make sure
6   that everything is turned over in a discernable format
7   with an index, bait stamped in a manner that's easy to
8   digest.  We're also not required to do counsel's work
9   for them with respect to what motions should be filed.
10  There's search warrants.  You review the search
11  warrant.  You determine if you have standing to
12  contest the search, and you decide whether or not
13  there's a legal basis to file a motion.  I don't have
14  to outline the theory of proof at this stage.
15         THE COURT:  Is there a possibility of doing
16  rolling production during the 90 day period?
17         MR. COOPER:  I certainly think so, Judge.  I
18  think that there's material that is probably close to
19  ready to go out at this point because we've obviously
20  been working on it since the return of the indictment.
21         THE COURT:  Yeah.
22         MR. COOPER:  And I would be open to that, to
23  providing on a rolling basis what's available.
24         THE COURT:  Great.  Okay.
25         MR. FOTI:  Judge, just -- I don't want to

1    have it turned into a back and forth, but I do want to
2    correct the record.  At the arraignment, I asked for
3    discovery.  I said I think we should put a scheduling
4    order in place.  I indicated that I would be a
5    proponent of split -- bifurcating non dispositive and
6    dispositive motions.  I specifically said to the Court
7    if we start getting discovery, it can inform us on the
8    size of the case.  So that was an application I made.
9               I believe the Government's response was they
10   thought that would build in delay in some manner.  So
11   I just want that to be clear, and obviously, this is
12   an investigation that took place over several months.
13   There is a period of time that precedes the charges
14   where the discovery could be prepared in anticipation
15   of an indictment.  Again, I'm not opposing the 90
16   days.  The Government is in the position to say that
17   the volume is that high.  My point is merely that
18   defendants are in custody.  That's a consideration,
19   and it informs on other considerations the Court has.
20              MR. MUSCATO:  Judge, may I also add that
21   whatever time the Government needs to get us the
22   complete discovery obviously would help us, but the
23   implication that somehow we are here today as a result
24   of delays from defendants is I think inappropriate.
25              THE COURT:  Okay.  I'm not -- I'm not -- I'm

12

1 not meaning -- I'm not finding that.  Okay?  I'm just
2 looking at going forward and what is the most
3 efficient way to do so.  I'll give you the 90 days.
4 Okay?  But I do want -- to the extent that you can, I
5 want the discovery to be produced sooner than that
6 date as best you can.
7           MR. COOPER:  Understood, Judge.
8           THE COURT:  On a rolling basis so that
9 people can hit the ground running in terms of what
10 they think they need to do.  So if -- let's see.  I'll
11 give you a deadline for completion of that production.
12 Today is February 23.  So let's say the production
13 should occur on or before May 23, Thursday, and then
14 I'll give the parties a brief period of time to review
15 what they've received and we can reconvene and give
16 you a date.  Probably the -- well, let's see.  How
17 about Friday, June 7 at 11 a.m.?
18           MR. DELL:  I'll be in the middle of a trial
19 in State Court, Your Honor.
20           THE COURT:  Okay.  I mean, Paul, we're going
21 to run into this with everybody.  You know?  Can you
22 have somebody cover you on that date?
23           MR. DELL:  Um, I can (inaudible).
24           THE COURT:  I'm sorry.  I didn't hear you.
25           MR. DELL:  Yes, I can.

1               THE COURT:  Okay.  Okay.  I mean, are you on
2     trial the whole week or what?
3               MR. DELL:  We pick a jury on the sixth.
4     Probably about two weeks, Your Honor.
5               THE COURT:  Well, could we do -- could we do
6     Monday, June 3?
7               MR. COOPER:  That's works for the
8     Government.
9               MR. DELL:  That's fine with me.
10              THE COURT:  All right.  Let's do Monday,
11    June 3 at 2 p.m. instead of 11 a.m.
12              MR. MUSCATO:  Thank you.
13              THE COURT:  Okay.  I'm going to want, Mr.
14    Foti, you and Mr. Gerace and Mr. Soehnlein perhaps and
15    Mr. Muscato.  You're still -- Mr. Muscato, you think
16    you'll be able to give me a definitive answer by when?
17              MR. MUSCATO:  Two weeks, Your Honor.
18              THE COURT:  All right.  If there's an issue
19    with -- if you are fully retained, good.  If you say
20    you are not, I'll set a date for you to come back and
21    we'll work through that.
22              MR. MUSCATO:  Thank you.
23              THE COURT:  Mr. Foti, let's get a date for
24    you to come back.  How about Thursday, March 7 at
25    3:00.  Can we do that?

