UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                Plaintiff

v.                                                      FILE NO.: 23-CR-99-LJV-JJM

HOWARD HINKLE,

                Defendant
_____


**REPLY TO GOVERNMENT'S MOTION TO EXCLUDE TIME FROM THE SPEEDY TRIAL ACT**


Dated:  June 10, 2024
         Hamburg, New York

                                            Respectfully submitted,

                                            *s/ Daniel J. Henry, Jr.*
                                            Daniel J. Henry, Jr., Esq.
                                            Frank Bogulski, Esq.
                                            Attorneys for *Howard Hinkle*
                                            16 Main Street
                                            Hamburg, New York 14075
                                            (716) 648-0510
                                            dhenry@villariniandhenry.com

To:   Hon. Magistrate Judge Jeremiah J. McCarthy
      United States District Court
      Western District Court
      2 Niagara Square
      Buffalo, New York 14202

      Nicholas T. Cooper, Esq.
      United States Attorney's Office
      Federal Centre
      138 Delaware Avenue
      Buffalo, New York 14202

The Defendant, Howard Hinkle, by and through his attorneys, Daniel J. Henry, Jr., Esq., and Frank Bogulski, Esq., hereby submits this Reply to the Government's Motion to Exclude Time from the Speedy Trial Act.

**ARGUMENT**

The Defendant, Howard Hinkle objects to the Government's motion to exclude the time from June 5, 2024, through and including June 27, 2024, from the Speedy Trial Act pursuant to Title 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(7)(B)(iv).

The Grand Jury, on January 5, 2024, returned a 28-count Second Superseding Indictment charging the Defendants, including Howard Hinkle, with several felony offenses (Dkt. 24).  The fact that this was a Second Superseding Indictment indicates that there were previous Indictments involving the evidence and facts of this case.  A Criminal Complaint was filed against Howard Hinkle on October 24, 2023 (Dkt. #1).  Mr. Hinkle raises this information to demonstrate that not only was the Government able to have all its necessary evidence and materials available to return a Criminal Complaint (October 24, 2023) and a Second Superseding Indictment (January 4, 2024) against him and other co-defendants, but they have had an extensive ongoing investigation leading up to the filing of the said Complaint and Superseding Indictments.  This illustrates to the Court that the Government had more than enough time to marshal its discovery material to have it available to turn over to the defense on the date set by the Court – i.e. May 23, 2024.

In addition, the Government in its moving papers – Dkt. #123-1 at p5 paragraph 12 – stated that they have a specific FBI agent and a Litigation Technology Specialist with the

3

USAO-WDNY, together with support staff assigned to organizing/collecting, processing the discoverable material- more than enough individuals to prepare and have the materials available by May 23, 2024.  The Defense was not notified until 3 days prior to the discovery production deadline that a certain type of hard drive would be needed to obtain the discoverable material.  It was not until 6 days after the production deadline passed (May 29, 2024) that a proposed protective order was circulated to the Defense and made contingent upon signing for the release of the discovery material.

     The Government in its months/years of investigation of this case and retrieving volumes of evidence knew or should have known months before May 20, 2024, that a certain type of hard drive would be needed to store the discovery material it was collecting and had in its possession. Waiting 3 days prior to the May 23, 2024, production deadline to notify the Defense does not justify an exclusion of the Speedy Trial Time it now seeks.

     The Government during the February 23, 2024, Court appearance specifically asked for 90 days, represented to the Court that it had an agent from the FBI exclusively assigned to the discovery task, and agreed with the Court's suggestion to even provide "rolling" discovery during the period of February 23, 2024, to May 23, 2024.  **Exhibit A**.  This Court, in reliance on the Government's representation, accommodated their request, and granted the 90-days to provide discovery.  The Government's failure to meet the production deadline of May 23, 2024, warrants the Court's decision to deny exclusion of Speedy Trial time from June 5, 2024, through June 27, 2024.

## CONCLUSION

For the reason set forth above, together with Mr. Hinkle joining in the motions filed by other co-defendants in response to the Government's motion (Dkt. #123-1), it is respectfully requested that this Court deny the Government's request to exclude Speedy Trial time.

*s/ Daniel J. Henry, Jr.*
Daniel J; Henry, Jr., Esq.

*s/Frank Bogulski, Esq.*
Frank Bogulski, Esq.
