# EXHIBIT A

```
                                                                    1

 1                    UNITED STATES DISTRICT COURT

 2                    WESTERN DISTRICT OF NEW YORK

 3
        - - - - - - - - - - - - - X          23-CR-0099
 4      UNITED STATES OF AMERICA,
                    Plaintiff
 5
                 Vs.                          Buffalo, New York
 6      SIMON GOGOLACK,                       August 30, 2023
                    Defendant
 7      - - - - - - - - - - - - - X

 8
                     TRANSCRIPT OF STATUS CONFERENCE
 9             BEFORE THE HONORABLE JEREMIAH J. MCCARTHY
                    UNITED STATES MAGISTRATE JUDGE
10

11                  U.S. ATTORNEY'S OFFICE - BUFFALO
                    BY: NICHOLAS COOPER, ESQ.
12                      CASEY CHALBECK, ESQ.
                    138 Delaware Avenue
13                  Buffalo, New York 14202
                    Appearing on behalf of the Plaintiff
14
                    FEDERAL PUBLIC DEFENDER'S OFFICE
15                  BY:  JOHN MORRISSEY, ESQ.
                    300 Pearl Street
16                  Suite 200
                    Buffalo, New York 14202
17                  Appearing on behalf of the Defendant

18

19

20

21

22
        COURT REPORTER:Brandi A. Wilkins
23                 scalisba@gmail.com
                   Kenneth B. Keating Federal Building
24                 100 State Street, Room 2120
                   Rochester, New York 14614
25
```

1   your submission.  I think I've given you until Monday
2   to reply.
3            MR. FOTI:  Yes.
4            MR. MUSCATO:  Yes.
5            THE COURT:  I may bring you and Mr. Gerace
6   and Mr. Ermin back separately with counsel to finally
7   decide that issue, but there's no need to -- I think
8   you -- for the process that I envision, you can stay
9   on board for right now.  I'm going to resolve that
10  sooner rather than later, and we can at least get the
11  discovery going.  Is that acceptable to everyone?
12           MR. MUSCATO:  Yes.  Thank you.
13           THE COURT:  All right.  My suggestion would
14  be that we set a deadline of 60 days from now for that
15  discovery and to reconvene.  Mr. Cooper?
16           MR. COOPER:  Judge, I'd ask that the Court
17  set 90 days for the provision of discovery for two
18  reasons.  The first reason is this case involves a
19  significant amount of discoverable material.  It's a
20  significant undertaking.  There's an agent from the
21  FBI who has been essentially exclusively assigned to
22  that task, but the resources that that requires are
23  significant.  And so as opposed to setting a shorter
24  deadline and rushing things for lack of a better word,
25  I'd ask that we set 90 days and allow a thorough

```
 1    review and production of discovery.
 2            The other reason is as the Court indicated,
 3    it would be helpful to have a final determination
 4    regarding this death penalty issue before we all come
 5    back and before motion practice begins, and I think
 6    kicking this out 90 days versus 60 days errs on the
 7    side of caution with respect to that determination.
 8    As the Court knows and all these attorneys know as
 9    well, that's not a decision that the prosecutors here
10    in this office in the Western District make.
11            THE COURT:  No, I understand.
12            MR. COOPER:  It's up above our head, and so
13    I have no control of when we learn that decision.
14            THE COURT:  I understand that.  Okay.
15            MS. CHALBECK:  And Judge, if I could just
16    make one additional comment.
17            THE COURT:  Yes.  Go ahead.
18            MS. CHALBECK:  The virtue of providing 90
19    days, even though it's an extra 30 days and that
20    extends the process to be sure, but because of the
21    voluminous discovery at issue here, enabling the
22    Government to get this right and do discovery
23    appropriately and make sure that no stone is left
24    unturned might save and almost invariably will save
25    time on the back end.  So it's building an additional
```

1  raised that the arraignment, the status conference
2  after the arraignment.  It's inconsistent with
3  arguments previously raised that the Court shouldn't
4  set a scheduling order.  So I don't understand.
5         We're asking for the 90 days to make sure
6  that everything is turned over in a discernable format
7  with an index, bait stamped in a manner that's easy to
8  digest.  We're also not required to do counsel's work
9  for them with respect to what motions should be filed.
10 There's search warrants.  You review the search
11 warrant.  You determine if you have standing to
12 contest the search, and you decide whether or not
13 there's a legal basis to file a motion.  I don't have
14 to outline the theory of proof at this stage.
15         THE COURT:  Is there a possibility of doing
16 rolling production during the 90 day period?
17         MR. COOPER:  I certainly think so, Judge.  I
18 think that there's material that is probably close to
19 ready to go out at this point because we've obviously
20 been working on it since the return of the indictment.
21         THE COURT:  Yeah.
22         MR. COOPER:  And I would be open to that, to
23 providing on a rolling basis what's available.
24         THE COURT:  Great.  Okay.
25         MR. FOTI:  Judge, just -- I don't want to

```
 1   have it turned into a back and forth, but I do want to
 2   correct the record.  At the arraignment, I asked for
 3   discovery.  I said I think we should put a scheduling
 4   order in place.  I indicated that I would be a
 5   proponent of split -- bifurcating non dispositive and
 6   dispositive motions.  I specifically said to the Court
 7   if we start getting discovery, it can inform us on the
 8   size of the case.  So that was an application I made.
 9            I believe the Government's response was they
10   thought that would build in delay in some manner.  So
11   I just want that to be clear, and obviously, this is
12   an investigation that took place over several months.
13   There is a period of time that precedes the charges
14   where the discovery could be prepared in anticipation
15   of an indictment.  Again, I'm not opposing the 90
16   days.  The Government is in the position to say that
17   the volume is that high.  My point is merely that
18   defendants are in custody.  That's a consideration,
19   and it informs on other considerations the Court has.
20            MR. MUSCATO:  Judge, may I also add that
21   whatever time the Government needs to get us the
22   complete discovery obviously would help us, but the
23   implication that somehow we are here today as a result
24   of delays from defendants is I think inappropriate.
25            THE COURT:  Okay.  I'm not -- I'm not -- I'm
```

```
                                                            12
```

1  not meaning -- I'm not finding that.  Okay?  I'm just
2  looking at going forward and what is the most
3  efficient way to do so.  I'll give you the 90 days.
4  Okay?  But I do want -- to the extent that you can, I
5  want the discovery to be produced sooner than that
6  date as best you can.
7          MR. COOPER:  Understood, Judge.
8          THE COURT:  On a rolling basis so that
9  people can hit the ground running in terms of what
10 they think they need to do.  So if -- let's see.  I'll
11 give you a deadline for completion of that production.
12 Today is February 23.  So let's say the production
13 should occur on or before May 23, Thursday, and then
14 I'll give the parties a brief period of time to review
15 what they've received and we can reconvene and give
16 you a date.  Probably the -- well, let's see.  How
17 about Friday, June 7 at 11 a.m.?
18         MR. DELL:  I'll be in the middle of a trial
19 in State Court, Your Honor.
20         THE COURT:  Okay.  I mean, Paul, we're going
21 to run into this with everybody.  You know?  Can you
22 have somebody cover you on that date?
23         MR. DELL:  Um, I can (inaudible).
24         THE COURT:  I'm sorry.  I didn't hear you.
25         MR. DELL:  Yes, I can.