UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,                         23-CR-99-LJV-JJM

    v.
                                                  RESPONSE TO GOVERNENT'S
SIMON GOGOLACK,                                   MOTION TO EXCLUDE TIME

               Defendant.
_____

       This Court denied the government's oral motion to exclude speedy trial time on June 3, 2024. Now the government has filed a new motion seeking the same relief and reciting essentially the same basis for the requested relief. At best, the government's motion is meritless and should be promptly denied (again). At worst, it is an attempted end-around of this Court's decision to not exclude speedy trial time under the Speedy Trail Act, is meritless and should be promptly denied.

       Before denying the government's June 3, 2024, request to exclude time between that next and the next, the Court knew or had learned all the relevant information:

    a. On February 23, 2024, the Court granted the government's request for a discovery deadline May 23, 2024, but ordered rolling discovery to the extent practicable. Dkt. 85.

    b. The government provided no rolling discovery and never explained why it was not practicable;

    c. The government requested a three-terabyte hard drive on May 20, 2024, three days before the discovery deadline;

    d. On May 23, 2024, the government did not provide any discovery or move to adjourn the deadline;

    e. The government first sought to address a protective order on May 29, 2024, after the discovery deadline had passed.

At the status's conclusion, the Court denied the government's request to exclude time. The government had argued exclusion was necessary to negotiate a protective order, facilitate discovery, and allow defense counsel to review the discovery. Dkt. 123-1 at 10. The defense, though counsel for Mr. Gerace, objected. This Court denied the government's motion." Dkt. 122.

Now, the government renews that request, saying that time should be excluded because the parties will try to negotiate a protective order and defense counsel will begin to review discovery. Dkt. 123-1 at 12.

The government alleges only immaterial new information and none of it requires the Court to change its mind. That new information largely falls into two categories: 1) details about the timing and nature of defense counsels' responses to government's emails; and 2) the government's subsequent production following the hearing.

***

The defense has been requesting discovery for months. Defense counsel requested it at the arraignment on the initial indictment; we requested it again requested it as part of re-opening the detention hearing. Dkt. 55 at 6. Before that hearing, this Court ordered the government to "produce all evidence that it intends to rely upon at the detention hearing." Dkt. 61. When the government did not discover any new material before the detention hearing, and indicated via email that they would proceed by proffer, the Court "question[ed] whether the government complied" with the discovery order. Dkt. 77, 80.

In the meantime, the government requested a 90-day deadline for the Rule 16 discovery. Dkt. 73. Per the government, that deadline would "enable the Government to get this right and do discovery appropriately" and would "almost invariably save time on the back end" Tr. Feb. 23, 2024 at 7. When the Court asked about the possibility of rolling discovery, the government indicated it was feasible: "I think so, Judge. I think that there's materials that is probably close to ready to go out at this point because we've obviously been working on it since the return of the indictment" and "I would be open to that, to providing on a rolling basis what's available." *Id*. at 10.

This Court ultimately granted the 90-day deadline, but also ruled that "to the extent that [the government] can, [the Court] want[s] discovery to be produced sooner than that date as best you can . . . . on a rolling basis." *Id*. at 12. The text order reflected the 90-day deadline but ordered rolling discovery to the extent practicable. Dkt. at 73.

The prosecution then used that discovery order to argue against discovery in other contexts. At Mr. Gogolack's re-opened detention hearing, this Court authorized the defense to request the materials underlying the government's detention argument. Dkt. 85. But when defense counsel moved for that production, the government characterized the defense motion as "circumventing" the February 23, 2024 discovery order and chided Mr. Gogolack: "while the government appreciates that Mr. Gogolack is eager to receive the discovery in this matter, the Court's February 23, 2024, Order provides the government 90 days to complete the task." Dkt. 100 at 3. It extolled this Court's order as "a sensible exercise of the power of production" and accused Mr. Gogolack of trying to turn that order "on its head." *Id*. (internal quotations omitted).

During this time, the government did not provide any rolling discovery or approach defense counsel about a protective order.[1]

The 90-day deadline passed without the government providing any additional discovery to defense, requesting to adjourn the discovery deadline, or proposing a protective order.

Further, the proposed protective order contained provisions that the government should have known would cause issues. Among those, the proposed order would have limited the type of investigators or experts that defense could retain (regardless of whether they viewed discovery); it oddly prohibited the defense from hiring members of any biker club to be agents of the defense; and it required defense counsel to affirmatively tell the government whenever they shared discover through a coercive clause that required all defense counsel to provide "a certification to the U.S. Attorney's Office listing the name of each person on the defense team who has been permitted to review the materials." The protective order – not even proposed until six days after it blew the deadline – begged for yet more protracted litigation, further keeping the discovery out of the hands of those who are most entitled to it: the defendants in this case.

***

Regarding the second category of information—that is, the June 4, 2024 production—this Court already knew that the government was going to provide discovery in short order. The government has said as much after the parties agreed to the temporary protective order at the June 3, 2024 status. Dkt 123-1 at 9-10. Presumably the Court accepted the government's representation. Still, this Court correctly denied the government's request to exclude time at that time and nothing has changed. Dkt. at 122.

---

[1] The only discovery the government provided over this extraordinarily long period of time were jail calls allegedly made by Mr. Goglolack after he was arrested and detained in this case. It agreed to this production only after repeated demands from the defense.

\*\*\*

Given the similarities between the government's request to exclude time on June 3, 2024 and their recent motion, this Court must treat this motion as a reconsideration request, and courts deny reconsideration requests unless the party can point to some controlling decision or data that the Court overlooked—something that would reasonably be expected to alter the Court's conclusion. *United States v. Smith*, 105 F. Supp. 3d 255, 258 (W.D.N.Y. 2015). The government has pointed to no such information.

Instead, the government has used their motion as a "vehicle[] for relitigating issues already decided by the Court." *Id*. Accordingly, the Court should deny it.

Last, the government seems to warn defense counsel that if they object to their motion, the government will "scrupulously honor" the defendants' right to a speedy trial by filing a motion to set a trial date. But the obvious way to scrupulously honor a defendant's right to a speedy trial, and generally to see justice and fairness achieved, is not to artificially rush to trial while holding on to all discovery for as long as possible. Rather, if the government were truly interested in the defendant's rights, it would honor each defendant's due process and Rule 16 rights; it would honor the defendant's rights to review the discovery while properly preparing their defense, and it would honor court-ordered discovery deadlines.

**DATED**:            Buffalo, New York, June 10, 2024

                                        Respectfully submitted,

                                        **/s/ Jeffrey T. Bagley**
                                        Jeffrey T. Bagley
                                        Assistant Federal Public Defender
                                        Federal Public Defender's Office
                                        300 Pearl Street, Suite 200
                                        Buffalo, New York 14202

                (716) 551-3341, (716) 551-3346 (Fax)
                jeffrey_bagley@fd.org
                Counsel for Defendant Simon Gogolack

**TO:** Nicholas Cooper, Joseph Tripi, Casey Chalbeck, *et al*.
    Assistant United States Attorneys