UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,                                           **DECLARATION**

-v-
                                                                    Docket No. 23-CR-99

PETER GERACE, JR.,

                              Defendant.
_____

Mark A. Foti, Esq. declares the following under penalty of perjury:

      1.     I am an attorney at law duly licensed to practice in the United States District Court for the Western District of New York.  I am counsel to Peter Gerace, Jr. in the above matter.  As such, I am fully familiar with the facts and circumstances of this case.

      2.     I make this declaration in support of Mr. Gerace's motion for a one-day extension of time to file Mr. Gerace's submissions addressed in the Text Orders at Docket Entries 128 and 134.

      3.     Specifically, those Text Orders respectively set today as the deadline for (1) Mr. Gerace's Response to the government's motion to exclude time from the Speedy Trial Act calendar [Dkt. # 123]; and (2) Mr. Gerace's Response to the Government motion for a protective order [Dkt. # 129].

      4.     Counsel recognizes that because today was Juneteenth, a Federal holiday, the Court may have already anticipated permitting submissions to be filed by tomorrow, June 20, 2024. *See* Fed R Crim P. 45(a)(3)(A)("Unless the court orders otherwise, if the

1

clerk's office is inaccessible on the last day for filing under Rule 45(a)(1), then the time for filing is extended to the first accessible day that is not a Saturday, Sunday, or legal holiday.") However, because the Court specifically set today as the deadline, out of an abundance of caution, it is respectfully requested that the Court grant a one-day extension of time to file the submissions identified in paragraph 3, *supra*.

5.      The defense has already provided substantial briefing related to the government's disregard of this Court's Discovery Order, which included discussion of the government's motion to exclude time. Dkt. # 132-1 at 21("On June 5, 2024, the government filed a motion for an exclusion of time… by making the motion, the government has attempted to circumvent the consequence of the Court's decision not to exclude time, at least temporarily.")

6.      The defense has also already provided substantial briefing related to the government's improper decision to file an affidavit in support of its motion for a protective order *ex parte*, which touched upon the objectives of the government's request for a protective order. Dkt. # 136 at 12 ("Even if the government in this case voluntarily scattered seemingly confidential information throughout its *ex parte* motion, that would merely constitute a strategic decision and certainly not support good cause to file *ex parte*, because the purpose of the protective order is not to conceal the existence of information, its merely to limit disclosure of information to the public and/or third parties.")

2

7.      However, the defense has been in the process of drafting additional submissions that directly respond to the government's motions for an exclusion of time and for a protective order.

8.      The defense requests one additional day to complete both submissions.

9.      There are complicated issues associated with both submissions and in an effort to simultaneously complete both submissions while also preparing for an appearance with Mr. Gerace this Friday in case number 19-cr-227 and other unrelated responsibilities, it is my belief that Mr. Gerace and the completeness of the record both benefit from one additional day to file.

10.     The parties are not currently scheduled to reconvene until May 27, 2024, so with the one-day adjournment, both motions will be taken under advisement one week prior to the next scheduled status conference. Dkt. # 128, 134.[1]

11.     This is the first request for an extension, and it is essentially the shortest request that can be made.

---

[1] The Text Order regarding the motion for an exclusion of time specifies that the matter will be under advisement upon the filing of the defendants' response(s). The same can be inferred from the Text Order regarding the deadline for a response to the motion for a protective order. Furthermore, as the defendant has already indicated, it will seek to file its response to the government's motion for a protective order *ex parte*, because at least as of right now, the government's affidavit in support remains limited to *in camera* review, and "[i]f the government is permitted to file *ex parte*, then the defense also seeks to submit is submission *ex parte* as Rule 16(d) is available to either side (Fed. R. Crim. P. R 16, Notes of Advisory Committee on Rules—1993 Amendment) and there is no reasonable circumstance that the government would be permitted to submit *ex parte*, but the defense would not be afforded the same authorization." Dkt. # 136 at 16.

12.     Thus, for the foregoing reasons, Mr. Gerace respectfully requests that this Court grant the requested one-day extension of time to file in order to provide sufficient time to complete both of the aforementioned submissions and to provide a thorough record for this Court's review.

Dated: June 19, 2024

                                                        s/ Mark A. Foti
                                                        Mark A. Foti, Esq.