UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

-v-

PETER GERACE, JR.,

                Defendant.

_____

**DECLARATION IN SUPPORT**
(*EX PARTE SUBMISSION OF REPONSE TO GOVERNMENT'S EX PARTE MOTION FOR A PROTECTIVE ORDER*)

Docket No. 23-CR-99

I, Mark A. Foti, Esq., declare under penalty of perjury pursuant to 28 U.S.C. § 1746, that:

    1.     I am an attorney licensed to practice law in the State of New York and the United States District Court for the Western District of New York.

    2.     The Government has made a motion for a protective order in this case. Dkt. # 129.

    3.     Without first seeking permission to do so, the Government opted to file its motion *ex parte* to avoid having its argument tested by the adversarial process. Dkt. # 129. The Notice page, filed publicly, briefly refers to Rule 16(d)(1) and *United States v. Amodeo*, 44 F.3d 141, 147 (2d Cir. 1995) as the grounds to permit the filing *ex parte*.

    4.     In response to the government's decision to file the motion, *ex parte*, without first seeking permission to do so, this Court issued a Text Order requesting authority for the submission of the *ex parte* affidavit.

| 06/12/2024 | 134 | TEXT ORDER as to Simon Gogolack, Peter Gerace, Jr, John Thomas Ermin, Michael Roncone, Frank Knight, Howard Hinkle, Jr., Cortnie Barber, Bernard Byrd, III, Scott Barnes: By June 13, 2024 the government shall supplement its motion for a protective order [129] with authority for its submission of an *ex parte* Affidavit in support of the motion. |
|---|---|---|

1

|   |   | Defendants' deadline to respond to the motion [129], as supplemented, is extended from June 14, 2024 (see June 3, 2024 Text Order [122]) to June 19, 2024. SO ORDERED. Issued by Hon. Jeremiah J. McCarthy on 6/12/24. (MDY) |
|---|---|---|

5. The defense filed a memorandum regarding the government's attempt to submit its motion for a protective order *ex parte*. Dkt. # 136.

6. The defense opposed the use of an *ex parte* affidavit to support the government's motion, arguing that "The government's attempt to file its motion *ex parte* should be rejected because (a) it was required to first seek permission to file *ex parte*; (b) there is no good cause to support an *ex parte* submission; and (c) the government has demonstrated through previous attempts to seek relief *ex parte* that its submissions should be subject to the adversarial process in order to arrive at an appropriate resolution." Dkt. # 136 at 9-10.

7. As of this time, the government's submission remains under seal for *in camera* review.

8. As noted in the defendant's memorandum, "If the government is permitted to file *ex parte*, then the defense also seeks to submit is submission *ex parte* as Rule 16(d) is available to either side (Fed. R. Crim. P. R 16, Notes of Advisory Committee on Rules—1993 Amendment) and there is no reasonable circumstance that the government would be permitted to submit *ex parte*, but the defense would not be afforded the same authorization." Dkt. # 136 at 16.

9. Thus, it is respectfully requested that the defense be permitted to submit its Response *ex parte* as good cause exists based on the fact that the government has submitted its arguments *ex parte* and they are not currently subject to the adversarial process. If the government's submission is accepted, then the defense should be permitted to file in the same manner as Rule 16 does not afford special privileges to the government.

Dated: June 20, 2024

/s/ Mark A. Foti___
Mark A. Foti, Esq.