IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

      v.

                                                        23-CR-99

SIMON GOGOLACK, ET AL.

      Defendants.
_____

## RESPONSE IN OPPOSITION TO DEFENDANT GERACE'S MOTION TO FILE RESPONSE IN OPPOSITION TO MOTION FOR PROTECTIVE ORDER EX PARTE

**THE UNITED STATES OF AMERICA**, by and through its attorneys, Trini E. Ross, United States Attorney for the Western District of New York, Joseph M. Tripi, Nicholas T. Cooper, and Casey L. Chalbeck, Assistant United States Attorneys, of counsel, hereby submits the following response in opposition to defendant Peter Gerace's motion to file his response in opposition to the government's motion for a protective order *ex parte*. ECF No. 149, (dated June 20, 2024).

### I.    ARGUMENT

Peter Gerace knows the binding, Second-Circuit-issued rules around *ex parte* filings because the government has explained them to him multiple times. *See, e.g.*, *United States v. Gerace*, 1:19-CR-227, 1:23-CR-37, Resp. in Opp. to Mot. to Disclose Resp. *Ex Parte*, at 2, (dated Feb. 1, 2024); E-Mail from Casey L. Chalbeck to Mark Foti et al., dated Mar. 22, 2023, ("Because '*ex parte* communications are the exception rather than the rule, [ ] they require particular justification.'" (quoting *United States v. Rechnitz*, 75 F.4th 131, 147 (2d Cir. 2023))).

Those rules dictate that "[a] judge should not initiate, permit, or consider *ex parte*

communications" unless "authorized by law." *Rechnitz*, 75 F.4th at 146 (quoting CODE OF CONDUCT FOR UNITED STATES JUDGES, CANON 3(A)(4)(a)). Yet, in reading Gerace's most recent bid to communicate *ex parte* with the Court, one would be forgiven for not knowing that standard exists at all: indeed, Gerace totally omits it from his brief.

Unsurprisingly—and contrary to the Second Circuit's demands—Gerace cites zero legal authority in support of his request to file his response *ex parte*. Instead, the "particular justification," *Rechnitz*, 75 F.4th at 147, he gestures at can be summed up as follows: the government filed its motion for a protective order *ex parte*, so I can do the same. *See* ECF No. 149-1 at 3 (requesting permission to file response *ex parte* "based on the fact that the government has submitted its arguments *ex parte*).

That is not how the law works: the privilege of *ex parte* review only follows a showing of "good cause"; here, the government had "good cause" to file its motion for a protective order *ex parte* because the motion—in a case involving a murdered federal witness—discusses witness identities and active investigations, among other matters, such that subjecting the motion to "any adversary proceeding would defeat the purpose of the protective . . . order." Advisory Committee Notes to 1975 Amendment, FED. R. CRIM. P. 16(d)(1); *United States v. Aref*, 533 F.3d 72, 81 (2d Cir. 2008) ("[E]x parte, *in camera* hearings in which government counsel participates *to the exclusion of defense counsel* are part of the process that the district court may use [under FED. R. CRIM. P. 16] in order to decide the relevancy of the information." (emphasis added)). This Court should hold Gerace to the same "good cause" standard.

But that is not a showing he ever makes. There is no "why not me?" or "they did it, so I can, too" exception to the rules—or at least none that Gerace has cited or that the undersigned can find. Indeed, if Gerace's offended sensibilities were sufficient to trigger *ex*

2

*parte* review, it would accord a "special privilege[]" onto him: any time the government made a showing of "good cause" under Rule 16, it would exempt Gerace and others from the same "good cause" standard, opening the floodgates to *ex parte* filings. ECF No. 149-1. Plainly, that is not the process that the Advisory Committee contemplated, and it is equally alien to this district and others. If Gerace does not like Rule 16's "good cause" standard, he can ask Congress or the Supreme Court to change it. Or he can appeal to the Second Circuit and ask it to change its caselaw. But this Court should not re-write established Second Circuit precedent to exempt Gerace from the demands of Rule 16.[1]

## II.   CONCLUSION

For the reasons set forth above, the government respectfully requests that the Court deny Gerace's motion to file his response in opposition to the government's motion for a protective order *ex parte* (ECF No. 149).

DATED:   Buffalo, New York, June 21, 2024.

                                                  TRINI E. ROSS
                                                  United States Attorney

BY:   s/JOSEPH M. TRIPI
       s/ NICHOLAS T. COOPER
       s/CASEY L. CHALBECK
       Assistant United States Attorney
       Western District of New York
       138 Delaware Avenue
       Buffalo, New York 14202
       716-843-5839
       Joseph.Tripi@usdoj.gov

---

[1] Nor does Gerace invoke any other cognizable basis for *ex parte* review. *See, e.g., In re Grand Jury Subpoenas Dated March 19, 2002 and August 2, 2002*, 318 F.3d 379, 386 (2d Cir. 2003) (submission of documents to court for in camera, *ex parte* review is "a practice both long-standing and routine in cases involving claims of privilege" (citations omitted))