# UNITED STATES DISTRICT COURT
for the

### WESTERN DISTRICT OF NEW YORK

THE UNITED STATES OF AMERICA

   -vs-

                                                  Case No. 23-CR-99-LJV-JJM

CORTNIE BARBER, ET AL.

## **AFFIDAVIT IN OPPOSITION TO PROTECTIVE ORDER**

BRIAN J. HUTCHISON, Esq., affirms the following under the penalty of perjury:

1. I am an attorney licensed to practice law in the State of New York and in this Court. I am assigned to represent CORTNIE BARBER, a Defendant named in the above-captioned indictment.

2. This Affidavit is submitted in response to the Government's request for a protective order in this case. While your deponent does not object to the issuance of a protective order, this Affidavit addresses the specific terms your deponent has objected to.

3. Initially, your deponent should note that Ms. Barber is only charged in counts 6, 11 and 12 of the indictment. She is not charged in relation to the death of a government witness, which are the most severe charges in this indictment.

4. Prior to the Government filing its initial motion for a protective order, your deponent made clear to the Government and other defense counsel that many terms of the proposed protective order do not appear to impact Ms. Barber's case, and therefore I did not want

my position on the protective order to be viewed as a guidepost for other defendants in the case.

5. On June 10, 2024, I advised AUSA Cooper that I would send him an email with my notes relating to the protective order. That email and the attachment is attached hereto as Exhibit A.

6. Your deponent's concern relating to the sharing of electronic information with my client is an access-related issue. The Niagara County Jail does not allow electronics to be brought into the jail except if a special appointment is made and the defendant meets with counsel in a specific part of the jail (ie, the Programs room). It is difficult to make those arrangements, especially if the material to be reviewed might take hours at a time – even over the course of days – to review with the defendant. Nevertheless, that is an issue your deponent will address with the Niagara County Jail and not necessarily through this order.

7. Turning to the substance of the protective order, my objections are identified in Exhibit A and specifically noted as follows:

    a. The last paragraph of page 2 is concerning as written because I cannot control whether my client might re-publish our communications. Naturally, those communications will likely contain written summaries of the discovery materials and general references thereto. I am fearful that the current language exposes me to an allegation of violating this order even in a circumstance that I cannot control.

    b. The first paragraph of page 4 requires that I return all copies of the discovery material to the government at the conclusion of the case. This would render my

closed file incomplete, and potentially a violation of my ethical obligations to retrain such documents on my client's behalf (*See* NYS Ethics Opinion 1192, dated June 9, 2020). However, if the Court were to order their return when they are no longer needed to represent Ms. Barber, such a directive would relieve me of those ethical obligations.

c. The second paragraph of page 4 requires addition of the following words, "….shall not cause the contact of a witness or suspected witness **known to be** represented by counsel…" It is improper to hold counsel in violation of this provision if they had no knowledge whether a certain individual was represented by counsel at the time of contact.

d. The third paragraph of page 4 also requires addition of the following words for the same reason, "…shall neither contact nor cause the contact of a co-defendant **known to be** represented by counsel…"

e. The fourth paragraph of page 4 should be amended to remove reference to "Rule 5.1, 5.2, and 5.3." Your deponent has no objection to a general reference to the New York Rules of Professional Conduct, and it is unclear to me why a general reference is insufficient under these circumstances.

f. The final paragraph (page 5) of the protective order requires defense counsel to provide the Government with a list of each person on the defense team who has been permitted to review the subject materials. Such a requirement violates the defendant's right to attorney-client privilege as that privilege extends to expert witnesses (*see, e.g.,* U.S. v. Kovel, 296 F.2d 918 [2nd Cir., 1961). It is regular practice to engage experts – including accountants, private investigators,

attorneys, doctors, or other specialists – to assist defense counsel in the collection and analysis of evidence, and to develop legal defense theories.  At best, the mere disclosure of their involvement may provide the Government an improper view into the inner-workings of the defense team.  At worst, the required disclosure could cast a chilling effect upon potential defense experts for fear that the disclosure may provide them unwanted attention in this high-profile case.

8. Relative to Ms. Barber's charges, your deponent submits that the requested changes strike an appropriate balance between the Government's desire to limit and otherwise control the disclosure of discovery materials while also ensuring that the Defendant's ability to fully defend herself is not improperly limited.

Dated:   July 2, 2024                             /s/ Brian Hutchison, Esq.
         Lockport, New York        Brian J. Hutchison, Esq.
                                   *Attorney for Defendant Cortnie Barber*
                                   14 W. Main Street
                                   Lockport, NY 14094
                                   BJHesq@gmail.com
                                   (716) 302-8090