**Subject:** Goglack et all Protective Order
**From:** "Brian Hutchison, Esq." <BJHesq@gmail.com>
**Date:** 6/10/2024, 4:13 PM
**To:** "Cooper, Nicholas (USANYW)" <Nicholas.Cooper@usdoj.gov>, "CHALBECK, CASEY (USANYW)" <CASEY.CHALBECK@usdoj.gov>

Nick/Casey,

Here are my notes from when I reviewed the Protective Order on 5/30/24.

As we discussed, I am concerned about the practicality of reviewing electronic discovery with my client without being able to give her copies. However, that might be a conversation better addressed between us after I have a chance to review the discovery and determine what exactly might raise issues due to the jail's policies on bringing electronics into the building. That may end up being a conversation I have to address with the jail administration instead of your office in any event.

If you want to discuss any of my comments in further detail, feel free to call my cell.

Best,

**Brian J. Hutchison, Esq.**
14 W. Main Street
Lockport, NY 14094
T: (716) 302-8090
F: (716) 302-8091




This electronic message transmission contains confidential and/or restricted information and may also be legally privileged. The information is intended for the use of the addressee(s) only. If you are not an addressee, note that any review, disclosure, copying, distribution, dissemination, or use of the contents of this transmission is strictly prohibited. If you have received this transmission in error, please contact Brian J. Hutchison immediately at (716) 302-8090, delete or destroy any copies (paper or digital), and notify the sender immediately by return E-mail.

Internet communications cannot be guaranteed to be timely, secure, error or virus-free.

—Attachments:

Barber Protective Order Notes 5-30-24.pdf 740 KB

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v. 23-CR-99

SIMON GOGOLACK, ET AL.,

Defendants.

**PROTECTIVE ORDER**

As part of discovery in this action, the government has provided to counsel for the defendants pre-trial discovery material, including but not limited to: HSI and FBI case materials, investigative materials, materials relating to the execution of various search warrants, video footage, recorded jail calls, laboratory reports, extraction data for various electronic devices that were seized, and other items of evidence, all of which were provided on portable hard drives. The government has requested a protective order limiting the dissemination of this material on the grounds that information contained therein could jeopardize the safety of individuals if it becomes publicly known, could compromise ongoing investigations, and could violate the dignity of a decedent, Crystal Quinn.

**NOW**, upon agreement of the parties, it is hereby

**ORDERED**, that the material set forth above shall be used by counsel for the defendants, the defendants, and other attorneys, interns, clerks, licensed investigators, and/or expert witnesses, solely in connection with pretrial, trial or other proceedings in this action, including any appeals; and it is further

**ORDERED**, that the material set forth above shall not be disclosed to either third parties or the public by the defendants, counsel, or any agent of counsel or the defendants or the defendant except as necessary in connection with pretrial proceedings, trial preparation or other proceedings in this action; and it is further

OK

**ORDERED** that no member or associate of the Outlaws Motorcycle Club, Rare Breed Motorcycle Club, Chosen Few Motorcycle Club, Kingsmen Motorcycle Club, Nomad Motorcycle Club, or any support club of the Outlaws Motorcycle Club may serve as a defendant or counsel's agent; and it is further

Not Applicable / OK

**ORDERED**, that copies of any laboratory reports regarding **<u>any</u>** victim shall not be provided to the defendants, however, counsel for the defendants may review those materials with the defendants during in-person meetings; and it is further

OK

**ORDERED**, that the unauthorized copying, dissemination, and/or posting of copies, or the contents, of the above material on the internet or through any form of social media, or through any other means, shall constitute a violation of the terms of this order; and it is further

OK

**ORDERED**, that no defendant, attorney, or agent thereof shall supply any third parties or the public with any written summaries pertaining to the above-referenced material; and it is further

This does not apply to attorney communication to defendant? I can't control if defendant re-publishes my correspondence that references the material in "summary form"

**ORDERED**, that nothing in this order shall preclude counsel for the defendants or the defendants from disclosing the material during the course of the litigation of this action in pretrial proceedings, in memoranda filed, at trial or in post-trial proceedings, except that any identifying information should be redacted from any public filings; and it is further

**ORDERED**, that any unredacted filings shall not be disclosed to either third parties or the public by the defendants, counsel, or any agent of counsel or the defendants except as necessary in connection with pretrial proceedings, trial preparation or other proceedings in this action; and it is further

**ORDERED**, that in the event a defendant moves to suppress evidence obtained as a result of the search warrant, counsel may refer to the search warrant application and affidavit filed under seal as necessary to the resolution of the motion, but shall not attach copies of any search warrant applications or affidavits to any publicly filed pleading and shall not disclose the names of any uncharged individuals, confidential sources, or suspected confidential sources by name in any publicly-filed document;

**ORDERED**, that counsel for the defendants or the defendants may apply to the Court for an order specifically permitting public disclosure of the above-mentioned material; and it is further

**ORDERED,** that any continuing discovery provided pursuant to Rule 16(c) of the Federal Rules of Criminal Procedure shall be governed by the terms of this Order; and it is

further

I have a 7-year record keeping obligation for my files.

**ORDERED**, that at the conclusion of the litigation of this action, including any direct appeal, counsel for the defendant and the defendant shall return all copies of the above-mentioned material to the government immediately upon request of the government, or certify to the government that such material has been destroyed; and it is further

↳ secured from re-disclosure or destroyed.

**ORDERED**, that a defendant, counsel, and agent thereof shall neither contact nor cause the contact of a witness or suspected witness known to be represented by counsel but, rather, shall communicate with any represented witness or suspected witness through that individual's counsel; and it is further

**ORDERED**, that a defendant, counsel, and agent thereof shall neither contact nor cause the contact of a co-defendant known to be represented by counsel but, rather, shall communicate with any represented defendant through that individual's counsel; and it is further

**ORDERED**, that all counsel adequately supervise any lawyers, agents, and/or staff members consistent with ~~Rules 5.1, 5.2, and 5.3 of~~ the New York Rules of Professional Conduct; and it is further

**ORDERED**, that counsel for the defendants and any agent thereof shall comply with Rule 1.6 of the New York Rules of Professional Conduct and, specifically, shall make reasonable efforts to prevent the inadvertent or unauthorized disclosure or use of, unauthorized access to, information protected by Rules 1.6, 1.9(c), or 1.18.

**ORDERED**, that counsel for the defendants shall ensure compliance with this Order by each member of the defense team, ~~and provide a certification to the U.S. Attorney's Office listing the name of each person on the defense team who has been permitted to review the materials.~~

DATED: Buffalo, New York, May _______, 2024.

____________________________________
HON. JEREMIAH J. MCCARTHY
United States Magistrate Court Judge