UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                Plaintiff

v.                                   FILE NO.: 23-CR-99-LJV-JJM

HOWARD HINKLE,

                Defendant
_____

### RESPONSE TO GOVERNMENT'S MOTION FOR PROTECTIVE ORDER

Dated: July 11, 2024
       Hamburg, New York

                                  Respectfully submitted,

                                  *s/ Daniel J. Henry, Jr.*
                                  Daniel J. Henry, Jr., Esq.
                                  Frank Bogulski, Esq.
                                  Attorneys for *Howard Hinkle*
                                  16 Main Street
                                  Hamburg, New York 14075
                                  (716) 648-0510
                                  dhenry@villariniandhenry.com

To:    Hon. Magistrate Judge Jeremiah J. McCarthy
United States District Court
Western District Court
2 Niagara Square
Buffalo, New York 14202

Nicholas T. Cooper, Esq.
United States Attorney's Office
Federal Centre
138 Delaware Avenue
Buffalo, New York 14202

The Defendant, Howard Hinkle, by and through his attorneys, Daniel J. Henry, Jr., Esq., and Frank Bogulski, Esq., hereby submits this Response to the Government's Motion for Protective Order.

**ARGUMENT**

The Defendant, Howard Hinkle objects to the government's motion for a Protective Order and the *ex parte* affidavit filed under seal, (Dkt #156).

The Defendant, Howard Hinkle joins in the responses filed by the other co-defendants to the government's motion for the proposed protective order submitted to the Court. In addition, Mr. Hinkle requests the full disclosure of the redacted Facebook thread in paragraph 43 of Dkt. #156 where the government claims: "…For example, in or about April 2024, I learned that an individual on Facebook claimed to "live" with one of the attorneys in this matter. The individual claims that "[t]he dude [Crystal Quinn] was with had pressed Xanax bars and she took 1 that had felt in it and she wasn't used to any opiates. It was not enough to kill 400 people but yea, trust the Feds."

To my understanding, the first that any defense lawyer would have learned of this was when the government provided the Discovery hard drive to all counsel on or about June 4, 2024. Mr. Bogulski, co-counsel to Mr. Hinkle picked up our Discovery hard drive from the government on June 4, 2024. That being the case, no defense attorney would have had the knowledge concerning the pressed Xanax bars before that date. There are no indications that the defense attorneys could have leaked this information. There has been a considerable amount of media coverage and rumors circulating throughout the community on this case that may have led

this individual to voice his/her opinion/thoughts on Facebook.  This does not warrant a protective order as stringent and restricted as the government is proposing.

Regarding the claim in paragraph 28 of Dkt. #156 that Mr. Hinkle is an associate of the Rare Breed Motorcycle Club ("RBMC").  That is not accurate.  He is neither a member, associate, pledge or any other type of affiliate with the club.  He does know people who are members of motorcycle clubs, but mere knowledge is not a "crime" or "illegal".  Nor does it make Mr. Hinkle a person of a "dangerous" or "violent" character.  All the motorcycle club cases cited by the government do not involve Mr. Hinkle.

The Same argument applies to the allegation concerning Italian Organized Crime.  This has nothing to do with Mr. Hinkle nor has he been accused of having any association with organized crime of any sort.  Mr. Hinkle should not be saddled with a severely restricted protective order based on claims or allegations not involving him.

Finally, in response to paragraphs 45-47 of Dkt. #156, Mr. Hinkle, in the interest of judicial economy joined in Mr. Foti's defense-version of the proposed protective order and did not individually respond to the government's version of their proposed protective order.  It was our understanding that by Mr. Foti filing his June 4, 2024, response, this would satisfy the government's inquiry as to the defenses' position on the proposed protective order.  We believed the parties could then come to an agreement on an acceptable version.

We do not oppose a protective order and understand the government's request for one. However, we oppose such a restrictive order proposed by the government. We believe the proposed version initially tendered to the government by Mr. Foti satisfies all parties' concerns.

## CONCLUSION

For the reasons set forth above, together with the responses we join in that have been filed by the other co-defendants' counsels, it is respectfully requested that the Court deny the government's heavily restricted proposed protective order and allow for the full disclosure of the redacted Facebook thread in paragraph 43 of Dkt. #156.

*s/ Daniel J. Henry, Jr.*
Daniel J; Henry, Jr., Esq.

s/ Frank Bogulski, Esq.
Frank Bogulski, Esq.
