UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

UNITED STATES OF AMERICA,

                      Plaintiff,

-vs-

HOWARD HINKLE, JR.,

                      Defendant.

**ATTORNEY AFFIRMATION**

**23-CR-99**

    We, Frank M. Bogulski, Esq. and Daniel Henry, Esq., attorneys duly admitted in the Western District of New York, affirm the following under penalties of perjury.

1. We represent the Defendant, Howard Hinkle Jr., in the above-captioned matter.

2. Mr Hinkle brings this motion seeking release on reasonable conditions including electronic monitoring and a curfew.

3. In this case, there exists a substantial change in circumstances that would warrant Mr. Hinkle's release. Specifically, on or about July 22, 2024, Mr. Hinkle appeared in this court with his attorneys before the Hon. Jeremiah J. McCarthy who said that he anticipated there would be significant speedy trial time charged against the United States government. Moreover, Magistrate McCarthy stated he anticipated that following his written decision the defendants would be filing motions to dismiss the charges either with or without prejudice.

4. Based on our interpretation of Magistrate McCarthy's comments to counsel, it appears that his recommendation to the district court will be to dismiss the charges against the defendants. Because it is likely that the charges against the defendants will be dismissed, this court would no longer have jurisdiction over the case; therefore, as a matter of law, the defendants in this case would be required to be released.

5. It is anticipated that the government will oppose this motion as it has opposed the speedy trial arguments raised by the defendants to date. Nonetheless, even the government does

2

not dispute that many of the delays in the case are attributable to their failure to provide timely discovery as well as adequately put forth a proposal with respect to a protective order regarding discovery. Essentially all of the delays in this case are attributable to the government due to not following the court scheduling order on discovery. This naturally is not the fault of the defendant, Howard Hinkle, who is presumed innocent until proven otherwise. It would be patently unjust for Mr. Hinkle to sit in the Chautauqua County jail while it is anticipated that these matters will be litigated extensively. As a result, this case is a prime example of the "but for" test. In Howard Hinkle's case, but for the prosecution's failure to timely comply with the court order directing that the government provide discovery, this case would not be delayed. Each delay and subsequent litigation in this case is a result of government delay. Specifically, delays in providing discovery, submitting proposed protective orders and filing additional motions regarding discovery. As a result, this case has prolonged Howard Hinkle's detention and as appropriately insinuated, the delays in this case are prejudicial to the defendants.

6. Moreover, it is anticipated that in addition to the delays already attributed to the government, further motion practice will likely ensue between the parties. In reviewing this matter carefully, there appears to be endless potential litigation regarding discovery. Counsel is sensitive to the government's prosecutorial trial team having other matters. As practicing attorneys, we understand that lawyers operate under a constant state of divided attention; however, unlike the defense counsel, the United States government has almost unlimited resources that could have been working on these matters to expedite this process of discovery from its inception. Despite the trial team being very busy with the Bongiovanni case, it is not a reason to detain Howard Hinkle because of the time delays

3

in this case. Mr. Hinkle is sitting in jail waiting for lawyers to argue discovery issues that occurred due to lack of proper disclosure of discovery.

### Second Circuit Decisions Regarding Delays and Detention

7. There is strong legal precedent in the United States Second Circuit Court of Appeals with respect to speedy trial delays in the Western District of New York. This case is the latest example of these delays and Mr. Hinkle has been prejudiced by his incarceration. The continued delays and extensive litigation regarding discovery and protective orders warrant Howard Hinkle's immediate release. Cases in the Second Circuit that address those delays are expanded upon below.

8. Courts have taken into consideration timeliness issues when considering the detention of a defendant. The Second Circuit has established a three-factor test for making these determinations, which includes 1) the length of the detention; 2) the extent to which the prosecution is responsible for delaying the state of the trial; and 3) "the strength of the evidence upon which the detention was based." *United States v. Orena,* 986 F.2d 628 (2d Cir. 1993).

9. As this Court is well aware, the Second Circuit has ruled that the delays characteristic of this District are unacceptable and alarming (United States v. Tigano III, 15-307 3 (2017). The Second Circuit in its decision used factors examined in *Barker v. Wingo*, 407 U.S. 530 (1972) that are a part of a "balancing act" to test for a finding of a deprivation of the right of speedy trial. These factors are the "length of the delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant."

10. *United States v. New Buffalo Amusement*, *Corp.*, 600 F.2d 368, 377-79 (2d Cir. 1979) states that once a delay has been established (as it has been established in the case at bar)

"the burden is upon the government to prove that the delay was justified and that the appellant['s] speedy trial rights were not violated."

11. The Second Circuit repeatedly has been critical of prosecutors and defense attorneys alike in the Western District of New York for long delays in criminal cases. The delay in this case is solely attributable to the government. Consequently, Mr. Hinkle should be immediately released on reasonable conditions.

12. It should also be noted that in the event that the charges against Mr. Hinkle are dismissed then jurisdictionally it would be inappropriate for any conditions to be set by this court as it would lack jurisdiction over Mr. Hinkle. Notwithstanding this fact, it is anticipated that the government will challenge Judge McCarthy's anticipated likely dismissal of the indictment for speedy trial purposes and these matters will be extensively and thoroughly litigated in the district court. To that end, Mr. Hinkle is more than amenable to this Court setting reasonable conditions that will protect the public and secure his presence in court while these matters are argued.

**WHEREFORE,** Defendant, Howard Hinkle Jr. is requesting that this Court release him on reasonable conditions that would include electronic monitoring and a 9pm to 7am curfew.

Dated: Buffalo, NY
July 26, 2024

/s/ FRANK M. BOGULSKI
FRANK M. BOGULSKI
Attorney for Defendant
*Howard Hinkle Jr.*
135 Delaware Ave. Suite #2
Buffalo, New York 14202
(716) 649-0090