IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

      v.                                                                               23-CR-99-LJV-JJM

SIMON GOGOLACK, et al.,

                Defendants.

---

## MOTION FOR MISCELLANEOUS RELIEF

**PLEASE TAKE NOTICE** that upon the affirmation of Caitlin M. Higgins, Assistant United States Attorney, the undersigned respectfully asks this Court to issue a text order stating that it is holding the government's motion for a protective order (*see* Docket Nos. 129, 156) in abeyance pending the resolution of the defendants' motion for sanctions (*see, e.g.*, Docket Nos. 131, 132).

      DATED: Buffalo, New York, August 5, 2024.

                                          TRINI E. ROSS
                                          United States Attorney

                   BY:     /s Caitlin M. Higgins
                              CAITLIN M. HIGGINS
                              Assistant United States Attorney
                              United States Attorney's Office
                              Western District of New York
                              138 Delaware Avenue
                              Buffalo, New York  14202
                              716/843-5818
                              Caitlin.Higgins@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

        v.                                                                      23-CR-99-LJV-JJM

SIMON GOGOLACK, et al.,

        Defendants.

---

## AFFIRMATION

STATE OF NEW YORK  )
COUNTY OF ERIE      )   SS:
CITY OF BUFFALO    )

**Caitlin M. Higgins,** being duly sworn, deposes and states:

1.     I am an Assistant United States Attorney for the Western District of New York assigned to the prosecution of the above-referenced case. This affidavit is submitted in support of the government's request that the Court issue a text order stating that it is holding the government's motion for a protective order (*see* Docket Nos. 129, 156) in abeyance pending the resolution of the defendants' motion for sanctions (*see, e.g.*, Docket Nos. 131, 132).

2.     On June 10, 2024, the government filed an *ex parte* motion for a protective order. *See* Docket No. 129. After litigation on the government's right to file the motion for a protective order *ex parte*, *see* Docket Nos. 136 and 138, the Court issued a text order ordering the government to either "publicly file a redacted version of the Affidavit, with the defendants' reserving their right to challenge the propriety of those redactions, or withdraw the *ex parte*

Affidavit in lieu of a publicly filed submission." *See* Docket No. 152. In addition, the Court stated that the defendants could file supplemental responses to the government's motion for a protective order by July 3, 2024, with oral argument of that motion (and other pending motions) to take place on July 11, 2024. *See id.*

3. On June 28, 2024, defendant Gogolack moved to adjourn the oral argument date. *See* Docket No. 154. The government opposed the motion. *See* Docket No. 157. On July 3, 2024, the Court granted the defendant's motion and adjourned the defendants' response date from July 3, 2024, to July 12, 2024, and any replies being due on July 18, 2024. *See* Docket No. 159. Furthermore, the Court ordered "[o]ral argument of all pending motions" for July 22, 2024. *See id.*

4. On July 22, 2024, the parties appeared for oral argument on the pending motions. The Court began the oral argument by addressing the defendants' sanctions motion. *See* July 22, 2024, Oral Argument Tr. at 4. Although the parties discussed the sanctions motion for most of the appearance, with respect to the protective order, the Court stated:

> And if I'm looking at the briefing on the protective order, it appears to me that we're not at all, the parties are not at all close to resolving that anyway. But that, to me, is a non-issue unless and until we decide whether the indictment of the second superseding or the superseding indictment is going to survive. And my current thinking is that it will not, but that, I guess, is a question for another day. So I will get a decision out on the Speedy Trial Act exclusion as quickly as possible. That is a sanction and I think it's fully warranted and we'll see what the next step will be.

*Id.* at 29. On July 29, 2024, the Court issued a Decision & Order holding that the government's conduct in disobeying the Court's order constituted bad faith and invited

briefing on the issue of sanctions. *See* Docket No. 173. The defendants' briefing is due on or before August 7, 2024 and the government's reply is due on or before August 14, 2024.

5. Because the Court's decision on sanctions is potentially dispositive, the government respectfully requests that, consistent with the Court's words from the July 22, 2024, Oral Argument, the Court issue a text order stating that it is holding the government's motion for a protective order (*see* Docket Nos. 129, 156) in abeyance pending the resolution of the defendants' motion for sanctions (*see, e.g.*, Docket Nos. 131, 132).

    /s Caitlin M. Higgins
CAITLIN M. HIGGINS
Assistant United States Attorney
United States Attorney's Office
Western District of New York
138 Delaware Avenue
Buffalo, New York  14202
716/843-5818
Caitlin.Higgins@usdoj.gov