UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

                      Plaintiff,

vs.

                                         Docket No 1:23-CR-99(LJV) JJM

SIMON GOGOLACK, ET AL

                     Defendants.

## AFFIDAVIT WITH RESPECT TO DECISION AND ORDER
## OF MAGISTRATE JUDGE JEREMIAH McCARTHY DATED JULY 29, 2024

STATE OF NEW YORK    )
                                 ) SS:
COUNTY OF NIAGARA   )

        GEORGE V.C. MUSCATO, being duly sworn, deposes and says:

        1.     I am the attorney for JOHN ERMIN, in reference to the above captioned matter and as such, I am fully familiar with all the facts and circumstances contained herein.

        2.     That this affidavit is made in response to the invitation of the Court to propose appropriate sanctions pursuant to the Judge's Decision and Order in this matter dated July 29, 2024.

### THE INDICTMENT SHOULD HEREIN BE DISMISSED WITH PREJUDICE.

        3.     While the Court has found in its Decision and Order that the behavior of the U.S. Attorney's Office in not complying with the discovery/scheduling order was not mere negligence, but gross negligence and bad faith; frankly, it goes farther than that.

1

4. This indictment and all associated proceedings have related to witness tampering, witness retaliation, murder of a federal witness and related offenses.

5. Beginning with the detention hearings in front of Magistrate Kenneth Schroeder, Jr., on December 12, 2023, and Judge Elizabeth Wolford on December 19 and 27, 2023, the Government's theory of prosecution is consistently the same:

Assistant United States Attorney (AUSA) Joseph Tripi stated:

"By virtue of their positions in this club, those two individuals have risen through the ranks of an organization that values violence, loyalty – loyalty not in a context of every day citizenry, but loyalty in the context of people who don't snitch, people who don't cooperate with law enforcement, and people who protect their club above all else, all threats, real and perceived.

And a big part of that is retaliating and causing retaliations against witnesses or would-be witnesses."

This kind of language was pre-indictment while Mr. Ermin was charged with 18 USC 922(g)(3) possession of hunting rifles and a recreational amount of marihuana.

Additionally, the Indictment charges the Defendant and others with the very serious charges of Obstruction of Justice, Conspiracy (Count 1), Witness Tampering Conspiracy (Count 2), Witness Retaliation Conspiracy (Count 3).

6. Without repeating in detail the allegations contained in the Indictment, it is replete with claims by the Government that this Defendant and others engaged in a conspiracy to intimidate and scare witnesses further claiming that it resulted in the death of Crystal Quinn.

7. This is unquestionably the Western District of New York U.S. Attorney's Office top group of prosecutors. Their failure to comply with discovery, and thus as time is running out, propose a protective order, goes beyond even willful neglect. With their mindset starting with the

initial arrest of my client and further encapsulated within the Indictment, now to claim that it was a "plain and simple" oversight is unacceptable to say the least and tends to intentional.

## THE PROPOSED PROTECTIVE ORDER

8. Upon submission of the Order of Protection and our review, it became apparent that is went beyond anything reasonable that the defense could accept.

9. I specifically called on June 3, 2024, Assistant U.S. Attorney Nicholas Cooper and advised him that the paragraph that read as follows: "Ordered that no member or associate of the Outlaws Motorcycle Club, Rare Breed Motorcycle Club, Chosen Few Motorcycle Club, Kingsmen Motorcycle Club, Nomad Motorcycle Club or any support club of the Outlaws Motorcycle Club may serve as Defendant or counsel's agent" was unacceptable.

10. I further unofficially surveyed other attorneys involved in motorcycle club cases and assert with confidence that they have not seen a paragraph like that. Further, from my review of the discovery material and without being any more specific, I have concluded that the US Attorney's Office is aware that I have, as part of my due diligence, reached out to members of the Outlaws Motorcycle Club (OMC). The Government alleges in its Indictment and during the Detention Hearings that the OMC is a criminal enterprise; and in fact, they have even referenced that they intended to call an expert on the OMC to testify that the OMC is a criminal enterprise.

11. In response to my previous written objections to this particular provision, the Government would have you believe that the proposed paragraph within the Protection Order constitutes only situations in which the member of an association is employed, as in paid. However, the paragraph they provide simply uses the generic term "agent" of the defendant or defendant's

3

counsel, which is an extremely broad paragraph leaving to the Government the discretion as to whether this attorney has violated the Protective Order.

12. The concern to Defendant Ermin and to this attorney is twofold: First, this paragraph will clearly lead to further litigation extending the time period in which my client is able to review the discovery material. Secondly, it places the Defendant's attorney in a position where he is open to potential claims of violation of the Protective Order in which he is defending himself more than he is defending his client.

## LEGAL DISCUSSION

13. Similar to U.S. vs. Graham (2022 WL 2873876) this Court granted on February 23, 2024, a 90-day period in which the Government was to provide discovery to the Defendants. Included in the Government request for a 90-day period was the commitment to a rolling discovery, if practicable.

