UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

vs.

SCOTT J. BARNES,   Docket No. 1:23-CR-00099-LJV-JJM

          Defendant.
_____

# MEMORANDUM OF LAW

_____
David B. Cotter
COTTER & COTTER, P.C.
380 Cleveland Drive
Buffalo, NY 14215
(716) 634-7920
dbacotter@aol.com

TO:    Joseph M. Tripi, Esq., AUSA
         Nicholas Cooper, Esq., AUSA
         Casey Chalbeck, Esq., AUSA
         U.S. Attorney's Office
         138 Delaware Avenue
         Buffalo, NY 14202
         (716) 843-5700

This Memorandum of Law is submitted in support of Scott Barnes' affidavit for an appropriate sanction of the government in this prosecution. By Order dated July 29, 2024, the court made a finding of the government's bad faith producing discovery in a timely fashion and its gross negligence in failing to request a protective order until nearly the end of the 90-day period in which it was to produce discovery.

As is set forth in the accompanying affidavit, Barnes does not belong in this indictment at all. None of the proof applicable to his co-defendants applies to him, and, none of the proof in his case applies to anyone else. The charging decision to include him in this complex case, especially since the government was aware of his medical condition, is cruel. The fact that he is and has been in need of proper medical attention for the past eight months makes this inhumane.

This court should exercise its supervisory authority to send a strong message to the US Attorney's office in this district as a further effort to reign it[1] in to perform its duties within its constitutional and statutory obligations. Through the years, no other public admonition by the District nor the Circuit has had the desired effect. This Court should fashion a meaningful sanction that will get the attention of the office and curb the conduct.

"[F]ederal courts have authority under their supervisory powers to oversee the administration of criminal justice within federal courts." US v. Johnson 221 F.3d, 83, 96 (2nd Cir. 2000) (quoting Daye v Attorney Gen., 712 F2d 1566, 1571 (2nd Cir. 1983). They should use these powers "to see that the waters of justice are not polluted" and "to protect the integrity of the federal courts." US v Payner 447 US 727, 744 (1980). Their supervisory powers are not restricted to the protection of explicit constitutional rights McNabb v US 318 US 332, 341

---

[1] As is set forth below, this is not the first time this US Attorney's office has flouted defendants' rights.

(1943). The powers exist "in order to maintain respect for the law" and to "promote confidence in the administration of justice" Olmstead v United States 277 US 438, 484 (1928) (Brandeis, J., dissenting).

The waters of justice are polluted here. Scott Barnes should never have been included in this indictment. None of the facts alleged against him relate to nor rely on any fact that relate to any co-defendant. None of the co-defendants' facts relate to Scott Barnes. He was simply included in this case because of when and where he was arrested (where he was convalescing after his second major back surgery, both of which were in 2023, and while he was unable to work and make a living).

In this case, the government's conduct - including Barnes in this indictment (charging three separate, quasi related conspiracies, none of which involve Barnes), when they knew they had no evidence of his involvement in any of the three conspiracies, needs strict scrutiny. The fact that the government then seemingly deliberately disobeyed a discovery order, when several defendants are detained, and they knew Barnes was experiencing post-surgical complications requires the court to exercise its supervisory authority. This process (ostensibly due process) has been utterly unfair– and potentially permanently physically damaging to Barnes.

Since Payner[2], the Second Circuit has recognized that within their supervisory powers, courts should not hesitate to scrutinize the government's conduct to ensure that it comports to the highest standards of fairness [see, e.g. US v Manzano 945 F 3d. 616, 632 (2nd Cir. 2019)]. This court has already made findings of bad faith and gross negligence, but, so far, only in the context

---

[2] US v Payner 447 US 727 (1980)

of delayed discovery. It has not considered the cruelty of seeking detention of a man three weeks post major spinal surgery, nor the conditions of incarceration as those conditions relate to someone needing physical therapy more that detention. Furthermore, the court has not yet considered the fact that, even if convicted, Barnes has already been in custody for nearly one third of a guideline sentence.

The Second Circuit has previously admonished or otherwise sanctioned the U.S. Attorney's Office in this district for its conduct in delayed and/or unnecessarily prolonged prosecutions. In U.S. v Black, it stated "Today we hold for the third time in two years that criminal defendants' rights to a speedy trial have been violated in the Western District of New York. United States v. Tigano , 880 F.3d 602 (2d Cir. 2018) ; United States v. Pennick , 713F. App'x 33 (2d Cir. 2017) (summary order). United States v. Black, 918 F.3d 243 (2d Cir. 2019).

The cavalier attitude of the United States Attorney's Office in observing the dictates of the Speedy Trial Act has been noted before. United States v. Kiszewski [877 F,2d 210, 215 (2d Cir. 1989)]. The responsibilities imposed on the government's attorneys is both vital and may be pivotal. It is time that those responsibilities and the dictates of the Speedy Trial Act were given the significance they deserve. (U.S. v. Giambrone, 920 F.2d 176, 179 (2d Cir. 1990); US v. Kiszewski 877 F2d 210, 215 (2nd Cir 1989).

It is then axiomatic that the cavalier attitude of indicting an individual who is unrelated to the primarily charged (multiple) conspiracies on charges unrelated to any of those conspiracies deserve supervisory attention and correction.

The government had the sole discretion in whether to charge Barnes, whether to charge him in a stand-alone case, or, to include him in the within indictment. It chose to include Barnes though there is no nexus between his conduct and that of the co-defendants. It is respectfully submitted that that decision was callous, mean spirited and abusive. Given that this case grew out of others that have been pending since 2019, the government is utterly aware of how long it takes for a complex, multi defendant criminal case to conclude. The government's conduct ought to be strictly scrutinized and sanctions imposed.

Here, in Barnes' case, this court should exercise its supervisory powers and recommend that the charges pending be dismissed with prejudice. In the alternative, the court should exclude any evidence the government seeks to introduce relating to possession of a weapon, or, that the weapon was stolen. Notwithstanding either suggestion, above, this court should recommend Barnes' immediate release from custody, given that he has already been detained for eight months.

Dated: August 7, 2024
Buffalo, New York

David B. Cotter
COTTER & COTTER, P.C.
380 Cleveland Drive
Buffalo, NY 14215
(716) 634-7920
dbacotter@aol.com