UNITED STATE DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA
                        PLAINTIFF

-V-                                                    BRIEF AND MEMORANDUM
                                                       CASE NO. 1:23 CR0099(LTV) (JJM)
PETER GERACE, ET AL
                        DEFENDENTS
_____

Pursuant to Magistrate Judge Jeremiah McCarthy Decision and Order dated July 29, 2024, I submit the following on behalf of Defendant Frank Knight.

The defendant, Frank Knight was arrested on January 9, 2024 pursuant to a superseding indictment in the above matter. He was charged with 1 count of Obstruction and 2 counts of lying. All misdemeanors. He was held in custody pending a detention hearing. Despite the fact that Mr. Knight had no prior record and was charged with misdemeanors only, non-violent crimes, the U. S. Attorney's office requested that he be remanded.

While in custody Mr. Knight tested positive for Covid which delayed his detention hearing. Prior to the detention hearing and at the hearing the U.S. Attorney's office provided no discovery to the defendant in support of the allegations against him. Despite a probation report that recommended release on conditions the U.S. Attorney's Office continue to press for remand.

On January 10, 2024 Mr. Knight was released on conditions which included his wife and son signing $15,000 signatures bonds, surrender of his firearms and permits, restrictions on electronic devices and restrictions on his movements.

Mr. Knight lives in Wellsville, New York about a dozen miles for Pennsylvania border. Under his restrictions he cannot visit relatives in Pennsylvania he cannot look for job possibilities in Pennsylvania, where he previously worked. He is confined to western New York. He has three tree stands in Pennsylvania where he often hunts.

The current restrictions prevent him from accessing the Internet or Social Media in any form, No Facebook to stay in touch with distant family friends. No U Tube or Google to find solutions to household problems. He had to get rid of his four TV's and look for and obtain a non "smart" TV. He had to obtain a new cell phone that the government can "monitor". He pays for that phone plus the one that was confiscated by the U.S. Attorney's office that he is under contract for. This not only affects him but his wife and grandchildren that they watch periodically.

He is prohibited from talking to potential witnesses but is fearful and apprehensive because without discovery or access to the discovery he's not sure who these witnesses might be.

This whole process has been very costly to him and will become even more costly unless the sanction imposed is dismissed with prejudice.

The waiting has caused Mr. Knight a great deal of emotional destress and has caused him many nights of lost sleep.

Due to the U.S. Attorney's office delayed sending of a protective Order I have not been able to review the discovery with my client which was added to the delay, and the stress and prejudice to him.

## CONCLUSION

Given the acts and omissions of the U.S. Attorney's Office and the willful violation of the Court Order it is our position that the indictment and charges against Mr. Knight should be dismissed with prejudice. Attorneys for the other defendants have made similar and additional arguments justifying and calling for this dismissal.

On behalf of my client, Frank Knight, I join with the codefendants in moving for the Court to impose sanctions upon the U.S Attorney's office. I join with the arguments and cases cited by the co-defendants and incorporate these by reference herein.

Dated : August 6, 2024                               Respectfully submitted

                                                                                 Clair A. Montroy III
                                                                                 Attorney for defendant
                                                                                 Frank Knight