# UNITED STATES DISTRICT COURT
for the

### WESTERN DISTRICT OF NEW YORK

THE UNITED STATES OF AMERICA

-vs-

Case No. 1:23-CR-99

CORTNIE BARBER

**AFFIDAVIT**

STATE OF NEW YORK)
COUNTY OF NIAGARA ) ss:

BRIAN J. HUTCHISON, Esq., declares the following under penalty of perjury:

1. I am an attorney licensed to practice law in the State of New York with a principal office located at 14 W. Main Street, Lockport, NY 14094.

2. I am assigned to represent Cortnie Barber in the above-captioned action.

3. In a Decision and Order dated July 29, 2024, Magistrate McCarthy invited counsel for the defendants to provide input on an appropriate sanction relating to his findings that the government violated his February 23, 2024 order relating to the production of discovery, and that they did so in "bad faith." Magistrate McCarthy indicated that his initial proposed sanction – to rescind the Speedy Trial Act exclusion from February 23, 2024 until June 2, 2024 – may not be sufficient under the circumstances.

4. If the Court were to only rescind its STA exclusion, the government will have exceeded it's time limitations within which to bring Cortnie Barber to trial under this indictment. The sole question would be whether to dismiss the indictment with or without prejudice.

5. Ms. Barber has been incarcerated since January 9, 2024.

6. It is important to note that Ms. Barber is only charged under counts 6 (Narcotics Conspiracy), 11 (Kidnapping) and 12 (Kidnapping) of the Second Superseding Indictment. *Dkt. No. 24*.

7. None of the allegations relating to these counts against Ms. Barber are intertwined with the death of Crystal Quinn, which are the primary charges filed under this indictment.

8. While your deponent acknowledges that the United States Attorney's Office maintains absolute discretion on when and how to charge defendants in the WDNY, Ms. Barber's inclusion in the charges pertaining to Ms. Quinn's death was not necessary.

9. The Quinn-related charges also appeared eligible for punishment by death penalty. This initially caused delays in the assignment of learned counsel for those defendants exposed to said charges. The ability to address discovery disclosure on behalf of Ms. Barber was delayed by this process, even though she was not subject to the Quinn-related charges.

10. When this Court set a deadline for the USAO to turn over discovery in this case, Ms. Barber's access was delayed further because her own discovery was tied to the discovery to be produced for the Quinn-related charges. As a result, the lengthy, 90-day deadline for Ms. Barber to receive discovery was set because of what her co-defendants were charged with and not due to any complexities associated with her specific charges.

11. Therefore, the USAO's delays in turning over discovery to your deponent have had an even greater impact upon Ms. Barber than it has on the defendants facing the Quinn-related charges.

12. As other filings have indicated, when evaluating whether to dismiss an indictment with prejudice, this Court should consider multiple factors, including (1) the seriousness of the

offense; (2) the facts and circumstances of the case which led to the dismissal; (3) the impact of a re-prosecution on the administration of the Speedy Trial Act and on the administration of justice; and (4) the presence or absence of prejudice to defendant.

*Ms. Barber has been substantially prejudiced*

13. Your deponent's inability to review the discovery with Ms. Barber at this time is causing a continued prejudice to Ms. Barber.  Ms. Barber is unable to review the discovery, and is therefore unable to assist your deponent in providing valuable information for private investigators to conduct due diligence in furtherance of her defense theories.

14. Additionally, it appears from your deponent's review of the discovery relating to the kidnapping charges against Ms. Barber that the credibility of the alleged victims is paramount to sustaining those charges. Your deponent has been unable to meaningfully engage a private investigator to assist in investigating issues surrounding those charges, and continues to be hindered by the prohibition on sharing discovery at this time.

15. Ms. Barber's lengthy pre-trial incarceration without access to any of her own discovery materials for 8 months after being arraigned on this indictment, has caused her substantial prejudice in the development of her theories of defense.

*Facts and Circumstances Leading to Dismissal*

16. This issue has been substantially litigated and reviewed by this Court and will not be repeated herein.

17. However, as this Court determined, the USAO's failure to seek a protective order until the very end of their ninety (90) day timeframe to turnover discovery was not simply an oversight.  Rather, it is considered bad faith because the USAO apparently did not allocate appropriate resources toward the prosecution of this case after it was charged.  Instead, it

relied upon prosecutors who were simultaneously engaged in a lengthy, complex trial to meet the USAO's pre-trial obligations in this case.

18. Thus, the facts and circumstances of this case warrant a dismissal with prejudice.

*Impact of Re-Prosecution on administration of the Speedy Trial Act and administration of justice*

19. Your deponent submits that a sanction requiring the USAO to re-prosecute Ms. Barber is not sufficient to address the violation before this Court.

20. The USAO chose to present Ms. Barber's charges in an indictment combined with the Quinn-related charges, and Ms. Barber has endured lengthier delays than would be expected in her case if not combined with the Quinn-related charges. This includes delays relating to appointment of defense counsel for defendants eligible for the death penalty as well as delays in her access to discovery materials.

21. However, if the Court were to dismiss this indictment without prejudice, the USAO may more easily re-prosecute Ms. Barber on her charges without attaching the Quinn-related charges for a second time.

22. This is an inequitable and unjust result. It forces Ms. Barber to endure the pre-trial delays associated with the Quinn-related charges – and the prejudice resulting therefrom – in the first instance, while providing an avenue for efficient re-prosecution in the second instance with little consequence.

*Seriousness of the Offenses Charged*

23. Your deponent acknowledges that this analysis is not intended to delve into the strengths and weaknesses of the USAO's case against Ms. Barber. On its face, kidnapping is a serious charge. A felony narcotics conspiracy is also serious. However, even relative to

the charges against other defendants in this indictment, Ms. Barber's charges are less serious.

24. Taking into consideration all of the factors to consider when determining whether a dismissal with prejudice is appropriate, the existence of actual, continuing prejudice to Ms. Barber, this court's finding of bad faith on the part of the USAO, and the lack of any meaningful penalty impose by requiring the re-prosecution of Ms. Barber far outweigh the seriousness of the crimes she is charged with.  Dismissal with prejudice as a sanction is appropriate in this case.

25. The Court has broad discretion to fashion other appropriate sanctions, including granting a continuance, exclusion of undisclosed evidence, or any other order that this court may deem just under the circumstances. *Fed. Rules Crim. Pro.* Rule 16(d).

26. If this Court intends to allow re-prosecution of Ms. Barber through a dismissal without prejudice, your deponent submits that this Court should consider other actions to remedy the prejudice against Ms. Barber.  This can include ordering that Ms. Barber be immediately released from custody, that certain evidence be precluded at a trial against her, or any other remedy that this Court may deem just and proper.

27. Your deponent and other defense counsel in this case have conferred on responses to this motion, and your deponent joins in the arguments of other defense counsel as they relate to Ms. Barber.

28. Your deponent requests that this Court take into consideration the arguments made in favor of each defendant when considering Ms. Barber's request, especially relating to issues that affect all defendants.

29. Finally, to the extent that a hearing was requested to further detail the basis for the USAO's delays in turning over discovery, your deponent desires to participate in any such hearing if granted.

Respectfully submitted,

Dated: August 7, 2024          /s/ Brian Hutchison, Esq.
Lockport, New York  Brian J. Hutchison, Esq.
*Attorney for Defendant Cortnie Barber*
14 W. Main Street
Lockport, NY 14094
BJHesq@gmail.com
(716) 302-8090