UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

vs.

SCOTT J. BARNES,

Defendant.

**RESPONSE TO MOTION FOR RECONSIDERATION**

Docket No. 23-CR-99-LJV-JJM

On behalf of Scott Barnes, the within reply is submitted in further consideration of the Court's request for Defendants to assist the court in exercising its discretion to propose appropriate sanctions. The Court issued that invitation by Decision and Order dated July 29, 2024 and further allowed the government to respond by August 14, 2024.

Since that invitation, a number of co-defendants' counsel have made submission; I hereby join in theirs and ask the Court to incorporate factual assertions therein made herein.

The government responded with a motion for reconsideration (again?) in Docket 191. That submission, Docket 191, was not authored by the trial team in this case; thus, presumably, the authors of Docket 191 are not as familiar with the government's conduct as counsel and the Court may be.

Notwithstanding the possible lack of familiarity, the government's submission sets forth (page 10) the Second Circuit's standard for procedural and substantive bad faith. The quote from their submission is "There, the Second Circuit stated that courts can look to "the party instigating or maintaining the litigation, for an assessment of whether there has been substantive bad faith" to include "procedural bad faith as exhibited by, for example, its use of oppressive tactics or its willful violations of court orders." It is respectfully submitted that with respect to Barnes'

prosecution and detention, the government has leapt over the procedural and substantive bad faith lines – and, it now asks the court to overlook that claiming no harm, no foul (only 12 days).

As an oppressive tactic, the government sought detention of a man with a very modest criminal record facing a relatively run of the mill charge, which, by the guidelines, exposes his to about three years incarceration if found guilty. In the course of this prosecution, the government willfully violated a court order, thus yielding 258 days in custody with no discovery.

In submissions following the missed deadline for discovery production, it proposed a Protective Order (Docket 121 – Exhibit 1) which, curiously (among other issues), sought to restrict who could serve as an agent for any Defendant or their attorneys. The pertinent paragraph lists a number of different motorcycle clubs, including the Chosen Few M. C.

The manner in which the government's recent submission (Docket 191) minimizes, or, elides or ignores much of the government's conduct, which the defense collectively seeks to sanction, brings to mind the Chosen Few prosecution from 15 years ago.

Because of the size of the Magistrate Courtrooms in the old Courthouse (68 Court Street) fifteen years ago, this Court sat in Judge Curtin's Courtroom for a hearing on outrageous government conduct in that Chosen Few prosecution.

During the morning session of that outrageous government conduct hearing in Judge Curtin's Courtroom, this Court, essentially, read Miranda rights to an FBI Agent who was appearing as a witness – to allow that witness know he had a right to an independent attorney and did not need to rely on those from his agency or the AUSA's handling the case - as an independent attorney could be appointed for him if he could not afford his own. The government, the FBI, and associated Federal Agencies, took umbrage. The morning session

went on and remarkable additional disclosures about the government's misconduct in the Chosen Few case were revealed.

The hearing broke for lunch; following that, the then First Assistant U.S. Attorney came into the Courtroom, as did several dozen other agents and attorneys from various federal law enforcement entities. The First Assistant took the podium and addressed the Court saying, in essence, that the Court shouldn't pay any mind to the defense allegations about outrageous government conduct - that defense lawyers make arguments like that all the time and that nothing ever comes of it.

The Court then looked at the First Assistant and welcomed him to his Courtroom with words to the effect of "Welcome to my Courtroom. I'll note that you were not present during the morning session and my notes do not reflect what you just said."

Back on December 12th when the detention hearing for Mr. Barnes first began, Judge Schroeder remarked that to have Mr. Barnes detained for a lengthy period of time based on his association with others was simply punitive[1]. Magistrate Judge Schroeder was correct.

The government (Docket 191) wants this Court to focus on the fact that counsel was given discovery roughly twelve days after the Court imposed deadline of May 23, 2024.

That warped perception ignores the cold fact that Scott Barnes has been in custody since December 7, 2023, and has not yet seen any discovery because of the delay in production, late request for a protective order and this Court's "attorney eyes only" stopgap issued in late June 2024.

