IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

      v.                                                                                     23-cr-99-LJV-JJM

SIMON GOGOLACK, et al.,

                 Defendants.

---

### NOTICE OF MOTION, MOTION FOR EXTENSION OF TIME TO OBJECT TO THE MAGISTRATE JUDGE'S DECISION AND ORDER, AND MOTION FOR STAY OF THE MAGISTRATE JUDGE'S DECISION AND ORDER

      The United States of America by and through its attorney, Trini E. Ross, United States Attorney for the Western District of New York, and Caitlin M. Higgins, Assistant United States Attorney, of counsel, hereby files a Motion with the United States District Court in the Western District of New York, respectfully requesting: (1) an extension of time for the government to file its objections to the Decision and Order entered by Magistrate Judge Jeremiah J. McCarthy on August 23, 2024 [*see* Docket No. 200] ("Decision and Order"); and (2) an Order staying the Decision and Order until such time as the Court can hear and resolve the government's forthcoming objections.

### BACKGROUND

      On September 13, 2023, the Grand Jury returned a five-count indictment against defendant Gogolack. *See* Docket No. 12. On January 5, 2024, the Grand Jury returned a second superseding indictment, adding all additional defendants. *See* Docket No. 24. Judge McCarthy arraigned the defendants on January 9, 2024 (*see* Docket No. 29 [defendants

Roncone, Knight, and Barber]), January 10, 2024 (*see* Docket No. 31 [defendants Gerace, Ermin, Hinkle, and Barnes]), and January 24, 2024 (*see* Docket No. 45 [defendant Gogolack]).

On February 23, 2024, Judge McCarthy set an initial scheduling order, which directed the government to produce voluntary discovery to the defendants by May 23, 2024, and set a further status conference for June 3, 2024. *See* Docket No. 73. The Court excluded the time from February 23, 2024, until June 3, 2024, pursuant to 18 U.S.C. §§ 3161(h)(7)(A) and (h)(7)(B)(iv). *See* Docket No. 74.

On June 3, 2024, the Court held a status conference as scheduled. During the status conference, the government stated that voluntary discovery production was underway pending agreement to a protective order. *See* Docket No. 120. The defendants objected to the lateness of production and to certain terms of the government's proposed protective order. *See id.* The Court set a briefing schedule for the protective order. *See id.* In the interim, the Court deemed the government's production for attorney's eyes only pending further order of the Court and directed the parties to continue to confer in an effort to reach a protective order. *See* Docket No. 122. Likewise, the Court ordered that:

> By [June 10, 2024], the defendants may also file motions directed to consequences of the government's failure to abide by [its] February 23, 2024 Text Order 74 requiring the government to produce discovery to them by no later than May 23, 2024. Responses to these motions (if any) shall be filed by June 14, 2024, after which time the motion(s) will be taken under advisement. A further conference is scheduled for June 27, 2024 at 2:00 p.m. For the reasons set forth by defendants' counsel on the record, I deny the government's request to enter a further exclusion of time from the Speedy Trial Act calendar pursuant to 18 U.S.C. Sections 3161(h)(7)(A) and (h)(7)(B)(iv). As of today, time is no longer excluded from the Speedy Trial Act calendar.

*Id.*

On June 10, 2024, the government filed an *ex parte* motion for a protective order. *See* Docket No. 129. On the same day, various defendants filed motions for a hearing and sanctions. *See* Docket Nos. 131, 132, 135, 137, 140. On June 14, 2024, the government filed a response to the defendants' motions for a hearing and sanctions. *See* Docket No. 142. Between June 10, 2024, the parties also litigated the issue of the protective order. *See* Docket Nos. 134, 136, 138, 146, 149, 151–53, 156, 158, 160-64, 166, and 167.

On July 22, 2024, the Court held oral argument on the various pending motions. *See* Docket No. 168. During the appearance, the Court reserved on its decision with respect to the defendants' motions for a hearing and sanctions. The Court stated that "based on what [it had] heard thus far, [it did not] find there is any indication of bad faith that would warrant a hearing. . .," but stated that "for many reasons . . . the government's conduct has been unjustifiable and it warrants revisiting the Speedy Trial Act exclusion which [the Court had] imposed on February 23rd." *See* Docket No. 169 at 27–28. In addition, the Court stated that with respect to any dismissal, "[its] leaning is that the dismissal would be without prejudice, but none of those motions have been made yet." *Id.* at 29. The Court stated that it would "get a decision out on the Speedy Trial Act exclusion as quickly as possible. That is a sanction and [it thought it was] fully warranted and we'll see what the next step will be." *Id.* at 29.

