IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

-v-                                              Case No.: 23-CR-99

PETER GERACE, JR.,

                  Defendant.

---

### DEFENDANT GERACE'S OBJECTIONS TO THE MAGISTRATE'S DECISION AND ORDER, DATED AUGUST 23, 2024

      Defendant Peter Gerace, Jr., by and through counsel, Mark A. Foti, Esq., provides the following objections to the Magistrate's Decision and Order, Dated August 23, 2024. Docket Item 200.

      Earlier this evening the government filed objections to Judge McCarthy's Decision and Order, dated July 29, 2024 (Docket Item 173, hereafter the "Bad Faith Finding"), and his Decision and Order, dated August 23, 2024 (Docket Item 200, hereafter the "Sanction Order"). See Docket Item 230 at 10 ("The government's appeal of the Magistrate Court's August 23, 2024 Decision and Order is also an appeal of its July 29, 2024 Decision and Order.")

1

A scheduling order was issued as to the Sanctions Order which directs any objections/appeal of the Sanction Order be filed by today, and any responses be filed by October 4, 2024. Docket Item 202. There is currently no scheduling order for objections Bad Faith Finding. The defense will respond to the government's objections regarding the Sanction Order as directed.[1]

The defense raises its own objections regarding the Sanctions Order, on the grounds that review of the entirety of the record supports a conclusion that the sanctions were insufficient to address the totality of misconduct, to remedy the prejudice sustained by the defendants, and to deter future misconduct by the US Attorney's Office in regard to its discovery obligations and its candor to the Court.

The defense recognizes that the Magistrate appears to have tailored the sanctions strictly to the discovery violation and the government's willful decision to withhold discovery while it sought a protective order after the extensive deadline to finish disclosure had already expired.

The defense requests that this Court determine a sanction that accounts for the entirety of the record, including all evidence of misconduct both direct and circumstantial, and dismiss the indictment with prejudice, or issue an order of dismissal,

---

[1] The Bad Faith Finding was issued on July 29, 2024. No objections were filed within the 14 days typically permitted by the Federal Rules of Criminal Procedure (Fed. R. Crim. Pro. 59(a)), and no request for an extension of time was ever made. Nonetheless, unless the Court directs otherwise, the defense will briefly address those objections in conjunction with its response to the objections to the Sanctions Order.

2

and conduct a hearing to determine whether dismissal should be with or without prejudice.

Specifically, the defense requests the Court consider the following:

1. **The Defendant's Memorandum in Support of the Motion for a Hearing and the Imposition of Sanctions Due to the Government's Disregard of the Discovery Order.**
**(Filed on June 10, 2024 at [Docket Item 132-1](Docket Item 132-1))**

In the original sanction motion, the defense reviewed, at length, the relevant background to this motion and discussed, in detail, just how extensive the amount of time was for the government to provide discovery disclosure, and how the evidence supports that the government blatantly disregarded the Court's Order.

2. **The Defendant's Memorandum in Opposition to the Government's Motion to Exclude Time from the Speedy Trial Act.**
**(Filed on June 20, 2024 at [Docket Item 148](Docket Item 148))**

The Response to the Government's Motion to Exclude Time, filed on June 5, 2024, addressed why the government's motion to exclude time was clearly intended to circumvent the decision by the Magistrate to deny an exclusion of time in the interest of justice two days earlier on June 3, 3024, and the defense requested sanctions for bringing the motion in bad faith.

3. **The Defendant's Memorandum in Opposition to the Government Motion for a Protective Order (Filed on June 26, 2024 at [Docket Item 153](#)) and the Defendant's Supplemental Memorandum in Opposition (Filed on July 12, 2024 at [Docket Item 164](#))**

The briefing related to the protective order is relevant to this Court's consideration as it addresses why the protective order sought by the government was wholly inappropriate in multiple respects. The government clearly sought to gain strategic advantage over the defense, and the efforts to pursue the strategic protective order contained multiple arguments by the government that disparaged the defense attorneys based on conjecture and, in some instances, based on demonstratively false allegations, including a particularly bizarre allegation regarding a Facebook post.

4. **The Defendant's Memorandum Recommending the Imposition of a Sanction of Dismissal with Prejudice.**
   **(Filed on August 7, 2024 at [Docket Item 188](#))**

Mr. Gerace's Memorandum recommending a sanction reviews further background information relevant to the sanction determination, including historical discovery violations by the US Attorney's Office and historical misconduct in the prosecution of Mr. Gerace. It discusses the full record that should be considered in conjunction with a sanction decision, including that (a) the government's delay in disclosure implicated other misconduct prior to the filing of the second superseding indictment; (b) even when considered in isolation, the discovery violation was egregious;

4

(c) the violation of the discovery order should be considered in conjunction with other government misconduct; (d) this record supports the conclusion that the government has made misrepresentations regarding its discovery efforts; and (e) the indictment itself is littered with falsehoods.

5. **The Defendant's Memorandum in Opposition to the Government's Motion for Reconsideration of the Court's Decision and Order.**
   **(Filed on August 22, 2024 at [Docket Item 198](#))**

Mr. Gerace's Response to the Government's Motion for Reconsideration discusses why the government's attempts to minimize its violation omit essential facts and addresses the government's attempts to discuss the issue avoids addressing evidence the record of misconduct.

Based on the entirety of the record, it is the defense's position that the appropriate sanction is dismissal with prejudice. However, if the Court determines that the sanction should be narrowly tailored to the willful discovery violation, and it is determined that other evidence of misconduct is not relevant this particular sanction, then the defense seeks leave to bring motions for further sanctions at a later time.

Dated: September 20, 2024

s/ Mark A. Foti, Esq.
Mark A. Foti, Esq.
Attorney for Peter Gerace, Jr.