IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

      v.                                                                23-CR-99-LJV-JJM

SIMON GOGOLACK, et al.,

                Defendants.

---

## GOVERNMENT'S RESPONSE TO APPEAL/OBJECTIONS BY DEFENDANTS GERACE AND GOGOLACK OF MAGISTRATE JUDGE JEREMIAH J. MCCARTHY'S AUGUST 23, 2024 DECISION AND ORDER

**THE UNITED STATES OF AMERICA**, by and through its attorneys, Trini E. Ross, United States Attorney for the Western District of New York, and Tiffany H. Lee and Caitlin M. Higgins, Assistant United States Attorneys, of counsel, hereby responds to the appeal/objections[1] filed by defendants Gerace and Gogolack regarding Magistrate Judge Jeremiah J. McCarthy's August 23, 2024 Decision and Order. *See* Docket No. 231 (Gerace); Docket No. 228 (Gogolack).

### PROCEDURAL BACKGROUND

On July 29, 2024, Magistrate Judge McCarthy issued a Decision and Order finding that the government had acted in bad faith by failing to produce discovery as of the court-ordered deadline of May 23, 2024, and, instead, withholding the production due to the absence of an agreed-upon protective order. *See* Docket No. 173. On August 23, 2024, Magistrate Judge McCarthy issued a Decision and Order denying the defendants' request for dismissal of the Second Superseding Indictment with prejudice. *See* Docket No. 200.

---

[1] Defendant Gerace titled his filing as "objections" to the Decision and Order. *See* Docket No. 231.

Nevertheless, the Magistrate Court imposed a three-part sanction as follows: (1) disqualifying the assigned Assistant United States Attorneys ("AUSAs") from further involvement in the case; (2) precluding the government from seeking a protective order; and (3) charging three months' delay against the government for purposes of the defendants' Sixth Amendment right to a speedy trial. *See id; see also* Docket No. 199 (oral decision).

On September 20, 2024, the government filed its appeal of both the July 29, 2024 Decision and Order finding bad faith, and the August 23, 2024, Decision and Order imposing sanctions. That same date, defendants Gerace and Gogolack filed their appeals wherein they objected to the Magistrate Court's refusal to dismiss the Second Superseding Indictment with prejudice or to preclude the government's use of the discovery as evidence at trial. *See* Docket No. 231 (Gerace); Docket No. 228 (Gogolack).

In opposing defendants' appeal/objections to the Magistrate Court's August 23, 2024 Decision and Order, the government incorporates by reference the entirety of the contents of its appeal filed on September 20, 2024, to include the statements pertaining to the factual and procedural background. *See* Docket No. 230.

## ARGUMENT

I. **THE MAGISTRATE COURT DID NOT CLEARLY ERR BY EXERCISING ITS DISCRETION AND DECLINING TO IMPOSE THE SANCTION OF DISMISSAL OF THE INDICTMENT WITH PREJUDICE OR THE PRECLUSION OF THE DISCOVERY AS EVIDENCE.**

A. The Standard of Review

A district court reviews a magistrate judge's decision and order on non-dispositive motions under the "contrary to law" or "clearly erroneous" standard. *See* 28 U.S.C.

§ 636(b)(1)(A), (C); Fed. R. Crim. P. 59(a). An order is "contrary to law if it fails to apply or misapplies relevant statutes, case law or rules of procedure." *United States v. Turnquist*, No. 21-CR-15 (JLS) (JJM), 2022 WL 1913593, at *2 (W.D.N.Y. June 3, 2022) (internal quotations omitted). Moreover, "[a] finding of fact is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. Martinez*, 110 F.4th 160, 174 (2d Cir. 2024) (internal quotation marks omitted).

