IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

      v.                                                                  23-CR-99-LJV

SIMON GOGOLACK, et al.,

               Defendants.

---

## MOTION FOR A STAY OF THE MAGISTRATE COURT'S PROTECTIVE ORDER

**THE UNITED STATES OF AMERICA**, by and through its attorneys, Trini E. Ross, United States Attorney for the Western District of New York, Casey L. Chalbeck, Assistant United States Attorney, of counsel, hereby submits the following motion for a stay of the Magistrate Court's protective order (Docket No. 254).

### I.    FACTUAL & PROCEDURAL BACKGROUND

*A. General Background*

On August 23, 2024, the Magistrate Court sanctioned the government for failing to meet a discovery deadline. The sanctions included precluding the government from seeking a protective order relative to the discovery. *See* Docket Nos. 199 and 200.

The government appealed the Magistrate Court's Decision and Order pertaining to the sanctions imposed. Docket No. 230. The government also sought a stay of the imposition of sanctions, which this Court granted on August 26, 2024. Docket No. 202. On September 24, 2024, this Court partially lifted the stay to permit the defendants to submit a proposed protective order for the Magistrate Court's consideration without prejudice to the government making a further motion for a stay upon entry of the protective order by the Magistrate Court.

Docket No. 233.  The defendants filed their proposed protective order on September 30, 2024.  Docket No. 238.

On October 9, 2024, the Magistrate Court entered a protective order, Docket No. 254, "[w]ith a few modifications" from the proposed protective order submitted by the defendants.  Docket No. 256.  The Magistrate Court ordered that its protective order is to take effect on October 15, 2024, absent further application for a stay by the government.  *Id.*

The government now moves for a stay of the Magistrate Court's protective order, Docket No. 254, for the duration of its appeal of the Magistrate Court's August 23, 2024, Decision and Order prohibiting the government from having any input into the terms of such protective order.  For the reasons stated below, the government's motion for a stay should be granted.

    B.  *The Magistrate Court's Protective Order*

On October 9, 2024, the Magistrate Court issued its protective order, Docket No. 254, which was the protective order requested by the defendants, Docket No. 238, "[w]ith a few modifications."  Docket No. 256.  Anticipating that the government would, as provided for in this Court's September 24, 2024, Order, move for a stay of the implementation of the protective order, the Magistrate Court also issued a Decision and Order setting forth the reasons it believed any stay of the protective order would be inappropriate.  Docket No. 256.[1]

---

[1]     The government notes that because the Decision and Order was issued prior to the government even moving for a stay, it is, in effect, an "advisory opinion" which should not be considered by this Court. *Aetna Life Ins. Co. of Hartford, Conn. v. Haworth*, 300 U.S. 227, 242 (1937).  The Constitution prohibits "federal courts" from "render[ing] advisory opinions"—i.e., opinions rooted in "abstractions" and divorced from actual, "concrete legal issues." *Golden v. Zwickler*, 394 U.S. 103, 108 (1969) (internal quotations omitted); *see Princeton Univ. v. Schmid*, 455 U.S. 100, 102 (1982) ("We do not sit to decide hypothetical issues or to give advisory opinions about issues as to which there are not adverse parties before us.").  This limitation not only "confines federal courts to the role assigned them by Article III," but also

The Magistrate Court's October 9, 2024 Decision and Order suggests that the government is unlikely to succeed on the merits relative to the protective order because the court has wide discretion to impose a sanction, and the sanction pertaining to precluding the government from seeking the protective order is tethered to the government's failure to seek the protective order during the three months it was given to provide discovery, and its failure to provide the discovery by that deadline. In the Magistrate Court's view, any irreparable injury to be suffered by the government would be due to the government's own conduct. Docket No. 256,

---

ensures that the parties—not the courts—use "adversary argument" to "explor[e] every aspect of conflicting and demanding [litigation] interests." *Flast v. Cohen*, 392 U.S. 83, 96 (1968) (internal quotations omitted). After all, federal courts have "no legal interest in a case or its outcome," *Ligon v. City of New York*, 736 F.3d 166, 171 (2d Cir. 2013), and thus "do not, or should not, sally forth each day looking for wrongs [from within those cases] to right," *United States v. Sineneng-Smith*, 590 U.S. 371, 375 (2020). Rather, as the Supreme Court has explained, it is the role of the federal courts to "wait for cases to come to [them], and when [cases arise, courts] normally decide only questions presented by the parties." *Id.*

at 6–7. In terms of the public interest, the Magistrate Court opined that the public's interest in the prompt administration of justice required denial of any stay.[2, 3]

