IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

-v-                                                                               Case No.: 23-CR-99

PETER GERACE, JR.,

                    Defendant.

_____

**MEMORANDUM IN REPLY TO THE GOVERNMENT'S
RESPONSE TO OBJECTIONS BY DEFENDANT PETER GERACE, JR.**

Dated: October 15, 2024

                                                                                     s/ Mark A. Foti, Esq.
                                                                                     Mark A. Foti, Esq.
                                                                                     The Foti Law Firm, P.C.
                                                                                     16 W Main Street, Suite 100
                                                                                     Rochester, NY 14614
                                                                                     (585) 461-1999

On August 23, 2024, Magistrate Judge McCarthy issued a Decision and Order that ordered sanctions in response to a determination that the government had acted in bad faith in regard to its discovery obligations. Docket Item 200 (hereafter "the Sanctions Order"). Those sanctions did not include dismissal of the indictment or a hearing, relief the defense had advocated for. *See* Docket Item 188.

The government appealed the sanctions that were imposed. Docket Item 230. The government's appeal avoided any discussion of misconduct within the record other than the Rule 16 violations, and even in that regard, the government repeatedly minimized the significance of its conduct. *See e.g.*, Docket Item 230 at 29-30. ("the only cognizable argument the defendants can and do make is that there was a twelve-day delay in receiving discovery.")

The appeal avoided acknowledging that the discovery violation came after it had opposed defense attempts to set a discovery deadline in January 2024, and then when the Magistrate Judge finally pressed the issue in late February, the government requested an extensive 90 days, 50% longer than what the Magistrate Judge proposed, claiming the additional time would provide "cushion" to ensure there would be no discovery issues. In order to convince the Magistrate Judge to grant that request, the government advised the Court that it would be able to engage rolling discovery, which the Magistrate Judge directed as part of his Order, and the government just completely blew it off.

The defense has since filed a response to the government's motions that independently addresses the background of this case, in detail, and touches upon some of the issues above, but focuses on the position that the Magistrate Judge was well within his discretion to enact the sanctions that he imposed, even if the defense believes they did not go far enough. Docket Item 249. The defense incorporates by reference the entirety of its response, because of the extensive factual background is relevant to an appropriate determination of sanctions, and the discussion includes detailed review of how extensive the discovery violations in this case were.

The defense for Mr. Gerace also filed objections to the Sanctions Order, based "on the grounds that review of the entirety of the record supports a conclusion that the sanctions were insufficient to address the totality of misconduct, to remedy the prejudice sustained by the defendants, and to deter future misconduct by the US Attorney's Office in regard to its discovery obligations and its candor to the Court." Docket Item 231 at 2.

The defense recognized that the Sanctions Order appeared to have tailored sanctions strictly to the discovery violation and the government's willful decision to withhold discovery after the extensive deadline to finish disclosure had already expired. Id.

However, as part of its objections, the defense specifically requested that "this Court determine a sanction that accounts for the entirety of the record, including all evidence of misconduct both direct and circumstantial, and dismiss the indictment with

prejudice, or issue an order of dismissal, and conduct a hearing to determine whether dismissal should be with or without prejudice." Docket Item 231 at 2-3.

Specifically, the defense reviewed and incorporated the various submissions in the record that address various areas of misconduct in this case, including those related to discovery, but also prosecutorial acts that are independent of the discovery violations, including the appearance of prosecutorial judge-shopping in the early stages of this case, an indictment that includes allegations the government knew to be false, inappropriate litigation to manipulate the speedy trial clock and specific misrepresentations made to the Court, among other issues. *See generally*, Docket Item 231.

In regard to Mr. Gerace's objections, the government filed a response. Docket Item 241.

Despite the point that the defense objections to the Sanctions Order is premised primarily on the position that additional misconduct within the record should inform on the appropriate sanctions, the government's response avoids addressing any of the misconduct discussed at various points in the record and, again, limits its discussion to Rule 16 violations. *See e.g.*, Docket Item 241 at 6 ("Here, the sanction that would provide the best remedy to the twelve-day delay in the production of discovery is a

4

continuance."), 13 ("Simply put, the defendants cannot and do not show any substantial prejudice caused by the twelve-day delay in the disclosure of discovery.")[1]

But the point of Mr. Gerace's appeal is that there is a record of misconduct that exceeds the willful discovery violation. Indeed, the defense noted that "Based on the entirety of the record, it is the defense's position that the appropriate sanction is dismissal with prejudice. However, if the Court determines that the sanction should be narrowly tailored to the willful discovery violation, and it is determined that other evidence of misconduct is not relevant this particular sanction, then the defense seeks leave to bring motions for further sanctions at a later time." Docket Item 231 at 5.

So, there is nothing further to provide a substantive reply at this time, because the government does not directly address that point. The inordinate evidence of bad faith in multiple areas of this case remains uncontroverted by the government, and it is respectfully requested that based on the entirety of the record and the arguments presented, that that a more meaningful sanction be imposed, or perhaps, more appropriately, a hearing be ordered.

---

[1] Of course, as discussed extensively in the defense's Response to the Government's Appeal, the claim that the misconduct amounted to a 12-day sanction is not supported by the history of this record. The government's opposition to a deadline and inaction on disclosure, at a minimum, amounted to months of delay.

5

Indeed, when there was evidence of misconduct in *US v Morgan*, the Court was prepared to hold a hearing to bring forth the facts in order to decide whether an earlier order of dismissal should have been issued with prejudice.

That hearing was not ultimately held, because of actions the government took to avoid it, including misdemeanor pleas and promises to ensure that the conduct was not repeated. The case would have never seen appellate review, but a local news outlets appeal of a sealing order caused the Second Circuit to touch upon the procedure. The language was significant.

> There is a strong public interest in the manner in which criminal cases are conducted, including the handling of any allegations of prosecutorial misconduct during the discovery phase of the case. It would be difficult to single out any aspect of government of higher concern and importance to the people than the manner in which criminal trials are conducted. *The court expects all attorneys who appear before it to conduct themselves with the utmost candor, but that expectation is particularly keen when it comes to attorneys representing the United States of America because they are guardians of the public interest*.
>
> *Gannett Media Corp. v. United States*, 2022 U.S. App. LEXIS 35099, *1 (emphasis added).

Judge McCarthy clearly went to great lengths to fashion an order the appropriately addresses the government's misconduct in regard to the discovery violation, but the defense asks for a more expansive order based on a more expansive record of misconduct than what was addressed by Judge McCarthy.

6

As such, for all of the reasons set forth above, and in the original objections, and all submissions referenced and incorporated therein, Mr. Gerace respectfully requests that this Court consider the entire record of misconduct, including the facts associated with discovery and other issues raised in the defense briefing, and issue an order of dismissal with prejudice, or an order of dismissal with a determination regarding prejudice following a fact-finding hearing.

Dated: October 15, 2024

                                                /s/ Mark A. Foti
                                                Mark A. Foti, Esq.

## **CERTIFICATE OF SERVICE**

I hereby certify that, on October 15, 2024, this reply memorandum is served on all counsel of record by electronically filing the submission with the Clerk of the United States District Court for the Western District of New York using the Court's Case Management/Electronic Case Filing system.

DATED:  October 15, 2024
          Rochester, New York

s/Mark A. Foti
Mark A. Foti, Esq.