

**U.S. Department of Justice**

*United States Attorney*
*Western District of New York*

---

*Federal Center*  *716/843-5700*
*138 Delaware Avenue*  *fax 716/551-3052*
*Buffalo, New York  14202*  *Writer's Telephone: 716/843-5839*
 *Joseph.Tripi@usdoj.gov*

October 25, 2024

Honorable Lawrence J. Vilardo
United States District Judge
2 Niagara Square
Buffalo, New York  14202

    RE:    <u>United States v. Gogolack, et al., 23-CR-99</u>

Dear Judge Vilardo:

    The government writes with respect to a proposed sanction raised by the Court during the October 23, 2024 Oral Argument.  At one point, the Court suggested imposing the potential sanction of charging the government with five months of delay for due process speedy trial purposes. The government has re-evaluated its earlier position and, given the unusual circumstances of this case, it would agree to waive its challenge to the appropriateness of such a sanction, for this case alone, were the Court to impose it.  The sanction of charging five months of constitutional speedy trial delay against the government exceeds the Magistrate Court's decision, which recommended that three months of Sixth Amendment delay should be attributable to the government if and when a Constitutional challenge is interposed.

    In waiving its current challenge to this type of sanction for this case, the government is endeavoring to acknowledge the concerns raised by the Magistrate Court, and this Court's observations during oral argument that twelve days of Speedy Trial Act time may be impossible to impose because certain motions were pending that would exclude Speedy Trial Act time by operation of law.  Rule 16(d)(2)(D) of the Federal Rules of Criminal Procedure provides the Court with discretion to enter an order that is "just under the circumstances." Under the circumstances here, the government's acceptance of the Court's proposal accomplishes "the desired result— prompt and full compliance with the court's discovery orders."  *See United States v. Sarcinelli*, 667 F.2d 5, 7 (5th Cir. 1982).  Imposing this sanction will allow the case to move forward unencumbered by further delay on this issue, which protects both the rights of the defendants and the public to a speedy trial, and may be imposed without attaching a bad faith finding to the three individual prosecutors on this case, namely AUSAs Joseph M. Tripi, Nicholas T. Cooper, and Casey L. Chalbeck.

    Nevertheless, as set forth in the government's appeal, and at the October 23, 2024 Oral Argument, the Court should vacate the Magistrate Court's bad faith finding as to AUSAs Tripi, Cooper, and Chalbeck.  A finding of bad faith applies to individual prosecutors, not the U.S. Attorney's Office as a whole, and is unnecessary and unwarranted under the circumstances of this case. During oral argument, the Court asked for specific ways in which

the Magistrate Court's Decision and Order was clearly erroneous or contrary to law. As stated at oral argument, and as set forth in greater detail in the government's prior briefing, *see* Doc. Nos. 230, 241, 263, the ways in which the Decision and Order was clearly erroneous and contrary to law, include, but are not limited to the following:

1. The bad faith findings are contrary to law because in a criminal case, the Second Circuit has said that "[a]n act is 'in bad faith' if it is intentionally deceptive or dishonest." *United States v. Bove*, 888 F.3d 606, 608 (2d Cir. 2018). There is no evidence—let alone "convincing evidence"—that AUSAs Tripi, Cooper, and Chalbeck acted in an intentionally deceptive or dishonest manner. In that regard, it is critical that in close calls, courts in this circuit "will not infer that the Government acted in bad faith without . . . *convincing* evidence." *United States v. Alorwornu*, No. 3:23-CR-00013-SVN, 2024 WL 4241879, at *5 (D. Conn. Sept. 19, 2024) (emphasis added) (quoting *United States v. Nordlicht*, No. 16-CR-00640 (BMC), 2019 WL 235640, at *3 (E.D.N.Y. Jan. 16, 2019)).

2. Even if viewed through a civil law lens, the bad faith findings are contrary to law because such findings failed to heed the Second Circuit's admonition that "bad faith is personal," and requires factual findings "characterized by a high degree of specificity," as to each actor. *Dow Chem. Pac. Ltd. v. Rascator Mar. S.A.*, 782 F.2d 329, 344 (2d Cir. 1986); *see Kerin v. U.S. Postal Serv.*, 218 F.3d 185, 191 (2d Cir. 2000) (explaining that a "bad faith exception must be supported by 'clear evidence' and that the factual findings of the court below must exhibit a high degree of specificity" (internal quotations and emphasis omitted)). Moreover, the Second Circuit interprets the bad faith standard "restrictively," *Oliveri v. Thompson*, 803 F.2d 1265, 1272 (2d Cir. 1986), and reads statutes authorizing sanctions "narrowly and with great caution," *Mone v. C.I.R.*, 774 F.2d 570, 574 (2d Cir. 1985).

3. The bad faith findings are also clearly erroneous because there was no express order to produce rolling discovery, and the Magistrate Court did not condition providing 90 days to produce voluntary discovery upon the production of rolling discovery. *See* Feb. 23, 2024 Status Conf. Tran., at 10:15–23, Doc. No. 124; Text Order, Doc. No. 73, (dated Feb. 23, 2024) ("direct[ing] the government to provide discovery on a rolling basis, to [the] *extent possible*" (emphasis added)). AUSA Cooper made no misrepresentations to the Magistrate Court with respect to producing rolling discovery, and there is no "convincing" evidence to the contrary. *Compare* Aug. 23, 2024 Oral Arg. Tran. at 24:21–24 (Magistrate Court's characterization of AUSA's representations from February 23rd status conference), *and* Dec. & Order, at 6, (Doc. No. 200) (same); *with* Doc.

No. 124 at 10:15–23 (AUSA's actual representations during the February 23rd status conference).[1]

The case law illustrates that bad faith requires more than volition. It requires convincing evidence of a mental state that the evidence in this case simply does not bear out. As the Court noted during oral argument, attorneys miss deadlines; they are fallible. Fallibility, however, does not transform missed deadlines, without more, into bad faith.

The government respectfully requests that the Court consider imposing the sanction it proposed during oral argument, and vacate, as clearly erroneous and contrary to law, the Magistrate Court's finding of bad faith against the individual AUSAs.

Very respectfully,

TRINI E. ROSS
United States Attorney

BY:   s/ JOSEPH M. TRIPI
Assistant United States Attorney

3

---

[1] Indeed, the government's failure to produce rolling discovery could not even qualify as civil contempt, which requires a violation of a "clear and unambiguous order" capable of informing the parties from its "four corners . . . precisely what acts are forbidden," let alone support a finding of bad faith. *King v. Allied Vision, Ltd*, 65 F.3d 1051, 1058 (2d Cir. 1995) (internal quotations omitted).