

U.S. Department of Justice

*United States Attorney*
*Western District of New York*

*Federal Center*      *716/843-5700*
*138 Delaware Avenue*      *fax 716/551-3052*
*Buffalo, New York  14202*      *Writer's Telephone:  716/843-5881*
     *Casey.Chalbeck@usdoj.gov*

October 25, 2024

**VIA PACER**
Honorable Lawrence J. Vilardo
United States District Court Judge
2 Niagara Square
Buffalo, New York  14202

        RE:    **Protective Order**
                   **United States . Gogolack, et al., 23-CR-99**

Dear Judge Vilardo:

      Pursuant to the Court's communication with the parties on October 24, 2024, the government submits its proposed protective order (Exhibit A) and a redlined version between it and the Magistrate Court's protective order (Exhibit B). The government requests the following global modifications:

      **Expand the Protective Order's scope to encompass all the Rule 16 discoverable material**. The Magistrate Court's protective order limits protections to the material described and identified in the Addendum. But there are myriad ways not contemplated by the current protective order in which witnesses can be identified, an issue of particular concern given that several defendants are members of, or have ties to, sophisticated, resource-rich criminal organizations with an international footprint.[1] A general protective order, such as the one proposed by the government, is broad enough to both facilitate the defendants' trial preparations and address the government's concerns regarding witness safety and obstruction.

      **Remove restrictions on the government's ability to share discoverable information with the government**. The Magistrate Court's protective order prohibits the disclosure of discoverable material to "the government or any agent of the government, except as necessary in connection with pretrial proceedings." ECF No. 254 at 2 ¶ 1. The undersigned has not been able to find any precedent for this restriction, which broadly interferes with the government's ability to share law enforcement sensitive information amongst federal and state law enforcement agencies in furtherance of other investigations separate from this proceeding. Such disruption and interference should not be authorized by the federal judiciary.[2] The government's duty to see that

---

[1]     The Department of Justice has deemed the Outlaws Motorcycle Club a criminal enterprise that "pose[s] a serious national domestic threat." Outlaw Motorcycle Gangs (OMGs), DEPT. OF JUSTICE, (updated Nov. 15, 2023), https://www.justice.gov/criminal/criminal-vcrs/gallery/outlaw-motorcycle-gangs-omgs.

[2]     The circumstances leading up to, and surrounding, Ms. Quinn's death remain under investigation. By narrowing the use of discoverable information to "pretrial proceedings, trial preparation or other proceedings," the

the laws be faithfully enforced is constitutionally rooted, *see* U.S. Const. Art. II, § 1, cl. 1 (tasking the Executive Branch to "take [c]are that the [l]aws be faithfully executed"), and "[f]ree and open cooperation between state and federal law enforcement officers is to be commended and encouraged"—not limited, restricted, and proscribed. *Elkins v. United States*, 364 U.S. 206, 221 (1960). And beyond traversing the separation of powers and undermining the public good of effective law enforcement, the protective order's terms are unworkable: much of the discoverable information co-exists in separate law enforcement file systems, and the government has no realistic way of preventing the multitude of law enforcement agencies that contributed to the investigation from using information—often information they independently obtained or generated—in furtherance of criminal investigations. In sum, many of the materials are owned by the various law enforcement agencies and were provided to the USAO to produce to the defense.

**Remove, for now, the regulation governing motions to suppress**. The Magistrate Court's protective order appears to prohibit the disclosure within suppression motions of "the names of any identified unindicted co-conspirators or identified confidential sources by name." ECF No. 254 at 3 ¶ 2. Because some affidavits might have witness statements that might otherwise be subject to 3500-specific protective orders, the government would ask that this provision be removed without prejudice to the parties seeking future modification or a search-warrant-specific protective order.[3] The government would propose that the Court direct the parties to make good-faith attempts to negotiate any modification to the protective order and/or any future protective order.

