IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

-v-                                          Case No.: 23-CR-99

PETER GERACE, JR.,

          Defendant.

---

### RESPONSE TO THE GOVERNMENT'S LETTER, DATED OCTOBER 25, 2024, FILED AT DOCKET ENTRY 277

Following oral argument on the appeals/objections to the Magistrate's Order imposing Sanctions (Docket Item 200), the government was permitted to submit a letter containing additional argument. Docket Item 276.

In the letter, the government indicates that during oral argument, "[a]t one point, the Court suggested imposing the potential sanction of charging the government with five months of delay for due process speedy trial purposes." Docket Item 227 at 1. The government goes on to state that "it would agree to waive its challenge to the appropriateness of such a sanction, for this case alone." *Id*.

The defense recalls some hypothetical discussion of additional sanctions that may be appropriate, including an additional finding of five months of delay for constitutional

1

speedy trial purposes[1], but the defense did not interpret the comments as a "suggestion" or inclination to impose any particular sanction.

What the defense recalls is that this Court remained steadily focused on the clear error standard of review, a standard that this Court has consistently and appropriately applied in the past. *See e.g. United States v. Zaso*, Case No. 1:22-cr-00074, at *2 (W.D.N.Y. May 2, 2024) ("With respect to non-dispositive motions, however, a district court may only 'modify or set aside any part of the [magistrate judge's] order that is clearly erroneous or is contrary to law. This standard is highly deferential and only permits reversal where the magistrate [judge] abused his discretion." (cleaned up)).

The defense believes the record supports additional sanctions, including dismissal, or, alternatively, sanctions determined following an evidentiary hearing. However, the defense also recognizes that the clear error standard of review is highly deferential, and the defense has taken the position that a finding of clear error, leading to the imposition of a more severe sanction is likely only available if the Court considers the surrounding record in terms of misconduct in this case.

---

[1] In regard to constitutional speedy trial delay, the defense understood the five months to refer to the period from May 23, when rolling discovery was supposed to conclude, to the end of October when oral argument was held. That period of time would not include the additional three months from February 23 as identified by the Magistrate Judge's Order. Docket Item 200 at 6. Together, that would amount to eight months. It remains the defense's position that this period of delay does not actually amount to a substantive sanction, as the delay should be attributable to the government regardless of whether it is identified now or upon review of the *Barker* factors triggered by a Speedy Trial motion.

In that regard, the defense has repeatedly raised issues that should be accounted for in the analysis of any sanction, including not just those related to discovery, but also prosecutorial acts that are independent of the discovery violations, including the appearance of prosecutorial judge-shopping in the early stages of this case, an indictment that includes allegations the government knew to be false, inappropriate litigation to manipulate the speedy trial clock and specific misrepresentations made to the Court, among other issues. Docket Item 265 at 4. The government has avoided addressing any of these issues. In particular, the point that the government knowingly included a false overt act in the indictment that falsely implicated not just Mr. Gerace, but his counsel, is a point of enormous concern, but it continues to be ignored.

Even though the defense believes these points should be considered as part of any sanction determination, it recognizes that if the discovery violation is considered in a vacuum, then it is difficult to establish clear error for either party.

At the oral argument, while momentarily setting aside the clear error standard and generally discussing the underlying facts, this Court indicated that it may have come to a different conclusion than the Magistrate Judge. But the Magistrate Judge's finding of bad faith and subsequent effort to identify sanctions was grounded in appropriate review of the record.

At no point has the government acknowledged the violation as anything other than a "missed deadline," which it repeatedly refers to as "12 days of delay." The

government repeatedly fails to acknowledge that due to its prior opposition to a reasonable discovery deadline, the discovery was made available for the first time to counsel <u>over 150 days</u> after the indictment had been filed. The discovery violation has to be considered in that context.

Furthermore, the government also continues to argue that "rolling discovery" was not required (*see* Docket Item 277 at 2), even though it was specifically directed in the Magistrate's Order. Docket Item 73 ("The court directs the government to provide discovery on a rolling basis, to extent possible.") Although the Magistrate Judge left some room for flexibility regarding rolling discovery, it was not discretionary. The rolling discovery was required unless it was *not possible* to do so. The government has offered absolutely no evidence to support that it was not possible to produce rolling discovery. The defense requested a hearing to include review of why rolling discovery was not produced (Docket Item 132-1 at 28), but the government opposed.

Ultimately, the Magistrate Judge found bad faith on the part of the government[2] regarding the violation of the discovery order and subsequently imposed sanctions that

---

[2] The government's most recent letter requests this Court "vacate… the Magistrate Court's finding of bad faith against the individual AUSAs," but the Magistrate Judge did not identify any of the AUSAs in its finding of bad faith. *See* Docket Item 173. And even though the Order imposing sanctions directs the disqualification of the trial team, it does so while noting that "these attorneys are stretched too thin with other commitments," (Docket Item 200 at 8) which was discussed at an earlier status conference as a criticism of the office. *See* July 22, 2024 Transcript, Docket Item 169 at 27 ("[b]ut I think the responsibility falls on your office to adequately staff every case that they are involved in"). The Magistrate Judge's finding accounted for a record which included discussion related to the fact that two AUSAs were added to the case, but both went out on leave and were not replaced by other attorneys. Docket Item 169 at 13.

4

were clearly designed to make an impact that would deter future misconduct, but the Magistrate Judge was careful not to prevent the government from continuing to pursue the case on its merits.

Before this Court is a determination regarding whether the imposed sanctions were clearly erroneous. The defense believes that a full review of the record supports a determination that more severe sanction is necessary, but if the determination of appropriate sanctions is restricted to the discovery violation, the defense concedes that it is unlikely that a determination of clear error can be derived for either party.

Dated: November 1, 2024

s/ Mark A. Foti, Esq.<br>
Mark A. Foti, Esq.<br>
The Foti Law Firm, P.C.<br>
16 W Main Street, Suite 100<br>
Rochester, NY 14614<br>
(585) 461-1999

## CERTIFICATE OF SERVICE

      I hereby certify that, on November 1, 2024, this Response is served on all counsel of record by electronically filing the submission with the Clerk of the United States District Court for the Western District of New York using the Court's Case Management/Electronic Case Filing system.

DATED: November 1, 2024
         Rochester, New York

                                        s/Mark A. Foti
                                        Mark A. Foti, Esq.