UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

vs.

SCOTT J. BARNES,                                  Docket No. 23-CR-99-LJV
                      Defendant.
_____


**DEFENDANT'S REPLY TO THE GOVERNMENT'S RESPONSE IN OPPOSITION TO BARNES'S MOTION TO UNSEAL SEARCH WARRANT AFFIDAVIT**


Scott Barnes, by and through his attorney, David B. Cotter, Esq., files its Reply to the Government's Response in Opposition to his Motion to Unseal Search Warrant Affidavit.

The Government maintains that Scott Barnes is a full member of the Outlaws Motorcycle Club and they identify the property at 417 North Umberland Avenue, Buffalo, New York as that Motorcycle Club's clubhouse. Clearly, as a member of the organization, he is lawfully permitted to be on site unless Club rules or decisions determine otherwise.

Since Katz v. United States (389 US 347 (1967)), the Fourth Amendment has protected people, not places (Katz at 351).

Much of the Government's response seems to rely on the former requirement of "trespass to property" that was replaced by Katz's reasonable expectation of privacy test. Under the two pronged reasonable expectation of privacy test, a search is taken place if (1) the Government conduct offends the citizen's subjective manifestation of a privacy interest, and (2) the privacy interest invaded is one that society is prepared to recognize as reasonable.

Membership only organizations have been around since the beginning of the country. Barnes' Affidavit asserts that he had been staying at 417 North Umberland Avenue, Buffalo, New York for months while convalescing from two major back surgeries he had in 2023. The second floor of the clubhouse has couches, a TV and the bed upon which Barnes was sleeping. Other members (of the private membership organization) would recreate, socialize, and watch television on the second floor. However, they were members of the organization.

For at least the last 60 years, courts of this country have been required to consider that all individuals certainly have some expectation of privacy in their hotel rooms (<u>Stoner v. California</u> 376 US 483, 490 (1964)), though, if it is not one's abode, the expectation is somewhat reduced. The same applies here, to the members of the Motorcycle Club.

Mr. Barnes has a constitutional right to confront the witnesses and evidence against him. The Government alleges that he was a convicted felon in unlawful possession of a stolen weapon. The weapon was allegedly found during the execution of a search warrant.

"In <u>U.S. v. Pirk</u> (282 F. Supp. 3d 585, 591-92 (WDNY 2017)) Judge Wolford cited <u>In Re Search Warrants Issued on April 26, 2004</u> 353 F. Supp. 2d 584 (D.MD. 2004) that case's reasoning

> By its plain words, the Fourth Amendment insulates the public from "unreasonable" intrusions and sets forth the specific requirements that search warrants be supported by probable cause.
>
> Without the right of access to the Affidavit on which the search warrant was based, the search subject could *never* make such a challenge. (In re: Search Warrants at 588)

While the Government is free to lawfully exercise it power to execute search warrants, the person against whom that awesome power is unleashed at least have the right to discover the basis for the exercise. Id at 590; CF. United States v. Oliver 208 F. 3d 211 (Table), 2000 WL 263954 at *2 (Fourth Cir. Mar. 9, 2000) (holding that the right of the defendant under the Fourth Amendment to examine Affidavit that supports a warrant is not absolute, and right of access may be denied where Government demonstrates a compelling governmental interest that requires the materials be kept under seal and there is no less restrictive means than sealing, such as redaction, available). Because this appears to be an open question in the Second Circuit, the Court assumes – without deciding – that one with standing to challenge a search warrant has a Fourth Amendment right to access the search warrant application materials. U.S. v. Perk 282 F. Supp. 3d 585, 591-92 (WDNY 2017)).

Scott Barnes has neither forfeited nor waived his Fourth Amendment protections nor has he waived his Second Amendment rights.

Clearly, Scott Barnes, as alleged by the Government to be a member of the Outlaws Motorcycle Club, has a right to be present in the Outlaws Motorcycle Club's clubhouse.

In the original Criminal Complaint, the Government alleged that they had the clubhouse under video surveillance for approximately 30 days prior to Mr. Barnes' arrest on December 7, 2023. The Complaint makes specific notation that his vehicle was present at 417 North Umberland Avenue, Buffalo, New York.

As a conclusion, Scott Barnes has standing to contest the search and needs the application for the search warrant in order to determine the proper course thereof.

Dated: November 6, 2024
      Buffalo, New York

Respectfully submitted,

/s/ David B. Cotter
David B. Cotter
COTTER & COTTER, P.C.
*Attorney for Defendant Scott Barnes*
380 Cleveland Drive
Buffalo, NY 14215
(716) 634-7920
dbacotter@aol.com

TO:    Joseph M. Tripi, Esq., AUSA
         Nicholas Cooper, Esq., AUSA
         Casey L. Chalbeck, Esq. AUSA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

vs.

SCOTT J. BARNES,

        Defendant.

**CERTIFICATE OF SERVICE**

Docket No. 23-CR-99-LJV

---

    David B. Cotter states that on November 6, 2024 Defendant's Reply to the Government's Response in Opposition to Barnes's Motion to Unseal Search Warrant Affidavit was electronically filed with the Clerk of the District Court using its CM/ECF system, which would then electronically notify the following CM/ECF participants on this case:

Assistant United States Attorney Joseph M. Tripi
Assistant United States Attorney Nicholas Cooper
Assistant United States Attorney Casey L. Chalbeck

 

_____
David B. Cotter