IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

      v.                                                          23-CR-99-LJV

SCOTT BARNES,

                Defendant.

---

## ADVISORY

**THE UNITED STATES OF AMERICA**, by and through its attorneys, Trini E. Ross, United States Attorney for the Western District of New York, Casey L. Chalbeck, Assistant United States Attorney, of counsel, files the following advisory regarding whether defendant Scott Barnes has a trial right to review the contents of the search warrant affidavit for 417 Northumberland Avenue, Buffalo, New York ("417 Northumberland").

The undersigned counsel, as well as Assistant United States Attorney Joseph M. Tripi, have reviewed the 346-page search warrant packet related to the search of 417 Northumberland and have determined that the government is not obligated to disclose the affidavit pursuant to *Brady/Giglio* or 18 U.S.C. § 3500 for the following three reasons:[1]

*First*, there is no *Brady* material in the search warrant affidavit related to Mr. Barnes's two firearm charges. That is, there is no material in the affidavit that makes it less likely that Mr.

---

[1] On Friday, November 22, 2024, the Court ordered the government to determine whether Mr. Barnes's had a right to review the search warrant affidavit to effectively prepare for trial. The undersigned counsel understood the Court to be directing the government to review whether the affidavit must be disclosed pursuant to *Brady*, *Giglio*, and/or 18 U.S.C. § 3500, an understanding that counsel conveyed, without correction, to Mr. Barnes's attorney on Monday, November 25, 2024.

Barnes's was a felon in possession of a stolen firearm, as charged in the Second Superseding Indictment.[2] *See United States v. Hunter*, 32 F. 4th 22, 30–31 (2d Cir. 2022).

*Second*, there is no *Giglio* material in the search warrant affidavit relevant to Mr. Barnes's case because neither the affiant-agent nor any source of information/confidential source/cooperating witness will be testifying at Mr. Barnes's trial. In other words, the search warrant affidavit does not contain any statements from any person who might be testifying in Mr. Barnes's trial and, therefore, does not contain any impeachment evidence that may be used by the defense. *See United States v. Coppa*, 267 F.3d 132, 140 (2d Cir. 2001).

*Third*, and relatedly, because neither the affiant-agent nor any source of information/confidential source/cooperating witness will be testifying at Mr. Barnes's trial, 18 U.S.C. § 3500 does not require the affidavit's disclosure.

Finally, please be advised that on November 25, 2024, the government contacted Mr. Barnes's counsel, conveying the parameters of a proposed plea pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) of 32–36 months for the felon-in-possession offense, inviting counteroffers, and delineating the terms of the offer's expiration. For scheduling purposes, please be further advised that the government will request a *Frye*/*Lafler* colloquy should Mr. Barnes reject the proposed plea.

DATED: Buffalo, New York, November 29, 2024

        TRINI E. ROSS
        United States Attorney

BY:   s/ CASEY L. CHALBECK
        Assistant United States Attorney
        United States Attorney's Office

---

[2] There is no discussion in the entire search warrant affidavit of either Mr. Barnes or the specific stolen firearm recovered from the room Mr. Barnes occupied on the day the FBI executed the search warrant.

Western District of New York
138 Delaware Avenue
Buffalo, New York 14202
(716) 843-5881
Casey.Chalbeck@usdoj.gov