

U.S. Department of Justice

*United States Attorney*
*Western District of New York*

---

*Federal Center*  716/843-5700
*138 Delaware Avenue*  *fax* 716/551-3052
*Buffalo, New York   14202*  *Writer's Telephone:*   716/843-5881
  *Writer's fax:*   716/551-3052
  Casey.Chalbeck@usdoj.gov

January 16, 2025

**VIA PACER**
Hon. Jeremiah J. McCarthy
United States Magistrate Judge
Robert H. Jackson United States Courthouse
2 Niagara Square
Buffalo, New York 14202

Re:  *United States of America v. Simon Gogolack, et al.*,
  **Case Numbers: 23-CR-99-LJV**

Dear Judge McCarthy:

 The Court ordered the government to respond to defendant Simon Gogolack's motion for a 30-day extension of time to file pre-trial motions.  *See* Text Order, ECF No. 341, (dated Jan. 15, 2025).  The government submits this letter in response.

 As the Court knows, Mr. Gogolack, through counsel, has repeatedly raised constitutional and statutory speedy trial concerns.  Mindful of these earlier demands, and due to the state of speedy trial caselaw in the Second Circuit, the government is compelled to oppose the motion.  *See, e.g.*, *United States v. Tigano*, 880 F.3d 602, 616 (2d Cir. 2018) (counting a defense attorney's requests for extensions and failure to seek a trial date against the government in the speedy trial analysis where defendant has previously and repeatedly demanded a speedy trial).[1]  Furthermore, that Mr. Gogolack has not proffered any basis for his inability to meet the Court's deadline,[2] coupled with the fact that constitutional speedy trial time has already been charged to the government, the government, regrettably, cannot extend—at least pre-trial—the usual professional courtesy associated with such extension requests.

---

 [1]  To be sure, unlike in *Tigano*, Mr. Gogolack's speedy trial invocations have been communicated via counsel.  But this is to be expected: as *Tigano* instructs, defense attorneys are *supposed* to assert the client's interest in, and desire for, a speedy trial where such a desire exists.  *See Tigano*, 880 F.3d at 616.

 [2]  To the extent in the future the defense establishes good cause to file additional or supplemental motions based upon continuing discovery, or for other reasons, the government submits that any such requests to file additional or supplemental motions can be dealt with in the ordinary course of business without modifying the current schedule.

        Very truly yours,

        TRINI E. ROSS
        United States Attorney

BY:   CASEY L. CHALBECK
       Assistant United States Attorney

CC:   Counsel of Record