UNITED STATES DISTRICT COURT
for the

WESTERN DISTRICT OF NEW YORK

THE UNITED STATES OF AMERICA

-vs-

Ind. No. 1:23-CR-99

CORTNIE BARBER

**NOTICE OF MOTION**

PLEASE TAKE NOTICE that, upon the annexed Affidavit of Brian J. Hutchison, Esq., attorney for Defendant CORTNIE BARBER, the Defendant will move this Court before the Honorable Lawrence J. Vilardo, United States District Judge in the Western District of New York, to sever counts 6, 11, and 12 from the instant indictment, to set a separate scheduling order and trial for CORTNIE BARBER, and any other relief that this Court may deem just and proper.

Respectfully submitted,

Dated:   March 4, 2025           /s/ Brian Hutchison, Esq.
         Lockport, New York    Brian J. Hutchison, Esq.
                               *Attorney for Defendant*
                               14 W. Main Street
                               Lockport, NY 14094
                               BJHesq@gmail.com
                               (716) 302-8090

UNITED STATES DISTRICT COURT
for the

WESTERN DISTRICT OF NEW YORK

THE UNITED STATES OF AMERICA

   -vs-

                                                Ind. No. 1:23-CR-99

CORTNIE BARBER

---

**AFFIDAVIT**

STATE OF NEW YORK)
COUNTY OF NIAGARA )  ss:

BRIAN J. HUTCHISON, Esq., declares the following under penalty of perjury:

1. Your deponent is an attorney licensed to practice in this Court and the State of New York, with a principal office located at 14 W. Main Street, Lockport, NY 14094.

2. Your deponent was assigned to represent the Defendant, CORTNIE BARBER, in the above-captioned matter.

**Preliminary Statement**

3. Ms. Barber is charged under counts 6, 11 and 12 of the pending indictment. These counts allege the following:

   a. Count 6: Narcotics Conspiracy between Simon Gogolack, Bernard Byrd, III[1], and Cortnie Barber between the dates of July 2, 2023 and October 17, 2023. No drugs were recovered by law enforcement while investigating this alleged conspiracy.

   b. Count 11: Kidnapping charge against Simon Gogolack and Cortnie Barber that occurred between March 14, 2023 and March 15, 2023.

---

[1] Bernard Byrd, III is deceased and the charges against him have been dismissed.

  c. <u>Count 12</u>: Kidnapping charge relating to the same incident in Count 11 against Simon Gogolack and Cortnie Barber.

4. Although unrelated to any allegations against Ms. Barber, this indictment also includes serious charges including Obstruction of Justice Conspiracy including the death of a prosecution witness (Count 1), Witness Tampering Conspiracy (Count 2), Witness Retaliation Conspiracy (Count 3), Distribution of Fetanyl Resulting in Death (Count 4), Tampering with a Witness (Count 13), Tampering with a Witness (Count 14), Tampering with a Witness (Count 15), Tampering with a Witness (Count 16), Tampering with a Witness (Count 17), Tampering with a Witness (Count 18).

5. Ms. Barber's co-defendant, SIMON GOGOLACK, is charged with each of the above allegations, but Ms. Barber is not. All these crimes are alleged to have occurred during the same time period as the Narcotics Conspiracy under which Ms. Barber is charged.

6. Defendant Gogolack is also charged with Maintaining a Drug-Involved Premises (Count 7), Possession of a Firearm in Furtherance of Drug Trafficking (Count 8), Felony in Possession of a Firearm and Ammunition (Count 9), and Unlawful User of Controlled Substances in Possession of a Firearm and Ammunition (Count 10).

7. Again, each of these charges is said to have occurred during the timeframe of the Narcotics Conspiracy under which Ms. Barber is charged, and Ms. Barber had no involvement in those charges.

8. Furthermore, there is no allegation that Ms. Barber had any involvement in the activities alleged to have resulted in the death of Crystal Quinn.

