```
UNITED STATES  DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
----------------------------x          23-CR-99(LJV-JJM)
UNITED STATES OF AMERICA,

vs.
                                       Buffalo, New York
SCOTT BARNES,                          December 27, 2024
              Defendant.
----------------------------x
```

**CHANGE OF PLEA HEARING**

TRANSCRIPT OF PROCEEDING
BEFORE MAGISTRATE JUDGE JEREMIAH J. McCARTHY
UNITED STATES MAGISTRATE JUDGE


TRINI E. ROSS, ESQ.
United States Attorney
BY:  JOSHUA VIOLANTI, AUSA
Federal Centre
138 Delaware Avenue
Buffalo, New York 14202

FOR DEFENDANT:     DAVID B. COTTER, ESQ.
380 Cleveland Drive
Buffalo, New York 14215




TRANSCRIBER:     Diane S. Martens
dimartens55@gmail.com


(Proceedings recorded by electronic audio recording,
 transcript produced by computer.)

U.S. v. Barnes - 23-CR-99

# **P R O C E E D I N G S**

*          *          *

(**WHEREUPON,** defendant present.)

**THE CLERK:**  We're on the record in the matter of *United States of America v. Scott Barnes*.  Matter number 23-CR-99.

We're here for a change of plea hearing.

For the government, we have AUSA Joshua Violanti.

The defendant is present with attorney David Cotter.

The Honorable Jeremiah J. McCarthy presiding.

**MAGISTRATE JUDGE MCCARTHY:**  Good morning, Mr. Barnes.

**THE DEFENDANT:**  Good morning.

**MAGISTRATE JUDGE MCCARTHY:**  Good morning, Counsel.

**MR. VIOLANTI:**  Good morning, your Honor.

**MR. COTTER:**  Good morning, Judge.

**MAGISTRATE JUDGE MCCARTHY:**  Okay.  Mr. Barnes, it's my understanding that you are appearing before me this morning in order to plead guilty to Count 27 of the second superseding indictment; is that correct, sir?

**THE DEFENDANT:**  Yes, sir.

**MAGISTRATE JUDGE MCCARTHY:**  All right.  Before I can consider your plea, I need to place you under oath and ask you a few questions so that I can be certain that your decision to plead guilty, rather than proceed to trial, is made of your own free will without pressure or threats from

U.S. v. Barnes - 23-CR-99

any source and with full understanding of the consequences of doing so.  And I want to remind you as I place you under oath, that if you were to testify falsely under oath, you could be prosecuted for perjury.

Do you understand that, sir?

**THE DEFENDANT:**  Yes, your Honor.

**MAGISTRATE JUDGE MCCARTHY:**  All right.  Would you raise your right hand, please.

(**WHEREUPON,** defendant duly sworn.)

**MAGISTRATE JUDGE MCCARTHY:**  How old are you, sir?

**THE DEFENDANT:**  56.

**MAGISTRATE JUDGE MCCARTHY:**  And what's your highest level of education?

**THE DEFENDANT:**  12 plus 4-year technical school for electrical construction.

**MAGISTRATE JUDGE MCCARTHY:**  You read and write English, I take it?

**THE DEFENDANT:**  Yes, sir.

**MAGISTRATE JUDGE MCCARTHY:**  I understand that you've had some health issues or ongoing health issues from prior proceedings in this case but do these health issues in any way affect your ability to understand these proceedings?

**THE DEFENDANT:**  No, sir.

**MAGISTRATE JUDGE MCCARTHY:**  Are you taking any type of medication that might interfere with your ability to

U.S. v. Barnes - 23-CR-99

understand these proceedings?

THE DEFENDANT: I'm prescribed 10 milligrams of Oxycodone for pain but that does not affect my ability to, to make the change of plea.

MAGISTRATE JUDGE MCCARTHY: Okay. When is the last time you took any Oxycodone?

THE DEFENDANT: It would have been 5:00 this morning.

MAGISTRATE JUDGE MCCARTHY: Okay. But you --

THE DEFENDANT: 100 percent.

MAGISTRATE JUDGE MCCARTHY: -- understand what's going on?

THE DEFENDANT: 100 percent, your Honor.

MAGISTRATE JUDGE MCCARTHY: Okay.

Now I have before me an Order of Referral from District Judge Lawrence Vilardo referring this matter to me to conduct the plea proceeding and make a recommendation to him as to whether or not your plea should be accepted.

