IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

      v.                                                                             23-CR-99-LJV

SIMON GOGOLACK, et al.,

              Defendants.
_____

### GOVERNMENT'S MOTION TO SCHEDULE A PROMPT DEADLINE FOR THE DEFENDANTS TO FILE DISPOSITIVE MOTIONS, TO REMOVE SECOND COUNSEL, AND/OR ALTERNATIVELY FOR ORAL ARGUMENT AND A DECISION AND ORDER ON THE GOVERNMENT'S MOTION FOR RECONSIDERATION

**THE UNITED STATES OF AMERICA**, by and through its attorneys, Michael DiGiacomo, United States Attorney for the Western District of New York, Joseph M. Tripi, Assistant United States Attorney, of counsel, hereby files this motion to schedule a prompt deadline for filing of the defendants' dispositive motions, to remove second court appointed CJA counsel, and/or alternatively for the Court to conduct oral argument and to render a Decision and Order on the government's motion for reconsideration (*see* ECF No. 355) regarding the appointment of second court appointed CJA counsel for defendants.[1]

### INTRODUCTION

On March 8, 2025, the parties appeared for oral argument on the government's motion for reconsideration of assignment of second CJA counsel for defendants Gerace, Ermin, and

---

[1] The government incorporates by reference its "Motion for Reconsideration of Assignment of Second CJA Counsel for Defendants," *see* ECF No. 355, and its Reply to defense responses, *see* ECF No. 363, as though set forth fully herein.

Hinkle. The Court did not permit the government to fully argue its motion, and did not make any findings on the record warranting assignment or retention of learned counsel.

The Court indicated that it would keep recently assigned second counsel on the case for the time being but revised its reasoning for keeping them on the case. Rather than assuming this was a "mega-case," the Court retained second counsel as "learned counsel," without making any findings because, at the time, the government could not conclusively reaffirm its previous decision not to seek the death penalty. Additionally, because defense counsel represented that they could not possibly prepare dispositive motions with the specter of the death penalty hanging over the case, the Court implemented a bifurcated motions schedule over the government's objection.

On April 8, 2025, at 11:54 a.m., the government notified the Court and the parties that, consistent with its prior determination and the status of this case since February 23, 2024, the government will not seek the death penalty in this case.

Accordingly, all the predication the Court relied upon to assign second or learned CJA counsel and to bifurcate motions has been extinguished. The Court should modify the motion schedule to require the defendants to promptly file dispositive motions. The Court should also discharge second CJA assigned or learned counsel for the defendants, consistent with the government's previously filed motion for reconsideration.

## **STATEMENT OF RELEVANT FACTS**

The relevant facts from January 5, 2024, until February 5, 2025, are more fully described in the government's "Motion for Reconsideration of Assignment of Second CJA Counsel for Defendants." *See* ECF No. 355 at 1-11.

To briefly recap, on February 23, 2024, the government notified the Court and the parties that the government would not seek the death penalty in this case. *See* ECF No. 75.

On March 8, 2024, the Court advised counsel for defendant Gerace that one attorney was "adequate and we'll proceed on that basis." *See* Status Conf. Trans., at 3:15-19, Mar. 8, 2024, ECF No. 358.

On November 22, 2024, the Court issued a Scheduling Order, which required all defendants to file dispositive and non-dispositive motions by January 22, 2025. *See* ECF No. 312.

On January 15, 2025, just seven days before all defendants were due to file dispositive and non-dispositive motions, the defendants requested a 30-day extension for time to file dispositive and non-dispositive motions.

On January 16, 2025, the Court granted the defendants' motion for an extension of time over the government's objection and issued an Amended Scheduling Order requiring the

3

defendants to file dispositive and non-dispositive motions by February 21, 2025. *See* ECF Nos. 344, 345.

On February 5, 2025, the Attorney General issued internal guidance that required Department of Justice attorneys to conduct an internal review of no seek decisions between January 20, 2021, and January 19, 2025. The Attorney General's internal guidance did not create any rights for any defendants.

On February 6, 2025, acting *sua* sponte this Court issued a text order scheduling a status conference for February 10, 2025. *See* ECF No. 350.

On February 10, 2025, the Court, without making any findings, assigned additional attorneys to defendants Gerace and Ermin on the purported "basis that [this] is a mega case[.]" *See* Status Conf. Trans. at 42, Feb. 10, 2025, ECF No. 357. The *sua* s*ponte* scheduling of the court appearance and the *ex parte* communications initiated by the Federal Public Defender, who represents defendant Gogolack, that preceded the court appearance disadvantaged the government, as more fully described in the government's motion for reconsideration, reply, and on the record on March 5, 2025. *See* ECF Nos. 355, 363, 371.

