UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

    v.                                                                                                23-CR-99-LJV-JJM

SIMON GOGOLACK,

    Defendant.
_____

**DEFENDANT GOGOLACK'S RESPONSE TO GOVERNMENT MOTION TO SCHEDULE DEADLINE FOR DISPOSITIVE MOTIONS (Dkt. No. 396)**

    Simon Gogolack, through his attorneys, files this response to the Government's April 9, 2025 motion to schedule a prompt dispositive motion deadline. *See* Dkt. No. 396. For the reasons set forth below, the Court should set a dispositive motions deadline after it has decided all briefing on the non-dispositive motions, preferably after parties have completed their oral arguments.[1] At that point, depending on the Court's rulings, the defense will have a clearer understand of the time required to effectively prepare dispositive motions. After oral argument, and the Court issuance of its rulings, the parties will know what outstanding issues remain. As is clear from the non-dispositive motions, the forthcoming dispositive motions will be substantial and complex. The government's request that dispositive motions be due in 9 days showcases their desire to weaponize that deadline through a selective commitment to efficiency, rather than allow Mr. Gogolack to fully exercise his constitutional rights.

---

[1] As the government's request to remove second counsel for various co-defendants does not affect Mr. Gogolack, he does not address it in this response.

The timeline proposed by the defense makes sense for several reasons. First, scheduling a dispositive motions deadline prior to the resolution of the outstanding non-dispositive motions means that Mr. Gogolack will be unable to effectively litigate the constitutional issues permeating this case. The anticipated dispositive motions will vindicate his second, fourth, and fifth amendment rights. His sixth amendment right to effective assistance of counsel includes litigating these dispositive motions. In order to properly litigate the constitutional rights in this case the defense first needs full resolution of the non-dispositive issue including but not limited to his Rule 6, 12 and 16 motions.  Dkt. 404 at 36-52. The resolution of those issues must be concluded prior to a dispositive motions' deadline being set.  This has been the process in other similarly situated multi-defendant mega-cases. The proposed schedule allows defense counsel for all remaining defendants to appropriately review the additional discovery that counsel moved to compel, research the relevant legal issues that might arise from that disclosure, and to draft the appropriate pleadings. It is clear from the substance of the non-dispositive motions filed that moving up the dispositive deadline will force Mr. Gogolack to submit incomplete motions, functionally depriving him of the constitutional rights.

Second, several non-dispositive motions affect Mr. Gogolack's ability to effectively prepare dispositive motions. For instance, Mr. Gogolack has moved for a Fed. R. Crim. P. 12 notice, disclosure of search warrant application materials, release of grand jury minutes, and a Rule 16.1 discovery conference and compelled disclosure. Dkt. 404 at 52-59.  Receipt of that outstanding discovery is necessary to determine what motions to suppress search will be appropriate, motions to dismiss, and how long counsel will need to draft those motions.

If the Court requires dispositive motions to be due prior to its determination of the defendants' non-dispositive motions, piecemeal litigation will ensue, causing additional unwarranted delay. Once the defendants receive the required additional discovery as requested, they will be in a position to file the appropriate additional dispositive motions. For instance, Mr. Gogolack cannot file a motion to suppress the search until he receives discovery of search warrant application materials. The government's response to the defendants Rule 12 demand could also narrow the focus of the dispositive litigation in this case. However, it is unlikely that the Government will provide such notice before April 30, 2025.  Once the government makes the required disclosure of the requested search warrant applications, counsel will require time to review them and prepare the appropriate motions to suppress. Accordingly, scheduling a dispositive motions deadline after the Court's rulings non-dispositive motions ensure that defense counsel effectively files a complete set of dispositive motions within that deadline and allow the case to proceed in a more orderly fashion.

Third, discovery review remains ongoing. As detailed in the non-dispositive motions, counsel received the discovery in a disorderly fashion. That, combined with the volume of discovery, means Mr. Gogolack's team continues to work through all the discovery. The dispositive motions deadline must account for that reality.

Fourth, defendants have raised meaningful non-dispositive issues, and the Court will need time to hear oral argument and render rulings on those motions. This is a complex case, and the issues that defendants have raised are correspondingly substantial and reflect the complexity of this case. The Court will need the appropriate time to resolve those issues. The government's proposed April 30, 2025 deadline—nine days from now—ignores this case's complexity and the substance of the unresolved non-dispositive issues. The amount of discovery alone—terabytes

and terabytes of unorganized discovery shows this complexity. The quantity and nature of non-dispositive motions, some 106 pages, not including the multitude of exhibits, addressing case specific issues, show it.

