UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

vs.

SIMON GOGOLACK, ET AL

Docket No 1:23-CR-99(LJV) JJM

Defendants.

## AFFIRMATION IN OPPOSITION TO GOVERNMENT'S MOTION TO REMOVE SECOND COUNSEL AND SET A DEADLINE (DOCKET 396)

GEORGE V.C. MUSCATO, being duly sworn, deposes and says:

1. I am the attorney for JOHN ERMIN, in reference to the above captioned matter and as such, I am fully familiar with all the facts and circumstances contained herein.

2. That this affidavit is in support of our motion to retain second counsel and in Defendant ERMIN's case, DONALD M. THOMPSON, and to set a reasonable date for the filing of dispositive motions following the resolution of the non-dipositive motions.

### SECOND COUNSEL

3. The Government has filed a multi-count Indictment charging Defendant ERMIN and nine other individuals with 28 different counts. The Government further alleges in the Introduction to the Indictment that Defendant ERMIN is the national president of the Outlaws Motorcycle Club (OMC).

4. On February 27, 2025, the Defendants, in a joint motion, authored by attorney Mark Foti, filed a Response (Docket 360) to an earlier request by the Government to remove second

counsel. I would adopt that Response as if fully set forth herein, but if I may I would like to quote said Introduction:

> "In this particular instance, at the status conference on February 10, 2025, this Court determined that second counsel would be appropriately assigned to Peter Gerace, Jr., and John Thomas Ermin.
>
> "The Court did not make this decision in a vacuum. The decision is informed by the Court's own observations regarding the government resources poured into this case, including an appearance on the docket by <u>nine</u> government attorneys. The Court is also informed by an abundance of information establishing the complexity of this case, most of it articulated by the government. The Court is also aware of the February 5, 2025, Department of Justice (DOJ) memorandum and its implication that this administration believes that a no seek determination can be subject to reconsideration at any time.
>
> "The Court, mindful of these considerations and other, appropriate appointed second counsel to Mr. Gerace and Mr. Ermin, and for reasons discussed below, the Government's motion for reconsideration should be denied."

5. As the Court is well aware, there are significant discovery issues to be addressed. Initially, we thought that the discovery material was in excess of 30,000 pages. But as we opened many of the Bates stamps, we discovered that there are thousands of documents contained within a single Bates stamp. Furthermore, there are several thousand phone calls that are subject to review and additional phone calls that are necessary to complete discovery and our review.

6. We have now filed non-dispositive motions, which raise numerous complex and lengthy issues requiring further argument and perhaps hearing.

7. Defendant ERMIN is detained and housed in Livingston County Jail. As the Court is well aware we had extensive litigation over a protective order much of which requires the presence of the attorney during the review of a substantial portion of the discovery material. In this particular case, I reside in Niagara County an hour and fifteen minutes away from Livingston County Jail. My co-counsel, Mr. Thompson, resides in Rochester and is in reasonably close

proximity to facilitate this review. The Government's response is that we can do it by video, but this is ineffective as far as a substantive review with our client in some relative privacy.

8. The ERMIN case has been designated by the Circuit and District Courts a Mega Non-Capital Case. As we pointed out in our Response (Docket 360), not only is this case complex, but the Government lacks standing to challenge the appointment of second counsel. They have no role in the determination of defense funding under the Criminal Justice Act.

9. While the government attempts to mask the removal of an attorney as a cost savings it is a blatant effort to strip Defendant ERMIN of adequate representation facing prolonged, complex, multi-count conspiracy trial with legally complex pretrial issues involving suppression, potential Daubert and much more.

10. This would place an onerous burden on the remaining attorney and disrupt scheduling the matter for trial. This is especially critical since Defendant-ERMIN has been jailed since December 7,2023, or approximately 500 days.

### SCHEDULING A DATE FOR FILING DISPOSITIVE MOTIONS

11.. As the Court can see from our rather lengthy non-dispositive motions that have been filed, there are numerous issues that need to be addressed that directly affect our filing of dispositive motions. We would request an opportunity to have a final determination from the Court with respect to those issues raised prior to filing any dispositive motions.

**WHEREFORE,** your deponent requests that the Court grant and continue the second counsel, set a reasonable date for filing dispositive motions together with such other and further relief the Court deems just and proper.

Dated: April 21, 2025

GEORGE V.C. MUSCATO, ESQ.
Attorney for Defendant-ERMIN