IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.  23-CR-99-LJV

SIMON GOGOLACK, et al.,

Defendants.

## GOVERNMENT'S RESPONSE TO DEFENDANT MICHAEL RONCONE'S MOTION TO MODIFY CONDITIONS OF PRE-TRIAL RELEASE

**THE UNITED STATES OF AMERICA**, by and through its attorneys, Michael DiGiacomo, United States Attorney for the Western District of New York, Nicholas T. Cooper, Assistant United States Attorney, of counsel, hereby offers its response to defendant Michael Roncone's motion to modify conditions of pre-trial release.

### I. Government's Response in Opposition to Mr. Roncone's Motion to Modify Conditions of Pre-Trial Release.

Mr. Roncone seeks to lift two conditions of pre-trial release: (1) the home detention/incarceration component, and (2) the condition preventing Mr. Roncone from possessing and utilizing a "flip phone" or other non-smart phone[1]. *See* Mot. to Modify, at ¶ 2–3, ECF No. 413, (dated Apr. 17, 2025). For the reasons stated below, the Court should deny Mr. Roncone's motion.

---

[1] Upon review of the conditions set by Judge Wolford on December 21, 2023, it appears that there is no condition preventing Mr. Roncone from using a non-smart cellphone, such as a flip phone. The undersigned AUSA spoke with U.S. Probation Officer Khalid Emerson who agreed with this interpretation. If this Court agrees that is an accurate statement regarding Mr. Roncone's conditions of release, then the second request in the defendant's motion should be denied as moot because he already has what he is asking for.

The government opposes Mr. Roncone's request to reduce his home detention condition to a curfew. When Chief Judge Wolford set conditions of release on Mr. Roncone, she amended the conditions previously set my Magistrate Judge Schroeder to make the conditions more restrictive. Chief Judge Wolford explained, just moments before she set the home detention condition, that "[] I do find, based on my consideration of all relevant factors, there is a risk of danger and there is a risk of flight. No question. But I do think that sufficient conditions can be put in place to protect against those risks. And those conditions are as follows." *See* Det. Hrg. Trans., at 89, (Dec. 21, 2023) 23-MR-566. Chief Judge Wolford went on to state "I'm going to change the electronic monitoring from a curfew [] that is set by probation to home detention." *Id.* at 90. Additionally, Chief Judge Wolford set a $100,000 cash bond. *Id.* Chief Judge Wolford informed the defendant that "if, in fact, the security, the cash security ends up creating an issue either with attorney's fees or an issue with respect to living expenses, defense counsel can always make an application. **I would want application made to me as opposed to the magistrate judge since I'm the one that is setting this condition**, but that is what I think is reasonable under the circumstances here." *Id.* at 91 (emphasis added). It is reasonable to infer that, as Chief Judge Wolford is also responsible for setting the home detention condition, a motion to modify the condition of home detention should have been made to her. The Chief Judge also ordered that "I'm going to restrict Mr. Roncone from any association and membership with any motorcycle club gang, including, but not limited to the Rare Breed[] Motorcycle Club and the Outlaws Motorcycle Club. This means that he shall not pay dues, attend meetings, participate in mandatory runs or wear the clothing, colors, patch or insignia of any such club. Further he shall not attend functions sponsored by such clubs, even if the function is open to citizens, the public. He shall remove

all insignia or emblems associating him with the Rare Breed[] Motorcycle Club or Outlaws Motorcycle Club from his home, motorcycle, vehicle, or other property." Id at 90–91. In it's response to the defendant's motion to remove his home detention condition, U.S. Probation informed this Court that "the defendant is restricted from any association with the motorcycle club and or gang and the current location monitoring condition allows this officer to enforce and manage this condition in the most efficient manner." *See* U.S. Probation Memorandum, dated April 18, 2025. Accordingly, were this Court to modify the home detention condition deemed necessary by Chief Judge Wolford, it would necessarily reduce U.S. Probation's ability to effectively enforce other conditions set by Chief Judge Wolford regarding the defendant's activities and associations while he is on pretrial release.

