IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

     v.                                                                  23-CR-99-LJV

SIMON GOGOLACK, et al.,

                Defendants.

---

**MOTION FOR THE DISTRICT COURT TO ADJUDICATE THE DEFENDANTS' RIPE MOTIONS FOR SEVERANCE AND FOR CHANGE OF VICINAGE, AND TO SET A DEADLINE FOR DEFENDANTS GOGOLACK AND HINKLE TO FILE A SEVERANCE MOTION**

**THE UNITED STATES OF AMERICA**, by and through its attorneys, Michael DiGiacomo, United States Attorney for the Western District of New York, Casey L. Chalbeck, Assistant United States Attorney, of counsel, hereby moves the District Court to adjudicate defendants' Gerace, Ermin, and Hinkle's motions for severance and change of vicinage, and to set a deadline for defendants Gogolack and Hinkle to file any additional motion for severance.

### I. Background

On March 5, 2025, the Magistrate Court entered a Second Amended Scheduling Order providing, in relevant part, that "**ALL MOTIONS SEEKING SEVERANCE ARE TO BE SEPARATELY FILED WITH HON. LAWRENCE J. VILARDO.**" Sec. Am. Schedul. Order, at 1, ECF No. 366, (dated Mar. 5, 2025) (emphasis original). On April 16, 2025, Messrs. Gerace, Ermin, and Hinkle filed motions for severance as part of their omnibus, non-dispositive pre-trial motions. *See* Gerace, Ermin, Hinkle Omnibus Non-Disp. Pre-Tr. Mots., at 112–26, ECF No. 410, (dated Apr. 16, 2025) (hereinafter "Gerace Mot."). In addition to

joining, along with Mr. Hinkle, Mr. Gerace's motions for severance, Mr. Ermin filed his own motion for severance. *See* Ermin Omnibus Pre-Tr. Mots., at 13–15, ECF No. 405, (dated Apr. 16, 2025) (moving for severance) (hereinafter "Ermin Mot."). Similarly, Mr. Hinkle filed his own motion for severance as part of his non-dispositive omnibus pre-trial motions. *See* Hinkle Omnibus Pre-Tr. Mots., at 13–14, ECF No. 408, (dated Apr. 16, 2025) (hereinafter "Hinkle Mot.").[1] Mr. Gogolack, meanwhile, asked that "the severance deadline be extended or held in abeyance until after the dispositive motions are resolved."[2] Gogolack Omnibus Pre-Tr. Mots., at 16, ECF No. 404, (dated Apr. 16, 2025). Additionally, Messrs. Gerace, Ermin, Hinkle, and Gogolack all moved for a change in vicinage. *See* Gerace Mot., at 103–112; Gogolack Mot., at 38 ("Simon Gogolack incorporates by reference and joins in all arguments from all of co-defendant Gerace, Ermin, and Hinkle's Change of Vicinage Motion.").

The government issued its response in opposition to both sets of motions on April 30, 2025. *See* Gov. Omnibus Resp. in Opp., at 81–103, ECF No. 423, (dated Apr. 30, 2025) (responding in opposition to the defendants' severance motions); 52–65 (responding in opposition to the defendants' severance motions). The defendants issued various replies on May 8, 2025. *See* Gerace, Ermin, Hinkle Reply in Support of Omnibus Pre-Tr. Mots., at 24–29, ECF No. 431, (dated May 9, 2025) (replying in support of motions for severance) (hereinafter "Gerace Reply Br."); *id.* at 29–40 (replying in support of motion for change of

---

[1] In his separate set of omnibus pre-trial motions, and despite joining Mr. Gerace's motions for severance, Mr. Hinkle argued that he could not meaningfully explore severance until he received a bill of particulars and "additional discovery materials", including "any statements, interviews, admissions, proffers, and the like *concerning* [c]o-defendants . . ." Hinkle Omnibus Pre-Tr. Mots., at 13 ¶¶ 30–31. On May 21, 2025, the Magistrate Court denied Mr. Hinkle's motion for a bill of particulars and did not adjudicate whether the defendants would be entitled to early *Jencks*.

