UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

—————————————————————

UNITED STATES OF AMERICA,                          **23-CR-99-LJV-JJM**

     v.

                                                 **RESPONSE TO GOVERNMENT**

SIMON GOGOLACK,                                    **MOTION TO STAY DECISION**

                              **AND ORDER**

                            Defendant.

—————————————————————

### DEFNDANTS JOINT RESPONSE TO GOVERNMENT'S MOTION FOR A STAY OF THE MAGISTRATE COURT'S ORDER DIRECTING THE GOVERNMENT TO DISCLOSE GRAND JURY MINUTES FOR IN CAMERA INSPECTION

The Defendants in this case filed extensive non-dispositive pre-trial motions and in particular, Defendants Gerace, Ermin, and Hinkle in a joint motion sought disclosure of grand jury minutes in support of a motion to dismiss for prosecutorial misconduct. *See* Gerace, Ermin, Hinkle Omnibus Non-Disp. Pre-Tr. Mots., at 63–81, ECF No. 410, (dated Apr. 16, 2025) (hereinafter "Gerace Mot."). [1]

The Government opposed Defendants' motion.  Dkt. No. 423.

Extensive Oral Arguments were heard by Magistrate Judge McCarthy on May 21, 2025. *See* Dkt. No. 438.  After which Magistrate Judge McCarthy issued an Oral Decision and Order with respect to defendants' non-dispositive pre-trial motions. *See* Dkt. Nos. 434, 438.

Among other things, Magistrate Judge McCarthy found that an *in camera* review of the testimony presented to the grand juries in this case was warranted and ordered disclosure on the

—————————————

[1] Defendant Simon Gogolack specifically joined in this motion and incorporated by reference all arguments contained therein.  *See* Dkt. No. 404, p. 33.

basis of "how" the grand jury "was . . . instructed so that they could make th[e] finding" alleged

in Overt Act ¶ 25. Non-Disp. Mots. Oral Arg. Tran., at 103, (dated May 21, 2025), Dkt. No.

438.  Additionally, the Magistrate Court concluded that because Rule 6(e)(3)(E) grants it

discretion to release grand jury minutes.  In particular, the Magistrate Court ruling is as follows:

> Criminal Rule 6(e)(3)(E) states that the Court may authorize disclosure
> at a time and a manner and subject to any other conditions that it directs
> of a Grand Jury matter, sub (2), at the request of a defendant who shows
> that a ground may exist to dismiss the indictment because of a matter
> that occurred before the Grand Jury. I emphasize the word "may" here.
> I'm not drawing any conclusions as to whether there was any
> impropriety. I don't know. But focusing again only on -- and I've read
> the other allegations, the factual allegations but I still have trouble with
> how the Grand Jury was able to -- I'm not addressing this in terms of
> whether there's evidence to support it, I'm addressing it in terms of how
> was the jury instructed so that they could make this finding. So I am
> going to direct that the Grand Jury minutes be given to me for my in
> camera review.
>
> Mr. Foti, I know you've asked that you have access to it, too. Not at
> this point because I think I have enough to make my own determination
> as to whether or not further disclosure is appropriate. I may conclude
> that I don't think there was any impropriety. I would indicate that to
> Judge Vilardo, if I conclude that there may have been. We'll see where
> we go from there. But for now that's my ruling.
> Id. at 102–03.
>
> Mr. Tripi responds stating:  Judge, it would be our intention, just to clarify, we
> intend to give you all the Grand Jury transcripts and all the exhibits underlying
> the transcripts.  Id. at 103-104.

On May 29, 2025, the Government filed a Motion to Stay the disclosure of Grand Jury

Minutes to the Magistrate Judge.  *See* Dkt. No. 436.  Defendants Gogolack, Gerace, Ermin,

Hinkle and Roncone file the following response in opposition.  First and foremost, at the

conclusion of the Oral Argument on May 21, 2025, the Government did not request that the

Magistrate Judge Stay its Decision and Order to allow the Government to Appeal the Magistrate

Judge's Order. In this district, Government motions for stays in criminal cases are routinely

made on the record at the conclusion of the proceeding.  That did not occur here. Instead, eight

(8) days later the Government filed the instant motion which is essentially another Motion to

Reconsider furthering the sustained pattern by the Government.  To date, the Government has

not filed objections to that portion of Judge McCarthy's Decision and Order requiring it to

disclose the Grand Jury Minutes.  By email at the close of business on Friday, May 30, 2025, it

requested an oral stay of disclosure awaiting further rulings by the District Court.  As there was

no deadline by which the Government's disclosure was to take place, the Magistrate Judge

agreed to Stay the Disclosure until Judge Vilardo heard the instant motion to stay.  On June 2,

2025, Judge Vilardo granted a temporary stay until the Status Conference scheduled for June 9,

2025.  *See* Dkt. No. 440.

