UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

    v.　　　　　　　　　　　　　　　　　　　　　　　23-CR-99-LJV-JJM

SIMON GOGOLACK,

    Defendant.

_____

### APPEAL OF JUDGE MCCARTHY'S ORDER DENYING DISCLOSURE OF SEARCH WARRANT APPLICATIONS WITHOUT AFFIDAVIT OF STANDING

    No one disputes that Mr. Gogolack has standing in his house, email, and cell phone. Accordingly, Mr. Gogolack moved for disclosure of application materials for warrants authorizing searches of his property, email, and phone. In that motion, he pled specific facts demonstrating standing. The government did not dispute standing but still refused to disclose those search warrant application materials absent an affidavit establish standing. Following oral argument, the Magistrate Court largely agreed with the government. Because no rule, binding precedent, or common sense supports requiring an affidavit for disclosure of search warrant application material that Mr. Gogolack is otherwise entitled to, this Court should overturn Judge McCarthy's decision and require the government to immediately disclose the requested search warrant application material.

## FACTS

The government has disclosed 32 search warrants. They did not disclose any search warrant application material with those warrants. Mr. Gogolack believed that he had standing for certain search warrants and moved for disclosure of the application materials under the Fourth Amendment and Fed. R. Crim. P. 16. Dkt. 404 at 45-46. The relevant warrants are[1]:

| | |
|---|---|
| 8/2/23 | Phone associated with 716-380-3061 |
| 8/5/23 | 296 Scott Avenue |
| 8/8/23 | Trailer with license plate BD 76438 and car with VIN 1G1ZT52855F282938, both located at 296 Scott Ave |
| 8/18/23 | AT&T Records associated with 716-380-3061 |
| 9/14/23 | 296 Scott Avenue |
| 9/23/23 | SGOGOLACK45@GMAIL.COM; crystal003985@gmail.com |
| 10/4/23 | Geofence Warrant that includes 296 Scott Avenue |

---

[1] Mr. Gogolack also moved for disclosure application material for two search warrants authorizing buccal swabs. Dkt. 404 at 45-46. Judge McCarthy did not require a standing affidavit for those warrants. Tr. May 21, 2025 at 112-113 (Dkt. 438). Mr. Gogolack is not challenging that ruling.

In this motion, Mr. Gogolack alleged that he had standing in the items searched and pointed to specific facts establishing. Mr. Gogolack stated:

> Similarly, Alleghany County's records demonstrate that Mr. Gogolack owns 296 Scott Avenue. Mr. Gogolack has a reasonable expectation of privacy in his own property. *See* Property Description Report For: 296 Scott Ave, Municipality of V. of Wellsville, Attached as Exhibit B. The complaint lists 296 Scott Avenue as Mr. Gogolack's last known address. *See* Complaint. FBI 302s similarly list that address as Mr. Gogolack's last known address.
>
> The phone number ending 3061 is Mr. Gogolack's phone. FBI agents acknowledge that is Mr. Gogolack's number. FBI interviewed him by phone at that number. That phone has a user account for Mr. Gogolack's Facebook. In discovery, the government named the folder containing this phone's extraction as "1B3 Gogolack Phone." Discovery documents besides the FBI's own reports corroborate that this was Mr. Gogolack's number. For example, a Home Deport Customer quote also lists that as his number.
>
> Besides the name "SGOGOLACK45" suggesting that the email belongs to Mr. Gogolack, numerous emails sent to that address are directed to "Simon.".

Dkt. 404 at 46.

In response, the government said that it would not disclose the search warrant application without a standing affidavit. Dkt. 423 at 65-77. The government did not point to any Second Circuit precedent require a standing affidavit at the discovery stage. Instead, they relied on decisions, many from Judges Wolford and Roemer, requiring a standing affidavit for disclosure of search warrant application material. *Id*. at 71-73. They also argued that a standing affidavit is the only way the Court can determine standing and materiality for discovery of search warrant

application material. *Id*. at 71. Notably, the government never argued that Mr. Gogolack lacked standing.

