

U.S. Department of Justice

United States Attorney
Western District of New York

*Federal Center*      *716/843-5700*
*138 Delaware Avenue*      *fax 716/551-3052*
*Buffalo, New York   14202*      *Writer's Telephone:   716/843-5881*
     *Writer's fax:   716/551-3052*
     *Casey.Chalbeck@usdoj.gov*

June 13, 2025

**VIA PACER**
Hon. Jeremiah J. McCarthy
United States Magistrate Judge
Robert H. Jackson United States Courthouse
2 Niagara Square
Buffalo, New York 14202

     Re:     *United States of America v. Simon Gogolack, et al.,*
               **Case Numbers: 23-CR-99-LJV**

Dear Judge McCarthy:

       Enclosed please find a proposed Protective Order relating to the disclosure of material governed by 18 U.S.C. § 3500. Counsel for Messrs. Gogolack, Gerace, Ermin, Hinkle, and Knight have, through counsel for Mr. Gerace, conveyed their agreement to the proposed Protective Order. The government has not received confirmation from Attorney Paul Dell, Esq., regarding whether he consents to the proposed Protective Order.[1] Should the Court enter the proposed Protective Order, the government will disclose certain § 3500 discovery to Attorney Dell once he confirms his consent. For theses reasons, the government respectfully asks that the Court enter this proposed order. Thank you for your consideration.

     Very truly yours,

     MICHAEL DIGIACOMO
     United States Attorney

BY:     CASEY L. CHALBECK
          Assistant United States Attorney

Encl.

---

[1]     Attorney Dell's email generates an automatic out-of-office response.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

       v.                                                                                23-CR-99-LJV

SIMON GOGOLACK, et al.,

              Defendants.
_____

## SECOND AMENDED PROTECTIVE ORDER

      As part of discovery in this action, the government is providing counsel for the defendants with certain materials governed by 18 U.S.C. § 3500. Additionally, the government provided, and continues to provide, pre-trial discovery material, including but not limited to: HSI and FBI case materials, investigative materials, materials relating to the execution of various search warrants, video footage, recorded jail calls, laboratory reports, extraction data for various electronic devices that were seized, and other items of evidence, all of which were provided on portable hard drives (the "Discovery Information"). The government previously requested a protective order limiting the dissemination of the Discovery Information because freely disseminating the Discovery Information—especially the information and material listed in Addendum A—might compromise the safety of potential witnesses by revealing private and personal identifying information. Likewise, the government seeks a protective order limiting the dissemination of certain materials governed by 18 U.S.C. § 3500, as specified in Addendum B. Now, upon the agreement of the parties, and with respect to both sets of material it is hereby:

**ORDERED** that the Discovery Information shall be used by counsel for the defendants, the defendants, interns, clerks, licensed investigators, and/or expert witnesses, solely in connection with pretrial, trial, or other proceedings in this action, including any appeals; and it is further

**ORDERED** that the Discovery Information, any copies of the Discovery Information, and the contents of the Discovery Information shall not be provided or disclosed to third parties except those persons or entities employed or engaged for the purpose of assisting in the defense of this action;[1] and it is further

**ORDERED** that no copies of material covered by Addendum A[2] shall be provided to the defendants absent further order of the Court; however, the defendants may review such information in defense counsel's office or in the presence of defense counsel or an employee of defense counsel; and it is further

**ORDERED** that counsel shall ensure that the defendants do not have access to a cellular telephone or any other photographic or video- or audio-recording equipment during any review of the material covered by Addendum A;[3] and it is further

**ORDERED** that nothing in this order shall preclude the parties from disclosing the Discovery Information during the course of the litigation of this action in pretrial proceedings,

---

[1] Nothing in this protective order bars the government from engaging in law enforcement activities and sharing the Discovery Information for law enforcement purposes is specifically permitted.

[2] The government must identify to counsel for the defendants any material that is covered by the Addendum.

[3] This provision does not bar anyone authorized to view any Discovery Information from using video-conferencing software to view materials covered by this order.

in memoranda filed, at trial or in post-trial proceedings, except that any identifying information should be redacted from any public filings; and it is further

**ORDERED** that any unredacted filings shall not be disclosed to third parties or the public by the defendants, counsel, or any agent of counsel or the defendants, or the government or any agent of the government, except as necessary in connection with pretrial proceedings, trial preparation, or other proceedings in this action; and it is further

**ORDERED** that counsel for the defendants, or the government or any agent of the government, may apply to the Court for an order specifically permitting further disclosure of any Discovery Information; and it is further

**ORDERED** that at the conclusion of the litigation of this action, including any direct appeal, counsel for the defendant and the defendant shall return all copies of the Discovery Information to the government immediately upon request of the government, or certify to the government that such material has been destroyed; and it is further

**ORDERED**, that information contained in the 3500 material and produced by the government that is designated in whole or in part as "Attorney's Eyes Only" by the government in Addendum B or subsequent amendments to Addendum B be deemed "AEO Material"; and it is further

**ORDERED**, that the AEO Material received by defense counsel shall be maintained on an attorney's eyes only basis, and the defense shall not share any AEO Material or the content of the AEO Material with any other persons, including the defendant, except for any personnel for whose conduct defense counsel is responsible; and it is further

**ORDERED**, that the parties shall meet and confer regarding any dispute over such designations, after which the defense may apply to the Court for relief from this Order; and it is further

**ORDERED**, that nothing in this Order shall preclude or prejudice a defendant's right to apply for modification of this stipulated Protective Order by motion to the Court. Nothing in this Order shall prevent any party from seeking modification of this Order nor prevent the defense from contesting a sensitivity designation.

_____
HON. JEREMIAH J. MCCARTHY
UNITED STATES MAGISTRATE JUDGE

Addendum A: Protected Information & Material

1) Any Discovery Information that includes identifying and personal information as follows:

    a. The date of birth, home address, email address, license plate number, financial account numbers, or Social Security number of Crystal Quinn;

    b. The date of birth, home address, email address, license plate number, financial account numbers, or Social Security numbers of any potential witness;

    c. The financial account numbers or Social Security numbers of any defendant; and

    d. The names of any witness or potential witness.

2) Any image or video that:

    a. depicts Crystal Quinn and/or any private individual who may be a potential witness;

    b. does not include any of the defendants; and

    c. is not independently available from a public source;

3) Any Discovery Information, including any document or digital file that contains any of the information or material referenced in paragraph 1 or 2, above, unless that information or material has been fully redacted from the item;

4) The content of any cellular device, excluding incoming or outgoing communication involving:

    a. Crystal Quinn;
    b. any potential witness; or
    c. any of the defendants, subject to the limitations of paragraphs 1 through 3, above.

5

Addendum B: Witness Statements Governed by 18 U.S.C. § 3500

1. With respect to the material governed by 18 U.S.C. § 3500, the government will provide a set of bates stamped documents accompanied by an index identifying the material being disclosed.

2. In the index, the government will indicate which documents constitute AEO Material covered by Addendum B and which documents are covered by Addendum A.

3. The government will specify whether the AEO designation applies to the material in whole or in part.

4. If the AEO designation applies in part, the government will identify to defense counsel through the index which part of the material governed by 18 U.S.C. § 3500 constitutes AEO Material.