IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

v.                                                                          23-CR-99-LJV-JJM

FRANK KNIGHT,

                Defendant.

---

**GOVERNMENT'S RESPONSE TO DEFENDANT KNIGHT'S PRETRIAL MOTIONS**

**THE UNITED STATES OF AMERICA**, by and through its attorneys, Michael DiGiacomo, United States Attorney for the Western District of New York, and Joseph M. Tripi, Nicholas T. Cooper, Casey L. Chalbeck, and Caitlin M. Higgins, Assistant United States Attorneys, of counsel, hereby files its response to defendant Knight's pretrial motions (*see* Docket No. 455).

**FACTUAL BACKGROUND**

**ARGUMENT**

    **I.**    **The Court Should Deny the Defendant's Request to Produce Grand Jury Minutes.**

"An indictment returned by a legally constituted and unbiased grand jury, . . . if valid on its face, is enough to call for trial of the charges on the merits." *Costello v. United States*, 350 U.S. 359, 363 (1956); *see also United States v. Williams*, 504 U.S. 36, 54 (1992). There is a presumption of regularity that attaches to grand jury proceedings. *United States v. Mechanik*, 475 U.S. 66, 75 (1986); *United States v. Leung*, 40 F.3d 577, 581 (2d Cir. 1994); *Torres*, 901 F.2d at 232–33.

1

A defendant seeking to overcome the strong presumption of regularity that attaches to grand jury proceedings faces a high bar, which can be met only in "truly extreme cases." *Broward*, 594 F.2d at 351. A defendant cannot carry that burden without demonstrating "some grossly prejudicial irregularity or some other particularized need or compelling necessity." *United States v. Gibson*, 175 F. Supp. 2d 532, 534 (S.D.N.Y. 2001). Such a showing requires more than "speculation and surmise," *id.*; rather, the defendant must present "persuasive evidence of actual grand jury prejudice" before the presumption of regularity may be overcome. *United States v. Burke*, 700 F.2d 70, 82 (2d Cir. 1983); *see also Bank of Nova Scotia v. United States*, 487 U.S. 250, 255 (1988) ("[D]ismissal of the indictment is appropriate only if it is established that the violation substantially influenced the grand jury's decision to indict or if there is grave doubt that the decision to indict was free from the substantial influence of such violations.").

In this vein, "[t]here is a tradition in the United States, a tradition that is 'older than our Nation itself,' that proceedings before a grand jury shall generally remain secret." *In re Petition of Craig*, 131 F.3d 99, 101 (2d Cir. 1997) (quoting *Pittsburgh Plate Glass Co. v. United States*, 360 U.S. 395, 399 (1959)). Federal Rule of Criminal Procedure 6(e) codifies the principle of grand jury secrecy and allows disclosure in limited circumstances, such as "at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury." Fed. R. Crim. P. 6(e)(3)(E)(ii). A defendant may seek disclosure of grand jury materials, but the burden is on him "to show a 'particularized need' that outweighs the need for secrecy." *United States v. Moten*, 582 F.2d 654, 662 (2d Cir. 1978). This burden is appropriately "heavy," *United States v. Schlegel*, 687 F. App'x 26, 30 (2d Cir. 2017), because "the proper functioning of our grand jury system depends

2

upon the secrecy of grand jury proceedings," *Douglas Oil Co. of California v. Petrol Stops Nw.*, 441 U.S. 211, 218 (1979). Indeed, the purpose of the Rule "is to protect the secrecy of the Grand Jury proceedings by restricting disclosure to the exceptional case where a particularized need is shown." *United States v. Rodrigues*, No. 22-CR-00391 (PMH), 2024 WL 113744, at *5–6 (S.D.N.Y. Jan. 10, 2024) (citing *United States v. Weinstein*, 511 F.2d 622, 627 (2d Cir. 1975)).

To satisfy this burden, then, the defendant "must present particularized proof of an improper purpose," *United States v. Calk*, 87 F.4th 164, 186 (2d Cir. 2023), including "concrete allegations of Government misconduct." *Schlegel*, 687 F. App'x at 30 (quoting *United States v. Leung*, 40 F.3d 577, 582 (2d Cir. 1994)). In other words, "[t]o invoke disclosure under this Rule, a defendant must demonstrate some grossly prejudicial irregularity or some other particularized need or compelling necessity." *United States v. Rodrigues*, No. 22-CR-00391 (PMH), 2024 WL 113744, at *5 (S.D.N.Y. Jan. 10, 2024); *accord Cobb*, 544 F. Supp. 3d at 332 ("It is well-settled that [h]ope and speculation are wholly insufficient to overcome the rule of secrecy in grand jury proceedings that is embodied in Fed. R. Crim.P. 6(e)."). Ultimately, reviewing grand jury minutes is an "extraordinary act." *United States v. Jasper*, 2003 WL 21709447, at *7 (S.D.N.Y. 2003).

