02:30PM

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

_____

**UNITED STATES OF AMERICA,**

                              Case No. 1:23-cr-99
             Plaintiff,                    (LJV)

vs.                              June 9, 2025

**SIMON GOGOLACK,** a/k/a Greek,
**PETER GERACE, JR.,**
**JOHN THOMAS ERMIN,** a/k/a Tommy O,
**MICHAEL RONCONE,** a/k/a Cone,
**FRANK KNIGHT,**
**HOWARD HINKLE, JR.,** a/k/a Hard How,

             Defendants.
_____

**TRANSCRIPT OF STATUS CONFERENCE**
**BEFORE THE HONORABLE LAWRENCE J. VILARDO**
**UNITED STATES DISTRICT JUDGE**

**APPEARANCES:**              **MICHAEL DiGIACOMO, UNITED STATES ATTORNEY**
                             **BY: JOSEPH M. TRIPI, ESQ.**
                                 **NICHOLAS T. COOPER, ESQ.**
                                 **CASEY M. CHALBECK, ESQ.**
                                 **CAITLIN M. HIGGINS, ESQ.**
                             Assistant United States Attorneys
                             Federal Centre, 138 Delaware Avenue
                             Buffalo, New York 14202
                             For the Plaintiff

                             **OFFICE OF THE FEDERAL PUBLIC DEFENDER**
                             **BY: JOHN J. MORRISSEY, ESQ.**
                                 **FONDA DAWN KUBIAK, ESQ.**
                                 **JEFFREY T. BAGLEY, ESQ.**
                             Assistant Federal Public Defenders
                             300 Pearl Street, Suite 200
                             Buffalo, New York 14202
                             For the Defendant Gogolack

                             **MEYERS BUTH LAW GROUP**
                             **BY: CHERYL MEYERS-BUTH, ESQ.**
                             21 Princeton Place, Suite 105
                             Orchard Park, New York 14127
                             For the Defendant Gerace

**MUSCATO DiMILLO & VONA, LLP**
**BY: GEORGE V.C. MUSCATO, ESQ.**
107 East Avenue
Lockport, New York 14094
For the Defendant Ermin

**DONOHUE LAW**
**BY: BARRY J. DONOHUE, ESQ.**
77 Broad Street
Tonawanda, New York 14150
For the Defendant Roncone for Paul Dell
  and Defendant Knight

**VILLARINI & HENRY, LLP**
**BY: DANIEL J. HENRY, JR., ESQ.**
16 Main Street
Hamburg, New York 14075
  And
**FRANK M. BOGULSKI, ATTORNEY AT LAW**
**BY: FRANK M. BOGULSKI, ESQ.**
135 Delaware Avenue, Suite 2
Buffalo, New York 14202
For the Defendant Hinkle

**COURT DEPUTY CLERK:   COLLEEN M. DEMMA**

**COURT REPORTER:       ANN MEISSNER SAWYER, FCRR, RPR, CRR**
Robert H. Jackson Courthouse
2 Niagara Square
Buffalo, New York 14202
Ann_Sawyer@nywd.uscourts.gov

                    *    *    *    *    *    *    *

          (Proceedings commenced at 2:35 p.m.)

          **THE CLERK:**  All rise.  United States District Court
for the Western District of New York is now in session, the
Honorable Lawrence J. Vilardo presiding.

          **THE COURT:**  Please be seated.

          **THE CLERK:**  23-CR-99, United States of America versus

Gogolack, et al.

Assistant United States Attorneys Joseph Tripi, Nicholas Cooper, Casey Chalbeck, and Caitlin Higgins, appearing on behalf of the government.

Assistant Federal Public Defenders Jeffrey Bagley, John Morrissey, and Fonda Kubiak, appearing with defendant, Simon Gogolack.  The defendant is present.

Attorney Cheryl Meyers-Buth appearing on behalf of defendant Peter Gerace, Jr.  The defendant is not present.

Attorney George Muscato appearing with defendant, John Ermin.  The defendant is present.

Attorney Barry Donohue appearing for Attorney Paul Dell on behalf of defendant Michael Roncone.  Defendant is not present.

Attorney Barry Donohue appearing on behalf of defendant Frank Knight.  The defendant is not present.

Attorneys Daniel Henry, Jr. and Frank Bogulski appearing with defendant, Howard Hinkle, Jr.  Defendant is present.

