UNITED STATES DISTRICT COURT for the
WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES,

                              Plaintiff,                    SUPPORTING
                                                            AFFIRMATION
v.

FRANK KNIGHT,                                  Case no.: 23-cr-099

                    Defendant.

_____

STATE OF NEW YORK :
COUNTY OF ERIE      :  ss:

        BARRY J. DONOHUE, ESQ., an attorney authorized to practice before this Court and

licensed to practice law in the Courts of this State, affirms under penalty of perjury as follows:

        1.  I am attorney for defendant FRANK KNIGHT in the above-captioned action and make

this affidavit for the purpose of replying to the Response [468] of the government to Frank

Knight's motion for non-dispositive relief. [455].

                              GRAND JURY MINUTES

        2.  The government's response to the request for disclosure of the grand jury minutes

makes much of the historical secrecy of grand jury proceedings without addressing the reasons

that secrecy came about in the first place or why those reasons are relevant here.

        3.  "(T)he reasons for grand jury secrecy had been summarized correctly in *United States*

*v. Rose*, 215 F.2d 617, 628-629 (CA3 1954): '(1) To prevent the escape of those whose

indictment may be contemplated; (2) to insure the utmost freedom to the grand jury in its

deliberations, and to prevent persons subject to indictment or their friends from importuning the

1

grand jurors; (3) to prevent subornation of perjury or tampering with the witness who may testify before [the] grand jury and later appear at the trial of those indicted by it; (4) to encourage free and untrammeled disclosures by persons who have information with respect to the commission of crimes; (5) to protect innocent accused who is exonerated from disclosure of the fact that he has been under investigation, and from the expense of standing trial where there was no probability of guilt.'" *Douglas Oil Co. v. Petrol Stops Northwest*, 441 U.S. 211, 231 note 10 (1979).

4.   The first reason, prevent escape, does not apply here because defendant is aware of the charges and has appeared in court and complied with his conditions of release. *See* FRCRP 6(e)(4) ("The magistrate judge to whom an indictment is returned may direct that the indictment be kept secret until the defendant is in custody or has been released pending trial.")

5.   The second reason, to protect the grand jury's deliberations, also does not apply since that grand jury has completed its deliberations and been discharged.

6.   The third reason, to prevent perjury before the grand jury, is likewise not applicable here because the grand jury has completed its deliberations and been discharged.  If this reason is applicable to the case at hand the government has not articulated why that is so.

7.   The fourth reason, to encourage candor before the grand jury, does not apply because the indictment has been unsealed.  And this basis is disfavored by the Rule itself. *See* FRCRP 6(e)(2)(B)(no secrecy obligation imposed on witnesses before the grand jury).

8.   The fifth reason, for the accused benefit, is not applicable here because it is the accused who seeking to compel the disclosure of the grand jury minutes.

9.   None of the stated reasons for the secrecy of the grand jury are applicable.  And none

of the stated reasons are to preserve and protect false and misleading testimony before the grand jury.

10.  The government styles defendant's particularized need for the grand jury minutes as "that he disagrees with the allegation in the indictment that his statements to law enforcement on August 3, 2023 regarding Hinkle's presence at the poker game were 'misleading and false'." [468] p. 3.  Wrong.  What the defendant points out in his motion is that the factual allegation in the indictment that on "August 3, 2023, KNIGHT made...statements to the FBI, including that HINKLE had not been present at the July 27, 2023 poker game" is itself demonstrably false. [24] ¶ 60.

11.  The subject conversation was recorded.  We have the recording.  We have the transcript.  And KNIGHT did <u>not</u> make the statement alleged.  This provides a legitimate basis for the claim that there must have been either false or intentionally misleading testimony given to this grand jury about what KNIGHT said for the grand jury to advance a demonstrably false factual allegation.

<u>EXPERT DISCLOSURE</u>

12.  The government conflates defendant's Fourth Amendment rights with the defendant's rights under Rule 16.  They are not coterminous.

13.  I have retained the services of an expert to assist me in evaluating the CAST report and the geolocation conclusions of the government.

14.  I have furnished that expert with the discovery I have received to date that I believe relates to the subject CAST report and the geolocation conclusions.

15.  That expert has told me, "None of these files contain cell site location

information...We need the native call detail records containing cell site location information."

16.  The expert has told me, "We need all of the Geofence data received for all 3 steps including each warrant and email correspondence between the requesting agent and Google."

17.  The expert has told me, "Include all call detail records including cell site listings used by SA Orlando."

18.  As articulated in more detail in the original motion the geolocation conclusions, if not the CAST report conclusions, are the result of a collaborative three-step process between the Agents and Google that includes warrants, emails, and production.

19.  There is significant material that must be turned over to accurately evaluate the conclusions of the government experts.

<u>SEARCH WARRANT APPLICATIONS</u>

20.  The right to search warrant applications is implicit in FRCRP 41(h).

21.  To the extent the Court requires the defendant to demonstrate a legitimate expectation of privacy in his home and his two personal cell phones the supporting affirmation with the motion does that. [455].

22.  No requirement of an affidavit of "legitimate expectation of privacy" should be required where the government fails to dispute the facts proffered on legitimate expectation of privacy.

23.  The government's response [468] does not deny the factual assertions supporting a legitimate expectation of privacy.

WHEREFORE, it is respectfully requested that the Court order the forms of pre-trial

relief requested herein.

Dated:  <u>July 8, 2025</u>                        <u>  /s/ Barry J. Donohue  </u>
                                                Barry J. Donohue

UNITED STATES DISTRICT COURT for the
WESTERN DISTRICT OF NEW YORK

UNITED STATES,

                              Plaintiff,                    <u>SERVICE</u>
                                                           <u>AFFIRMATION</u>
v.

FRANK KNIGHT,                                              Case no.: 23-cr-099

                    Defendant.

        The undersigned certifies that I am attorney for Defendant FRANK KNIGHT in the
above matter and am of such age to serve papers.

        On July 8, 2025  I served a copy of the following by electronic service via CM/ECF:

        Reply dated July 8, 2025,

        ADDRESSEE:

Joseph Tripi, AUSA
138 Delaware Avenue
Buffalo, New York 14202
(716) 843-5839
e-mail: joseph.tripi@usdoj.gov

Nicholas Cooper, AUSA
138 Delaware Avenue
Buffalo, New York 14202
(716) 843-5712
e-mail: nicholas.cooper@usdoj.gov

Casey Chalbeck, AUSA
138 Delaware Avenue
Buffalo, New York 14202
(716) 843-5881
e-mail: casey.chalbeck@usdoj.gov

        On July 8, 2025 I served a copy of the attached by: (  ) First Class United States Mail; (  )

hand delivery; (   ) electronic mail; or, (   ) facsimile:

      ADDRESSEE: none.


Dated:_____July 8, 2025                /s/Barry J. Donohue___
                                        Barry J. Donohue
                                        Attorney for plaintiff
                                        77 Broad Street
                                        Tonawanda, New York 14150
                                        (716) 693-0359
                                        Barry@donohuelaw.com