IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

    -v-                                  Case No.: 23-CR-99

PETER GERACE, JR.
                          Defendants.
_____

**SUPPLEMENTAL AFFIRMATION IN SUPPORT OF DEFENDANT PETER
GERACE'S MOTION FOR SEVERANCE**

INTRODUCTION

On April 16, 2025, the defendants filed joint non-dispositive motions, including a motion for severance (Docket Item 410 at 112-122). The government filed a response on April 30, 2025 (Docket Item 423) and the defense replied on May 9, 2025 (Docket Item 431).

This affirmation is submitted on behalf of Defendant Peter Gerace and is intended to supplement his severance motion based on recent *Brady* disclosures in this case. The Court scheduled oral argument for the severance issue for July 25, 2025. *See* Text Order, Docket Item 451.

BRADY DISCLOSURES RELATED TO GERACE'S SEVERANCE MOTION

### 1. Among the Defendants' Joint Non-Dispositive Motions was a Request for Brady/Early Jencks Disclosure

The joint defense non-dispositive motions included *inter alia* requests for Brady and early Jencks disclosure and severance on behalf of defendants Gerace, Ermin and Hinkle. *See* Docket Item 410 at 81-102, 112-122. In regard to severance, the defendants sought to sever counts 1-3, charges stemming from the death of Crystal Quinn, from the other 25 counts in the indictment relating to narcotics distribution/conspiracy, kidnapping charges naming defendant Gogolack and various false statement counts.

The government opposed severance (Docket Item 423 at 77-99). The government's response did not specifically address defendants' *Brady* demand. Gerace filed a reply in further support of severance (Docket Item 431 at 24-29) and provided specific examples of *Brady* information it believed existed (*id*. at 41-45) including a request for documentation regarding whether Quinn's ongoing mental health treatment and any information regarding allegations she had been the victim of a sexual assault two weeks before her death. The government couched its response in terms of Rule 16 indicating "No such FBI reports exist and, as far as the government is aware, Ms. Quinn did not report this sexual assault to law enforcement." Docket Item 423 at 156.[1]

---

[1] In its subsequent Brady/early 3500 disclosure, the government provided limited grand jury excerpts from one witness who discussed Ms. Quinn reporting her alleged rape to him.

At oral argument before Magistrate Judge McCarthy on May 21, 2025, the government represented that it would review its files for potential *Brady* material [tr. at 142-152].

### 2. The Government's Brady/Early 3500 Disclosures Resulted in the Federal Defenders' Filing a Motion to Withdraw from Representing Defendant Gogolack

On June 13, 2025, Magistrate Judge McCarthy signed a Second Amended Protective Order which had been negotiated by the parties. Docket Item 454. In anticipation of the protective order being entered and based on the parties' ongoing dialogue, the government supplied Brady/early 3500 material to the defense. This tranche of documents included an excerpt from the grand jury testimony of witness ████████ ████[2] which in turn referenced witness ████████████████[3].

---

[2] ██████████████████████████████████████
██████████████████████████████████████
██████████████████████████████████████
██████████████████████████████████████
██████████████████████████████████████
██████████████████████████████████████
██████████████████████████████████████
██████████████████████████████████████
██████████████████████████████████████
██████████████████████████████████████
███████████████████████████████.

[3] ██████████████████████████████████████
██████████████████████████████████████
██████████████████████████████████████
██████████████████████████████████████
████████████████████████.

████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

That information is inconsistent with the government's theory in support of detention

and, although self-serving, constituted exculpatory information.

───────────────────────────

██████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████
████████████████████████████████

The Federal Public Defender's Office (FPD) had been representing Mr. Gogolack in this case (23-cr-99) since his initial appearance on August 23, 2023, shortly after Quinn's death on August 1, 2023. ██████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████.

From a review of the docket, it appears that ██████████████████

████████████████████████████████████████████████████████

██████████ The government did not interview ██████████████ and he is not believed to have testified in the grand jury. However, the grand jurors apparently relied on

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

██████████████████████████

On June 24, 2025, ten days after this Brady/3500 disclosure was received from the government, counsel for defendant Gogolack filed a motion to withdraw based on a conflict of interest (Docket Item 461, 462 (amended)). While the motion was partially sealed and the exact nature of the conflict is only known to the Court and the government,

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

███████████████████████████████████

██████████████████

In the Government's response, dated June 25, 2025, it pointed out that Gogolack is charged in 17 counts and that he was initially charged via criminal complaint on August 17, 2023. Docket Item 465. With regard to the conflict, "[t]he undersigned AUSA became aware of the witness in the spring of 2023 when he was represented by a CJA attorney. The undersigned does not recall knowing that the government witness had been previously represented by the Federal Public Defender's office until being advised of that fact last week by AFPD Bagley." Docket Item 465 at 3.

Three days ago, this Court presided over an Attorney Appointment Hearing at which time the motion to withdraw and appoint new counsel was granted. Docket Item 483. Two panel attorneys were appropriately appointed[4]: John Ange and Peter Kooshoian. *Id*.

Yesterday, Mr. Ange moved to withdraw in a sealed filing. Docket Item 486. To Mr. Ange's credit, whatever reason he identified to withdraw, he identified it quickly. But any attorney who comes into this case may potentially uncover a conflict during his or her review of the discovery which will take several months.

---

[4] It is not clear from the minute entry whether the government objected to the appointment of two attorneys or argued that this Court must make factual findings regarding the complexity of the case before appointment of two attorneys, even though the government had previously argued, incorrectly, that Magistrate Judge McCarthy had erred for not doing so.

