**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

_____

**UNITED STATES OF AMERICA,**

                     Case No. 1:23-cr-99

          Plaintiff,             (LJV)

vs.                     July 25, 2025

**SIMON GOGOLACK,** a/k/a Greek,
**PETER GERACE, JR.,**
**JOHN THOMAS ERMIN,** a/k/a Tommy O,
**MICHAEL RONCONE,** a/k/a Cone,
**FRANK KNIGHT,**
**HOWARD HINKLE, JR.,** a/k/a Hard How,

           Defendants.
_____


**TRANSCRIPT OF ORAL ARGUMENT**
**BEFORE THE HONORABLE LAWRENCE J. VILARDO**
**UNITED STATES DISTRICT JUDGE**

**APPEARANCES:**          **MICHAEL DiGIACOMO, UNITED STATES ATTORNEY**
                    **BY: NICHOLAS T. COOPER, ESQ.**
                       **CASEY M. CHALBECK, ESQ.**
                    Assistant United States Attorneys
                    Federal Centre, 138 Delaware Avenue
                    Buffalo, New York 14202
                    For the Plaintiff

                    **THE FOTI LAW FIRM, P.C.**
                    **BY: MARK A. FOTI, ESQ.**
                    The Powers Building
                    16 West Main Street
                    Suite 100
                    Rochester, New York 14614
                      And
                    **MEYERS BUTH LAW GROUP**
                    **BY: CHERYL MEYERS-BUTH, ESQ.**
                    21 Princeton Place, Suite 105
                    Orchard Park, New York 14127
                    For the Defendant Gerace

                    **MUSCATO DiMILLO & VONA, LLP**
                    **BY: GEORGE V.C. MUSCATO, ESQ.**
                    107 East Avenue
                    Lockport, New York 14094
                      And

**EASTON THOMPSON KASPEREK SHIFFRIN LLP**
**BY: DONALD M. THOMPSON, ESQ. Via Phone**
16 West Main Street
Suite 243
Rochester, New York 14614
For the Defendant Ermin

**DELL LEGAL**
**BY: PAUL GORDON DELL, ESQ.**
70 Niagara Street, Suite #108
Buffalo, New York 14202
For the Defendant Roncone

**DONOHUE LAW**
**BY: BARRY J. DONOHUE, ESQ.**
77 Broad Street
Tonawanda, New York 14150
For the Defendant Knight

**VILLARINI & HENRY, LLP**
**BY: DANIEL J. HENRY, JR., ESQ.**
16 Main Street
Hamburg, New York 14075
  And
**FRANK M. BOGULSKI, ATTORNEY AT LAW**
**BY: FRANK M. BOGULSKI, ESQ.**
135 Delaware Avenue, Suite 2
Buffalo, New York 14202
For the Defendant Hinkle

LAW CLERK:          **REBECCA FABIAN IZZO, ESQ.**

COURT DEPUTY CLERK:  **COLLEEN M. DEMMA**

COURT REPORTER:     **ANN MEISSNER SAWYER, FCRR, RPR, CRR**
                    Robert H. Jackson Courthouse
                    2 Niagara Square
                    Buffalo, New York 14202
                    Ann_Sawyer@nywd.uscourts.gov

                *   *   *   *   *   *   *

        (Proceedings commenced at 9:37 a.m.)

        THE CLERK:  All rise.  United States District Court

for the Western District of New York is now in session, the Honorable Lawrence J. Vilardo presiding.

**THE COURT:**  Please be seated.

**THE CLERK:**  23-CR-99, United States of America versus Gogolack, et al.

Assistant United States Attorneys Nicholas Cooper and Casey Chalbeck appearing on behalf of the government.

Attorney Nicholas Texido appearing on behalf of Defendant Simon Gogolack.  Defendant is not present.

Attorney Cheryl Meyers-Buth and Mark Foti appearing with Defendant Peter Gerace.  Defendant is present.

Attorneys George Muscato and Donald Thompson, appearing by teleconference, appearing with Defendant John Ermin.  Defendant is present.

Attorney Paul Dell appearing on behalf of Defendant Michael Roncone.  Defendant is not present.

Attorney Barry Donohue appearing on behalf of Defendant Frank Knight.  Defendant is not present.

Attorneys Daniel Henry Jr. and Frank Bogulski appearing with Defendant Howard Hinkle Jr.  Defendant is present.

This is the date set for an oral argument.

**THE COURT:**  Okay.  Good morning, everyone.

**ALL PARTIES:**  Good morning, Judge.

**THE COURT:**  Mr. Texido, you waive your client's

appearance?

MR. TEXIDO:  Yes, Your Honor, thank you.

THE COURT:  And Mr. Dell and Mr. Donohue, do you waive your client's appearance?

MR. DONOHUE:  Yes, sir.

MR. DELL:  Yes, Your Honor.

THE COURT:  Okay.  Great.  So what I want to talk about this morning is where this case is headed, and when it is likely to come to trial.  It seems to me that things are likely to come to a head sometime toward the middle of next year.  Is that a fair estimate, folks?

MS. MEYERS-BUTH:  Judge, I think it depends on your ruling on our severance motion, because if you grant Mr. Gerace's severance motion we can be ready as early as February.  We don't have the same kinds of hearings and everything else that all the other defendants have.

THE COURT:  But am I right that if the case stays as one case, we're talking about the middle of next year?

