UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

        v.

SIMON GOGOLACK, a/k/a Greek,
PETER GERACE, JR.,
JOHN THOMAS ERMIN, a/k/a Tommy O,
MICHAEL RONCONE, a/k/a Cone,
FRANK KNIGHT, and
HOWARD HINKLE, JR., a/k/a Hard How,

        Defendants.
_____

**DECISION AND ORDER**

1:23-CR-00099 EAW

Pending before the undersigned is the government's appeal of an Order issued by United States Magistrate Judge Jeremiah J. McCarthy, directing that the government disclose to him grand jury transcripts for *in camera* inspection. (Dkt. 443). For the following reasons, the appeal is denied, and the government is directed to produce the grand jury transcripts to the Magistrate Judge for his *in camera* review.

On April 16, 2025, as part of their pretrial motions, several defendants, including defendants Gogolack, Gerace, Ermin, and Hinkle, sought disclosure of grand jury recordings, including all transcripts, pursuant to Rule 6(e)(3)(E)(ii) of the Federal Rules of Criminal Procedure, which permits disclosure of a grand jury matter at the request of a defendant who shows that a ground may exist for a motion to dismiss the indictment. (Dkt. 404 at 36; Dkt. 410-1 at 67; Dkt. 423 at 49). In support of their request for grand jury transcripts, Defendants argue that (1) false overt acts in the indictment support the conclusion that the grand jury was knowingly presented with false information, and (2) the

- 1 -

evidence presented to the grand jury would determine whether there was prosecutorial steering in the early stages of the case. (Dkt. 410-1 at 67-68). Defendants point to the allegation at paragraph 25 of Count 1 in the second superseding indictment as "demonstratively false." (*Id*. at 68-69). That paragraph states as follows:

> The trial witness list filed or caused to be filed by Gerace Attorney 1 also listed Crystal Quinn as a defense witness. The listing of Crystal Quinn as a witness for Gerace circumvented the provisions of a Protective Order which prohibited attorneys for **GERACE** from revealing to **GERACE** the government's witnesses' names and from providing **GERACE** with the government's witness list.

(Dkt. 24 at 16, ¶ 25). With respect to this overt act, Defendants argue that the second superseding indictment omits certain information and advances the false narrative that defendant Gerace learned of Quinn's designation as a government witness when Quinn was included on a defense witness list—when in reality, Gerace became aware of Quinn's status as a cooperating witness during a detention hearing in March 2023, before witness lists were filed. (Dkt. 410-1 at 69-70). The government argues in opposition that general disagreements with an indictment's allegations do not constitute a particularized showing, as required for production of grand jury transcripts under Rule 6(e). (Dkt. 423 at 50-51).

The Magistrate Judge held oral argument on the issue on May 21, 2025, and ruled that Defendants had met their burden under Rule 6(e) by showing that a ground may exist to dismiss the indictment. (Dkt. 433; *see also* Dkt. 438 at 103-04 ("I emphasize the word 'may' here. I'm not drawing any conclusions as to whether there was any impropriety. I don't know. But . . . I've read the other allegations, the factual allegations but I still have trouble with how the Grand Jury was able to—I'm not addressing this in terms of whether

there's evidence to support it, I'm addressing it in terms of how was the jury instructed so that they could make this finding.")).  Accordingly, the Magistrate Judge directed that the grand jury transcripts be produced for an *in camera* review.  (*Id*. at 104).

On May 29, 2025, the government moved to stay the Magistrate Judge's Order directing disclosure of the grand jury transcripts (Dkt. 436), which United States District Judge Lawrence J. Vilardo, who was previously assigned to this case, granted on June 9, 2025 (Dkt. 448).  The government filed its appeal of the Magistrate Judge's Order on June 4, 2025, arguing: (1) the Magistrate Judge failed to apply the particularized need standard in ordering the *in camera* disclosure of the grand jury minutes, and to the extent the Magistrate Judge did apply the particularized need standard, the application was contrary to law; (2) the Magistrate Judge premised the disclosure order on a basis Defendants never advanced; and (3) the cumulative impact of these errors amounts to reversible error.  (Dkt. 443 at 12).  Defendant Gerace filed a response to the government's appeal on July 8, 2025 (Dkt. 479), and the government filed its reply on July 16, 2025 (Dkt. 488).[1]

