

**U.S. Department of Justice**

United States Attorney
*Western District of New York*

Kenneth B. Keating Federal Building   585/263-6760
100 State Street, Suite 500
Rochester, New York 14614   Writer's Telephone: 585/935-7512
Nicholas.Cooper@usdoj.gov

July 31, 2025

**VIA PACER**
Honorable Jeremiah J. McCarthy
United States Magistrate Judge
Robert H. Jackson U.S. Courthouse
2 Niagara Square
Buffalo, New York 14202

      RE:    *United States v. Simon Gogolack et al*; 23-CR-99-EAW-JJM

Dear Judge McCarthy:

      The government respectfully submits this letter requesting clarification of this Court's oral Decision and Order of May 21, 2025, directing the government to produce Grand Jury minutes for this Court's *in camera* inspection. During the May 21, 2025, oral argument addressing defendants' non-dispositive motions, and specifically, defendants Gogolack, Gerace, Ermin and Hinkle's motions to disclose grand jury minutes (*see* Doc. No. 410 § E, and Doc. No. 404 § D(iv)), this Court ruled that it was going to review the grand jury minutes, *in camera*, related to "how [] the jury [was] instructed so that they [the jury] could make this finding [regarding Overt Act 25]." Non-Disp. Mots. Oral Arg. Tran., at 103, (dated May 21, 2025).

      Thereafter, the government sought a stay of the Court's Decision and Order and appealed it to the District Court. Today, that appeal was denied by Chief Judge Wolford and the government was directed to comply with Your Honor's Decision and Order. *See* Doc. No. 522 at 5 – 6. The government asked Chief Judge Wolford if her Decision and Order would address what Grand Jury minutes it should produce to Your Honor, and Chief Judge Wolford indicated that her order would not address that. Status Conf. Tran., at 37 – 38, (dated July 31, 2025). The Chief Judge went on to state that it was "a little unclear" what exactly should be produced, and that the government should "clarify with [Judge McCarthy] what he wants and discuss with him the timing of that." *Id.* at 39.

      The government seeks to comply with this Court's Decision and Order, but wants to ensure that its understanding of what the Court is asking for is correct. Based on the government's review of the transcript of the May 21, 2025 oral argument, its understanding is that the Court requested the government's instructions to the Grand Jury in connection

with the Second Superseding Indictment, and specifically, Overt Act 25.[1]  Specifically, the Court stated: "I'm not addressing this in terms of whether there's evidence to support it [Overt Act 25], I'm addressing it in terms of how was the jury instructed so that they could make this finding."  Non-Disp. Mots. Oral Arg. Tran., at 103, (dated May 21, 2025).

The Court's comments, in their entirety, were as follows:

```
22        MAGISTRATE JUDGE MCCARTHY:  Okay.  I think I have the
23   parties' positions.  We've got other issues we've got to
24   address today so my ruling is going to be as follows:
25   Criminal Rule 6(e)(3)(E) states that the Court may authorize
```

```
                                                              103
              U.S. v. Gogolack, et al. - 23-CR-99

1    disclosure at a time and a manner and subject to any other
2    conditions that it directs of a Grand Jury matter, sub (2),
3    at the request of a defendant who shows that a ground may
4    exist to dismiss the indictment because of a matter that
5    occurred before the Grand Jury.
6         I emphasize the word "may" here.  I'm not drawing any
7    conclusions as to whether there was any impropriety.  I don't
8    know.  But focusing again only on -- and I've read the other
9    allegations, the factual allegations but I still have trouble
10   with how the Grand Jury was able to -- I'm not addressing
11   this in terms of whether there's evidence to support it, I'm
12   addressing it in terms of how was the jury instructed so that
13   they could make this finding.
14        So I am going to direct that the Grand Jury minutes be
15   given to me for my in-camera review.
```

---

[1] To the extent the government offered at oral argument to produce "everything that we have" including "all the Grand Jury transcripts" and "all the exhibits underlying the transcripts," it seems clear from a review of the Court's comments on May 21, 2025, that the Court was not interested in reviewing the evidence presented to the Grand Jury.  Accordingly, unless directed otherwise, the government will not burden the Court by providing hundreds of pages of Grand Jury witness transcripts.

The government respectfully requests that the Court advise whether the government is correct in its understanding of what Grand Jury minutes the Court seeks to review.

        Very truly yours,

        MICHAEL DIGIACOMO
        United States Attorney

*Nicholas T. Cooper*

BY:   NICHOLAS T. COOPER
        Assistant United States Attorney

cc:   Counsel of record (by CM-ECF).