UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

       Plaintiff,

       v.                                      **NOTICE OF DISPOSITIVE MOTIONS**

                                             **INDICTMENT # 23-CR-99**

MICHAEL RONCONE,

       Defendant,
_____

      PLEASE TAKE NOTICE, that upon the annexed Affirmation of Paul G. Dell, Esq., dated the 8th day of August, 2025 (and exhibits attached thereto), and upon all the pleadings and proceedings heretofore had herein, the undersigned hereby moves this Court (United States District Judge Elizabeth A. Wolford) for the relief set forth in the attorney affirmation annexed hereto and made a part hereof together with such other and further relief as to this Court seems just and proper.

DATED:    Buffalo, NY
               August 8, 2025

                                                 */s/ Paul G. Dell, Esq.*
                                                 PAUL G. DELL, ESQ.
                                                 Attorney for Defendant
                                                 Michael Roncone
                                                 70 Niagara Street
                                                 Buffalo, New York 14202
                                                 (716) 362-1156
                                                 pgdell@aol.com

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____
UNITED STATES OF AMERICA,

        Plaintiff,                **23-CR-99**

        v.                        **AFFIRMATION**

MICHAEL RONCONE,

        Defendant
_____
STATE OF NEW YORK }
COUNTY OF ERIE } ss.:
CITY OF BUFFALO }

PAUL G. DELL, ESQ., under penalty of perjury, says that:

1.    I am an attorney duly admitted to practice law in the Western District of New York. I represent the above defendant, Michael Roncone.

2.    I make this affirmation in support of numerous forms of dispositive relief. For the convenience of the Court and counsel, it is subdivided into subheadings which will set forth the particular relief sought. This affirmation is made upon information and belief, the sources of which are the discovery turned over,

conversations with my client, review of the docket and prior proceedings, my own investigation, and discussions I have had with Assistant United States Attorneys.

## THE INDICTMENT

3. On January 5, 2024, a 28 count, second superseding indictment was filed charging 9 defendants with a variety of crimes ranging from conspiracies to obstruct justice, tamper with witnesses and retaliate against witnesses (including causing the death of one), the making of false statements, the possession and distribution of controlled substances, the maintenance of drug-involved premises, the unlawful possession of firearms, and kidnapping.

4. The Government alleges that most of the charges relate to efforts to prevent witnesses from testifying against co-defendant, Peter Gerace, in his trial under Docket No. 19-CR-227, and then to steps taken to cover up those efforts.

5. Defendant Michael Roncone is charged with 3 counts: 1 – being part of an alleged conspiracy to obstruct justice – (Count 1); 2 – being an unlawful user of controlled substances in possession of firearms (Count 25); and 3 – making false statements to the FBI (Count 26).

6.      With regard to Count 1, it is generally alleged that Mr. Roncone communicated with co-defendant acquaintances of his during periods of time when those acquaintances were being investigated by law enforcement relative to the drug overdose death of a witness who was going to testify at the above-mentioned trial.

7.      With regard to Count 25, numerous firearms were found during the search warrant executions of Mr. Roncone's residence he shared with his father in Lancaster, New York, and a trailer that he occupied on Alma Hill Road, Wellsville, New York.   Trace amounts of cocaine were found at his residence in Lancaster New York, and a small amount of marijuana was found with a pipe in his trailer in Wellsville, New York.   It is alleged that Mr. Roncone unlawfully possessed the 3 firearms described in Count 25 because he was allegedly a drug user.

8.      With regard to Count 26, it is alleged that Mr. Roncone lied to law enforcement during the execution of the search warrant at his residence when he allegedly said that he did not know anything about the aforementioned witness' death and that there were no drugs inside his residence.

## DISMISSAL OF COUNT 25

9.      Under Count 25 of the indictment, Mr. Roncone is charged with possessing a firearm while being "an unlawful user of or addicted to any controlled substance" (18 USC § 922[g][3]).

10.     Mr. Roncone has been an avid hunter since he was a teenager.  Numerous firearms were seized during the search warrant executions both at his residence he shares with his father in Lancaster, New York, and from a trailer that he owns on Alma Hill Road, Wellsville, New York.

11.     All of the firearms were otherwise possessed legally.  Mr. Roncone had a valid pistol permit at the time of the searches.

12.     Upon information and belief, the charge is based on the recovery of trace amounts of cocaine at his residence recovered in a locked safe next to his father's identification card, a small amount of marijuana with a pipe found inside his trailer, and perhaps some admissions of very occasional recreational drug use. Discovery has been turned over by the Government suggesting that Mr. Roncone is not a regular drug user.

13. "An unlawful user is someone who uses illegal drugs regularly and in some temporal proximity to the gun possession" (United States v. Daniels, 124 F4th 967, 970-971 [5th Cir. 2025]).

14. This statute is unconstitutional as applied to Mr. Roncone.

15. "A well regulated militia, being necessary to the security of a free state, the right of the people to keep and bear arms, shall not be infringed" (US Const Amend II).

16. Where the Second Amendment covers an individual's conduct, a regulation of that conduct is valid only if "consistent with this Nation's historical tradition of firearm regulation" (New York State Rifle & Pistol Association, Inc. v. Bruen, 597 US 1, 24 [2022]).

17. It is the government's burden to prove that the challenged law is "relevantly similar to laws our tradition is understood to permit," which it does by finding a historical analog (United States v. Connelly, 117 F4th 269, 273 [5th Cir. 2024]).

18. There is no historical analog for disarming a simple drug user (id., at 275). If the government could demonstrate that Mr. Roncone's drug use rendered him impaired, the statute may be analogous to Founding-era laws disarming the mentally ill (id.). But that is not even alleged here.

