

U.S. Department of Justice

United States Attorney
Western District of New York

| | |
|---|---|
| Federal Center | 716/843-5700 |
| 138 Delaware Avenue | fax 716/551-3052 |
| Buffalo, New York   14202 | Writer's Telephone:   716/843-5881 |
| | Writer's fax:   716/551-3052 |
| | Casey.Chalbeck@usdoj.gov |

August 15, 2025

**VIA ELECTRONIC MAIL & PACER**
Hon. Elizabeth A. Wolford
Chief United States District Judge
Kenneth B. Keating Federal Building
100 State Street
Rochester, New York 14614

      Re:    *United States of America v. Gogolack et al.*,
                    Case Number: 23-CR-99

Dear Chief Judge Wolford:

      The government offers the following letter in response to Messrs. Gerace and Knight's motions for the disclosure of U.S. Probation Office files regarding Crystal Quinn, ████████ ████████████████████████████. *See* Mot. Prod. & Rev. Prob. Files, ECF No. 507, (dated July 24, 2025) ("Gerace Mot."); Mot. Prob. Mat., ECF No. 517, (dated July 28, 2025) ("Knight Mot."). Though the government defers to the Court as to the disclosure of exculpatory information that may be contained in Ms. Quinn's Probation file, it identifies statutory authority from the Crime Victims' Rights Act that may cabin the extent of any disclosure and opposes as premature the disclosure of any impeachment material relating to Ms. Quinn. Furthermore, the government opposes the defense's request that the Court disclose the Probation files belonging to ████████████████████████████, as Messrs. Gerace and Knight have failed to make a sufficiently compelling demonstration that the disclosure of their reports are necessary to meet the ends of justice.

      **I.**    **The Court should carefully consider Ms. Quinn's privacy interests prior to disclosing her Probation file to the defense and reject the defendants' attempts to prematurely acquire impeachment evidence.**

      The Crime Victims' Rights Act grants victims the "right to be treated with fairness and with respect for [their] dignity and privacy." 18 U.S.C. § 3771(a)(8). In the event of the victim's death, this right transfers to her surviving "family members." *Id.* § 3177(e)(2)(B). This right to privacy, however, is not absolute. Other interests, especially those of a constitutional nature, can eclipse statutory rights offered to a victim or her survivors. *See,*

*e.g.*, *United States v. Brice*, 649 F.3d 793, 796–97 (D.C. Cir. 2011) (balancing a victim's privacy right against a First Amendment right of access to court proceedings).

Where a victim was supervised by the U.S. Probation Office, and her probation is the subject of a motion for disclosure, the Court should consider her privacy rights under the CVRA in tandem with Second Circuit precedent governing the disclosure of probation files to third parties. Specifically, confidential probation files may be disclosed to third parties where the party has made "a compelling demonstration that disclosure . . . is required to meet the ends of justice." *United States v. Charmer Indus., Inc.*, 711 F.2d 1164, 1175 (2d Cir. 1983).

Messrs. Gerace and Knight seek the disclosure of Ms. Quinn's Probation file and frame their request in constitutional terms. In their view, information bearing on Ms. Quinn's "mental health and drug history" could exculpate them insofar as it may show that Ms. Quinn used the kinds of narcotics that killed her or struggled with severe mental health issues. Gerace Mot., at 12–13; *see also id.*, at 1–6. And Messrs. Gerace and Knight specifically believe that such information may be contained in Ms. Quinn's probation file on account that text messages, other cell phone data, and emails indicate that she was struggling to maintain her sobriety amidst USPO's drug-testing regimen. *See id.* at 1–6.

The government defers to the Court as to whether Messrs. Gerace and Knight's particularized demonstration with respect to Ms. Quinn's narcotics activity satisfies the demanding "compelling demonstration" standard. *Charmer Indus.*, 711 F.2d at 1175. However, should the Court find that the defendants have established a compelling need, it should not disregard Ms. Quinn's privacy and dignity rights in their entirety but, rather, treat them as relevant considerations regarding the scope of any disclosure to the defendants. *Cf. United States v. Turner*, 367 F. Supp. 2d 319, 333 (E.D.N.Y. 2005) (generally discussing the court's role in balancing the interests of victims against competing interests from the parties).

