UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                                                **DECISION AND ORDER**

v.                                                    23-cr-99:5-EAW-JJM

FRANK KNIGHT,

                            Defendant.
_____

        Defendant Frank Knight is charged in a Second Superseding Indictment [24][1] with conspiracy to obstruct justice in violation of 18 U.S.C. §371, and making false statements in violation of 18 U.S.C. §1001(a)(2). Id., Counts 1, 5 and 23. Before the court is Knight's motion pursuant to Fed. R. Crim. P. ("Rules") 6(e)(3)(E) and 41(h) for production of grand jury materials and search warrant affidavits for his home and cell phones [455]. Although the motion also sought expert disclosure, that request has been withdrawn. Having reviewed the parties' submissions [455, 468, 478] and heard oral argument on August 20, 2025, [565], for the following reasons the motion is granted in part and denied in part.

## DISCUSSION

**A. Grand Jury Materials**

        The Second Superseding Indictment alleges that on August 3, 2023 Knight falsely told the FBI that defendant Howard Hinkle Jr. had not been at a July 27, 2023 poker game ([24] at 23, ¶60 and at 35, Count 5), and that on October 24, 2023 he falsely denied to the FBI that

---

[1]    Bracketed references are to CM/ECF docket entries, and page references are to CM/ECF pagination.

defendant Simon Gogolack had visited Knight's home during the early morning hours of July 28, 2023. Id. at 29, ¶95 and at 45, Count 23.

Claiming that these allegations are false, Knight seeks production of grand jury materials pursuant to Rule 6(e)(3)(E)(ii), which provides that "at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury". Knight argues that his recorded FBI interview clearly shows that he *did* tell the FBI that Hinkle was at the card game on July 27: after initially stating that Hinkle "didn't make it" to the game, Knight said "I don't think. I don't remember", and seconds later said "I might have my nights screwed up". Minutes later, however, he stated: "You know what? Howie [Hinkle] was there . . . Because she [Crystal Quinn] was sitting next to Howie . . . . And he was trying to help her". Donohue Affirmation [455] at 7-8, *quoting* the recorded interview.

The government responds that "Rule 6(e) requires more than speculation and conclusory statements. Indeed, the defendant may challenge the government's evidence at trial and, if he chooses, present competent evidence and appropriate argument to contest the government's case. The defendant, however, is not entitled to challenge a grand jury proceeding - or the contents of an indictment - because he disagrees with the facts asserted". Government's Response [468] at 4.

However, Knight offers more than speculation, arguing that the recording of his FBI interview "makes clear that the averment in the Indictment is false. The only unequivocal statement that KNIGHT made to the F.B.I. was that HINKLE was at the card game. Since one would not expect a grand jury indictment to make demonstrably false assertions it is reasonable to infer that the grand jury received intentionally misleading information enabling them to make a demonstrably false assertion". Donohue Affirmation [455], ¶19 (emphasis in original).

I recognize that the government has "no obligation to present exculpatory material to a grand jury". United States v. Regan, 103 F.3d 1072, 1081 (2d Cir. 1997). Nevertheless, "the prosecutor's right to exercise some discretion and selectivity in the presentation of evidence to a grand jury does not entitle him to mislead it". United States v. Ciambrone, 601 F.2d 616, 623 (2d Cir. 1979). Although I am not now suggesting that the government engaged in misconduct before the grand jury, I conclude that Knight has made a sufficient showing to justify further inquiry into how the jury found probable cause to believe that he falsely told the FBI that Hinkle was not at the card game on July 27, 2023.[2]

I take a different view with respect to Knight's request for grand jury materials regarding the he allegation that he falsely denied to the FBI that Gogolack was in his homi on July 28, 2023. He argues that the allegation "is based upon a CAST report prepared by the F.B.I. apparently based on Google geofence data. The allegation in the Indictment purports to locate GOGOLACK's phone, not on or near FRANK KNIGHT's home but, inside 'KNIGHT'S residence' in the early morning hours (between 5:30 a.m. and 6:30 a.m.). It is highly unlikely that historical cell site records or Google geofence data would place GOGOLACK's cell phone with that level of specificity". Donohue Affirmation [455], ¶15. However, absent expert analysis, that contention is mere speculation.

## B. Search Warrant Affidavits

Knight seeks to obtain search warrant affidavits for what he contends are his home and cell phones, without submitting his own affidavit showing a reasonable expectation of privacy in them. He argues that "[t]he local practice which requires an affidavit of standing for

---

[2] The government has already provided me with the complete grand jury materials in response to my August 8, 2025 Order [544]. I will review those materials *in camera* prior to deciding whether Knight or his attorney are entitled to see any portion of them.

disclosure, as opposed to standing to suppress, improperly impairs a defendant's ability to advance their 4th Amendment rights without waiving their 5th Amendment rights to remain silent". Donohue Affirmation [455], ¶29. However, he cites no legal authority supporting his position, and the government cites substantial authority to the contrary. *See* government's Response [468] at 5-9.

At the conclusion of oral argument yesterday, Knight agreed to submit affidavits of standing for his residence and cell phones. Therefore, that portion of his motion is now moot.

## CONCLUSION

For these reasons, Knight's motion [455] is granted to the extent of allowing my *in camera* inspection of the grand jury materials relating to the allegations in pages 23, ¶60 and 35, Count 5 of the Second Superseding Indictment, but is otherwise denied, subject to further order of the court.

Dated: August 21, 2025

/s/ Jeremiah J. McCarthy
JEREMIAH J. MCCARTHY
United States Magistrate Judge