UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>SIMON GOGOLACK, et al.,<br><br>Defendants. | No. 1:23-cr-00099-EAW-JJM<br><br>ORDER APPOINTING<br>ELIZABETH DANIEL VASQUEZ<br>AS COORDINATING DISCOVERY<br>ATTORNEY |

It is hereby **ORDERED** that Elizabeth Daniel Vasquez of E. Daniel Vasquez Consulting, LLC is appointed as Coordinating Discovery Attorney for court-appointed defense counsel.

The Coordinating Discovery Attorney shall oversee any discovery issues common to the court-appointed defendants. Her responsibilities will include:

- Managing and, unless otherwise agreed upon with the government, distributing discovery produced by the government and relevant third-party information common to defendants;

- Assessing the amount and type of case data to determine what types of technology should be evaluated and used so duplicative costs are avoided and the most efficient and cost-effective methods are identified;

- Acting as a liaison with federal prosecutors to ensure the timely and effective exchange of discovery, resolve form of production issues, and coordinate solutions for any technical problems accessing discovery;

- Identifying, evaluating, and engaging third-party vendors and other litigation support services; and

- Providing training and support services to the defense teams as a group and individually.

When executing these responsibilities, the Coordinating Discovery Attorney shall assess the most effective and cost-efficient manner to organize the discovery with input from defense counsel. The Coordinating Discovery Attorney shall be subject to the terms and conditions of any and all protective orders governing material produced by the Government.

The Coordinating Discovery Attorney's duties do not include providing representation services and will not be establishing an attorney-client relationship with any defendant. The Coordinating Discovery Attorney's role is to manage discovery and not analyze the content for each defense counsel.

Discovery intended for the counsel of a specific defendant and not to be shared with the other defense counsel shall be produced by the Government directly to the defense counsel for that defendant. Discovery requests specific to one defendant shall be addressed by defense counsel directly with the Government and not through the Coordinating Discovery Attorney.

For any discovery common to all defendants already produced by the Government before this Order, the Government shall provide a copy to the Coordinating Discovery Attorney within 30 days from the receipt of an external hard drive provided by the Coordinating Discovery Attorney. Any additional discovery not already produced shall be provided directly to the Coordinating Discovery Attorney, who shall duplicate and distribute the discovery to defense counsel unless the Government elects to produce discovery directly to defense counsel with a simultaneous copy to the Coordinating Discovery Attorney. The Government shall work with the Coordinating Discovery

Attorney to provide discovery in a timely manner. If the Government produces discovery within 30 days of trial, it shall provide copies directly to defense counsel with a copy to the Coordinating Discovery Attorney.  However, trial exhibits, Jencks Act material, and any other materials provided in anticipation of trial in accordance with this Court's pretrial order shall be provided directly to counsel for the defendants.  Counsel for the defendants may, in their discretion, enlist the assistance of the discovery coordinator with that material, subject to any protective order imposed by the court.

The Coordinating Discovery Attorney shall petition this Court, *ex parte*, for funds for outside services and shall monitor all vendor invoices for these services, including confirming the work previously agreed to be performed. However, the CDA's time and the time spent by her staff will be paid by the Administrative Office of the U.S. Courts, Defender Services Office. All petitions for outside services shall include a basis for the requested funds and a determination that the cost of the service is reasonable.

The Coordinating Discovery Attorney shall also provide this Court with monthly *ex parte* status reports depicting the status of work, anticipated services that would require Court funding, and whether funds authorized by the Court for outside services are within budget. A copy of the report shall be provided to defense counsel.  Said *ex parte* report will not contain representations about contested discovery matters.

DATED this 27th day of August 2025.

_____
Hon. Elizabeth A. Wolford
Chief Judge
United States District Court

3