IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

    v.                                                  23-CR-99-EAW

SIMON GOGOLACK, et al.,

        Defendants.

### GOVERNMENT'S MOTION FOR PERMISSION TO DISCLOSE CERTAIN SPECIFIC "6(e)" MATERIAL UNDER SEAL IN ITS COMBINED RESPONSE TO DEFENDANT GERACE'S DISPOSITIVE MOTIONS

**THE UNITED STATES OF AMERICA**, by and through its attorneys, Michael DiGiacomo, United States Attorney for the Western District of New York, Nicholas T. Cooper, Assistant United States Attorney, of counsel, hereby files this motion in an abundance of caution to request permission from the Court to disclose, by reference, certain protected "6(e)" material, under seal, as part of its response in opposition to defendant Gerace's dispositive motions (Gerace Disp. Mots., ECF No. 545, (dated Aug. 8, 2025)).

On June 5, 2024, defendant Gerace, in case number 19-cr-227, filed a motion to dismiss and for sanctions[1] raising similar arguments to the arguments raised before this Court in his instant motions at ECF No. 545. On June 7, 2024, the government, in case number 19-cr-227, filed its response, under seal, to defendant Gerace's motion to dismiss and for sanctions.[2]

---

[1] *See* Mot. Dismiss & Sanctions, ECF No. 996, 1:19-CR-227, (dated June 5, 2024) (seeking dismissal of the indictment and sanctions against the government, in part, due to the government's subpoenaing of a defense investigator in the instant case and arguing that the government misled Judge Arcara).

[2] *See* Gov. Resp. to Mot. Dismiss & Sanctions, ECF No. 1000, 1:19-CR-227, (dated June 7, 2024).

In responding to defendant Gerace's arguments in Case No. 19-CR-227, the government referenced protected "6(e)" material, including referencing and summarizing certain specific testimony before the Federal Grand Jury.[3]

To provide the Court with an accurate record and in order to fully argue in opposition to defendant Gerace's instant motions, the government intends to rely on the same protected "6(e)" material, including referencing and summarizing certain specific testimony before the Federal Grand Jury, in its response to defendant Gerace's dispositive motions in case number 23-CR-99. With the Court's permission, the government seeks to file a redacted version publicly (redacting any reference to potentially protected "6(e)" material, witness names, and sealed Grand Jury proceedings) and providing the Court and defense counsel with an unredacted version.[4] In doing so, the government would potentially be disclosing protected "6(e)" material beyond what it was originally ordered and permitted by Judge Vilardo. As such, the government seeks the permission of this Court, pursuant to its authority under Rule 6(e)(3)(E)(i),[5] to reference certain protected "6(e)" material, under seal, in its response to this iteration of defendant Gerace's motion to dismiss.

The government also respectfully requests that the unredacted version of its consolidated response to defendants' dispositive motion, to the extent it summarizes grand

---

[3] At the time it referenced this material, under seal, the government had already been ordered by Judge Vilardo on December 1, 2023, to disclose to defendant Gerace and his attorneys, Mr. Foti and Mr. Soehnlein, that material. *See* Trans. Status Conf. Dec. 1, 2023, 1:19-CR-227.

[4] This motion is not intended to reflect an exhaustive list of the material the government may want to redact in its publicly-filed response brief. The government will circulate its proposed redacted response brief with the Court and the parties, and identify the bases for specific redactions.

[5] Rule 6(e)(3)(E)(i) permits the Court to authorize disclosure of a grand jury matter preliminary to or in connection with a judicial proceeding. To the extent summarizes of witness testimony that the government may seek to include in its consolidated response to defendants' dispositive motions may be construed as falling within the ambit of the secrecy requirements of Rule 6(e), the government seeks permission to make such limited disclosure. Additionally, the government seeks to attach certain grand jury exhibits, which have been produced during the course of voluntary discovery to the defendants.

2

jury testimony, as well as any demonstrative exhibits related to the same, be treated in accordance with the protective order governing material produced by the government pursuant to Title 18, United States Code, Section 3500. *See* Sec. Am. Protective Order, ECF No. 454, (dated June 13, 2025). Accordingly, the government respectfully requests that this Court permit the government to disclose, under seal, certain protected "6(e)" material in its response brief.

DATED: Rochester, New York, September 8, 2025.

                        MICHAEL DIGIACOMO
                        United States Attorney

BY:    s/ NICHOLAS T. COOPER
         Assistant United States Attorneys
         United States Attorney's Office
         Western District of New York
         100 State Street
         Rochester, New York 14614
         (585) 935-7512
         Nicholas.Cooper@usdoj.gov