PAUL G. DELL
Attorney at Law

70 Niagara Street
Buffalo, New York 14202

Telephone: (716) 362-1156     Cell / Voice mail: (716) 984-8095
Fax: (716) 362-1150     E-mail: PGDELL@aol.com

September 9, 2025

<u>Via Email and Filed on Docket</u>

HON. ELIZABETH A. WOLFORD
Chief United States District Judge
Western District of New York

Re:     United States v. Gogolack  23-CR-99
        Defendant Michael Roncone Position on Issue of Trial Location

Dear Judge Wolford:

On behalf of defendant, Michael Roncone, I request that the 3 month trial be held in Buffalo as opposed to Rochester.

Both my client and I reside in Erie County. My office is located in Buffalo and is a 3 minute walk from the Buffalo courthouse.

This was a Buffalo case when I was retained to represent Mr. Roncone almost 2 years ago. I am a solo practitioner. Almost all of the attorneys involved reside and have offices in Erie County. The couple or few who live in Monroe County knew that this was a Buffalo case when they signed up for this.

Attending trial 5 days a week for 3 months will involve a 3 hour round trip every day. That is 15 hours a week, 60 hours a month, and 180 hours for 3 months.

1

180 hours better spent preparing for the next day, attending to other matters in my practice, or enjoying much needed "down time". Driving is not "down time." My client would also have to transport himself to and from Court.

At CJA rates, 180 hours of travel time is equivalent to $31,500. That does not include mileage for gasoline.

The travel time and cost alone would cause a severe hardship.

I do not agree with the position that the defendants would receive a more "fair" trial in Rochester then in Buffalo. In my experience, most potential jurors no longer read newspapers at all – certainly not the local police & courts section. Nor do most potential jurors watch local tv news. That is no longer how people obtain their "news". It is rare that potential jurors know anything about local criminal court cases.

I have spoken to my client at length since this issue came up and it has caused us to examine his finances. He is currently working full-time, however he obviously would not be able to work during a 3-month trial. Most of his assets that can go toward attorney fees consist of the $100,000 cash in a joint bank account he shares with a cousin that was posted toward bail. Realistically, $50,000 of that amount belongs to my client. Upon motion, $10,000 of that cash was recently released to me for additional attorney fees. That leaves $40,000.

Presently, I consider myself "paid" until the weeks before trial. If this case is dismissed prior to trial or if it is otherwise resolved, I am not seeking more money from Mr. Roncone. However, once the 3500 material is released and the actual trial preparation begins, I obviously will need to be paid significantly more. $40,000 more, even if released by the Court at that time, will not be enough for a 3-month jury trial. This is clear by doing the CJA math.

      I decided to bring this up now since it will probably become an issue 7-8 months from now. I am not an expert on CJA eligibility. Mr. Roncone and I are both interested in finding out if I would be offered a CJA appointment if and when this case goes to trial.

      Thank you.

Very truly yours,

Paul G. Dell