UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                        Plaintiff

v.                                                   FILE NO.: 23-CR- 99 (EAW)(JJM)

HOWARD HINKLE,

                        Defendant
_____

## **DEFENDANT HOWARD HINKLE'S REPLY TO GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO SUPPRESS SEARCH WARRANT AND STATEMENTS**

The Defendant, Howard Hinkle, by and through his attorneys, Daniel J. Henry, Jr., Esq., and Frank M. Bogulski, Esq. hereby files his reply to the Government's Response in Opposition to Defendant's Motion to Suppress Search Warrant and Statements (Filed under seal-dated August 8, 2025; Redacted version Dkt# 548). As set forth herein, the Defendant respectfully requests the Court to grant the requests of Mr. Hinkle.

## **ARGUMENT**

The defendant, Howard Hinkle, re-asserts the pleadings and arguments set forth in the motion filed under seal dated August 8, 2025, and the redacted version Dkt# 548 as if re-plead herein.

**A. Motion to Suppress the Fruits of the Search at Howard Hinkle's Residence, or Alternatively, for a *Franks* Hearing**

# (1) Particularization

The Government misinterprets and takes out of context the particularization argument put forth by Mr. Hinkle. The search warrant does particularize items A-Z in Attachment B of the ███████████████████████████████████████████████████████████████

█████████████████████████████████████████████████ Mr. Hinkle is not asserting that the search warrant did not describe items to be searched, it is asserting the warrant did not particularize the items of drugs and weapons which were searched pursuant to the search warrant. By exceeding the scope of the warrant's authorization, it becomes a warrantless search. *United States v. Voustianiook,* 685 F. 3d206, 212 (2d Cir. 2012). The Government attempts to dismiss *United States v. Groh*, 540 U.S. 551, 558-559 (2004) by claiming it does not apply. That is not correct. In *Groh,* the court found that the warrant did not simply omit a few items from the list of many to be seized, or misdescribed a few of several items – it did not describe the items to be seized at all. ████████████████████████████████████████

████████████████████████████████████████████████████████

██████████████████████████████████

In *United States v. Galpin,* 720 F. 3d 436, 445-446 (2d Cir. 2013) the court outlined what particularity mandates: (1) identify the specific offense for which probable cause has been established; (2) describe the place to be searched; and (3) specify the items to be seized by their relation to the designated crimes. The search warrant identifies specific offenses – 18 U.S.C. §§ 1513(a)(1) and (f), 1512(b), 1512(k), 1001, 2 and 4. None of the said offenses are drug or firearm offenses. Nor does the warrant specify drugs and firearms and their relationship to the crimes identified in the warrant. In sum, it was a warrantless search for drugs and firearms.

### (a) Plain View

The Government, in its efforts to justify the seizure of the firearms and drugs contend they were allowed the warrantless seizure of the items under the plain view doctrine. The plain view doctrine is only applicable if the agents were lawfully in a position to view the items. As set forth in the initial motion under seal and will be further replied to in this pleading, the agents were not lawfully present because of the taint from the misrepresentation of facts and/or false statements/reckless use of false statements in the application. The Government's claim that they obtained a "follow-up warrant" does not cure the defect. They were wrongfully present based on the defective application for obtaining the warrant in the first place.

### (2) Jay Feather RV Search

The Government contends that they were lawful in entering and searching the RV on the basis that it was on the curtilage of 4290 Donovan Road. The Government cites *United States v. Reilly,* 76 F. 3d 1271 (2d Cir. 1996) – allowing for the search of a cottage as part of the curtilage of the main residence. There the property was enclosed by wire fence, hedgerow and thick woods, the cottage was used by the defendant and guests for a variety of private activities. None of this exists with the RV found at Mr. Hinkle's residence. It was not attached to the residence, surrounded by a fence or intimately tied to the house. There was no evidence it was actively used by the family as it sat on the property.

Furthermore, there was nothing preventing law enforcement to secure the outer surroundings of the RV and apply for a search warrant, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Instead, the agents go into the RV under the ruse of a protective

sweep to ensure law enforcement safety. (Exhibit E p. 16 Gov't Response). It was only then that the Government applied for a subsequent search warrant for the RV. It was "after the fact" and does not cure the warrantless search. In addition, as will be explained in more detail, the initial search of the premises was unlawful due to the taint from the misrepresentation of facts and false statements/reckless use of false statement in the application.

### (3) Misrepresentation of facts and false statements

### (A) Qualifications

The government contends that Agent Penna has sufficient qualifications to opine on the factors surrounding the overdose drug death of Crystal Quinn on the nature of this specific case. The government attempts to brush this off as "nothing to do with whether the affidavit is misleading". That is not correct. ████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
██████████████████████████
█████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
███████████████████████████████











[redacted]

Accordingly, based on the facts set forth both in Mr. Hinkle's Sealed Dispositive Motion and this reply to the government's response in opposition to the motion, the fruits of the search should be suppressed or alternatively, a *Franks* hearing should be granted.

### B. MOTION TO SUPPRESS STATEMENT

[redacted]



See *Bewer v. Williams,* 430 U.S. 387, 400 (1977). A hearing is necessary to flush out the circumstances surrounding Mr. Hinkle's drive from his residence, while in custody, to the Wellsville police department on October 24, 2023.

**CONCLUSION**

For the reasons set forth above, the Defendant, Howard Hinkle respectfully requests that the fruits of the search of his residence, RV trailer and cabin be suppressed, or alternatively, a *Franks* hearing be granted, and a hearing on the suppression of the statements also be granted.

Dated: September 19, 2025
Hamburg, New York

*s/ Daniel J. Henry, Jr.*
Daniel J. Henry, Jr., Esq.
Frank M. Bogulski, Esq.
Attorneys for *Howard Hinkle*
16 Main Street
Hamburg, New York 14075
Telephone: (716) 648-0510
dhenry@villariniandhenry.com
