IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

───────────────────────────────

UNITED STATES OF AMERICA,

          v.                               23-CR-99-EAW-JJM

FRANK KNIGHT,

                       Defendant.

───────────────────────────────

## GOVERNMENT'S RESPONSE TO DEFENDANT KNIGHT'S OBJECTIONS TO THE MAGISTRATE COURT'S DECISION AND ORDER

**THE UNITED STATES OF AMERICA**, by and through its attorneys, Michael DiGiacomo, United States Attorney for the Western District of New York, Joshua A. Violanti, Joseph M. Tripi, Nicholas T. Cooper, and Casey L. Chalbeck, Assistant United States Attorneys, of counsel, hereby files its response to defendant-Knight's objections, *see* Docket 599, to the Magistrate Court's Decision and Order, *see* Docket 585.

## FACTUAL BACKGROUND

The defendant is charged with violations of Title 18, United States Code, Sections 371 (conspiracy to obstruct justice) and 1001 (making false statements) in a Second Superseding Indictment. Dkt. 24. On June 13, 2025, the defendant filed pretrial motions for, among other things, disclosure of grand jury materials. Dkt. 455. The defendant requested disclosure of grand jury minutes because: (1) he disagreed with the allegation in the indictment that his statements to law enforcement on August 3, 2023, regarding Hinkle's presence at the poker game were "misleading and false"; and (2) he disagreed with the allegation in the indictment that defendant Gogolack was in his residence in the early morning hours of July 28, 2023.

*See id.* at 12–13.  Defense concluded that "[a] review of the grand jury minutes is necessary to ascertain whether a challenge to the Indictment is warranted."  *Id.* at 14.

The government filed a response in opposition on June 30, 2025.  Dkt. 468.  Defense filed a reply on July 8, 2025.  Dkt. 478.  On August 20, 2025, the Magistrate Court heard oral argument.  Dkt. 565.

On August 21, 2025, the Magistrate Court issued a Decision and Order granting in part and denying in part the defendant's pretrial motions.  Dkt. 566.  As to the disclosure of grand jury materials, the Magistrate Court concluded that defendant-Knight "made a sufficient showing to justify further inquiry into how the jury found probable cause to believe that he falsely told the FBI that Hinkle was not at the card game on July 27, 2023."  *Id.* at 3. Consequently, the Magistrate Court granted the defendant's motion to allow an *in camera* review of the grand jury materials relating to the Second Superseding Indictment's allegations in "pages 23, ¶ 60 and 35, Count 5 of the Second Superseding Indictment . . ."  *Id.* at 4.

On August 27, 2025, the Magistrate Court issued a decision and order relating to its previous decision and order on August 21, 2025.  Dkt. 585.  In its decision and order, the Magistrate Court noted that it had completed its *in camera* review and concluded that "the government did not mislead the grand jury or otherwise engage in misconduct . . ."  *Id.* at 2. The Magistrate Court further indicated that "[a]lthough [the defendant's] references to the transcript of his August 3, 2023[,] transcript (Donohue Affirmation [455], ¶ 14) persuaded me that further inquiry was warranted, after reviewing the grand jury proceedings I now see

2

things in a different light." *Id.*  The Magistrate Court determined that "[b]ased on the evidence submitted", that the grand jury "was not misled by the government, and could reasonably have found probable cause to believe that Knight's initial statement to Special Agent Penna that he did not believe that Hinkle was at the July 27 poker game was intentionally false and 'material' to the investigation, notwithstanding the fact that he corrected that statement several minutes later." *Id.* at 4.

