UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF NEW YORK


- - - - - - - - - - - - - - - X
UNITED STATES OF AMERICA      )      23CR99
                              )
vs.
                                     Rochester, New York
SIMON GOGOLACK, PETER
GERACE, JR.,JOHN THOMAS ERMIN,
MICHAEL RONCONE, FRANK KNIGHT,
HOWARD HINKLE, JR.,           )   October 30, 2025
                Defendant.        2:00 p.m.
- - - - - - - - - - - - - - - X
**STATUS CONFERENCE**


TRANSCRIPT OF PROCEEDINGS
BEFORE THE HONORABLE ELIZABETH A. WOLFORD
UNITED STATES DISTRICT JUDGE

**FOR PLAINTIFF:**   **NICHOLAS COOPER, ESQ.**
                 **CASEY L. CHALBECK, ESQ.**
                 **JOSEPH M. TRIPI, ESQ.**
                 **JOSHUA VIOLANTI, ESQ.**
                 Assistant United States Attorneys
                 138 Delaware Avenue
                 Buffalo, New York 14202


**FOR DEFENDANT:**   **PETER MATTHEW KOOSHOIAN, ESQ.**
                 80 W. HURON STREET
                 Buffalo, New York 14202
                 (**For Defendant S. Gogolack**)

                 **MARK A. FOTI, ESQ.**
                 16 W. Main Street, Suite 100
                 Rochester, New York 14614
                      -and-
                 **CHERYL MEYERS BUTH, ESQ.**
                 21 Princeton Place
                 Orchard Park, NY 14127
                 (**For Defendant P. Gerace, Jr.**)


**COURT REPORTER: Karen J. Clark, Official Court Reporter**
                 **Karenclark1013@AOL.com**

USA V. S. GOGOLACK, ET AL

**FOR DEFENDANT:  GEORGE V.C. MUSCATO, ESQ.**
Muscato, DiMillo & Vona, LLP
107 East Avenue
Lockport, New York 14094
-and-
**DONALD M. THOMPSON, ESQ.**
16 West Main Street, Suite 243
Rochester, New York 14614
(**For Defendant J. Ermin**)

**PAUL G. DELL, ESQ.**
Law Office of Paul G. Dell
70 Niagara Street
Buffalo, New York 14202
(**For M. Roncone**)

**BARRY J. DONOHUE, ESQ.**
77 Broad Street
Tonawanda, New York 14150
(**For F. Knight**)

**FRANK M. BOGULSKI, ESQ.**
135 Delaware Avenue, Suite 2
Buffalo, New York 14202
-and-
**DANIEL J. HENRY, JR., ESQ.**
Villarini & Henry, LLP
16 Main Street
Hamburg, New York 14075
(**For H. Hinkle, Jr.**)

P R O C E E D I N G
        *              *              *

THE CLERK:  On the record, United States versus Simon Gogolack and others, 23CV99.

THE COURT:  All right.  Good afternoon,

USA V. S. GOGOLACK, ET AL

everyone.  Although this is not on, Sandra.

THE CLERK:  We're on the record in the matter the United States versus Gogolack, 23CR99.  We're here for a status conference.

THE COURT:  All right.  Good afternoon, everyone.  Now that we have our audio working, let's go through appearances.

On behalf of the government.

MR. COOPER:  Good afternoon, your Honor.  Nicholas Cooper, Casey Chalbeck, Joseph Tripi and Joshua Violanti on behalf of the United States.

THE COURT:  Good afternoon.  And on behalf of Mr. Gerace?

MR. FOTI:  Good afternoon, Judge.  Mark Foti and Cheryl Meyers Buth.  Mr. Gerace has a flu and we ask to waive his appearance.  He is not in the courtroom.

THE COURT:  Okay.  Mr. Gerace's appearance is waived.

On behalf of Mr. Ermin?

MR. MUSCATO:  Don Thompson -- good afternoon, your Honor.  George Muscato on behalf of Mr. Ermin.  And our client is with us.

