UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

                              **ORDER TO SHOW CAUSE**

v.                                     Case No. 1:23-cr-99-EAW-JJM

SIMON GOGOLACK, *et al.*

                 Defendants.

---

Familiarity with the relevant procedural history is presumed. My August 8, 2025 Order directed the government to produce for my *in camera* review "the entire grand jury proceedings, including any statements made to the grand jurors by the government attorneys". [544][1] at 3-4. The government has done so. Having completed my review of those materials, for the following reasons I order the government to show cause on or before September 22, 2025 why an unredacted version of this Order to Show Cause, together with the grand jury materials discussed herein, should not be provided to defendants and publicly disclosed.[2]

**DISCUSSION**

The Fifth Amendment guarantees that "[n]o person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury".

---

[1]     Bracketed references are to CM/ECF docket entries, and page references are to CM-ECF pagination.

[2]     This issue is nondispositive. Gillispie v. Miami Township, 2019 WL 2603571, *1 (S.D. Ohio 2019), aff'd, 2025 WL 1276900 (6th Cir. 2025); United States v. Sou, 2011 WL 1463798, *3 (D. Haw. 2011).

That "guarantee presupposes an investigative body acting independently of [the] prosecuting attorney". United States v. Dionisio, 410 U.S. 1, 16-17 (1973). "The right to have the grand jury make the charge *on its own judgment* is a substantial right which cannot be taken away." Stirone v. United States, 361 U.S. 212, 218-19 (1960) (emphasis added).

In order to make a charge on its own judgment, the grand jury must be "informed", since it "cannot effectively operate in a vacuum". Wood v. Georgia, 370 U.S. 375, 390 (1962). Therefore, "[a]s a practical matter . . . it must lean heavily upon the United States Attorney as its investigator and legal advisor to present to it such evidence as it needs for its performance of its function and to furnish it with controlling legal principles". United States v. Ciambrone, 601 F.2d 616, 622 (2d Cir. 1979).

The government states that it "does not, as a matter of course, instruct the jury on the law", because it "is not required" to do so. Government's Appeal [443] at 18, citing United States v. Smith, 105 F. Supp. 3d 255, 260 (W.D.N.Y. 2015) (Wolford, J.). However, Smith recognizes that "error may arise if the Government endeavors to instruct but does so incompletely". Smith, 105 F. Supp. 3d at 261. That is what occurred here.

When the grand jury was initially impaneled, an attorney for the government introduced himself to them as their "legal advisor" to advise them on "███████████ ███████████████████████████████████████". August 2, 2023 Grand Jury Transcript at 3. ███████████████████████████████████████████████ ███████████████████████████████████████. Id. at 17-18. █████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████ ███████████████████████████████████████████████████". Id. at 16

(emphasis added). He also cautioned them that ███████████████████████████
████████████████████████████████████████████████████████████████". Id. at 27
(emphasis added).

████████████████████ on Friday, January 5, 2024, a different attorney for the government presented the Second Superseding Indictment [24] to the grand jurors for their consideration. However, he did not provide them with "█████████████████████████
█████████", to enable them "███████████████████████". Instead, █████████████████.
January 5, 2024 Grand Jury Transcript at 2-50.[3]

"[T]he Fifth Amendment . . . requires that the grand jury have considered and found all elements [of the alleged crime] to be present" in determining probable cause. United States v. Kingrea, 573 F.3d 186, 193 (4th Cir. 2009). While the Second Superseding Indictment contains numerous references to various federal statutes, it does not explicitly quote their text, so as to tell the grand jury that "this is what the statute says". "A statutory citation does not ensure that the grand jury has considered . . . all essential elements of the offense charged", United States v. Daniels, 973 F.2d 272, 274 (4th Cir. 1992), or that they "were advised as to the terms of a statutory section that is referred to only by a naked number". United States v. Gonzalez, 686 F.3d 122, 132 (2d Cir. 2012).

---

[3] According to the FTR log notes, the Second Superseding Indictment was returned before me at ████████ on January 5, 2025. Since the government had predicted at ████ that ████████████
████████████" (January 5, 2024 Grand Jury Transcript at 2), it is reasonable to assume that the ████
████████████████████████████████-████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████.

