UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF
AMERICA

v.

MICHAEL RONCONE

---

**MEMORANDUM OF LAW**

---

23-CR-99

BY:

PAUL G. DELL, ESQ.
Attorney for Michael Roncone
70 Niagara Street, Suite 108
Buffalo, New York 14202
(716) 362-1156

TO:

Hon. Elizabeth A. Wolford
United States District Court
Western District of New York
100 State Street
Rochester, New York 14614

United States Attorney
Western District of New York
138 Delaware Ave.
Buffalo, New York 14202

## INTRODUCTION

Michael Roncone is charged in this indictment with conspiracy to obstruct justice (18 U.S.C. §§ 371, 1503), being a user of a controlled substance in possession of a firearm (18 U.S.C. § 922[g][3]), and making false statements (18 U.S.C. § 1001[a][2]). This memorandum of law is submitted in support of Mr. Roncone's motion to suppress his statements to the Federal Bureau of Investigation (FBI). A hearing on the motion was held before this Court on October 1, 2025.

## FACTUAL SUMMARY

At 6:00 a.m. on December 7, 2023, an FBI SWAT team executed a search warrant at 4998 William St. in the Town of Lancaster (21, 23; numbers in parentheses refer to pages of the hearing transcript). Mr. Roncone was the target of the warrant (111). The SWAT team announced its presence with flashing lights, a bull horn, and a loud, blaring, siren (23). Special Agent Brian Burns described the weather as "an ugly day, snowy, rainy, cold," with the wind blowing (28). A member of the SWAT team called Mr. Roncone on his cell phone and ordered him to come out of the house (25). After a few minutes, Mr. Roncone came outside, and he was immediately handcuffed (26). His father came outside as well (34). One of the SWAT agents asked Mr. Roncone if there was anyone else in the house, and he said, "no" (33).

One of the SWAT agents asked Mr. Roncone if there were any weapons in the house (35). He said that there were both handguns and long guns, that he had a pistol permit, and that the

handgun next to his bed was loaded (35-36). He was also asked about drugs at numerous points in the questioning (67-68, 90-93).

Mr. Roncone was led over to the car of Special Agent Geraldo Rondon, which was in the parking lot of the fire hall across the street (54, 175). Burns testified that he removed Mr. Roncone's handcuffs, although Mr. Roncone testified that the handcuffs were never removed (55, 126). Burns told Mr. Roncone that he was not under arrest (54). Nevertheless, Mr. Roncone did not feel free to leave while he was in the car (123). When asked to explain why, he said, "There was always someone next to me. There was obviously military guys that were around me when I first left the house. There was never a moment I was by myself or unsupervised" (123). Under cross-examination, Rondon acknowledged that there was a time that Mr. Roncone was allowed to go to the bathroom near the vehicle or behind it when he was under his supervision. He testified that Mr. Roncone would have been handcuffed at the time and that he would not have been free to leave until the search was complete (188-189). The agents asked Mr. Roncone a number of questions, mainly about the death of Crystal Quinn (64). When Mr. Roncone said that he wanted to speak with his attorney, he was placed under arrest (75).

The Government stated that on its direct case, it does not intend to use any statements Mr. Roncone made after invoking his right to counsel (5). But it does intend to use those statements on cross-examination if Mr. Roncone testifies at trial (5).

The Government bears the burden, by a preponderance of the evidence, of proving the admissibility of a confession (*United States v. Burger*, 739 F.2d 805, 809 [2nd Cir. 1984], *citing*

2

*Lego v. Twomey*, 404 U.S. 477, 486 [1972]). The Government failed to meet that burden in this case. None of Mr. Roncone's statements to the FBI are admissible at trial.

### *The statements were obtained through custodial interrogation without Miranda warnings.*

"No person ... shall be compelled in any criminal case to be a witness against himself" (US Const Amend V). Accordingly, "the prosecution may not use statements ... stemming from custodial interrogation of the defendant" unless they were preceded by *Miranda* warnings (*Miranda v. Arizona*, 384 U.S. 436, 444 [1963]). The warnings advise the defendant that "he has a right to remain silent, that any statement he does make may be used as evidence against him, and that he has a right to the presence of an attorney, either retained or appointed" (*id.*). A person is in custody when he has been "deprived of his freedom of action in any significant way" (*id.*), Interrogation refers to express questioning, as well as any words or actions on the part of the police that are "reasonably likely to elicit an incriminating response" (*Rhode Island v. Innis*, 446 U.S. 291, 301 [1980]).

