UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA

                             **Plaintiff,**

vs.

                                                                  **Docket No 1:23-CR-99(LJV) JJM**

**JOHN THOMAS ERMIN, et. al**

                             **Defendant.**
_____

### DEFENDANT JOHN ERMIN'S RESPONSE TO GOVERNMENT'S OBJECTIONS TO THE MAGISTRATE COURT'S ORDER DISCLOSING GRAND JURY MATERIAL

      On September 15, 2025, Hon. Jeremiah J. McCarthy issued an Order to Show Cause (Dkt 663) directing " . . . the Government to show cause why the redacted portions of this Order to show Cause, together with the Grand Jury materials referred to herein (pages 3, 16-18 and 27 of the August 23, 2023 Grand Jury Transcript and pages 2-50 of the January 5, 2024 Grand Jury Transcript), should not be made public."

      The Government responded in several ways:

    -Initially seeking a stay of Judge McCarthy's Order to Show Cause (Dkt 695). In doing so it acknowledged that Gogolack, Ermin and Hinkle sough disclosure of Grand Jury minutes due to prosecutorial misconduct including false information in the incident.

    -Followed by the Government Response (Dkt 696) which included a history lesson on the independence of the Grand Jury but ignored the research that views the Grand Jury as a rubber stamp of the prosecution.[1]

---

[1] Mark Motrvaris, Federal Court Justice Statistics, 2016 Statistical Tables, U.S. Dept. of Justice, Bureau of Justice Start @13 tbl 2.3 (2020)

Finally, concluding that the Judiciary has no authority over the Grand Jury functions (p 25).

On December 3, 2025, the Government filed its Objection to the Magistrate Court's Order (Dkt 697) which is a summary of Dkt 695 and 696 and concludes that any failure to properly instruct the Grand Jury is not their responsibility and is anyway harmless.

On November 7, 2025, Hon. Jeremiah J. McCarthy issued a Decision and Order (Dkt 664) concluding that "I have 'grave doubts' that this Grand Jury acted independently of the government in retuning the Second Superseding Indictment."

For the following reasons, Hon. Jeremiah J. McCarthy's Decision and Order should be affirmed.

## MAGISTRATE JEREMIAH J. McCARTHY DOES HAVE AUTHORITY TO ACT SUA SPONTE

Judge McCarthy recognizes that he has the authority to review and direct the disclosure of Grand Jury minutes sua sponte or at the request of either party, citing U.S. v. Urso, 2006 WL 681204 (EDNY).

Initially Defendants requested access to the Grand Jury minutes resulting in several text orders (Dkt 605, 643 and 647).

Upon in camera review, the magistrate by Order to show Cause (Dkt 663) raised Fifth Amendment issues during the Government presentation.

Furthermore, U.S. v Williams, 504 U.S. 36 (1992) supports the proposition "that a district court in an exercise of its supervisory power may dismiss an indictment . . . because of (misconduct) before a Grand Jury." See Bank of Nova Scotia v. United States, 487 U.S. 250 (1988).

## CIRCUMSTANCES DICTATE DISCLOSURE OF GRAND JURY MINUTES

Federal Rules of Criminal Procedure 6(e) addresses disclosure of Grand Jury material under certain limited circumstances ". . . preliminary to or in connection with a judicial proceeding" (ii upon showing of grounds that may exist for dismissal because of matters appearing before the Grand Jury.)

This is further reinforced by a case cited by all parties on both sides of this argument, Douglas Oil Company of California vs. Petrol Stops Northwest, 441 U.S. 2011 (1979).

While Magistrate Judge McCarthy focused on the Grand Jury instructions, or the lack thereof, as indicated in his Decision and Order (Dkt 664) "in essence this is just the tip of the iceberg."

