IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

      v.                                                              23-CR-99-EAW

SIMON GOGOLACK, et al.,

                Defendants.

### GOVERNMENT'S SUPPLEMENTAL MEMORANDUM REGARDING DEFENDANT SIMON GOGOLACK'S CONSTITUTIONAL SPEEDY TRIAL MOTION TO DISMISS

On January 7, 2026, the Court ordered the government to file supplemental briefing concerning certain constitutional speedy trial claims raised by Mr. Gogolack. *See* Minute Entry, Dkt. 730, (dated Jan. 7, 2026). Specifically, the Court sought supplemental briefing on: (1) what discovery, if any, the government provided to Mr. Gogolack between the September 20, 2023, Superseding Indictment and the January 5, 2024, Second Superseding Indictment; (2) to what extent, if at all, courts may charge constitutional speedy trial against the government due to discovery delays; and (3) whether the District Court's five-month sanction against the government encompassed the period between May 23, 2024, when discovery was due and June 5, 2024, when it was made available. The government offers this supplemental memorandum in response.

1. **The government produced discovery related to the Superseding Indictment in August, October, and December 2023.**

Mr. Gogolack claims that the government should be charged with constitutional speedy trial time from October 16, 2023, through February 23, 2024, because it failed to produce discovery relating to the September 20, 2023, Superseding Indictment. Gogolack

1

Disp. Mots., at 8. In support of this argument, Mr. Gogolack contends that the government failed to produce discovery relating to the September 20th Superseding Indictment until June 2024. The Court should reject Mr. Gogolack's argument for three reasons.

First, on August 30, 2023, the government produced material relevant to the Superseding Indictment's new charges—that is, the kidnapping and witness tampering charges—in non-bates-stamped discovery. The government subsequently reproduced that discovery, along with another batch of discovery, in its October 19, 2023, bates-stamped production.[1]  *See* Sealed Exhibit A (Discovery Binder Produced Oct. 19, 2023) (hereinafter "Oct. 2023 Production").

Among the discovery disclosed in the October 19th production was material directly relevant to the kidnapping and witness tampering offenses alleged in the Superseding Indictment, including photographs of the kidnapping site, photographs of chairs and plastic tarps matching the description of those used by Mr. Gogolack during the kidnappings, firearm evidence, association evidence, and account identifiers. *See* Oct. 2023 Production at GOV-00000058 (photograph of white chair on lawn); GOV-00000107 (photograph of plastic wrap in the basement); GOV-00000108–15 (photographs of the basement); GOV-00000166–68 (photographs of association evidence as to a kidnapping co-conspirator and victim); GOV-00000338 (photograph of a white chair on lawn); GOV-00000295–301 (firearm evidence), GOV-00000373 (search warrant and receipt for property); GOV-00000397–38 (ATF ROI re: interstate nexus of firearms and ammunition seized from the property); GOV-00000718–23 (cellphone extraction report of a text message conversation between Mr. Gogolack and one

---

[1] Government counsel previously represented that October 19, 2023, production consisted of material initially produced on August 30, 2023. In preparing this response, government counsel learned that the October 19, 2023, discovery contained discovery beyond that initially produced on August 30, 2023.

2

of his victims); GOV-00000831–845 (cellphone extraction report of a text message conversation between Mr. Gogolack and another individual that references one of his kidnapping victims); GOV-00000860–64 (cellphone extraction report of a text message conversation between Mr. Gogolack and one of his victims); GOV-00000956 (cellphone extraction report referencing Mr. Gogolack's CashApp account username); GOV-00001025–53 (search warrant documents for Mr. Gogolack's phone, residence, trailer, and vehicle).

Within this same production, the government disclosed evidence specifically relating to a September 15, 2023, search of Mr. Gogolack's residence that sought evidence of the kidnapping offenses. *See* GOV-00001168–1203 (photographs of Mr. Gogolack's basement); GOV-00001311–1338 (photographs of Mr. Gogolack's basement and plastic tarps); GOV-00001352–55 (photographs of plastic tarps); GOV-00001362–67 (photographs of Bluestar analysis conducted in Mr. Gogolack's basement); GOV-00001371–73 (photographs of wallet found on the floor of Mr. Gogolack's basement); GOV-00001374–80 (photographs of beam and stair tread seized from Mr. Gogolack's basement). Photographs of the search warrant, which noted that law enforcement was seeking evidence of offenses under 18 U.S.C. § 1201, were also produced. *See* GOV-00001406; GOV-00001858–60. Accordingly, Mr. Gogolack had in his possession evidence directly responsive to the kidnapping charges no later than October 19, 2023.

