**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

**UNITED STATES OF AMERICA,**

               **Plaintiff,**

**v.**

**SIMON GOGOLACK,**

               **Defendant.**

**SUPPLEMENTAL AFFIDAVIT**

**Indictment No.: 23-CR-99**

---

    **PETER M. KOOSHOIAN, ESQ.,** being duly sworn deposes and says:

    1.    Peter Kooshoian, Esq. and Nicolas Texido, Esq. are attorneys duly licensed to practice in the Western District of New York and were appointed to represent the Defendant, SIMON GOGOLACK, in the above referenced matter and, as such, we are fully familiar with all prior proceedings had herein.

    2.    This Affidavit is submitted in further support of the Defendant's motion to suppress statements of August 2, 2023 and in response to government's supplemental memorandum regarding Defendant's speedy trial motion.

### SUPPRESSION OF STATEMENTS

    3.    The Defendant's August 2, 2023, statements should be suppressed for the following reasons:

- The statements the Defendant made to the Depew Police Officer were non-mirandized and the result of custodial interrogation;
- Statements made to federal agents at the Depew Police Station should be suppressed because the government has not established they were not the product of a deliberate two-step interrogation; and

*Rosenthal, Kooshoian & Lennon, LLP*
ATTORNEYS AND COUNSELORS AT LAW / 80 WEST HURON STREET / BUFFALO, NEW YORK 14202 / (716) 854-1300

- Statements provided to agents at the police station after Mr. Gogolack invoked his right to counsel should also be suppressed.

## Statements Made To The Depew Police Officer On August 2, 2023 Should Be Suppressed

4.    Where Miranda warnings were not administered, it is the government's burden to establish that the statements were not as a result of custodial interrogation. Miranda v. Arizona, 384 U.S. 436 (1966); see also, United States of America v. Newton, 369 F.3d 659 (2nd Cir. 2004) (finding government did not meet its burden of establishing defendant's un-mirandized statement were not the result of custodial interrogation.).

5.    In this case, it is undisputed that Mr. Gogolack was taken into custody by the Depew Police Officer on August 2, 2023, and was not mirandized.  Immediately after being taken into custody, the Depew Police Officer starts questioning him about why he has Crystal Quinn's license and whether or not he has any drugs, all of which is recorded on his body camera. (Government Response to Gogolack Dispositive Motions Exhibit H, video 1 at 5:09 video timer)  The statements made by Mr. Gogolack in response to this questioning should be suppressed as they were un-mirandized and the result of custodial interrogation.

6.    After being put into the police vehicle, the officer repositions Mr. Gogolack so he can better hear and record him (Ibid video 2 at 1:51) and continues to interrogate him during the ride to the police station by acting in a manner he knew was reasonably likely to illicit incriminating responses. See Acosta v. Artuz, 575 F.3d 177, 189 (2nd Cir. 2009).  Specifically, the camera footage from the vehicle (Ibid video 2) shows the following:

- the Officer mentioned Crystal Quinn's mother (1:51);
- the Officer asked who was dusted off? in reference to Crystal Quinn (2:09);
- the Officer asked if Simon is talking about Sharon (Crystal Quinn's mom)? (2:21);
- he asked how old Crystal Quinn was (3:34);
- he asked about how Simon ran into Crystal Quinn? (4:49);

- he asked how long he has known Crystal Quinn (5:39); and
- he askes about his living in Wellsville (5:48).

7.    The aforementioned statements and questions posed by the Officer rise to the level of interrogation as they were reasonably likely to illicit an incriminating response and were far more intrusive than simple pedigree questions. See Rhode Island v. Innis, 446 U.S. 291, 301 (1980). Additionally, Mr. Gogolack remained in the Officer's custody from the time of the initial interrogation through when he was dropped at the Depew Police Station.  The custodial nature of the primary interaction did not dissipate during the car ride or subsequent interactions with the police. U.S. v. Ramos-Guerrero, 145 F.Supp.3d 753 (Northern Dist. of Illinois, 2015); citing, United States of America v. Borostowski, 775 F.3d 851 (7th Cir. 2014).  Therefore, all statements made to the Depew Police Officer should be suppressed as they were un-mirandized and the result of custodial interrogation.

## Mr. Gogolack's Statements Made At The Depew Police Department Should Be Suppressed

8.    When admissibility of a statement is challenged, the government has the burden of demonstrating the legality of police conduct in the first instance and establishing the defendant's voluntariness in providing the statement. Miranda v. Arizona, 384 U.S. 436 (1966).  Similarly, it is the government's burden of proof to establish law enforcement did not engage in a two-step interrogation procedure by questioning Mr. Gogolack while in custody without administering Miranda warnings and then giving the warnings in the midst of a coordinated continuing interrogation. See U.S. v. Capers, 627 F.3d 470, 477-80 (2nd Cir. 2018).  In determining whether the deliberate two-step interrogation occurred, the government bears the burden of showing: 1. the incompleteness and lack of detail of the questions and answers in the first round of interrogation; 2. Lack of overlapping content of the statements; 3. dissimilarity of timing and setting of interrogation; 4. lack of continuity of police personnel in the interviews; and 5. time lapse between the two interviews. U.S. v. Moore, 670 F.3d 227 (2012).  The

government has not met their burden, as they have not put forth any testimony or evidence establishing any of the aforementioned factors or that law enforcement did not deliberately engage in a two-step interrogation process rendering the second mirandized statement inadmissible.

