UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

—vs—                                              23-CR-99-EAW

FRANK KNIGHT,

        *Defendant.*

FRANK KNIGHT'S MEMORANDUM IN SUPPORT OF
SEVERANCE/SEPARATE TRIALS UNDER RULE 8 (B)

When parties are charged with multiple offenses, joinder must be proper under Rule 8 (b); that is to say, "multiple defendants may be charged with and tried for multiple offenses only if the offenses are … part of a series of acts or transactions constituting … offenses." *United States v. Turoff*, 853 F2d 1037, 1043 (2d Cir 1988).

The principal impact of analyzing motions for severance where an indictment charges <u>multiple</u> defendants with <u>multiple</u> offenses under Rule 8 (b) (instead of Rule 8 [a]) is that defendants cannot be tried together on two or more "similar" but unrelated acts or transactions. *Id.*

From Knight's perspective, the easy call is that the drug and firearms-related counts against Gogolack, Barber, and Byrd in Counts 6 through 10 are not part of a series of offenses involving Knight or any of the other remaining defendants except for Gogolack. In our view, the only connection that Counts 6 through 10 have to the overarching conspiracy in this case (the conspiracy to obstruct justice in Count 1) is

that they may involve conduct "similar" to some aspects of the Count 1 conspiracy (like drug distribution). This is insufficient to permit joinder under Rule 8 (b). Counts 6 through 10 must be severed for trial.

The government argues that Count 4 should <u>not</u> be severed under Rule 8 (b) because it involves the same "act" involved in Counts 1 through 3 (Gogolack's alleged distribution of Fentanyl to Quinn). The government's argument here assumes that Counts 1 through 3 are properly joined under Rule 8 (b). Knight, for one, disagrees.

Count 1 alleges a conspiracy to obstruct justice by (1) causing the death of Crystal Quinn based on her status as a potential witness against Peter Gerace <u>and</u> (2) obstructing the government's investigation into her death.

In analyzing this case in terms of Rule 8 (b) severance, it has become apparent that the Count 1 conspiracy is not one single conspiracy; it is two separate conspiracies. The first is a conspiracy to keep Crystal Quinn from testifying against Gerace at his trial or to retaliate against her for being a government witness. The second is a conspiracy to obstruct the investigation into Quinn's death.

It is Knight's position that the allegations about Quinn's death (how she died, who was involved, why she died), and the conduct of obstructing the investigation of her death, are not part of the "series of acts or transactions constituting" the second conspiracy charged in Count 1 (the conspiracy to obstruct the government's investigation of Quinn's death), which is the conspiracy related to the allegations against Knight. There are no allegations that Knight had anything to do bringing about Quinn's death.

Counts 2 and 3 relate to the first conspiracy charged in Count 1, as they charge some of the defendants with causing Quinn's death and allege that the motive behind it was her status as a government witness.

In our view, allegations concerning the first conspiracy—allegations about how Crystal Quinn died, allegations about the manner of her death (homicide, suicide, accidental, or otherwise), allegations about who may have been responsible for her death, and allegations that she was killed because of her status as a government witness, are irrelevant to the allegations that Frank Knight and others may have engaged in a second conspiracy to obstruct the investigation into her death.

The fact that Knight did not move against Count 1 on grounds of duplicity does not prohibit the Court from considering it in the context of a Rule 8 (b) motion for severance. In fact, even if we did move against Count 1 on grounds of duplicity, and if the Court agreed with us on that motion, the remedy would be reformulation of the indictment, or a curative jury instruction. *United States v. Helmsley*, 941 F.2d 71, 91 (2d Cir. 1991). In addition, at trial, Knight may (and undoubtedly will) request, and be entitled to, a multiple conspiracies charge. "A multiple conspiracies charge is designed to assist the jury in determining whether or not a particular charged conspiracy was truly a 'single conspiracy,' not to remind them separately to consider each charged conspiracy." *United States v. Aguilar*, 352 F App'x 522, 525 (2d Cir. 2009) ("Generally speaking, the instruction is appropriate in cases where a number of defendants have been collectively charged in the indictment with participation in a single, overall conspiracy, but where there is a basis for the

defense claim that multiple conspiracies existed") *citing* 1 SAND ET AL., MODERN FEDERAL JURY INSTRUCTIONS—CRIMINAL P 19.01, Instruction 19-5 & cmt. at 19-22 (2009).

Against this background, Knight moves for severance of Counts 2 and 3 from Counts 1, 5, and 23 against him.

If the tampering of a witness charges in Counts 2 and 3 of the indictments are, as Knight believes, subject to severance under Rule 8 (b), then the substantive count that forms the basis of the tampering, the charge of distributing Fentanyl resulting in death alleged in Count 4, must also be severed from Counts 1, 5, and 23 against Knight.

Based on the foregoing, Knight requests that only Count 1 (conspiracy to obstruct justice against Gerace, Ermin, Roncone, Knight, Hinkle, and Gogolack), Count 5 (false statements against Knight), Count 23 (false statements against Knight), and Count 26 (false statement against Roncone) be tried before a single jury, and the balance of the counts of the indictment be severed for trial under Rule 8 (b).

DATED: February 17, 2026

*s/Matthew R. Lembke*

_____
Matthew R. Lembke
CERULLI, MASSARE & LEMBKE
*Attorney for Defendant*
45 Exchange Blvd., Suite 925
Rochester, NY 14614
Telephone: [585] 454-3323
matt.lembke@cmllawfirm.com