IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

      v.                                                                                                23-CR-99-LJV

JOHN T. ERMIN, et al.,

                                     Defendants.

_____

### DEFENDANT ERMIN'S RESPONSE IN OPPOSITION TO GOVERNMENT'S PROPOSED PROTECTIVE ORDER (DKT. 779-1)

Mr. Ermin objects to so much of the government's proposed protective order (dkt. 779-1) as prohibits him from having digital copies of 3500 materials, impeachment information, the government's pretrial memoranda, witness list, 3500 list, exhibit list, or "other materials provided voluntarily by the Government pursuant to [the] protective order for trial preparation." He also objects to that portion of the proposed order that allows him to view the listed materials, but not take any notes for purposes of trial preparation (*id.* at 3).

As noted in the government's motion (dkt. 779 at 9, ¶ 19), Mr. Ermin requested that he have access to a digital copy of the materials while he remains confined in the Livingston County Jail. The government opposes this request because

> (i) the government does not believe that Mr. Ermin can be trusted to responsibly handle the materials; and (ii) the government does not consent to the 3500 material being possessed by an unknown number of unidentified jail personnel, due to the increased risk of dissemination if the materials are possessed by persons unaffiliated with this case, not supervised by attorneys, and not bound by this Court's protective order.

1

The government's proposal that Mr. Ermin be prohibited from possession the materials to be provided is repeated throughout the proposed protective order.

As defense counsel explained to the government, the government's trust or lack of trust concerning whether Mr. Ermin would responsibly handle the materials is irrelevant, since even if he were motivated to do so (which he is not), he would have no ability to mishandle the materials.

For the documents that he is currently allowed to possess, Mr. Ermin has a combination of hard copies and digital copies. For the digital copies, Mr. Ermin retains those documents on multiple thumb drives that remain in his possession. When he wants to view those documents, he is given access to a laptop that is otherwise retained by the Livingston County Jail in a secure area. This laptop does not have internet access or the ability to print documents. Mr. Ermin is only given access to this laptop while in a secure attorney visiting room, either alone or with counsel, never with another inmate or jail staff. He can then plug in his thumb drive(s) and view the document files. Those files are not retained on the hard drive of the laptop computer. When Mr. Ermin has finished viewing the documents, he removes and retains his thumb drives and jail deputies return the laptop to the secure area in the jail.

While only the thumb drives are in Mr. Ermin's possession, he has no access to the files on them, cannot share them with or show them to other inmates or jail staff, and cannot

see them himself. Likewise, while only the laptop is in the possession of jail staff, no one else can view the files that are on Mr. Ermin's thumb drives but not on the laptop hard drive.

To the government's second concern, the materials on question would not be possessed by *any* jail personnel, much less "an unknown number" and therefore there would not (and could not) be any "increased risk of dissemination if the materials are possessed by persons unaffiliated with this case;" as described above, no such persons would have even transitory or temporary possession of such materials. For these reasons, the government's fear is not only misplaced, but also without basis.

The government does not oppose Mr. Ermin having access to the information contained in the materials, only to the materials themselves. The dissemination of the information is otherwise covered in and prohibited by the remaining provisions of the proposed protective order. In Mr. Ermin's case, any such dissemination would be readily ascertainable were it ever to occur (which it has not and will not), as all of his telephone calls are monitored and recorded and his mail is monitored.

Mr. Ermin is a very active participant in the defense team, often spending (according to both him and jail staff) many hours at a time in a secure visiting room reviewing materials and identifying issues to discuss with counsel or present at trial. We, his counsel, are not with him and do not supervise him during these hours; it is not necessary, nor would it be feasible or cost-effective to do so. This procedure has been employed without issue since Mr, Ermin has been confined in the Livingston County Jail, allowing him more through

3

access to the materials and a more meaningful ability to participate in the preparation of his defense. He requests that this procedure continue with the additional pretrial materials provided.

The second "Ordered" paragraph on page 3 of the government's proposed order provides that:

> counsel for the Defendants shall not make or provide copies of the materials for Defendants or any third parties, and shall ensure that Defendants and any third parties do not take photos or videos, capture images, or in any way copy or record any 3500 materials, impeachment information, pre-trial memoranda, witness list, 3500 list, exhibit list, or other materials provided voluntarily by the Government pursuant to this protective order for trial preparation;

The language of this paragraph would allow counsel to show the materials to Mr. Ermin, but would prohibit Mr. Ermin from taking any notes relative to the materials he has viewed, for purposes of trial preparation. The defense objects to such restriction.

Mr. Ermin currently has reams of notes relating to trial preparation. He is meticulous in his review and summarization of the material, which to date has been a substantial aid to counsel in trial preparation. None of Mr. Ermin's notes, nor the information contained in them, have been disseminated to third parties or anyone beyond the defense team, even without a judicial order prohibiting or expression of concern by the government about the possibility of such dissemination. In order to be able to fully participate in the preparation of his defense, Mr. Ermin needs to be able to not just see information relating the witnesses against him, but also to catalog and organize that information for trial.

For these reasons Mr. Ermin opposes so much of the government's proposed protective order as would prohibit him from having a digital copy of the materials to be provided and to bar him from taking notes concerning the information included in the materials.

Dated: March 3, 2026

>*/s/ George V.C. Muscato*
>George V. C. Muscato, Esq.
>MUSCATO, DIMILLO & VONA, LLP
>*Attorney for Defendant John Ermin*
>107 East Avenue
>Lockport, New York 14094
>(716) 434-9177
>georgemuscato@gmail.com
>
>*/s/ Donald M. Thompson*
>Donald M. Thompson, Esq.
>EASTON THOMPSON KASPEREK SHIFFRIN, LLP
>*Attorney for Defendant John Ermin*
>16 W. Main Street – Suite 243
>Rochester, New York 14614
>(585) 423-8290
>dmthompson@etksdefense.com