IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

    v.                                                        23-CR-99-EAW

SIMON GOGOLACK, et al.,

        Defendants.

## MOTION TO SEAL

**THE UNITED STATES OF AMERICA**, by and through its attorneys, Michael DiGiacomo, United States Attorney for the Western District of New York, and Casey L. Chalbeck, Assistant United States Attorney, of counsel, hereby moves to file under seal the following: (1) the government's unredacted Pre-Trial Memorandum of Law Regarding Gerace Attorney-Client Privilege Issues and Forfeiture by Wrongdoing (dated Mar. 11, 2026) (the "Pre-Trial Memorandum"); (2) government's exhibits 1 through 51; (3) the government's unredacted Appendix 1; and (4) the government's unredacted Appendix 2.[1] Ordinarily, the government proposes limited redactions consistent with caselaw concerning grand jury secrecy and third-party privacy, as well as the operative protective orders in this case. However, as discussed below, because the Pre-Trial Memorandum extensively discusses issues regarding privilege, waiver, and the crime-fraud exception as it relates to defendant Peter Gerace, the government

---

[1] This motion assumes that each of these documents are "judicial documents" subject to a presumptive public right of access, and that the presumption of public access is strong because the Pre-Trial Memorandum and the exhibits were filed in connection with important questions regarding the government's proof in an upcoming criminal trial. *Olson v. Major League Baseball*, 29 F.4th 59, 87–88, 90 (2d Cir. 2022).

respectfully requests that the Court temporarily seal the entirety of the government's memorandum until the Court has resolved the issues raised in the Pre-Trial Memorandum.[2]

      **1.    The Court should not require the government to redact references to statements made by Mr. Gerace's private investigator.**

The government's proposed redacted Pre-Trial Memorandum does not contain redactions for statements made by Mr. Gerace's private investigator (the "Investigator"), including statements he made during a recorded interview or before the grand jury. While privileged statements and work-product might justify sealing, *see Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 125 (2d Cir. 2006) (acknowledging that "attorney-client privilege might well be such a compelling reason" to overcome the right to public access attached to judicial documents), it is, of course, the government's position that the Investigator's statements—recorded and otherwise—are not privileged and that the right of public access legally requires their publication. After all, sealing is unwarranted where the privilege does not apply. *See, e.g.*, *Suber v. VVP Servs., LLC*, No. 20-CV-8177 (AJN), 2023 WL 4817551, at *7 (S.D.N.Y. July 27, 2023) (Nathan, J.) (declining to seal attorney-client communications that were not made "to render or solicit legal advice" (internal quotations omitted)).

However, to perform its "fact-specific" task in identifying what information should be sealed and what information should be publicly disclosed, the Court must resolve whether the "contested [statements, recordings, and documents] are subject to [the] attorney-client privilege." *Lugosch*, 435 F.3d at 125. In the government's view, the Court should not discharge this responsibility without the benefit of adversarial briefing. Temporarily sealing the entirety of the Pre-Trial Memorandum means that government counsel, who cannot publicly share

---

[2] Counsel for the government has conferred with counsel for Mr. Gerace, who joins in the request to seal the Pre-Trial Memorandum in its entirety until the Court resolves the questions of privilege raised therein.

potentially privileged information,[3] will not be at risk of proposing under-inclusive redactions for a proposed public filing. Moreover, temporarily sealing the entirety of the Pre-Trial Memorandum ensures that the Court will not have to review multiple iterations of the same document with varying degrees of redaction. This will ultimately facilitate the Court's ability to efficiently resolve the government's sealing motion. *See Trott v. Deutsche Bank*, AG, No. 20 CIV. 10299 (DEH), 2025 WL 2775990, at *11 (S.D.N.Y. Sept. 30, 2025) (Ho, J.) (ordering certain documents be temporarily filed under seal pending the resolution of other litigation); *Odermatt v. Mount Sinai Hosp.*, No. 1:24-CV-05250 (JLR), 2025 WL 1993705, at *2 (S.D.N.Y. July 17, 2025) ("On June 24, 2025, this Court granted Odermatt leave to temporarily file her motion for reconsideration under seal, pending a final determination on the underlying motion."), *appeal dismissed* (Dec. 2, 2025).

