IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NEW YORK

THE UNITED STATES OF AMERICA,

-vs-

                                                        23-CR-00099

PETER GERACE, JR.
                        Defendant.

_____

### DEFENDANT GERACE'S RESPONSE TO GOVERNMENT'S
### MOTION TO SEAL[dkt. 797]

### INTRODUCTION

On March 13, 2026, the government filed a motion to *temporarily* seal their unredacted

pretrial memorandum of law regarding Gerace attorney-client privilege issues and forfeiture by

wrongdoing along with the attached exhibits (numbered 1-51), and unredacted appendices (1 and

2). The *temporary* sealing would extend until such time as the Court resolves whether the

"contested [statements, recordings, and documents] are subject to [the] attorney-client privilege"

citing *Lugosch,* 435 F.3d at 125[1].

The government seeks to temporarily seal the entire pretrial memorandum without

distinguishing between those portions which may implicate privacy interests versus those which

favor the public's right of access. The only reason provided by the government is wholesale sealing

would avoid the potential for being "underinclusive" in its redactions for a proposed public filing.

---

[1] The defense response to the government's memorandum is due on April 10, 2026.

1

It does not explain why, if only portions of the memorandum and exhibits contain sensitive, protectved information, it is necessary to seal the entire document.

The government represents that the pretrial memorandum "extensively discusses issues regarding privilege, waiver and the crime fraud exception as it relates to defendant Peter Gerace". While the defense recognizes and defers to the Court's discretion regarding the request to temporarily seal the government's submission, under *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 124 (2d Cir., 2006) it is our view that the request to seal the entirety of the 129-page memorandum, even temporarily, is overbroad.

## PROCEDURAL HISTORY

On February 27, 2026, the government filed a motion for a protective order regarding 3500 material and pretrial submissions [dkt. 779]. On March 6, 2026, counsel for Mr. Gerace objected to several provisions of the order including opposing the sealing of the government's pretrial memorandum [dkt. 788]. Counsel for defendant Ermin and defendant Knight also filed objections. On March 9, 2026, this Court issued a Text Order [dkt. 791] providing in part:

> "In addition, the government's proposed protections in the protective order submitted with its motion far exceed just protecting against disclosure of 3500 material and are overly broad. To the extent the proposed protective order submitted by the government permits the government to file its pretrial filings, including its pretrial memorandum, witness list, exhibit list, and 3500 list under seal, the Court declines to grant this requested relief and the Court has removed any language from the government's proposed protective order to the extent it addresses pretrial filings."

The Court instructed that no party is allowed to automatically file documents under seal absent a request by formal motion since sealing of public judicial documents "should only occur if the court can make "specific, on the record findings" that sealing is necessary to preserve higher values" and any sealing order must be "narrowly tailored to achieve that aim". Citing *Lugosch,* 435 F.3d

110, 124 (2d Cir., 2006). "Thus, for instance, the court will not permit the wholesale sealing of documents" simply because some of the information is deemed to be protected material.

The protective order approved by the Court was filed on the docket at #792 on March 13, 2026. The defendants filed a joint motion for an extension of time to reply to the government's pretrial memorandum [dkt. 795] pointing out that as of that date, the government had not made a motion to file the pretrial memorandum under seal (it had been previously provided through USAfx without proposed redactions).

That same day, AUSA Chalbeck spoke with Gerace Counsel Mark Foti. Mr. Foti had not yet read the government's pretrial memorandum. Based on the representations that the government believed it was necessary to move to seal the entire document because it talked throughout about material arguably implicating attorney-client privilege, Mr. Foti said he would agree to the government's request for temporary sealing. [See dkt. 797 at 2, Nt. 2.] ("Counsel for the government has conferred with counsel for Mr. Gerace, who joins in the request to seal the pretrial memorandum in its entirety until the court resolves the questions of privilege raised therein").

