IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

v.                                                    23-CR-99-EAW

SIMON GOGOLACK, et al.,

                         Defendants.

---

## MOTION FOR DISCLOSURE OF DISCOVERY

The United States of America moves this Court for the disclosure of certain discovery

subject to the Second Amended Protective Order (Dkt. 454).[1]  On February 11, 2026, the

government served attorney Michael D'Amico a trial subpoena in connection with the

upcoming trial in *United States v. Gogolack*, 1:23-CR-99.  On March 16, 2026, the government

met with counsel for Mr. D'Amico, James P. Harrington, Esq., to discuss the parameters of

a potential motion to quash.  To adequately prepare any motion to quash, Mr. D'Amico seeks

certain discovery that could bear on the scope of his trial testimony, including law

enforcement reports of interviews of Mr. D'Amico and certain jail calls made by defendant

Simon Gogolack concerning Mr. D'Amico.[2]  The government agrees that this is an

---

[1]    On Friday, March 20, 2026, the undersigned emailed a draft of this motion to defense counsel and asked defense counsel to register any objection to this motion by close of business on today's date, Monday, March 23, 2026.  Counsel for Mr. Gerace and Mr. Hinkle responded that they do not object to this motion.  No other defendant has responded.  Accordingly, it is unclear if certain defendants oppose this motion.

[2]    The government previously shared with Mr. D'Amico's counsel Cellebrite reports from Crystal Quinn's phones of Mr. D'Amico's conversations with Ms. Quinn.  These reports were user-friendly versions of material Mr. D'Amico already has on his cellular telephone.

appropriate request, especially because a motion to quash could relate to confidential or privileged information shared between Mr. D'Amico and Ms. Quinn.[3]

The Second Amended Protective Order contemplates that parties may move this Court to relax its provisions as necessary.  *See* Dkt. 454 at 4 ("Nothing in this Order shall prevent any party from seeking modification of this Order nor prevent the defense from contesting a sensitivity designation.").  Thus, while the disclosure of discovery to third parties would ordinarily be prohibited, *see id.* at 2, disclosure of a limited set of material is necessary to assist Mr. D'Amico in evaluating to what extent, if at all, he moves to quash the subpoena.  Mr. D'Amico has reviewed the Second Amended Protective Order and agrees to its terms.

Accordingly, the government respectfully asks the Court to (1) permit it to disclose limited discovery bearing on Mr. D'Amico's evaluation of whether to quash the February 11, 2026, trial subpoena and (2) order Mr. D'Amico to manage any discovery he receives in accordance with the Second Amended Protective Order.

DATED:  Buffalo, New York, March 23, 2026.

Michael DiGiacomo
United States Attorney

BY:    s/ CASEY L. CHALBECK
Assistant United States Attorney
United States Attorney's Office
Western District of New York
138 Delaware Avenue
Buffalo, New York 14202
(716) 843-5881
Casey.Chalbeck@usdoj.gov

---

[3]    Mr. D'Amico does not oppose this motion.

2