UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA


                    v.                                    23-CR-99-EAW

MICHAEL RONCONE,

                    Defendant.

_____

### MICHAEL RONCONE'S RESPONSE TO THE GOVERNMENT'S FIRST AMENDED MOTION TO SEAL PRE-TRIAL MEMORANDUM

Defendant MICHAEL RONCONE, by and through his attorneys, hereby files his response to the Government's First Amended Motion to Seal (Dkt. 813). For the following reasons, should the Court decide sealing is not appropriate, Section II, ¶ 15 of the Government's Pre-Trial Memorandum should be redacted, and Exhibits 42, 43, and 44 must be sealed.

### RELEVANT PROCEDURAL HISTORY

The government filed its motion to seal on March 13, 2026 (Dkt. 797), seeking to seal: (1) the government's unredacted Pre-Trial Memorandum of Law Regarding Gerace Attorney-Client Privilege Issues and Forfeiture by Wrongdoing, dated March 11, 2026 (the "Pre-Trial Memorandum); (2) the accompanying government exhibits 1 through 51; (3) the government's unredacted Appendix 1; and (4) the government's unredacted Appendix 2. Defendant Roncone filed his response to the Pre-trial Memorandum (the "Response") on March 20, 2026. (Dkt. 807). In that

response, Mr. Roncone argued that Section II, ¶ 15 and exhibits 42, 43, and 44 must be redacted, if the Pre-trial Memorandum is not sealed.

On March 23, 2026, Hon. Elizabeth A. Wolford filed a text Order directing the government to "either (1) clearly articulate the basis for why the wholesale sealing of its motion papers is necessary, or (2) submit a more narrowly-tailored sealing request and redacted motion papers" on or before March 27, 2026. (Dkt. 809). The Government filed its Amended Motion to Seal (the "Amended Motion") and proposed redactions on March 26, 2026. (Dkt. 813).

ARGUMENT

## I.    Exhibits 42, 43, And 44 Must Be Sealed.

The Government's Amended Motion appropriately recognizes that exhibits 42, 43, and 44 must be sealed because they are 3500 material that is protected by the protective order. *See* Govt.'s First. Amm. Mtn. to Seal. (Dkt. 813). We agree.

On March 10, 2026, this Court filed the Trial Protective Order (Dkt. 792) which prohibits the dissemination of the 3500 material the Government provides to defense counsel ahead of trial. There is no reason that the Court should deviate from that Order. Exhibits 42, 43, and 44 must be sealed.

## II.   Paragraph Fifteen Of Section II Must Be Redacted If The Court Determines Sealing Is Not Appropriate.

Mr. Roncone acknowledges and respects the public's interest in accessing judicial documents. However, the public is not entitled to unfettered access to every judicial document. *See generally Lugosch v. Pyramid Co.*, 435 F.3d 110 (2nd Cir.

2006) (holding in part that despite a presumption of access, judicial documents may be kept under seal to preserve higher values if the sealing order is narrowly tailored to achieve that aim). Pursuant to *Lugosch*, Courts are required to: (i) determine whether the document in question is a "judicial document;" (ii) determine the weight of the presumption of public access; and (iii) balance competing considerations against the presumption of access. *Lugosch*, 435 F.3d 110, 119-20 (2nd Cir. 2006). In determining the interests that compete with and may overcome the presumption of public access, courts must consider law enforcement concerns and judicial efficiency, and privacy interests. *United States v. Amodeo*, 71 F.3d 1044, 1050-51 (2nd Cir. 1995). Notably, an interest may fall under the "privacy interest" category even if it does "fit comfortably" under that rubric. *Id.* at 1051. Things to be considered here are the nature of the documents and degree of privacy, nature and degree of the injury, the sensitivity and subject of the information, and the reliability of the information. *Id.*

Consistent with that notion, this Court has issued multiple protective orders in this case to ensure that the public's access to judicial documents is appropriately balanced with values such as protecting the identity of witnesses and the defendants' due process rights. That balance is both necessary and appropriate.

