

**U.S. Department of Justice**

*United States Attorney*
*Western District of New York*

---

*Federal Center*                                          *716.843.5700*
*138 Delaware Avenue*                    *Fax:*      *716.551.3052*
*Buffalo, New York   14202*     *Writer's Telephone:*  *716.843.5881*
                                              *Writer's fax:*   *716.551.3052*
                                           *Casey.Chalbeck@usdoj.gov*

March 30, 2026

**VIA PACER**

Hon. Elizabeth A. Wolford
Chief United States District Judge
Kenneth B. Keating Federal Building
100 State Street
Rochester, New York 14614

Re:     ***United States of America v. Gogolack*, et al.,**
        **Case Number: 23-CR-99-EAW**

Dear Chief Judge Wolford:

On March 11, 2026, the government filed a pre-trial memorandum of law addressing issues of forfeiture by wrongdoing.[1] Footnote 22 of the government's filing requires a substantive revision.   The footnote presently reads:

> For the purposes of conducting a forfeiture by wrongdoing analysis, it is unnecessary to resolve to what extent, if any, Ms. Quinn's non-testimonial statements are admissible pursuant to a hearsay exception. The government anticipates that many of the hearsay determinations will need to be made during trial, at which time witnesses will testify to Ms. Quinn's state of excitement while making the statements. Accordingly, this brief does not fully address the admissibility—pursuant to various hearsay exceptions—of Ms. Quinn's non-testimonial statements.

Pre-Tr. Mem., at 95 n. 22, (dated Mar. 11, 2026).[2]

Footnote 22 should read:

> For the purposes of conducting a forfeiture by wrongdoing analysis as it relates to the admissibility of testimonial statements, it is unnecessary to resolve to what extent, if any, Ms. Quinn's non-testimonial statements

---

[1]     This filing has not yet been publicly docketed, as questions regarding the scope of the filing's sealing remain unresolved.

[2]     Page numbers refer to the page number o on the docketed filing.

are admissible pursuant to any hearsay exception, including but not limited to Rule 804(b)(6).   The government anticipates that many of the hearsay determinations will need to be made during trial, at which time, for example, witnesses will testify to Ms. Quinn's state of excitement while making the statements.   Accordingly, this brief does not fully address the admissibility—pursuant to various hearsay exceptions—of Ms. Quinn's non-testimonial statements.

To be clear, the government is not arguing that Rule 804(b)(6) applies exclusively to testimonial statements.   The focus of the government's brief, however, is on (1) the testimonial statements, as they implicate the defendants' confrontation rights, and (2) the abbreviated offer of proof.   The government intends to file motions in *limine* regarding some of Ms. Quinn's non-testimonial statements and argue their admissibility under myriad exceptions to the bar against hearsay, including but not limited to Rule 804(b)(6), and on non-hearsay grounds. Those motions will be included in the government's April 17, 2026, filing.

Respectfully,

Casey L. Chalbeck
Assistant United States Attorney

CC (via PACER):
Counsel of record.

2