IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

      v.                                     23-CR-99-EAW

SIMON GOGOLACK, et al.,

      Defendants

---

### ADVISORY

**THE UNITED STATES OF AMERICA**, by and through its attorney, Michael DiGiacomo, United States Attorney for the Western District of New York, Casey L. Chalbeck, Assistant United States Attorney, hereby advises the Court that on April 1, 2026, the undersigned invited counsel for the defendants to identify any outstanding issues that needed to be raised with the Court and that could not be resolved through motions *in limine*. Following this email, the undersigned conferred with Attorney Cheryl Meyers Buth, Esq., counsel for Mr. Gerace. Attorney Meyers Buth advised that she had previously invited counsel for the co-defendants to identify all outstanding issues. Counsel for Mr. Ermin was the only counsel to respond to her solicitation. Additionally, counsel for Mr. Knight and counsel for Mr. Ermin responded to the government's email. Based on the responses received to date, the government has identified the following issues that need, or may need, to be resolved:

1.    **Requires Resolution**: whether, and to what extent, Messrs. Ermin and Gerace may possess 3500 material on their jail laptops. In its motion for a 3500 material protective order, the government noted that Messrs. Ermin and Gerace opposed the government's proposed protective order, in part, because

it did not permit them to possess 3500 material on a hard drive accessible to them in jail. *See* Mot. 3500 Prot. Order, at 9–10 ¶¶ 19–20, Dkt. 779, (dated Feb. 27, 2026). Mr. Ermin filed a response in opposition to the government's motion, arguing why he should be permitted to personally possess the 3500 material on his computer. *See* Resp. Opp., Dkt. 784, (dated Mar. 3, 2026). Mr. Gerace also responded, arguing much the same. *See* Resp. Opp., at 7–9, Dkt. 788, (dated Mar. 6, 2026). On April 1, 2026, Mr. Ermin reiterated to the government his concern about his "practical inability . . . to review the 3500 material," and noted he would "welcome more information on the basis of the government's concern relative to dissemination should he be permitted to review the material pursuant to" the proposal outlined in his response papers. E-Mail from Attorney Don Thompson, (dated Apr. 1, 2026). In its Text Order granting, in part, the government's motion for a protective order, the Court noted that it "intends to explore with counsel at [the April 6, 2026] status conference whether there are alternative means available to permit an in-custody defendant to review 3500 material without having to require defense counsel to sit in observation (*e.g.*, in the USMS lock-up at the courthouse)." Text Order, Dkt. 791, (dated Mar. 9, 2026).

2.   **Requires Resolution**: the scope of any sealing regarding the government's March 11th Pre-Trial Memorandum. On March 26, 2026, the government filed an amended motion to seal its March 11th Pre-Trial Memorandum and certain exhibits. Am. Mot. Seal, Dkt. 813, (dated Mar. 26, 2026). Mr. Roncone filed a response to the government's motion arguing that certain

2

content in the March 11th Pre-Trial Memorandum should also be redacted.  *See generally* Resp. Mot., Dkt. 816, (dated Mar. 27, 2026).  On March 30, 2026, the Court issued a Text Order indicating that it "is inclined to grant the government's motion as revised, with the additional sealing of the information requested by defendant Michael Roncone in his filing at Docket 816, at least on a temporary basis." Text Order, Dkt. 818, (dated Mar. 30, 2026). Furthermore, the Court invited the remaining defendants to respond to the government's amended motion "on or before April 2, 2026" and stated its intent to address any disputes at the April 6th status conference.  *Id.*

3.     **May Require Resolution**: As the Court and the parties are aware, attorney Mike D'Amico, Esq., *may* file a motion to quash his trial subpoena, in whole or in part.  The government notes this possibility for the Court's situational awareness.

4.     **May Require Resolution/Miscellaneous**: counsel for Mr. Knight sent the government the following response to its invitation to raise issues:

Casey,

On behalf of Frank Knight,  I currently have no practical manner for Frank to review discovery and 3500 material to assist in his defense.  This is the only issue I can identify at this time that will not be resolved by the usual pretrial filings.

Barry

Barry J. Donohue, Esq.
77 Broad Street
Tonawanda, New York  14150
(716) 693-0359
e-mail: barry@donohuelaw.com

There is not presently a controversy between the government and Mr. Knight for the Court to resolve, and Mr. Knight has not represented his intent to file any such motion.  To the extent Mr. Knight believes he needs to file any motions to effectively prepare for trial, the government encourages him to do so.

DATED:   Buffalo, New York, April 1, 2026.

MICHAEL DIGIACOMO
United States Attorney

BY:    s/CASEY L. CHALBECK
       Assistant United States Attorney
       United States Attorney's Office
       Western District of New York
       138 Delaware Avenue
       Buffalo, New York 14202
       716.843.5881
       Casey.Chalbeck@usdoj.gov

4