UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

vs.                                                             Docket No 1:23-cr-99

JOHN THOMAS ERMIN, et al.

                        Defendant.

_____

## MOTION TO SEVER UNDER FED.R. CRIM. P. RULE 14(a)

GEORGE V.C. MUSCATO and DONALD M. THOMPSON, Attorneys for Defendant,

JOHN THOMAS ERMIN, move to sever pursuant to Fed. R. Crim. P. Rule 14(a).

### PROCEDURAL HISTORY

Defendant Ermin filed a Non-Dispositive Omnibus Motion on April 16, 2025 that

included a request for a severance pursuant to Fed. R. Crim. P. Rule 8(a)(b) and Rule 14(a). (Dkt.

405).

In further proceedings before the Court, the parties briefed and argued the severance

motions.  The Court rendered a decision on Rule 8 severance and denied without prejudice

Defendant Ermin's request for Rule 14(a) severance, setting a date of April 6 for a renewed

filing.

### RELIEF REQUESTED

Defendant Ermin requests that Counts 1-3 be severed and that he be tried individually

with respect to the second superseding Indictment.

1

**LEGAL ARGUMENT**

The Court may consider severance when evidence admitted by or against a co-defendant would unduly prejudice the defendant's ability to receive a fair trial. United States v. Figueroa, 618 F.2d 934, 946-947 (2nd Cir. 1980).  Since our initial filing, Defendant Gerace has been convicted of sex trafficking including witness tampering and is scheduled to be sentenced at the end of this month. It goes without saying that Defendant Gerace is expected to receive a lengthy sentence with all the attendant publicity.

The gravamen of the present indictment is witness intimidation and retaliation, very similar allegations to those upon which Defendant Gerace is about to be sentenced.

The Government alleges that Defendant Ermin met with Defendant Gerace at the Niagara County Jail. There is no evidence of the substance of that meeting. The Government would have the jury believe that they discussed Crystal Quinn's cooperation and what to do about it.

The jury's knowledge of Peter Gerace's legal problems is extremely prejudicial to Defendant Ermin when assessing the import of their meeting at the jail.

As disclosed in the Government's recent Memorandum and filing, it alleges that Peter Gerace's former attorney (referenced as Attorney 1) was a co-conspirator in the effort to silence or neutralize Crystal Quinn. Defendant Ermin was not involved in any of the attorney-client meetings between Gerace and his former counsel.  It is not alleged that he possessed any knowledge with respect to these meetings or their substance.  Clearly, the Government intends to establish a motive on behalf of Defendant Gerace to silence Crystal Quinn.  This evidence would normally not be admissible against Defendant Ermin.  It would, however, be highly inflammatory and prejudicial.

2

It is our position on behalf of Defendant Emin that no jury charge or instruction would insulate Defendant Ermin from this unfair prejudice.

Finally, Defendant Ermin has no opposition to the relief requested by Defendants Knight and Roncone in their motions for severance.

WHEREFORE, we request that Defendant Ermin's trial be severed from that of the other defendants allowing him to proceed alone, permitting him to supplement this application upon the disclosure of additional evidence or information that would support severance, and granting such other and further relief as the Court may deem just and proper.

Dated: April 6, 2026

/s/ George V.C. Muscato
GEORGE V.C. MUSCATO, ESQ.
Attorney for Defendant JOHN ERMIN

/s/ Donald M. Thompson
DONALD M. THOMPSON, ESQ.
Attorney for Defendant JOHN ERMIN