

**U.S. Department of Justice**

*United States Attorney*
*Western District of New York*

| | |
|---|---|
| *Kenneth B. Keating Federal Building* | *585.935.7512* |
| *100 State Street, Suite 500* | *Fax: 716.551.3052* |
| *Rochester, New York 14614* | *Writer's Telephone: 585.935.7512* |
| | *Writer's fax: 716.551.3052* |
| | *Nicholas.Cooper@usdoj.gov* |

April 7, 2026

**VIA CM/ECF**

Hon. Elizabeth A. Wolford
Chief United States District Judge
Kenneth B. Keating Federal Building
100 State Street
Rochester, New York 14614

Re:     ***United States of America v. Gogolack*, et al.,**
            **Case Number: 23-CR-99-EAW**

Dear Chief Judge Wolford:

I am writing this letter to update the Court and defense counsel about information provided to me yesterday afternoon by the United States Marshals Service (USMS). During a status conference on this matter yesterday, the Court and the parties discussed potential solutions to allow defendants to review 3500 materials without requiring the supervision of their attorney. One such solution posited (and ultimately ordered) by the Court was for defendants to be produced to the US Courthouse (in either Rochester or Buffalo) and to be set up in a secure room by the United States Marshals Service to review the 3500 materials – in which case the attorney need not remain present to supervise the review, as it will be occurring in a secured setting controlled by the USMS. The parties and the Court contemplated that such review, in the Courthouse, would likely occur with paper copies of the 3500 material, as the Court was not inclined to grant defendants access to 3500 material on a laptop computer, unsupervised, unless it was a computer acquired from the Second Circuit "laptop program" designed for incarcerated individuals. However, the possibility of Second Circuit laptops (if and when received) being used for that purpose at the courthouse was also discussed.

Very shortly after the Court appearance, members of the USMS contacted the undersigned and provided relevant information regarding USMS security protocols and flagged some logistical complications that they wanted the Court and defense counselors to be aware of.

With respect to the security protocols, the USMS advised the undersigned that they "do not allow electronics to be accessible to prisoners while in the USMS cellblock in the courthouse" because "electronics may be disassembled or broken and fashioned into other instruments which could jeopardize safety and security." The USMS further described that

the rooms where this review will take place are designed to provide privacy for meetings between defendants and attorneys, and therefore the USMS ability to observe what occurs in those rooms is "lessened". The USMS further noted that they do not have sufficient staff to provide individual supervision of defendants in possession of laptop computers. An additional security concern raised by USMS addressed the likely need for power/charging cords to facilitate lengthy review of material on a computer. The USMS stated "it is an immense security concern should a laptop require any sort of power cord." This would not be an issue if defendants review printed hard copies of 3500 material at the courthouse. The USMS posited that "the best solution is to conduct the review [at the courthouse] by paper copy." Procedurally, the USMS explained that "[p]ackets can be provided to the USMS and we can provide the documents to defendants and collect[ them] at the end of the session." The USMS additionally noted that each page should be marked to ensure that each page is returned. The undersigned notes that the 3500 material is all watermarked and labeled with exhibit stickers, but individual pages are not bates-numbered.

As to the logistical considerations, the USMS noted that they are "not in a position to bring this whole group [of defendants] in at the same time to conduct any sort of session." The USMS indicated that it would expect defense attorneys to reach out to the USMS and coordinate to determine which days are agreeable to the USMS, similar to how clients are ordinarily scheduled for attorney visits at the courthouse.

In sum, the USMS has indicated that they can only facilitate hard copy paper review of 3500 material at the US Courthouse due to security considerations/policies regarding inmates' possession of electronic devices while in the USMS cellblock. I do not think that this substantively changes what was already ordered by the Court, but I wanted to express the positions of USMS (as they were related to me after yesterdays court appearance) to the Court and counsel should anyone feel differently.

Please do not hesitate to contact me with any questions, comments, or concerns.

Respectfully,


Nicholas T. Cooper
Assistant United States Attorney



Encl.
CC (via CM/ECF):
Counsel of record.

2