

**U.S. Department of Justice**

*United States Attorney*
*Western District of New York*

| | |
|---|---|
| *Federal Center* | *716.843.5700* |
| *138 Delaware Avenue* | *Fax:  716.551.3052* |
| *Buffalo, New York   14202* | *Writer's Telephone:  716.843.5881* |
| | *Writer's fax:  716.551.3052* |
| | *Casey.Chalbeck@usdoj.gov* |

April 8, 2026

**<u>VIA PACER</u>**
Hon. Elizabeth A. Wolford
Chief United States District Judge
Kenneth B. Keating Federal Building
100 State Street
Rochester, New York 14614

> Re:    ***United States of America v. Gogolack*, et al.,**
>          **Case Number: 23-CR-99-EAW**

Dear Chief Judge Wolford:

On March 11, 2026, the government filed a pre-trial memorandum of law addressing, in relevant part, issues of forfeiture by wrongdoing.[1] In Footnote 30, the government represented as follows:

> The government has previously represented that Ms. Quinn had 400 times a potentially lethal limit of fentanyl in her blood as evidence of her intentional killing.   That representation was based on the evidence available to the government at the time, which included toxicology report, autopsy report, and testimony of Dr. Richard Scott.   Recently, in preparation for trial, the government has consulted with an expert witness in the field of toxicology.  The government anticipates that expert will testify that the amount of fentanyl contained in a post-mortem blood draw is not necessarily representative of the amount of fentanyl present in the body pre-mortem.   Although the government anticipates that witness will testify that Ms. Quinn died of a drug-overdose, the government does not anticipate that witness will attribute significance to the quantitative levels reflected in the post-mortem blood draw.   That expert witness has not yet provided the government with a written report regarding her findings; however such report will be produced upon receipt.

---

[1]    This filing has not yet been publicly docketed.

Pre-Tr. Mem., at 125 n. 30, (dated Mar. 11, 2026) (hereinafter the "March 11th Pre-Trial Memorandum").[2]

On April 7, 2026, the government's expert, Dr. Stacey Hail, produced the report containing her analysis of Ms. Quinn's cause of death.   Soon thereafter, the government shared Dr. Hail's report with the Court and counsel.   Regarding the issue raised in Footnote 30, though Dr. Hail stated that "it is not appropriate to rely on the specific postmortem concentrations of drugs . . . when determining the case of death," she noted that "the postmortem fentanyl concentration" found in Ms. Quinn's "cardiac blood . . . . is orders of magnitude higher than what is typically seen in deaths during the illicit fentanyl crisis." Report at 17.   And while such levels could reflect the "long postmortem interval and the degree of decomposition," they could also "reflect an extremely high dose of fentanyl administered."   *Id.*

For the purposes of the record, the government incorporates by reference the opinions expressed by Dr. Hail in her report into its March 11th Pre-Trial Memorandum and anticipates arguing during any forfeiture-by-wrongdoing hearing held by the Court that Dr. Hail's testimony supports a conclusion that Ms. Quinn's death was intentional, and occurred as a result of murder.

Respectfully,

Casey L. Chalbeck
Assistant United States Attorney

CC (via PACER):
Counsel of record.

---

[2]       Page numbers refer to the Adobe PDF page number.