**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

**v.**

                                            **Indictment No.: 1:23-CR-0099**

**SIMON GOGOLACK, et al.,**

      **Defendant.**

## DEFENDANT'S MOTION *IN LIMINE*

DATED:    Buffalo, New York
            April 17, 2026

                                         Respectfully submitted,

                                         Peter M. Kooshoian, Esq.
                                         Nicholas Texido, Esq.
                                         Rosenthal, Kooshoian & Lennon, LLP
                                       80 West Huron Street
                                       Buffalo, New York 14202
                                       (716) 854-1300

TO:     Hon. Elizabeth A. Wolford
        United States District Court Judge
        U.S. Courthouse
        2 Niagara Square
        Buffalo, New York 14202

        Casey L. Chalbeck, Esq. and Nicholas Cooper, Esq.
        Assistant United States Attorneys
        United States Attorney's Office
        Federal Centre
        138 Delaware Avenue
        Buffalo, New York 14202

**THE GOVERNMENT SHOULD BE PRECLUDED FROM ELICITING
EVIDENCE IN ITS CASE IN CHIEF OF DEFENDANT, GOGOLACK'S
INVOCATION OF HIS FIFTH AMENDMENT RIGHTS PRIOR TO ARREST**

1.     An individual's invocation of the privilege against self-incrimination and subsequent silence cannot be used by the government in its case in chief as substantive evidence of guilt. _U.S. v. Okatan_, 728 F.3d 11 (2nd Cir. 2013); cited by _U.S. v. Enix_, Case No.: 1:15-CR-00142 DWA (W.D.N.Y., 2018) (stating "where an individual is interrogated by an officer even prior to arrest his invocation of the privilege against self-incrimination and subsequent silence cannot be used by the government in his case in chief as evidence of guilt.")  The aforementioned precedent precludes the government from eliciting any evidence in its case in chief that Mr. Gogolack declined the Wellsville Police Department's request to complete a deposition pertaining to Crystal Quinn's death or that he requested an attorney as set forth in the Wellsville Village Police Department Incident Report. (See **Exhibit A**.)  As in _Okatan_, allowing a jury to infer guilt from a pre-arrest invocation of the privilege ignores the protection of the Fifth Amendment, accordingly the government should be precluded from eliciting any evidence in its case in chief that Mr. Gogolack at any time requested and attorney. Ibid.

**PRECLUSION OF EVIDENCE PERTAINING TO SEVERED COUNTS**

2.     The Court previously severed from this trial all counts in the Indictment with the exception of 1 through 5, 23 and 26.  Therefore, the government should be precluded from admitting evidence with respect to the severed counts of the Indictment at the trial of this matter as it would be irrelevant. Federal Rules of Evidence 402 and 403.  While the government has not identified what, if any, evidence pertaining to the severed counts it intends to attempt to admit at the trial of this matter, we reserve the right to address this issue with greater specificity upon receipt of the government's disclosures and/or trial memorandum.

**Rosenthal, Kooshoian & Lennon, LLP**
ATTORNEYS AND COUNSELORS AT LAW / 80 WEST HURON STREET / BUFFALO, NEW YORK 14202 / (716) 854-1300

3.    We also respectfully request permission to supplement this Motion *in Limine* upon receipt and review of additional 3500 material and continued review of the 3500 material recently received by defense counsel.

**WHEREFORE,** it is respectfully requested the Court grant the relief prayed for herein, together with any and other further relief the Court deems just and proper.

*Rosenthal, Kooshoian & Lennon, LLP*
ATTORNEYS AND COUNSELORS AT LAW / 80 WEST HURON STREET / BUFFALO, NEW YORK 14202 / (716) 854-1300

# EXHIBIT A

## NARRATIVE

| Date of Action | Date Written | Officer Name & Rank |
|---|---|---|
| 08/01/2023 | 08/01/2023 | PETTIT, LEWIS (OFFICER) |

**Narrative**

Patrol dispatched to 296 Scott Avenue for an unattended called in by Simon Gogolack. Patrol arrived on scene and was waved down by Simon. Simon lead patrol to the deceased Crystal Quinn, who was laying face down and at this point was cold to the touch and had visible rigor mortis and livor mortis throughout most of her body. Simon appeared to be under the influence of both alcohol and narcotics. Simon stated that he believes she overdosed and has attempted suicide multiple times in the past. Patrol attempted to have Simon complete a deposition but he stated that he should speak to an attorney and didn't want the police to "twist his words". After requesting a lawyer, he asked approximately 10-15 times to make sure the cause of death is found out and continued to make several unsolicited statements to Writer, such as: "I'll be the suspect if that's what's needed to find out what happened to her". Simon called Crystal's mother, Sharon M. Quinn, and told her that Crystal was dead and beyond help. At this time Simon gave Sgt. Fanton his cell phone and Sharon was advised of the situation. Writer then waited for coroner Dylan Foust to arrive on scene and assisted him in removing Crystal Quinn. Sgt. T. R. Fanton retrieved two pieces of evidence from the scene: (1) the victim's cell phone and (2) a small container with an unknown brown substance wrapped in tin foil. Both were photographed by writer at the station and submitted to temp. evidence locker 2.

