IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

       v.                                 23-CR-99-EAW

SIMON GOGOLACK, et al.,

       Defendants.

_____

## MOTION TO SEAL

**THE UNITED STATES OF AMERICA**, by and through its attorneys, Michael DiGiacomo, United States Attorney for the Western District of New York, and Katerina F. Powers, Assistant United States Attorney, of counsel, hereby moves to file under seal the following: (1) the government's unredacted Pre-Trial Statement of the Facts and Motions in Limine (dated April 17, 2026) (the "Pre-Trial Motions in Limine") and (2) the government's Exhibits A, GX-3580AF, GX-3580AE, GX-437-D, and GX-423-H.[1]  The government also hereby proposes limited redactions consistent with the operative protective and text orders in this case.

    1.    **The Court should permit the government to file the unredacted Pre-Trial Motions in Limine under seal.**

The Court should permit the government to file the unredacted Pre-Trial Motions in Limine under seal. Filing the unredacted submission under seal is necessary to preserve the confidentiality interests protected by the operative protective orders and the Court's prior text

---

[1]    This motion assumes that each of these documents are "judicial documents" subject to a presumptive public right of access, and that the presumption of public access is strong because the Pre-Trial Motions in Limine and the exhibits were filed in connection with important questions regarding the government's proof in an upcoming criminal trial. *Olson v. Major League Baseball*, 29 F.4th 59, 87–88, 90 (2d Cir. 2022).

order, while still allowing the Court full access to the complete and factual record and arguments relevant to the resolution of the motion. It also ensures that sensitive information—including identifying witness information, anticipated testimony, 3500 material implicating safety concerns, and references to matters the Court has already directed be shielded from public disclosure—is not unnecessarily disseminated on the public docket. This approach appropriately balances the public's interest in access to judicial filings with the compelling need to protect witness safety, maintain the integrity of the proceedings, and comply with existing Court orders.

**2.    The Court should permit the government to file exhibits under seal.**

The government's Pre-Trial Motions in Limine  Exhibits A, GX-3580AF, GX-3580AE, GX-437-D, and GX-423-H, consist of 3500 material or protected discovery related to this case. The Court should permit the government to file these exhibits—which consist of FBI 302 reports and related material and text messages/data derived from device extractions—under seal. These materials fall squarely within the Second Amended Protective Order's definition of protected discovery. *See* Sec. Am. Protective Order at 1, Dkt. 454 (dated June 13, 2025)  (including "FBI case materials" and "extraction data for various electronic devices" as protected "Discovery Information").

 Moreover, the Second Amended Protective Order and the Trial Protective Order both prohibit the disclosure of protected discovery and 3500 material to third parties.  *See id.* at 2 ("ORDERED that the Discovery Information, any copies of the Discovery Information, and the contents of the Discovery Information shall not be provided or disclosed to third parties except those persons or entities employed or engaged for the purpose of assisting in the defense of this action."); Tr. Protective Order at 2, Dkt. 792 (dated Mar. 10, 2026) ("ORDERED that

counsel for the Defendants shall not make or provide copies of the materials for Defendants or any third parties, and shall ensure that Defendants and any third parties do not take photos or videos, capture images, or in any way copy or record any 3500 materials or impeachment information.").

### 3.    The Court should permit the government to redact information consistent with the Court's prior orders.

The Court should permit the government to file a redacted version of the Pre-Trial Motions in Limine consistent with the operative protective orders and the Court's prior text order. Specifically, the government moves to redact: (a) the names and identifying information of civilian witnesses, except for those squarely within the public record; (b) references to information already shielded by the Court; (c) references to material disclosed in Ms. Quinn's probation records; and (d) references to 3500 material that could implicate safety concerns. *See* Tr. Protective Order at 3, Dkt. 792 (dated Mar. 10, 2026) (noting that pre-trial motions in *limine* based upon witness statements shall contain redactions to "any non-law-enforcement witnesses' name and identifying information from the proposed publicly filed motion"); Text Order, Dkt. 845, (dated Apr. 15, 2026) ("Part II of the pretrial memorandum addressing statements made by Crystal Quinn shall be sealed as proposed by the government, except that as requested by defendant Roncone . . ."); Quinn USPO Am. Protective Order at 1, Dkt. 687 (dated Dec. 1, 2025) ("ORDERED, that the Probation Information and its contents shall not be disseminated, that is, copies shall not be given to any other persons, including the defendants, except that other non-attorney members of the prosecution or defense teams, including support staff and private investigators, may be permitted access to the Probation Information by the attorneys of record exclusively during the course of the litigation and subject to the terms of this Order[.]").

3

## CONCLUSION

In conclusion, the Court should (1) grant the government's motion to seal the Pre-Trial Motions in Limine, (2) grant the government's motion to seal Exhibits A, GX-3580AF, GX-3580AE, GX-437-D, and GX-423-H, and (3) permit the government to publicly file the Pre-Trial Motions in Limine with redactions consistent with the operative protective orders and the Court's prior text order.

DATED:  Buffalo, New York, April 21, 2026.

MICHAEL DIGIACOMO
United States Attorney

BY:   s/ KATERINA F. POWERS
Assistant United States Attorney
United States Attorney's Office
Western District of New York
138 Delaware Avenue
Buffalo, New York 14202
(716) 843-5702
Katerina.Powers@usdoj.gov

4