IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

———————————————————————————

UNITED STATES OF AMERICA

      v.                                    23-CR-99-EAW

SIMON GOGOLACK, et al.

               Defendants.

———————————————————————————

### GOVERNMENT'S RESPONSE IN OPPOSITION TO
### THE DEFENDANTS' REQUEST FOR AN EXTENSION

**THE UNITED STATES OF AMERICA**, by and through its attorney, Michael DiGiacomo, United States Attorney for the Western District of New York, and the undersigned Assistant United States Attorneys, hereby files its response in opposition to the motions of Defendants Gerace, Gogolack, Roncone, Ermin, and Knight to extend the response deadline.

**I.    THE COURT SHOULD DENY THE DEFENDANTS' REQUEST FOR AN EXTENSION OF TIME TO FILE THEIR RESPONSES DUE TODAY, APRIL 24, 2026**.

On April 23, 2026—eight days after the government timely filed its pre-trial motions in *limine* and just one day before the response deadline—Defendant Ermin moved for an extension of time to file response briefs to the government's Pre-Trial Motions in Limine filed April 17, 2026. *See* Mot. Adjourn, Dkt. 876 (dated Apr. 23, 2026).  All but one of the defendants followed suit.

1

The Court should deny the request of Defendants Gerace (Dkt. 879), Gogolack (emailed to Court on April 24, 2026 at 2:10 p.m.), Roncone (Dkt. 882-1), Ermin (Dkt. 876), and Knight (Dkt. 880) to extend the response deadline. The Defendants principally complain that the government's motions in *limine* total 121 pages. *See* Dkt. 876 at 2 (defendant Ermin moving for an extension to respond to government's 121-page motion); Def. Gerace Declaration, Dkt. 873-1 ¶ 29.

That raw page count, however, is misleading in a six-defendant case involving multiple individualized arguments. Spread across six defendants, the government's submission amounts to roughly 20 pages per defendant—hardly disproportionate when viewed in context.  Indeed, as tallied below, the defendants collectively filed approximately 166 pages worth of motions this week alone, and the government is meeting its deadlines in response to that larger volume of briefing.

| Defendant | Motion in Limine | *Brady* motion |
|---|---|---|
| Peter Gerace | 36 pages | 16 pages |
| Simon Gogolack | 6 pages (Dkt. 857) | 11 pages |
| Howard Hinkle | 29 pages | 2 pages |
| Michael Roncone | 18 pages | 5 pages |
| Thomas Ermin | 10 pages | -- |
| Frank Knight | 29 pages (Dkt. 859) | 4 pages |
| Total | 128 pages | 38 pages |
| **Combined Total** | **166 pages** | |

Nor can the defendants credibly claim an undue burden where each defendant is represented by two attorneys that can divide the work of review and response. *See* Text Order, Dkt. 796 (March 13, 2026), (noting that "[e]ach defendant has been assigned two attorneys pursuant to the CJA to address the work required in connection with this matter"). Notably,

Mr. Hinkle's defense team has already filed a timely response under the existing schedule, confirming that compliance with the deadline is not unduly burdensome. *See generally* Def. Hinkle Resp. to Gov't Sealed Pre-Trial Mot. in Limine (filed under seal April 24, 2026).  This is therefore not a circumstance in which counsels lack a meaningful opportunity to respond, but rather one in which certain defendants seek more time despite the demonstrated ability of similarly situated parties to meet the deadline.

The decision of Defendants Gerace, Gogolack, Roncone, and Knight to devote time this week to filing substantive *Brady* motions demonstrates that they were capable of actively litigating this case and complying with the deadline. The government has taken these additional filings seriously and is submitting a substantive response to these *Brady* motions tonight. But the defendants' decisions to prioritize motions for sanctions—that did not have a deadline—confirms that any claimed inability to meet the present deadline stems from litigation choices, not lack of opportunity or capacity to respond.

Finally, any further extension would have consequences beyond just delaying the briefing schedule. Granting additional time would necessarily push back the resolution of the pending motions, disrupt the existing pre-trial schedule, and risk delaying the trial. Where defendants have not shown a genuine inability to respond—only dissatisfaction with the length of a filing proportionate to the scope of the case—there is no good cause for an extension. The requests should therefore be denied.

## CONCLUSION

For the foregoing reasons, the Court should deny the request of Defendants Gerace,

Gogolack, Roncone, Ermin, and Knight, to extend the response deadline.


DATED:       Buffalo, New York, April 24, 2026.

Respectfully submitted,

MICHAEL DIGIACOMO
United States Attorney


BY:  s/ KATERINA F. POWERS
s/ NICHOLAS T. COOPER
s/ CASEY L. CHALBECK

_____

Assistant United States Attorneys
United States Attorney's Office
Western District of New York
138 Delaware Avenue
Buffalo, New York 14222
716/843-5702
Katerina.Powers@usdoj.gov