UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

23-CR-99-EAW

—*vs*—

FRANK KNIGHT,

*Defendant.*

FRANK KNIGHT'S REPLY MEMORANDUM IN SUPPORT OF HIS MOTION FOR RELIEF FROM PREJUDICIAL JOINDER UNDER FED. R. CRIM. P. 14

During our appearance on April 6, 2026, the Court directed the defendants to include in their reply to the government's opposition to the defendants' Rule 14 severance motions any additional bases for severance that a defendant has not yet raised.

In this regard, and in addition to the bases for severance set forth in his previous filings (ECF Doc. Nos. 753 and 828), Knight moves for severance on the grounds that the government's introduction of evidence concerning his co-defendant's "other crimes, wrongs, or acts" under Fed. R. Evid. 404 (b), especially evidence that a co-defendant engaged in conduct similar to the conduct charged in this case, is unduly prejudicial to Knight and requires severance under Rule 14.

In this regard, it appears that the government will attempt to prove 404 (b) conduct against Knight's co-defendants, as follows, among other things: (1) Simon Gogolack's alleged drug dealing; drug use; and kidnapping of other people prior to Crystal Quinn's death; (2) Peter Gerace's attempt to remove Judge Sinatra from his

other case; bribery of a public official; sex trafficking; drug trafficking; and witness tampering (19-cr-227 ECF Doc. No. 1426); (3) John Ermin's alleged status as the international president of Outlaws Motorcycle Club, its alleged propensity for violence and treatment of people alleged to be cooperating with law enforcement (including expert witness testimony about so-called 1% clubs); (4) Michael Roncone's prior criminal history; weapons possession; alleged membership in the Rare Breed M.C.; and (5) Howard Hinkle's alleged weapons possession, drug possession, and drug distribution (marihuana seized from his house).

Perhaps most concerning is the above-mentioned "other act" evidence is the evidence related to Gerace's prior trial and conviction—specifically, witness tampering.

As the Second Circuit has said:  "We do well to bear in mind the wise counsel of the late Judge Gurfein: 'There are few areas in which it is as important for this court to keep a watchful eye as on the admissibility of similar offenses in a case involving more than a single defendant.'" *United States v. Figueroa*, 618 F.2d 934, 945 [2d Cir. 1980], quoting, *United States v. Rosenwasser*, 550 F.2d 806, 814 [2d Cir.] [dissenting opinion], *cert. denied,* 434 U.S. 825, 98 S. Ct. 73, 54 L. Ed. 2d 83 [1977]

The Second Circuit also said that

> [w]hen evidence is offered against one defendant in a joint trial, determination of admissibility against that defendant resolves only the Rule 403 balancing as to him, *i.e.*, that the probative value of the evidence in his "case" is not substantially outweighed by unfair prejudice to him. But if

> the evidence creates a significant risk of prejudice to the co-defendants, a further issue arises as to whether the evidence is admissible in a joint trial, even though limited by cautionary instructions to the "case" of a single defendant. That issue can be considered either as a question of admissibility of evidence or severance. If the justification for a joint trial is outweighed by the prejudice to the co-defendants, the trial court can confront the prosecutor with the choice of forgoing either the evidence or the joint trial.

*United States v. Figueroa*, 618 F.2d at 944 [citations omitted].

Such is the situation in our case.

Despite the government's protestations to the contrary, this evidence, together with the other evidence that may be admitted at trial against other defendants and not against Knight (*i.e.,* Crystal Quinn's alleged testimonial statements on the theory or forfeiture by wrongdoing), the prejudice against Knight from the admission of this evidence cannot be cured by a jury instruction. The Court should require the government to choose either the "other act evidence" or a joint trial.

If the government refuses to make such a choice, then the Court has no option but to sever Frank Knight's trial from the trials against his co-defendants.

CONCLUSION

WHEREFORE, Knight respectfully requests that the Court issue an order: (1) permitting him to renew his motion for severance under Rule 14 (a); (2) severing his trial from the trial of his co-defendant under Rule 14 (a); (3) ordering that he be tried alone and his trial be the first among his co-defendants and that it commence on June 8, 2026; (4) permitting him to supplement this application upon the

discovery of additional information that may support severance; (5) granting him leave to supplement this memorandum either orally or in writing on the whether severance should be granted under *Bruton*; and (6) granting such other relief as to the Court may seem just and proper.

DATED: April 28, 2026

s/*Matthew R. Lembke*

_____

Matthew R. Lembke
CERULLI, MASSARE & LEMBKE
*Attorney for Defendant*
45 Exchange Blvd., Suite 925
Rochester, NY 14614
Telephone: [585] 454-3323
matt.lembke@cmllawfirm.com