UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA


        v.                                          23-CR-99-EAW

MICHAEL RONCONE,

        Defendant.

_____


## DEFENDANT MICHAEL RONCONE'S PRETRIAL MEMORANDUM AND MOTIONS *IN LIMINE*


DATED: April 17, 2026
Buffalo, New York


                                              Respectfully Submitted,


| */s/ Paul G. Dell* | */s/ Jenna M. Wojdan-Price* |
|---|---|
| Paul G. Dell, Esq. | Jenna M. Wojdan-Price, Esq. |
| *Attorney for Defendant* | *Attorney for Defendant* |
| *Michael Roncone* | *Michael Roncone* |
| 70 Niagara Street | 135 Delaware Ave. Suite 406 |
| Buffalo, New York 14202 | Buffalo, New York 14202 |
| (716) 362-1156 | (716) 218-0895 |
| pgdell@aol.com | jenna@wojdanpricelaw.com |

## INTRODUCTION

On January 5, 2024, Mr. Roncone was was charged in a 24-count indictment with eight (8) other defendants which alleged a variety of crimes. And as this Court is well-aware, the allegations center around the government's theory that the defendants, even Mr. Roncone who does not personally know Defendant Gerace, engaged in conduct related to a witness who was expected to testify in a trial against Mr. Gerace.

Mr. Roncone was only charged with three (3) counts: Count 1- Obstruction of Justice Conspiracy; Count 25- Unlawful User of Controlled Substance in Possession of Firearms; and Count 26- False Statements.  Count 25 has been severed from this trial.

Regarding Count 1, it is generally alleged that Mr. Roncone communicated with co-defendant acquaintances during periods of time when those co-defendants were being investigated by law enforcement. Regarding Count 26, Mr. Roncone is alleged to have made false statements to special agents regarding whether or not he knew something about the death of Crystal Quinn, and whether or not there were drugs in his residence.

To be very clear, Mr. Roncone is not charged with tampering with a witness. Nowhere in the indictment does the government make an allegation that Mr. Roncone was involved in the tampering of a witness, that he took or directed any actions related to the tampering of a witness, nor a showing that he had any knowledge that tampering had occurred.

Mr. Roncone, through his attorneys Mr. Dell and Ms. Wojdan-Price, does hereby provide the following pretrial statement and move this Court for the following relief:

## JOINT STATEMENT OF THE CASE

The government and all defendants have jointly agreed on a brief statement of the case. The government has indicated that it will be timely submitting that joint statement to the Court on behalf of all parties.

## VOIR DIRE PREPARATION

Defendant's Name and Address:

## VOIR DIRE PREPARATION

Attorneys for Michael Roncone:

Paul G. Dell
70 Niagara Street
Buffalo, New York 14202
(716) 362-1156
pgdell@aol.com

Jenna M. Wojdan-Price
Wojdan-Price Law
135 Delaware Ave. Suite 406
Buffalo, New York 14202
(716) 218-0895
jenna@wojdanpricelaw.com

## PROPOSED VOIR DIRE QUESTIONS

1. Other than what you have learned during your time as a potential juror, does anyone have any knowledge of this case that you have learned personally, from others, or from reading the news or seeing in the media?

2. When you see a defendant in court, who here asks themselves "I wonder what they did?"

3. Does anyone think that if a case or defendants get attention in the media, that they are more likely to be guilty?

4. Does anyone here think the defendants must be guilty, because why else would they be sitting at the defense tables?

5. Does anyone here enjoy listening to true crime podcasts or watching true crime documentaries, shows, or movies?   What do you enjoy about it?

6. Are there any types of criminal charges that would be hard for you to remain neutral on?

7.  Does anyone feel too nervous to be here right now? Tell me what makes you nervous.

8.  Who here uses or generally believes in the phrase "guilty by association" or "the company you keep?" If yes, what do those phrases mean to you?

9. Does anyone here feel that a defendant should have to prove their innocence?

10. Does everyone here understand that it's your job to determine the facts and whether or not the government has met their burden of proof as to each defendant individually, and not as a group? Does anyone here think they will have a hard time determining whether an individual is innocent or guilty independently, regardless of whether or not the other defendants are innocent or guilty?

