IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

      v.                                                                        23-CR-99-EAW

SIMON GOGOLACK, et al.,

      Defendants.

_____

**MOTION TO SEAL**

      **THE UNITED STATES OF AMERICA**, by and through its attorneys, Michael DiGiacomo, United States Attorney for the Western District of New York, and Katerina F. Powers, Assistant United States Attorney, of counsel, hereby moves to file under seal[1] the following: (1) the government's unredacted letter regarding an FBI interview of a witness ("letter submission") and the underlying FBI interview report ("FBI Report"); (2) the government's unredacted Reply in Support of the Government's Pre-Trial Memorandum of Law Regarding Gerace Attorney-Client Privilege Issues and Forfeiture by Wrongdoing ("Reply to Attorney-Client Privilege and Forfeiture by Wrongdoing Issues") along with the exhibits GX-A, GX-B, GX-C, GX-3599A, and GX-3651F;  (3) the government's unredacted Omnibus Response to Defendants' Trial Briefs and Motions in *Limine* ("Response to

---

[1]    This motion assumes that each of these documents are "judicial documents" subject to a presumptive public right of access, and that the presumption of public access is strong because the government's letter regarding an FBI interview of a witness, Reply in Support of the Government's Pre-Trial Memorandum of Law Regarding Gerace Attorney-Client Privilege Issues and Forfeiture by Wrongdoing and exhibits, and Omnibus Response to Defendants' Trial Briefs and Motions in *Limine* and exhibits,  were filed in connection with important questions regarding the government's proof in an upcoming criminal trial. *See Olson v. Major League Baseball*, 29 F.4th 59, 87–88, 90 (2d Cir. 2022).

1

Defendants' Motions in Limine") along with exhibit GX-3687A. The government also hereby proposes limited redactions consistent with the operative protective and text orders in this case.[2]

**1. The Court should permit the government to file the unredacted letter submission and FBI Report under seal.**

The government respectfully moves to file under seal its unredacted letter submission to the Court and the related FBI report. The unredacted material addressed in the letter falls squarely within the scope of the Court's prior text order directing that such content remain under seal. *See* Text Order, Dkt. 845 (dated Apr. 15, 2026) ("Part II of the pretrial memorandum addressing statements made by Crystal Quinn shall be sealed as proposed by the government, except that as requested by defendant Roncone . . .").

Enclosed within the letter submission is the FBI Report—which constitutes 3500 material and protected discovery not subject to public disclosure. Such materials fall within the Second Amended Protective Order's definition of protected discovery. *See* Sec. Am. Protective Order at 1, Dkt. 454 (dated June 13, 2025) (qualifying "FBI case materials" as protected "Discovery Information"). Moreover, the Second Amended Protective Order and the Trial Protective Order both prohibit the disclosure of protected discovery and 3500 material to third parties. *See id.* at 2 ("ORDERED that the Discovery Information, any copies of the Discovery Information, and the contents of the Discovery Information shall not be provided or disclosed to third parties except those persons or entities employed or engaged for the purpose of assisting in the defense of this action."); Tr. Protective Order at 2, Dkt. 792

---

[2]    Contemporaneous with this filing, the government will transmit to the Court, via USAfx, the documents reflecting the government's proposed redactions.

(dated Mar. 10, 2026) ("ORDERED that counsel for the Defendants shall not make or provide copies of the materials for Defendants or any third parties, and shall ensure that Defendants and any third parties do not take photos or videos, capture images, or in any way copy or record any 3500 materials or impeachment information."). In light of the Court's existing sealing and protective order directives, good cause exists to maintain both the unredacted letter submission and the FBI Report under seal.

2. **The Court should permit the government to file the unredacted Reply to Attorney-Client Privilege and Forfeiture by Wrongdoing Issues and associated exhibits under seal.**

The government respectfully moves to provisionally file under seal its unredacted reply submission addressing issues related to attorney-client privilege and forfeiture by wrongdoing and their accompanying exhibits. The Court previously ordered that the government's initial pre-trial memorandum on this issue be filed provisionally under seal pending the resolution of these issues, and these issues remain unresolved. *See* Text Order, Dkt. 845 (dated April 15, 2025) ("Part I of the government's pretrial memorandum addressing the privilege issues shall be provisionally sealed in its entirety, pending the Court's resolution of the privilege issues."). Consistent with the Court's prior directive, the government's unredacted reply—which addresses the same subject matter—should likewise be provisionally sealed. *See id.* In support of this request, the government incorporates by reference its prior motion to seal, *see* Dkt. 797, which sets forth the applicable bases for sealing.

