UNITED STATES DISTRICT COURT for the
WESTERN DISTRICT OF NEW YORK

UNITED STATES,

                  Plaintiff,

v.

FRANK KNIGHT,

                  Defendant.

DEFENDANTS' REPLY MEMO
REGARDING MOTIONS *IN LIMINÉ*

Case no.: 23-cr-099

Defendant Frank Knight submits this memorandum in response to the

GOVERNMENT'S OMNIBUS RESPONSE TO DEFENDANTS' TRIAL BRIEFS AND

MOTIONS IN LIMINE of April 24, 2026.

## SEQUESTRATION

Defendant Knight does not object to Sharon Quinn's presence at trial as a party

represented by the government at counsel's table. However, if Ms. Quinn will participate as an

interloper or attend in the gallery then her presence in the courtroom during the testimony of

witnesses is objected to.

## OTHER CRIMES EVIDENCE

The government correctly summarizes Knight's argument on this point, "the government

cannot, under the guise of a single conspiracy theory subject a defendant to voluminous

testimony relating to unconnected crimes in which he took no part." Govt's memo p. 40.

Conspiracy is a specific intent crime. *United States v. Torres*, 604 F.3d 58, 65 (2d Cir.

2010). "The partners in the criminal plan *must agree to pursue the same criminal objective* and

may divide up the work, yet each is responsible for the acts of each other." *Salinas v. United States*, 522 U.S. 52, 63 (1997), emphasis added. In *Torres*, cited by the government, defendant's conviction was reversed and acquittal ordered because even though the proof was sufficient to establish defendant was attempting to possess a large package that he must have known contained contraband, there was insufficient evidence that defendant had the specific intent to possess narcotics.

The government cites *Armone* for the proposition, "Since agreement is an element of conspiracy, evidence of association is relevant." *United States v. Armone*, 363 F.2d 385, 403-04 (2d Cir. 1966). The difference between *Armone* and this case is that in *Armone* both the government and the court urged the jury not to find guilt by association. In *Armone* the government said after showing pictures of the defendants seated at a restaurant together that the "government is not trying to prove guilt by association" and "again, ladies and gentlemen, I am not talking about guilt by association." *Id*. at 403. In *Armone* the court instructed the jury during the trial not to find guilty by association and instructed them after trial "you should not infer membership in a conspiracy merely because of family relationship, merely because some of the defendants may have had their pictures taken together, merely because of friendship between alleged co-conspirators. Of course, you can't find any defendant guilty merely by association." *Id*.

As we said in our initial motion, "the government may introduce evidence of uncharged criminal conduct to complete the story of the crime on trial, not to tell a new one." *United States v. Zhong*, 26 F.4th 536, 552 (2nd Cir. 2022). The government attempts to combine multiple separate conspiracies into one. The first is the conspiracy to get Hon. Sinatra to recuse himself.

The second is the conspiracy to prevent CQ from testifying.  And the third is to create and advance a cover story.  These are three separate conspiracies.

On conspiracy one, who does the government claim Attorney 1 conspired with?  And why is there any reason to believe that any of the defendants in this case were participants in such a conspiracy.  On conspiracy 2, there will be no direct evidence of the essence of a conspiracy - an agreement.  "(W)here the Government seeks to prove a fact that is also an element of the offense by circumstantial evidence, we must...be satisfied that the inferences are sufficiently supported to permit a rational juror to find that the element, like all elements, is established beyond a reasonable doubt."  *United States v. Torres*, 604 F.3d 58, 66 (2d Cir. 2010).

There is no reason to believe that a person agreeing to participate in any one of these three conspiracies would necessarily possess the specific intent to participate in one of the other conspiracies, much less even know about it.  Frank Knight is alleged to have participated in the create-and-advance-a-cover-story conspiracy.  The salacious details of the other two conspiracies should not be permitted against Frank Knight.

EXPERT TESTIMONY OF ORLANDO

The primary thrust of the opposition to the testimony of Agent Orlando is that he cannot or will not say that it is more likely than not that Simon Gogolack's phone was inside rather than outside the residence of Frank Knight in the early morning hours of July 28, 2023.  If he will not say it, then a *Daubert* hearing is unnecessary.  The government has carefully avoided answering this important question.  If he will not say it, then his testimony is not probative of whether Simon Gogolack was inside Frank Knight's home in the early morning hours of July 28, 2023.  And his testimony would be highly prejudicial because via an air of expertise and authority the

3

jury would be invited to speculate to a conclusion not supported by the testimony.

## STRIKE SURPLUSAGE

"A trial judge may strike irrelevant portions of an indictment, including overt acts from a conspiracy count." *United States v. Montour*, 944 F.2d 1019, 1026 (2nd Cir. 1991).  The government claims the allegations Knight seeks to strike are relevant because, "The list of overt acts to which he objects include specific references to instances where defendant Knight contacted or attempted to contact, either in person or over the phone, his co-conspirators during the timeframe surrounding Ms. Quinn's murder."  To the extent the government attempts to claim some temporal connection between the alleged telephone calls and CQ's death, the government fails to acknowledge that Knight has not sought to strike overt acts that have a temporal connection to CQ's death. [859] p. 14.  Indeed, Knight did not move to strike any of the phone calls appearing from paragraphs numbered 35 to 54 of the Second Superseding Indictment. [24] pp. 18 - 22.

Knight has not disputed that he knows or is friends with Howard Hinkle or Michael Roncone.  Indeed he would stipulate to that fact.  The existence of phone calls, independent of the content of those calls, is probative of no fact other than they know each other or are friends. To the extent the government wishes to allege they know each other, are friends, or that they talk on the phone there remain plenty of allegations in the indictment that Knight has not moved against as surplusage to make the point.

Dated: April 30, 2026
Erie County, New York                    Attorneys for KNIGHT

                                         BARRY J. DONOHUE, ESQ.

4

By:  /s/ Barry J. Donohue
Barry J. Donohue, Esq.
77 Broad Street
Tonawanda, New York 14150
(716) 693-0359
e-mail: barry@donohuelaw.com

Matthew R. Lembke
CERULLI MASSARE & LEMBKE
45 Exchange Blvd., Suite 925
Rochester NY 14614
Phone:  585-454-3323
e-mail: www.mattlembke.com

To: Joseph Tripi, AUSA
138 Delaware Avenue
Buffalo, New York 14202
(716) 843-5839
e-mail: joseph.tripi@usdoj.gov

Nicholas Cooper, AUSA
138 Delaware Avenue
Buffalo, New York 14202
(716) 843-5712
e-mail: nicholas.cooper@usdoj.gov

Casey Chalbeck, AUSA
138 Delaware Avenue
Buffalo, New York 14202
(716) 843-5881
e-mail: casey.chalbeck@usdoj.gov