UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

                    Plaintiff

v.                                       FILE NO.: 23-CR-99-EAW

HOWARD HINKLE,

                    Defendant

---

**REPLY TO GOVERNMENT'S RESPONSE REGARDING HOWARD HINKLE'S
MOTION TO PRECLUDE EVIDENCE FROM SEVERED COUNTS OF THE
INDICTMENT**

Dated: May 4, 2026
       Hamburg, New York

                                Respectfully submitted,

                               *s/ Frank Bogulski*
                               Frank Bogulski, Esq.
                               Daniel J. Henry, Jr., Esq.
                               Attorneys for *Howard Hinkle*
                               135 Delaware Avenue, Suite 2
                               Buffalo, New York 14202
                               (716) 649-0090
                               fbogulski@yahoo.com

To:    Hon. Elizabeth A. Wolford
United States District Court
U.S. Courthouse
100 State Street
Rochester, New York 14614

Casey L. Chalbeck, Esq.
Nicholas T. Cooper, Esq.
United States Attorney's Office
Federal Centre
138 Delaware Avenue
Buffalo, New York 14202

I, Frank Bogulski, am the attorney for the defendant Howard Hinkle, and the above-referenced matter, and as attorney of record and fully familiar with the facts and circumstances of the case.

## ARGUMENT

On April 28, 2026, the government submitted an omnibus response to the defendants' trial briefs and motions in limine. This shall serve as Mr. Hinkle's reply to the government's response regarding the government's efforts to introduce evidence from severed counts of the indictment alleging that Howard Hinkle was involved with marijuana and guns.

## MOTION TO PRECLUDE EVIDENCE RELATED TO SEVERED COUNTS

The government issued a response regarding Mr. Hinkle's motion to preclude evidence related to the severed counts of the indictment alleging violations of federal marijuana and gun laws

In reviewing the government's response, there is little substantive information contained in their papers. Instead, the government reiterates the statute regarding character evidence and relevance. It is nice that the government reminded the parties and the court about the rules of evidence, but what the government fails to do in its response is attempt to explain why or how Howard Hinkle's alleged growth and sale of marijuana is relevant to Crystal Quinn's death. It is also ridiculous for the government to attempt to introduce evidence regarding allegations of the possession of hunting rifles and other antique guns, as it's not relevant to the death of Crystal Quinn. This is because Miss Quinn died from a drug overdose in some capacity. According to

3

both Frank Knight and Simon Gogolack, Howard Hinkle had nothing to do with Crystal Quinn's death and was not involved in that type of lifestyle. Perhaps because the government has a weak case against Mr. Hinkle, it feels it is necessary and appropriate to muddy the waters by introducing allegations that he sold marijuana.

The bottom line is that because Miss Quinn died from an overdose rather than a gunshot wound, the government should be precluded from introducing any evidence pertaining to guns and marijuana. If the government alleged that Howard Hinkle shot Crystal Quinn or was involved in providing guns to someone who shot Crystal Quinn, then clearly, evidence of gun possession would be relevant to this case. The fact that the government has not alleged the use of firearms in Miss Quinn's death makes the evidence of firearms irrelevant. The court must then consider the probative value in the context of any unfair prejudice. I cannot think of anything more prejudicial than introducing irrelevant evidence regarding firearms possession of a severed count of an indictment by attempting to introduce evidence that Howard Hinkle possessed guns and marijuana. Guns and marijuana have absolutely nothing to do with the death of Crystal Quinn. Crystal Quinn again was not killed by a gun, but instead died either by suicide, or through an accidental overdose, or, as the government believes, was poisoned by someone.

Regardless of the cause of death of Crystal Quinn, it is undisputed that Crystal Quinn died from drugs and not guns, and therefore, any such evidence about guns and marijuana must be precluded as unfairly prejudicial to Howard Hinkle.

s/ *Frank Bogulski*
Frank Bogulski, Esq.
Frank M. Bogulski, Esq.
Attorney for Howard Hinkle Jr.
135 Delaware Avenue, Suite 2
Buffalo, New York 14202

4

(716) 649-0090

_s/ Daniel J. Henry, Jr._
Daniel J; Henry, Jr., Esq.
Daniel Henry, Esq.
Attorney for Howard Hinkle Jr.
16 Main Street
Hamburg, NY 14075
(716) 350-1118