

**U.S. Department of Justice**

*United States Attorney*
*Western District of New York*

| | |
|---|---|
| *Federal Center* | *716.843.5700* |
| *138 Delaware Avenue* | *Fax:  716.551.3052* |
| *Buffalo, New York   14202* | *Writer's Telephone:  716.843.5881* |
| | *Writer's fax:  716.551.3052* |
| | *Casey.Chalbeck@usdoj.gov* |

May 15, 2026

**VIA PACER**
Hon. Elizabeth A. Wolford
Chief United States District Judge
Kenneth B. Keating Federal Building
100 State Street
Rochester, New York 14614

> Re:    ***United States of America v. Gogolack*, et al.,**
>         **Case Number: 23-CR-99-EAW**

Dear Chief Judge Wolford:

On May 1, 2026, the Court invited the parties to submit proposals regarding the scope of the *Daubert* hearing related to ATF IOS Jeremy Scheetz's proposed testimony.[1]  *See* Minute Entry, Dkt. 934, (dated May 1, 2026).   The government recommends that the Court focus on the following three issues.

First, the Court should determine to what extent, if at all, IOS Scheetz can formulate the opinions described in the government's Rule 16 Supplemental Expert Witness Disclosure (Dkt. 846) without relying on impermissible hearsay.  Though "an expert witness may rely on hearsay evidence while reliably applying expertise to that hearsay evidence," insofar as IOS Scheetz can base his opinions exclusively upon his personal observations of the Outlaws, attendance at Outlaws-related events, and review of certain search warrant returns, including organizational records, his testimony would likely not violate "Rule 703, the hearsay rule, [or] the Confrontation Clause."  *United States v. Dukagjini*, 326 F.3d 45, 58 (2d Cir. 2003); Fed. R. Evid. 803(6) (exempting from the bar against hearsay certain organizational records).

Second, even if IOS Scheetz's opinions are informed by hearsay—including testimonial hearsay—the Court should consider to what extent, if at all, IOS Scheetz has reliably applied his "expertise" to those statements to ensure that their "substance" is "not directly convey[ed] . . . to the jury."  *United States v. Lombardozzi*, 491 F.3d 61, 72 (2d Cir. 2007); *see United States v. Mejia*, 545 F.3d 179, 199 (2d Cir. 2008) (finding error where a law

---

[1]        That hearing is currently scheduled for May 28, 2026, at 9:30 a.m.   Minute Entry, Dkt. 943, (dated May 1, 2026).

enforcement expert conveyed the "substance" of testimonial statements to the jury without first "appl[ying] his expertise to those statements"). That is, the fact that IOS Scheetz's opinions might be informed by hearsay, including testimonial hearsay, does not preclude their admission; what matters for the purposes of determining the admissibility of IOS Scheetz's hearsay-informed opinions is whether they are the product of an expert methodology—or an unanalyzed reflection of "out-of-court testimonial [and non-testimonial] statements." [2] *Lombardozzi*, 491 F.3d at 73; *see Dukagjini*, 326 F.3d at 58 (recognizing that "under certain circumstances, an expert witness may rely on hearsay"); *see also* Fed. R. Evid. 703 ("If experts in the particular field would reasonably rely on those kinds of facts or data in forming an opinion on the subject, they need not be admissible for the opinion to be admitted.").

Third, it is the government's understanding that the defendants will seek to challenge IOS Scheetz's qualifications as an expert. Though the government believes that IOS Scheetz's expertise is beyond dispute, *see* Dkt. 846–1 at 1–29 (Curriculum Vitae of Jeremy Scheetz), the Court should establish that IOS Scheetz is qualified to provide expert testimony.

Please do not hesitate to contact me with any questions, comments, or concerns.

Respectfully,


Casey L. Chalbeck
Assistant United States Attorney


CC (via PACER):
Counsel of record.

---

[2] This standard applies even where, as in *Lombardozzi*, the expert opines that a particular defendant "is affiliated with organized crime." *Lombardozzi*, 491 F.3d at 73.