UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

                           Plaintiff,

        vs.                         Docket No 1:23-CR-99-LJV-JJM

JOHN THOMAS ERMIN, et al.

                           Defendant.

_____

### DEFENDANT JOHN ERMIN'S PROPOSAL FOR THE SCOPE OF THE *DAUBERT* HEARING CONCERNING THE GOVERNMENT'S SO-CALLED OUTLAW MOTORCYCLE CLUB EXPERT

GEORGE V.C. MUSCATO, ESQ., and DONALD M. THOMPSON, ESQ., on behalf of JOHN THOMAS ERMIN, respond as follows to the Government's proposal regarding the scope of the Daubert hearing to address the proposed testimony of Government expert Jeremy Sheetz (Dkt. 956).

While not adopting the Government's legal arguments in its submission, and contesting the relevance of the proposed expert testimony based on, in part, the arguments in his Response to the Government's Statement of Facts and Motions in Limine (Dkt. 957), Defendant Ermin generally agrees with the Government's statement of issues for the hearing, namely:

1. Whether Mr. Sheetz can offer opinions on the subjects described in the Government's Supplemental Expert Witness Disclosure (Dkt. 846) without relying on impermissible hearsay thereby violating, for example, the Confrontation Clause. See Howard v. Walker, 406 F.3d 114 (2d Cir. 2005).

2. Whether Mr. Sheetz can sanitize and thereby offer hearsay-infected opinions through the application of "expert methodology." See Smith v. Arizona, 602 U.S. 779 (2024); Howard v. Walker, supra.

3. Whether Mr. Sheetz may be properly qualified as an outlaw motorcycle club expert.  In this regard, Defendant Ermin contends that the threshold question would be whether Mr. Sheetz is qualified as an expert to testify about the general or common characteristics of the various brands of outlaw motorcycle clubs; based on his C.V. and other materials, he appears to testify most often, and have the most detailed knowledge about the Hell's Angels, but has testified about other clubs, including the Outlaws as well. If he is qualified as an expert relative to such generalized knowledge and characteristics of outlaw motorcycle clubs, Defendant Ermin contends that the next question should be whether Mr. Sheetz has a sufficient basis of knowledge to opine as to whether the local chapters of the Outlaws MC and the Rare Breed MC behave pursuant to or consistent with the generalized characteristics regarding organization, structure, hierarchy, goals, and rules.

Respectfully submitted,

Dated: May 15, 2026

GEORGE V.C. MUSCATO, ESQ.
Attorney for Defendant JOHN ERMIN

DONALD M. THOMPSON, ESQ.
Attorney for Defendant JOHN ERMIN

2