14

1        MR. FOTI:  Yes.
2        MR. COOPER:  Judge, the Government is
3   engaged in trial in front of Judge Vilardo.  We'll
4   still be in trial the entire month of March, so --
5        THE COURT:  You need a Friday?
6        MR. COOPER:  -- we need a Friday.  We're
7   down on Fridays.
8        THE COURT:  Okay.
9        MR. COOPER:  Sorry.  We could do the 8th of
10  March.
11       THE COURT:  Okay.  Can we do um -- can we do
12  March 8 at 3:00?
13       MR. MUSCATO:  That works, Judge.
14       MR. COOPER:  That's fine for the Government.
15  Thank you, Judge.
16       MR. FOTI:  That's fine.
17       THE COURT:  Okay?
18       MR. FOTI:  Yup.
19       THE COURT:  All right.  We need to exclude
20  time.  I guess makes the most sense right now to
21  exclude it through the June conference.
22       MR. COOPER:  I'd agree with that, Judge.
23  I'd like to just put one additional thing on the
24  record before we move on to the exclusion of time.
25       THE COURT:  Right.

1              MR. COOPER:  I don't know the reason behind
2     Mr. Gogolack's refusal, but I got an email from the
3     Court this morning indicating --
4              THE COURT:  Yeah.
5              MR. COOPER:  -- that Mr. Gogolack refused
6     transport.  This is now the second or third time that
7     Gogolack has refused transport.
8              THE COURT:  Right.
9              MR. COOPER:  I didn't see in the email that
10    it was due to a medical issue.  I would note for the
11    Court that we have an upcoming appearance next week
12    with Gogolack for an oral argument on his detention
13    status.
14             THE COURT:  Right.
15             MR. COOPER:  So the Government is going to
16    at least consider applying to the Court for a drag
17    order to ensure his appearance at that necessary Court
18    date.
19             THE COURT:  Is Jeff Bagley here?
20             MR. COOPER:  He's not.  He's represented by
21    another member of the Public Defender's Office today,
22    Judge.
23             THE COURT:  Oh.  John?
24             MR. COOPER:  Correct.
25             THE COURT:  Yeah.  John, can you step up to

1    the podium so I can get you on a microphone?
2                MR. MORRISSEY:  Hi, Judge.
3                THE COURT:  Anything you can share?
4                MR. MORRISSEY:  Not at this time.  I'm
5    hoping to have possibly some more information for the
6    Court after speaking with Mr. Gogolack hopefully early
7    next week.
8                THE COURT:  Yeah.  Because this -- this is
9    the second time.  I think the last time it may have
10   been a communication issue, but we can't keep doing
11   this.  So you want an order, I'll give it to you.
12               MR. COOPER:  Yes, Judge.  We have an
13   appearance next week --
14               THE COURT:  Right.
15               MR. COOPER:  -- I believe to argue
16   detention, and I'd ask for a drag order.
17               THE COURT:  Yeah.  Okay.  Submit it.
18               MR. COOPER:  Yes, Judge.  Thank you.
19               THE COURT:  Okay?  All right.  So we're
20   going to exclude time for now through June 3 from the
21   speedy trial act calendar.  Correct?
22               MR. COOPER:  Yes, Judge.  I can make a
23   record as to that if you want.
24               THE COURT:  Yeah.
25               MR. COOPER:  So the Government would request

17

1   that the time between today's date and June 3, 2024,
2   be excluded from the speedy trial act pursuant to
3   Title 18 United States Code Section 3161(h)(7)(a) and
4   (h)(7)(b)(4) in that the interest of justice in the
5   exclusion of such time outweigh the defendant's
6   interest in a speedier trial specifically because with
7   this time between today and June 3 the Government will
8   prepare and produce an itemized list of discovery to
9   counsels for all of the evidence.  Additionally, it
10  will provide time between May 23 and June 3 for
11  counsel for all of the defendants to review such
12  discovery and report back to the Court at that status
13  conference about how much time they need to file
14  motions.
15          Additionally, under 18 United States Code
16  Section 3161(h)(1)(d) there are currently still
17  motions pending before this Court regarding
18  appointment of counsel, financial affidavits which
19  require the exclusion of time pursuant to law.  For
20  those reasons, we'd ask that the time be excluded.
21          THE COURT:  Okay.  Defense counsel generally
22  in agreement with the exclusion through and including
23  June 3?
24          MR. FOTI:  Yes, Your Honor.
25          THE COURT:  All right.  I'll adopt counsel's

```
 1    representations as my findings concerning an exclusion
 2    of time between today and June 3, 2024, from the
 3    speedy trial act calendar.  For the reasons stated by
 4    counsel, I find that the ends of justice served by the
 5    granting of the continuance outweigh the best interest
 6    of the public and the defendant's in a speedy trial.
 7    70 days will remain on the calendar as of June 3.
 8    Anything further today, counsel?
 9              MR. COOPER:  Nothing from the Government,
10    Judge.
11              MR. MUSCATO:  No, thank you.
12              THE COURT:  Thank you all.
13              (Proceeding concluded at 11:28 a.m.)
14
15              **CERTIFICATE OF COURT REPORTER**
16
17              I certify that this is a true and accurate
18    record of proceedings in the United States District
19    Court for the Western District of New York before the
20    Honorable Jeremiah J. McCarthy on February 23, 2024.
21
22    S/ Brandi A. Wilkins
23    Brandi A. Wilkins
24    Official Court Reporter
25
```