14. This did not happen. In fact, the Government's last-minute insistence on an overtly restrictive Protective Order has left this Defendant with no opportunity to review discovery for almost six months. This could not possibly be an oversight in this context.

15. As in Graham, and in light of this Court's conclusion that the Government's actions were grossly negligent and in bad faith, the time between February 23, 2024, and June 7, 2024, (status conference return date) is a non-excluded delay under the STA.

16. **Dismissal with Prejudice is Appropriate** upon review of the statutory factors contained in 18 USC §3162 as follows:

4

**a) Seriousness of Offence**: We agree the offenses charged in the Indictment are serious; however, when viewed in light of all relevant statutory factors and prejudice to this Defendant, no other result would satisfy the ends of justice.

**b) Facts and Circumstances Leading to Delay**: This Court has found that the Government engaged in serious misconduct leading to the delay in complying with discovery and late submission of a proposed protective order. This is especially highlighted when considered in light of the Government's prosecutors repeated reference during Detention Hearings of the Outlaws Motorcycle Club's use of intimidation towards witnesses. This behavior by the Government can be viewed as nothing more than calculated.

In U.S. vs Bert, 814 F3d 70 (2nd Cir, 2016) citing U.S. vs. Taylor 487 U.S. 326 (1988) indicated that "bad faith" is not necessarily a prerequisite to dismissal with prejudice; however, there is more to this case.

The Government's proposed Protective Order is so restrictive that it is compromises this Defendant's right to effective assistance of counsel under the U.S. Const., 6th Amendment, specifically, but not exclusively, in the paragraph referenced that " . . . no member of . . Outlaws Motorcycle Club . . . may serve as Defendant's or counsel's agent."

In the Government's response to an affidavit filed by this attorney (Docket # 167, p7), it succinctly states the problem leading to further litigation and anxiety. The Government represents that it understands the definition of an agent but defense does not. Here is another problematic example. The Government claims the OMC is a criminal enterprise. During my client's detention hearing, the Government referenced so called experts that would be called to testify. To the contrary, there are individuals within the OMC that have significant knowledge refuting this claim.

But if you follow the Government's logic, I'm precluded from sharing expert disclosure with these OMC members necessary to respond to their claims.

**c) <u>Prejudice to the Defendant</u>**: While prejudice to Defendant is not a statutory factor, the Courts have recognized prejudice as another significant consideration (<u>Taylor, id</u>) stating there is actually two types of prejudice: (1) trial prejudice, i.e., prejudice in Defendant's ability to make a defense; and (2) non-trial prejudices, i.e. seriously interfere with the Defendant's liberty, disrupt employment, drain financial resources, curtail association, subject him to public obloquy, and create anxiety in him, his family and his friends.

Defendant Ermin has both types of prejudice:

(1) Trial Prejudice resulting from Government's attempt to influence his 6th Amendment right to effective assistance of counsel, and

(2) Non-trial Prejudice, in that Defendant Ermin has been incarcerated since December 7, 2023, and to this date has not seen one shred of discovery (other than the regurgitation of photos from search of his residence) in reference to this Indictment.

**d) <u>Impact of Re-prosecution</u>**: A dismissal without prejudice will result in a new Indictment and it effectively starts over with a new STA clock. Such a result would continue to protract my client's incarceration and the Government would escape the more serious sanction for their blatant behavior.

This matter is before the Court resulting from the "bad faith" action of the Government and to not dismiss with prejudice would allow the Government to continue to thwart discovery responsibility resulting in lengthy delays to my client's right to resolve this matter and begin his freedom.

e) **Other Sanction Requests**:  The Defendant requests to join in any other proposed sanctions suggested by other defendants.

**WHEREFORE,** your deponent requests that the relief requested in this Affidavit be granted together with such other and further relief the Court deems just and proper.

*[signature]*
GEORGE V.C. MUSCATO, ESQ.
Attorney for Defendant

Sworn to before me this 7th
day of August, 2024.
*[signature]*
Notary Public

ANNE T. ROTELLA
Notary Public, State of New York
Qualified in Niagara County
My Commission Expires 11/30/2026

UNITED STATES DISTRIC COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

              Plaintiff

vs.

SIMON GOGOLACK, et al

              Defendants

**CERTIFICATE OF SERVICE**

**CASE NO. 1:23-CR-99**

---

I hereby certify that on August 7, 2024, I electronically filed the foregoing with the Clerk of the District Court using its CM/ECF system, which would then electronically notify the appropriate CM/CMF participants on this case.

Dated: August 7, 2024

                                            */s/ GEORGE V. C. MUSCATO*
                                            GEORGE V. C. MUSCATO, ESQ.
                                            Attorney for John Thomas Ermin
                                            107 East Avenue
                                            Lockport NY 14094
                                            (716) 434-9177
                                            gmuscato@mdvfirm.com