The defense request for sanctions will be argued and addressed on August 23, 2024, roughly 60 days after the discovery deadline passed, about 150 days after the deadline was set

---

[1] The relevant page is attached

and 258 days since Mr. Barnes went into custody. The unproductive period of incarceration – given all of Barnes' other difficulties – is considerable.

Pursuant to FRCrP 16(d)(2)(D), this Court may …enter any other Order that is just under the circumstances.

The government suggests that "remedial" measures would be sufficient. The suggestion belies the conduct of the office in this case and - over the course of years and other cases and - on behalf of Scott Barnes, the only just Order is dismissal with prejudice.

In addition to the missed discovery deadline, apparent (flagrant) judge shopping, possible intentional misrepresentations to the Court, and game playing with evidence (e.g. alluding in Ermin's detention hearing that Gogolack lured - Crystal Quinn to Wellsville, but not doing so in Gogolack's), Barnes was included in a multi conspiracy indictment (which takes years to conclude), which as MJ Schroeder concluded nine months ago, is punitive.

Dated: August 21, 2024
       Buffalo, New York

Respectfully submitted,

David B. Cotter
COTTER & COTTER, P.C.
*Attorney for Defendant Scott Barnes*
380 Cleveland Drive
Buffalo, NY 14215
(716) 634-7920
dbacotter@aol.com

TO:    Joseph M. Tripi , Esq., AUSA
          Nicholas Cooper, Esq., AUSA
          Casey Chalbeck, Esq. AUSA

# EXHIBIT A

Case 1:23-cr-00099-LJV-JJM   Document 196   Filed 08/21/24   Page 6 of 7
Case 1:23-cr-00099-LJV-JJM   Document 3   Filed 12/13/23   Page 15 of 41
US v BARNES -- 12/12/2023 -- BAIL HEARING
14

| | | |
|---|---|---|
| 10:05AM | 1 | MR. COOPER: Well, Judge, evidence of an association |
| 10:05AM | 2 | is not prohibited in a detention hearing. In fact, I would |
| 10:05AM | 3 | submit to the Court -- |
| 10:05AM | 4 | THE COURT: All I am asking is, isn't that what |
| 10:05AM | 5 | you're arguing? |
| 10:05AM | 6 | MR. COOPER: Well, no, Judge. I'm not asking you to |
| 10:05AM | 7 | convict the defendant. I'm telling you that he's a risk of |
| 10:05AM | 8 | flight because of his association with individuals all over |
| 10:05AM | 9 | the country and all over the world. |
| 10:05AM | 10 | THE COURT: Wait a minute. You're asking me to lock |
| 10:05AM | 11 | this man up for a lengthy period of time. |
| 10:05AM | 12 | MR. COOPER: Correct. |
| 10:05AM | 13 | THE COURT: Before this case comes to trial. That's |
| 10:06AM | 14 | punitive. I'm not here to determine guilt or innocence. So, |
| 10:06AM | 15 | that's not what I'm suggesting or indicating when I ask my |
| 10:06AM | 16 | question of, when you say that he belongs to or has contacts |
| 10:06AM | 17 | with other organizations, therefore, he should be locked up, |
| 10:06AM | 18 | to me, that's saying because he's guilty by association with |
| 10:06AM | 19 | these organizations. |
| 10:06AM | 20 | MR. COOPER: That's not what I'm arguing, Judge. If |
| 10:06AM | 21 | you'll let -- |
| 10:06AM | 22 | THE COURT: Now, a thought came to my mind, and I |
| 10:06AM | 23 | just throw it out because it came to my mind. I've heard |
| 10:06AM | 24 | about symbols and patches and so forth. The Oakland Raiders, |
| 10:07AM | 25 | on their helmets -- National Football League, which now plays |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

vs.

SCOTT J. BARNES,

        Defendant.

**CERTIFICATE OF SERVICE**

Docket No. 23-CR-99-LJV-JJM

---

    David B. Cotter states that on August 21, 2024 a Response to Motion for Reconsideration was electronically filed with the Clerk of the District Court using its CM/ECF system, which would then electronically notify the following CM/ECF participants on this case:

Assistant United States Attorney Joseph M. Tripi
Assistant United States Attorney Nicholas Cooper
Assistant United States Attorney Casey Chalbeck

                                            _/s/ David B. Cotter_
                                              David B. Cotter