On July 29, 2024, the Court issued a Decision and Order. *See* Docket No. 173. In the Decision and Order, the Court held that "the issues which defendants would seek to explore at a hearing . . . are sufficiently answered by the government's submission to enable [the Court] to conclude that the sanction which the government proposes [running 12 days of the Speedy Trial clock] is clearly an inadequate response to its misconduct in this case, and that a more significant sanction is warranted." *Id.* at 2. The Court further stated that although it

3

had "found 'no indication of bad faith' . . . upon further review of the government's submission [from June 14, 2024], [it] now realize[d] that [it] spoke too soon." *Id*. Moreover, the Court held that the sanction it had previously contemplated, namely vacating the ends of justice exclusion from February 23, 2024, to June 3, 2024, "would have little impact, since STA time was also automatically excluded under 18 U.S.C. § 3161(h)(1)(D) due to the pendency of various unresolved motions." *Id.*

Finally, the Court held that "[t]he government's willful violation of my order constitutes bad faith." *Id*. at 5 (citing *Dow Chemical Pacific Ltd. v. Rascator Maritime S.A.*, 782 F.2d 329, 345 (2d Cir. 1986)). The Court invited the defendants to submit additional briefing by August 7, 2024, addressing the appropriate sanction or sanctions to be imposed, and allowed the government to respond by August 14, 2024. *See id.* at 6. On August 7, 2024, defendants Gerace (Docket No. 189), Ermin (Docket No. 181), Knight (Docket No. 184), Hinkle (Docket No. 186), Gogolack (Docket No. 187), Barber (Docket No. 185), and Barnes (Docket Nos. 182 and 183), filed their respective submissions on sanctions.

On August 12, 2024, the government filed a motion for reconsideration as to the Court's finding of bad faith and response to the defendants' motions for sanctions. *See* Docket No. 191. Between August 13 and August 22, 2024, various defendants filed a reply to the government's motion. *See* Docket Nos. 192–96, 198.

On August 23, 2024, Judge McCarthy held oral argument. *See* Docket No. 199. During the oral argument, the government addressed its argument with respect to reconsideration. When the government completed its argument, Judge McCarthy stated that he was denying the government's motion for reconsideration as to his bad faith finding and held he would not entertain any oral argument on sanctions. Finally, Judge McCarthy

4

imposed several sanctions, which he outlined in a Decision and Order issued the same day. *See* Docket No. 200. With respect to bad faith, Judge McCarthy held that the government consciously withheld discovery in violation of both the production deadline and order to produce discovery unencumbered and did so "to obtain a tactical advantage, by limiting defendants' access to and use of the information in a manner which [he] had not ordered." *Id.* at 3–4. Judge McCarthy imposed the following sanctions: (1) precluding the government from seeking a protective order with respect to discovery and holding that he would accept a proposal from the defendants regarding the protective order [*see id.* at 5–6]; (2) charging the government with three months of delay under the constitutional speedy trial framework [*see id.* at 6]; and (3) disqualifying the current trial team (Assistant United States Attorneys Joseph Tripi, Nicholas Cooper, and Casey Chalbeck) from the case [*see id.* at 7–8].

## DISCUSSION

**1. The Government Respectfully Requests a Two-Week Extension to File Objections.**

The government requests a two-week extension to file its objections to the Decision and Order for two reasons. First, the gravity and severity of the bad faith finding and the unprecedented sweep and impact of the sanctions imposed weigh in favor of granting the government a two-week extension. Judge McCarthy's Decision and Order involves serious issues that warrant close inspection and analysis. In order to provide the Court with thorough briefing, the government respectfully requests the two-week extension.

Second, Tiffany Lee, who serves as the appellate chief for the United States Attorney's Office in the Western District of New York, and who was engaged in the underlying briefing and oral argument before Judge McCarthy, will similarly be engaged in the objections to the Decision and Order. Ms. Lee faces previous commitments that will prevent her from being

5

meaningfully involved in drafting the objections and participating in subsequent oral argument. The seriousness of the bad faith finding and the sanctions require Ms. Lee's involvement at this juncture. Accordingly, the government requests a two-week extension to file objections to the Decision and Order.

2. **The Government Respectfully Requests that the Court Stay the August 23, 2024, Decision and Order Until this Court Resolves the Government's Forthcoming Objections**.

The government is also requesting a stay of the impact of the Decision and Order up and until this Court resolves the government's objections. Judge McCarthy issued a two week stay of his Decision and Order to and including September 6, 2024. *See* Docket No. 200. Accordingly, on September 6, 2024, Judge McCarthy's disqualification of AUSAs Tripi, Cooper, and Chalbeck takes effect. In order to allow the government adequate time to provide the Court with a fulsome analysis of the issues in the Decision and Order and to provide the Court with adequate time to review the briefings, schedule oral argument, and resolve the government's objections, all of which require the involvement of the current trial team, the government is requesting that the Court stay the Decision and Order until final resolution of the government's objections.

6

**WHEREFORE**, it is respectfully requested that the Court: (1) grant the government a two-week extension to file its objections to the Decision and Order; and (2) stay the Decision and Order until such time as the Court can hear and resolve the government's forthcoming objections.

DATED: Buffalo, New York, August 26, 2024.

                                          TRINI E. ROSS
                                          United States Attorney

By:    s/CAITLIN M. HIGGINS
        Assistant United States Attorney
        United States Attorney's Office
        Western District of New York
        138 Delaware Avenue
        Buffalo, NY  14202
        716.843.5818
        Caitlin.Higgins@usdoj.gov