### B. Governing Law Regarding Dismissal of an Indictment as a Sanction

A district court "may dismiss an indictment under its inherent supervisory powers '(1) to implement a remedy for the violation of a recognized statutory or constitutional right; (2) to preserve judicial integrity by ensuring that a conviction rests on appropriate considerations validly before a jury; and (3) to deter future illegal conduct.'" *United States v. Struckman*, 611 F.3d 560, 574 (9th Cir. 2010) (quoting *United States v. Matta-Ballesteros*, 71 F.3d 754, 763 (9th Cir. 1995)). Nevertheless, a district court's discretion in exercising its supervisory powers is not boundless. *See Bank of Nova Scotia v. United States,* 487 U.S. 250, 255 (1988) ("[A] district court exceeds its powers in dismissing an indictment for prosecutorial misconduct not prejudicial to the defendant."). Under its supervisory powers, a district court may dismiss an indictment with prejudice for prosecutorial misconduct only if there is "(1) flagrant misbehavior and (2) substantial prejudice." *United States v. Kearns*, 5 F.3d 1251, 1253 (9th Cir. 1993); *see also United States v. Walters*, 910 F.3d 11, 23 (2d Cir. 2018) ("[D]eterrence is an inappropriate basis for reversal where means more narrowly tailored to deter objectional prosecutorial conduct are available." (quoting *Bank of Nova Scotia*, 487 U.S. at 255)); *United States v. Gonzalez*, 529 F.3d 94, 98 (2d Cir. 2008) ("[S]upervisory powers are not to be used to

3

circumvent the harmless error rule."). "Dismissal of an indictment with prejudice necessarily implicates separation-of-powers principles. . . . Such dismissal exercised under the guise of supervisory power is impermissible absent a clear basis in fact and law for doing so." *United States v. Isgro*, 974 F.2d 1091, 1097 (9th Cir. 1992) (internal quotation marks and citations omitted).

The district court must "approach [the remedy of dismissal with prejudice] with some caution and with a view toward balancing the interests involved," *United States v. Hasting*, 461 U.S. 499, 506–07 (1983) (internal quotations omitted). The Second Circuit has repeatedly emphasized that the exercise of the court's supervisory authority to dismiss an indictment is a "'drastic remedy' that should be utilized with caution and only in extreme cases." *See Walters*, 910 F.3d at 25 (quoting *United States v. Brown*, 602 F.2d 1073, 1076 (2d Cir. 1979)); *see also United States v. Halloran*, 821 F.3d 321, 342 n.14 (2d Cir. 2016) ("Dismissal of the indictment is an extreme sanction and a drastic remedy, appropriate only when it is otherwise impossible to restore a criminal defendant to the position that he would have occupied vis-a-vis the prosecutor, or when there is a widespread or continuous pattern of prosecutorial misconduct.").

Dismissal is only appropriate if "no lesser remedial action is available[.]" *United States v. Bundy*, 968 F.3d 1019, 1031 (9th Cir. 2020) (internal quotation omitted); *see also United States v. Hastings*, 126 F.3d 310, 317 (4th Cir. 1997) (holding that dismissal of the indictment was too severe a sanction where the government violated a discovery order; "it must use the least severe sanction which will adequately punish the government and secure future compliance"); *United States v. Gonzales*, 164 F.3d 1285, 1292 (10th Cir. 1999) ("The court should impose the

4

least severe sanction that will accomplish prompt and full compliance with" the violated discovery requirement.). A district court "does not have the power to dismiss an indictment that is legally sufficient simply because it deems dismissal to be in the interests of justice." *United States v. Artuso*, 618 F.2d 192, 196 (2d Cir. 1980).

### C. Governing Law Regarding Rule 16 Sanctions

If a party fails to comply with Rule 16 of the Federal Rules of Criminal Procedure, "the court may: (A) order that party to permit the discovery or inspection; specify its time, place, and manner; and prescribe other just terms and conditions; (B) grant a continuance; (C) prohibit that party from introducing the undisclosed evidence; or (D) enter any other order that is just under the circumstances." Fed. R. Crim. P. 16(d)(2). A district court has broad discretion in imposing sanctions for failing to comply with a discovery order. *See United States v. Lee*, 834 F.3d 145, 158 (2d Cir. 2016). "Whether or not sanctions for nondisclosure should be imposed depends in large measure upon the extent of the Government's culpability for failure to make disclosable material available to the defense, on the one hand, weighed against the amount of prejudice to the defense which resulted, on the other." *United States v. Miranda*, 526 F.2d 1319, 1324 (2d Cir. 1975).