## II.   LEGAL FRAMEWORK

As to the government's entitlement to a stay of that protective order, the government notes that "[i]t takes time to decide a case on appeal," which is why, "as part of its traditional equipment for the administration of justice, a federal court can stay the enforcement of a

---

[2]   The Magistrate Court criticized the government for failing to address the factors relating to the issuance of stays when it moved to stay the Magistrate Court's August 23, 2024 Decision and Order, a stay which this Court granted. *See* Docket No. 256, at 1 (citing Docket No. 201). The government notes that motions for stays in criminal cases are routinely made, considered, and granted without the moving party explicitly addressing the factors that regulate the issuance of a stay. *See, e.g.*, Aff. in Support of Mot. for Stay, *United States v. Thomas*, 21-MJ-564, Docket No. 8, (dated May 4, 2021) (affirmation by defense counsel seeking a stay but not addressing the four factors); Aff. in Support of Mot. for Extension & Stay, *United States v. Nagi*, 15-CR-148, Docket No. 39, (dated June 28, 2016) (affirmation by government seeking an extension and a stay without addressing the four factors); Mem. in Support of Mot. for Stay, *United States v. Kelley*, 10-CR-266, Docket No. 19, (dated Sept. 30, 2010) (successfully moving for a stay without addressing the four factors); Mot. for Stay, *United States v. White*, 22-MR-154, Docket No. 19, (dated May 23, 2023) (affirmation by defense counsel seeking a stay without addressing the four factors); *see also* Minute Entry, *United States v. MacCallum*, 15-CR-204, (dated Apr. 28, 2016) (stay of release order granted by Magistrate Judge McCarthy without reference to or requiring adherence to the four stay factors).

[3]   Additionally, it is unclear if the four factors governing stays issued by an appellate court apply to stays of a Magistrate Court's order issued by a district court. At the very least, district courts within the Second Circuit have reviewed motions for stays under more flexible criteria than the four appellate factors embraced by the Magistrate Court in this matter. *See, e.g.*, *Shaw v. Hornblower Cruises & Events, LCC*, No. 21 CIV. 10408 (VM), 2023 WL 2330368, at *4 (S.D.N.Y. Mar. 2, 2023) (in a case regarding a stay of a discovery order, noting, in relevant part, that a stay "may be entered upon a moving party's showing of 'good cause'" (quoting *In re Application of Sukhbaatar Batbold for an Order Pursuant to 28 U.S.C. § 1782*, No. 21 MC 218, 2023 WL 2088524, at *9 (S.D.N.Y. Feb. 17, 2023))); *United States v. $278,780.80 in Funds*, No. 11 CIV. 00555 KBF, 2012 WL 4747209, at *2 (S.D.N.Y. Oct. 4, 2012) (referencing a "necessary or appropriate" standard in connection with the government's motion for a stay of a magistrate court's order); *Sheehy v. Wehlage*, 1:02-CV-592A, 2007 WL 836811, at *1, (W.D.N.Y. Mar. 15, 2007) (granting stay of Magistrate Court's sanctions order without reference to the four traditional appellate factors).

4

judgment pending the outcome of an appeal." *Nken v. Holder*, 556 U.S. 418, 421 (2009)(internal citation and footnote omitted). It is the burden of the party seeking the stay to show that circumstances justify the exercise of the court's discretion in this regard. *Id*. at 434. A stay is not a matter of right, even if irreparable injury might result. *Id*. at 433.

In the appellate context, four criteria are relevant in considering whether to issue a stay of an order pending appeal: "(1) whether the stay applicant has made a strong showing that he [or she] is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *United States v. Grote,* 961 F.3d 105, 122–23 (2d Cir. 2020) (*citing In re World Trade Ctr. Disaster Site Litig*., 503 F.3d 167, 170 (2d Cir. 2007) (internal quotation marks and footnote omitted)).

The Supreme Court has recognized that, in the appellate context, the first two factors, pertaining to whether the stay applicant has made a strong showing of likelihood of success on the merits and whether the applicant will be irreparably injured absent a stay, "are the most critical." *Nken*, 556 U.S. at 434. As for the first factor, "it is not enough that the chance of success on the merits be 'better than negligible.'" *Id*. (quoting *Sofinet v. INS*, 188 F.3d 703, 707 (7th Cir. 1999) (internal quotation marks omitted)).