More generally—and out of consideration for the concerns some defendants expressed at oral argument on October 23, 2024—the government proposes entering a variation of the the protective order entered in *United States v. Rodriguez*, 19-CR-87-LJV, ECF No. 187, (dated Jan. 15, 2020); *United States v. Figueroa*, 18-CR-6094, ECF No. 92, (dated Aug. 7, 2018); and *United States v. Aguirre et al.*, 15-CR-143, ECF No. 30, (dated Oct. 21, 2015). These protective orders, which are nearly identical to one another, are substantially similar to the one entered by the Magistrate Court but omit the objectionable limitations referenced above and offer the following additional protections:

1. Order "that copies of [protected material] may not be provided by defense counsel to the defendants absent further order of the Court";[4]

---

protective order essentially prohibits the government from continuing that investigation, or any other related investigation. ECF No. 254 at 2 ¶ 1.

[3] Similarly, the government would remove the clause providing that "no presumption against modification shall apply." ECF No. 254 at 3 ¶ 3. The government has otherwise incorporated the substance of Paragraph 3 of Page 3 of the Magistrate Order into Paragraph 8 of Exhibit A.

[4] *See* Protective Order at 2, *United States v. Rodriguez et al.*, 1:19-CR-82-LJV, ECF No. 187 ("ORDERED, that copies of the material set forth above shall not be provided to the defendants absent further order of the Court . . . .").

2. Order that "defendants may review such information in defense counsel's office or in the presence of defense counsel";[5] and

3. Order "that, if the [protected material] is viewed in defense counsel's office, defense counsel must ensure that the defendant does not have any cellular telephone or other recording equipment with him or her at the time of such view."[6]

The government did not initially seek these provisions, and instead endeavored to balance the defendants' interest in possessing the discovery with the government's interest that they not employ members of outlaw motorcycle gangs as their private investigators or agents. But given that the defendants vehemently reject any such limitation, and to resolve this dispute efficiently, the government proposes that the Court enter a variation of the standard protective order applicable to Rule 16 discovery used in this district. *See supra* n. 4, 5. These provisions, or ones substantially like them, appear in multiple protective orders entered in this district (including by this Court) and balance the government's interest in protecting witnesses and private information with the defendants' ability to effectively prepare for trial.

Very respectfully,

TRINI E. ROSS
United States Attorney

BY: Casey L. Chalbeck
Assistant United States Attorney

Encl.

CC:

Counsel of record

---

[5] *See* Protective Order at 2, *United States v. Aguirre*, 15-CR-143, ECF No. 30, (dated Oct. 21, 2015) ("ORDERED that copies of the Discovery Information may not be provided by defense counsel to the defendants; *however, the defendants may review such information in defense counsel's office or in the presence of defense counsel*" (emphasis added)).

[6] *See supra* n. 4.

# Exhibit A

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

      v.                                                                                                    23-CR-99-LJV

SIMON GOGOLACK, et al.

                              Defendants.

## PROTECTIVE ORDER

As part of discovery in this action, the government has provided to counsel for the defendants pre-trial discovery material, including but not limited to: HSI and FBI case materials, investigative materials, materials relating to the execution of various search warrants, video footage, recorded jail calls, laboratory reports, extraction data for various electronic devices that were seized, and other items of evidence, all of which were provided on portable hard drives (the "Discovery Information"). The government has requested a protective order limiting the dissemination of the pre-trial discovery material on the grounds that the safety of potential witnesses, private information, and personal identifying information may be compromised. Thus, it is hereby

      1.      **ORDERED**, that the Discovery Information shall be used by counsel for the defendants, the defendants, and interns, clerks, and licensed investigators, and/or expert witnesses, solely in connection with pretrial, trial, or other proceedings in this action, including any appeals; and it is further

2.      **ORDERED**, that copies of the Discovery Information, or summaries of the content thereof, shall not be provided to third parties except those persons or entities employed or engaged for the purpose of assisting in the defense of this action; and it is further

3.      **ORDERED**, that the unauthorized copying, dissemination, and/or posting of copies, or the contents, of the above material on the internet or through any form of social media shall constitute a violation of the terms of this order; and it is further

4.      **ORDERED**, that copies of the Discovery Information not be provided to the defendants absent further order of the Court; however, the defendants may review such information in defense counsel's office or in the presence of defense counsel;[1] and it is further