9. For the reasons stated herein, below, there is substantial prejudice to Ms. Barber if the charges against her are not severed from the remainder of this indictment.

## Applicable Law: Severance

10. Rule 14(a) of the Federal Rules of Criminal Procedure states, "If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a

defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires."

11. A trial court has a continuing duty to consider severance where prejudice to the defendant appears. *Schaffer v. United States*, 362 US 511, 516 (1960).

12. A severance pursuant to Rule 14 should be granted if there is "a serious risk that a joint trial would either compromise a specific trial right of one of the defendants or prevent the jury from making a reliable judgment about guilt or innocence." *U.S. v. Walker*, 142 F.3d 103, 110 (2nd Cir., 1998).

### Severance is Warranted as a Result of the Prejudice to Ms. Barber Caused by Her Joinder in This Indictment

13. Ms. Barber's association with Defendant Gogolack is the sole tie that binds her to the most serious charges in this indictment, even if she was not involved in the death of Ms. Quinn. That death occurred by an alleged intentional drug overdose, and Defendant Gogolack is the alleged primary bad actor who caused Ms. Quinn's death.

14. If Ms. Barber is tried jointly with all charges in this indictment, evidence would be presented relating to numerous counts of witness tampering, witness retaliation charge, and even the death of Ms. Quinn. All of this evidence has no relation to Ms. Barber's own actions, and no relation to the alleged kidnapping charges dated March 14-15, 2023 (Counts 11 and 12).

15. However, all of this evidence will be presented against Defendant Gogolack – and others - as a broader criminal scheme or plan, and that presentation will include the allegations involving Ms. Barber. There is a substantial risk that this presentation would wrongly indicate to a jury that Ms. Barber may have some involvement in the alleged witness tampering, witness retaliation, and/or death of Ms. Quinn. This is further amplified by the fact that Ms. Quinn died of a drug overdose during the same period of time that Ms. Barber is alleged to be engaged in a Narcotics Conspiracy with Mr. Gogolack.

16. Further, while Ms. Barber is alleged to have been involved in a kidnapping on or about March 14-15, 2023, the evidence provided to defense counsel does not indicate that Ms. Barber threatened any physical violence, engaged in any physical violence, or threatened, brandished, or used any weapons during that incident.  Thus, Ms. Barber would also be prejudiced because of the presentation of firearms, witness retaliation, and intentional overdose charges against Defendant Gogolack at the same trial as these kidnapping charges are presented against Ms. Barber and Defendant Gogolack.

17. The above-referenced prejudice is caused by the presentation of multiple charges unrelated to Ms. Barber in the same trial of her own charges.  However, there is additional prejudice caused to Ms. Barber because joinder could negatively impact her ability to present a full defense.

18. Ms. Barber believes that Defendant Gogolack will provide favorable testimony relating to both (1) allegations that they were conspiring to distribute drugs and (2) discrepancies in the complainants' allegations of being kidnapped on March 14-15, 2023.

19. If all the charges against Defendant Gogolack are joined in the same trial, Defendant Gogolack may elect not to testify at his trial because of the existence of the more serious charges against him.  While he may have valuable information to assist in Ms. Barber's defense, Defendant Gogolack faces the additional considerations of how his decision to testify might impact those more serious charges.

20. The Court can consider four factors to determine how substantial this prejudice may be:  (1) a showing that the co-defendant would testify at a severed trial and waive his 5th Amendment privilege, (2) the degree to which exculpatory testimony would be cumulative, (3) the counter argument of judicial economy, and (4) the likelihood that testimony would be subject to substantial, damaging impeachment." *U.S. v. Finkelstein*, 526 F.2d 517, 523-24 (2nd Cir. 1975).