You understand, sir, that you have the right to proceed directly before him rather than me. But by signing this Order of Referral, you are waiving that right; you understand that, sir?

THE DEFENDANT: Yes, your Honor.

MAGISTRATE JUDGE MCCARTHY: All right. On Page 2 of the agreement, is that your signature?

THE DEFENDANT: (No audible response.)

U.S. v. Barnes – 23-CR-99

**MAGISTRATE JUDGE MCCARTHY:**  Right here?

**THE DEFENDANT:**  Oh, yes, your Honor.

**MAGISTRATE JUDGE MCCARTHY:**  And, Mr. Cotter, that's your signature?

**MR. COTTER:**  It is, Judge.

**MAGISTRATE JUDGE MCCARTHY:**  Mr. Violanti, that's your signature in place of Ms. Jacovetti?

**MR. VIOLANTI:**  Yes, your Honor.

**MAGISTRATE JUDGE MCCARTHY:**  Okay.  I will approve that.

I have also the plea agreement.

On the last page, Page 12 of that agreement, Mr. Violanti, is that your signature in place of Ms. Jacovetti on behalf of the government?

**MR. VIOLANTI:**  Yes, your Honor.

**MAGISTRATE JUDGE MCCARTHY:**  And, Mr. Barnes, is that your signature?

**THE DEFENDANT:**  Yes, your Honor.

**MAGISTRATE JUDGE MCCARTHY:**  And, Mr. Cotter, is that your signature?

**MR. COTTER:**  It is, Judge.

**MAGISTRATE JUDGE MCCARTHY:**  All right.

Mr. Barnes, prior to signing the plea agreement, did you review it carefully with Mr. Cotter?

**THE DEFENDANT:**  Yes, your Honor.

**MAGISTRATE JUDGE MCCARTHY:**  And if you had any questions

concerning its meaning or the consequences of pleading guilty, rather than proceeding to trial, were those questions answered to your satisfaction?

**THE DEFENDANT:** Yes, your Honor.

**MAGISTRATE JUDGE MCCARTHY:** Have you been generally satisfied with your representation by Mr. Cotter?

**THE DEFENDANT:** 100 percent.

**MAGISTRATE JUDGE MCCARTHY:** Based on my experience, he's a good attorney.

You can get a transcript of that, Mr. Cotter, for your benefit.

**MR. COTTER:** Suitable for framing.

**MAGISTRATE JUDGE MCCARTHY:** Yes, he's a very able and zealous advocate and I think you've been well-represented.

Before I go to the plea agreement, I want to review with you, sir, the rights that you have as a defendant in this court, all of which you will be waiving if you plead guilty.

You have previously pleaded not guilty to the second superseding indictment. You have the right to persist in that plea. You don't have to prove anything. The government has to prove its case against you beyond a reasonable doubt; you understand that, sir?

**THE DEFENDANT:** Yes, your Honor.

**MAGISTRATE JUDGE MCCARTHY:** You are presumed innocent at the present time, you understand that?

**THE DEFENDANT:**  Yes, your Honor.

**MAGISTRATE JUDGE MCCARTHY:**  All right.  You have the right to a trial before a jury of your peers and you cannot be convicted unless that jury unanimously finds that you have committed the crime charged; you understand that, sir?

**THE DEFENDANT:**  Yes, your Honor.

**MAGISTRATE JUDGE MCCARTHY:**  And you have the right to be represented by counsel at every stage of this proceeding and if you cannot afford an attorney, counsel is appointed at public expense, as Mr. Cotter has been; do you understand that?

**THE DEFENDANT:**  Yes, your Honor.

**MAGISTRATE JUDGE MCCARTHY:**  At trial you have the right to confront and cross-examine any witnesses that the government would call against you.

You could not be compelled to testify against yourself.  You have the right to remain silent.  However, if you wish to testify, you could do so.  You could also call witnesses on your own behalf and compel their attendance, if necessary.

And you have the right to present any other evidence on your own behalf that you wish.

Do you understand that, sir?

**THE DEFENDANT:**  Yes, your Honor.

**MAGISTRATE JUDGE MCCARTHY:**  You also have the right to an indictment before a Grand Jury, finding probable cause to

believe that you have committed the crime charged of that indictment, of the second superseding indictment has already been returned.