On February 20, 2025, the government filed a motion for reconsideration of appointment of second CJA counsel. *See* ECF No. 355.

4

On February 27, 2025, defendants Hinkle, Gerace, and Ermin filed responses to the government's motion for reconsideration, *see* ECF Nos. 359-60, and on March 4, 2025, the government filed its reply. *See* ECF No. 363.

On March 5, 2025, the parties appeared before the Court for a status conference and, the government believed, to argue its motion for reconsideration. During the status conference, the Court stated, "I'm not going to get into any depth on the motion for reconsideration right now," and "you can't advise me yet whether or not the prior no-seek order will be revisited, I'm going to keep the counsel on that I previously appointed. I may keep them on even if you come back and tell me that you will not seek the death penalty. I may not. But as far as I'm concerned, I don't need to decide that today." *See* Status Conf. Trans., at 10-11, Mar. 5, 2025, ECF No. 371. Later, the Court reiterated, "I'm not going to hear full oral argument on [the government's motion for reconsideration]," and "I am not addressing the mega case issue at this point. I don't think I need to I'm keeping them in the case at this point, based on the possibility in light of the DOJ memo, that it may be death eligible." *Id.* at 27, 32-33.

Without argument on the motion for reconsideration, and without findings that the case is unusually complex or extremely difficult, the Court retained learned counsel and bifurcated dispositive and non-dispositive motions over the government's objections. *Id.* at 33-34. The Court's decision to bifurcate motions was predicated solely upon the possibility of capital punishment and defense protestations that they could possibly not proceed with dispositive motions with the issue of capital punishment unresolved. *Id.* at 24-25, 31-33.

5

Following the status conference the Court issued a Second Amended Scheduling Order, which requires the defendants to file only non-dipositive motions by April 16, 2025. *See* ECF No. 366. There are not any deadlines scheduled for dispositive motions.

On April 8, 2025, the government notified the Court and the defendants that its prior decision from February 23, 2024, not to seek the death penalty remains intact. *See* ECF No. 395.

## ARGUMENT

**I.   The Court Should Promptly Schedule a Deadline for Dispositive Motions.**

On March 5, 2025, the Court stated, "I intend to move this case as quickly as possible." *See* Status Conf. Tran. at 38, ECF No. 371. Setting a prompt deadline for the defendants to file dispositive motions is a critical step in moving this case as quickly as possible.

As described above, the Court has repeatedly been responsive to the defendants' arguments for more time to prepare and file motions, but the government is the party that may suffer the consequences of the Court's decisions. *United States v. Tigano*, 880 F.3d 602, 616 (2d Cir. 2018) ("*Barker* makes clear that 'neutral' delays must be considered since the ultimate responsibility for such circumstances must rest with the government rather than with the defendant."). Indeed, on January 15, 2025, with dispositive and non-dispositive motions due in a matter of days, the Court granted the defendants' request for a thirty-day extension of time to prepare the motions over the government's objection. Next, on February 10, 2025, notwithstanding that the Court initially told the defendants, "I'm not inclined to extend the

6

deadline right now," the Court ultimately agreed to extend the deadlines at the defendants' request and stated, "I'm going to hold that February 21st deadline in abeyance, **for a short period**." *See* Trans. Status Conf., at 14, 37 (emphasis added).  The deadlines have not been held in abeyance for a short period, and the bifurcated motions schedule risks further unwarranted delays unless the defendants are required to file dispositive motions promptly.

The defendants should not have any problem preparing and filing dispositive motions in relatively short order.  On February 10, 2025, this Court told them that they "should continue[,]" to prepare their motions. *Id.* at 38.  Now that the Court and the defendants have been reassured that the government will not seek the death penalty, there should be no delay in scheduling dispositive motions.  The defendants have had substantial voluntary discovery since June 4, 2024, or for 309 days.  It has been seventy-seven days since the defendants' initial request for an extension of time to motions; fifty-eight days since the Court told defendants to continue preparing motions (that at the time were due in eleven days); fifty-eight days since the Court assigned additional counsel for defendant Gerace; and, fifty-four days since the Court assigned additional counsel for defendant Ermin.  There is no compelling argument or cogent reason to further delay scheduling a deadline for dispositive motions.

The usual practice in the district is to require defendants to file omnibus motions that include both dispositive and non-dispositive motions because it is more efficient.  When motions are bifurcated, more delays ensue.[2]  Bifurcating motions then runs counter to the

---

[2] One example of a multi-defendant case with bifurcated motions practice, which the government submits caused considerable delay, was *United States v. Thamud Eldridge, et. al,* 09-CR-329, which took nearly six years to proceed to trial. On appeal, Eldridge argued a Sixth

7

Court's stated intention to "move this case as quickly as possible." *See* ECF No. 371 at 38. However, the Court can the mitigate delays inherent in bifurcated motion practice by scheduling the defendant's dispositive motions, which were originally due months ago, to be filed promptly after the defendants file their non-dispositive motions.