And until recently, so did the government's own words. Before calling this case a "relatively routine obstruction conspiracy," the government routinely acknowledged this case a complex. Dkt. 355 at 22. After missing the discovery deadline, the government filed a pleading detailing how this case required integrating discovery from six different cases and a "complex investigation" and described it as "a complex conspiracy." Dkt. 142 at 3, 14, 15, 20. Later, when advocating for co-defendant Hinkle's detention, they described the conspiracies as "complexed and nuanced." Dkt. 282 at 5. Those realities do not change because the government wants defense counsel to have less time to prepare motions.

The magnitude of the cases also cuts against a setting a dispositive motions deadline prior to the resolution of the non-dispositive issues. The maximum penalty after trial is a life sentence. Those stakes require that counsel ensure their motions are complete and thorough, not rushed.

The government also ignores or completely minimizes the impact of Attorney General Bondi's memo requiring that the Department of Justice re-evaluate prior no-seek decisions made during the Biden administration. The memo's titled included "Reviving the Federal Death Penalty" and indicated that the federal government would be seeking the death penalty with renewed vigor. Up until April 8, 2025, counsel was required to proceed as if this were a death penalty case. Despite the fact that death was still on the table, defendants agreed to a bifurcated motion schedule in a good faith attempt to move this case along. However, with the death penalty looming over their heads, counsel was required to shift focus and restart investigation specific to potential capital cases. This investigation focuses on gathering significant mitigation

for potential presentations to prosecutors and the penalty phase of a trial. Specialists had to be re-engaged, litigation strategies developed, all while also preparing substantive and substantial non-dispositive motions that needed to be litigated once it was determined that this was a non-capital case.

The government's own course of litigation in this case establish how little thought should be give to the government's professed concerns about the motions schedule. Time and time again, the government has filed motions for reconsideration demanded the Court revisit otherwise settled issues. For example, when the Court appointed second counsel for several defendants, the government moved to reconsider. Dkt. 355. When the Court found the government acted in bad faith, the government moved to reconsider. Dkt. 191. When the Court issued an order before the government filed a reply brief that was not mentioned in the scheduling order, the government moved to reconsider. Dkt. 90. When the Court denied the government's oral motion to exclude speedy trial time, several days later, the government filed an oral motion asking to do the same. Dkt. 123. These are not the actions of a party concerned about efficiency. Rather, those actions signify that the government cares about winning, not efficiency.

Ultimately, the government's arguments reveal a myopic view on efficiency. Efficiency is about maximizing the output relative to the input, not simply moving "as quickly as possible." Dkt. 396 at 6. Efficiency favors doing tasks once, whether it be setting non-dispositive and dispositive motions deadlines, litigating motions, or evaluating whether to seek the death penalty. Efficiency favors making decisions with all the relevant information and setting realistic deadlines. This case is a mega-case. It is complex. It is six cases improperly joined into one Indictment. It was a death penalty case until two weeks ago. Any efficiency here must also

account for effectiveness as is constitutionally required. That is precisely what defense counsel aims to achieve, constitutionally required effective assistance of counsel.

This court should not allow the government to short shrift Mr. Gogolack's constitutional rights because hanging over the government's desire to move at breakneck pace is Judge Vilardo's decision to charge 5 months of constitutional speedy trial time as a sanction. *See* Dkt. 310 at 17-18. The government invited Judge Vilardo to impose that sanction. Dkt. 277 at 3 ("The government respectfully requests that the Court consider imposing the sanction it proposed during oral argument"). But now the government says the Court should be wary of it, claiming it creates an incentive for delay. Dkt. 355 at 4 n.5. Preliminarily, that sanction reveals which side engaged in dilatory conduct. The government received those sanctions because "the government deliberately decided not to produce [discovery] by the deadline." Dkt. 310 at 10. Again, delay, not efficiency.

That sanction should not influence the Court to set an expedited dispositive motions deadline. A sanction is not actually a sanction if everyone must walk on eggshells to avoid it having any actual impact on the case. The Court should set a dispositive motions deadline that accounts for the case's complexity, the outstanding unresolved non-dispositive motions, and defense counsel's good-faith belief about how much time is required to effectively prepare said motions.

Therefore, the Court should move forward with the scheduling order in place. Dkt. No. 366. A practicable dispositive motions deadline should be set after oral argument on the non-dispositive motions.

Dated: Buffalo, New York
      April 21, 2025

                        *FEDERAL PUBLIC DEFENDER'S OFFICE*
                        *Attorneys for Defendant Simon Gogolack*

                        By: s/*John J. Morrissey*
                            John J. Morrissey
                            Jeffrey T. Bagley
                            Fonda Dawn Kubiak

                        300 Pearl Street, St 200
                        Buffalo, New York 14202-4040
                        716-551-3341
                        john_morrissey@fd.org
                        jeffrey_bagley@fd.org
                        fonda_kubiak@fd.org

**TO:**    Nicholas Cooper, Joseph Tripi, Casey Chalbeck, *et al*.
          Assistant United States Attorneys