"Pretrial detention decisions are guided by the Bail Reform Act." *United States v. Ebonka*, 733 F. Supp. 3d 967, 969 (D. Nev. 2024). Neither the Federal Rules of Criminal Procedure nor the Bail Reform Act, 18 U.S.C. § 3142, et seq., tackle the procedures or substantive law which control a request to modify conditions of a defendant's pretrial release. Under 18 U.S.C. § 3142(c)(3) of the Bail Reform Act, a "judicial officer may at any time may amend the [release] order to impose additional or different conditions of release." But Section 3142(c)(3) provides no procedural or substantive guidance for how a court should go about doing so. Additionally, under Section 3145(a)(2) when addressing review or appeal of a magistrate judge's order of release, a defendant may "file, with the court having original jurisdiction over the offense, a motion for amendment of the conditions of release." Again, the Bail Reform Act does not provide guidance regarding any procedural or substantive

3

standards for review, other than a motion "shall be determined promptly." 18 U.S.C. § 3145(a)(2).

The Bail Reform Act allows a detention hearing to "be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f). "New and material information for Section 3142(f)(2)(B) purposes consists of something other than a defendant's own evaluation of his character or the strength of the case against him: truly changed circumstances, something unexpected, or a significant event." *United States v. Quinones*, 2016 WL 1694998, at *1 (W.D.N.Y. Apr. 28, 2016) (quoting *United States v. Jerdine*, 2009 WL 4906564, at *3 (N.D. Ohio Dec. 18, 2009)); *see also United States v. Esposito*, 354 F. Supp. 3d 354, 358 (S.D.N.Y. 2019) (noting that detention hearings should not be reopened "on the basis of information that was available to the defendant at the time of the hearing") (quoting *United States v. Lewis*, 2016 WL 6902198, at *2 (S.D.N.Y. Nov. 16, 2016)). "If the new information would not change the court's previous decision, it is not 'material.'" *United States v. Hinkle*, 2024 WL 1486072, at *1 (W.D.N.Y. Apr. 5, 2024) (citing *United States v. Havens*, 487 F. Supp. 2d 335, 339 (W.D.N.Y. 2007)).

"[T]he Court is not required to reopen the hearing or to conduct another hearing if it determines that any new information would not have a material bearing on the issue." *United*

4

*States v. Maxwell*, 510 F. Supp. 3d 165, 169 (S.D.N.Y. 2020). "A court's prior detention determination is a natural reference point against which to measure the materiality of new information for the purpose of reopening the hearing—that is, revisiting its earlier decision." *United States v. Zhang*, 55 F.4th 141, 148 (2d Cir. 2022).

"Courts have routinely held that a motion to modify conditions of pretrial release amounts to a motion to reopen the detention hearing." *Ebonka*, 733 F. Supp. 3d at 969.; *see also United States v. Kube*, 2020 WL 1984178 (E.D. Cal. Apr. 27, 2020); *United States v. Gay*, 2020 WL 5983880, at *3 (C.D. Ill. Oct. 7, 2020); *United States v. Phua*, 2015 WL 127715, at *2 (D. Nev. Jan. 8, 2015) ("Contrary to defendants' assertions, the government's factual support and reliance on 18 U.S.C. § 3142(f) are justified because this Court must consider whether new information exists that was not previously known or presented at the detention hearing to determine whether to modify the pretrial release condition at issue."); *United States v. Smith*, 2012 WL 3776868, at *3 (D. Ariz. Aug. 31, 2012) ("It appears Defendant is under the mistaken impression that federal law authorizes him to repeatedly file multiple motions to modify his release conditions until he gets the ruling he likes. Except for retaining Utah counsel, Defendant has not made any showing, much less the requisite showing, of a material change in circumstances over the last month that was not available at Defendant's hearings in Nevada.").