[2] The Magistrate Court set a deadline of August 8, 2025, for the defendants to file dispositive pre-trial motions.

vicinage); Ermin Reply in Support of Omnibus Pre-Tr. Mots., at 2–5, ECF No. 428, (dated May 8, 2025) (replying in support of motion for change of vicinage) (hereinafter "Ermin Reply Br.").[3]  For ease of reference, the following table identifies the relevant briefs, and their respective sections, regarding the motions for severance and change of vicinage.

| Filings Related to Severance | | |
|---|---|---|
| Defendant Motion | Government Response | Defendant Reply |
| Gogolack Mot., at 16, ECF No. 404. | Gov. Resp. in Opp., at 81–103, ECF No. 423. | N/A |
| Ermin Mot., at 13–15, ECF No. 405. | *See generally id.* | N/A |
| Hinkle Mot., at 13–14, ECF No. 408. | *See generally id.* | N/A |
| Gerace Mot., at 112–26, ECF No. 410. | *See generally id.* | Gerace Reply Br., at 24–29, ECF No. 431. |
| **Filings Related to Vicinage** | | |
| Gogolack Mot., at 38, ECF No. 404. | Gov. Resp. in Opp., at 52–65, ECF No. 423. | N/A |
| Gerace Mot., at 103–112, ECF No. 410 | *See generally id.* | Gerace Reply Br., at 29–40, ECF No. 431. |
| N/A | N/A | Ermin Reply Br., at 2–5, ECF No. 428. |

On May 21, 2025, the Magistrate Court stated that it would not address the defendants' severance motions or motion for change of vicinage. *See* Oral Arg. Tran., at 4–5, (dated Mar. 21, 2025) ("We will not discuss item D, motion for a change of vicinage. . . . Motions of severance either of counts or individuals.  That can be taken up later.").

## II.  The Government's Requests

The government's motion proceeds in three parts.  First, Messrs. Gerace, Ermin, Hinkle, and Gogolack's combined request for a change of vicinage is fully briefed and ripe for adjudication.  *See* Gogolack Mot., at 38; Gerace Mot., at 103–112; Govt. Resp. in Opp., at

---

[3]  Though Mr. Ermin did not raise the motion for change of vicinage in his own set of omnibus pre-trial motions, he devoted a considerable portion of his reply brief in support of the motion for change of vicinage he joined through Mr. Gerace's omnibus motions.

52–65; Ermin Reply Br., at 2–5; Gerace Reply Br., at 29–40. Accordingly, the government respectfully moves this Court to adjudicate the motions for change of vicinage, setting oral argument if necessary.[4]

Second, Messrs. Gerace, Ermin, and Hinkle's combined motions for severance are fully briefed and ripe for adjudication. *See* Gerace Mot., at 112–26; Gov. Resp. in Opp., at 81–103, Gerace Reply Br., at 24–29. Accordingly, the government respectfully requests that the Court adjudicate those motions, as well, setting oral argument if necessary.

Third, to the extent that Messrs. Gogolack and Hinkle seek additional time to file a severance motion, *see* Gogolack Mot., at 16, or, in Mr. Hinkle's case, an additional motion for severance, *see* Hinkle Mot., at 13–14, the government respectfully requests that the Court impose a deadline for them to file their motions.

Accordingly, the government respectfully requests that the Court adjudicate the defendants' motions for change of vicinage and the ripe motions for severance, and set a deadline for Mr. Hinkle and Mr. Gogolack to file a motion for severance.

DATED: Buffalo, New York, May 29, 2025

        Michael DiGiacomo
        United States Attorney

BY:   s/ CASEY L. CHALBECK
        Assistant United States Attorney
        United States Attorney's Office
        Western District of New York
        138 Delaware Avenue
        Buffalo, New York 14202
        (716) 843-5881
        Casey.Chalbeck@usdoj.gov

---

[4] Because the defendants have raised the possibility of consenting to this case being transferred to another judge based in Rochester, New York, principles of judicial economy may favor resolving the issue of venue first.