To the extent the Court grants the stay, and the Government formally files objections to

the Magistrate Judges Decision and Order, the Defendants respectfully request a date be set for

further briefing on the merits.


**LEGAL STANDARD**

Judge Vilardo has recognized that "[t]he party seeking [a] stay bears the burden of

demonstrating that it is entitled to one". *Consumer Financial Protection Bureau v. Manseth*,

2024 WL 805628, *3 (W.D.N.Y. 2024). "Different Rules of Procedure govern the power of

district courts and courts of appeals to stay an order pending appeal . . . . [H]owever, the factors

regulating the issuance of a stay are generally the same: (1) whether the stay applicant has made

a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be

irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the

other parties interested in the proceeding; and (4) where the public interest lies." *Hilton v.*

*Braunskill,* 481 U.S. 770, 776 (1987); United States v. Grote, 961 F.3d 105, 122 (2d Cir. 2020).

"[T]he degree to which a factor must be present varies with the strength of the other factors,

meaning that more of one factor excuses less of the other." *In re World Trade Center Disaster*

*Site Litigation*, 503 F.3d 167, 170 (2d Cir. 2007).

1. **THE GOVERNMENT IS UNLIKELY TO SUCCEED ON THE MERITS AS JUDGE MCCARTHY CORRECTLY FOUND THAT THE GOVERNMENT SHOULD DISCLOSE GRAND JURY MINUTES FOR *IN CAMERA* REVIEW.**

The Court will reconsider a magistrate judge's order pertaining to discovery issues if the

magistrate judge's determination was "clearly erroneous or contrary to law." 28 U.S.C. §

636(b)(1)(A); *see also United States v. Feneziani*, No. 05-CR-290E, 2007 WL 1613630, at *1

(W.D.N.Y. June 1, 2007). "'A finding is clearly erroneous when although there is evidence to

support it, the reviewing court on the entire evidence is left with the definite and firm conviction

that a mistake has been committed.'" Id. (quoting *Garcia v. Teitler,* 443 F.3d 202, 211 (2d Cir.

2006)). "This standard is highly deferential, imposes a heavy burden on the objecting party, and

only permits reversal where the magistrate judge abused his discretion." *Centro De La*

*Comunidad Hispana De Locust Valley v. Town of Oyster Bay*, 954 F. Supp. 2d 127, 139

(E.D.N.Y. 2013) (quotations omitted); *see also S.E.C. v. Verdiramo*, 890 F. Supp. 2d 257, 266

(S.D.N.Y. 2011) ("The clearly erroneous standard is highly deferential, and magistrate judges are

afforded broad discretion in resolving non-dispositive disputes. ...") (quotation omitted).

Magistrate judges are entrusted with broad authority when ruling on non-dispositive

matters. To overturn such a decision, a reviewing court must find that a magistrate judge "abused

his discretion" or committed an error so egregious that it is "contrary to law." "This standard is

highly deferential, [and] imposes a heavy burden on the objecting party." *United States v. Williams,* 339 F. Supp. 3d 129, 133 (W.D.N.Y. 2018) (internal citations omitted). Moreover, Rule 59 of the Local Rules of Criminal Procedure for the United States District Court for the Western District of New York states that:

> Review of Magistrate Judge's Actions.
>
> (1) **Non-dispositive Matters**. All orders of the Magistrate Judge authorized by 28 U.S.C. § 636(b)(1)(A) shall be effective unless and until a stay is obtained or the order is otherwise reversed or vacated by the District Judge. In the event that a party files objections, the specific matters to which the party objects and the manner in which it is claimed that the order is **clearly erroneous** or contrary to law shall be clearly set out in the objections.