At the oral argument, the Court ruled for the government:

> So I'm going to say, yeah, if they want to have the application, the search warrant application, they need to submit an affidavit. Just saying I have a privacy interest in whatever, whether it was a premises or a phone or anything of that sort -- with one exception, there's reference to a vehicle swab. I don't think that a defendant needs to submit an affidavit to show that he or she has a privacy interest in their own body.
> So I think that should be produced.
> But otherwise if the defendants want the search warrant applications, they already have the search warrants, they may have them provided that they file an affidavit of standing.

Tr. May 21, 2025 at 112-113 (Dkt. 438).

This appeal follows.

## ARGUMENT

Mr. Gogolack was entitled to the requested search warrant application material pertaining to searches of his house, property, email, and phone. This Court should overturn Judge McCarthy's decision because it was "clearly erroneous and contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Crim. P. 59(a); *United States v. Hollenbeck*, 2016 WL 720941, at *1 (W.D.N.Y. Feb. 24, 2016). Specifically, because Fourth Amendment and Fed. R. Crim. P. 16

require this disclosure, Mr. Gogolack overcomes the deference afforded to Judge McCarthy's decision.

The Fourth Amendment requires that the government provide this discovery. That amendment protects the public from unreasonable searches and seizures. U.S. const. amend. IV. "Implicit in that language is the public's right to challenge both the reasonableness of the search and the degree to which the warrant was supported by probable cause. Without the right of access to the affidavit on which the search warrant was based, the search subject could *never* make such a challenge." *In re Search Warrants Issued on Apr. 26, 2004*, 353 F. Supp. 2d 584, 588 (D. Md. 2004).

That includes criminal cases. For example, the Fourth Circuit states that absent compelling government interest and ability to protect those interests short of disclosure, the constitution requires that disclosure. *United States v. Oliver*, 2000 WL 263954, *2 (4th Cir. 2000).

District courts that examine the issue reach similar conclusions. *In re Search Warrants Issued Aug. 29, 1994*, 889 F. Supp. 296, 299 (S.D. Ohio 1995), *In re Search Warrants Issued on Apr. 26, 2004*, 353 F. Supp. 2d at 588 *Matter of Up N. Plastics, Inc.*, 940 F. Supp. 229, 232 (D. Minn. 1996); *but see Matter of EyeCare Physicians of Am.*, 100 F.3d 514, 517 (7th Cir. 1996). While the Second Circuit has not explicitly addressed this issue, Judge Wolford assumed without deciding that one with standing to challenge a search warrant has a right to access the application materials. *See United States v. Pirk*, 282 F. Supp. 3d 585, 592 (W.D.N.Y. 2017).

Under this rule, the analysis is simple. Mr. Gogolack is "a person whose property has been seized pursuant to a search warrant," and he therefore "has a right under the warrant clause

of the Fourth Amendment to inspect and copy the affidavit upon which the warrant was issued." *Matter of Up N. Plastics, Inc.*, 940 F. Supp. at 232.

Fed. R. Crim. P. 16(a)(1)(E)(i) also requires disclosure of materials in the government's possession that is material to preparing the defense.

Here, the warrants are material to preparing his defense, as the government intends to use evidence obtained from the search warrants against Mr. Gogolack. *See* Fed. R. Crim. P. 16(a)(1)(E)(i); *United States v. Findley*, 2010 WL 4273919, at *3 (W.D.N.Y. Oct. 28, 2010) ("[i]t appears to this Court that the search warrant application and affidavits for the search warrant applied for in the Town of Cheektowaga Justice Court as described in the Criminal Complaint, sought evidence which now forms the basis, at least in part, for the instant charges. The defendant is entitled to the disclosure of the search warrant application and affidavits"); *United States v. Tigano*, 2010 WL 2612315, at *1 (W.D.N.Y. June 25, 2010) ("[t]he defendants are entitled to disclosure of any reports or documents which were presented to the judicial officer in connection with the issuance of the search warrant"); *see also United States v. Soto-Zuniga*, 837 F.3d 992, 1000 (9th Cir. 2016) ("[n]otwithstanding that language and guidance of the Supreme Court, we do not read *Armstrong* to preclude Rule 16(a)(1)(E) discovery related to the constitutionality of a search or seizure").