The defendant requests disclosure of grand jury minutes on two grounds: (1) that he disagrees with the allegation in the indictment that his statements to law enforcement on August 3, 2023 regarding Hinkle's presence at the poker game were "misleading and false"; and (2) that he disagrees with the allegation in the indictment that defendant Gogolack was in his residence in the early morning hours of July 28, 2023. *See* Docket No. 455 at 12-13. As such, the defendant concludes that the jury must have been misled. *Cf. United States v.*

*Williams*, 504 U.S. 36, 54 (1992) ("The latter challenge, then, is little more than a "complaint about the quality or adequacy of the evidence [that has been] recast as a complaint that the prosecutor's presentation was 'incomplete' or 'misleading.'"). Rule 6(e) requires more than speculation and conclusory statements. Indeed, the defendant may challenge the government's evidence at trial and, if he chooses, present competent evidence and appropriate argument to contest the government's case. The defendant, however, is not entitled to challenge a grand jury proceeding—or the contents of an indictment—because he disagrees with the facts asserted. *Cf. United States v. Ciambrone*, 601 F.2d 616, 623 (2d Cir. 1979) ("[A]n indictment is not defective because the defendant did not have an opportunity to present his version of the facts before the grand jury."). Accordingly, the Court should deny the defendant's request for disclosure of grand jury minutes.

II.   **The Court Should Deny the Defendant's Motion to Compel the CAST Material.**

The defendant's motion to compel seeks, pursuant to FRCP 16(a)(1)(F) and (G), "information all reports of examination and tests and all expert disclosure." *See* Docket No. 455 at 14. Specifically, the defendant seeks, "without limitation, all information relating to the CAST report that purports to geolocate GOGOLACK's phone in FRANK KNIGHT's residence in the early morning hours of July 28, 2023." *Id.* The government has disclosed, and will continue to disclose, all materials that are discoverable under FRCP 16(a)(1)(F) and G, that are in its physical possession, custody, or control. Likewise, the government will timely provide the experts' credentials and methods so that the experts may be evaluated and cross-examined by defendant. The government will also timely provide Curricula Vitae so experts may be evaluated and cross-examined by defense and summaries of anticipated expert testimony in accordance with the standard District Court pretrial Order. Furthermore, the

4

government understands its continuing obligations under FRCP 16 and will provide any additional materials that come into its physical possession, custody, or control.

The defendant also seeks "all warrants, all search warrant applications, all returns on warrants such as data supplied by Google in its native format, all emails between the government and Google, and all data furnished to the government and/or considered in preparation of the CAST report and the opinions summarized therein for the CAST report that recites the following phones ending 3061 (Gogolack), 2928 (Quinn), 7155 (Hinkle), and 7270 (Frank Knight)." *See* Docket No. 455 at 16. With respect to search warrant applications, because the Fourth Amendment only confers rights to those with a reasonable expectation of privacy over a searched space, it follows *a fortiori* that a defendant who fails to file affidavits establishing such a reasonable expectation of privacy—that is, standing—have "no basis to request disclosure of the search warrant application or challenge the validity of the warrant." *Green*, 2025 WL 1127826, at *2. Thus, the Court should deny the defendant's motion for search warrant applications absent an affidavit of standing. *See United States v. Walker*, No. 1:18-CR-237 RJA (MJR), 2021 WL 1725513, at *12 n.12 (W.D.N.Y. Jan. 6, 2021) (defendant not entitled to affidavit or in camera testimony submitted in support of search warrant application because defendant did not file an affidavit of standing, and he "therefore ha[d] no basis to challenge the validity of the warrant or the search of the premises"), *report and recommendation adopted*, 2021 WL 1723159 (W.D.N.Y. Apr. 30, 2021).

### III. The Court Should Deny the Defendant's Request for Search Warrant Applications.

The defendant seeks disclosure of search warrant applications for the search of his residence and two phones. *See* Docket No. 455 at 16. The defendant, however, stridently violates the long-standing requirement of submitting an affidavit of standing to obtain the

search warrant applications. Although he states emphatically that "[t]here is no question legally" that he has standing, he does not submit an affidavit averring as much. *Id.* at 17. Instead, he asserts that "[t]o the extent the Court [complies with the precedent in this district] require[ing] ]him] to 'demonstrate' that he has a legitimate expectation of privacy in his home and these two cell phones it is requested that this filing suffice unless the government controverts the allegations in support of 'standing.'" *Id.* at 18. This is wrong (and the defendant knows it).

The Fourth Amendment provides: "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV. "The basic purpose of this Amendment, . . . is to safeguard the privacy and security of individuals against arbitrary invasions by governmental officials." *Carpenter v. United States*, 585 U.S. 296, 303 (2018) (internal quotation marks and citation omitted).

But Fourth Amendment rights attach only to places and things in which the individual challenging the search has "an expectation of privacy that society is prepared to consider reasonable." *O'Connor v. Ortega*, 480 U.S. 709, 715 (1987) (citation omitted); *see Rakas v. Illinois*, 439 U.S. 128, 143 (1978) ("[C]apacity to claim the protection of the Fourth Amendment depends not upon a property right in the invaded place but upon whether the person who claims the protection of the Amendment has a legitimate expectation of privacy in the invaded place."). "It has been clear for a generation that 'Fourth Amendment rights are personal rights that may not be vicariously asserted.'" *United States v. Haqq*, 278 F.3d 44,

6

47 (2d Cir. 2002) (alterations omitted) (quoting *Rakas*, 439 U.S. at 133–34); *see United States v. Osorio*, 949 F.2d 38, 40 (2d Cir. 1991) ("The party moving to suppress bears the burden of establishing that his own Fourth Amendment rights were violated by the challenged search or seizure.").