And this is the date set for a status conference.

**THE COURT:**  Okay.  Good afternoon, everybody.

**ALL PARTIES:**  Good afternoon, Judge.

**THE COURT:**  So, first of all, Ms. Meyers-Buth, do you waive Mr. Gerace's appearance?

**MS. MEYERS-BUTH:**  Yes, thank you, Your Honor.

THE COURT: And, Mr. Donohue, do you waive Mr. Knight's and Mr. Roncone's appearance?

MR. DONOHUE: Yes, sir, I do.

THE COURT: Great. Terrific. I didn't see you. Thank you.

All the other defendants are present, correct?

MR. HENRY: Correct.

THE COURT: Great. Good. So an hour ago or so, I received the defendant's response to the government's motion. I'd be lying if I said I read it, I -- I've skimmed it. I see that you're not agreeing to the government's request for relief, but I have not -- I have not read it carefully.

But what I'd like to do is try to cut through a lot of the back and forth that's going on, and try to see if we can't reach a resolution of some sort to at least some of these issues.

So there is, I think, a motion for severance and a motion for a change of the trial, to the place of trial that have been fully briefed; is that correct?

MR. COOPER: That's correct, Judge.

MS. CHALBECK: That's correct, Judge.

THE COURT: Okay. Whose motions are these? Somebody wrote them.

MR. MORRISSEY: So, counsel for Mr. Gerace took the lead on the motion for change of vicinage, the other

defendants joined.

**THE COURT:**  Okay.  And what about the -- whose motion is the severance motion?  Is that yours, Mr. Muscato?

**MR. MUSCATO:**  Yes, Judge.

**THE COURT:**  Okay.

**MR. COOPER:**  Judge, I think, just -- I don't mean to cut you off, there's more than one severance motion, so I believe defendant -- counsel for Defendant Hinkle filed one, and then also requested time to file another one later.

And there may have been one more severance motion, as well.

**THE COURT:**  Okay.  Is that correct?

**MR. COOPER:**  Ask Casey.

**MS. CHALBECK:**  I think Mr. Gogolack's office filed a severance motion.

**MR. MORRISSEY:**  So we had filed a motion to extend the deadline to file a severance motion just because we weren't sure to what extent Judge McCarthy's order set that deadline, and we filed that out of an abundance of caution.

**THE COURT:**  So those motions are dispositive more or less.  And, I mean, some of them are definitely dispositive.  And the motion for the place of trial, I think, probably is something that I should handle myself.

Is there any reason why I shouldn't handle those in the first instance?  Does anybody have a problem?

I mean, it's -- Judge McCarthy going to do it, it's going to get appealed, and then I'm gonna end up deciding it.

**MS. MEYERS-BUTH:**  Judge, on behalf of Defendant Gerace, Mr. Foti and I have no objection to you handling it at this point.  We've also filed a motion for severance, and we defer to the Court on it.

**THE COURT:**  Okay.  Does anybody have an objection?  Raise your hand.  Seriously.  And if you do, let me know.  If there's a reason why Judge McCarthy should take the first crack at this, let me know.

**MR. MUSCATO:**  No objection, Your Honor.

**THE COURT:**  Okay.  Great.  Terrific.  And the government has no objection?

**MR. HENRY:**  No objection, Judge.

**MR. COOPER:**  No, Judge, we request that.

**THE COURT:**  Okay.  Good.  So we will do that.

And it's been fully briefed, right?  Replies and everything, right?  All of those motions?

**MR. COOPER:**  Have been fully briefed; is that the Court's question?

**THE COURT:**  Yes.

**MR. COOPER:**  Yes, Judge.

**THE COURT:**  Okay.  So let's set --

**MR. BOGULSKI:**  Judge, relative to Mr. Howard Hinkle, our motion has not been fully briefed, Judge.  And so -- but

we did file it in the first instance, but we were -- I believe the government wanted -- had requested that we provide more documentation or fully brief it, so we'll be seeking more time to brief that.

THE COURT:  Okay.  So how much time do you need?

MR. BOGULSKI:  I would ask for two weeks, Judge.

THE COURT:  Okay.  Two weeks.

How much time do you want to respond?

MS. CHALBECK:  One week.

THE COURT:  Okay.  So two weeks from today is the 23rd.  And one more week is the 30th.  Okay.