On January 10, 2024, the Magistrate Judge issued an Order pursuant to the Due Process Protections Act and Fed. R. Crim. Pro 5(f) requiring the government to "promptly" disclose any *Brady* material. Docket Item 30. Had the government complied with its obligations in August 2023, or at any time before June 2025, the FPD would have known that two of their former clients were believed to have been involved in this case.

The government's failure to identify the conflict or disclose material so the FPD could do so created a situation where Mr. Gogolack was represented by counsel for nearly two years before requiring new attorneys to come in and essentially start at the beginning.

### 3. Government Moved to Rescind the Referral Order to the Magistrate Judge and to have the District Court Adjudicate the Defendants' Motion for Severance before Dispositive Motions are filed

On May 28, 2025, the government filed a motion seeking to have the referral order rescinded and on May 29, 2025, the government filed a separate motion to have the severance motions filed by Gerace, Ermin and Hinkle immediately ruled on by the District Court. Docket Items 435, 437. In those and related pleadings, the government complained about the pace of the litigation since the second superseding indictment: "Generally, through an objective lens, the case has gone off track since January 2025."[5] Docket Item 457 at 2.

---

[5] What is objectively true regarding delay in 2025, is that the defendants (and the Magistrate) are not responsible for the decision by the current administration of the Executive Branch to review all prior "no seek" decisions from the Biden administration, including this case. It is also objectively true that the government made it a point of litigating issues related to the appointment of second counsel instead of letting the case progress forward towards litigation of substantive issues regarding the merits of the case.

Based on the FPD's motion to withdraw from representing the lead defendant and the need for new counsel to have sufficient time to review the 36,000 pages of discovery before filing motions, if defendant Gerace is not severed from Gogolack, a trial in this case will be significantly delayed. In addition to the reasons cited in the defendants' joint non-dispositive motions, this anticipated delay is another reason why Gerace should be severed from Gogolack.

In terms of legal issues, the substitution of new counsel places many pending legal issues in an awkward posture. For example - the government's appeal of the Magistrate's decision to review grand jury minutes, *in camera*, to determine whether the materials should be disclosed to the defense. Gogolack joined in that motion, and upon information and belief, the FPD had been prepared to respond to the government's appeal but the office identified the conflict before it could do so. Now the issue will be argued and Gogolack will be left without the opportunity to be heard on the issue.

More importantly to the issue of severance, if it were to be denied, the issue will have to be litigated all over again, because the recent disclosures suggest that Gogolack may have an antagonistic defense against Gerace.[6]

---

[6] As discussed above, ███████████████████████████████████
███████████████████████████████████████████████████████
███████████████████████████████████████████████████████
███████████████████████████████████████████████████████
███████████████████████████████████████████████████████
███████████████████████████████████████████████████████
███████████████████████████████████████████████████████
███████████████████████████████████████████████████████

Further, Gerace should be severed from the remaining co-defendants, all of whom are either members or associates of an alleged outlaw motorcycle club. *See* Def Non-Dispositive Motions, Docket Item 431 at 24-26. It appears the only other defendant who knew Gerace is John Ermin who worked at PGC as a manager. Gerace himself is not a member or associate of the Outlaws, the Rare Breed, or any motorcycle club for that matter. The defense anticipates the government will present a circumstantial case relying heavily on the other defendants' participation in motorcycle club activities, including Ermin's alleged status as national president of the Outlaws, to link them to Quinn's death.

The government has already conceded that they do not have direct evidence of any conversations in which Gerace asked/ordered/solicited Ermin to kill Quinn; and instead would rely on an inference that happened based on the fact Ermin visited Gerace two times in jail. *See* [5/21/25 tr. o/a pp. 24-27]. Beyond this, the limited *Brady*/early 3500 disclosure does not serve to connect Gerace to any of the other defendants.

CONCLUSION

The recent Brady/early 3500 disclosures of two witnesses the Federal Public Defender's Office had previously represented has now resulted in delay that could have been avoided if the government would have run a conflicts check. Earlier this year in

9

*United States v McDaniels* [23-cr-6054] Chief Judge Wolford took the government to task over the same issue. Among other things, absent severance, the delay caused by the government affects the defendants' right to a speedy trial.

DATED:    Orchard Park, New York
          July 17, 2025

                                        s/ Cheryl Meyers Buth
                                        Cheryl Meyers Buth, Esq.
                                        MEYERS BUTH LAW GROUP, PLLC
                                        *Attorneys for Defendant Peter Gerace, Jr.*
                                        21 Princeton Place, Suite 105
                                        Orchard Park, New York 14127
                                        (716) 508-8598
                                        cmbuth@mblg.us

DATED:    Rochester, New York
          July 17, 2025

                                        s/ Mark A. Foti
                                        Mark A. Foti, Esq.
                                        THE FOTI LAW FIRM, P.C.
                                        *Attorneys for Defendant Peter Gerace, Jr.*
                                        16 W. Main Street – Suite 100
                                        Rochester, New York 14614
                                        (585) 461-1999
                                        mark@fotilaw.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on July 17, 2025, the foregoing submission is served on all counsel of record by electronically filing the submission with the Clerk of the United States District Court for the Western District of New York using the Court's Case Management/Electronic Case Filing system.

DATED:      July 17, 2025
            Rochester, New York

                                    s/Mark A. Foti
                                    Mark A. Foti, Esq.