MR. COOPER:  Judge, I think that's realistic.  I think regardless of whether the Court grants the government's motion to keep the -- or, grants the government's motion to keep the dispositive motions up here in the district court, or whether it goes through the magistrate court, I think on the fastest track it would still be looking at the middle of next year.

THE COURT:  Okay.  And I know that at least some of the defendants have expressed some interest in the trial taking place in Rochester; is that right?

Is the -- it's the defendants who would like it to take place in Rochester?

MS. MEYERS-BUTH:  Yes.

THE COURT:  And -- and several of the defendants have said that even apart from -- is it a pending motion to change the vicinage of the case?

MR. MUSCATO:  Yes.

MS. MEYERS-BUTH:  Yes.

THE COURT:  Okay.  And I think some of the defendants have said even apart from that, the defendants would not oppose a transfer of the case to another judge in Rochester for that same reason?

MR. MUSCATO:  Correct.

MS. MEYERS-BUTH:  Yes.

MR. FOTI:  Yes, for purposes of accommodating vicinage, Judge, if administratively the way to do that and it involved transfer to another judge, then we do not object.

THE COURT:  So that's what we're gonna do.

I have talked with the chief judge.  She is going to take this case.  It's going to be transferred to her, and so all motions will be transferred to her.  The request to rescind the referral will be transferred to her.  The change

of -- or, the severance motion, she will handle. And the question of -- of where the trial will take place, will be handled by her.

She and I have talked about her coming to Buffalo to -- to try the case, or trying it in Rochester. She will do what she thinks is the correct thing, and if that means coming to Buffalo, she will do that.

But I -- I can't handle this case and Gendron. It's just impossible for me to try to do both. And the chief judge was kind enough to actually point that out to me because, you know, sometimes I can be a little pig headed and think I can do more than I can do.

And she said to me, you know, it's gonna be just impossible for you to handle them both. And so she's going to handle this. Okay?

So I -- I regret that I'm not going to continue with this case. We have excellent lawyers on both sides, and I would have -- "enjoyed" is probably the wrong word, but at least appreciated handling it. But it's going to get transferred to Judge Wolford. Okay?

So, you folks should contact her office to reschedule the oral argument and to tee up whatever needs to be teed up. There are no speedy trial issues that I need to button up before it goes to Judge Wolford; is that correct? Because of the pending motions?

**MR. COOPER:**  That's correct, Judge.

**THE COURT:**  Okay.  So is there anything that I should do before I say goodbye to you folks?

**MR. COOPER:**  Can we just have one second?

**THE COURT:**  Absolutely.

**MR. COOPER:**  And, Your Honor, I know you indicated that we should contact chambers in Judge Wolford's courtroom to discuss rescheduling the oral argument, but the Court's ruling to transfer to another district court doesn't in any way affect the schedules that are already in place other than just picking a new oral argument date; is that correct?

**THE COURT:**  Well, from my perspective, yes.  But you've got a new judge in the case --

**MR. COOPER:**  Understood.

**THE COURT:**  -- so you've got to talk to her about it. But, yeah, as far as I am concerned, the schedule that's in place is in place.

If anyone wants to change that schedule, you should ask Judge Wolford to do that, because as soon as I leave the bench now, we are going to issue a text order transferring the case to her.

**MR. COOPER:**  Understood.  Then nothing else from the government.  Sorry to see you go, Judge.

**THE COURT:**  Anything from any of the defendants?

**MR. MUSCATO:**  Yes, Judge, please.  As it's scheduled

right now, our dispositive motions are scheduled to be filed for August 8th.  I presume that that schedule will stay in place, or should we be discussing that date with Judge Wolford?

THE COURT:  Either -- well, as far as I'm concerned, it's in place.  But if somebody wants to change it, talk to Judge Wolford about it.  Okay?  I don't want to do anything that's gonna prejudice her ability to make whatever decisions she thinks are appropriate in the case.  I've done what I've done so far.  From here on out, it's hers.  Okay?

MR. COOPER:  Understand, Judge.

THE COURT:  Okay.  Anything else from any of the defendants?

MS. MEYERS-BUTH:  No, Judge.  I think on behalf of all the defendants, we regret that you can't try the case either, but thank you for giving us a quick decision on it.

THE COURT:  Yep.  Good.  Okay.  Yeah, I thought it was best rather than, you know, hanging in there, and we just had this same conversation with Mr. Ange earlier about his ability to handle the case on behalf of Mr. Gogolack, and I told him it was probably a good idea for him to cut bait sooner, rather than later, and I think the same is true here. I think if I hung onto it, I'd just put myself in an impossible position, so better to do it now and have Judge Wolford run with it than have me try to do more than I can do.

So thank you, all, very much.  And we'll see you in different matters sometime or another.  Thank you.

**MR. COOPER:**  Thank you, Judge.

**THE CLERK:**  All rise.

(Proceedings concluded at 9:45 a.m.)

\*       \*       \*       \*       \*

**<u>CERTIFICATE OF REPORTER</u>**

In accordance with 28, U.S.C., 753(b), I certify that these original notes are a true and correct record of proceedings in the United States District Court for the Western District of New York on July 25, 2025.

s/ Ann M. Sawyer
Ann M. Sawyer, FCRR, RPR, CRR
Official Court Reporter
U.S.D.C., W.D.N.Y.