An appeal from a non-dispositive decision by a magistrate judge is reviewed under a "clearly erroneous or contrary to law" standard.  28 U.S.C. § 636(b)(1)(A).  "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been

---

[1] On July 7, 2025, defendant Gogolack moved to adjourn his response deadline to the government's appeal of the Magistrate Judge's Order, citing to his attorney's pending motion to withdraw from the case and asking that the deadline be held in abeyance until a date on which conflict-free counsel could respond.  (Dkt. 473).  Conflict-free counsel has now appeared for defendant Gogolack; however, given the Court's determination that the government's appeal should be denied, a response by Gogolack is not necessary.

committed." *United States v. Feneziani*, No. 05-CR-290E, 2007 WL 1613630, at *1 (W.D.N.Y. June 1, 2007) (quoting *Garcia v. Teitler*, 443 F.3d 202, 211 (2d Cir. 2006)). "This standard is highly deferential, imposes a heavy burden on the objecting party, and only permits reversal where the magistrate judge abused his discretion." *Centro De La Comunidad Hispana De Locust Valley v. Town of Oyster Bay*, 954 F. Supp. 2d 127, 139 (E.D.N.Y. 2013) (quotations omitted); *see also S.E.C. v. Verdirarno*, 890 F. Supp. 2d 257, 266 (S.D.N.Y. 2011) ("The clearly erroneous standard is highly deferential, and magistrate judges are afforded broad discretion in resolving non-dispositive disputes. . . ." (quotation and citation omitted)).

The Court has reviewed the arguments advanced by the parties in their pretrial filings on this issue, the transcript of the May 21, 2025 oral argument before the Magistrate Judge, and the decision the Magistrate Judge read into the record on this issue, as well as the government's appeal and Defendants' responses. "Grand jury proceedings are presumptively secret, and a defendant seeking the disclosure of grand jury materials bears a heavy burden." *United States v. Schlegel*, 687 F. App'x 26, 30 (2d Cir. 2017). A showing of "particularized need" is necessary to justify such a disclosure. *Id.*; *see also United States v. Gibson*, 175 F. Supp. 2d 532, 535 (S.D.N.Y. 2001) (in order to obtain disclosure of grand jury proceedings, "a defendant carries the burden of demonstrating a particularized need for grand jury materials").

In their papers and at oral argument, Defendants identified what they argue is a ground that may exist for the dismissal of the indictment—specifically, an allegation in the second superseding indictment which they argue is false, since it implies that defendant

- 4 -

Gerace became aware that Quinn was a potential government witness by inappropriate and secretive means, when the government knew that Gerace became aware that Quinn was a cooperating witness by other means—namely, the disclosure of that fact during a detention hearing—and that this fact is omitted from the indictment and uncontested by the government.  Relatedly, Defendants argue that the premise advanced in the second superseding indictment, *i.e.*, that a defense attorney's placing of a witness's name on a defense witness list (and thereby circumventing the protective order) could somehow reveal to a defendant that the witness is cooperating, is not logical.  Based on the Court's review of the transcript of the May 21, 2025 oral argument, these arguments, at the very least, gave the Magistrate Judge some pause.  (*See, e.g.*, Dkt. 438 at 92 ("[W]hat I'm wrestling with is how could the Grand Jury find probable cause to believe that the defendant or his attorney violated the protective order by listing Crystal Quinn as a defense witness when the protective order only prohibited him from disclosing government witnesses.")).

The Court has considered the arguments advanced by both the government and Defendants, and notes that the issue is a close one—and on *de novo* review, this Court may very well have reached a different result.  That said, given the highly deferential standard of review, the Court finds that the government has failed to demonstrate that the Magistrate Judge's Order requiring the production of the grand jury transcripts for *in camera* review amounts to clear error.  Accordingly, the government's appeal of the Magistrate Judge's Order requiring the production of the grand jury transcripts for *in camera* review is denied,

- 6 -

the stay of the Magistrate Judge's Order is lifted, and the government is directed to produce the grand jury transcripts to the Magistrate Judge for his *in camera* review.

SO ORDERED.

                                                ELIZABETH A. WOLFORD
                                                Chief Judge
                                                United States District Court

Dated:       July 31, 2025
               Rochester, New York