19. In both Connelly and Daniels, the Fifth Circuit held that the statute was unconstitutional as applied to the defendants. The same result is compelled in this case.

20. As the statute defining the offense is unconstitutional, Count 25 must be dismissed.

## SUPPRESSION OF ALL TIMES SEIZED AND ALL EVIDENCE DERIVED FROM CERTAIN SEARCH WARRANT EXECUTIONS

21. On December 7, 2023, law enforcement executed search warrants at 4998 Williams Street, Lancaster, New York (Mr. Roncone's residence ("Subject Premises 3")), a location at Alma Hill Road, Wellsville, New York (Mr. Roncone's trailer ("Subject Premises 1")), Mr. Roncone's person ("Subject Person 2"), and RBMC, Buffalo Clubhouse, 934 East Delavan Avenue, Buffalo, NY ("Subject Premises 2").

22. Mr. Roncone asserts standing in these locations based upon the contents of the search warrant application (assertions of fact by the Government) and 2 affidavits signed by Mr. Roncone attached hereto which are based on personal knowledge.

23. One single 141-page search warrant application (with dozens of additional pages of exhibits) resulted in one single search warrant authorizing the search of the above-described locations. It also authorized the search of other locations for which Mr. Roncone does not assert standing.

24. The Defense submits that the application did not provide probable cause to search the locations and that the warrant never should have been signed. Form over substance and quantity over quality carried the day and resulted in searches and seizures which should never have taken place.

25. The Defense submits that the novel-length story told in the application is sheer speculation based on some facts which are not in and of themselves criminal in nature (such as communicating with acquaintances who are being investigated by the FBI) – and other alleged "facts" which came from informants and witness. My investigation suggests that many of those alleged facts were not true. Moreover, there appears to be an insufficient showing in the application itself that those informants and witnesses were reliable, or that the alleged facts were not stale and therefore not a proper basis for probable cause.

26. The Defense asks that the Court consider the sufficiency of the application separately with regard to each location, and rule inadmissible at trial any evidence obtained as a result of those searches.

27. The Defense joins in all motions and arguments presented by his co-defendants to the extent that they apply to him with regard to this search warrant application and the execution of the warrant.

## SUPPRESSION OF STATEMENTS

28. The Defense is in possession of a "302 Report" purportedly memorializing statements made by Mr. Roncone to law enforcement while detained during the search of his residence on December 7, 2023 (attached hereto). This document was provided by the Government. The Government has represented that these are the only alleged statements made by Mr. Roncone to law enforcement which it intends to use at trial.

29. The Defense submits that it is clear from reviewing the document that Mr. Roncone was detained during the entire interview. Moreover, full and proper

Miranda Warnings were not provided until near the end of the interview – AFTER Mr. Roncone had already invoked his right to counsel.

30. Attached hereto is an affidavit from Mr. Roncone dated July 2, 2025, along with an earlier affidavit dated April 25, 2025, which was initially attached to the Defense' non-dispositive motions. The second affidavit, based on personal knowledge, supplements the first affidavit and more fully describes his version of events. It further supports the Defense's position that Mr. Roncone was detained, that he was not properly mirandized, and that he was unlawfully interrogated. The statements were unlawfully obtained, involuntary, and should be suppressed.

31. The Defense therefore requests that the Court suppress any statements allegedly given during the interview and to rule them inadmissible at trial.

### LEAVE TO JOIN IN CO-DEFENDANTS' MOTIONS

32. The Defense hereby adopts any motions filed by Mr. Roncone's co-defendants. This motion is made in the interest of judicial efficiency. Permitting Mr. Roncone to join in his co-defendant's motions that apply to him either factually or legally will avoid duplicative filings by defense counsel. Mr.

Roncone asks that he be deemed to join in any motion filed by a co-defendant unless he gives notice to all parties and the Court that he will not join the motion.

33. For example, this Court has denied (Docket 523) co-defendant Howard Hinkle's Motion to Dismiss Count 1 for Failure to State an Offense Docket (407). The same or similar arguments made by Mr. Hinkle regarding that count also apply to the paragraphs alleging Mr. Roncone's conduct. Mr. Roncone respectfully objects to the Court's decision and preserves the issue for appeal.

## LEAVE TO MAKE OTHER MOTIONS

34. The Defense respectfully moves the Court for an order allowing him to make further and additional motions which may be necessitated by due process of law, by the Court's ruling on the relief sought herein, by newly provided discovery by the government or by new information obtained via investigation made by the defense. For example, if Mr. Roncone's statements to law enforcement are suppressed, the Defense willmove for dismissal of Count 26 (Making False Statements to the FBI).

WHEREFORE, it is respectfully requested that the Court grant the requested relief together with such other and further relief as the Court deems just and proper.

*s / Paul G. Dell*
August 8, 2025
Attorney for Defendant
Michael Roncone
70 Niagara Street
Buffalo, New York 14202
(716) 362-1156
pgdell@aol.com

CERTIFICATE OF SERVICE

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

Plaintiff,

      vs.                                  23-CR-99

MICHAEL RONCONE,

Defendant.
_____

     I hereby certify that on August 8, 2025, I electronically filed the foregoing with the Clerk of the District Court using its CM/ECF system, which would then electronically notify the appropriate CM/CMF participants on this case.

                                      *s / Paul G. Dell, Esq.*
                                      PAUL G. DELL
                                      August 8, 2025
                                      Attorney for Defendant
                                      70 Niagara Street
                                      Buffalo, New York 14202
                                      (716) 362-1156
                                      pgdell@aol.com