In that vein, while the government is mindful that evidence of Ms. Quinn's narcotics use and mental health may, in the defendants' view, be relevant to two defense theories in this case, it is less clear how, if at all, disclosure of "specific instances when the probation officer believed [Ms. Quinn] was being untruthful," Gerace Mot., at 12, is "required to meet the ends of justice," *Charmer Indus.*, 711 F.2d at 1175.

That is especially so where, as here, Messrs. Gerace and Knight have failed to articulate a legal basis to impeach Ms. Quinn such that her right to privacy and dignity may be justifiably abridged through the disclosure of her confidential Probation file. Even assuming *arguendo* that a legal mechanism exists for the defendants to impeach Ms. Quinn from the grave, disclosure of any such impeachment evidence is premature: the Court has not yet determined whether it will grant the defendants' motions to dismiss the Second Superseding Indictment and, for its part, the government has not yet conclusively determined whether, in the event of a trial, it will move to admit Ms. Quinn's grand jury testimony into evidence under a theory of forfeiture-by-wrongdoing. Accordingly, Messrs. Gerace and Knight's generalized request for "impeachment evidence" should be denied without prejudice as premature and with leave to raise them again if and when motions in *limine* are scheduled.

### II. The Court should deny the defendants' motions as to the Probation files for ███████████ and ███████████████.

The government opposes the defendants' motions for the disclosure of ███████ ████████████████ Probation files for two reasons. *See* Gerace Mot., at 14 (indicating that he is seeking the disclosure of "exculpatory or impeachment material" contained within the Probation files).

First, the motion is premature insofar as it seeks the disclosure of "impeachment material." *Id.* Both ███████████████████████ have an interest in preserving the confidential status of their communications with the U.S. Probation Office.[1] *Cf. United States v. Molina*, 356 F.3d 269, 274 (2d Cir. 2004) (noting that presentence investigation reports are "generally viewed as confidential"). Due to the pendency of dispositive motions that seek the case's dismissal, the lack of a trial date, and the corresponding absence of any deadline to turn over 3500 material, the defendants' requested disclosure of material contained within confidential probation files is ill-timed.

Second, the Messrs. Gerace and Knight have not discharged their "threshold" duty of "showing . . . a good faith belief" that ██████████████████████ Probation files "contain[] exculpatory evidence not available elsewhere." *Id.* at 275. Though this showing must be made with "particularity," Messrs. Gerace and Knight say only that the Probation files are "critical to the investigation and formulation of [their] defense." Gerace Mot., at 15. As with the "abstract arguments that [analogous Probation] reports" might have affected the defendant's cross-examination or presentation of his defense that were rejected in *Molina*, Messrs. Gerace and Knight's conclusory statement "fall[s] well short of the particularity required to demonstrate a compelling need" that would, in turn, authorize even the *in camera* review of the relevant probation files. Accordingly, the government asks that the defendants' motions be denied without prejudice.

Finally, in the event that the Court discloses some portion of the requested Probation files, the government would ask that such disclosure be made pursuant to an Attorney's Eyes Only Protective Order.

Respectfully,

Casey L. Chalbeck
Assistant United States Attorney

CC: counsel of record.

---

[1] The U.S. Probation Office and the Court share in this interest, too. In the same way that confidential discussions amongst defendants awaiting sentencing and the U.S. Probation Office "ensur[es] the free flow of information to the court," thereby assisting it in arriving at a just sentence, preserving the confidentiality of statements made between supervisees and Probation promotes the supervisee's rehabilitation and reintegration into law-abiding civilian society. *Charmer Indus.*, 711 F.2d at 1176. Premature disclosures of such confidential communications to the defense teams for those defendants the supervisee is cooperating against might chill the very kind of candid communications that society hopes supervisees will have with their probation officers.