On September 10, 2025, the defendant filed an appeal to the Magistrate Court's decision and order relating to the denial of the defendant's motion to disclose the grand jury minutes.  Dkt. 599 at 2.  At the outset, despite his explicit consent, the defendant speculates that the government was afforded an extra opportunity to argue its position when the government directed the Magistrate Court to pertinent parts of the grand jury minutes.  In his objection, the defendant rehashes his argument relating to the defendant's statements to the FBI on whether Howard Hinkle was present at a July 27, 2025, card game.  *Id.*  The defendant asserts that "[t[he indictment against FRANK KNIGHT contains two iterations about whether he lied… One iteration is demonstrably false.  The other is equivocal." *Id.*  The defendant's primary argument to this Court is as follows: "was the grand jury told that KNIGHT 'corrected that statement several minutes later'. [585] p. 4. If it was not, then the grand jury was intentionally misled, or at least sufficiently arguably misled to result in disclosure of the minutes to defense counsel for review."  The defendant further asserts that "the government failed to demonstrate why, on balance, the secrecy applicable to grand jury proceedings outweigh[ed] KNIGHT's interest in reviewing the subject material before the grand jury."  Dkt. 599 at 6.  In support, the defendant claims that the failure to "provide the

3

grand jury testimony hampers defendant's ability to give full support for the dispositive motion that as a matter of law KNIGHT's prompt unequivocal statement that HINKLE was present at the card game was not "capable of distracting government investigators' attention away from a critical matter." *Id.* at 6–7.[1]  The government opposes the defendant's objection and sets forth its response below.

## STANDARD OF REVIEW

Title 28, United States Code, Section 636(b)(1)(A) enables the Magistrate Court, upon referral, to adjudicate non-dispositive matters, that is, "any matter that does not dispose of a charge or defense."  *See* Fed. R. Crim. P. Rule 59(a).  The District Court may reconsider orders of the Magistrate Court on such matters "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."  *See* 28 U.S.C. § 636(b)(1)(A).  Under Local Rule 59(c)(1), "[t]he specific matters to which the party objects and the manner in which it is claimed that the order is clearly erroneous or contrary to law shall be clearly set out in the objections."

---

[1] The defendant now raises in his objection the claim "if the grand jury was not told that KNIGHT had unequivocally told the FBI that HINKLE was at the subject card game then this testimony constitutes Brady/Giglio material that is subject to immediate disclosure under the Due Process Protections Act order in this case."  Dkt. 599 at 5.  The Due Process Protections Act amends Federal Rule of Criminal Procedure 5 to require courts to "issue an oral and written order to prosecution and defense counsel that confirms the disclosure obligation of the prosecutor." PL 116-182, Oct. 21, 2020, 134 Stat. 894.  "The Due Process Protections Act, Pub L. No. 116-182, 134 Stat. 89 (2020), reaffirmed, but did not expand, preexisting prosecutorial obligations in discovery, pursuant to *Brady v. Maryland* (373 U.S. 83 (1963))."  *United States v. Buntyn*, 2021 WL 4456738, at *2 (D.N.M. Sept. 29, 2021).

To successfully appeal from the Magistrate Court's non-dispositive Decision and Order, a party must demonstrate that the decision is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). "'A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *United States v. Feneziani*, 2007 WL 1613630, at *1 (W.D.N.Y. June 1, 2007) (quoting *Garcia v. Teitler*, 443 F.3d 202, 211 (2d Cir. 2006)). "This standard is highly deferential, imposes a heavy burden on the objecting party, and only permits reversal where the magistrate judge abused his discretion." *United States v. Willson*, 213 F. Supp. 3d 499, 501–02 (W.D.N.Y. 2016) (quoting *Centro De La Comunidad Hispana De Locust Valley v. Town of Oyster Bay*, 954 F.Supp.2d 127, 139 (E.D.N.Y. 2013) (quotations omitted)) and citing *S.E.C. v. Verdiramo*, 890 F.Supp.2d 257, 266 (S.D.N.Y. 2011)). "An order is deemed 'contrary to law if it fails to apply or misapplies relevant statutes, case law or rules of procedure.'" *United States v. Turnquist*, 2022 WL 1913593, at *2 (W.D.N.Y. June 3, 2022) (quoting *United States v. Torres*, 2020 WL 4199075, at *1 (W.D.N.Y. July 22, 2020) (internal quotations and citation omitted)).