THE COURT:  All right.  Mr. Ermin's presence is noted.

USA V. S. GOGOLACK, ET AL

On behalf of Mr. Roncone?

MR. DELL:  Paul Dell for Mr. Roncone.  And I'm asking to waive his presence, he is at work today.

THE COURT:  All right.  Mr. Roncone's presence is waived.

On behalf of Mr. White?

MR. DONOHUE:  Good afternoon, your Honor. Barry Donohue.  And Matt Lembke will not be coming.  And I ask to waive Mr. Knight's appearance.

THE COURT:  Okay.  Mr. Knight's appearance is waived.

On behalf of Mr. Hinkle.

MR. HENRY:  Good afternoon, Judge.  Dan Henry and Frank Bogulski are here as well as our client is present, also.

THE COURT:  Mr. Hinkle's presence is noted.

And, finally, on behalf of Mr. Gogolack.

MR. KOOSHOIAN:  Good afternoon, your Honor. Peter Kooshoian on behalf of Mr. Gogolack.  And I don't believe Mr. Texido will be making it.  And I ask to waive Mr. Gogolack's appearance.

THE COURT:  Mr. Gogolack's appearance is waived.

So let's first talk about the Crystal Quinn

USA V. S. GOGOLACK, ET AL

probation file.  I issued a decision the other day where I indicat that I would be introducing certain material that is potentially exculpatory or otherwise relevant and that was not readily accessible from that file. Just so you're clear, I would say the most significant portion of the file that I'm not producing because it doesn't fall within the scope of not readily available is the criminal history information that is contained in the probation file.  Counsel should be able to obtain that from other sources.

So the means of production, I had asked counsel by e-mail to propose a means of production, and what Ms. Chalbeck indicated in her e-mail yesterday sounds fine to me and it seems as though defense attorneys have agreed to that, that the government would be actually physically producing the material.

MS. CHALBECK:  That's correct, your Honor.

THE COURT:  So the issue then is the protective order, because at least initially I'm requiring that the material be only accessible and viewable by counsel of record.  I do anticipate that those standards could be relaxed with respect to certain material, but first look at the material and then you have to come back to the court and ask for further

USA V. S. GOGOLACK, ET AL

disclosure of information.

So Ms. Chalbeck had circulated a proposed protective order that you all had agreed to, but I didn't agree to it and I've proposed something else that I circulated this morning because I'd rather keep -- I don't see any reason to put this in with the protective order for all of the other information that is being produced by the government.  To me it makes more sense to have this separate.  So I circulated another proposal.  Did the government have a chance to look at that?

MS. CHALBECK:  We did, your Honor, we agree with it.  There is one thing I do want to note, though, when we upload files onto our system like either our discovery platform but as well as our regular office hard drive, sometimes other members of the office like paralegals or legal assistants can have access to that file.  I would need to direct our IT department to close off access to non attorneys, but that person in the IT department may then have to access to the file.  I just note that for your Honor as, I guess, awareness because the IT department would have access to the file even though it's attorneys' eyes only, and we would -- we would not anticipate anyone from IT ever going into that

USA V. S. GOGOLACK, ET AL

file, that is not consistent with their practice, but I note it for your Honor's, I guess, awareness. And I would ask that there be an exception made so that our, you know --

THE COURT: Look it, I wasn't intending for your IT people -- the defense attorneys are going to have the same issue. I'm not suggesting, for instance, that Mr. Henry can't go back to his office once he gets the material and have a secretary copy the material if he wants to then share it with Mr. Bogulski. I'm not suggesting that. But I think as long as this protective order says it's "attorney eye's only," if an attorney uses or has a clerical person or IT person access the material for purpose of doing their job, not to digest the material, it's your responsibility to make sure that the material doesn't get disseminated.

MS. CHALBECK: Sounds good, Judge. We just wanted to put it on the radar and have the conversation.

THE COURT: Sure. From defense counsel's perspective, any issue with my proposed protective order?