"As a legal advisor to the grand jury, the prosecutor must give the grand jury sufficient information concerning the relevant law to enable it intelligently to decide whether a crime has been committed." United States v. Twersky, 1994 WL 319367, *4 (S.D.N.Y. 1994). Therefore, even if it does not provide the grand jury with detailed legal instructions, the government should at a minimum read to them the statutes upon which the charges are based. *See* Smith, 105 F. Supp. 3d at 262-63 ("a prosecutor's reading the relevant statute would be sufficient"); United States v. Lopez-Lopez, 282 F.3d 1, 9 (1st Cir. 2002) (cited by Smith) ("[c]ourts generally have found that the prosecutor satisfactorily explains the offense to be charged by simply reading the statute to the grand jury"); United States v. Klein, 2017 WL 1316999, *14 (E.D.N.Y. 2017) ("the prosecution is not required to instruct the grand jury on the legal theory under which an indictment is sought, beyond simply reading or providing the relevant statute"); United States v. McDarrah, 2006 WL 1997638, *9 (S.D.N.Y. 2006), aff'd, 351 F. App'x 558 (2d Cir. 2009) (same). ▮

"It is well settled that the defendant has a right to a full statement of the law" in order "to bring into view the relations of the particular evidence adduced to the particular issues involved". Bird v. U. S. 180 U.S. 356, 361 (1901). ▮ I question how it could have determined for itself - acting independently of the government - whether there was probable cause to believe that those elements were satisfied by the evidence which the government presented for its consideration.

Just as it cannot be "harmless error for a jury to find a man guilty of a federal offense without even knowing what the elements of the offense are", United States v. Howard,

506 F.2d 1131, 1134 (2d Cir. 1974), it likewise cannot have been harmless error for this grand jury to find probable cause without knowing the elements of the offenses named in the Second Superseding Indictment. "Although the prosecutor need not give legal instructions which approach the comprehensiveness of the trial judge's charge to the jury, an instruction may be so misleading due to . . . omissions, that the ensuing indictment will not be permitted to stand even though it is supported by legally sufficient evidence." Twersky, 1994 WL 319367, *4.

Lacking access to the grand jury materials, defendants could not have raised this issue on their own. Nevertheless, "the supervisory powers of the court provide the authority to raise *sua sponte* matters that may affect the rights of criminal defendants". United States v. Delgado-Cardenas, 974 F.2d 123, 126 (9th Cir. 1992). "[W]here the error is so fundamental as not to submit to the jury the essential ingredients of the . . . offense on which the conviction could rest, we think it is necessary to take note of it on our own motion. Even those guilty of the most heinous offenses are entitled to a fair trial. Whatever the degree of guilt, those charged with a federal crime are entitled to be tried by the standards of guilt which Congress has prescribed." Screws v. United States, 325 U.S. 91, 107 (1945); United States v. Rybicki, 403 F.2d 599, 603 (6th Cir. 1968) ("the omission to charge an element of the offense is 'plain error'[,] *see* Rule 52(b), requiring reversal even if the point was not raised below").

Although disclosure of grand jury materials is the exception rather than the rule, "the invocation of grand jury interests is not some talisman that dissolves all constitutional protections". Butterworth v. Smith, 494 U.S. 624, 630 (1990). "Indeed, we have noted that grand juries are expected to operate within the . . . provisions of the Constitution." Id.. Accordingly, "wide discretion must be afforded to district court judges in evaluating whether disclosure is appropriate". United States v. John Doe, Inc. I, 481 U.S. 102, 116 (1987).

As Judge Wolford has stated, "in determining whether disclosure of [grand jury] material is proper, the Court must balance the goal of just result in a judicial proceeding against the countervailing policy of grand jury secrecy". September 12, 2025 Text Order [602]. However, "as the considerations justifying secrecy become less relevant . . . [there is] a lesser burden in showing justification". Douglas Oil Co. of California v. Petrol Stops Northwest, 441 U.S. 211, 223 (1979). None of the traditional reasons for grand jury secrecy[4] will be adversely affected by disclosing the materials discussed herein.

## CONCLUSION

For the reasons discussed, on or before September 22, 2025 the government shall show cause why the redacted portions of this Order to Show Cause, together with the grand jury materials referred to herein (pages 3, 16-18 and 27 of the August 23, 2023 Grand Jury Transcript and pages 2-50 of the January 5, 2024 Grand Jury Transcript), should not be made public.

**SO ORDERED.**

Dated: September 15, 2025

/s/ Jeremiah J. McCarthy
JEREMIAH J. MCCARTHY
United States Magistrate Judge

---

[4] "(1) To prevent the escape of those whose indictment may be contemplated; (2) to insure the utmost freedom to the grand jury in its deliberations, and to prevent persons subject to indictment or their friends from importuning the grand jurors; (3) to prevent subornation of perjury or tampering with the witnesses who may testify before grand jury and later appear at the trial of those indicted by it; (4) to encourage free and untrammeled disclosures by persons who have information with respect to the commission of crimes; (5) to protect innocent accused who is exonerated from disclosure of the fact that he has been under investigation, and from the expense of standing trial where there was no probability of guilt." John Doe, 481 U.S. at 110, n. 5.