The initial statements include those in which Mr. Roncone talks about what was and was not in the house, and admits the presence of guns in the house, including one which is the subject of Count 25 of the indictment. These statements were made while he was handcuffed, surrounded by FBI agents, in response to express questioning without *Miranda* warnings. They were the products of a textbook *Miranda* violation. And the public safety exception, in which the police may dispense with *Miranda* warnings in order to neutralize an immediate threat to the public safety, does not apply (*New York v. Quarles*, 467 U.S. 649, 657 [1984]). The SWAT team had

complete control over the scene, as all of the occupants were out of the house and in custody, and the public had no access to the inside (*United States v. Brathwaite*, 458 F.3d 376, 382 n 8 [5th Cir. 2006]). These statements must be suppressed.

The next statements, those that took place in Rondon's car, were also the products of interrogation without *Miranda* warnings. Although Burns told Mr. Roncone that he was not under arrest, that did not mean that he was free to leave. He was certainly not in the car by choice. For the reasons Mr. Roncone gave during his testimony, he was in custody. These statements must be suppressed as well. Even Special Agent Rondon acknowledged that there was a time that Mr. Roncone was allowed to go to the bathroom near the vehicle or behind it when he was under his supervision. He testified that Mr. Roncone would have been handcuffed at the time and that he would not have been free to leave until the search was complete. (188-189).

### *The statements were involuntarily given.*

"In any criminal prosecution brought by the United States," a confession "shall be admissible in evidence if it is voluntarily given" (18 U.S.C. § 3501[a]). A confession includes "any self-incriminating statement made or given orally or in writing" (18 U.S.C. § 3501[e]). In assessing the voluntariness of a confession, courts must consider all the surrounding circumstances including (1) "the time elapsing between arrest and arraignment," if applicable, (2) whether the defendant "knew the nature of the offense with which he was charged" or suspected, (3) whether he "was advised or knew that he was not required to make any statement and that any such statement could be used against him," (4) whether he "had been advised prior to questioning of his right to the

4

assistance of counsel," and (5) whether he "was without the assistance of counsel when questioned and when giving such confession" (18 U.S.C. § 3501[b]).

These factors weigh against a finding of voluntariness. Mr. Roncone was not advised that he had the right to remain silent, that any statement he made could be used against him, or that he had the right to counsel during questioning. And he was without the assistance of counsel when he made the statements. And these factors must be viewed against the backdrop of the encounter. The FBI showed up first thing in the morning with an overwhelming show of force. Mr. Roncone and his father were forced out of their house into brutal weather conditions, where the interrogation began immediately. As all of the statements were involuntarily given, they are inadmissible, both on the Government's direct case and for impeachment purposes.

The FBI violated Mr. Roncone's constitutional rights at every stage of the encounter. All of his statements must be suppressed.

For the reasons stated, the motion should be granted.

DATED:   November 26, 2025
         Buffalo, New York

                                                    *s / Paul G. Dell, Esq.*
                                                    PAUL G. DELL, ESQ.

5

CERTIFICATE OF SERVICE

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

Plaintiff,

      vs.                                                                                                                        23-CR-99

MICHAEL RONCONE,

Defendant.
_____

     I hereby certify that on November 26, 2025, I electronically filed the foregoing with the Clerk of the District Court using its CM/ECF system, which would then electronically notify the appropriate CM/CMF participants on this case.

                                                                 *s / Paul G. Dell, Esq.*
                                                                 PAUL G. DELL
                                                                 November 26, 2025
                                                                 Attorney for Defendant
                                                                 70 Niagara Street
                                                                 Buffalo, New York 14202
                                                                (716) 362-1156
                                                                pgdell@aol.com