The various defendants have raised in other arguments and pleadings before this Court, numerous separate issues that we feel ultimately will be addressed with respect to dismissal of this indictment, but disclosure is necessary for us to be able to further brief what we claim is inappropriate behavior of the Government during the Grand Jury presentation and insufficient instruction. With respect to Defendant Ermin, the Court will recall that during his detention hearing in December 2023, which most likely was during the Grand Jury presentment, AUSA Tripi invited the court to believe that a conspiracy originated at a meeting between Defendants Gerace and Ermin on April 24, 2023. No sooner had the proceeding ended than a letter was forwarded to the court changing that date to July 6, 2023. That the Government now believes the so-called conspiracy originated on July 6, we believe that disclosure of the Grand Jury minutes is important to address this potential motion for dismissal. Other defendants have raised potential grounds for dismissal, i.e. overt act 25; materiality of statements to Government agents.

In <u>United States v. Mechanik,</u> 475 U.S. 66 (1986), the court dictated that there is "a presumption of regularity" with respect to the Grand Jury proceedings. In order to overcome this presumption, a defendant must demonstrate some grossly prejudicial irregularity or some other particularized need compelling necessity. Also refer to <u>United States v. Silver</u>, 103 F.3d 370 (2015).

While we recognize that dismissal is an extreme sanction, <u>United States v. Martinez,</u> 2014 WL 1794934 (WDNY). Nevertheless, the issues raised by Magistrate McCarthy together with other potential factual issues that may lead to the dismissal of this indictment are certainly important and prejudicial enough to warrant the disclosure of the Grand Jury minutes. We may not be there yet, but nevertheless, the door is open as a result of the Magistrate's Decision and Order for the court to consider further disclosure.

Addressing Magistrate Judge McCarthy's Decision and Order (Dkt 664), he adroitly stated at page 3:

> "The Grand Jury must "make the charge on its own judgment", <u>Stirone v. United States,</u> 361 U.S. 202, 219 (1960). It must "assess whether there is adequate basis for bringing a criminal charge", by "examin[ing] upon what foundation the charge is made". . . . In order to do so, the Grand Jury must be "informed", since it "cannot effectively operate in a vacuum". <u>Wood v. Georgia</u>, 370 U.S. 375, 390 (1962).
>
> "Therefore, the government must "furnish it with controlling legal principles" to guide its deliberations. <u>United States v. Ciambrone</u>, 601 F.3d 616, 622 (2nd Cir. 1979)."

Notwithstanding, despite the Government claim that by reading the Second Superseding Indictment to the Grand Jury it satisfied its obligation to the Grand Jury, Judge McCarthy found numerous irregularities in the indictment that could have affected some but not all of the Grand Jury findings.

The fact that the Judge set out the number of minutes (sealed to us) is significant and raises the strong possibility that the Grand Jury did not exercise a judgment independent of the Government.

WHEREFORE, your deponent requests that the relief requested in herein be granted together with such other and further relief the Court deems just and proper.

Dated: December 15, 2025

/s/ George V.C. Muscato
GEORGE V.C. MUSCATO, ESQ.
Attorney for Defendant JOHN ERMIN

/s/ Donald M. Thompson
DONALD M. THOMPSON, ESQ.
Attorney for Defendant JOHN ERMIN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| UNITED STATES OF AMERICA | CERTIFICATE OF SERVICE |
| Plaintiff | |
| vs. | |
| JOHN THOMAS ERMIN, et al. | CASE NO. 1:23-CR-99-LJV-JMM |
| Defendant | |

---

I hereby certify that on December 15, 2025, I electronically filed the foregoing with the Clerk of the District Court using its CM/ECF system, which would then electronically notify the appropriate CM/CMF participants on this case.

Dated: December 15, 2025        ___/s/ GEORGE V. C. MUSCATO_____
                                GEORGE V. C. MUSCATO, ESQ.
                                Attorney for John Ermin
                                107 East Avenue
                                Lockport NY 14094
                                (716) 434-9177
                                gmuscato@mdvfirm.com