Second, on December 26, 2023, the government voluntarily produced non-discoverable law enforcement reporting on the Bluestar analysis conducted by the FBI in connection with the September 15th search of Mr. Gogolack's residence. *See* Sealed Exhibit B (Discovery Binder Produced December 26, 2023) (hereinafter "Dec. 2023 Production"); *see id.* at GOV-00001937–1941 (Laboratory Examination Request dated September 27, 2023);

3

GOV-00001985–87 (Laboratory Examination Request dated Oct. 20, 2023); GOV-00001994–96 (Laboratory Examination Request dated November 9, 2023); GOV-00001997–2000 (Laboratory Examination Request dated Nov. 20, 2023); *see also* FED. R. CRIM. P. 16(a)(2) (providing that Rule 16 "does not authorize the discovery or inspection of reports, memoranda, or other internal government documents made by an attorney for the government or other government agent in connection with investigating or prosecuting the case").

Likewise, the government produced a November 3, 2023, FBI Laboratory Report documenting positive findings of blood and DNA in Mr. Gogolack's basement, and early *Jencks* regarding the same, on December 26, 2023. *See* Dec. 2023 Production at GOV-00001989–93 (FBI Laboratory Report dated Nov. 3, 2023), GOV-00002001–06 (November 3rd Laboratory Report Case Record), GOV-00002015–2022 (FBI Laboratory Communication Log); *see also* GOV-00002023–24 (Laboratory Examination Plan); GOV-00002025–30 (Laboratory Chain of Custody Log); GOV-00002031–2153 (Laboratory Notes and Graphs).

Thus, when Mr. Gogolack insists that the government failed to produce discovery in connection with the Superseding Indictment, he is wrong. By no later than October 19, 2023, Mr. Gogolack knew that law enforcement uncovered evidence and data relevant to the Superseding Indictment at his residence and on his phone. As such, Mr. Gogolack could have filed dispositive motions related to those searches, as well as the search of his vehicle and trailer, by any of the three motions deadlines—November 22, 2023, December 15, 2023, and January 16, 2024—that he either moved to adjourn or outright ignored. Mr. Gogolack's failure to efficiently litigate his case yesterday does not entitle him to the dismissal of his

4

indictment today, especially where, as here, his claims of government malfeasance are belied by the facts.

    **2.    Neither the record nor the law support Mr. Gogolack's efforts to charge the government with constitutional speedy trial time stemming from purported discovery delays.**

Mr. Gogolack's claims regarding governmental discovery delays fail on the facts. But they are also legally meritless. To charge the government with constitutional speedy trial time stemming from a purported discovery delay, the factual record must support a finding that the government either acted in bad faith or chronically disregarded its discovery deadlines. *See United States v. Esquilin*, 205 F.3d 1325, 2000 WL 232162, at *2 (2d Cir. 2000) (Summary Order) (rejecting the defendant-appellant's contention that the government's failure to produce certain Rule 16 discovery material until only a few weeks before the trial led to violations of the Speedy Trial Act and the Sixth Amendment where there was no evidence that the government's failure to comply with discovery deadlines was "chronic or in bad faith"); *see id.* ("[L]ike the Speedy Trial Act, the Sixth Amendment counts delay due to government failure only where that failure was in bad faith." (citing *United States v. Vasquez*, 918 F.2d 329, 338 (2d Cir. 1990)); *Vasquez*, 918 F.2d at 338 (rejecting the defendant-appellant's request to charge the government with constitutional speedy trial time where "the government's failure to promptly carry out [his] competency examination . . . was the result of 'institutional dysfunction' rather than deliberate wrongdoing or bad faith"); *see also United States v. Reichberg*, No. 1:16-CR-468-GHW, 2018 WL 6599465, at *14 (S.D.N.Y. Dec. 14, 2018) (denying the defendant's motion to dismiss on constitutional speedy trial grounds due to governmental discovery delays where "the [g]overnment's errors were not the product of deliberate indifference, reckless disregard or bad faith" and further concluding that "while some of the delay in this case was caused by the conduct of the [g]overnment" the case was

"complex", involved "expansive discovery", and was delayed, in part, due to the "[d]efendants' requests for extended exclusions of time").