9.      In this case, the government admits agents questioned Mr. Gogolack about Crystal Quinn while he was in custody in the absence of Miranda warnings at the scene of the arrest. (government response to dispositive motions p. 52)  The questioning by agents of Mr. Gogolack at the scene of the arrest was not recorded and therefore occurred between 19:12 (time stamp) when Mr. Gogolack was put in the Depew police car and the body cam was turned off and 20:17 (time stamp) when the body cam was turned back on and the Depew Police Officer began transporting Mr. Gogolack to the Depew Police Department. (Government Response Exhibit H video 1 and 2)  This is consistent with the government's position that the interaction between agents and Gogolack occurred before 20:17 based on the body worn camera footage. (Government Response p. 52)  Therefore, Mr. Gogolack is at the scene with the agents, in custody, for over an hour, during which time agents questioned him about Crystal Quinn and Sharon Quinn's vehicle.  The government has not provided any testimony, admissible evidence or even any 302's and/or police reports establishing that the initial un-mirandized questioning of Mr. Gogolack was not part of a deliberate two-step interrogation process.

10.      According to the body camera footage, it took only 8 minutes (from 20:17 through 20:25) for Mr. Gogolack to be transported from the scene of his arrest back to the Depew Police Station. (Government Response Exhibit H video 2)  However, it wasn't until 21:18, almost an hour later, that Mr. Gogolack can be seen being questioned by agents on video at the Depew Police Department. (Government Response Exhibit I video 1)  Again, the government has offered no testimony, admissible evidence or reports establishing what occurred during that hour of time Mr. Gogolack was at the Depew Police Station with agents prior to being depicted on the surveillance video.  Notably, once the video is

turned on, agents shortly thereafter advised Mr. Gogolack of his Miranda warnings and then the agent states "I just want to go off of what you have already told me." (Ibid 2:06 video timer at bottom and portion of transcript of interview attached hereto as **Exhibit A** p. 3). This clearly establishes the same agents had questioned Mr. Gogolack about Crystal Quinn while he was in custody prior to being mirandized and this a continuation of that questioning. The government has offered no proof, admissible evidence, 302's or police reports in any way establishing that the second mirandized statement is not the second part of a deliberate two step interrogation. Therefore, they have not met their burden of proof establishing the second mirandized statement is admissible. The government's offer not to introduce into evidence the first un-mirandized statement does not absolve them of their burden of establishing the second mirandized statement was not part of a deliberate two step interrogation process rendering the second mirandized statement inadmissible. See <u>Missouri v. Seibert</u>, 542 U.S. 600 (2004).

### Mr. Gogolack Invoked His Right To Counsel

11.    To invoke the Miranda right to an attorney, the suspect must make "some statement that can reasonably be construed to be an expression of a desire for the assistance of an attorney." <u>McNeil v. Wisconsin</u>, 501 U.S. 171, 178 (1991). When a suspect invokes the right to counsel, he is not subject to further interrogation by the authorities until counsel has been made available to him, unless the accused himself initiates further communication, exchanges or conversations with the police. <u>Edwards v. Arizona</u>, 451 U.S. 477, 484-85 (1981). Once a suspect clearly invokes the right to counsel, post-request responses to further interrogation may not be used to "cast doubt on the adequacy of the initial request itself." <u>Smith v. Illinois</u>, 469 U.S. 91, 98-99 (1984). Unambiguous requests for counsel include "can I

have a lawyer?" <u>U.S. v. Lee</u>, 413 F.3d 622 (7th Cir. 2005), "can I talk to a lawyer?" <u>Ibid</u>., citing, <u>Lord</u>, 29

F.3d at 1221., "I think I should get a lawyer" <u>Wood v. Ercole</u>, 644 F.3d 83, 91-92 (2nd Cir. 2011).

     12.    As in the aforementioned cases, Mr. Gogolack twice invoked his right to counsel,

specifically stating "all right, then I'd like to speak to an attorney so I don't incriminate myself."

(Government Response Exhibit I 18:30 on video timer at bottom and **Exhibit A** p. 17.)  Rather than

cease questioning at that point, law enforcement attempts to cast doubt and Mr. Gogolack's request for

counsel stating "you can't say I want a lawyer, but I'll keep talking to you" in direct violation of Mr.

Gogolack's right to counsel. See <u>Smith v. Illinois</u>, *supra* (stating once the suspect invokes right to

counsel, further interrogation cannot be used to cast doubt on adequacy of the initial request itself.).  Mr.

Gogolack did not continue the conversation after invoking his right to counsel rather, the agents did by

stating (in addition to the foregoing) "we're not trying to hang anybody out …we want to know who else

might have been in touch with her" (<u>Ibid</u>.) again violating his right to counsel. <u>Davis v. United States</u>, 512

U.S. 452 (1994) (stating a suspect who requests counsel during a custodial interrogation cannot be

questioned until counsel has been made available.).

     13.    The questioning of Mr. Gogolack should have ceased when he invoked his right to counsel

and all the statements he made thereafter should be suppressed. <u>Ibid</u>.

## **SPEEDY TRIAL**

     14.    The government's assertion that they should not be charged with the speedy trial time from

October 16, 2023 through February 23, 2024, because they provided discovery October 19, 2023 and

December 26, 2023, and May 24, 2024 through June 5, 2024, because they didn't act in bad faith is

without merit.

15.      On September 14, 2023, Mr. Gogolack was arraigned on the September 13, 2023 Indictment and the Court ordered "**all** voluntary discovery shall be completed by October 16, 2023." (See Court's Order attached hereto as **Exhibit B**.)  The government does not dispute that the Scheduling Order remained in effect until February 23, 2024, when the Court issued another Scheduling Order which the government also violated.  While the government may well have provided some discovery on October 19, 2023, and December 26, 2023 (although your deponent was not aware of the December 2023 discovery production until the filing of the government's supplemental brief) they did not provide **all** voluntary discovery by October 16, 2023 as ordered by the Court.  In fact, there were thousands of pages of discovery relative to both the September 13, 2023 Indictment and the September 20, 2023 Superseding Indictment that were not provided until June 5, 2024. (See discovery index provided June 5, 2024, highlighted portions of which all relate to discovery relative to the September 13th and 20th, 2023 Indictments **Exhibit C**.)