    **2.    The Court should not require the government to redact references to the motion to quash litigation in 23-CV-1163.**

Relatedly, the government does not believe that redactions are necessary to Mr. Gerace's motion to quash and the ensuing argument before Judge Arcara in 23-CV-1163. *See* FED. R. CRIM. P. 6(e)(6) ("Records, orders and subpoenas relating to grand jury proceedings must be kept under seal to the extent and as long as necessary to prevent the unauthorized disclosure of a matter occurring before a grand jury."); *United States v. Guven*, No. 25-CR-0592 (LAK), 2026 WL 207506, at *2 (S.D.N.Y. Jan. 27, 2026) (noting generally that sealing can be appropriate to protect grand jury secrecy). At the time those materials were sealed, there was a pending grand jury investigation into Crystal Quinn's murder and sealing the motion to quash litigation was necessary to preserve the secrecy of the grand jury's investigation, itself. The excerpted motion

---

[3]    *See* D.C. R. Prof. Cond. 1.6 (Confidentiality of Information).

to quash materials do not discuss grand jury secrets. Because this litigation was ancillary to the grand jury's investigation, and because most of the grand jury testimony will be produced in the government's forthcoming 3500 production, continued sealing is unnecessary.

    3.    **The Court should permit the government to redact the names and identifying information of civilian witnesses.**

Should the Court agree with the government's position that the Investigator's statements are not privileged, the government's proposed redactions are relatively limited. First, the government will propose redacting the names of civilian witnesses. The Trial Protective Order entered in this case contemplates that pre-trial motions in *limine*, which the government's Pre-Trial Memorandum is analogous to, based upon witness statements shall contain redactions to "any non-law-enforcement witnesses' name and identifying information from the proposed publicly filed motion." Tr. Protective Order at 3, Dkt. 792, (dated Mar. 10, 2026). To that end, the government will propose a Pre-Trial Memorandum that redacts the names and identifying information of civilian witnesses.

    4.    **The Court should permit the government to file under seal Exhibits 1 through 51.**

Exhibits 1 through 51 consist of 3500 material or discovery related to this case. The Court should permit the government to file Exhibits 1 through 51 under seal because the Second Amended Protective Order and the Trial Protective Order both prohibit the disclosure of discovery and 3500 material to third parties. *See* Sec. Am. Protective Order at 2, Dkt. 454, (dated June 13, 2025) ("ORDERED that the Discovery Information, any copies of the Discovery Information, and the contents of the Discovery Information shall not be provided or disclosed to third parties except those persons or entities employed or engaged for the purpose of assisting in the defense of this action."); Tr. Protective Order at 2 ("ORDERED that counsel

for the Defendants shall not make or provide copies of the materials for Defendants or any third parties, and shall ensure that Defendants and any third parties do not take photos or videos, capture images, or in any way copy or record any 3500 materials or impeachment information.").

**5.   The Court should permit the government to file redacted versions of Appendix 1 and Appendix 2 at the time it permits the government to publicly docket its Pre-Trial Memorandum.**

Lastly, the Court should permit the government to publicly file redacted versions of Appendix 1 and Appendix 2. Both documents reference the name of the Investigator, a civilian witness whose name, per the Trial Protective Order, should not be publicly disseminated. *See* Tr. Protective Order at 3.

## CONCLUSION

In conclusion, the Court should (1) grant the government's motion to temporarily seal the Pre-Trial Memorandum, Appendix 1, and Appendix 2 in their entirety until it resolves the questions of privilege raised therein, at which time it will require the government to propose redactions, if any, consistent with its ruling; and (2) grant the government's motion to seal Exhibits 1 through 51.

DATED: Buffalo, New York, March 13, 2026.

MICHAEL DIGIACOMO
United States Attorney

BY:   s/ CASEY L. CHALBECK
Assistant United States Attorney
United States Attorney's Office
Western District of New York
138 Delaware Avenue
Buffalo, New York 14202
(716) 843-5881
Casey.Chalbeck@usdoj.gov