The government proceeded to file a motion to seal the memorandum [dkt. 797] on March 13, 2026. On March 16, 2026, the Court issued a Text Order [dkt. 798] indicating:

> "The government has filed a motion, which the Court understands is a request to temporarily seal its pretrial memorandum concerning attorney-client privilege issues and forfeiture by wrongdoing, along with the exhibits and appendices to the memorandum. The government notes that a defendant Peter Gerace, Jr. joins in the request that the memorandum of law temporarily be sealed in its entirety, although his position on the exhibits and appendices is not clear, and none of the other defendants positions are noted".

The court allowed until Friday, March 20, 2026, for any defendant to respond to the motion.

3

**SUMMARY OF DEFENDANT'S POSITION**

With regard to the government's motion, the defense responds as follows:

1. **Government opposes redacting statements made by Mr. Gerace's private investigator**: For the reasons below the defense believes that the substance of the investigator's recording and grand jury testimony should be temporarily sealed pending a decision on defendant's motion to suppress that evidence. The defense objects to sealing the entire memorandum on this basis.

2. **Government opposes redacting references to motion to quash litigation in 23-cv-1163.** Defense defers to the Court on sealing but reserves the right to argue that litigation, which occurred six months before Crystal Quinn's death is irrelevant and/or that the admissibility of such testimony at trial should be limited.

3. **Government seeks to redact names and identifying information of civilian witnesses.** Pursuant to the protective order, civilian witness names are withheld from public disclosure. The defense objects to redacting names of individuals whose identities have already been made public or who testified in Mr. Gerace's prior trial.

4. **Government motion to seal all exhibits**. The defense objects to sealing exhibits that are publicly available transcripts, Buffalo News articles, unsealed pleadings, trial testimony or interviews with government witnesses whose identities have already been made public, Crystal Quinn cell phone records, text messages, interviews and grand jury transcripts, or publicly available documents.

## LEGAL STANDARD

As an initial matter, "[S]ealing [an] entire document is generally disfavored because the public has a right to know the workings of the courts. . . ", *Fournier v. Bank of Am. Corp.*, No. 5:13-CV-702, 2019 U.S. Dist. LEXIS 245465, at *2-3 (N.D.N.Y. Oct. 1, 2019). "The burden of demonstrating that a document submitted to a court should be sealed rests on the party seeking such action . . . ." *DiRussa v. Dean Witter Reynolds, Inc.*, 121 F.3d 818, 826 (2d Cir. 1997).

The standard applicable to the party seeking permanent sealing of a document is well established:

> "A party seeking to seal a document must provide a redacted copy for the public docket and an unredacted copy to seal. . . Further, in order to seal a document, the party moving to seal must make a showing under *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006). A designation of a document as confidential under a protective order, by itself, is not sufficient to permanently seal a document. See, e.g., *Douglas v. City of Peekskill*, No. 21-CV-10644 (KMK) (VR), 2024 U.S. Dist. LEXIS 137920, 2024 WL 3597036, at *3 (S.D.N.Y. July 30, 2024) ("Courts in this Circuit have recognized that a Court's decision to seal documents does not depend solely on their designation under the parties' protective order, but also on the Court's independent assessment of competing interests."); *Dandong v. Pinnacle Performance, Ltd.,* No. 10-CV-8086 (JMF), 2012 U.S. Dist. LEXIS 177525, 2012 WL 6217646, at *2 ("Consent of the parties [in a Protective Order or Confidentiality Order] is not a valid basis to justify sealing, as 'the rights involved are the rights of the public.'") (quoting *Vasquez v. City of N.Y.*, No. 10-CV-6277 (LBS), 2012 U.S. Dist. LEXIS 138444, 2012 WL 4377774, at *3 (S.D.N.Y. Sept. 24, 2012))".
>
> *Renois v. WVMF Funding, LLC*, No. 20-CV-9281 (LTS) (VF), 2025 U.S. Dist. LEXIS 53194, at *2-3 (S.D.N.Y. Mar. 19, 2025).