Through that lens, Mr. Roncone takes issue with the public docketing of paragraph 15 of Section II of the Government's Pre-Trial Memorandum because it reveals protected 3500 material that is protected by the protective order entered by this Court on March 10, 2026 (Dkt. 792). That order, *inter alia*, prohibits the

dissemination of the protected material. It has already been determined that there is no presumption of access to those documents.

To be clear, the allegations in paragraph 15 of Section II of the Pre-trial memorandum sets forth the *very content* of Exhibits 42, 43, and 44, which the Government fully admits are "3500 material protected by the Second Amended Protective Order and/or Trial protective order." *See* Govt.'s First. Amm. Mtn. to Seal. (Dkt. 813). Again, we agree with the Government that Exhibits 42, 43, and 44 must be sealed because they are protected material and under this Court's Order may not be publicly shared.

The Government cannot be permitted to embed the content of protected material in an un-sealed motion to bypass the current protective order. Doing so would effectively nullify the protective order. And redacting only names and identifying information, as the government proposes, is not sufficient; the protective order does not protect only the names and identifying information of witnesses, but rather the entirety of the 3500 material. For this reason, paragraph 15 of Section II of the Pre-trial Memorandum must be redacted.

Additionally, as set forth in Mr. Roncone's Response (Dkt. 807), he intends to file a motion regarding this portion of the Government's Pre-trial Memorandum. The deadline to file that motion is currently April 10, 2026. Briefly, and without impermissibly discussing the content contained within protected material, the Pre-Trial Memorandum makes seemingly unfounded allegations made for the first time in three years of litigation. This portion of the Pre-Trial Memorandum raises

significant questions and concerns of reliability, credibility, relevancy, and therefore admissibility. Dissemination of this 3500 material through the channel of the Government's Pre-Trial Memorandum would be unduly prejudicial against Mr. Roncone, would not be outweighed by any potential probative value, and would jeopardize Mr. Roncone's right to a fair trial. These issues will be explored more fully in Mr. Roncone's forthcoming pre-trial motion, and weigh in favor of the sealing or redacting of the relevant section under both the *Lugosch* and *Amodeo* frameworks. Even if this portion of the Pre-trial Memorandum was not covered by the protective order and subject to sealing– which it is – paragraph 15 of Section II must be redacted pending a final decision on Mr. Roncone's forthcoming pretrial motion.

Pursuant to *Logusch* and *Amodeo*, in weighing the interests in sealing or redacting the paragraph 15 of Section II, redaction of this portion of the Pre-trial Memorandum, should the Court determine that sealing is not appropriate, is necessary.

## CONCLUSION

For the forgoing reasons, it is respectfully requested that if this Court determines that the sealing of the Government's Pre-Trial Memorandum and accompanying exhibits is not appropriate, that Paragraph 15 of Section II of the Pre-trial Memorandum be redacted, and Exhibits 42, 43, and 44 be sealed, plus any such further relief in Mr. Roncone's favor that this Court deem just and proper.

DATED: March 27, 2026

*s/ Jenna M. Wojdan-Price*

_____

Jenna M. Wojdan-Price
Wojdan-Price Law
*Attorney for Defendant*
*Michael Roncone*
135 Delaware Ave. Suite 406
Buffalo, New York 14202
(716) 218-0895
jenna@wojdanpricelaw.com

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA

              v.                                      23-CR-99-EAW

MICHAEL RONCONE,

        Defendant.

_____

## CERTIFICATE OF SERVICE

I hereby certify that on March 27, 2026, I electronically filed the forgoing with the

Clerk of the District Court using its CM/ECF system, which would then

electronically notify all counsel of record.

DATED: March 27, 2026

                                               *s/ Jenna M. Wojdan-Price*
                                              _____

                                              Jenna M. Wojdan-Price
                                              Wojdan-Price Law
                                              *Attorney for Defendant*
                                            *Michael Roncone*
                                              135 Delaware Ave. Suite 406
                                            Buffalo, New York 14202
                                            (716) 218-0895
                                            jenna@wojdanpricelaw.com