| Date of Action | Date Written | Officer Name & Rank |
|---|---|---|
| 08/02/2023 | 08/02/2023 | VALENTINE, JOHN (OFFICER) |

**Narrative**

Patrol responded to the above address for the report of an unattended death. Upon arrival writer was met by the caller, Simon Gogolak, in the driveway. Gogolak handed writer a cell phone and stated, "this is her mother." Writer then advised the female on the phone that I needed to go assess the situation and I would contact her as soon as possible. The female stated that she was in Depew, New York. I then handed the phone back to Gogolak and proceeded to the house. At that time, Sergeant Fanton and Patrolman Pettit were already inside. Writer remained outside with Gogolak gathering information. Gogolak appeared to be under the influence of drugs or alcohol and was difficult to obtain information from. Gogolak did identify the deceased female as Crystal M. Quinn and the mother as Sharon Quinn. Gogolak could not provide any other details regarding his involvement other than he owns the building and lives upstairs. Writer was then sent to another call while Sergeant Fanton and Patrolman Pettit remained on scene.

Writer contact Jake Rood from the District Attorney's Office and advised him of the incident.

| Date of Action | Date Written | Officer Name & Rank |
|---|---|---|
| 08/02/2023 | 08/02/2023 | GREEN, CHAD (SGT) |

**Narrative**

Writer contacted the US Probation Office out of Buffalo, NY regarding Quinn, as she was supervised by them. Writer spoke to an Officer named Mike and he was informed that Quinn was deceased. PO Mike is going to contact the case agent and have her call writer. Quinn's case agent is named Lillian Cullen (716-818-2383).

Per Sgt. Fanton there is another male that lives in the lower half of the house that wasn't present at the time of the incident. Gogolack identified the male as Scott V. Drummond. Gogolack was unable to provide officers with any further information regarding Drummond.

Writer searched E-Justice and located Scott V. Drummond. A criminal history was ran on Drummond which showed he had a prior arrest for criminal sale of a controlled substance 5th in Chautauqua County.

| Date of Action | Date Written | Officer Name & Rank |
|---|---|---|
| 08/02/2023 | 08/02/2023 | GREEN, CHAD (SGT) |

**Narrative**

Writer was contacted by FBI Agent Brian Burns, Buffalo FBI. SA Burns is requesting a copy of the incident report and that all evidence be turned over to his Office. SA Burns will send the request through e-mail to writer and the Allegany County DA's Office.

## ADMINISTRATIVE

| 74. Inquiries<br>DMV | 75. NYSPIN Message No. | | 76. Complainant Signature | |
|---|---|---|---|---|
| 77. Reporting Officer Signature (Include Rank)<br><br><br>OFFICER LEWIS PETTIT | | 78. ID No.<br><br>2546 | 79. Supervisor Signature (Include Rank)<br><br><br>SGT CHAD GREEN | 80. ID<br><br>256 |
| 81. Status<br>PENDING INVESTIGATION | 82. Status Date<br>08/01/2023 | | 83. Notified/TOT | |

08/02/2023   14:34:20

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

**UNITED STATES OF AMERICA,**

          **Plaintiff,**

v.

**SIMON GOGOLACK, et al.,**

          **Defendant.**

**CERTIFICATE OF SERVICE**

**Indictment No.: 1:23-CR-0099**

---

Peter M. Kooshoian, Esq., an employee with the office of Rosenthal, Kooshoian & Lennon, LLP located at 80 West Huron Street, Buffalo, New York 14202-3093 affirm to be true and state under penalty of perjury that on April 17, 2026 **Defendant's Motion *in Limine*** was electronically filed with the Clerk of the District Court using its CM/ECF system, which would then electronically notify the following CM/ECF participants on this case:

1.     Hon. Elizabeth A. Wolford
       United States District Court Judge

2.     Casey L. Chalbeck, Esq.
       Assistant United States Attorney

3.     Nicholas Cooper, Esq.
       Assistant United States Attorney

_____
Peter M. Kooshoian

Sworn before me this 17th
day of April, 2026.

_____
Notary Public
GARNET L. KELLY
Notary Public-State of New York
No. 01KE6296174
Qualified in Erie County
Commission Expires January 27, 20_30

**Rosenthal, Kooshoian & Lennon, LLP**
ATTORNEYS AND COUNSELORS AT LAW / 80 WEST HURON STREET / BUFFALO, NEW YORK 14202 / (716) 854-1300