11. Would anyone here have any reaction or thought, one way or another, if a defendant chose not to testify?

12. Who here expects the defendants to, or thinks the defendants should, call witnesses?

13. Who here believes the general idea that people are "guilty by association?"

14. Would anyone here have a hard time finding one defendant guilty if you think others are guilty?

15. Who here generally speaking trusts the local news and local media?

16. Does anyone agree that criminal cases having a higher standard of proof than civil cases is a good idea?  Does anyone here think the standard of proof the government has to meet should be lower than "beyond a reasonable doubt?"

17. Does anyone here have any sort of assumption as to what "kind" of people are in motorcycle, or "biker" clubs?

18. Can you think of a reason why an innocent person would choose not to testify? What if the Constitution says you don't have to? Is that a good reason?

19. Raise your hand if you would have a hard time finding someone 'not guilty ' if they didn't testify. Why is that?

20. Raise your hand if you trust the government. For anyone who didn't raise their hand, what are some reasons why someone wouldn't trust the government?

21. Raise your hand if you trust defense attorneys. For anyone who didn't raise their hand, what are some reasons why someone wouldn't trust a defense attorney?

22. Have you ever had to deal with a government agency and were left feeling dissatisfied? Tell us about that.

23. Have you ever had to deal with an attorney and were left feeling dissatisfied? Tell us about that?

24. Has anyone ever been accused of something you didn't do? Or realized you accused someone else of doing something they didn't do? How did that make you feel?

25. Raise your hand if you trust prosecutors or law enforcement more than other members of the general public. Why?

26. Do you, or anyone close to you, have any education, training, or experience with any of the following subjects or fields:

- Forensics

- Legal System / Courts
- Law enforcement
- Government
- Auditing/investigations
- Corrections / Jails
- Rules Enforcement or Regulatory Oversight
- Journalism / Media
- Medical diagnosis/treatment
- Drug addiction

If so, how does your /their experience influence your decision -making or opinions in everyday life?

27. This case may involve some of the following potentially sensitive subjects which you may be required to consider and discuss with your fellow jurors. Please let us know what comes to mind or whether you have impressions or opinions, either positive or negative, about the following:

- Adult Entertainment Clubs / Strip Clubs
- Mental Health (diagnosis, treatment, etc.)
- Motorcycle Clubs
- Sexual Assault
- Drug Use, abuse, addiction
- Suicide (including ideation, attempts, and deaths)

28. Do you know anything about the following? If so, what?

- Pharaoh's Gentlemen's Club (Cheektowaga)
- Outlaw Motorcycle Club
- Rare Breed Motorcycle Club

29. After hearing and responding to questions that I've asked you or that I've asked anyone else, please raise your hand if you have any concerns that you want to bring to my attention or that you believe may affect your ability to serve as a juror?

## <u>WITNESSES</u>

As a Defendant, Mr. Roncone may choose to testify on his own behalf.

Additionally, Mr. Roncone may call any of the witnesses the Government identifies

on their witness list or whom is identified in the Jencks/§3500 material in his case

in chief. Mr. Roncone further reserves his right to supplement this notice as the Government's disclosure of Jencks/§3500 material continues.

## EXHIBIT LISTS AND EXHIBITS

The defense anticipates that the Government will be providing a pretrial submission on April 17, 2026, that will include the list of exhibits and exhibits it intends to use at trial. The Defense cannot yet anticipate which exhibits it may need to mark to be introduced in its case in chief until the Government has done so. Further, the Government is expected to provide another substantial batch of Jencks/§3500 material to the defense team prior to the commencement of trial. Thus, Mr. Roncone reserves his right to provide an exhibit list related to his case in chief once the defense is in receipt of the government's exhibit list and additional Jencks/ §3500 material.

## EXPERT TESTIMONY

Mr. Roncone understands the Order of this Court and may call an expert witness, but does not have a disclosure at this time. He reserves his right to supplement this response in response to the Government's recent disclosure and to prepare for and put on a defense as the government continues to disclose Jencks/ §3500 material.

## IMPEACHMENT OF WITNESSES UNDER FRE 608 & 609

The Defense anticipates that the government will be providing its witness list on April 17, 2026.  Further, the government has advised that additional Jencks/

§3500 material will be provided to the defendants prior to trial. As such, Mr. Roncone is unable to provide his impeachment material under rule 608 and 609 prior to that disclosure.