3

**3. The Court should permit the government to file the unredacted Response to Defendants' Motions in Limine and associated exhibits under seal.**

The Court should permit the government to file the unredacted Response to Defendants' Pre-Trial Motions in Limine under seal. Filing the unredacted submission under seal is necessary to preserve the confidentiality interests protected by the operative protective orders and the Court's prior text order, while still allowing the Court full access to the complete and factual record and arguments relevant to the resolution of the motion. *See* Dkt. 454 at 3 (dated June 13, 2025) ("ORDERED that any unredacted filings shall not be disclosed to third parties or the public by the defendants . . . or the government . . . except as necessary in connection with pretrial proceedings, trial preparation, or other proceedings in this action"); Dkt. 792 at 3 (dated Mar. 10, 2026) ("[U]nredacted copies of such motion in *limine* shall be provided to the Court and counsel for the government[.]").

The government's Response to Defendants' Pre-Trial Motions in Limine Exhibit GX-3687A consists of 3500 material related to this case. The Court should permit the government to file this exhibit—which consists of grand jury testimony—under seal because the Second Amended Protective Order and the Trial Protective Order both prohibit the disclosure of protected discovery and 3500 material to third parties. *See* Dkt. 454 at 2 ("ORDERED that the Discovery Information, any copies of the Discovery Information, and the contents of the Discovery Information shall not be provided or disclosed to third parties except those persons or entities employed or engaged for the purpose of assisting in the defense of this action."); Dkt. 792 ("ORDERED that counsel for the Defendants shall not make or provide copies of the materials for Defendants or any third parties, and shall ensure that Defendants and any third parties do not take photos or videos, capture images, or in any way copy or record any 3500 materials or impeachment information.").

4. **The Court should permit the government to redact information in the government's Response to Defendants' Motions in Limine consistent with the Court's prior orders.**

The Court should permit the government to file redacted versions of the government's (1) letter submission, (2) Reply to Attorney-Client Privilege and Forfeiture by Wrongdoing Issues, and (3) Response to Defendant's Motions in Limine, consistent with the operative protective orders, the Court's prior text orders, and the redactions previously submitted to the Court.

Specifically, the government moves to redact: (a) the names and identifying information of civilian witnesses, except for those squarely within the public record; (b) references to information already shielded by the Court; and (c) references to 3500 material that could implicate safety concerns. *See* Dkt. 792 at 3 (noting that pre-trial motions in *limine* based upon witness statements shall contain redactions to "any non-law-enforcement witnesses' name and identifying information from the proposed publicly filed motion"); Text Order, Dkt. 845 (dated Apr. 15, 2026) ("Part I of the government's pretrial memorandum addressing the privilege issues shall be provisionally sealed in its entirety, pending the Court's resolution of the privilege issues.  In addition, Part II of the pretrial memorandum addressing statements made by Crystal Quinn shall be sealed as proposed by the government, except that as requested by defendant Roncone . . ."). Moreover, in support of this request, the government incorporates by reference its prior motion to seal, *see* Dkt. 797, which sets forth the applicable bases for redacting the government's Reply to Attorney-Client Privilege and Forfeiture by Wrongdoing Issues.

## CONCLUSION

The government submits that its proposed approach ensures that sensitive information—including identifying witness information, anticipated testimony, 3500 material implicating safety concerns, and references to matters the Court has already directed be shielded from public disclosure—is not unnecessarily disseminated on the public docket. This approach appropriately balances the public's interest in access to judicial filings with the compelling need to protect witness safety, maintain the integrity of the proceedings, and comply with existing Court orders.

In conclusion, the Court should (1) grant the government's motion to seal the unredacted letter submission and FBI Report, (2) grant the government's motion to seal the unredacted Reply to Attorney-Client Privilege and Forfeiture by Wrongdoing Issues, (3) grant the government's motion to seal the unredacted Response to Defendants' Motions in Limine and Exhibit GX-3687A, and (4) permit the government to publicly file redacted versions of the same consistent with the operative protective orders and the Court's prior text order.

DATED:  Buffalo, New York, April 28, 2026.

MICHAEL DIGIACOMO
United States Attorney

BY:   s/ KATERINA F. POWERS
Assistant United States Attorney
United States Attorney's Office
Western District of New York
138 Delaware Avenue
Buffalo, New York 14202
(716) 843-5702
Katerina.Powers@usdoj.gov