Thus, the Second Circuit uses several factors to evaluate whether a district court appropriately exercised its discretion when determining sanctions/remedial action for Rule 16 violations. These factors include "the reasons why disclosure was not made, the extent of the prejudice, if any, to the opposing party, the feasibility of rectifying that prejudice by a continuance, and any other relevant circumstances." *Lee*, 834 F.3d at 159; *see also Hastings*, 126 F.3d at 317 ("In determining a suitable and effective sanction, a court must weigh the

5

reasons for the government's delay and whether it acted intentionally or in bad faith; the degree of prejudice, if any, suffered by the defendant; and whether any less severe sanction will remedy the prejudice and the wrongdoing of the government."); *United States v. Wicker*, 848 F.2d 1059, 1061 (10th Cir. 1988); *United States v. Euceda-Hernandez*, 768 F.2d 1307, 1312 (11th Cir. 1985). These factors act as a "guide" for the district court's consideration of sanctions; "they are not intended to dictate the bounds of the court's discretion." *Wicker*, 848 F.2d at 1061.

> **D. Based on the Legal Framework Set Forth Above, the Magistrate Court Did Not Clearly Err in Declining to Dismiss the Second Superseding Indictment with Prejudice and in Declining to Preclude the Discovery as Evidence.**
>
> **1. The Magistrate Court Properly Recognized that Dismissal of the Second Superseding Indictment with Prejudice was not an Appropriate Sanction**

Here, and as detailed in the government's appeal (*see* Docket No. 230), the Magistrate Court did not clearly err when it declined to impose the drastic and extraordinary sanction of dismissal of the Second Superseding Indictment with prejudice. *See United States v. Broward*, 594 F.2d 345, 351 (2d Cir. 1979) (dismissal is "so drastic" that "especially where serious criminal conduct is involved, it must be reserved for the truly extreme cases"). Courts should "impose the least severe sanction that will accomplish prompt and full compliance with" the violated discovery requirement. *Gonzales*, 164 F.3d at 1292. Here, the sanction that would provide the best remedy to the twelve-day delay in the production of discovery is a continuance. *See* Fed. R. Crim. P. 16(d)(2)(B).

The defendants have failed to establish: (1) prejudice to their ability to defend the case based on the twelve days they were without the discovery, and (2) if any prejudice existed,

that a continuance did not cure such prejudice. *See United States v. Morrison*, 449 U.S. 361, 365-66 (1981) (in a case involving an alleged constitutional violation, remedies "should be tailored to the injury suffered" and "absent demonstrable prejudice, or substantial threat thereof, dismissal of the indictment is plainly inappropriate, even though the violation may have been deliberate"); *United States v. Broward*, 594 F.2d 345, 251 (2d Cir. 1979) (dismissal is "so drastic" that "especially where serious criminal conduct is involved, it must be reserved for the truly extreme cases"); *see also* United *States v. Jumaev*, 20 F.4th 518 (10th Cir. 2021). Dismissal of the indictment with prejudice under these circumstances would undercut the interest of victims in seeing defendants brought to justice and the public's interest in the prompt administration of justice. *Hastings*, 461 U.S. at 506–07 ("[T]he interests preserved by the doctrine of harmless error cannot be so lightly and casually ignored in order to chastise what the court viewed as prosecutorial overreaching.").