### III.  ARGUMENT

With respect to the first factor, the government has a strong chance of prevailing on its appeal. Despite the Magistrate Court's insistence that what occurred here constituted bad faith by the government, even the caselaw relied upon by the Magistrate Court does not

5

support that finding. [4] *See e.g., Baker v. Health Mgmt. Sys., Inc.*, 264 F.3d 144, 149 (2d Cir. 2001) (noting that the Second Circuit "has interpreted [the bad faith] exception restrictively, requiring both 'clear evidence that the challenged actions are entirely without color, and [are taken] for reasons of harassment or delay or for other improper purposes, and a high degree of specificity in the factual findings of [the] lower courts.'" (quoting *Oliveri v. Thompson*, 802 F.2d 1265, 1272 (2d Cir. 1986))).

Second, there will be irreparable injury if a stay of the protective order is denied. As with the first factor, the Supreme Court has recognized it is not enough to show some "possibility of irreparable injury." *Nken*, 556 U.S. at 434. Here, where the defendants are facing charges involving obstruction, witness intimidation, and witness retaliation, allowing the Magistrate Court's protective order to take effect, without input from the government, puts third parties and potential witnesses at risk and provides no consequences to anyone who breaches the protective order. "Among the considerations to be taken into account by the court will be the safety of witnesses and others, a particular danger of perjury or witness intimidation . . . ." FED. R. CRIM. P. 16 advisory committee notes (1966)). A protective order "would be appropriate where there is reason to believe that a witness would be subject to physical or economic harm if his [or her] identity is revealed." FED. R. CRIM. P. 16 advisory committee notes (1974).

---

[4] The Magistrate Court principally relies upon *Dow Chemical Pacific Ltd. v. Rascator Maritime S.A.*, 782 F.2d 329 (2d Cir. 1986), for its definition of what constitutes "bad faith," even though that case discusses "bad faith" in the context of the exception to what is known as the American Rule when it comes to the award of attorney's fees in civil cases as a sanction. The government has argued on appeal that *Dow Chemical* is inapplicable in the context of a Rule 16 criminal discovery violation. *See* Docket No. 230, pp. 13–17. Nevertheless, even were this a civil case, the defendants fail to show clear evidence sufficient to establish entitlement to a sanction under that exception. Docket No. 230, pp. 11–13.

In this vein, the Magistrate Court's protective order, which is scheduled to take effect on October 15, 2024, incorporates a definition of the term "third party" that is overly broad and, as such, will allow individuals to have access to the government's discovery who, for witness safety reasons, should be denied such access. Specifically, as Footnote 2 of the Protective Order instructs, discovery material can be disclosed to "*any* potential witness that the defendants, counsel, or any agent of counsel or the defendants seeks to interview." Docket No. 254 at 2 n.2. Stated otherwise, any member of the Outlaws MC—a DOJ-designated criminal enterprise whose mottos include "Snitches are a Dying Breed" and "God Forgives, Outlaws Don't"—could have access to the discovery provided just one of the two defendants who are part of the organization's national or international leadership deems him a "potential witness."

To be sure, as the Magistrate Court notes, the government did not expeditiously seek a protective order notwithstanding these circumstances. The reality, however, is that Rule 16(d)(1) imposes no time limit on when a protective order must be sought. Nor is there any case law that suggests such a time limit. *See United States v. Smith*, 985 F. Supp.2d 506, 542 (S.D.N.Y. 2013) (rejecting argument that government had forfeited its option under Rule 16(d)(1) to seek a protective order).

Moreover, sanctioning the government by preventing it from seeking a protective order or having input as to its terms undermines the interest and safety of third parties. It is on behalf of those individuals and for their protection that the government sought a protective order in the first place. While the government does recognize the court's wide discretion to impose sanctions in the area of Rule 16 violations and under its inherent authority, the government also recognizes that courts should "impose the least severe sanction that will

7

accomplish prompt and full compliance with" the violated discovery requirement. *United States v. Gonzales*, 164 F.3d1285, 1292 (10th Cir. 1999). Particularly as it pertains to precluding the government from seeking a protective order, the sanctions imposed by the Magistrate Court fell outside of its considerable discretion.