5.      **ORDERED**, that if counsel for the defendant provides the defendant with access to the Discovery Information, counsel shall ensure that the defendant does not have access to a cellular telephone or any other photographic or video- or audio-recording equipment during such review; and it is further

6.      **ORDERED**, that nothing in this order shall preclude the parties from disclosing the Discovery Information during the course of the litigation of this action in pretrial proceedings, in memoranda filed, at trial or in post-trial proceedings, except that any identifying information should be redacted from any public filings; and it is further

7.      **ORDERED**, that any unredacted filings shall not be disclosed to third parties or the public by the defendants, counsel, or any agent of counsel or the defendants, except as necessary in connection with pretrial proceedings, trial preparation, or other proceedings in this action; and it is further

---

[1]     This provision does not bar the use of video-conference software to view materials covered by this Order between the parties otherwise authorized to view them.

8.      **ORDERED**, that counsel for the defendant or the defendant may apply to the Court for an order specifically permitting public disclosure of the Discovery Information; and it is further

9.      **ORDERED**, that at the conclusion of the litigation of this action, including any direct appeal, counsel for the defendant and the defendant shall return all copies of the Discovery Information to the government immediately upon request of the government, or certify to the government that such material has been destroyed.

DATED:  Buffalo, New York, October _____, 2024.

_____
HON. LAWRENCE J. VILARDO
United States District Court Judge

# Exhibit B

Case 1:23-cr-00099-LJV-JJM   Document 254   Filed 10/09/24   Page 1 of

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.     23-CR-99-LJV

SIMON GOGOLACK, et al.

Defendants.

**PROTECTIVE ORDER**

As part of discovery in this action, the government has provided to counsel for the defendants pre-trial discovery material, including but not limited to: HSI and FBI case materials, investigative materials, materials relating to the execution of various search warrants, video footage, recorded jail calls, laboratory reports, extraction data for various electronic devices that were seized, and other items of evidence, all of which were provided on portable hard drives (the "Discovery Information"). The government has requested a protective order limiting the dissemination of the pre-trial discovery material on the grounds that the safety of potential witnesses, private information, and personal identifying information may be compromised. Thus, it is hereby

ORDERED, that the Discovery Information shall be used by counsel for the defendants, the defendants, and interns, clerks, and licensed investigators, and/or expert witnesses, solely in connection with pretrial,

~~Case 1:23-cr-00099-LJV-JJM   Document 254   Filed 10/09/24   Page 2 of~~

---

[1] ~~Upon agreement of the parties, and subject to Court Order, the Addendum may be amended to incorporate additional information and material where appropriate.~~

**Formatted:** Footer

Case 1:23-cr-00099-LJV-JJM   Document 254   Filed 10/09/24   Page 3 of

1.	trial, or other proceedings in this action, including any appeals; and it is further

2.	**ORDERED**, that copies of the ~~information~~Discovery Information, or ~~material set forth in~~summaries of the ~~Addendum~~content thereof, shall not be ~~disclosed~~provided to ~~either~~ third ~~parties² or the public by the defendants, counsel, or any agent of counsel or the defendants, or the government or any agent of the government,~~parties except ~~as necessary in connection with pretrial proceedings, trial preparation or other proceedings in~~those persons or entities employed or engaged for the purpose of assisting in the defense of this action; and it is further

3.	**ORDERED**, that the unauthorized copying, dissemination, and/or posting of copies, or the contents, of the ~~information or~~above material ~~set forth in the Addendum~~ on the internet ~~including~~or through any form of social media~~, or through any other means~~, shall constitute a violation of the terms of this ~~order³~~order; and it is further

4.	**ORDERED**, that ~~no defendant, attorney, or agent thereof, or the government or any agent~~copies of the ~~government, shall supply any third parties or the public with any written summaries~~Discovery Information not ~~otherwise publicly available that include~~be provided to the defendants absent further order of the Court; however, the defendants may review such information ~~or material set forth~~ in defense counsel's office or in the ~~Addendum;~~presence of defense counsel;[1] and it is further

5.	**ORDERED**, that if counsel for the defendant provides the defendant with access to the Discovery Information, counsel shall ensure that the defendant does not have access to a cellular telephone or any other photographic or video- or audio-recording equipment during such review; and it is further

---

[1] This provision does not bar the use of video-conference software to view materials covered by this Order between the parties otherwise authorized to view them.