    a. As it relates to the first factor, Defendant Gogolack's counsel will need to confirm whether he would actually waive his 5th Amendment privilege and testify at a severed trial relating

to Counts 6, 11 and 12. Your deponent submits that it is more likely Ms. Barber and Defendant Gogolack would testify at a severed trial of these counts for two primary reasons: (a) proof of the kidnapping counts relies heavily upon the credibility of the complainants, who are acquaintances of the defendants and regularly associated with the defendants both before and immediately after the alleged incident, and (b) the narcotics conspiracy is not supported by the recovery of drugs or confirmed drug sales by Ms. Barber. Ms. Barber insists that she was merely a drug user and not a seller. Defendant Gogolack is believed to be aware of facts to substantiate this defense.

b. The exculpatory evidence provided by Defendant Gogolack's potential testimony is not cumulative. As described above, his testimony - and Ms. Barber's own testimony - may be the primary source of her defense to these charges.

c. While severance negatively impacts judicial economy, this impact could be lessened even further if Defendant Gogolack elects to join in Ms. Barber's motion to sever counts 6, 11 and 12. As described more fully below, when this court takes into consideration the inefficiencies caused by Ms. Barber's joinder in this far more substantial indictment, the judicial economy of joinder is less favorable than an indictment where charges are move evenly distributed amongst all co-defendants.

d. Your deponent is unaware of a "substantial, damaging impeachment" that would occur if Defendant Gogolack were to testify at a trial of Counts 6, 11 and 12. The prosecution asserts that recorded jail calls indicate Defendant Gogolack and Ms. Barber were planning for her to assist with drug distributions, but there is no evidence that any such distributions actually occurred or that either defendant received drug sale proceeds. To the contrary, there is proof that Ms. Barber overdosed on drugs on numerous occasions during the alleged conspiracy, and that she was seeking help for her own drug addiction. Likewise,

your deponent is unaware of any especially damaging impeachment evidence against Defendant Gogolack pertaining to the kidnapping charges.

21. While severance may not enhance judicial economy, this court should also be aware of the burdens that joinder has placed upon Ms. Barber and her defense counsel:

    a. The discovery provided to defense counsel encompasses all evidence relating to each count of the indictment. Less than 5% of that evidence is applicable to the charges against Ms. Barber. Despite this fact, defense counsel has expended well over seventy (70) hours reviewing discovery just to determine what might be relevant to the charges against Ms. Barber. This has included reading through thousands of documents, phone records, and text messages of co-defendants – including co-defendants not named in Ms. Barber's charges – because at least a few of those communications appear to be relevant to allegations against Ms. Barber. The sheer volume of discovery to be reviewed has delayed your deponent's ability to file pre-trial motions on Ms. Barber's behalf.

    b. There has been substantial motion practice over the past year relating to issues that do not pertain to Ms. Barber. This includes contested motions relating to the proper number and quality of assigned attorneys that certain co-defendants are entitled to, heavily litigated detention proceedings by co-defendants that caused Ms. Barber's own speedy trial time to be tolled, and recently renewed motion practice relating to the proper number and quality of assigned attorneys that certain co-defendants are entitled to. This most recent dispute has justifiably resulted in further delays in motion practice.

    c. Your deponent initially elected not to request enhanced assistance with the review of discovery materials and preparation for trial because of the limited nature of the charges against Ms. Barber. Your deponent is reconsidering this decision because of the substantial amount of time and resources that are being expended to prepare Ms. Barber's legal defense in coordination with the broader activity occurring in the litigation of this indictment.

22. As a result of the foregoing, your deponent respectfully requests this court sever counts 6, 11, and 12 from the instant indictment, set a separate scheduling order and trial for CORTNIE BARBER, and any other relief that this Court deems just and proper.

WHEREFORE, it is respectfully requested that the Court grant the relief prayed for herein, together with any and other further relief that the Court may deem just and proper.

Respectfully submitted,

Dated:   March 4, 2025                     /s/ Brian Hutchison, Esq.
         Lockport, New York      Brian J. Hutchison, Esq.
                                 *Attorney for Defendant*
                                 14 W. Main Street
                                 Lockport, NY 14094
                                 BJHesq@gmail.com
                                 (716) 302-8090