You understand, sir, that if you plead guilty rather than proceed to trial, you are waiving all of these rights?

**THE DEFENDANT:** Yes, your Honor.

**MAGISTRATE JUDGE MCCARTHY:** Okay. Now, turning to the plea agreement -- and I'm not going to review every single portion of it but I want to highlight some of them with you.

In Paragraph 1 of plea agreement, it provides that you agree to plead guilty to Count 27 of the second superseding indictment which charges you with being a felon in possession of firearms in violation of Title 18, U.S. Code, Section 922(g)(1).

It further provides that if your plea is accepted or if you're convicted on that count, the maximum possible sentence is a term of imprisonment of 15 years, a fine of $250,000, a mandatory $100 special assessment, and a term of supervised release of 3 years.

You understand, sir, that those are the maximum penalties that the Court can impose at the time of sentencing?

**THE DEFENDANT:** Yes, your Honor.

**MAGISTRATE JUDGE MCCARTHY:** Are there any mandatory minimums, Mr. Violanti?

U.S. v. Barnes - 23-CR-99

**MR. VIOLANTI:** No mandatory minimums, your Honor, with respect to term of imprisonment.

**MAGISTRATE JUDGE MCCARTHY:** Okay. Paragraph 2 provides that if you are on a term of supervised release and it's determined that you have violated the conditions of your supervised release, you may be required to serve in prison all or part of the term of supervised release up to 2 years without credit for time previously served on supervised release. And what that means is that in that event you might be serving a sentence longer than the statutory maximum of 15 years set forth in Paragraph 1 of the agreement.

Do you understand that, sir?

**THE DEFENDANT:** Yes, your Honor.

**MAGISTRATE JUDGE MCCARTHY:** Paragraph 3(a) through (d) outlines the elements of the crime charged.

Each element would have to be proven by the government against you beyond a reasonable doubt. So that if the government failed to prove any one or more of the elements, you would be acquitted.

The first element is that you had been convicted in any court of a crime punishable by imprisonment for a term of imprisonment exceeding 1 year as charged in Count 27 of the indictment.

Counsel, I just noticed there had been some other changes made to the plea agreement to change the reference to

U.S. v. Barnes - 23-CR-99

indictment, second superseding indictment but Paragraph 3(a) refers still to the indictment.

So I'm going to return the plea agreement to all of you and ask you to initial the change. I'm going to pen in "second superseding" and then I'll ask you all to initial that.

**MR. VIOLANTI:** Understood, your Honor.

**MR. COTTER:** Judge, are you sure it's the second superseding? The original indictment was Gogolack and I believe it was superseded in January of -- January 5th, 2024 but I'm not sure there was a Second Superseding.

**MR. VIOLANTI:** I believe it's docket 24 of January 5th, 2024.

**MR. COTTER:** Made it the second superseding indictment?

**MAGISTRATE JUDGE MCCARTHY:** Yes, Second Superseding Indictment, yes.

**MR. COTTER:** Okay. Sorry about that.

**MAGISTRATE JUDGE MCCARTHY:** No problem.

(WHEREUPON, there was a pause in proceedings.)

**MAGISTRATE JUDGE MCCARTHY:** Now I will ask each of you to initial right after my handwriting on Paragraph 3(a) which says "second superseding".

Thank you.

So Paragraph 3(a) of the plea agreement outlines the first element of the crime charged; namely, that you had been

U.S. v. Barnes - 23-CR-99

convicted in any court of a crime punishable by imprisonment for a term of imprisonment exceeding 1 year as charged in Count 27 of the Second Superseding Indictment.

The second element is that you knew that you had previously been convicted in any court of a crime punishable by imprisonment for a term exceeding 1 year.

The third element is that you knowingly possessed a firearm as charged in Count 27 of the Second Superseding Indictment.

And the final element is that the possession of the firearm was in or affecting interstate or foreign commerce.

Again, sir, do you understand that the government would have to prove all four of these elements against you beyond a reasonable doubt?

**THE DEFENDANT:** Yes, your Honor.

**MAGISTRATE JUDGE MCCARTHY:** Paragraph 4(a) through (g) deal with the factual basis for your plea. I'll come back to that in a few moments.

Paragraph 5 and the following paragraphs deal with the Sentencing Guidelines which the Court must consider but is not bound to apply; do you understand that, sir?