Currently, the defendants' non-dispositive motions are due on April 16, 2025. Because at this stage it may not be practical for the defendants to adjust their non-dispositive motions to include dispositive motions, the government submits that the Court should schedule the defendants' dispositive motions to be filed no later than April 30, 2025. As described above, the defendants were on the precipice of filing dispositive motions on January 22, 2025, and again on February 10, 2025, when the Court told them they "should continue" to work on preparing their motions. Thus, the defendants should be ready to file their dispositive motions on a relatively short deadline.

Accordingly, the Court should require the defendants to file dispositive motions by no later than April 30, 2025. Adjusting the schedule in this manner is fair and will return the case closer to the standard litigation track the Court initially scheduled.

---

Amendment speedy trial violation. *See United States v. Eldridge*, 860 F. App'x 773, 780 (2d Cir. 2021) (denying Eldridge's speedy trial claim while noting that the defendants made motions to bifurcate proceedings). The government submits bifurcated motion practice is highly inefficient in criminal cases.

## II.    The Court Should Remove Second Counsel, or Learned Counsel

As set forth above and in the government's prior filings, *see* ECF Nos. 355, 363, the defendants are not entitled to second counsel, or learned counsel, and there have been no findings that warrant assignment of additional counsel. The government maintains that the Court should not have assigned additional attorneys and reversed its decision from March 8, 2024, wherein the Court determined that that one attorney was "adequate and we'll proceed on that basis." *See* Status Conf. Tran., Mar. 8, 2024, at 3:15-19. Regardless, now that there is no potential for capital punishment, the defendants are not entitled to learned counsel. *Douglas,* 525 F.3d 225, 235 (2d. Cir. 2008).

## III.   Alternatively, the Government Requests Argument and a Decision and Order on its Pending Motion for Reconsideration

If, for whatever reason, the Court declines to promptly remove learned or second counsel, it should conduct full oral argument and issue a decision and order regarding the government's motion for reconsideration. *See* ECF Nos. 355, 363. Repeatedly, on March 8, 2025, the Court stated it would not permit the government to argue its motion and it would not issue a decision on the matter because the government could not update the Court and the parties as to the DOJ internal review. Now that that review is complete, and the Court knows that the DOJ's position from February 23, 2024, remains unchanged, the Court should conduct full oral argument and render a decision and order from which either side can appeal if it so chooses.

On September 13, 2023, the District Court issued a referral order requiring this Court to decide pre-trial matters. *See* ECF No. 14. In general, "a party may raise by pre-trial motion

9

any defense, objection, or request that the Court can determine without a trial on the merits." Fed. R. Crim. P. 12(b)(1). On February 20, 2025, the government filed a motion raising objections to the Court's decision to assign additional CJA counsel. *See* ECF No. 355. The government has standing to object to the assignment of additional counsel. *See* ECF No. 363 at 3-10. On March 5, 2025, the Court declined to permit argument on the government's motion for reconsideration and did not decide the motion. *See supra,* at 4-5. "The court must decide every pretrial motion before trial unless it finds good cause to defer a ruling. The court must not defer ruling on a pretrial motion if the deferral will adversely affect a party's right to appeal. When factual issues are involved in deciding a motion, the court must state its essential findings on the record." *See* Fed. R. Crim. P. 12(d). With these principles in mind, even if the Court tacitly believed that it had good cause to defer deciding the government's motion for reconsideration because at the time the government was unable to provide an update as to the DOJ's internal capital review process, any such good cause was extinguished on April 8, 2025, when the government reaffirmed that it will not seek the death penalty.

As set forth above and for the reasons set forth in the government filings related to its motions for reconsideration, *see* ECF Nos. 355 and 363, the Court should either remove additional counsel from defendants Gerace and Ermin, or conduct argument and decide the government's pending motion for reconsideration.

## CONCLUSION

For the reasons set forth above and in ECF Nos. 355 and 363, the Court should schedule a deadline no later than April 30, 2025, for the defendants to file dispositive motions,

and the Court should remove recently assigned additional counsel or conduct oral argument and issue a decision and order on the government's pending motion for reconsideration.

DATED: Buffalo, New York, April 9, 2025.

                          MICHAEL DIGIACOMO
                          United States Attorney

BY:   s/ JOSEPH M. TRIPI
       Assistant United States Attorneys
       United States Attorney's Office
       Western District of New York
       138 Delaware Avenue
       Buffalo, New York 14202
       (716) 843-5839
       Joseph.Tripi@usdoj.gov