"Hence, a motion to modify conditions of pretrial release is subject to a threshold requirement of showing that 'new information exists that was not previously known or presented at the detention hearing.'" *Ebonka*, 733 F. Supp. 3d at 969 (quoting *Phua*, 2015

5

WL 127715, at *2). This is the correct framework. The magistrate court in *Gay*, 2020 WL 5983880, at *3, showed its work and it is instructive here. "First, a request to modify conditions of pretrial release essentially asks a court to reconsider and reweigh all the factors a court considered at the original detention hearing…" *Id.* Just as the Court did during the detention hearing in this case, whenever a court imposes conditions, or modifies them, it must determine "'whether any condition or combination of conditions … will reasonably assure the appearance of such person as required and the safety of any other person and the community.'" *Id.* (citing 18 U.S.C. § 3142(f)). "Second, without requiring a Defendant to make the threshold showing of new, material information, a Defendant could file endless petitions to modify his conditions." *Id.* "Courts do not ordinarily allow parties to file a motion previously denied over and over again, yet without the threshold showing required in Section 3142(f)(2), nothing in the statute precludes a defendant from doing so." *Id.*

Applying these standards in the present case, the defendant fails to make a sufficient threshold showing. The defendant primarily points to his age, his lack of criminal history, and his record of compliance with the conditions set by Chief Judge Wolford as the reason for his request to be permitted to "live his life with a little more freedom" and to "partake in ordinary daily tasks outside of his residence." *See* Mot. to Modify, at ¶ 5–7, ECF No. 413, (dated Apr. 17, 2025). "It is also axiomatic that the emergence of a circumstance giving rise to a desire to modify conditions is not new information material to the release conditions regarding flight or dangerousness." *Ebonka*, 733 F. Supp. 3d at 970. "Of course[,] conditions will impact a defendant's ability to engage in activities … that is why the Bail Reform Act requires that any conditions imposed be the 'least restrictive' to achieve the purposes of the

6

conditions." *Gay*, 2020 WL 5983880, at *3.  "[T]he impact of the conditions on a defendant's ability to engage in activities is necessarily considered by a court at the original detention hearing, and any such impact caused by the conditions ultimately imposed is neither new nor material sufficient to re-open the detention hearing." *Id.* (emphasis added).

The defendant fails to show how employment opportunities have a material bearing on the issue of whether he would appear in Court or whether a curfew (as opposed to home detention) would address the danger to any other person or the community.  *See Hunnicutt*, 2022 WL 17551754, at *3 (D. Colo. Dec. 8, 2022); *United States v. Ross*, 2024 WL 1890087, at *5 (E.D. Tenn. Apr. 30, 2024) ("Defendant's employment and the weather conditions in Florida were known to Defendant at the time of his initial appearance. They do not constitute new information under § 3142(f)(2)."); *United States v. Peguero*, 2021 WL 4811315, at *3 (W.D. Ky. Oct. 14, 2021) ("the Court is not convinced that Peguero's employment has a material bearing on the need for location monitoring and home detention to reasonably assure Peguero's appearance and the safety of the community.  Peguero's motion focused on the burden that his current conditions of release place on him, but he cited no authority requiring the Court to structure its conditions so as to eliminate all burden on him or even to consider the burden on him at all.").  The defendant has failed to meet his burden, and his motions should be denied.

To the extent that the defendant relies on conditions set for a co-defendant, Mr. Knight, this Court should dispel with that argument quickly.  The Court takes defendants as it finds them, and addresses individual defendant's individually.  Chief Judge Wolford made

detailed, individualized findings about defendant Roncone when determining what were the least restrictive conditions necessary to ensure the safety of the community and the defendant's return to court. None of those have anything to do with Mr. Knight's conditions of release.

For the reasons, the government respectfully requests that the Court deny defendant Roncone's motion to modify his conditions of pre-trial release and keep in place the home detention condition deemed necessary by Chief Judge Wolford and supported by U.S. Probation, the entity responsible for ensuring the defendant remains compliant.

DATED: Buffalo, New York, April 22, 2025

        MICHAEL DIGIACOMO
        United States Attorney


BY:   s/ NICHOLAS T. COOPER
       Assistant United States Attorney
       United States Attorney's Office
       Western District of New York
       138 Delaware Avenue
       Buffalo, New York 14202
       (716) 843-5830
       Nicholas.Cooper@usdoj.gov