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge on a dispositive order. 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b)(3). The court must review *de novo* those portions of a magistrate judge's recommendation to which a party objects. 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b)(3). However, with respect to a non-dispositive order, such as the one here, "a district court may only 'modify or set aside any part of the order that is clearly erroneous or is contrary to law.' " *United States v. Aventura Techs.,* Inc., 607 F. Supp. 3d 278, 282 (E.D.N.Y. 2022) (quoting 28 U.S.C. § 636(b)(1)(A)); *see Meyer Corp. U.S. v. Alfay Designs, Inc.,* 2017 WL 5515938, at *2 (E.D.N.Y. Mar. 6, 2017) (applying clear error standard to magistrate judge's "decision to impose sanctions based solely on the dishonest and bad faith conduct"). "This standard is highly deferential and only permits reversal where the magistrate [judge] abused his discretion." Aventura Techs., 607 F. Supp. at 282 (*quoting Mental*

*Disability L. Clinic v. Hogan*, 739 F. Supp. 2d 201, 203 (E.D.N.Y. 2010)).  The government

cannot meet this heavy burden.

Rule 6 of the Federal Rules of Criminal Procedure permits disclosure of matters

occurring before a grand jury, "at the request of the defendant, upon a showing that grounds may

exist for a motion to dismiss the indictment because of matters occurring before the grand jury."

*See* Fed. R. Crim. P. 6(e)(3)(C)(ii).  In requesting to review grand jury minutes, the defendant

must "show a particularized need" for disclosure that outweighs the Government's interest in

maintaining the secrecy of the grand jury proceeding. *United States v. Moten*, 582 F.2d 654, 662

(2d. Cir. 1978). The Court may authorize disclosure "at a time, in a manner, and subject to any

other conditions that it directs." *United States v. Reynolds*, 2012 U.S. Dist. LEXIS 153654

(WDNY 2012).

"It is well-settled that a defendant seeking disclosure of grand jury minutes has the

burden of showing a 'particularized need' that outweighs the default 'need for secrecy' in grand

jury deliberations." *United States v. Forde*, 740 F.Supp.2d 406, 413 (S.D.N.Y.2010) (citing

*United States v. Moten*, 582 F.2d 654, 662 (2d Cir.1978). "[The Rule 6(e)(3)(E)(ii) requirement

of showing a ground to dismiss the indictment because of a matter before the grand jury] extends

to legal instructions given to the grand jury." *United States v. Jailall*, 00–cr–69 (RWS), 2000 WL

1368055, at *2 (S.D.N.Y. Sept. 20, 2000) (Sweet, J.). "Mere speculation that ... the Government

may have improperly instructed the grand jury ... falls far short of the showing to overcome the

presumption of secrecy." Forde, 740 F.Supp.2d at 414. The government need not provide the

grand jury with legal instructions. *See United States v. Lopez–Lopez*, 282 F.3d 1, 9 (1st

Cir.2002). However, courts have found error where the government incompletely or erroneously

provides legal instruction to the grand jury. *See United States v. Brito*, 907 F.2d 392, 394 (2d

Cir.1990), *United States v. Kasper*, 10–cr–318 (HBS), 2011 WL 7098042, at *7 (W.D.N.Y. June

20, 2011).

Here, the Defendants made the requisite showing of particularized need by proving 'that

the material they seek is needed to avoid a possible injustice, that the need for disclosure is

greater than the need for continued secrecy, and that their request is structured to cover only

material so needed.  After hearing Mr. Foti at Oral Argument on May 21,2025, Magistrate Judge

McCarthy correctly determined that the Defendants came forward with more than mere

speculation that the grand jury was misled and set forth specific factual arguments to evidence

where there are demonstratively false allegations in the indictment and sufficient evidence to

support the likelihood that the integrity of the grand jury proceedings was compromised by the

presentation of false evidence.  Given this showing of a particularized need, the Court correctly

determined it was necessary inspect *in camera* the instructions given to the grand jury, stating

"But focusing again only on -- and I've read the other allegations, the factual allegations but I

still have trouble with how the Grand Jury was able to -- I'm not addressing this in terms of

whether there's evidence to support it, I'm addressing it in terms of how was the jury instructed

so that they could make this finding."  Oral Arg. Tran., at 103, (dated May 21, 2025), Dkt. No.

438.


**2. The Government will not be Irreparably Injured Absent a Stay.**

Courts should perform *in camera* inspection of grand jury transcripts under their

supervisory power to ensure that a defendant's rights were not compromised during the grand

jury proceeding. Fed.Rules Cr.Proc.Rule 6(e), 18 U.S.C.A. U*.S. v. Rodriguez-Torres*, 570 F.

Supp. 2d 237 (D.P.R. 2008).  Here, the Magistrate Judge indicated he would review the

transcripts *in camera* before deciding if the defense should get them. There is no irreparable

harm to the government from *in camera* review by the Court.  Moreover, there would be little

prejudice to either the government or to any grand jury witnesses, given that much of the grand

jury testimony, if not all, will likely be given to the Defendants under the Jencks Act.