Judge McCarthy imposed two additional requirements: 1) that the defendants establish standing; and 2) that standing be established by an affidavit. Regarding the first requirement, Mr. Gogolack established standing. He first limited his request to a specific subset that he believed he had standing for. He did not request discovery of all search warrant application material.

He then pleaded specific facts. For example, with respect to 296 Scott Ave, he noted that he owned the property, submitted a property description showing him to be the owner, and

pointed out that the complaint and various 302s established that to be his residence. Dkt. 404 at 46, Ex. B.

Regarding the phone, he pointed out that the FBI called that number to speak with Mr. Gogolack and interviewed him at the number, and that the phone number was listed in other places in discovery as his. Likewise, the email name showed that it belonged to Mr. Gogolack, as did disclosed emails addressed to Mr. Gogolack. Dkt. 404 at 46.

Again, the government did not dispute that Mr. Gogolack had standing or challenge the facts that he pointed out. Dkt. 423 at 65-77

Given this, an affidavit was not necessary for disclosure. Judge McCarthy had sufficient facts to determine that Mr. Gogolack had standing and/or that the information was material to preparing the defense, and so does this Court. The government's arguments requiring an affidavit fail.

Preliminary, no binding precedent or rule requires an affidavit. The Second Circuit has never held that the defendants must establish standing through an affidavit to require discovery of search warrant applications. When the Fourth Circuit said that the Fourth Amendment required disclosure of application material absent countervailing government interests, they did not mention standing affidavits. *Oliver*, 2000 WL 263954, *2.

Fed. R. Crim. P. 16 does not require materiality for search warrant application material be established by affidavit. Courts routinely determine discovery motions under Fed. R. Crim. P. 16(a)(1)(E)(i) without requiring an affidavit from the defendant. No reason exists to treat search warrant application material differently.

The government points to Judge Wolford's decision on this issue, but even if this Court agrees with that decision, it is not dispositive here. Dkt. 423 at 72. In *United States v Pirk*, Judge

Wolford addressed whether defendants had shown that they had standing in shared motorcycle clubhouses. 282 F. Supp. 3d 585, 592 (W.D.N.Y. 2017). Unlike in *Pirk*, Mr. Gogolack seeks disclosure related to warrants invading more traditional fourth amendment interests—his house, phone, and email. Whereas in *Pirk*, the defendants' relationship and control over a shared clubhouse would be unclear, Mr. Gogolack's relationship to his house, phone, and email are apparent.

Another of Judge Wolford's decisions suggests that the requested search warrant applications may be disclosed without an affidavit of standing. *See United States v. Cobb*, 544 F. Supp. 3d 310, 337 (W.D.N.Y. 2021). In *United States v Tigano*, the Court required disclosure of search warrant application material without mentioning any affidavits of standing. 2010 WL 2612315, at *1 (W.D.N.Y. June 25, 2010). When addressing *Tigano* in the context of a discovery request for search warrant application material without a standing affidavit, Judge Wolford noted: "*Tigano* is inapposite because the location searched in that case—30 Mill Street—served not only as the defendant's marijuana processing facility but also where defendant resided, and therefore he plainly had an expectation of privacy in that location." *Cobb*, 544 F. Supp. 3d at 337. Here, like *Tigano*, Mr. Gogolack only requested warrants for which "he plainly had an expectation of privacy."

Other cases cited by the government below are distinguishable or offer little analysis. Dkt. 423 at 67-69. *United States v Walker* deals with a defendant requesting search warrant application material for a property after previously submitting an affidavit saying that he had conveyed the property to his sister and, since then, had not "owned, resided at or visited the property nor has he possessed keys to the residence or stored his belongings there." *United States v. Walker*, 2021 WL 1725513, at *11 (W.D.N.Y. Jan. 6, 2021).

*United States v. Graham* deals with affidavit of standing for suppression motion, not a discovery motion. *United States v. Graham*, 2023 WL 11952997, at *9 (W.D.N.Y. Feb. 18, 2023) ("Here, Williams has not filed an affidavit of standing as to either 612 Old Falls Boulevard or the silver Volkswagen Jetta. Because Williams has not demonstrated that he possesses standing to contest the searches of the residence or vehicle, his motion to suppress should be denied.").