"In evaluating [standing] claims, the court generally considers whether the defendant had any property or possessory interest in the place searched or the items seized." *Id.* at 40. The burden is on the defendant to show that he has a reasonable expectation of privacy. *Rawlings v. Kentucky*, 448 U.S. 98, 104 (1980); *see United States v. Cruz*, 475 F. Supp. 2d 250, 253 (W.D.N.Y. 2007) ("The burden of establishing the existence of a reasonable expectation of privacy rests on the defendant.").

To this end, courts require the defendant to file an affidavit of standing to carry his burden of establishing a reasonable expectation of privacy. *See United States v. Graham*, No. 1:21-CR-195 LJV (MJR), 2023 WL 11952997, at *9 (W.D.N.Y. Feb. 18, 2023) ("Here, Williams has not filed an affidavit of standing as to either 612 Old Falls Boulevard or the silver Volkswagen Jetta. Because Williams has not demonstrated that he possesses standing to contest the searches of the residence or vehicle, his motion to suppress should be denied."); *United States v. Arrington*, No. 15-CR-33-A, 2021 WL 5369824, at *6 (W.D.N.Y. Nov. 18, 2021) ("Defendant did not file affidavit of standing. Therefore, Defendant has failed to establish that he had a subjective and reasonable expectation of privacy in his mother's residence at 82 Girard Place. Defendant failed to carry his threshold burden to establish standing to assert any challenge to the search of that residence, and thus he has no right to access the search warrant affidavit."); *United States v. Walker*, No. 1:18-CR-237 RJA (MJR), 2021 WL 1725513, at *12 n.12 (W.D.N.Y. Jan. 6, 2021) (defendant not entitled to affidavit

or in camera testimony submitted in support of search warrant application because defendant did not file an affidavit of standing, and he "therefore ha[d] no basis to challenge the validity of the warrant or the search of the premises"), *report & recommendation adopted*, 2021 WL 1723159 (W.D.N.Y. Apr. 30, 2021); *Cobb*, 544 F. Supp. 3d at 337 ("Neither Wilson nor Cobb has articulated that he has a legitimate expectation of privacy in any of the search locations and therefore has standing to challenge their search.  Absent any such showing, they are not entitled to this [search warrant application] information."); *United States v. Pennick*, No. 17-CR-15-RJA-MJR, 2018 WL 4627138, at *3 (W.D.N.Y. Feb. 27, 2018) (denying defendant's request for disclosure of confidential informant's identity and sealed, in camera testimony given by the informant in support of search warrant because disclosing the warrant application would allow defendant and other individuals to identify the confidential informant, and defendant did "not have a strong interest in reviewing the in camera testimony because he lacks standing to challenge the searches authorized by the warrant"); *United States v. Pirk*, 282 F. Supp. 3d 585, 594 (W.D.N.Y. 2017) (Wolford, J.) (no Fourth Amendment right to access affidavit in support of search warrant where defendant failed to establish standing to challenge warrant); *United States v. Findley*, No. 09-CR-267A(Sr), 2010 WL 4273919, at *3 (W.D.N.Y. Oct. 28, 2010) ("Absent standing to challenge the search warrant for 468 Dartmouth Avenue, and without additional information from the defendant as to the basis for the request for the disclosure of the application and affidavits, the defendant's request is denied without prejudice.").

      Here, the Court should deny the defendant's request for disclosure of search warrant applications and/or *in camera* review because he has failed to submit an affidavit of standing.  Contrary to the defendant's assertions, it is neither the burden of the Court nor the

government to establish his expectation of privacy. *See* Docket No. 455 at 18, ¶ 33. That the defendant is unwilling or unable to do so is of no moment.

### IV.    Join in Other Motions.

To the extent the Court permits the defendant to join in his co-defendant's motions, the government incorporates by reference its responses to these motions. *See* Docket Nos. [].

### V.    Other Motions.

The defendant seeks to reserve the right "to make a motion for severance at a time directed by the Court" See Docket No. 455. The Honorable Lawrence J. Vilardo, United States District Judge, previously set such a deadline for the co-defendants who were on an earlier schedule with regard to motions, and the District Court will doubtless provide such a schedule for this defendant if or when he requests it.

### CONCLUSION

The government respectfully requests that the Court deny the defendant's pretrial motions, except where indicated to the contrary above.

DATED:  Buffalo, New York, June 30, 2025.

>                   MICHAEL DIGIACOMO
>                   United States Attorney
>
> BY:    s/JOSEPH M. TRIPI
>        s/NICHOLAS T. COOPER
>        s/CASEY L. CHALBECK
>        s/CAITLIN M. HIGGINS
>        Assistant United States Attorneys
>        United States Attorney's Office
>        Western District of New York
>        138 Delaware Avenue
>        Buffalo, NY  14202