MR. BOGULSKI:  I might be mistaken.

THE COURT:  And then you have until -- what's the first day back after the 4th holiday?

THE CLERK:  It's the 8th, Judge.

THE COURT:  The 8th?  Okay.  You've got until the 8th to reply.

Did you hear that, Mr. Bogulski?

MR. BOGULSKI:  Yes, Judge, the 8th to reply.

THE COURT:  Okay.  Let's pick a date sometime after July 8th to argue all these motions.

Does somebody want to volunteer something?  What do you think?

MR. COOPER:  A date for oral argument, Judge?

THE COURT:  Yes.

**MR. COOPER:**  We're available at the Court's convenience.

**THE COURT:**  Ms. Demma, do you want to come up with something the third week of July?

**THE CLERK:**  Sure, Judge.  I'm looking at Friday, July 25th at 9:30.  Does that work with your schedules?

**MS. CHALBECK:**  Works for us.

**MR. MUSCATO:**  Did you say July 25th?

**THE CLERK:**  Correct.

**MR. MUSCATO:**  Yes.

**MR. BAGLEY:**  What time was that?

**THE CLERK:**  9:30.

**MR. BAGLEY:**  Judge, is this -- is for all motions that have been filed, or is it --

**THE COURT:**  This is for all the dis -- what I consider to be the dispositive motions, those are motions for severance and motions for change in the place of trial.

**MR. BAGLEY:**  So if we have a -- if Mr. Gogolack has a motion for severance that he wants to file, you want that decided, you want that -- us to file that and have that be decided on this July date?

**THE COURT:**  Yeah.  I mean, I guess I would like that --

**MR. BAGLEY:**  Okay.

**THE COURT:**  -- if you can do it.  I mean, if you

can't, then -- I'm not going to change Judge McCarthy's schedule. Okay? Right now, I'm not going to grant the government's motion to -- to rescind the referral because I haven't really looked at what the defense has said in response, and I want to think about it. So I'm not going to do that. So I'm not going to monk with his schedule right now. So if you still have time to file dispositive motions under Judge McCarthy's schedule, you can take advantage of that.

Certainly, it would be to -- certainly it would be my strong preference to do all these motions at the same time. So I would prefer you to do it, but I'm not going to put you in an untenable position of having to prepare a motion that you didn't know you were going to have to prepare before you got here today.

MR. BAGLEY: Understood, Judge.

THE COURT: So if you can do it by the 23rd and get a -- and then the government will respond by the 30th and reply by the 8th, wonderful. If you can't, we'll kick it down the road.

Yes, Mr. Donohue.

MR. DONOHUE: Your Honor, Barry Donohue on behalf of Frank Knight. I'm on a little different schedule than the rest of the parties because of my late arrival to the case, and my non-dispositive motions are not even due yet.

THE COURT:  I'm not going to jam you up, Mr. Donohue.

MR. DONOHUE:  Thank you.

THE COURT:  I'll never do that -- I hope I'll never do that to a lawyer.  I've been there, and I understand those kinds of concerns, and I don't plan on jamming you up in any way.  Okay?

MR. COOPER:  Judge, just can we stay on that for one second?  Ms. Chalbeck noted for me that she thinks that there was a substantive -- or, a dispositive motion filed by Mr. Hinkle with respect to dismissing the indictment.  I think that would certainly qualify as a dispositive motion.  That should be addressed by the district court first, since it's obviously going come up to you.

THE COURT:  Is that fully briefed?

MS. CHALBECK:  The government responded.  I can't recall, Your Honor, to what extent if any Mr. Hinkle's attorneys replied substantively to it.  That would be a question for them.  But we've responded.

MR. HENRY:  We have not replied to it yet, Judge.

THE COURT:  Okay.  So you've got until two weeks to reply, the 23rd.  And we'll argue that as well.

MR. COOPER:  And then the one other thing, Judge, with respect to scheduling I wanted to ask about.  Obviously, we saw right before our 1:00 court appearance in front of Your Honor on a different case, we saw the defense response

come in from Ms. Meyers-Buth.  I did have had a chance to read it, and I have a lot -- I think the government has a lot that they'd like to say in reply to some of the allegations thrown out there.  And so we'd ask for the Court to give us a timeline to reply to that before you make up your mind.

THE COURT:  Oh, absolutely.  Of course.

MR. COOPER:  Okay.