"[A] district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not." *Cf. United States v. Gladden*, 394 F. Supp. 3d 465, 480 (S.D.N.Y. 2019) (citation omitted). "Further, courts generally do not consider new evidence raised in objections to a magistrate judge's report and recommendation." *Cf. Lesser v. TD Bank, N.A.*, 463 F. Supp. 3d 438, 445 (S.D.N.Y. 2020) (alteration, quotation marks, and citation omitted).

Finally, a court should "disregard an objection that 'merely restates or rehashes the same arguments that [the] party originally made' if it fails to identify any subsequent errors in the magistrate's analysis." *Cf. Sec. & Exch. Comm'n v. Arias*, 2023 WL 1861641, at *3 (E.D.N.Y. Feb. 9, 2023) (quoting *CDS Bus. Servs., Inc. v. H.M.C., Inc.*, 2021 WL 4458884, at *1 (E.D.N.Y. Sept. 28, 2021)); *United States v. Parlato*, 2017 WL 2952832, at *2 (W.D.N.Y. July 10, 2017) ("Defense counsel's attempt at a wholesale representation of the arguments they made to Magistrate Judge McCarthy by incorporating prior arguments by reference is improper.").

## **ARGUMENT**

### I. **The Magistrate Court Correctly Determined that the Grand Jury was not Misled and Denied the Defendant's Request to Inspect Grand Jury Minutes.**

Below, the defendant requested review of grand jury materials based on his own characterization of the evidence. The defendant's request directly led to the Magistrate Court's review of the grand jury materials. The Magistrate Court, fully aware of the defendant's allegations, conducted its own *in camera* review of the grand jury minutes to determine whether the grand jury was misled by the government. The Magistrate Court correctly determined that "[b]ased on the evidence submitted", that the grand jury "was not misled by the government, and could reasonably have found probable cause to believe that Knight's initial statement to Special Agent Penna that he did not believe that Hinkle was at the July 27 poker game was intentionally false and 'material' to the investigation, notwithstanding the fact that he corrected that statement several minutes later." *Id.* at 4.

The defendant, dissatisfied with the result of the Magistrate Court's *in camera* review, now objects to the Magistrate Court's determination and its denial of the defendant's request for disclosure of the grand jury minutes.  In so objecting, the defendant essentially rehashes his argument that the defendant's statements in "[t[he indictment against FRANK KNIGHT contains two iterations about whether he lied… One iteration is demonstrably false.  The other is equivocal." *Id.*  The Magistrate Court considered this argument and rejected it.  Dkt. 585 at 2 (Magistrate Court noting "[a]lthough [the defendant's] references to the transcript of his August 3, 2023[,] transcript (Donohue Affirmation [455], ¶ 14) persuaded me that further inquiry was warranted, after reviewing the grand jury proceedings I now see things in a different light.").

The Magistrate Court correctly determined that "[b]ased on the evidence submitted", that the grand jury "was not misled by the government, and could reasonably have found probable cause to believe that Knight's initial statement to Special Agent Penna that he did not believe that Hinkle was at the July 27 poker game was intentionally false and 'material' to the investigation, notwithstanding the fact that he corrected that statement several minutes later." *Id.* at 4.  The defendant fails to adequately explain how the Magistrate Court erred in this regard.

In addition, the defendant asserts that "the Magistrate erred in concluding that any iteration of KNIGHT's claimed lie to the FBI could have been material." Dkt. 599 at 6.  The defendant has not pointed to any actual evidence that the grand jury was misled, or that the government committed misconduct before the grand jury.  Instead, this Court is left with the

defendant's speculation and conjecture relating to the defendant's own characterization of the evidence.  That is not enough to justify the release of grand jury materials to the defense.