MS. MEYERS BUTH: Judge, we agree with it. We have reviewed it, we're fine with it and no issue on behalf of Mr. Gerace.

USA V. S. GOGOLACK, ET AL

MR. THOMPSON:  No issue on behalf of Mr. Ermin, Judge.

MR. HENRY:  No issue on behalf of Mr. Hinkle.

MR. DELL:  No issue on behalf of Mr. Roncone.

MR. DONOHUE:  Same with Mr. Knight.

MR. KOOSHOIAN:  We're okay with it on behalf of Mr. Gogolack.

THE COURT:  Okay.  So hopefully I'll get this entered today.  So tomorrow my Chambers will communicate with Ms. Chalbeck or Mr. Cooper about transmitting the items to you electronically.  And then you can produce the material to defense counsel as well.

MS. CHALBECK:  Thank you, Judge.

THE COURT:  Could you provide the Court as well with a Bates stamp version of the material once it's ready for production?

MS. CHALBECK:  Absolutely.

THE COURT:  Okay.  Thank you.

So why don't we turn to -- I've got some other issues I want to talk about.  I want to hear anything that all of you want to talk about.  But let's talk about the most significant, which is these

USA V. S. GOGOLACK, ET AL

decisions that have been issued by Judge McCarthy that are under seal.

So to recap, on July 31 of this year, I denied the government's appeal of Judge McCarthy's determinations to inspect the grand jury material in camera based upon defense arguments related to overt act paragraph 25. I appreciate that the defense, at the time, was also arguing that the grand jury inspection was relevant for purposes of the alleged prosecutorial steering argument, but the basis for my determination was this overt act paragraph 25 allegations. That same day, the government then sought clarification from Judge McCarthy as to what material should be produced and then Judge McCarthy issued a decision on August 8th where he required production of all of the grand jury material. And what he said was, "In order to determine whether any impropriety may have occurred relative to paragraph 25, I would move to review in camera the entire grand jury proceedings, including any statements made to the grand jurors by the government attorneys."

After Judge McCarthy issued that decision, that order, he has issued three subsequent orders related to this issue. One was an Order to Show Cause that was filed at 605 on the docket. Most of that Order

USA V. S. GOGOLACK, ET AL

to Show Cause was redacted from public viewing as well as defense counsel's viewing.  It was dated September 15, 2025.  But what was not redacted was his direction that the government show cause why redacted portions of the Order to Show Cause together with specific grand jury materials should not be made public.

Then after that, Judge McCarthy issued a Decision and Order at docket 643 that is completely sealed.  Defense counsel have no idea, I'm assuming, what is in that Decision and Order.  Judge McCarthy provided a copy to the government.  And this is dated October 16, 2025.  And then at docket 647, Judge McCarthy issued another Decision and Order on October 22, 2025, that again is completely sealed, not accessible to the public or defense counsel, and was -- a copy was provided to the government.  All of these sealed filings relate to grand jury material and none of them relate to overt act 25.  So Judge McCarthy has not offered any opinion on the argument that was made by defense counsel about overt act 25.  Instead, he has identified a different issue that he believes justifies production of the grand jury material and he has not addressed and not answered the question that I affirmed his decision on, which was to produce certain material

USA V. S. GOGOLACK, ET AL

for purposes of reviewing it for purposes of paragraph 25.

I appreciate that Mr. Foti has filed and Ms. Meyers Buth have filed a motion to unseal this material. There are, I think, apparently, at least in my view, issues with how you got here, especially given what these decisions address and that they address an issue that was never raised, but my personal perspective on this, and I'm happy to have briefing on it, but I don't see how we can address these issues without allowing defense counsel access to at least Judge McCarthy's decisions in large part.

Now, I have gone through the decisions. I think there are a couple parts of them that could be redacted without interfering with defense counsel's ability to understand the substance of the decisions, but I don't see how we litigate these issues without defendants knowing what Judge McCarthy determined. And I, frankly, think it would be significantly problematic if I said otherwise. And, in fact, there may be an argument that if I were to deny defense counsel access to those decisions, that that could be immediately appealable under the Collateral Order Doctrine to the Second Circuit.