Here, Mr. Gogolack's allegations of bad faith rest entirely upon his incomplete and inaccurate representations of what the government produced in connection with the Superseding Indictment and when it produced it, as discussed *supra*.

> 3. **Charging additional constitutional speedy trial time against the government for the two-week period between May 24, 2024, and June 5, 2024, is unmerited.**

Mr. Gogolack also claims that the government should be charged with two weeks of constitutional speedy trial time spanning May 24, 2024, and June 5, 2024. *See* Gogolack Disp. Mots., at 8. Mr. Gogolack appears to argue that this period was not encompassed within the District Court's November 21, 2024, Decision and Order charging the government with five months' constitutional speedy trial time as a sanction for its two-week delay in producing discovery. *See id.*; *see generally United States v. Gogolack*, No. 23-CR-99-LJV-JJM, 2024 WL 4851002, at *8 (W.D.N.Y. Nov. 21, 2024) (imposing a five-month constitutional speedy trial sanction on November 21, 2024). Though the District Court fashioned its sanction as encompassing the delay stemming from the government's appeal of the Magistrate Court's July 29, 2024, "bad faith finding" and order disqualifying the three prosecutors assigned this case and prohibiting the U.S. Attorney's Office from "weigh[ing] in on the protective order," the sanction appears to cover the five-month period spanning June 21, 2024, and November 21, 2024. *Gogolack*, 2024 WL 4851002, at *7; *id.* ("[D]espite overturning Judge McCarthy's finding that the government acted in bad faith, this Court is charging the government with the time it took to litigate its appeal."). Consequently, the sanction does not encompass the two-week period spanning May 23, 2024, when discovery was initially due, and June 5, 2024,

when it was ultimately made available to the defense. This Court should reject Mr. Gogolack's efforts to enlarge the District Court's sanction against the government to cover this two-week period.

While the government reported that it would not challenge the District Court's imposition of a sanction charging it with five months of constitutional speedy trial time "given the unusual circumstances" then being litigated, *id.* (citing Dkt. 277 at 1), *Esquilin* dictates that any constitutional speedy trial charge against the government must be premised upon a finding of bad faith or chronic disregard for deadlines. *See Esquilin*, 205 F.3d 1325, 2000 WL 232162, at *2; *Vasquez*, 918 F.2d at 338; *see also United States v. Gonzalez*, No. 20 CR. 335 (JSR), 2021 WL 2418437, at *2 (S.D.N.Y. June 14, 2021) (Rakoff, J.) (rejecting the defendant's motion to exclude statutory speedy trial time where the government's discovery delay was neither motivated by bad faith nor chronic). Here, the District Court already concluded that the government did not act in bad faith when it failed to produce discovery by the May 23, 2024, deadline set by the Magistrate Court. *See Gogolack*, 2024 WL 4851002, at *7. Beyond his bald assertions to the contrary, Mr. Gogolack offers no basis for this Court to depart from that factual finding, because no basis exists: from this case's inception to its inevitable conclusion, the government has—and will—act in good faith. Accordingly, this Court should reject Mr. Gogolack's invitation to charge the government with constitutional speedy trial time stemming from the two-week delay in producing discovery in May 2024 in order to ensure a protective order was in place.

## CONCLUSION

For the reasons outlined above and discussed in the government's response in opposition to Mr. Gogolack's dispositive motions (Dkt. 723), the government respectfully

7

asks the Court to deny Mr. Gogolack's constitutional speedy trial motion to dismiss (Dkts. 690, 694).

DATED: Buffalo, New York, January 21, 2026.

                Michael DiGiacomo
                United States Attorney

BY:   s/ CASEY L. CHALBECK
        Assistant United States Attorney
        United States Attorney's Office
        Western District of New York
        138 Delaware Avenue
        Buffalo, New York 14202
        (716) 843-5881
        Casey.Chalbeck@usdoj.gov