16.      Finally, the government's allegation that the Court must find they acted in bad faith for them to be charged with speedy trial time is incorrect.  Even where the delay at issue is neutral, the Court must determine who bears the responsibility for the delay. U.S. v. Black, 918 F.3d 243 (2nd Cir. 2019); citing, New Buffalo Amusement Corp., 600 F.2d at 377-378; see also, Tigano, 880 F.3d at 613. Courts routinely count neutral delays caused by negligence against the government. See U.S. v. Black, citing, Barker, 407 U.S. at 531. (finding Sixth Amendment speedy trial time chargeable to the government where the delay is caused by the government's negligence.).  As in Black, the aforementioned delays were caused by the government's negligence and/or deliberate conduct in failing to provide discovery pursuant to the Court's Order and they should therefore be charged with the Sixth Amendment speedy trial time.

**WHEREFORE**, it is respectfully requested the Court grant the relief prayed for herein, together with any and other further relief the Court deems just and proper.

Peter M. Kooshoian, Esq.

Sworn before me this 4th
day of February, 2026.

Notary Public

GARNET L. KELLY
Notary Public-State of New York
No. 01KE6296174
Qualified in Erie County
Commission Expires January 27, 20 30

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

**UNITED STATES OF AMERICA,**

                    **Plaintiff,**                              **CERTIFICATE OF SERVICE**

**v.**                                                          **Indictment No.: 23-CR-99**

**SIMON GOGOLACK,**

                    **Defendant.**

---

      Peter M. Kooshoian, Esq., an employee with the office of Rosenthal, Kooshoian & Lennon, LLP located at 80 West Huron Street, Buffalo, New York 14202-3093 affirm to be true and state under penalty of perjury that on February 4, 2026 a **Supplemental Affidavit** was electronically filed with the Clerk of the District Court using its CM/ECF system, which would then electronically notify the following CM/ECF participants on this case:

1.    Hon. Elizabeth A. Wolford
      United States District Court Judge

2.    Casey L. Chalbeck, Esq.
      Assistant United States Attorney

3.    Nicholas Cooper, Esq.
      Assistant United States Attorney

4.    Joseph Tripi, Esq.
      Assistant United States Attorney

                                       Peter M. Kooshoian

Sworn before me this 4th
day of February, 2026.

_____
Notary Public

GARNET L. KELLY
Notary Public-State of New York
No. 01KE6296174
Qualified in Erie County
Commission Expires January 27, 20 30

*Rosenthal, Kooshoian & Lennon, LLP*
ATTORNEYS AND COUNSELORS AT LAW / 80 WEST HURON STREET / BUFFALO, NEW YORK 14202 / (716) 854-1300

# EXHIBIT A

Case Number:
Recording:
Page:          1

# EXHIBIT A—TRANSCRIPT OF INTERVIEW OF

# SIMON GOGOLACK

| | |
|---|---|
| Date of Recording: | 8/2/2023 |
| Recording Number: | Interview of Simon Gogolack |
| Transcribed By & Date: | LeeAnn Sunderlin, 2/8/2024 |
| Reviewed By & Date: | Ian Landinguin, 2/14/2024 |
| Reviewed By & Date: | SA Adam Penna, 10/16/2024, up to page 20. |
| Reviewed By & Date: | SA Jaclyn Coyne, 10/17/2024, pg.20 - pg.44 |

The following is a work product transcript of an Interview of Simon Gogolack from
Wednesday, August 2, 2023.  Please refer to the original video recorded interview.

SG:   Simon Gogolack
AP:   FBI SA Adam Penna
JK:    FBI SA Jason Kammeraad
UM: Unknown Male
UI:    Unintelligible

Case Number:
Recording:
Page:        2

(Intermingled voices)

JK:        By all means eat.

SG:        I really appreciate it.

JK:        Yeah. So...

SG:        (UI)

JK:        Just like we said, we're gonna interview you.   You are here. You are in
           Depew custody.   You are in law enforcement custody.

SG:        Okay

JK:        You understand that right?

SG:        Absolutely

JK:        On the driving with a suspended license...

(Intermingled voices)

JK:        .....whatever it is.

SG:        Yeah, its an illegal, uhm, stop, search and seizure.

JK:        I don't wanna talk about anything on that.  I don't know what you told him.
           I don't know what you didn't tell him.

SG:        (UI)

JK:        But, I don't wanna know the particulars of it.  I don't wanna know any of
           that. you know what I'm saying.  So I'm not gonna ask you any questions
           that .....

SG:        (UI)

JK:        I don't know if he interviewed you and read you your rights and said you
           don't have to talk to me.  Have you ever been arrested before?

SG:        No and he's...he is uhm, fine and what's going on there is...

JK:        Okay

SG:        I understand that it's just, uhm, uh, driving without a license, uhm...

JK:        So you...

SG:        Driving on revoked.  And I know that I am not, uhm, not obligated here to
           talk to you, I want to.

Case Number:
Recording:
Page:        3

JK:     Okay

SG:     And I want to cuz that's something I could help, cuz she... I I don't know, man...a lot of shit just doesn't make sense to me.

AP:     We wanna make sure we get this all out because he's in their custody so he's like, he has the right to remain silent.  Anything you say can and will be used against you in a court of law.

SG:     Yeah

AP:     You have the right to an attorney.  If you can't afford an attorney, one will be provided for you.

JK:     You have the right to stop answering any questions whenever you want to.

SG:     Yeah, so I was.....

JK:     And so you can con...contact your attorney.

SG:     Uh-huh

JK:     Do you have any questions for us? Like as far as that goes. Like I said.  I don't wanna talk to you...

SG:     (UI)

JK:     ....about (UI) what you've been arrested for.

(Intermingled voices)

SG:     (UI) what I wanna do...