The *Lugosch* framework requires courts to determine: (i) whether the documents at issue are "judicial documents"; (ii) the weight of the presumption of public access; and (iii) "balance competing considerations against" that presumption. *Lugosch,* 435 F.3d 110, 119-20 (2d Cir. 2006)

The government is currently seeking only *temporarily* sealing pending the Court's decision on the issues raised therein. [see govt mem at 2]. Temporary filing under seal has been

permitted by courts in our Circuit but the *Lugosch* factors are still applied to those requests. See

*Ghanem v. Black Diamond Commer. Fin., LLC*, No. 23-cv-10187-VSB, 2023 U.S. Dist. LEXIS

226278, at *2-3 (S.D.N.Y. Dec. 17, 2023) (applying *Lugosch* to party's request to temporarily

seal documents to permit all counsel to meet and confer regarding redactions consistent with

Fed.R.Crim.P. 5 and the court's local and individual rules) (citing *Standard Inv. Chartered, Inc.*

*v. Fin. Indus. Regul. Auth., Ind.*, 347 F. App'x 615, 617 (2d Cir. 2009)(since the parties sought

"to temporarily seal [documents] pending the parties' meet-and-confer, there is 'limited public, as

distinguished from private interest,' in the immediate disclosure of the documents sought to

be sealed.  That 'limited public' interest is outweighed by the concerns discussed above."); See

also *Emigrant Bank v. Suntrust Bank*, No. 1:20-cv-02391-PGG-OTW, 2025 U.S. Dist. LEXIS

221456, at *9 -10 (S.D.N.Y. Nov. 10, 2025) ("The Court cannot fashion a narrowly

tailored sealing order until Plaintiffs file their anticipated motion for partial summary judgment,

and it is clear to what extent the parties include, or rely on, the Exhibits in question. Accordingly,

the balance of equities is best served by continuing to temporarily seal the Exhibits at issue

pending the submission and resolution of Plaintiffs' anticipated partial summary judgment

motion").

This framework was also applied in *Eletson Holdings, Inc. v. Levona Holdings Ltd.*, No.

23-cv-7331(LJL), 2024 U.S. Dist. LEXIS 121598, at *2-3 (S.D.N.Y. July 10, 2024), where the

court held that documents should remain under seal temporarily to allow opposing counsel to file

substantive response with reasons for or against sealing.

> "In *Lugosch*, the Second Circuit held that it was "error for [a] district court to
> conclude that it could not" decide whether documents should remain under seal until after
> it had ruled on the underlying summary judgment motion. 435 F.3d at 120-21. The public
> is entitled to know not only what the judge relied on but also what was conveyed to the
> judge that she did not rely on—what, from the public's perspective, "the judge should
> have considered or relied upon, but did not." *Id.* at 123. Thus, "[t]he public need not

await the judge's decision before it can learn what is at stake [*3] in a litigation." *Lohnn v. Int'l Bus. Machines Corp.*, 2022 U.S. Dist. LEXIS 1444, 2022 WL 36420, at *7 (S.D.N.Y. Jan. 4, 2022), *appeal withdrawn*, 2022 U.S. App. LEXIS 36262, 2022 WL 18232089 (2d Cir. July 25, 2022). The "right of access attaches upon filing." *Id.* at *9. Moreover, the Court must review the documents at issue "individually." *Brown v. Maxwell*, 929 F.3d 41, 48 (2d Cir. 2019).

The Court has not prejudged Petitioners' request to keep the materials at issue under seal. However, in order to evaluate that request, the Court needs a submission from Petitioners that lays out all its arguments, and not just some of them. Petitioners' letter leaves it unclear whether it has done so. And the Court cannot and will not necessarily wait until it has decided the motion to amend. Each passing day that a document is improperly kept under seal "may constitute a separate and cognizable infringement of the First Amendment." *Lugosch*, 435 F.3d at 126 (internal citations omitted).

Accordingly, the Court will give Petitioners until July 15, 2024, to supplement their letter with any additional, individualized, information they wish the Court to consider."