Mr. Roncone intends to question the government's witnesses pursuant to and as permitted by the Federal Rules of Evidence. He understands the Court's order, and reserves his right to disclose this material after reviewing the Government's witness list and remaining disclosures.

## EVIDENCE OF OTHER CRIMES, WRONGS, OR ACTS UNDER FRE 404(b)

The Defense anticipates that the government will be providing its witness list on April 17, 2026.  Further, the government has advised that additional Jencks/§3500 material will be provided to the defendants prior to trial. As such, Mr. Roncone is unable to provide a list of evidence of other crimes, wrongs, or acts under FRE 404(b) prior to that disclosure.

Here too, Mr. Roncone intends to question government witnesses as permitted by the Federal Rules of Evidence. He understands the Court's order, and reserves his right to disclose this material after reviewing the Government's witness list and remaining disclosures.

## MOTIONS IN LIMINE AND EVIDENTIARY ISSUES

I. ███████████████████████████████████████████
‐
███████████████████████████████████████

██████████████████████████████████









### III.    Photos of Crystal Quinn Should Be Precluded From Being Admitted.

Any photos of Crystal Quinn alive should be precluded from being admitted. Those photos would not make any fact before the jury more or less likely to be true, would serve only to enflame the hearts and emotions of the jurors, and would subject Mr. Roncone to undue prejudice while providing no probative value. These photographs would be irrelevant and thus inadmissible under FRE 401, 402, and 403.

### IV.    The Government And Government Witnesses Should be Precluded from referencing and referring to Motorcycle Clubs, including the Rare Breeds and Outlaws, as "gangs."

The undersigned anticipates that the government and testifying witnesses may refer to the Rare Breed Motorcycle Club as a "gang," a term that is well-known to have a negative inference. This concern is highlighted by the government's expert disclosure for Jeremy Scheetz, which makes reference to "gangs" throughout.

It is no secret that the word "gang" has a negative connotation. That is, the average juror will have a very different reaction to hearing someone is a member of a club – the correct language that is consistent with the true title of the group – versus a "gang," the incorrect term. Further, the term "gang" is simply not consistent with the official title of the Rare Breed Motorcycle Club. Using that term would serve no purpose, and would serve only to unduly prejudice Mr. Roncone.

### V.    Motion to Preclude Expert Testimony And Request For *Daubert* Hearing

Mr. Roncone anticipates that co-defendants will be filing a motion to preclude expert testimony and requesting a *Daubert* hearing and intends to join in those motions and does hereby reserve his right to do so.

## VI.    Government Disclosure of Evidence it Intends To Offer Under FRE 404(b).

To the extent not already provided by the government, Mr. Roncone hereby requests that the government disclose any evidence of the defendants' uncharged misconduct, including a description of any expected testimony that it intends to introduce at trial pursuant to Fed. R. Evid. 404(b).

## VII.    Severance.

On April 6, 2026, Mr. Roncone filed a motion to sever his case from defendants Gerace and Ermin. This Motion is still pending. However, given the ongoing litigation, continued production of Jencks/ §3500 material from the government, and several pending evidentiary issues, Mr. Roncone reserves his right to move for severance in the future.

## VIII.    Future Motions.

Mr. Roncone understands this Court's Order. However, given the continuing production of Jencks/ §3500 material, scheduling order instructing the defendants to file their motions in limine and trial memorandum on the same day as the government, and ongoing litigation of evidentiary issues, Mr. Roncone reserves his right to make future motions.

IX.    Joinder of Defendants' Motions.

Further, Mr. Roncone is aware that several defendants intend to bring motions in which Mr. Roncone has a shared interest. Mr. Roncone reserves his right to join in and respond to those motions to the extent that they are relevant to his defense.

DATED: April 17, 2026
Buffalo, New York

Respectfully Submitted,

*/s/ Paul G. Dell*
Paul G. Dell, Esq.
*Attorney for Defendant*
*Michael Roncone*
70 Niagara Street
Buffalo, New York 14202
(716) 362-1156
pgdell@aol.com

*/s/ Jenna M. Wojdan-Price*
Jenna M. Wojdan-Price, Esq.
*Attorney for Defendant*
*Michael Roncone*
135 Delaware Ave. Suite 406
Buffalo, New York 14202
(716) 218-0895
jenna@wojdanpricelaw.com