Defendants Gerace and Gogolack fall far short of showing that the Magistrate Court abused its discretion by failing to impose the sanction of dismissal. Indeed, they are unable to demonstrate that the government engaged in anything resembling the type of flagrant misconduct that might irreversibly prejudice a defendant and justify the extreme remedy/sanction of dismissal of an indictment. "To meet the very heavy burden of establishing a due process violation to dismiss an indictment for outrageous governmental misconduct, a defendant must show that the Government's conduct was 'so outrageous that common notions of fairness and decency would be offended were judicial process invoked to obtain a conviction.'" *Walters*, 910 F.3d at 27 (quoting *United States v. Al Kassar*, 660 F.3d 108, 121 (2d Cir. 2011)).

7

Contrary to the Magistrate Court's finding of bad faith, the facts and circumstances surrounding the government's acknowledged withholding of discovery for twelve days past the court-ordered discovery deadline demonstrate the absence of conduct evincing "bad faith" let alone the kind of "egregious" conduct warranting the dismissal of an indictment. *See United States v. Espinal*, 96 F. Supp. 3d 53, 71 (S.D.N.Y. 2015) (concluding that "the extraordinary remedy of dismissal of the indictment [was] not warranted" because the court did not "believe the government acted flagrantly, willfully, or in bad faith"); *United States v. Reyes*, No. 88-CR-1006, 1989 WL 99806, at *4 (S.D.N.Y. Aug. 18, 1989) ("The dismissal of an indictment is an extreme sanction that may only be used when there has been egregious and deliberate governmental misconduct . . . and where the pattern of misconduct is widespread or continuous.") (internal citations and quotation omitted). Tellingly, the Magistrate Court itself recognized that the sanction of dismissal of the indictment with prejudice would unlikely survive appellate review. *See* Docket No. 207 at 21-22 ("I don't believe that a dismissal of the superseding indictment would withstand Appellate review. . . I'm not interested in wasting my time, your time, any Court's time on something that is going to be a nonstarter.").

Defendants Gerace and Gogolack attempt to persuade this Court, as they attempted to persuade the Magistrate Court, that a "pattern" of misconduct exists as to the government's discovery practices, citing *United States v. Morgan*, 18-CR-108, W.D.N.Y., and this Court's decision in *United States v. Lavon Parks*, 19-CR-87, W.D.N.Y. *See* Docket Nos. 228, 231. As this Court is fully aware, in *Parks*, it was the government's late disclosure of *Brady* material on the eve of trial which led to a continuance for the defendants and the preclusion of certain evidence to the government's detriment. *See United States v. Lavon Parks et al.*, 19-CR-87-LJV, 20-CR-69-LJV, Docket No. 966, at 31. Notably, *Parks* did not result in a sanction of dismissal

8

of the indictment for the late disclosure although this Court did warn that it might be appropriate "the next time." *Id*. at 30.

Contrary to defendants' claims, however, this is *not* the time. In contrast with *Parks*, the instant case is in its early pre-trial stages and no trial date has been set. Far from treating the court-ordered deadline as "aspirational" (*see* Docket No. 228 (Gogolack), at 13), the government demonstrated its intention to comply when it first advised the parties that the discovery was ready to be produced, three days in advance of the deadline. It was the unfortunate, belated realization that no protective order was in place that caused the government to withhold the discovery beyond the court-ordered deadline. There was nothing strategic about (nor anything to be gained from) the government's decision to withhold the discovery. On this record,[2] there is nothing to suggest that the government's negligence here

---

[2] Gogolack points to a portion of the August 23, 2024 Decision and Order in which the Magistrate Court suggests a lack of candor in connection with the government's representation in its filings that "this is not a situation where the government made a conscious decision to ignore deadlines or orders" as contrasted with the Magistrate Court's finding that the government had deliberately violated its disclosure obligations. *See* Docket No. 228, at 15 (citing Docket No. 200, at 7).