Third, the balance of hardships and the public interest weigh in favor of this Court granting a stay of the protective order pending the government's appeal of the Magistrate Court's sanction order. The government does not disagree that the prompt administration of justice is in the public's interest.[5] However, the Court should also consider the "privacy interests of innocent third parties." *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995). In that regard, the Magistrate Court's protective order is devoid of the most critical third-party protections proposed in the government's protective order, *see* Docket No. 129, Exhibit A, or the protections found in other protective orders issued within this district. *See, e.g.*, Protective Order, *United States v. Parks*, 19-CR-87, Docket No. 187, (dated Jan. 15, 2020) (ordering that "copies of the material set forth above shall not be provided to third parties except those persons or entities employed or engaged for the purpose of assisting in the defense of this action" and further ordering the copies of the materials not be provided to the defendants); Protective Order, *United States v. Figueroa et al.*, 6:18-CR-6094, Docket No. 92, (dated Aug. 7,

---

[5] Notably, none of the defendants appealed or otherwise challenged the Magistrate Court's June 3, 2024, imposition of an "attorney's eyes only" protective order- a protective order that remains in effect pending the instant motion for a stay of the Magistrate Court's October 9, 2024, protective order. Though the resulting inability of the defendants themselves to view the government's discovery may ultimately cause a delay in the administration of justice, that delay is, in part, the byproduct of the defendants' own litigation strategy seeking the dismissal of the indictment with prejudice, among other sanctions. *Cf. United States v. Aquart*, 92 F.4th 77, 98 (2d Cir. 2024) ("[D]elays sought by counsel are ordinarily attributable to the defendants they represent." (quoting *Vermont v. Brillon*, 556 U.S. 81, 85 (2009))).

8

2018) (similar).[6] At this stage of the proceeding, the interests of justice weigh heavily against issuing the Magistrate Court's October 9, 2024 protective order.[7] *See United States v. Gangi*, 1998 WL 226196, at *3 (S.D.N.Y. 1998).

Finally, to the extent that there is concern that the delay resulting from the stay and the appeal would cause prejudice to the defendants, the government notes that as of October 15, 2024, the appeals[8] of the Magistrate Court's August 23, 2024, Decision and Order will be fully briefed. As such, the resolution of the issues on appeal should occur promptly.

## CONCLUSION

WHEREFORE, the government respectfully requests that the Court grant its motion for a stay of the Magistrate Court's October 9, 2024, protective order pending resolution of the government's appeal of the Magistrate Court's August 23, 2024, Decision and Order

---

[6] Tellingly, the standard protective order entered in criminal cases in the Western District of New York provides more protection to witnesses than the protective order issued by the Magistrate Court. *See, e.g.*, Protective Order, *United States v. Aguirre et al.*, 15-CR-143, ECF No. 30, (dated Oct. 21, 2015); Protective Order, *United States v. Garner*, 17-CR-49, ECF No. 117, (dated June 21, 2018) (regarding witness statements and criminal history reports); Protective Order, *United States v. Kinsey, et al.*, 19-CR-237, ECF No. 23, (dated Dec. 6, 2019) (regarding discovery and search warrant applications).

[7] The government sought to enter a protective order by consent but failed after only one attorney expressed consent to the government's proposed protective order. The government remains ready, willing, and able to meet and confer with the defendants to find an acceptable protective order for all parties. Should the Court grant the government's motion for a stay, the government would request that the Court also direct the parties to meet, confer, and make a good-faith effort to draft a proposed protective order that balances the defendants' right to prepare for trial with the government's interest in protecting third parties and witnesses.

[8] In addition to the government's appeal of the Magistrate Court's August 23, 2024 Decision and Order, defendants Gerace and Gogolack also appealed that Decision and Order to this Court. *See* Docket No. 231 (Gerace); and Docket No. 228 (Gogolack).

9

imposing sanctions on the government for failing to provide discovery by the Magistrate Court's discovery deadline.

DATED: Buffalo, New York, October 14, 2024.

                                      TRINI E. ROSS
                                      United States Attorney

BY:    s/ CASEY L. CHALBECK
        Assistant United States Attorney
        United States Attorney's Office
        Western District of New York
        138 Delaware Avenue
        Buffalo, New York 14202
        (716) 843-5881
        Casey.Chalbeck@usdoj.gov