Case 1:23-cr-00099-LJV-JJM   Document 254   Filed 10/09/24   Page 4 of

**ORDERED**, that nothing in this order shall preclude ~~counsel for the defendants or the defendants, or the government or any agent of the government,~~ the parties from disclosing the ~~information or material set forth in the Addendum~~ Discovery Information during the course of the litigation of this action in pretrial

---

[2] ~~Reference to "third parties" in this Order does not include any potential witness that the defendants, counsel, or any agent of counsel or the defendants seeks to interview in connection with pretrial proceedings, trial preparation or other proceedings in this action.~~

[3] ~~This provision does not bar the use of video-conferencing software to view materials covered by this Order between parties otherwise authorized to view them.~~

~~2~~

Case 1:23-cr-00099-LJV-JJM   Document 254   Filed 10/09/24   Page 5 of

6. proceedings, in memoranda filed, at trial or in post-trial proceedings, except that any identifying information should be redacted from any public ~~filings¹~~filings; and it is further

7. **ORDERED**, that any unredacted filings shall not be disclosed to ~~either~~ third parties or the public by the defendants, counsel, or any agent of counsel or the defendants, ~~or the government or any agent of the government,~~ except as necessary in connection with pretrial proceedings, trial preparation, or other proceedings in this action; and it is further

~~ORDERED, that in the event a defendant moves to suppress evidence obtained as a result of the search warrant, counsel may refer to the search warrant application and affidavit filed under seal as necessary to the resolution of the motion, but shall not attach copies of any search warrant applications or affidavits to any publicly filed pleading and shall not disclose the names of any identified unindicted co-conspirators or identified confidential sources by name in any publicly- filed document; and it is further~~

8. **ORDERED**, that counsel for the ~~defendants or the defendants, or the government or any agent of the government,~~ defendant or the defendant may apply to the Court for an order specifically permitting public disclosure of the ~~information or material set forth in the Addendum beyond acts authorized by this order, and no presumption against modification shall apply; and it is further;~~Discovery Information; and it is further

~~ORDERED, that upon written agreement by and between the parties, filed on the docket, this order may be supplemented by amendments to the Addendum identifying additional information or items of discovery; and it is further~~

**ORDERED**, that at the conclusion of the litigation of this action, including any direct appeal ~~or collateral challenges~~, counsel for the defendant and the defendant shall return all copies of the

Case 1:23-cr-00099-LJV-JJM   Document 254   Filed 10/09/24   Page 6 of

3

**Formatted:** Footer

Case 1:23-cr-00099-LJV-JJM   Document 254   Filed 10/09/24   Page 7 of

9. ~~above-mentioned material~~ Discovery Information to the government immediately upon request of the government, or certify to the government that such material has been destroyed.

~~Dated:~~ DATED:  Buffalo, New York, October ~~9,~~ _____, 2024.

~~/s/Jeremiah J. McCarthy~~
~~JEREMIAH J. MCCARTHY~~

_____
HON. LAWRENCE J. VILARDO
United States ~~Magistrate~~ District Court Judge

---

[4] ~~Consistent with the Judicial Conference Policy on Privacy and Public Access to Electronic~~

Case 1:23-cr-00099-LJV-JJM   Document 254   Filed 10/09/24   Page 8 of

~~Case Files, "identifying information" includes dates of birth, home addresses, names of minor children, financial account numbers, Social Security numbers.~~

~~4~~

**Formatted:** Footer

Case 1:23-cr-00099-LJV-JJM   Document 254   Filed 10/09/24   Page 9 of

Addendum A: Protected Information & Material

1) Identifying and personal information as follows:

   a. The date of birth, home address, email address, license plate number, financial account numbers, or Social Security of Crystal Quinn;

   b. The date of birth, home address, email address, license plate number, financial account numbers, or Social Security numbers of any potential witness;

   c. The financial account numbers or Social Security numbers of any defendant;