**THE DEFENDANT:** Yes, your Honor.

**MAGISTRATE JUDGE MCCARTHY:** Paragraph 11 provides that if the Guidelines are applied, your sentencing range would be a term of imprisonment of 12 to 18 months; a fine of 5500 to

U.S. v. Barnes - 23-CR-99

$55,000; and a period of supervised release of 1 to 3 years.

But that notwithstanding the Guidelines, you would still be subject to the minimum and maximum penalties set forth in Paragraph 1 of the plea agreement; do you understand that, sir?

**THE DEFENDANT:** Yes, your Honor.

**MAGISTRATE JUDGE MCCARTHY:** Mr. Violanti, I believe you stated a few minutes ago there are no minimum penalties, right?

**MR. VIOLANTI:** Your Honor, with respect to imprisonment.

The defendant, as laid out in that Guidelines calculation, will face a mandatory term of supervised release of at least 1 year.

**MAGISTRATE JUDGE MCCARTHY:** Okay. All right. So that is the mandatory minimum term of -- subject to --

**MR. VIOLANTI:** Yes, your Honor.

**MAGISTRATE JUDGE MCCARTHY:** Okay.

Paragraph 13 provides that, as I previously stated, the Court is not obligated to accept any Sentencing Guidelines calculations and you will not be entitled to withdraw your plea of guilty based on the sentence imposed by the Court as long as it is within the statutory parameters set forth in Paragraph 1 of the plea agreement; do you understand that, sir?

**THE DEFENDANT:** Yes, your Honor.

U.S. v. Barnes - 23-CR-99

**MAGISTRATE JUDGE MCCARTHY:**  Paragraph 15 provides that if for some reason your plea of guilty is withdrawn or your conviction is vacated, then any charges that have been dismissed pursuant to this plea agreement will be automatically reinstated upon motion of the government and that you may not assert the statute of limitations as a defense to any offense which is not time barred as of the date of the agreement and that your waiver of that right will be effective for a period of six months following the date upon which a withdrawal of your guilty plea or the vacating of your conviction becomes final.

Do you understand that, sir?

**THE DEFENDANT:**  Yes, your Honor.

**MAGISTRATE JUDGE MCCARTHY:**  Are you a U.S. citizen, sir?

**THE DEFENDANT:**  Yes, your Honor.

**MAGISTRATE JUDGE MCCARTHY:**  All right.  And I accept that representation; however, I want you to know that Paragraph 16 provides that if it is determined that you are not a citizen of the United States, that if convicted, you may be removed from the United States, denied citizenship, and denied admission to the United States in the future; do you understand that, sir?

**THE DEFENDANT:**  Yes, your Honor.

**MAGISTRATE JUDGE MCCARTHY:**  Paragraph 20 provides that as long as the Court imposes a sentence that is within or

U.S. v. Barnes - 23-CR-99

less than the sentencing Guideline range, you waive your right to appeal or collaterally attack the sentence; do you understand that, sir?

**THE DEFENDANT:**  Yes, your Honor.

**MAGISTRATE JUDGE MCCARTHY:**  Paragraph 23 deals with forfeiture and provides that you will waive the right to contest the forfeiture of property seized on or about December 7, 2023 from 417 Northumberland Avenue in Buffalo; namely, one Glock, 22, handgun .40 caliber bearing serial number GPU157, and approximately 11 unfired rounds of .40 caliber ammunition with a magazine.

Do you understand that, sir, that you are going to forfeit that property?

**THE DEFENDANT:**  I have a question, your Honor.

**MAGISTRATE JUDGE MCCARTHY:**  Yes.

**THE DEFENDANT:**  You're talking about the Glock and the Glock only, right?  And the rounds in the magazine?

**MAGISTRATE JUDGE MCCARTHY:**  Yes.

**THE DEFENDANT:**  Okay.  I was making sure that it wasn't all of property that was seized from there.

**MAGISTRATE JUDGE MCCARTHY:**  No.

Specifically in Paragraph 23(a) and (b), correct, Mr. Violanti, that's what would be forfeited.

**MR. VIOLANTI:**  That's correct, your Honor.

**MR. COTTER:**  I think Mr. Barnes is concerned about his

U.S. v. Barnes - 23-CR-99

wallet, his identification, his Medicaid card, everything --

**MAGISTRATE JUDGE MCCARTHY:**  That's not being forfeited.

**MR. COTTER:**  Right.  I think that's where his issue is.

**THE DEFENDANT:**  And the club property, chains, rings, T shirts...

**MAGISTRATE JUDGE MCCARTHY:**  Yeah, the only thing that you are agreeing to forfeit is the Glock handgun and the ammunition and magazine.