### 3.  The Issuance of the Stay will Substantially Injure Defendants' Interests.

The issuance of a stay will substantially injure the Defendants interests in this case.  The

Government's request for a stay is to further impede and delay Judge McCarthy from reviewing

the grand jury transcripts to make a judicial determination whether the integrity of the grand jury

proceedings was compromised by the presentation of false evidence and thereafter, determining

what, if any, portion should be disclosed to the defense in a timely fashion to allow them to

properly prepare their dispositive motions that are currently due on August  8, 2025.  A stay,

beyond the 11-day temporary stay already granted, certainly adversely effects the Defendants

ability to effectively prepare dispositive motions, including Motions to Dismiss counts in the

Indictment, and dispositive Brady Motions.

Rule 6(e) (2) codifies the general rule of secrecy which has traditionally shrouded grand

jury proceedings. Fed.R.Crim.P. 6(e) (2). Rule 6(e) (3), however, sets forth assorted exceptions

to this general rule of secrecy, and authorizes disclosure otherwise prohibited under certain

circumstances. The circumstances include: "(i) when so directed by a court preliminary to or in

connection with a judicial proceeding" or "(ii) when permitted by a court at the request of the

defendant, upon a showing that grounds may exist for a motion to dismiss the indictment because

of matters occurring before the grand jury." Fed. R.Crim.P. 6(e) (3) (C).

8

Discoverable materials falling within the scope of Brady and the Jencks Act also constitute exceptions to the general rule of grand jury secrecy. Thus, even from a pretrial perspective, it is obvious the grand jury minutes contain evidence which relates to the government's investigation and prosecution of these Defendants, and that demonstratively false allegations in the Indictment and misleading testimony presented to the grand jury is material also discoverable under *Brady* and *Giglio*. In this case, the need for disclosure of Brady materials outweighs the policies supporting the secrecy of grand jury proceedings. *See, e.g., In re Matter of Grand Jury Proceedings, Special September, 1986*, 942 F.2d 1195, 1198 (7th Cir.1991). In *Dennis v. United States*, 384 U.S. 855, 86 S.Ct. 1840, 16 L.Ed.2d 973 (1966), the Court found that the defendant had met the showing of "particularized need" for grand jury transcripts based in part on the fact that they involved the testimony of key government witnesses, and that the testimony of these witnesses was largely uncorroborated. The Supreme Court in *Dennis* noted a conspiracy case, like the case at bar, carries with it the inevitable risk of wrongful attribution of responsibility to one or more of the multiple defendants. See, e.g., *United States v. Bufalino,* 285 F.2d 408, 417—418 (C.A.2d Cir. 1960). Under these circumstances, it is especially important that the defense, the judge and the jury should have the assurance that the doors that may lead to truth have been unlocked. In our adversary system for determining guilt or innocence, it is rarely justifiable for the prosecution to have exclusive access to a storehouse of relevant fact. Exceptions to this are justifiable only by the clearest and most compelling considerations. For this reason, we cannot accept the view of the Court of Appeals that it is 'safe to assume' no inconsistencies would have come to light *if* the grand jury testimony had been examined. There is no justification for relying upon 'assumption.' Like in *Dennis*, the Court cannot assume nothing untoward occurred in the grand jury, and in camera review provides the necessary judicial oversight especially in light of

the fact that the Defendants have already established demonstratively false allegations in the Indictment and misleading testimony was presented to the grand jury.

Accordingly, further delay in by granting an additional stay and further stalling the litigation of the substantive aspects of the governments objection or appeal should they file one, substantially prejudices these Defendants, particularly those who have been detained since the inception of this case.

### 4.  Where Does the Public Interest Lie?

The public's interest in a fair and speedy trial outweighs any governments interest in a further stay in this case. Throughout this case, the government patter it to relitigated rulings it perceives as adverse.  The instant motion for a stay, as opposed to filing substantive objections to Magistrate Judge McCarthy's Decision and Order which did not set a deadline for disclosure of the Grand Jury Minutes to the Court further highlights the government strategy of delay and deflect.  Mr. Tripi indicated on the record on May 21, 2025, that the government would intend to give the Court all the Grand Jury transcripts and all the exhibits underlying the transcripts.  And followed up to the Court indicating that "We'll give you everything that we have."  Non-Disp. Mots. Oral Arg. Tran., at 104, (dated May 21, 2025), Dkt. No.  438.