In *United States v Findley*, the Court actually said that the defense was entitled to search warrant application because the warrant "sought evidence which now forms the basis, at least in part, for the instant charges." *United States v. Findley*, 2010 WL 4273919, at *3 (W.D.N.Y. Oct. 28, 2010). The search warrant application that the Court did not require the government to disclose involved a property that "the defendant concedes that he does not have standing to challenge the search warrant" because the house belonged to his brother. *Id*.

Beyond the reasons already discussed, *Cobb* also addressed a blanket request for all search warrant application material *Cobb*, 544 F. Supp. 3d at 337 ("The Court therefore turns to Wilson's and Cobb's requests for all search warrant applications and evidence submitted to the magistrate judge in support of the search warrants."). Mr. Gogolack made a targeted request.

The standing affidavit for disclosure requirements appears to be confined to several judges within this district. Counsel was not able to find other cases that imposes a similar requirement. If anything, it appears other jurisdictions do not follow this "requirement." *See* D. Conn. L. Cr. App'x Standing Order on Discovery ¶ (A)(1)(i) (requiring disclosure of all search warrant applications for which the defendant has standing within 14 days of arraignment). Notably, courts deny motions to suppress search warrants based on failure to provide a standing affidavit or defects within those affidavits. *United States v. Rodriguez-Genao*, 2025 WL 872996, at *6 (S.D.N.Y. Mar. 20, 2025); *United States v. Arteaga*, No. 23-CR-334 (DLI), 2024 WL

4766237, at *3 (E.D.N.Y. Nov. 13, 2024); *United States v. Whitcomb*, 2021 WL 5150040, at *6 (D. Vt. Nov. 5, 2021); *United States v. Valdez*, 2020 WL 7700338, at *2 (W.D.N.Y. Oct. 9, 2020), *report and recommendation adopted sub nom United States v. Young*, 2020 WL 7137137 (W.D.N.Y. Dec. 7, 2020). Given that standing was being addressed at the motion to suppress stage, it likely was not established during discovery.

Further, requiring an affidavit pits Mr. Gogolack's Fourth Amendment rights against his Fifth Amendment right to silence. An affidavit could be used against him should he testify as impeachment or when calculating the sentencing guidelines. *United States v. Salvucci*, 448 U.S. 83, 93–94 (1980) (leaving open possibility of standing testimony be used for impeachment); *United States v. Roberts*, 14 F.3d 502, 517 (10th Cir. 1993) (noting that standing testimony will not be used "other than impeachment purposes at trial"). Mr. Gogolack should not have to choose between those rights for discovery he is already entitled to.

Mr. Gogolack also should not have to make that decision blind. Normally, those potentially adverse uses of standing testimony can be weighed against defense counsel's assessment of the merits of a suppression motion, allowing for a more informed decision about whether to submit an affidavit. The government's demand for a standing affidavit before seeing the search warrant application eliminates Mr. Gogolack's ability to make that informed decision.

No Fourth Amendment suppression motions have been filed. Standing affidavits and their sufficiency is not a ripe issue before the Court. Currently, Mr. Gogolack is entitled to the search warrant application material for the requested warrants under Fed. R. Crim. P. 16 and the Fourth Amendment. As no rule or binding precedent requires a standing affidavit when standing is uncontested at the discovery phase, Judge McCarthy's decision was clearly erroneous, and the Court should overturn it.

Dated: Buffalo, New York
      June 4, 2025

*FEDERAL PUBLIC DEFENDER'S OFFICE*
*Attorneys for Defendant Simon Gogolack*

By: s/*John J. Morrissey*
      John J. Morrissey
      Jeffrey T. Bagley
      Fonda Dawn Kubiak

300 Pearl Street, St 200
Buffalo, New York 14202-4040
716-551-3341
john_morrissey@fd.org
jeffrey_bagley@fd.org
fonda_kubiak@fd.org

**TO:** Nicholas Cooper, Joseph Tripi, Casey Chalbeck, *et al.*
     Assistant United States Attorneys