THE COURT:  Yeah.  When do you want?

MR. COOPER:  How long do you want?

MS. CHALBECK:  Could we have two weeks, Your Honor, for that?

THE COURT:  Two weeks is fine.

MR. COOPER:  Thank you.

MS. CHALBECK:  Thank you.

THE COURT:  Okay?  So the 23rd for the government to reply to that.

I can tell you that what I'm inclined to do is to take all dispositive motions in the first instance, and not to take the non-dispositive stuff back from Judge McCarthy.  That's my -- that's my inclination right now.  But I'm not going decide that until we talk about it.  Probably we will talk about it at the oral argument of the dispositive motions that we've -- have we scheduled that yet?

THE CLERK:  Yes, we did, Judge.

THE COURT:  We did?

**MR. COOPER:** July 25 at 9:30.

**THE COURT:** Okay. So we'll probably talk about that then.

**MR. COOPER:** Okay.

**THE COURT:** But if you want to talk about it sooner, call and schedule something.

**MR. COOPER:** Understood.

**THE COURT:** But I think -- that's my inclination is to let Judge McCarthy run with the non-dispositive stuff, and I will take the dispositive stuff in the first instance.

**MR. COOPER:** Understood, Judge.

**THE COURT:** I think that will make more sense.

Okay. Now there's also -- the government has requested a stay pending my decision on its appeal of Judge McCarthy's order requiring the government to produce grand jury transcripts. Judge McCarthy ordered the government to produce grand jury transcripts for his in-camera review, right?

**MS. CHALBECK:** That's correct, Your Honor.

**THE COURT:** What's the big deal about that?

**MS. CHALBECK:** So, Your Honor, I've discussed this in both the motion for the stay and also in the reply brief as to the nature of the injury, and that's what I take Your Honor to be asking. How is the government harmed? And it's true that the injury is felt institutionally.

But it's the government's position that given the history and nature of the grand jury, and the Court's -- for lack of a better way of putting it -- lack of supervisory jurisdiction over the grand jury, this sort of request from the magistrate court raises almost separation of powers concerns.

**THE COURT:** Is your concern about his going off on a tangent that was not raised in the defense motion?

**MS. CHALBECK:** Your Honor, the -- as my motion for a stay addresses, it appears that the magistrate court unnecessarily broadened the defense's argument as to whether there was a particularized need to disclose transcripts in the first instance. And I would not be able to -- to tell Your Honor that that sort of concern is not present here.

And I think that the -- the transcript speaks to that. If Your Honor reviews the transcripts, and I think that this is at pages 103 through 104, the magistrate court appears to have an idea of particularized need that was not briefed, that was not raised, and we don't really have a clear understanding of what specifically the magistrate court thinks occurred here, or what specifically might have gone wrong.

And -- and I think that going to the nature of the injury, the grand jury is a quasi-independent entity.

The Supreme Court in Williams stated that the grand jury is not really the subject of the Court's supervisory

power.  In addition to that, there is a presumption of regularity that applies to --

THE COURT:  No, I -- I -- I know all this.

MS. CHALBECK:  And Your Honor --

THE COURT:  And I just come back to, you know, what's the re -- in letting the Court look at the grand jury, you know, if -- if the defense wanted it themselves, I think the injury is a little more pointed.  But with the Court looking at it, I'm not so sure I see --

You know, I understand theoretically, I understand conceptually what you're saying.  But I'm just not so sure that that's a real injury that we ought to be spending a lot of time on.

MS. CHALBECK:  Judge, a couple of responses.  I know that Mr. Cooper wants to say something, as well.

The injury is erosive in nature.  It's an erosion of how the system is supposed to function.

And I think that Your Honor in other contexts has been sympathetic to those claims before.  These kinds of erosive injuries, where they're more institutional, they're more abstract, they have salience for Your Honor in other contexts.  I would just ask that Your Honor consider that here, first of all.

Second of all, I don't think that this is needlessly delaying things.  The government's motion for a stay lays out,

I think, in detail why we think that the appeal should be successful.  The government's appeal lays that out in even greater detail.  I think that there was --

**THE COURT:**  And the defense has not responded to the appeal yet, right?

**MS. CHALBECK:**  That's correct.  But I also think, Your Honor, that this can be -- this can be dealt with in very short order.  We don't think that the -- either the judge's, the magistrate court's concern is founded, and we also are -- are very strongly of the mind that the defense's concern as to the evidence that was introduced in the grand jury is also unfounded, and we don't think that this -- this needs to drag out.