The Magistrate Court reviewed the grand jury minutes with the defendant's argument in mind and found no evidence to support the defendant's claims.  The defendant's own characterization of the government's evidence is more properly challenged at trial and, if he chooses, he may present competent evidence and appropriate argument to contest the government's case.  The defendant is not entitled to challenge a grand jury proceeding—or the contents of an indictment—because he disagrees with the facts asserted.  *Cf. United States v. Ciambrone*, 601 F.2d 616, 623 (2d Cir. 1979) ("[A]n indictment is not defective because the defendant did not have an opportunity to present his version of the facts before the grand jury.").

While the defendant claims that the failure to "provide the grand jury testimony hampers defendant's ability to give full support for a dispositive motion," the basis of a potential challenge to the sufficiency of the indictment, *see* Dkt. 599 at 6–7, is not a sufficient basis for releasing grand jury materials.  This potential challenge sounds more akin to a summary judgment motion.  Moreover, the defendant does not identify how the indictment could be dismissed based on the government's purported failure to present evidence that he characterizes as substantially exculpatory.  That is because there is none: in *United States v. Williams*, the Supreme Court held that indictments could not be dismissed due to the government's failure to present this very kind of evidence to a grand jury.  504 U.S. 36, 47, 52-55 (1992).

8

The defendant further argues that the government has failed "to demonstrate why, on balance, the secrecy applicable to grand jury proceedings outweigh[ed] KNIGHT's interest in reviewing the subject material before the grand jury." Dkt. 599 at 6. The defendant is mistaken. The burden is on the defendant, not the government. A defendant may seek disclosure of grand jury materials, but the burden is on him "to show a 'particularized need' that outweighs the need for secrecy." *United States v. Moten*, 582 F.2d 654, 662 (2d Cir. 1978) (citations omitted). This burden is "heavy," *United States v. Schlegel*, 687 F. App'x 26, 30 (2d Cir. 2017) (summary order), because "the proper functioning of our grand jury system depends upon the secrecy of grand jury proceedings," *Douglas Oil Co. of California v. Petrol Stops Nw.*, 441 U.S. 211, 218 (1979).

To satisfy this burden, then, the defendant "must present particularized proof of an improper purpose," *United States v. Calk*, 87 F.4th 164, 186 (2d Cir. 2023) (in relation to issuing of grand jury subpoenas). "Indeed, a 'review of grand jury minutes should not be permitted without concrete allegations of Government misconduct.'" *Schlegel*, 687 F. App'x at 30 (quoting *United States v. Leung*, 40 F.3d 577, 582 (2d Cir. 1994)). In other words, "[t]o invoke disclosure under this Rule, 'a defendant must demonstrate some grossly prejudicial irregularity or some other particularized need or compelling necessity.'" *United States v. Rodrigues*, 2024 WL 113744, at *5 (S.D.N.Y. Jan. 10, 2024) (citing *United States v. Gibson,* 175 F. Supp. 2d 532, 534 (S.D.N.Y. 2001)).

The Magistrate Court correctly determined that the defendant failed to meet his burden to inspect the grand jury minutes on his own.  Even so, over the government's objection, the Magistrate Court did conduct an *in camera* at the request of the defendant based on the defendant's allegations.  The defendant merely does not like the result and clings to the same speculation that the jury must have been misled.  *Cf. Williams*, 504 U.S. at 54 (noting that a "complaint about the quality or adequacy of the evidence can always be recast as a complaint that the prosecutor's presentation was 'incomplete' or 'misleading.'").

## CONCLUSION

Based upon the foregoing, the government respectfully requests that the Court deny the defendant's objections in their entirety.

DATED:  Buffalo, New York, September 25, 2025.

MICHAEL DIGIACOMO
United States Attorney

BY:    s/JOSHUA A. VIOLANTI
s/JOSEPH M. TRIPI
s/NICHOLAS T. COOPER
s/CASEY L. CHALBECK
Assistant United States Attorneys
United States Attorney's Office
Western District of New York
138 Delaware Avenue
Buffalo, New York 14202