USA V. S. GOGOLACK, ET AL

But I want -- I have the decisions.  I have all three of Judge McCarthy's decisions.  What I've done is -- I also think there is an argument, these are judicial documents, and so the public has a right to the documents except to the extent they are quoting, I think, from grand jury material.  So my proposal, I want to address it today, but if we can't, we can't, my proposal is that redacted versions of these three documents get filed on the public docket and then, pretty much, unredacted versions get disclosed to defense counsel, but there is one part that I think we can redact without interfering with their ability to understand the substance of the decision.  Granted that means that grand jury material will be disclosed before there has been litigation over whether or not it should be disclosed.  But I don't see a way around it.  But I am open to, but I'll hear from the government first. Make sure your microphone is on.

MS. CHALBECK:  Judge, we would ask for 14 days, if your Honor would indulge that request, to file a Memorandum of Law on this issue whether and to what extent grand jury material can be litigated on an ex parte basis.

THE COURT:  I'm sure it can be.  But there

USA V. S. GOGOLACK, ET AL

is a bigger issue here than just whether or not grand jury material can be litigated on an ex parte basis.  I don't think that I can -- and I can't envision a scenario where I'm agreeing to a situation where I'm just litigating with the government or just hearing from the government about the underlying substantive issues that Judge McCarthy addresses in his decisions.  In part because one could argue that I've never had the opportunity to opine on whether or not it was appropriate for Judge McCarthy to order the entirety of the grand jury record to be produced to him in camera, because that is certainly not what I was envisioning when I denied the government's appeal.  But on the other hand, the government never appealed that subsequent decision that Judge McCarthy issued.  You produced the grand jury material to him and so now we're in a situation where he has issued these three decisions and I just -- I don't see a scenario where we go forward without defense counsel knowing what he concluded.

MS. CHALBECK:  I understand the Court's position.  If 14 days is too much, then I ask for 10 or 7.  And we need to do our due diligence to see if other courts have encountered comparable issues.

THE COURT:  I guarantee you they have not.

USA V. S. GOGOLACK, ET AL

I do not think -- trust me, I've done a ton of research on this.  This is quite unusual.

MS. CHALBECK:  Judge, I would agree that there are certainly elements of this that are unusual, but I would just ask for 7 to 10 days if 14 is too much.

THE COURT:  Here is what I'm going to do. I'm going to hand down to just government counsel at this point the three decisions.  And in there -- and I'll hand them out first and then I will explain to you what I've done.

So if you look at docket 605, which is the Order to Show Cause, you'll see there is orange highlighting, like I actually look a highlighter and highlighted it, that is the information that I'm proposing would be redacted from the public docket.  And then you'll also see that there is some orange lettering like on page 3, first full paragraph.

MR. COOPER:  Yes, Judge.

THE COURT:  That is what I'm proposing would be redacted from what's produced to defense counsel.

MS. CHALBECK:  And that includes the orange lettering in footnote 3?

THE COURT:  Yes.  So any orange lettering in these three decisions, I think, I don't think there is

USA V. S. GOGOLACK, ET AL

any orange lettering in the last decision and I think there may be -- I don't think -- I think it's really just the Order to Show Cause, but any orange lettering is what would be redacted from what is produced to defense counsel.  Any orange highlighting is what would be redacted from the public decision that is filed.  And I'll be very up front, the government would have to find me a case from a circuit court preferably the Second Circuit that says we could go forward with this case and that I could not produce these to defense counsel and that wouldn't be problematic and an error.  I think it would be clearly an error.  I'm open to you -- it's a waste of your time to file a Memorandum of Law with me telling me that grand jury material can be litigated ex parte.

MS. CHALBECK:  I agree, Judge, on the general principle.  This would be honed in to, you know, the specific facts or analogous facts that we have here. If I don't find anything, then I'll file an advisory noting that we would withdraw our request to file a memorandum.