JK:     Yeah

SG:     If you can write down things maybe that you're interested in.

JK:     Yeah

SG:     And then I (UI) interested....

JK:     I'm just gonna go off of what you're already told me.  That's it.  You know what I mean?

AP:     Yeah, and I got a chance to..... I don't know if this is gonna help ya...

SG:     No....

AP:     Cuz I got a chance to talk to the... because I ,,, We don't wanna get it wrong.

AP:     What's important....

Case Number:
Recording:
Page:        17

SG:    Uhm... alright...I'm here, I'm just saying lawyer, but I'll answer your
       questions.  Okay.  So, keep asking, but I'm just saying, I'm not speaking to
       attorneys... so I just I'll answer all your shit though, so keep..you can keep
       going.

JK:    Okay I'm confused because this is a legal stuff, so...

SG:    Alright then I'd like to speak to an attorney so I don't incriminate myself. I
   don't
       know.

JK:    Okay, so you don't want to talk to each other.

SG:    I have compliance.  I have (UI)

JK:    I know but...

(Voices intermingle)

JK:    You can't say...you can't say I want a lawyer but I'll keep talking to you.

SG:    Yeah, well I mean, well I....

AP:    What do you....

SG:    Well I just have to be sure I don't incriminate myself in any way or possible
       whatever I can..you know whatever, that's all I'm saying is lawyer.

AP:    Okay

SG:    So if I can help you out, man....

JK:    I gotta.. I... I'll tell you what.  If you wanna ....

SG:    See I don't wanna pull any of your little... I know how you mother fuckers
       work.  You're gonna pull the old flim flam, the next thing you know I'm
       gonna be fucking....

AP:    We're not trying to hang anybody out.

(Voices intermingle)

SG:    (UI)balls deep... keep asking, to help your case.

AP:    We want to know who else might have been in touch with her, you know.

SG:    She would have came across, uhm, Brayden.  That's my ex's son.  She
       would have came across...

JK:    And..and that's the 13 year old you mentioned, correct?

SG:    Uhm, and she would have came across Charlie which is his stepdad and the
       girl that Charlie came over with, which is like...I don't know.

# EXHIBIT B

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.

SIMON GOGOLACK,

     Defendant.

**SCHEDULING ORDER**

Case No. 1:23-cr-99-JLS-JJM

On September 14, 2023, defendant was arraigned pursuant to Fed. R. Crim P. ("Rule") 10 and entered a plea of not guilty pursuant to Rule 11(a)(1). Thereupon, the following schedule was set:

(1) All voluntary discovery shall be completed by **October 16, 2023**.

(2) All pretrial motions, both dispositive and non-dispositive, including all supporting papers and memoranda of law in support thereof, shall be filed by **November 22, 2023**. Any motion to suppress statements or physical evidence must initially be accompanied by an appropriate affidavit (or declaration) from an individual with personal knowledge, failing which the court will normally recommend that the motion be denied without an evidentiary hearing. *See* United States v. Marshall, 2012 WL 5511645, *2 (W.D.N.Y.), adopted 2012 WL 5948782 (W.D.N.Y. 2012); United States v. Longo, 70 F.Supp.2d 225, 248 (W.D.N.Y. 1999). **ALL MOTIONS SEEKING SEVERANCE ARE TO BE SEPARATELY FILED WITH THE HONORABLE JOHN L. SINATRA, JR.**

(3) All responses to pretrial motions, including all supporting papers and memoranda of law in support thereof, filed in accordance with the preceding paragraph shall be filed **December 6, 2023**.

(4) **Oral argument on any pretrial motions shall be heard on December 14, 2023 at 2:00 p.m.** If necessary, an evidentiary hearing will be scheduled for a later date.

(5) **IF NO MOTIONS ARE FILED BY ANY DEFENDANT BY NOVEMBER 28, 2023, THE GOVERNMENT SHALL FILE A MOTION FOR A TRIAL DATE FROM DISTRICT JUDGE SINATRA.**

As of November 22, 2023, no time will have elapsed from the Speedy Trial Act Calendar. For the reasons stated on the record, I find that the government and the public's interest in a speedy trial is outweighed by the defendant's interest in having effective assistance of counsel by allowing sufficient time to review discovery and frame appropriate motions. Therefore, the time period from today's date until November 22, 2023 is excluded under 18 U.S.C. §§3161(h)(7)(A) and 3161(h)(7)(B)(iv).

If pretrial motions are filed on or before November 22, 2023, the period of time from the filing of said motions through December 14, 2023 will be excluded pursuant to 18 U.S.C. §3161(h)(1)(D).

No extension of the above deadlines will be granted except upon written application, filed prior to the deadline, showing cause for the extension. Such application shall indicate whether the opposing party consents to the requested extension and address any further exclusion of time from the Speedy Trial Act calendar. Any motion identified in Rule 12(b)(3) that is not filed by the deadline set for filing pretrial motions will be denied as untimely, unless accompanied by a showing of "good cause". *See* Rule 12(c)(3).