*Eletson Holdings, Inc. v. Levona Holdings Ltd.*, No. 23-cv-7331(LJL), 2024 U.S. Dist. LEXIS 121598, at *2-3 (S.D.N.Y. July 10, 2024),

Counsel for Mr. Gerace agree with the government that its pretrial memorandum and attached exhibits/appendices constitute a "judicial document" under *Lugosch*. *Std. Inv. Chartered, Inc. v. Nat'l Assn. of Sec. Dealers, Inc.*, No. 07-cv-02014 (SWK), 2008 U.S. Dist. LEXIS 4617, 2008 WL 199537, at *16 ("Motion papers are judicial documents and are thus subject to a strong presumption of access under the First Amendment."). The government addresses Mr. Gerace's relationship with his prior attorney and issues of attorney-client privilege in a discrete portion of the memorandum which does not justify sealing it in its entirety. See eg *United States v. Glob. Bus. Travel Grp., Inc.*, No. 25 Civ. 215 (VM), 2025 U.S. Dist. LEXIS 27785, 2025 WL 487619, at *3-4 (S.D.N.Y. Feb. 13, 2025) (declining to rule on whether document in its entirety should be permanently sealed but allowing temporary sealing; "[W]hile the Court is mindful that Exhibit A may contain sensitive business materials, Defendants have not sufficiently justified why a blanket seal of this document is appropriate" and directing defendants to refile with appropriate redactions).

7

The only rationale provided by the government is so "the Court will not have to review multiple iterations of the same document with varying degrees of redaction. . . [that] will ultimately facilitate the court's ability to efficiently resolve the government's sealing motion". This does not meet the standard set forth in *Lugosch* even for temporary sealing.

One of the cases cited by the government, *Trott v. Deutsche Bank, AG*, 2025 U.S. Dist. LEXIS 192851, at *10-11 (S.D.N.Y. Sep. 30, 2025)) points out that "broad allegations of harm unsubstantiated by specific examples or articulated reasoning fail to satisfy the [sealing] test." Citing *Coventry Cap. US LLC v. EEA Life Settlements, Inc.*, No. 17 Civ. 7417, 2017 U.S. Dist. LEXIS 182474, 2017 WL 5125544, at *3 (S.D.N.Y. Nov. 2, 2017). Indeed, upon review, at least some of the information in the exhibits is already in the public realm or refers to public court proceedings. Generally, this is not the type of sensitive information that would cause harm if not sealed. See *In re Application to Unseal 98 Cr. 1101(ILG)*, 891 F. Supp. 2d 296, 300 (E.D.N.Y. 2012) ("The Second Circuit has noted that a court lacks power to seal information that . . . has been publicly revealed") (citing *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 144 (2d Cir. 2004)).

Like Deutsche Bank's sealing request which was denied with respect to certain exhibits, the government's proposed wholesale sealing, albeit temporary, is not tailored at all, let alone narrowly tailored to protect the interest it asserts. *See Lugosch*, 435 F.3d at 126; *Trott v. Deutsche Bank, AG*, 2025 U.S. Dist. LEXIS 192851, at *9 (S.D.N.Y. Sep. 30, 2025)

In the event the Court decides to temporarily seal all or a portion of the government's memorandum, "continued sealing of the documents may be justified only with specific, on-the-record findings that sealing is necessary to preserve higher values and only if the sealing order is narrowly tailored to achieve that aim." *Lugosch*, 435 F.3d at 124.

Applying *Lugosch* to the government's motion for temporary sealing, the defense believes the request is overbroad and that portions of the memorandum and certain exhibits do not meet requirements for sealing. Below, the defense identifies the pages of the memorandum and numbered exhibits that do not contain material implicating privacy interests or sensitive information.

**THE DEFENSE OPPOSES TEMPORARILY SEALING THE GOVERNMENT'S PRETRIAL MEMORANDUM IN ITS ENTIRETY**

**Statements made by Mr. Gerace's private investigator**

Section "I-A" of the government's pretrial memorandum describes affidavits obtained by a private investigator from Sharon Quinn and John Greico after Crystal Quinn's death. See govt memo pp.15-16. The contents of the affidavits and litigation surrounding the investigator's grand jury testimony are referenced generally at pages 15-20. Continuing through page 21 the government specifically details the investigator's grand jury testimony during which he produced a copy of an audio recording of his meeting with Sharon Quinn and John Greico. Pages 22-24 summarize further proceedings before Judge Arcara relative to the investigator's grand jury appearance. Pages 25-26 again reference the contents of his grand jury testimony and specifically include his responses about whether he was hired by Mr. Gerace's prior counsel. Pages 26-31 summarize the nature of the recorded interview.