The government concedes that its use of the phrase "conscious decision" was inartful to the extent it suggested that the government did not know it was not complying with the Magistrate Court's discovery deadline. The government knew the date of the deadline and knew that, absent the protective order, it was not providing the discovery by that date. What the government did not do, however, was to *willfully*, and *with bad intent*, decide not to provide the discovery by the May 23, 2024 deadline. That was the assertion the government was trying to convey when it used the phrase "conscious decision" in connection with its failure to comply with the court-imposed discovery deadline. Word choice and semantics aside, the government has, at every step of the inquiry into its failure to comply with the discovery deadline, been candid about what happened. There is no excuse for missing the court-imposed discovery deadline. Nor is there any excuse for not advising the Magistrate Court of the government's inability to meet the deadline. Nevertheless, none of the government's conduct was undertaken in bad faith or in any effort to mislead the court and/or the parties, and the defendants have been unable to demonstrate otherwise.

9

is in any way comparable to the discovery issues in either *Morgan* or *Parks*, or even the cases cited in this Court's decision in *Parks*, or that the government's conduct falls within a discernable pattern "so systemic and pervasive" that it calls into question the "fundamental fairness" of the prosecution. *Bank of Nova Scotia*, 487 U.S. at 259.

Not only do defendants Gerace and Gogolack fail to demonstrate misconduct warranting dismissal of the Second Superseding Indictment, they also fail to demonstrate any prejudice, let alone the substantial prejudice required for the relief they seek. Rather, the defendants continue to conflate "prejudice" for purposes of imposing a sanction, with "prejudice" in the context of constitutional speedy trial and length of time in custody. "'[P]rejudice' means different things in different legal contexts." *Jumaev*, 20 F.4th 548. Delay is relevant to assessing prejudice "only to the extent that delay impaired the ability to mount [a] defense." *Id*. Defendants here are unable to show substantial prejudice to their ability to mount their defense based on losing twelve days to review discovery. Accordingly, absent such a showing, the Magistrate Court acted well within its discretion in declining to impose the most serious sanction of dismissal of the Second Superseding Indictment with prejudice. *Kearns*, 5 F.3d at 1253 (dismissal of an indictment with prejudice under the court's supervisory powers for prosecutorial misconduct requires (1) flagrant misbehavior and (2) substantial prejudice.).

### 2. The Magistrate Court Did Not Clearly Err in Declining to Preclude the Discovery as Evidence at Trial.

The Magistrate Court also did not clearly err by declining to impose the sanction of preclusion of the discovery as evidence at trial. Instead, the Magistrate Court properly

10

recognized that preclusion of the discovery as evidence was not an appropriate sanction in this case. As discussed *supra*, reviewing courts will look to "the reasons why disclosure was not made, the extent of the prejudice, if any, to the opposing party, the feasibility of rectifying that prejudice by a continuance, and any other relevant circumstances," in evaluating whether the court appropriately exercised its discretion in imposing sanctions. *United States v. Lee*, 834 F.3d 145, 159 (2d Cir. 2016). Substantial "prejudice" to the defendant is a relevant consideration in determining whether belatedly disclosed evidence ought to be excluded. *See United States v. Sanchez*, 912 F.2d 18, 21 (2d Cir. 1990).

Applying the factors articulated by the Second Circuit in *Lee* establishes that preclusion of the discovery of evidence was not, and is not, warranted here. As to the "reasons why disclosure was not made," *id*. at 159, the government explained that, particularly in a case involving the death of a government witness, it did not believe it could disseminate the discovery until a protective order was in place.[3] There is no evidence that this decision was made in bad faith, with the intent to gain some kind of tactical advantage, or to deceive the Magistrate Court or the defendants. *See* Docket No. 230, at 17-26. As such, precluding the government's use of the discovery at trial is not warranted.

In terms of "the extent of the prejudice, if any, to the [defendants]," *Lee*, 834 F.3d at 159, that factor also weighs against imposing a sanction of evidence preclusion. The defendants fail to identify in what way the twelve-day delay in obtaining access to the

---

[3] Again, the government acknowledges that once it realized it could not comply with the deadline due to the absence of a protective order, it should have immediately sought relief from the Magistrate Court instead of withholding the discovery.