2) Any image or video that meets the following criteria: (a) depicts Crystal Quinn and/or any private individual who may be a potential witness; (b) does not include any of the defendants; and (c) is not independently available from a public source;

3) Any item, including any document or digital file that contains any of the information or material referenced in paragraph 1-2, above, unless that material has been fully redacted from the item (see appendix for non-exhaustive list of items, below);

4) The content of any cellular device, excluding incoming or outgoing communication involving (a) Crystal Quinn; (b) any potential witness; or (c) any of the defendants, subject to the limitations of paragraphs 1-3, above;

5) The content of any lab report, excluding information specifically relevant to the cause of death for Crystal Quinn; and

6) Any search warrant application, including the attached affidavit(s) and other documents, excluding information contained therein that is available from other sources.

**Formatted:** Footer

Case 1:23-cr-00099-LJV-JJM   Document 254   Filed 10/09/24   Page 10 of

Appendix of Bate-Stamped Material that Contains Confidential Material

This list identifies specific items by their bate-stamped page numbers that contain information identified as confidential by the Protective Order Addendum. This list is not necessarily exhaustive, and attorneys will be responsible for reviewing individual items of discovery to determine whether it contains information covered by the Addendum.

**Formatted:** Footer

Case 1:23-cr-00099-LJV-JJM   Document 254   Filed 10/09/24   Page 11 of

- Item at Bate-00081 to Bate-00082
- Item at Bate-00084 to Bate-00085
- Item at Bate-00088 to Bate-00089
- Item at Bate-00092 to Bate-00092
- Item at Bate-00366 to Bate-00390
- Item at Bate-00468 to Bate-00524
- Item at Bate-00525 to Bate-00525
- Item at Bate-00526 to Bate-00532
- Item at Bate-03563 to Bate-03567
- Item at Bate-03788 to Bate-03792
- Item at Bate-03799 to Bate-03801
- Item at Bate-03981 to Bate-03982
- Item at Bate-03983 to Bate-03983
- Item at Bate-03986 to Bate-03986
- Item at Bate-10672 to Bate-10672
- Item at Bate-10695 to Bate-10696
- Item at Bate-10703 to Bate-10703
- Item at Bate-10710 to Bate-10710
- Item at Bate-10714 to Bate-10715
- Item at Bate-10717 to Bate-10720
- Item at Bate-10736 to Bate-10737
- Item at Bate-22615 to Bate-22618
- Item at Bate-22619 to Bate-22619

- ~~Item at Bate-23901 to Bate-23905~~
- ~~Item at Bate-23906 to Bate-23910~~
- ~~Item at Bate-23911 to Bate-23915~~
- ~~Item at Bate-23996 to Bate-24000~~
- ~~Item at Bate-24101 to Bate-24105~~
- ~~Item at Bate-24106 to Bate-24110~~
- ~~Item at Bate-24111 to Bate-24115~~
- ~~Item at Bate-24116 to Bate-24120~~
- ~~Item at Bate-24950 to Bate-24950~~
- ~~Item at Bate-26129 to Bate-26131~~
- ~~Item at Bate-26132 to Bate-26133~~
- ~~Item at Bate-26134 to Bate-26137~~
- ~~Item at Bate-26138 to Bate-26139~~
- ~~Item at Bate-26140 to Bate-26144~~
- ~~Item at Bate-26145 to Bate-26147~~
- ~~Item at Bate-26148 to Bate-26150~~
- ~~Item at Bate-26151 to Bate-26152~~
- ~~Item at Bate-26153 to Bate-26156~~
- ~~Item at Bate-26157 to Bate-26159~~
- ~~Item at Bate-26991 to Bate-26992~~
- ~~Item at Bate-26999 to Bate-27012~~
- ~~Item at Bate-29210 to Bate-29210~~
    - ~~Item at Bate-29211 to Bate-29212~~