**THE DEFENDANT:**  Okay, your Honor.  I just want to make sure, thank you.

**MR. VIOLANTI:**  Your Honor, typically that property is returned at the conclusion of the case.  I'll speak with AUSA Jacovetti and put her in contact with Mr. Cotter about return of the defendant's property at the conclusion of the case.

**MR. COTTER:**  Judge, I've already started the conversation with Ms. Jacovetti.

**MAGISTRATE JUDGE MCCARTHY:**  Okay, so we're good on that.

**MR. COTTER:**  Yeah.

**MAGISTRATE JUDGE MCCARTHY:**  Okay, thank you.

Paragraph 30 provides that in the event this plea agreement is voided for any reason, the forfeiture will still remain in place; do you agree to that, sir?

**THE DEFENDANT:**  Yes, yes, your Honor.

**MAGISTRATE JUDGE MCCARTHY:**  Okay.  And, finally, Paragraph 30 provides that the plea agreement represents the

U.S. v. Barnes - 23-CR-99

total agreement between you and the government and that there are no promises made by anyone other than as set forth in the agreement concerning what will occur if you plead guilty; is that correct, sir?

**THE DEFENDANT:** Yes, your Honor.

**MAGISTRATE JUDGE MCCARTHY:** Has anyone made any promises to you other than as set forth in the plea agreement or threatened you in any way to induce you to plead guilty rather than proceed to trial?

**THE DEFENDANT:** No, your Honor.

**MAGISTRATE JUDGE MCCARTHY:** Okay. Counsel, before I return to the factual portion of the plea agreement -- oh, by the way, there is no restitution, correct?

**MR. VIOLANTI:** That's correct, your Honor.

**MAGISTRATE JUDGE MCCARTHY:** Oh. One more thing, Mr. Barnes.

I want to review with you the factors that the Court will consider at time of sentencing if your plea is accepted.

Those factors include the nature and circumstances of the offense. Your history and characteristics. The need for the sentence to reflect the seriousness of the offense. To promote respect for the law and to provide a fair punishment. The need to deter others from committing crimes. And to protect the public from your crimes. The need to provide you with educational or vocational training, medical care or

U.S. v. Barnes - 23-CR-99

other correctional treatment.  The kinds of sentences available.  Any policy statements issued by the sentencing commission.  Sentences given to others who committed crimes similar to the one to which you might plead guilty.  And the need to provide restitution to any victims or the community.

Do you understand, sir, that those are the factors that the Court will consider at time of sentencing?

THE DEFENDANT:  Yes, your Honor.

MAGISTRATE JUDGE MCCARTHY:  Okay.  Now, Counsel, is there anything that you believe that I have missed in the plea colloquy as required under Rule 11 of the rules of Criminal Procedure?

MR. COTTER:  I do not believe you've missed anything, Judge.

MR. VIOLANTI:  Your Honor, I would just add that in determining the sentence, the Court will independently calculate the Guidelines and is not a party to this agreement.  So they're going to look at the guidelines with the probation office, independently come to some determination to what those Guidelines are and then use those factors that the Court just laid out to provide a sentence to the defendant.

MAGISTRATE JUDGE MCCARTHY:  Okay.

Understand, sir, that if the Court decides to apply the Sentencing Guidelines, it will make its own calculation of

18

U.S. v. Barnes - 23-CR-99

what those Guidelines are and what your sentencing range would be?

**THE DEFENDANT:**  Yes, your Honor.

**MAGISTRATE JUDGE MCCARTHY:**  Anything else that I may have missed?

**MR. COTTER:**  No, Judge.

**MR. VIOLANTI:**  No, your Honor.

**MAGISTRATE JUDGE MCCARTHY:**  Okay.  Let's turn, then, back to Paragraph 4(a) through (g) of the plea agreement.

Mr. Barnes, I've asked you previously whether you've reviewed the entire plea agreement with Mr. Cotter before signing it but now I want to zero in specifically on Paragraphs 4(a) through (g) of the plea agreement.

Did you carefully review all of those facts as set forth in the plea agreement?