The Government could have orally moved for stay at the point.  It did not.  It could have filed a written motion for a stay immediately following oral argument on May 21, 2025.  It did not.  It could have filed written substantive objections to the Decision and Order on May 29, 2025.  It did not.  Instead, it waited eight days to request a stay, necessitate further litigation and further delay as opposed to addressing the merits of any substantive objections to the non-

10

dispositive Decision and Order. The government constantly complain about delay, but then files

a 19-page Motion to a Stay.  Dkt. No. 436.

The public's interest would best be served the Court swiftly denying the government's

Motion for a Stay and instead setting a scheduling Order for the filing of their objections no later

than June 9, 2025.


**CONCLUSION**

Judge McCarthy's Decision and Order dated May 21, 2025 (Dkt Nos. 434, 438) is not

clearly erroneous or contrary to law, and therefore the Government's request for a stay and/or

objections should be denied.  To the extent the Court grants the stay, and the Government

formally files objections to the Magistrate Judges Decision and Order, the Defendants

respectfully request a date be set for further briefing on the merits.


**DATED**:      Buffalo, New York, June 3, 2025

                                                            Respectfully submitted,

                                                            **/s/ Fonda Dawn Kubiak**
                                                            Fonda Dawn Kubiak

                                                            **/s/ Jeffrey T. Bagley**
                                                            Jeffrey T. Bagley

                                                            */s/ John J. Morrissey*
                                                            John J. Morrisey

                                                            Assistant Federal Public Defenders
                                                            Federal Public Defender's Office
                                                            300 Pearl Street, Suite 200
                                                            Buffalo, New York 14202
                                                            (716) 551-3341, (716) 551-3346 (Fax)
                                                            fonda_kubiak@fd.org
                                                            jeffrey_bagley@fd.org

john_morrissey@fd.org
Counsels for Defendant, Simon Gogolack


DATED:      Orchard Park, New York
            June 3, 2025

                                    _____
                                    Cheryl Meyers Buth, Esq.
                                    MEYERS BUTH LAW GROUP, PLLC
                                    *Attorney for Defendant Peter Gerace, Jr.*
                                    21 Princeton Place, Suite 105
                                    Orchard Park, New York 14127
                                     (716) 508-8598
                                    cmbuth@mblg.us


DATED:      Rochester, New York
            June 3, 2025

                                    _____
                                    Mark A. Foti, Esq.
                                    THE FOTI LAW FIRM, P.C.
                                    *Attorney for Defendant Peter Gerace, Jr.*
                                    16 W. Main Street – Suite 100
                                    Rochester, New York 14614
                                    (585) 461-1999
                                    mark@fotilaw.com


DATED:      Rochester, New York
            June 3, 2025

                                    _____
                                    Donald M. Thompson, Esq.
                                    EASTON THOMPSON KASPEREK
                                    SHIFFRIN LLP
                                    *Attorney for Defendant John Ermin*
                                    16 W. Main Street – Suite 243
                                    Rochester, New York 14614
                                    (585) 423-8290
                                    dmthompson@etksdefense.com


12

DATED:     Lockport, New York
              June 3, 2025

_____

George V. C. Muscato, Esq.
MUSCATO, DIMILLO & VONA, LLP
*Attorney for Defendant John Ermin*
107 East Avenue
Lockport, New York 14094
(716) 434-9177
georgemuscato@gmail.com

DATED:     Hamburg, New York
              June 3, 2025

_____

Daniel J. Henry, Jr., Esq.
Frank Bogulski, Esq.
*Attorneys for Howard Hinkle*
16 Main Street
Hamburg, New York 14075
(716) 648-0510
dhenry@villariniandhenry.com

DATED:     Buffalo, New York
              June 3, 2025

_____

Paul Dell
*Attorney for Michael Roncone*
Law Office of Paul G. Dell
70 Niagara Street
Buffalo, NY 14202
716-362-1156
Fax: 716-984-8095
Email: pgdell@aol.com

13

DATED:      Tonawanda, New York
            June 3, 2025

                                          _____

                                          *Barry J. Donohue, Esq.*
                                          *Attorney for Frank Knight*
                                          *77 Broad Street*
                                          *Tonawanda, NY 14150*
                                          *716-693-0359*
                                          *Fax: 716-693-1158*
                                          *Email: barry@donohuelaw.com*

**TO:**   Casey Chalbeck, et al.
          Assistant United States Attorneys