Your Honor can certainly set an expedited briefing schedule.  We would consent to an expedited reply.  We could get that out in short order.

And so to the extent that Your Honor's concerned about, well, if I grant the stay, how is it going to prejudice the defendants?  We can cabin that with this:  To the extent that it would it ever occur, because keep in mind that this is a speculative injury --

**THE COURT:**  Right.

**MS. CHALBECK:**  -- on their part, but even if it were to materialize, we could cabin the prejudice through an expedited briefing schedule.

**THE COURT:**  Okay.

**MS. CHALBECK:**  And I know Mr. Cooper said he wanted to say something, too.

**MR. COOPER:**  Just to, Judge, address your question about what's the harm.  As Ms. Chalbeck said that it's erosive in nature, that I would just submit to the Court, and you know this but I think sometimes it's a little bit different at this table, but we represent a client as well, just like the defense attorneys do.  And our client has interests.  And the interests of the United States in this instance require that we pursue the appeal, because there's rules surrounding when grand jury minutes should be disclosed.  There's a very high standard, and I respectfully submit to the Court there's a very high standard for a reason.

And on these facts, and on this record, it was the decision of the United States Attorney and of the trial team that it was appropriate to pursue the appeal once we got back to the office and discussed it.  And so I think it is an institutional decision, but it's also facts specific to this case on the record that exists.  Respectfully, I think it would be creating bad law and bad precedent to permit it on the facts because then the next time there's a fact pattern that doesn't come close to meeting particularized need, this is the case that's gonna be cited, and that would be inappropriate.

**THE COURT:** And that's reasonable. That's a very reasonable argument.

Who wants to respond for the defense?

If I don't grant the stay, I'm effectively denying the appeal. So -- so, who wants to talk about this?

**MS. KUBIAK:** Judge, I think that first and foremost, they have not established that Judge McCarthy's decision was clearly erroneous. There was five hours of oral argument relative to dispositive motions. There was a tremendous amount of argument relative to the grand jury proceedings, which is incorporated with respect to all of our Brady and Giglio arguments. Those all fall in together.

And the judge collectively, having reviewed 200 to 300 pages of dispositive --

**THE COURT:** Let me ask you this.

**MS. KUBIAK:** -- motions, made a decision --

**THE COURT:** I understand what you're saying. But why shouldn't I let you put that in papers, let the government reply, and then we'll have oral argument? Rather than me making, you know, a -- a decision on very little of a record now? As I said, if I -- if I deny the motion for a stay, then I'm effectively denying the appeal. Why shouldn't I give this the thought that Mr. Cooper's argument just suggested that it deserves?

And, you know, I may end up agreeing with you, but

I -- I think I need to vet the issue first before I can do that intelligently, don't I?

**MS. KUBIAK:** I understand, Judge. There was no deadline for them to disclose the grand jury minutes, so they could have just filed the appeal without asking for the stay, but --

**THE COURT:** I understand that, but given the history of this case, if I were them I would have done exactly what they did, and had somebody put down in writing that they don't have to do this right now because they run the risk of, you know, again, we all know the history of this case and related cases, and there's been a lot of bad blood and personal-type arguments made in this case and related cases. And I don't blame the government for not relying on the fact that there wasn't a deadline to not answer.

So, anyway, so what I'm going to do, I'm going to grant the stay. I'm going to grant the stay.

How much time do you want to respond to the appeal?

**MS. KUBIAK:** Judge, I'm out of town next week, so I'm going to need at least two weeks minimally.

**THE COURT:** Okay. Two weeks. Great. 23rd.

Another -- a week to reply?

**MR. TRIPI:** Judge, I would -- I'm out until the 30th. And just because I know my colleagues here have -- are handling other parts of the briefing, if I could have a couple

days after I get back, July 1st or 2nd or somewhere around there.

THE COURT:  How about the 8th?  We'll do the 8th. We'll put it on the same track as the others.

MR. TRIPI:  Thank you.

THE COURT:  Okay.

MS. KUBIAK:  Thank you.

THE COURT:  And then if I need oral argument on that, we'll do it on the same day.  We'll have a lot of stuff we're gonna argue that day, but we'll do it that day if we have to. Okay.