THE COURT:  Because, really, at this point, I get it, that -- I'm not, let me back up.  I'm not proposing at this point that the grand jury material

USA V. S. GOGOLACK, ET AL

itself be produced.  I'm also not proposing that I resolve Mr. Foti's issue where he is asking for the government filings in front of Judge McCarthy because, at this point, I think it's kind of irrelevant.  But I do think that the defendants need to see these decisions from Judge McCarthy.  And then we need to litigate the substance of that -- the issues that he is raising.  And I don't see how we litigate the substance of the issues that he is raising without providing the decisions to defense counsel.

MR. COOPER:  Can we have one second to talk amongst ourselves?

Thanks for giving us a second, your Honor. If we could have the seven days to discuss also to have an opportunity to kind of take in the proposed redactions from the Court.  And then if we think there is anything additional at least make a suggestions to your Honor about that.

THE COURT:  Sure.  That is fine.  But there is no question that I'm posing that defense counsel would get access to grand jury material to the extent it's quoted in Judge McCarthy's decision.  But if you remove that, it removes the meaning of his -- the substance of his decisions.

USA V. S. GOGOLACK, ET AL

MR. COOPER:  I understand where you're coming from, Judge, and I haven't had an opportunity and see all of the redactions yet, so if we could have some time outside of court to look at it, we would appreciate it.

THE COURT:  All right.  And I know, Mr. Foti and Ms. Meyers Buth, you filed this motion and we'll address it, but I'm essentially, you know, my perspective on this is we need to get to the heart of what Judge McCarthy came to a conclusion on and litigate that issue as opposed to spending a lot of time litigating other issues that I don't think advance the ball.

So I will set a deadline then of November 6th for the government to either file something that you think would influence me to not provide these decisions to Judge McCarthy in the way -- or provide the decisions to defense counsel and publically the way I'm proposing or come up with other proposed redactions or responses to my proposed redactions.

MR. COOPER:  Understood, your Honor.  And if neither of those apply, we'll communicate to the Court and defense counsel that we don't have anything to add; one of those three.

USA V. S. GOGOLACK, ET AL

THE COURT:  Okay.  I think we need to schedule another appearance after that, and I don't want to wait that long.  So I'm going to be here again on November 13th.

MR. COOPER:  That works for the government.  Thank you.

THE COURT:  Okay.  Any problem from defense counsel of that day?

MR. THOMPSON:  Judge, I'm out of town, but I think Mr. Muscato can cover for me.

MR. MUSCATO:  Your Honor, what time would we talking about?

THE COURT:  I didn't propose a time.

MR. MUSCATO:  I would prefer the morning if possible.

MR. HENRY:  Judge, I have a conflict, but Mr. Bogulski can be here.

THE COURT:  Mr. Dell?

MR. DELL:  I'm scheduled to begin a trial, but I can find somebody to cover for me on the issue.

THE COURT:  Okay.  Even one of the other defense counsel, maybe.

Mr. Foti, Ms. Meyers Buth?

MR. FOTI:  Works for both of us.

USA V. S. GOGOLACK, ET AL

THE COURT:  Mr. Donohue?

MR. DONOHUE:  Yes, I'm available.

THE COURT:  Mr. Kooshoian?

MR. KOOSHOIAN:  I'm available, your Honor.

THE COURT:  Why don't we say 11 a.m. on the 13th.  Does that work, Mr. Muscato?

MR. MUSCATO:  Yes.  Thank you, your Honor.

THE COURT:  Okay.  So I would like to defer, I guess, at this point, in setting any further briefing on Mr. Foti's and Ms. Meyers Buth's motion to unseal because I do think if this is, you know, depending on the government's response, we may at least eliminate a lot of those issues.

MR. COOPER:  That makes sense, your Honor.

THE COURT:  Okay.  Anything else on, I guess, this issue from the government's perspective right now?

MR. COOPER:  Nothing.  Thank you, your Honor.

MR. TRIPI:  Actually, my question would be the way you started was Judge McCarthy didn't address the motion at overt act 25, I think it was.