**SO ORDERED.**

Dated: September 15, 2023

_/s/ Jeremiah J. McCarthy_____
JEREMIAH J. MCCARTHY
United States Magistrate Judge

# EXHIBIT C

**U.S. v. *Peter Gerace Jr., et al.***
**23-CR-00099**
**Discovery Volume 001**
**Provided May 23, 2024**
**AUSA Nicholas Cooper**
**AUSA Joseph Tripi**

| BEGDOC | ENDDOC | DOCUMENT SOURCE |
|---|---|---|
| GOV-00000001 | GOV-00000005 | FBI/Arrests/Anderson |
| GOV-00000006 | GOV-00000007 | FBI/Arrests/Aerial Surveillance |
| GOV-00000008 | GOV-00000009 | FBI/Arrests/Anderson |
| GOV-00000010 | GOV-00000031 | FBI/Arrests/Barber |
| GOV-00000032 | GOV-00000036 | FBI/Arrests/Byrd |
| GOV-00000037 | GOV-00000063 | FBI/Arrests/Gogolack |
| GOV-00000064 | GOV-00000065 | FBI/Arrests/Hinkle |
| GOV-00000066 | GOV-00000080 | FBI/Arrests/Knight |
| GOV-00000081 | GOV-00000101 | FBI/Arrests/Quinn |
| GOV-00000102 | GOV-00000102 | FBI/Arrests/Roncone |
| GOV-00000103 | GOV-00000111 | FBI/Barber |
| GOV-00000112 | GOV-00000272 | FBI/Barnes |
| GOV-00000273 | GOV-00000334 | FBI/Byrd/Arrest |
| GOV-00000335 | GOV-00000351 | FBI/Controlled_Substances/Gogolack |
| GOV-00000352 | GOV-00000365 | FBI/Controlled_Substances/NC_Forensic_Lab |
| GOV-00000366 | GOV-00000533 | FBI/Criminal_Histories |
| GOV-00000534 | GOV-00000534 | FBI/Ermin/CCH |
| GOV-00000535 | GOV-00000535 | FBI/Ermin/Accruint & CLEAR Information |
| GOV-00000536 | GOV-00000543 | FBI/Ermin/Acquaintences/Stacey_Ermin/Interview |
| GOV-00000544 | GOV-00000545 | FBI/Ermin/Arrest |
| GOV-00000546 | GOV-00000546 | FBI/Ermin/Evidence |
| GOV-00000547 | GOV-00000552 | FBI/Ermin/Interview |
| GOV-00000553 | GOV-00000571 | FBI/Ermin/Phone |
| GOV-00000572 | GOV-00000669 | FBI/Ermin/Records |
| GOV-00000670 | GOV-00000674 | FBI/Ermin/Search_Warrant/Cellular_Telephone |
| GOV-00000675 | GOV-00001420 | FBI/Ermin/Search_Warrant/Residence/41 Richmond Avenue |
| GOV-00001421 | GOV-00001426 | FBI/Ermin/Surveillance/Spot_Checks/Residence |
| GOV-00001427 | GOV-00001430 | FBI/Evidence_Items/Aerial_FLIR Surveillance |
| GOV-00001431 | GOV-00001432 | FBI/Evidence_Items/CCTV Pole Camera Footage |
| GOV-00001433 | GOV-00001544 | FBI/Evidence_Items/Body_Worn_Camera |
| GOV-00001545 | GOV-00001582 | FBI/Evidence_Items/Death Quinn 1Bs/1B164 Hinkle Devices |
| GOV-00001583 | GOV-00003077 | FBI/Evidence_Items/Death Quinn 1Bs/1B220 Knight Phone |
| GOV-00003078 | GOV-00003080 | FBI/Evidence_Items/Death Quinn 1Bs/1B235 Buchholz Phone |
| GOV-00003081 | GOV-00003095 | FBI/Evidence_Items/Death Quinn 1Bs/1B243 Barber Phone |
| GOV-00003096 | GOV-00003107 | FBI/Evidence_Items/Death Quinn 1Bs/1B245 Knight Phone |
| GOV-00003108 | GOV-00003112 | FBI/Evidence_Items/Death Quinn 1Bs/1B3 Gogolack Phone |
| GOV-00003113 | GOV-00003117 | FBI/Evidence_Items/Death Quinn 1Bs/1B55 Quinn Phone |
| GOV-00003118 | GOV-00003120 | FBI/Evidence_Items/Death Quinn 1Bs/1B83 Quinn Lighter |
| GOV-00003121 | GOV-00003178 | FBI/Evidence_Items/Death Quinn 1Bs/1B85 Knight Phone |
| GOV-00003179 | GOV-00003179 | FBI/Evidence_Items/Death Quinn 1Bs/Collection List |
| GOV-00003180 | GOV-00003236 | FBI/Evidence_Items/Death Quinn 1Bs/287 Scott Ave, Wellsville NY |
| GOV-00003237 | GOV-00003247 | FBI/Evidence_Items/Death Quinn 1Bs/Other_FBI Documentation |
| GOV-00003248 | GOV-00003255 | FBI/Evidence_Items/Death Quinn 1Bs/Other/UID_1162 (Photos of 1B48 and 1B49) |
| GOV-00003256 | GOV-00003837 | FBI/Evidence_Items/Lab_Tests |
| GOV-00003838 | GOV-00003967 | FBI/Evidence_Items/Other_Miscellaneous Documentation |
| GOV-00003968 | GOV-00003980 | FBI/Evidence_Items/Pole_Camera |
| GOV-00003981 | GOV-00003993 | FBI/Evidence_Items/Quinn 1Bs/1B2 Quinn Laptop |
| GOV-00003994 | GOV-00004009 | FBI/Evidence_Items/Quinn 1Bs/Other_Misc Custody Documentation |
| GOV-00004010 | GOV-00006635 | FBI/Evidence_Items/SSTF OMC/281 Scanned Evidence/41 Richmond Ave, Lancaster |
| GOV-00006636 | GOV-00009257 | FBI/Evidence_Items/SSTF OMC/281 Scanned Evidence/417 Northumberland Ave, Buffalo/1B-187 |
| GOV-00009258 | GOV-00009418 | FBI/Evidence_Items/SSTF OMC/281 Scanned Evidence/934 E. Delevan Ave, Buffalo/1B-305 |
| GOV-00009419 | GOV-00009421 | FBI/Evidence_Items/SSTF OMC/Cellular_Telephones |