Counsel for Mr. Gerace have previously moved to suppress from use at trial the private investigator's work product as being privileged. This Court has yet to decide the issue. See dkt 765, Decision and Order (leaving motion to suppress [dkt 545] unresolved pending further briefing and argument, filed 02/18/2026); *Travelers Indem. Co. v. Excalibur Reinsurance Corp,*

No. 3:11-cv-1209, 2013 U.S. Dist. LEXIS 110400, at *18 (D. Conn. Aug. 5, 2013) ("[I]t is well-settled within the Second Circuit that the attorney-client privilege may be a sufficiently compelling reason to defeat the public's right of access to judicial documents")(citing *Lugosch*, 435 F.3d at 125)).

Since pages 15-31 of "I-A" discusses potentially privileged statements by Mr. Gerace's investigator that the defense has sought to suppress, the defense believes there is an adequate basis under *Lugosch* to temporarily seal that portion of the memorandum until the Court decides the substantive issues.

**The government does not believe it should be required to redact references to the motion to quash litigation in Mr. Gerace's prior case (23-cv-1163)**

The government discusses litigation before Judge Arcara in relation to 19-cr-227 involving Mr. Gerace's investigator's grand jury testimony. However, that portion of the memorandum does not discuss any confidential grand jury information and the defense defers to the Court as to whether this portion of the memorandum should be temporarily sealed to the extent it is intertwined with the general discussion about actions taken by Mr. Gerace's investigator.

**Other portions of the government's memorandum**

Section "I-B" (pp.36-47) summarizes case law addressing the following without including the particular facts of this case: Law of the Case Doctrine, Attorney-Client Privilege, Work Product Doctrine, Waiver of Privilege, Crime Fraud Exception, Statements by Agents and Co-conspirator Statements. This is simply a discussion of general legal principles the government believes are relevant to the Court's analysis of the admissibility of certain evidence. Since there is no information in that section that is sensitive or implicates privacy interests, it should not be sealed.

Section "I-C" applies the case law in "I-B" to the factual scenario in "I-A". It urges the Court to find that the investigator's recorded statements during his interview with Sharon Quinn and John Grieco are admissible as agent and co-conspirator statements, that Mr. Gerace's prior attorneys made statements that are admissible as agent statements and, as to one of his attorneys, that statements qualify as co-conspirator statements. [p.49] While the government summarizes some of the litigation before Judge Arcara on the defendant's motion to quash the subpoena to the investigator, the contents of the recording itself are not referenced. The defense believes the content of the investigator's grand jury testimony may be subject to temporary sealing; however, the government's legal arguments about the admissibility of various statements, as it is simply a general discussion of evidentiary principles, should not be sealed. References to the investigator's grand jury testimony is interspersed through pages 66-91 of the memorandum; therefore, those pages should be sealed.

Section "II" (pp.92-129) relate entirely to the government's theory of admissibility of Crystal Quinn's various statements to law enforcement between January 24, 2023 and her death on August 1, 2023. Within this section, the only portion the defense believes is subject to sealing are pp. 95-97 which deal with certain conduct of Mr. Gerace's prior counsel conduct in eliciting another attorney to contact Crystal Quinn in February 2023; and pages 104 -105 referencing a witness' statement about certain allegations Ms. Quinn made that involve her being the victim of a crime.[2] There are other references to statements or grand jury of other civilian witnesses on pp. 104-109, 112 that would be subject to this Court's protective order and not disclosable to the public. The remainder of the memorandum lays out the government's position regarding the

---

[2] These statements are called into question by text messages that Crystal Quinn sent during this time period. The government's memorandum does not address the admissibility of Quinn's cell phone records, including these text messages.

admissibility of the various statements. Since pages 95-97, 104-109, 112 mention civilian statements that have not otherwise been publicly disclosed and are subject to the Court's protective order, the defense believes there is a basis for temporary sealing.