11

discovery materials "affected some aspect of [their] trial strategy." *Id*. at 158 (citation omitted). Moreover, the defendants' attorneys now have access to the discovery. To the extent the defendants complain of prejudice because they themselves do not have access to the discovery, the government notes that the defendants could have prioritized litigating the terms of the protective order in order to gain access to the materials. Instead, they made the strategic decision to focus on the motion for sanctions against the government. This Court has recognized that strategic litigation decisions by defendants that result in pretrial delay do not count against the government simply because of misconduct.[4] *See, e.g.*, *United States v. Parks et al.*, 19-cr-87, Docket No. 1005, at 7-9, 13-14 9 ("The delay is a result of defense motions by and large . . . and defense motions that inured to the defendant's benefit;" "But the defendants chose, and I think wisely chose, to litigate a number of issues in this case that they felt would result in a more favorable trial posture for them. And they won a lot of those motions.").  Here, defense counsel could have pressed the Magistrate Court to decide the issue of the protective order in order to ensure that their clients had access to the discovery.  They did not.  Instead, they pursued sanctions against the government. The defense did not have to choose one or the other—they could have litigated both issues simultaneously. That they chose not to and, instead, urged the Magistrate Court to dismiss the indictment with prejudice, was, as this Court has recognized, a strategic decision. Defense counsel should not be allowed to argue that the consequence of that strategic decision, that is, a delay in the defendants' ability

---

[4] The Court relied on *United States v. Esquilin*, for the holding that when the defense makes a motion that arises out of government misconduct, that time is not charged to the government.  Only if the government's misconduct was intentional does that time get charged to the government.  The government has appealed the Magistrate Court's bad faith finding in this case and contends that *Esquilin* applies with equal vigor here.

to review the discovery, constitutes prejudice warranting the imposition of sanctions against the government.

Simply put, the defendants cannot and do not show any substantial prejudice caused by the twelve-day delay in the disclosure of discovery. *See Sanchez*, 912 F.2d at 23 (no prejudice where the defendant "knew the existence of" the late-disclosed evidence "from the outset of the trial."); *cf. United States v. Thomas*, 239 F.3d 163, 165-166, 168 (2d Cir. 2001) (finding prejudice where defendant's statement was disclosed *after his direct examination* because it would have affected his decision to testify). Moreover, even if the defendants could show any residual prejudice, they have yet to explain how a continuance does not cure it. *Lee*, 834 F. 3d at 159. Defendants can ask for more time to engage with the discovery. *See United States v. Pineros*, 532 F.2d 868, 871-72 (2d Cir. 1976) (no prejudice where defendant failed to ask for recess or continuance upon receiving new documents); *see also*, *United States v. Monsanto Lopez*, 798 F. App'x 688. 690-91 (2d Cir. 2020) (Summary Order) (affirming district court's granting of continuance as remedy to cure government's production of additional Rule 16 discovery one month before trial and eleven months after stating that all Rule 16 discovery had been produced where court concluded that the late disclosure of additional discovery did not cause the defendant substantial prejudice).

Finally, in terms of other relevant circumstances that militate against preclusion of the discovery, *Lee*, 834 F.3d at 159, this case is in its preliminary stages. There has been no motion schedule put in place or trial date set. Accordingly, as a matter of law, defendants have not established that the Magistrate Court clearly erred when it refused to impose the sanction of precluding the discovery as evidence at trial.

13

## CONCLUSION

For the reasons set forth above, defendants Gerace and Gogolack have failed to demonstrate that the Magistrate Court clearly erred in denying defendants' request for the dismissal of the Second Superseding Indictment with prejudice or the exclusion of the discovery as evidence at trial.

DATED: Buffalo, New York, October 4, 2024

                                              TRINI E. ROSS
                                              United States Attorney


BY:   s/CAITLIN M. HIGGINS
        s/TIFFANY H. LEE
        Assistant United States Attorneys
        Western District of New York
        138 Delaware Avenue
        Buffalo, New York 14202