**THE DEFENDANT:**  Yes, your Honor.

**MAGISTRATE JUDGE MCCARTHY:**  And is everything that is stated in that paragraph and those subparagraphs the truth, is that what occurred?

**THE DEFENDANT:**  Yes, your Honor.

**MAGISTRATE JUDGE MCCARTHY:**  All right.

Now I'm going to ask Mr. Violanti to briefly summarize the facts that the government will seek to prove if the case were to proceed to trial and then I'll ask you whether his summary is accurate.

U.S. v. Barnes - 23-CR-99

Mr. Violanti.

**MR. VIOLANTI:** Yes, your Honor.

On or about December 7th, 2023, in the Western District of New York, the defendant, Scott Barnes, knowing that he had been previously convicted of a crime punishable by a term of imprisonment exceeding 1 year, unlawfully did knowingly possess in, and affecting interstate commerce, a firearm.

On December 7th, 2023, law enforcement executed a search warrant at 417 Northumberland Avenue, Buffalo, New York.  For several weeks prior to the execution of the search warrant, the defendant had been residing in the upper portion of the building.

During a search of 417 Northumberland Avenue, officers recovered a Glock, model 22, .40 caliber handgun bearing serial number GPU157, loaded with 11 rounds of ammunition, on an end table near the defendant's sleeping area and located nearby to various other personal items belonging to the defendant.  The defendant admits to possessing that firearm on that date.

The firearm, originally purchased at Howell's Gun Shop in Gray, Maine, in 2010.  A police report was filed with Portland Maine police department on or about January 30th, 2023, by the owner, reporting the firearm was stolen.

The defendant further admits that on December 7th, 2023, the defendant knew that he had previously been convicted of a

U.S. v. Barnes - 23-CR-99

crime punishable by imprisonment for a term exceeding one year, namely, Possession with Intent to Distribute LSD on or about October 20th, 1991, in a general Court Martial at Ford Ord, California.

Neither the State of New York nor any other government entity has restored the rights of the defendant to lawfully possess a firearm.

The defendant admits that that firearm was not manufactured in the State of New York and, therefore, traveled in and affected interstate commerce prior to the recovery in the Western District of New York.

Your Honor, to prove the allegations contained in the factual basis, the government will call multiple law enforcement witnesses including special agents of the FBI and HSI.

Officers would testify about their obtaining and executing a search warrant at 417 Northumberland Avenue, Buffalo, New York on December 7th, 2023. They would testify that during the execution of the search warrant, they discovered a loaded firearm in an area of the second floor of the building that was set up as the defendant's bedroom. The firearm was located on the end table in close proximity to the defendant's personal belongings.

An ATF agent would testify that he inspected the firearm to determine that the firearm was manufactured outside the

U.S. v. Barnes - 23-CR-99

State of New York and, therefore, affected interstate commerce.

The government would call the original owner of the firearm to testify that he filed a police report in 2013 to report the firearm as stolen from the residence and he would testify that he originally purchased the firearm from Howell's Gun Shop in Gray, Maine.

Lastly, the government would admit certified Court Martial records and call a court witness to testify about the defendant's prior felony conviction for LSD possession and distribution in October 1991.

And, your Honor, just to add, Judge Vilardo typically asks whether the victim's been notified in each case.

AUSA Jacovetti has reached out to that owner of the stolen firearm and he has been notified.

**MAGISTRATE JUDGE MCCARTHY:** Okay. Thank you.

Mr. Barnes, you've heard Mr. Violanti's summary of the facts that the government would seek to prove against you at trial and the manner in which they would prove those facts.

Is that summary accurate, sir?

**THE DEFENDANT:** Yes, sir.

**MAGISTRATE JUDGE MCCARTHY:** Is that what occurred?

**THE DEFENDANT:** Yes, your Honor.

**MAGISTRATE JUDGE MCCARTHY:** All right. Now, before I ask you how you plead to Count 27 of the Second Superseding

U.S. v. Barnes – 23-CR-99

Indictment, do you have any questions of me, sir?

**THE DEFENDANT:** No, your Honor.

**MAGISTRATE JUDGE MCCARTHY:** All right, then, how do you plead to Count 27 of the Second Superseding Indictment charging you with being a felon in possession of firearms on or about December 7, 2023, in the Western District of New York?