MS. CHALBECK:  Judge, may I raise a scheduling concern, or worry, I guess?

THE COURT:  Go ahead.

MS. CHALBECK:  Mr. Gogolack filed an appeal as to the order --

THE COURT:  That's exactly where I'm going.

MS. CHALBECK:  Okay.

THE COURT:  Yeah.  Mr. Gogolack appealed the order denying disclosure of the search warrant applications because there was no affidavit of standing, right?  Is that what you're talking about?

MS. CHALBECK:  That's correct.

THE COURT:  Yeah.  So should we set a briefing schedule on that?

**MS. CHALBECK:**  Yes.

**THE COURT:**  Okay.  Now, you need to respond?

**MS. CHALBECK:**  Yes.  Could I have until the 18th?

**THE COURT:**  Great.  Yes.  The 18th is great.

**MS. CHALBECK:**  Thank you.

**THE COURT:**  And reply?

**MR. MORRISSEY:**  A week, please.

**THE COURT:**  Okay.  So the 25th.  Great.  Okay.

Now, let's talk about a trial date.  The government is asking to set a trial date.  What does the defense -- a you know, trial date would obviously have to be set out well into the future because of the motions and -- and -- and other things that you folks are doing.  Mr. Donohue says that he's just gotten into the case.  We've got severance issues.  We've got lots of moving parts.  But what do you folks think about setting a trial date now?

**MS. MEYERS-BUTH:**  Judge, my two cents on behalf of Mr. Gerace is that it makes more sense to set -- talk about setting trial dates after you decide the motions for severance and the motions to change vicinage.  I don't know how everybody else feels about it.

**MR. COOPER:**  Judge --

**THE COURT:**  Go ahead.

**MR. COOPER:**  -- I'll respond to that.  I'm kind of going off past experience in this -- in this court, actually,

on a seven- or nine-defendant case, I don't remember which it was, but United States versus Lairon Graham, which is 21-CR-195.

Your Honor called everybody in after the superseding indictment, maybe four weeks after the superseding indictment with all nine defendants, and Your Honor set a trial date. And you described it as a date certain.  You took all the attorneys' schedules into effect.  And that really helped -- in my experience, living the case, Mr. Bogulski was on the case as well -- it really helped move the case forward working towards that, even if it's an aspirational date, but it's a date certain that everyone's expecting to go to trial.  I think it helps move things along.  And that's the experience I had previously with this Court as well.

So that's the reason that we're suggesting it, is it gives you a date to work towards.  And I was able to reference that to the magistrate court when we were awaiting decisions from the magistrate in that case.

**THE COURT:**  We would have to set it, as I said, down the road.  What -- if we were to set a trial date, what's the earliest trial date we could set from the defense perspective?

**MR. BAGLEY:**  Judge, I think part of the issue is you're gonna have at some point likely severance motions, and you're gonna have potentially, you know, multiple trials coming out of this, Judge.

**THE COURT:** You're right. That may very well happen. But that doesn't mean we can't set a trial date now.

So let me ask the question again. What's the earliest date that the defense --

Ms. Meyers-Buth, you were going to say something.

**MS. MEYERS-BUTH:** I was just gonna say, Judge, we have a dispositive motion deadline with the magistrate August 8th. And so I don't know how that enters into the calculus either about setting a trial date. I assume you're talking about next year. But I just throw that out there for the Court.

**THE COURT:** So if we're talking next year, I'm going to be pretty busy for the first six months of it.

**MR. COOPER:** Do you have a trial date your other case, Judge?

**THE COURT:** I don't, but I'm expecting to set one very soon.

**MR. COOPER:** Okay.

**THE COURT:** And I'm expecting it to be shortly after the 1st of the year.

**MR. COOPER:** In 2026?

**THE COURT:** Yes.

**MR. COOPER:** And I know that's expected to last about six months, is that --

**THE COURT:** Something in that neighborhood. No?

**MR. TRIPI:** Hopefully not. I mean, I almost fell out of my chair. Sorry, Judge.

**MR. COOPER:** Okay. It was my understanding, without asking Mr. Tripi first, that it was about six months. But if we assume six months to be cautious, and then a month for the Court to be --

**THE COURT:** Yeah. You know, I haven't set that trial date yet, so if we set something here, maybe that could impact -- how long is this trial going to last?