THE COURT:  Right.

MR. TRIPI:  So --

USA V. S. GOGOLACK, ET AL

THE COURT:  I reversed the referral order and I now have all of the grand jury material.

MR. TRIPI:  Will you be deciding that issue?

THE COURT:  I don't know, because, I mean, I never would have done this.  So, I guess, I think that is something that we have to discuss.  I never -- if this issue had been brought to my attention, I never would have ordered the grand jury material produced and certainly not the entire grand jury transcript.  But now I denied the government's appeal of Judge McCarthy's decision to address that in camera.  And then he ordered everything produced and now I have everything and I've reversed the referral order.  So I think that is something we have to litigate and address.

I want to hear from everybody, but Judge McCarthy didn't reach a determination on that at all.  It's not addressed at all in these decisions.

You look like you want to say something.

MS. CHALBECK:  Yes, Judge.  I think if this is going to be subject to the adversarial process, and it sounds like that is where your Honor is leaning, the government's position would be then if the parties want to raise that issue again, they can raise it, but otherwise we would ask the Court not to sua sponte

USA V. S. GOGOLACK, ET AL

decide something that isn't briefed in a motion.

THE COURT:  I can assure you I've got a lot of other things to do other than go through all of the grand jury material.  I mean, I think there is an argument that what Judge McCarthy said he would do is do an in camera inspection.  He has done that and he has issued three decisions reaching entirely different issues than were raised by defense counsel.  So the question becomes, what do we do with this outstanding issue.  So I don't think we need to resolve that today. I'm certainly -- that is not on the top of my list of priorities of things to address.  If defendants had raised this issue, as I said, in front of me, I would have denied the request to inspect the minutes.  I definitely don't think that -- de novo, there is no way I would have done that.  Under a clearly erroneous standard of review saying that Judge McCarthy could review those in camera, I still thought it was a close call, but I decided I wasn't going to say he couldn't do that.  And then after that, he decided he wanted the whole record.  And so now I have the whole record, but I'm not planning to do anything with it until we litigate it further.  And I'm not suggesting that defense counsel can't continue to raise these issues,

USA V. S. GOGOLACK, ET AL

but I think we've got to address the issues raised by Judge McCarthy first.

MR. COOPER:  May I ask one more procedural question?

THE COURT:  Sure.

MR. COOPER:  The initial Decision and Order that Judge McCarthy issued with respect to Mr. Knight's request for disclosure of grand jury material, which was resolved and pending before your Honor on appeal, and Judge McCarthy without a controversy pending before him issued a Decision and Order, the government's discussed it after it came out and it's our position that that is, essentially, an advisory opinion because the matter -- he didn't have jurisdiction over that matter anymore, it was pending before your Honor.

THE COURT:  He thought he had jurisdiction.

MR. COOPER:  I understand that he thought that because he issued a decision.  It's the government's position that because that matter had been appealed, the jurisdiction was with your Honor and the district court, so I think maybe that is not falling into the same bucket under at least under that procedural view.

THE COURT:  But there is case law saying,

USA V. S. GOGOLACK, ET AL

number one, at least in the civil realm, that a court can sua sponte reconsider its prior decisions, and, obviously, in the criminal realm, there is no procedural mechanism for Motion to Reconsider, it's really borrow from the civil rules.  And a court, even I've done it before, when there are appeals pending before the Second Circuit, I've addressed Motions for Reconsideration that are pending before me because I don't lose jurisdiction over that, so I think it's something we have to litigate.  I think in fairness to defense counsel, I'm going to disclose that Judge McCarthy has reversed himself on the determination that he made with respect to inspection of the Frank Knight grand jury minutes. That is the final Decision and Order, docket 647.  I was about to file a decision denying the defendant's appeal when docket 647 was entered on the docket, which means now that we've got to litigate, I think, that issue before I can address the pending appeal.  I don't know, as a practical matter, that it makes a difference.  In other words, even if you're right, even if Judge McCarthy lacked jurisdiction to issue docket 647, if he is right about what he concludes in docket 643, I don't know if it matters that he is saying that Frank Knight gets these minutes or doesn't get these minutes.