| BEGDOC | ENDDOC | DOCUMENT SOURCE |
|--------|--------|-----------------|
| GOV-00009422 | GOV-00009422 | FBI/Evidence_Items/SSTF OMC/Evidence Report |
| GOV-00009423 | GOV-00009432 | FBI/Firearms/Barnes |
| GOV-00009433 | GOV-00009433 | FBI/Firearms/eTrace |
| GOV-00009434 | GOV-00009468 | FBI/Firearms/eTrace/1470__(U) NCIC Checks.zip |
| GOV-00009469 | GOV-00009517 | FBI/Firearms/Gogolack |
| GOV-00009518 | GOV-00009550 | FBI/Firearms/Hinkle |
| GOV-00009551 | GOV-00009551 | FBI/Forfeiture |
| GOV-00009552 | GOV-00009683 | FBI/Gerace |
| GOV-00009684 | GOV-00009793 | FBI/Gogolack |
| GOV-00009794 | GOV-00009800 | FBI/Hinkle/Evidence/Cellular_Telephone |
| GOV-00009801 | GOV-00009801 | FBI/HSI/Evidence Report |
| GOV-00009802 | GOV-00009896 | FBI/HSI/1338__(U) FW HSI Reports.msg |
| GOV-00009897 | GOV-00009897 | FBI/HSI/Jail_Call_Related |
| GOV-00009898 | GOV-00009898 | FBI/Knight/Documentation |
| GOV-00009899 | GOV-00009900 | FBI/Knight/1139_WVPD_(U) FW EXTERNAL EMAIL -- Knight report.msg |
| GOV-00009901 | GOV-00009903 | FBI/Knight/23-mj-5213 |
| GOV-00009904 | GOV-00009908 | FBI/Knight/Evidence/Cellular_Telephone |
| GOV-00009909 | GOV-00009928 | FBI/Knight/Interview |
| GOV-00009929 | GOV-00010099 | FBI/Misc_Individuals/Courtney_Barber |
| GOV-00010100 | GOV-00010670 | FBI/Search Warrants/Alma Road SW Photos/RBMC 1A104 |
| GOV-00010671 | GOV-00010672 | FBI/Motorcycle_Clubs |
| GOV-00010673 | GOV-00010673 | FBI/Motorcycle_Clubs/RBMC |
| GOV-00010674 | GOV-00010675 | FBI/Other_Checks |
| GOV-00010676 | GOV-00010694 | FBI/Quinn/Autopsy |
| GOV-00010695 | GOV-00010725 | FBI/Quinn/Interview |
| GOV-00010726 | GOV-00010734 | FBI/Quinn/Misc |
| GOV-00010735 | GOV-00010757 | FBI/Quinn/Other |
| GOV-00010758 | GOV-00010761 | FBI/Quinn/Phone |
| GOV-00010762 | GOV-00011238 | FBI/Quinn/Rats Subfile |
| GOV-00011239 | GOV-00011240 | FBI/Quinn/Records |
| GOV-00011241 | GOV-00011306 | FBI/Roncone |
| GOV-00011307 | GOV-00011311 | FBI/Roncone/Acquaintences/James_Roncone |
| GOV-00011312 | GOV-00011313 | FBI/Roncone/Acquaintences/John_Roncone |
| GOV-00011314 | GOV-00011406 | FBI/Roncone/Acquaintences/John_Roncone/CCH |
| GOV-00011407 | GOV-00011407 | FBI/Roncone/Arrest |
| GOV-00011408 | GOV-00011408 | FBI/Roncone/Evidence |
| GOV-00011409 | GOV-00011410 | FBI/Roncone/Evidence/Cellular_Telephone |
| GOV-00011411 | GOV-00011422 | FBI/Roncone/Interview23-MJ-158 |
| GOV-00011423 | GOV-00011425 | FBI/Roncone/Phone |
| GOV-00011426 | GOV-00011429 | FBI/Roncone/Search_Warrant |
| GOV-00011430 | GOV-00011437 | FBI/Roncone/Search_Warrant/Body_Warrant/23-MJ-158 |
| GOV-00011438 | GOV-00011442 | FBI/Roncone/Search_Warrant/Cellular_Telephone |
| GOV-00011443 | GOV-00011443 | FBI/Roncone/Search_Warrant/Cellular_Telephone/Outlaws UID_1385 |
| GOV-00011444 | GOV-00011444 | FBI/Roncone/Search_Warrant/Cellular_Telephone/Outlaws UID_1385 |
| GOV-00011445 | GOV-00011534 | FBI/Roncone/Search_Warrant/Residence |
| GOV-00011535 | GOV-00011939 | FBI/Roncone/Search_Warrant/Residence/Outlaws UID_1229_Photos |
| GOV-00011940 | GOV-00011948 | FBI/Roncone/Surveillance/Residence/04DEC2023 |
| GOV-00011949 | GOV-00011954 | FBI/Roncone/Surveillance/Spot_Checks |
| GOV-00011955 | GOV-00011965 | FBI/Search_Warrants/07DEC2023/Digital_Devices/23-MJ-189 |
| GOV-00011966 | GOV-00011966 | FBI/Search_Warrants/Byrd/Phone24-mj-1049 |
| GOV-00011967 | GOV-00011974 | FBI/Search_Warrants/Ermin/12_07_2023/41_Richmond_Ave23-MJ-158 |
| GOV-00011975 | GOV-00012391 | FBI/Search_Warrants/Gogolack/08_08_2023/296_Scott_Ave23-mj-1092 |
| GOV-00012392 | GOV-00012496 | FBI/Search_Warrants/Gogolack/08_08_2023/Car_and_Trailer23-MJ-1094 |
| GOV-00012497 | GOV-00012806 | FBI/Search_Warrants/Gogolack/09_15_2023/296_Scott_Ave23-mj-112 |
| GOV-00012807 | GOV-00012809 | FBI/Search_Warrants/Gogolack/10_02_2023/DNA23-MJ-144 |
| GOV-00012810 | GOV-00013144 | FBI/Search_Warrants/Hinkle/10_24_2023/1614_Fanton_Rd23-MJ-5213 |
| GOV-00013145 | GOV-00013783 | FBI/Search_Warrants/Hinkle/10_24_2023/4290_Donovan_Rd23-MJ-5213 |
| GOV-00013784 | GOV-00016700 | FBI/Search_Warrants/Hinkle/Gmail Search Warrant |
| GOV-00016701 | GOV-00016884 | FBI/Search_Warrants/Knight/10_24_2023/287_Scott_Ave23-MJ-5213 |
| GOV-00016885 | GOV-00016892 | FBI/Search_Warrants/Knight/10_24_2023/Person23-MJ-5213 |
| GOV-00016893 | GOV-00016898 | FBI/Search_Warrants/Knight/10_26_2023/Knight23-MJ-5227 |
| GOV-00016899 | GOV-00016942 | FBI/Search_Warrants/OMC/12_07_2023/Northumberland23-MJ-158 |
| GOV-00016943 | GOV-00016974 | FBI/Search_Warrants/OMC/Northumberland_Clubhouse |
| GOV-00016975 | GOV-00017810 | FBI/Search_Warrants/RBMC/Alma_Hill_Road_Clubhouse |
| GOV-00017811 | GOV-00018150 | FBI/Search_Warrants/RBMC/Buffalo_Clubhouse |