### The Court Should Balance the unindicted co-conspirators' Due Process Rights with the Public's Right of Access

Throughout section "I-C" of the government's memorandum there are references to acts by Mr. Gerace's prior counsel and investigator that the government characterizes as criminal. See p. 72 "There is probable cause to believe [defendant, the attorney and investigator] committed a fraud—and, as to [the attorney and investigator] a crime…" in an attempt to fraudulently induce Judge Sinatra into recusing himself from cases 19-CR-227 and 23-CR-37.

While current counsel for Mr. Gerace does not take a position on whether sealing such allegations in the government's memorandum is appropriate, neither the attorney nor the investigator have been charged with any such crimes despite the government's current claim that "probable cause" exists.

As unindicted co-conspirators they were not charged with crimes and an 801(d)(2)(E) co-conspirator is not necessarily a criminal. All that is required is that he be a "joint venturer" in a common plan not necessarily requiring criminal intent. *United States v. Anderson*, 55 F.Supp.2d 1163, 1168 (D.Kansas 1999) (citing *United Sates v. Layton*, 855 F.2d 1388, 1399 (9th Cir. 1988). Further, a person need not be named in an indictment to be considered a co-conspirator for purposes of admitting testimony. See Mueller & Kirkpatrick, *Procedure for Applying Co-conspirator Exception*, Federal Evidence §429 (2d Ed. 1994).

Here the government used a speaking indictment to inform the public of its theory of prosecution and identified the attorney either intentionally to stigmatize him, or without regard to that concern. The Anderson court dealt with similar concerns by ordering the sealing of the

government's memorandum "until such time as this order becomes final. When this order becomes final it shall unseal the document and 'completely and permanently strike the names of the co-conspirators. See *Smith*, 656 F.2d at 110). See also *United States v. Kahale,* 789 F.Supp. 2d 359, 374 (E.D.N.Y. 2009).

However, here the government has made clear that references to the attorney in the indictment reflect its view the individual is complicit in the defendants' alleged criminal activity. Further, from public filings read in conjunction with the second superseding indictment, while un-named, the identity of "Attorney-1" is clear. The stigma attached, especially to an attorney, may cause damage to his reputation and economic interests and may be actionable as a due process violation. See *United States v. Briggs*, 514 F.2d 794, 803 (5th Cir. 1975) ("if the charges are baseless, the named person should not be subjected public branding, and if supported by probable case he should not be denied a forum"; see also *United States v. Chadwick*, 556 F.2d 450 (9th Cir. 1977). Because of these concerns, courts have sealed legal memoranda and various other pleadings. *United States v. Anderson*, 55 F.Supp2d 1163, 1168 (D.Kansas 1999).

Some courts have ordered filings to be sealed if they refer to the unindicted co-conspirator by name, as the government's memorandum does here. *United States v. Smith*, 776 F.2d 1104, 1115 (3rd Cir. 1985) (affirming district court's denial of media access to a sealed portion of a bill of particulars in which government identified unindicted co-conspirators referenced in indictment). Here the government is essentially telling the public that it believes the attorney and investigator may be guilty of serious crimes in a situation where they have no forum to defend themselves.

While much of part "I" of the government's memorandum discusses previous litigation involving Mr. Gerace in two other cases before two other judges which may otherwise not

13

qualify for sealing, the defense defers to the Court regarding whether to take precautionary measures to avoid further injury to those individuals. See *Anderson*, 55 F.Supp.2d 1163 (court held government violated uncharged individual's due process rights even though she testified for the government by publicly identifying her as unindicted co-conspirator in pretrial moving papers and ordered expungement of all references to her in government's filings).