**THE DEFENDANT:** Guilty.

**MAGISTRATE JUDGE MCCARTHY:** Now, Mr. Cotter, based on your representation of Mr. Barnes, is it your belief that his decision to plead guilty to Count 27 of the Second Superseding Indictment, rather than proceed to trial, has been made of his own free will, without threats or pressure from any source and with full understanding of the consequences of doing so?

**MR. COTTER:** It has been done without any threats or pressure imposed by anybody. It has been done without any promises. It is done with his free will. I believe it to be in his interest to end this proceeding as fast as humanly possible.

**MAGISTRATE JUDGE MCCARTHY:** And he understands the consequences of pleading guilty?

**MR. COTTER:** He does.

**MAGISTRATE JUDGE MCCARTHY:** All right.

Then, based on my review of Count 27 of the Second

U.S. v. Barnes - 23-CR-99

Superseding Indictment and the plea agreement and my questioning of Mr. Barnes and Mr. Cotter, I conclude that his decision to plead guilty to Count 27 of the Second Superseding Indictment has been made of his own free will, without threats or pressure from any source, and with full understanding of the consequences of doing so.

I further find that the facts outlined in Paragraph 4(a) through (g) of the plea agreement as admitted to by Mr. Barnes, as well as summarized by Mr. Violanti on behalf of the government, to which Mr. Barnes has also agreed, if proven would suffice to constitute a violation of Title 18, U.S. Code, Section 922(g)(1) as alleged in Count 27 of the Second Superseding Indictment.

Therefore, I will recommend to District Judge Vilardo that he accept Mr. Barnes' plea of guilty.

If he decides to do so, then he will set a date for sentencing.

Prior to sentencing, a presentence report will be prepared by our probation office.

Counsel for the government, as well as you, Mr. Barnes, and Mr. Cotter, will have the opportunity to review that report and make any comments concerning the report that you wish.

You will all have the opportunity, as well, to submit any comments to the Court or make any submissions to the

24

U.S. v. Barnes - 23-CR-99

Court concerning an appropriate sentence.

And at time of sentencing, Counsel for the government, as well as Mr. Cotter and Mr. Barnes, will all have the opportunity to speak to the Court to address the Court concerning an appropriate sentence.

Counsel, would you stipulate for the record that time is excluded from the Speedy Trial Act calendar from today's date until Judge Vilardo acts on my recommendation?

**MR. COTTER:** Yes, Judge.

**MR. VIOLANTI:** Yes, your Honor.

**MAGISTRATE JUDGE MCCARTHY:** Okay, thank you.

Is there anything further today, Counsel?

**MR. COTTER:** Not from me.

**MR. VIOLANTI:** Your Honor, I believe you asked Mr. Cotter but I just wanted to be clear -- and again I'm just going through the checklist -- to ask the defendant whether his plea is voluntarily and of his own free will.

**MAGISTRATE JUDGE MCCARTHY:** I thought I asked that but.

**MR. VIOLANTI:** I just want to be sure, your Honor.

**MAGISTRATE JUDGE MCCARTHY:** Mr. Barnes, is your plea of guilty made voluntarily and of your own free will?

**THE DEFENDANT:** Yes, your Honor.

**MAGISTRATE JUDGE MCCARTHY:** Okay.

**MR. VIOLANTI:** Thank you, Judge.

**MAGISTRATE JUDGE MCCARTHY:** Okay. Anything further?

25

U.S. v. Barnes - 23-CR-99

**MR. COTTER:**  Not from me.

**MR. VIOLANTI:**  No, your Honor.

**MAGISTRATE JUDGE MCCARTHY:**  Happy New Year to everybody.

And, Mr. Barnes, I hope that you're -- I know you've been in a lot of pain and I hope your health condition improves.

**THE DEFENDANT:**  Thank you.

**MAGISTRATE JUDGE MCCARTHY:**  Okay.  Take care.

(WHEREUPON, proceedings adjourned.)

26

U.S. v. Barnes - 23-CR-99

*          *          *

**CERTIFICATE OF TRANSCRIBER**

In accordance with 28, U.S.C., 753(b), I certify that this is a true and correct record of proceedings from the official audio recording of the proceedings held in the United States District Court for the Western District of New York before the Honorable Jeremiah J. McCarthy on December 27, 2024.

S/ Diane S. Martens

Diane S. Martens
Transcriber

U.S. v. Barnes - 23-CR-99