**MR. COOPER:** Judge, that's -- Ms. Chalbeck and I were talking about that this morning, and I think three months is probably -- it's tough to estimate, Judge, because I --

**THE COURT:** Why do I --

**MR. COOPER:** I appreciate the laughter. It's tough to estimate because with the number of different attorneys involved in the case, cross-examination obviously -- I don't know if it's going to be one attorney primarily doing cross for different witnesses, or if it's going to be nine crosses or six crosses. I don't know that. So I'm doing my best to estimate. But I would think about three months.

**THE COURT:** Why does no other judge in this district get cases like this?

**MR. COOPER:** I think Judge Wolford did one a while back with Joe, so --

**MR. MORRISSEY:** As we observe all the moving parts, I

think that speaks in favor of putting this off a little bit. I think the Courts should be making an informed decision and let the circumstances of the case inform when it makes most sense to trial instead of switching that around, because that's going allow for the most effective briefing of dispositive issues, to allow it to effectuate Mr. Gogolack's rights, and allow us to best prepare a defense.

So I think it makes sense to not make this decision today about when to set a trial.

**THE COURT:** Yeah, I think that's correct. But go ahead, Mr. Cooper, I'll listen. I'll keep an open mind.

**MR. COOPER:** I appreciate that. And I just want to -- I'm a aware of the 2nd Circuit law, although I'm not as smart as Casey and I don't know the case name by heart, about the government being responsible for pushing forward the speedy trial. And that's something I'm very cognizant of in this case given the five-month sanction, which the government understands, I'm not complaining about it, but I'm operating with the knowledge that there's a five-month period of time under constitutional speedy trial that's being counted against the government.

And the defendants, at certain times, will say we wanted a speedy trial all along, we were demanding it.

I'm here today asking you to set a trial date, and I'm asking them essentially, respectfully, to put their money

where their mouth is and let's pick a trial date, because --

**THE COURT:** Do any defendants want me to set a trial date today? Raise your hand.

I don't see any hands. Okay. So no one wants a trial date set today. So you have it on the record, Mr. Cooper. You are pushing for a trial date. You urged me to set a trial date. The defendants have asked me not to set a trial date. I'm not going to do that.

But this certainly should not be -- I'm saying this on the record right now -- this certainly should not be to the disadvantage of the government, because the government is doing everything that it can and then some to get me to set a trial date today.

**MR. COOPER:** I appreciate that, Judge. And my last request would be maybe we can revisit this in July when we have oral argument with you --

**THE COURT:** Absolutely.

**MR. COOPER:** -- and you won't be frustrated with me for pitching it then, right?

**THE COURT:** If I get frustrated -- you know, as I say to people, when you become a federal judge, they make you hand in your patience. But if I do get frustrated with you, you can remind me of that.

**MR. COOPER:** Okay.

**THE COURT:** I won't.

**MR. COOPER:**  Okay.

**THE COURT:**  But -- and if I ever -- if I ever get frustrated with lawyers for making arguments on behalf of their clients, remind me that I said that I should never do that --

**MR. COOPER:**  Understood.

**THE COURT:**  -- because I don't want to.

**MR. BAGLEY:**  Judge, just to make sure that our position is clear, Mr. Gogolack wants to effectuate all his rights.  He's not asking for a slow trial.  He's asking to do what he's entitled to do --

**THE COURT:**  I get it.

**MR. BAGLEY:**  -- in the time that we need do it.

**THE COURT:**  I get.

**MR. BAGLEY:**  And so this shouldn't be them wanting a speedy trial, and us wanting a slow trial.  That's not what's going on.

**THE COURT:**  And I'm not suggesting that you -- that you want a slow trial.  But you also don't want to set a trial date today.

**MR. COOPER:**  Yeah.

**THE COURT:**  And so that -- that means necessarily that -- that you are not asking for me to move this as quickly as I can.  You've got things that you think you need to do in order to protect the defendants' rights are going to take some

03:02PM    time.  And you don't want me to set a trial date today.  You may urge me to set a quick date later on down the road, but today you're not asking me to do anything.

So I don't think you can speak out of both sides of your mouth and say we want a speedy trial, but we don't want you to set a trial date today.  That's a little disingenuous because, you know --

MR. BAGLEY:  Well, Judge --

THE COURT:  -- depending on what "speedy" means.