USA V. S. GOGOLACK, ET AL

MR. COOPER:  I understand what you're saying, Judge.

THE COURT:  You know.  So, any other questions from the government?

MR. COOPER:  No, thank you.

THE COURT:  I'm sure the defendants -- defense counsel probably have a lot of questions.

MR. FOTI:  We're going to hold off.

THE COURT:  You know more than you did before this court appearance.

MR. THOMPSON:  We just don't know what the questions are yet.

MR. FOTI:  We are going to hold our questions at this point.

THE COURT:  Trust me.  You'll have plenty of opportunity to litigate this.  I'm trying to get us to a point where we can litigate it.  Okay?

But what this means, and I just want to make sure we're all on the same page, at least as far as this is concerned, what this means is because of these sealed decisions, at this point, I do not have enough information and cannot decide Mr. Gerace's Motions to Dismiss, Mr. Knight's appeal of Judge McCarthy's grand jury determination, Mr. Gogolack's Motion to Release the

USA V. S. GOGOLACK, ET AL

Grand Jury Minutes that was filed by the Federal Public Defender's Office at docket 404, and the motion that was filed by Mr. Gerace, also on behalf of Mr. Hinkle and Mr. Ermin, at docket 410 for disclosure of the grand jury minutes.

As far as I'm concerned, though, the motions that I can resolve and intend to resolve without any further delay is Mr. Roncone's Motion to Dismiss the unlawful user of a controlled substance in possession of a firearm count on the basis that Mr. Roncone raised, Mr. Ermin's similar motion, the claim that those counts are unconstitutional, and then Mr. Roncone's Motion to Suppress the search warrants, Mr. Hinkle's Motion to Suppress Search Warrants, Mr. Ermin's Motion to Suppress Search Warrants, those can all be resolved.  Obviously Mr. Roncone's Motion to Suppress Statements is still being briefed once the transcript was just produced. Anybody disagree with that based on at least the information we have right now?

MR. COOPER:  No.  No.  Thank you, your Honor.

MR. FOTI:  No, Judge.

MR. MUSCATO:  We're all set.

MR. THOMPSON:  I don't disagree, but I

USA V. S. GOGOLACK, ET AL

interject a question, I guess, as to whether the Court might want to wait the Supreme Court's decision in *Hemani* in which they just grant the cert on the 922(g) issue. You can decide it now, but they may have something to say about it.

THE COURT: I'm sure they are going to have something to say.

MR. THOMPSON: They'll have something to say. Hopefully you'll pre-stage exactly what they say.

THE COURT: I guess I'll consider that, but on the other hand, it's probably not going to be resolved for sometime, right?

MR. THOMPSON: I don't know what the schedule is. Cert was just granted on the 20th.

THE COURT: I'll take a look at it and thank you for bringing that to my attention. How do you spell?

MR. THOMPSON: It's H-e-m-a-a-n-i.

THE COURT: H-e-m-a-n-i?

MR. THOMPSON: Correct.

THE COURT: Okay.

MR. FOTI: Judge, I have a procedural question. I don't know if there is an answer to this, but the government indicated that on the 6th they'll

USA V. S. GOGOLACK, ET AL

provide some form or by the 6th, they'll provide some form of submission to the Court, which may involve some degree of advocacy to continue the process of appealing these decisions ex parte, or, alternatively, they indicated that based on the Court's comments today, they may conclude that they will engage in the adversarial process for the purpose of resolving these issues.  If they ultimately determine that we're going to proceed with the adversarial process and that they are not going to continue their opposition to the disclosure of these orders, I guess my question is, should we anticipate that the Decision and Orders will be released to us in advance of the 13th and we should expect that that will be a status conference where we'll have --

THE COURT:  Yes.

MR. FOTI:  Yes.