| BEGDOC | ENDDOC | DOCUMENT SOURCE |
|--------|--------|-----------------|
| GOV-00029056 | GOV-00029079 | HSI/ROIs |
| GOV-00029080 | GOV-00029083 | HSI/Subpoenas/HSI-BU-2023-092036-001-Twilio |
| GOV-00029084 | GOV-00029087 | HSI/Subpoenas/HSI-BU-2023-092036-003-Commio |
| GOV-00029088 | GOV-00029148 | HSI/Subpoenas/HSI-BU-2023-092036-004-Verizon |
| GOV-00029149 | GOV-00029149 | HSI/Subpoenas/HSI List |
| GOV-00029150 | GOV-00029153 | FBI/Arrests/Gogolack/Quinn UID 1065 1A27 DPD/Depew PD/23-007531 Gogolack Docs |
| GOV-00029154 | GOV-00029156 | FBI/Barnes/Evidence/Cellular_Telephone/Outlaws UID_1762 Extraction of 1B168 in 1A182 |
| GOV-00029157 | GOV-00029158 | FBI/Gogolack/UID_292 DPD body cam |
| GOV-00029159 | GOV-00029165 | FBI/QOHR1_RESULTS/Quinn_OMC_Historical_References/Gerace |
| GOV-00029166 | GOV-00029171 | FBI/QOHR1_RESULTS/Quinn_OMC_Historical_References/Nigro/1354__(U—-FOUO) Gerace Tattoos |
| GOV-00029172 | GOV-00029209 | FBI/QOHR1_RESULTS/Quinn_OMC_Historical_References/Other/1368_APD_(U) Documents |
| GOV-00029210 | GOV-00029260 | FBI/QOHR1_RESULTS/Quinn_OMC_Historical_References/Quinn |
| GOV-00029261 | GOV-00029262 | FBI/QOHR1_RESULTS/Quinn_OMC_Historical_References/Trotter |
| GOV-00029263 | GOV-00029264 | FBI/QOHR1_RESULTS/serial-205528961.zip |
| GOV-00029265 | GOV-00029265 | FBI/Roncone/Search_Warrant/Cellphone/Outlaws UID_1385 Roncone Phone Report 1B356 in 1A157 |
| GOV-00029266 | GOV-00029731 | FBI/Search_Warrants/OMC/417 Northumberland_Clubhouse/Outlaws UID_1190 |
| GOV-00029732 | GOV-00029736 | GJ Subpoena Returns Rcvd by USAO-WDNY/AT&T_19-2024 |
| GOV-00029737 | GOV-00029777 | GJ Subpoena Returns Rcvd by USAO-WDNY/Allegany County_2648-2023 |
| GOV-00029778 | GOV-00029780 | GJ Subpoena Returns Rcvd by USAO-WDNY/AT&T_1811-2023_Gogolack, Simon_716.380.3061 |
| GOV-00029781 | GOV-00029787 | GJ Subpoena Returns Rcvd by USAO-WDNY/AT&T_2085-2023/Smith, Maria_McCabe, Robert |
| GOV-00029788 | GOV-00029814 | GJ Subpoena Returns Rcvd by USAO-WDNY/AT&T_2652-2023/AT&T Updated |
| GOV-00029815 | GOV-00029843 | GJ Subpoena Returns Rcvd by USAO-WDNY/AT&T_3008-2023/Ciechelski, Nicholas_716-390-9968 |
| GOV-00029844 | GOV-00029845 | GJ Subpoena Returns Rcvd by USAO-WDNY/BAM_2615-2023 |
| GOV-00029846 | GOV-00029849 | GJ Subpoena Returns Rcvd by USAO-WDNY/Bandwith_2090-2023 |
| GOV-00029850 | GOV-00029900 | GJ Subpoena Returns Rcvd by USAO-WDNY/Jones Memorial_2712-2023 |
| GOV-00029901 | GOV-00029901 | GJ Subpoena Returns Rcvd by USAO-WDNY/Kraken_Subpoena Response_2617-2023 |
| GOV-00029902 | GOV-00029911 | GJ Subpoena Returns Rcvd by USAO-WDNY/Olean General_1755-2023__Quinn_ME Report_Death |
| GOV-00029912 | GOV-00029927 | GJ Subpoena Returns Rcvd by USAO-WDNY/PACER_2749-2023 |
| GOV-00029928 | GOV-00029933 | GJ Subpoena Returns Rcvd by USAO-WDNY/PayPal_2528-2023__Gogolack, Simon |
| GOV-00029934 | GOV-00029947 | GJ Subpoena Returns Rcvd by USAO-WDNY/Reddit Production_2720-2023 |
| GOV-00029948 | GOV-00029948 | GJ Subpoena Returns Rcvd by USAO-WDNY/T-Mobile_1788-2023 |
| GOV-00029949 | GOV-00029953 | GJ Subpoena Returns Rcvd by USAO-WDNY/T-Mobile_2651_Gogolack, Simon_607.454.1580 |
| GOV-00029954 | GOV-00029957 | GJ Subpoena Returns Rcvd by USAO-WDNY/T-Mobile_2797-2023/Unknown_716-510-0018 |