### The government's characterization of Mr. Gerace's prior counsel and investigator may raise Sixth Amendment issues of Effective Assistance of Counsel

Here, the government's memorandum raises an issue about whether Mr. Gerace received effective assistance of counsel during the period March -October 2023 when the government claims the attorney made certain statements or undertook certain actions on his behalf. While Mr. Gerace was not charged in this case until January 2024, the government's memorandum discusses actions allegedly in furtherance of the conspiracy as charged in this case.

The Sixth Amendment and the State Constitution guarantee a criminal defendant conflict-free representation. *Wood v Georgia,* 450 US 261, 271 [1981]. If the attorney is implicated in the "same or closely related criminal conduct" as the defendant, as a co-defendant or otherwise, the Second Circuit has held that the conflict is a per se violation of the Sixth Amendment and cannot be waived. *United States v. Williams,* 372 F3d 96, 103 (2d Cir. 2004).

### The government requests that the names and identifying information of civilian witnesses be redacted

The government proposes redacting the names of civilian witnesses pursuant to the trial protective order. However, several of the civilian witnesses referenced in the exhibits or the body of the memorandum have previously testified at Mr. Gerace's first trial (19-cr—227). Since their

14

identities and testimony are already public, there would be no need to seal those portions of the memorandum or exhibits.

**The government's request to seal all 51 exhibits is overbroad**

The defense requests only exhibits 3,9, 14 (grand jury exhibits only), 15,17-24, 32-33, 42-46, 49 and 51 be temporarily sealed. Those documents are either sealed by prior order of a court, covered by the terms of the operative protective order or do not involve witnesses who have previously been publicly disclosed or who provided testimony in Mr. Gerace's prior case. The remaining exhibits are publicly available transcripts of proceedings or other publicly available documents and, therefore, there is no basis to seal them.

**The government should not be allowed to file redacted versions of the appendices at the time the government publicly dockets its pretrial memorandum.**

The government argues that the appendices to its memorandum should be sealed: "Both documents reference the name of the investigator, civilian witness whose name, per the protective order, should not be publicly disseminated. The two Appendices which are flow charts of evidentiary grounds for admitting certain testimony by Mr. Gerace's prior lawyer and investigator. The defense believes that rather than sealing the appendices the names can simply be redacted.

**CONCLUSION**

Based on the foregoing Mr. Gerace opposes the wholesale sealing, albeit temporary, of the government's memorandum, exhibits and appendices in the absence of analysis by the government and reasons supporting sealing. For the reasons already discussed, the defense believes that pages 15-31; 66-91; 95-97, 104-109, 112 meet the requirements of *Lugosch* and

15

may be sealed as well as exhibits 3,9, 14 (grand jury exhibits only), 15,17-24, 32-33, 42-46, 49 and 51.

Dated:  March 20, 2026
        Orchard Park, New York

                                    Respectfully submitted,

                                    /s/ Cheryl Meyers-Buth
                                    Cheryl Meyers Buth, Esq.
                                    MEYERS BUTH LAW GROUP, PLLC
                                    *Attorney for Defendant Peter Gerace, Jr.*
                                    21 Princeton Place, Suite 105
                                    Orchard Park, New York 14127
                                    (716) 508-8598
                                    cmbuth@mblg.us

                                    *s/ Mark A. Foti*
                                    Mark A. Foti, Esq.
                                    The Foti Law Firm, P.C.
                                    *Attorneys for Defendant Peter Gerace, Jr.*
                                    16 W. Main Street – Suite 100
                                    Rochester, NY 14614
                                    (585) 461-1999
                                    mark@fotilaw.com

16

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NEW YORK

THE UNITED STATES OF AMERICA,

-vs-

                                                **23-CR-00099**

PETER GERACE, JR.

                    Defendant.

## CERTIFICATE OF SERVICE

I hereby certify that on March 21, 2026, I electronically filed the foregoing Response to the Government's Motion to Seal with the Clerk of the United States District Court for the Western District of New York via the Court's CM/ECF system, thereby serving copies on the United States Attorney's Office for the Western District of New York and all parties on the service list, in accordance with the Local Rules and Federal Rule of Criminal Procedure 49(b).

                                        *s/Cheryl Meyers Buth*
                                        Cheryl Meyers Buth