MR. BAGLEY:  Exactly.  Exactly.

THE COURT:  So you will get as speedy a trial as I can give you and as you want when the time comes.  Okay?  That's the best I can do right now.

MR. BAGLEY:  Understood.  Thank you.

THE COURT:  Given the fact that none of the defendants want to set a trial date today.

MR. HENRY:  Judge?  Your Honor?

THE COURT:  We will revisit this in July.  Yeah.

MR. HENRY:  For clarification, Judge McCarthy set a non-dispositive scheduling order for August 8th, and then you just mentioned some different dates.  So which one are we following for the dispositive motions?

THE COURT:  The motions that I am handling right now, we're following my schedule.

MR. HENRY:  Okay.

THE COURT: Any other dispositive motions that Judge McCarthy is -- as I said to -- who did I say it to?

MR. COOPER: Me.

THE COURT: Mr. Donohue I think I said it to.

I'm not going to make him file a dispositive motion by a date sooner than Judge McCarthy set because he's been working on that schedule, and I -- I've been in private practice, and I know what that's like, and you're geared to comply with the deadline of August 8th and now a new judge says suddenly it's July 8th, that throws your life into an uproar and I'm not going to do that. But -- but for the motions that I am handling, I've set the schedule.

MR. HENRY: Okay.

THE COURT: Judge McCarthy has a different schedule for the motions he's handling, follow that.

And I may rescind the referral order for dispositive motions. As I say, I'm sort of inclined to do that. I may rescind that. But we'll keep the same deadlines that Judge McCarthy had on this.

MR. HENRY: Okay.

THE COURT: Okay? Does that make sense?

MR. COOPER: Yes, Judge.

THE COURT: Am I making -- am I clear in what I'm saying? Anybody not understanding what I'm saying other than me?

**MR. COOPER:** So, Judge, the -- to -- you've indicated that all severance motions, the change in venue motion, and Mr. Hinkle's dismissal motions, are motions today that you're deciding to take and you've set a scheduling order for those.

**THE COURT:** All severance motions that have been made so far.

**MR. COOPER:** Yes, Judge. And then separately you may take all dispositive motions. And if you do that, you're going to keep Judge McCarthy scheduling order.

**THE COURT:** Yes.

**MR. COOPER:** And so that, I think, answers Mr. Hinkle's question.

And then anything else that Judge McCarthy is keeping no matter what will be on Judge McCarthy schedule.

That's my understanding, at least.

**THE COURT:** As it stands today, yes.

**MR. COOPER:** Yeah, okay.

**THE COURT:** Okay. Anything else that we need to do this afternoon?

**MR. COOPER:** Nothing from the government, Judge. Thank you.

**THE COURT:** Anything from any of the defendants?

**MR. MORRISSEY:** Judge, for -- for the appeals regarding the grand jury and the search warrant, is the oral argument date for those going to be on the July 25th date --

**THE COURT:** Yes.

**MR. MORRISSEY:** -- as well?

**THE COURT:** Yeah.  We're gonna do them all.

**MR. MORRISSEY:** Thank you.

**THE COURT:** Okay.  Anything else from any of the defendants?

**MR. MUSCATO:** No, thank you.

**THE COURT:** Okay.  Thank you, all, very much.  And we'll see you all on --

**MR. TRIPI:** Judge, I don't mean to -- I don't mean to upset the apple cart.

I think the last thing Mr. Morrissey said, I think our reply for the appeal denying the search warrant, regarding the search warrant application issue is due July 25th.  No?  No, that's wrong?

**MS. CHALBECK:** That's wrong.

**MR. TRIPI:** I'm wrong.

**MS. CHALBECK:** We've got it.

**MR. TRIPI:** Sorry.  I wrote the wrong date.

**THE COURT:** That's okay.  That's why they're here.

**MR. TRIPI:** Yes.  Sorry about that.

**THE COURT:** Okay.  Thank you.

(Proceedings concluded at 3:06 p.m.)

     *          *          *          *          *

**CERTIFICATE OF REPORTER**

In accordance with 28, U.S.C., 753(b), I certify that these original notes are a true and correct record of proceedings in the United States District Court for the Western District of New York on June 9, 2025.

s/ Ann M. Sawyer
Ann M. Sawyer, FCRR, RPR, CRR
Official Court Reporter
U.S.D.C., W.D.N.Y.