THE COURT:  So, in other words, I would like to release them as I'm proposing today.  I'm not going to do that.  I'm going to give the government an opportunity to be heard on that.  I'll hear from them on Thursday next week.  If they agree with me or have some tinkering about my redactions, then, you know, I'll consider that, but there will be a release so that on November 13, we can address the substance of the

USA V. S. GOGOLACK, ET AL

decisions and how to handle subsequent litigation on it.

MR. FOTI:  Thank you.  That's all.

THE COURT:  Any other questions from anybody at this point?

All right.  We have the Frank Knight motion was filed, government's response is due November 21.  We already got a briefing schedule on that.  Mr. Gogolack has a deadline of December 1, Mr. Kooshoian, for filing motions.  You ion track with that?

MR. KOOSHOIAN:  I believe so, Judge.

THE COURT:  Yes is the right answer.

MR. KOOSHOIAN:  So far so good.

THE COURT:  Well, I'll take that as a yes.

What about the discovery of coordinating attorneys, is that working out?

MR. COOPER:  Your Honor, I spoke with Mr. Muscato and Mr. Thompson before your Honor took the bench about that.  After my conversation with them, I checked through e-mails because neither of us have heard directly on where that stood.  The most recent e-mail that I have from October 10, 2025 where IT member from my office e-mailed Attorney Vasquez, the coordinating discovery attorney, and indicated that a hard drive containing all of the discoverable material was on the

USA V. S. GOGOLACK, ET AL

way to her and with the password.  And she responded that same day and suggested that she would e-mail us back the drive once she copied it.  I have no e-mail saying, "I never got this."  I assume it's with her, but that the most recent update with her.

THE COURT:  Mr. Thompson?

MR. THOMPSON:  We don't have anything further.

THE COURT:  Have you had communications with her?

MR. THOMPSON:  I've not had communications with her.  It's been between just the IT people.  And she hasn't said, "I have got stuff and I'm ready to start talking to you about it."

THE COURT:  I know you're not here November 13th, can you or somebody else make an inquiry from the defense side before the 13th.

MR. THOMPSON:  I'll speak to her.

THE COURT:  And then have somebody report back on the 13th as to whether there is any issues.

MR. THOMPSON:  Yes.  And maybe I can probably appear remotely, too.

THE COURT:  That's fine.

MR. THOMPSON:  I'll be prepared to do that.

USA V. S. GOGOLACK, ET AL

THE COURT:  Okay.  We can arrange for that. By telephone you mean, probably?

MR. THOMPSON:  Yes.

THE COURT:  That's fine.  What about the relief from the protective order before Judge Vilardo, where does that stand?

MR. TRIPI:  Everything has been filed and waiting on either Judge Vilardo, I think his text order said, if necessary, he'll schedule argument.  I have nothing further to report on that, though.

THE COURT:  Okay.  All right.  I think that is all I had on my list for today.

I'll turn to the government first.  Anything else?

MR. COOPER:  The only other thing I had on my punch list was the coordinating discovery attorney update, which your Honor hit, so we're good.

THE COURT:  Anything Mr. Foti or Ms. Meyers Buth?

MR. FOTI:  No, your Honor.

THE COURT:  Anything Mr. Thompson or Mr. Muscato?

MR. MUSCATO:  I don't think so, your Honor. Thank you.

USA V. S. GOGOLACK, ET AL

THE COURT:  Mr. Dell?

MR. DELL:  No, your Honor.

THE COURT:  Mr. Donohue?

MR. DONOHUE:  No, your Honor.

THE COURT:  Mr. Bogulski or Mr. Henry?

MR. HENRY:  No, your Honor.

THE COURT:  And Mr. Kooshoian?

MR. KOOSHOIAN:  No, your Honor.

THE COURT:  Okay.  I will see everybody on the 13th.  Have a good day.  Thank you.

                    *     *     *

                CERTIFICATE OF REPORTER


   I certify that the foregoing is a correct transcript of the record of proceedings in the above-entitled matter.


S/ Karen J. Clark,  RPR

Official Court Reporter