| GOV-00029958 | GOV-00029963 | GJ Subpoena Returns Rcvd by USAO-WDNY/Tracfone_2473-2023_Buchholz, Charles_607.454.1033 |
| GOV-00029964 | GOV-00029987 | GJ Subpoena Returns Rcvd by USAO-WDNY/Verizon-2441-2023_Ermin_Roncone_Reissued |
| GOV-00029988 | GOV-00030001 | GJ Subpoena Returns Rcvd by USAO-WDNY/Verizon_20-2024/Hinkle, Howard_585-610-7347 |
| GOV-00030002 | GOV-00030056 | GJ Subpoena Returns Rcvd by USAO-WDNY/Verizon_21-2024/585-268-7659_Allegany Co Sheriff |
| GOV-00030057 | GOV-00030070 | GJ Subpoena Returns Rcvd by USAO-WDNY/Verizon_22-2024/Larkins, Jeanine_585-455-0465 |
| GOV-00030071 | GOV-00030078 | GJ Subpoena Returns Rcvd by USAO-WDNY/Verizon_2369-2023 (Reissue to reseller Tracfone) |
| GOV-00030079 | GOV-00030095 | GJ Subpoena Returns Rcvd by USAO-WDNY/Verizon_2504-2023_Roncone_716.880.7894 |
| GOV-00030096 | GOV-00030107 | GJ Subpoena Returns Rcvd by USAO-WDNY/Verizon_2521_Roncone, Mike_716.880.7894 |
| GOV-00030108 | GOV-00030120 | GJ Subpoena Returns Rcvd by USAO-WDNY/Verizon_2523_Bell, Chris_716.799.5275 |
| GOV-00030121 | GOV-00030134 | GJ Subpoena Returns Rcvd by USAO-WDNY/Verizon_2524_Roncone, John_716.725.8391 |
| GOV-00030135 | GOV-00030148 | GJ Subpoena Returns Rcvd by USAO-WDNY/Verizon_2525_Sanner, Cody_716.474.5279 |
| GOV-00030149 | GOV-00030157 | GJ Subpoena Returns Rcvd by USAO-WDNY/Verizon_2526_Tortorice, David_716.873.4280 |
| GOV-00030158 | GOV-00030170 | GJ Subpoena Returns Rcvd by USAO-WDNY/Verizon_2579-2023_Roncone, James_716-462-9966 |
| GOV-00030171 | GOV-00030183 | GJ Subpoena Returns Rcvd by USAO-WDNY/Verizon_2606_Hinkle, Howard_585.610.7115 |
| GOV-00030184 | GOV-00030199 | GJ Subpoena Returns Rcvd by USAO-WDNY/Verizon_2650_Barber, Courtney_585.261.9234 |
| GOV-00030200 | GOV-00030214 | GJ Subpoena Returns Rcvd by USAO-WDNY/Verizon_2669_Knight, Frank_585.808.7270 |
| GOV-00030215 | GOV-00030226 | GJ Subpoena Returns Rcvd by USAO-WDNY/Verizon_3007-2023/Marcaccio, Michael |
| GOV-00030227 | GOV-00030237 | GJ Subpoena Returns Rcvd by USAO-WDNY/Verizon_Knight, Frank_Burner_607-454-1833 |
| GOV-00030238 | GOV-00030249 | GJ Subpoena Returns Rcvd by USAO-WDNY/Verizon_Roncone_716-880-7894 |
| GOV-00030250 | GOV-00030254 | SW Returns Rcvd by USAO-WDNY/23-MJ-1089 |
| GOV-00030255 | GOV-00030259 | SW Returns Rcvd by USAO-WDNY/23-MJ-1092 |
| GOV-00030260 | GOV-00030273 | SW Returns Rcvd by USAO-WDNY/23-MJ-1094-01 |
| GOV-00030274 | GOV-00030277 | SW Returns Rcvd by USAO-WDNY/23-MJ-112 |
| GOV-00030278 | GOV-00030282 | SW Returns Rcvd by USAO-WDNY/23-MJ-1142 |
| GOV-00030283 | GOV-00030295 | SW Returns Rcvd by USAO-WDNY/23-MJ-1145 |
| GOV-00030296 | GOV-00030305 | SW Returns Rcvd by USAO-WDNY/23-MJ-127 |
| GOV-00030306 | GOV-00030320 | SW Returns Rcvd by USAO-WDNY/23-MJ-143 |
| GOV-00030321 | GOV-00030322 | SW Returns Rcvd by USAO-WDNY/23-MJ-144 |
| GOV-00030323 | GOV-00030332 | SW Returns Rcvd by USAO-WDNY/23-MJ-158/Premise 1-RBMC Wellsville |
| GOV-00030333 | GOV-00030340 | SW Returns Rcvd by USAO-WDNY/23-MJ-158/Premise 2- RBMC Buffalo |
| GOV-00030341 | GOV-00030349 | SW Returns Rcvd by USAO-WDNY/23-MJ-158/Premise 3- 4998 William Street-Roncone Residence |
| GOV-00030350 | GOV-00030361 | SW Returns Rcvd by USAO-WDNY/23-MJ-158/Premise 4- Outlaws MC Buffalo Clubhouse |