UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA


           v.                                                    23-CR-99-EAW

MICHAEL RONCONE,

        Defendant.

_____


**MICHAEL RONCONE'S RESPONSE IN OPPOSITION TO
THE GOVERNMENT'S MOTIONS IN LIMINE**


On April 17, 2026, the Government filed its Pre-Trial Statement of the Facts
and Motions in Limine (the "Government's Motions in Limine"). Mr. Roncone, by
and through his attorneys Paul Dell and Jenna Wojdan-Price, files this response in
opposition (the "Opposition").

Counsel for defendants have conferred, and it is Mr. Roncone's understanding
that counsel for codefendants will be filing responses in opposition as well. Mr.
Roncone reserves his right, and intends, to move to join in on the responses and
arguments relevant and beneficial to Mr. Roncone.

Additionally, Mr. Roncone acknowledges that there are arguments and
evidentiary issues contained within the Government's Motions in Limine that have

either previously been ruled on, or are more fulsomely briefed in other filings. To avoid unnecessary repetition, this Response focuses on the unique issues not previously litigated or otherwise pending decision.

I.    Objections To The Government's Statement of Facts Regarding Counts 4, 5, 23, and 26.

As a threshold matter, Mr. Roncone has objected to the admission of certain evidence that is not relevant to Count 1 and 26 - the only two counts he is charged with that will be in front of the jury in the instant matter - in his own motions in limine. Keeping that in mind, Mr. Roncone does continue to object to the admission of certain evidence against him, including any evidence related to count 25, which has been severed from the instant trial. Any such admitted evidence would not be relevant to the counts in front of the jury, would confuse the jury, would waste the Court's time, and would cause Mr. Roncone undue prejudice. And though the Government is not seeking to admit any evidence in this portion of their submission, Mr. Roncone objects to multiple statements contained within this section.

First, Mr. Roncone objects to the narrative supplied by the government generally related to the allegation that he made false statements regarding his knowledge of Crystal Quinn and her death. This allegation implies that Mr. Roncone was involved in the death of Crystal Quinn, but the Government contradicts this narrative in its Reply in Support of its Pre-Trial Memorandum, dated April 24, 2026, by stating that it "does not believe that it possesses sufficient

evidence at this time to showing [sic] by the preponderance that Mr. Roncone participated in a conspiracy to cause Ms. Quinn's unavailability." This position is further supported by the fact that Mr. Roncone is not charged in counts 2 and 3, alleging witness tampering and retaliation.

Second, Mr. Roncone objects to the statements contained within the second half of this section related to certain allegations that the Court has already deemed inadmissible.

## II.    Objections To The Government's Motions in Limine.

As an initial matter, to date the government has not yet provided the Defense with the actual exhibits that it intends to use at trial. While an exhibit list has been provided, the actual exhibits have not been provided and so the Defense is unaware of what exactly the Government is seeking to admit. For example, the Defense is unaware if entire documents or only certain portions of documents are being sought admission. Further, the Government's Motion in Limine generally provides categories of evidence, and does not specify which exhibits specifically it seeks to admit under each argument. This Response in Opposition responds to the Government's Motions in Limine as they are written, and does not intend to contemplate speculation as to which exhibits and in which form the Government is seeking to admit.

In short, until the Government provides the Defense with copies of the exhibits it seeks to admit, the Defense cannot be certain there are not additional objections to be made as to each argument, exhibit, and admissibility. To that end,

Mr. Roncone reserves his right to raise additional objections not raised in this Response to exhibits or testimony the Government seeks to admit during future litigation and/or trial.

### A. The Government's Motion to Admit Evidence is Premature At This Juncture And Should be Denied.

The Government is asking the court to make evidentiary rulings on categories of evidence without specifying what documents, items, or specific testimony exactly they are seeking to admit. The Government's premature and vague request comes prior to the start of trial and before the Court can evaluate: (1) whether the Government can establish the necessary foundation; (2) whether the evidence becomes cumulative in light of other proof; (3) what relevance, if any, the evidence may have; and (4) whether the danger of unfair prejudice, confusion, or propensity reasoning substantially outweighs any probative value under Rule 403. Without the context of testimony at trial, and without such context being set forth and corroborated at this juncture, any ruling would necessarily be speculative. As a practical matter, any such speculative admissions would risk jeopardizing the integrity of trial and the jury's ability to analyze the evidence or testimony, and the weight it is credited.

Accordingly, the Court should deny the Government's motions, and preclude admissibility where appropriate as set forth below.

B.  The Government's Motion to Admit Evidence Showing the Defendants' Affiliation with the Outlaws and the Rare Breed, and the Outlaws' Association with the Rare Breed Should be Denied, And That Evidence Should Be Precluded.

In this section, the Government seeks to admit evidence "showing: (1) the defendants' association with the Outlaws and the Rare Breed motorcycle clubs; (2) the defendant's [sic] association with one another; and (3) the Outlaws, Rare Breed, and Pharoah's association with one another." *See* Govt. Motion in Limine at 14. The "Factual Background" sets forth various allegations, including in relevant part that Mr. Gerace owned Pharoah's, that Mr. Roncone was the President of the Wellsville chapter of the Rare Breed motorcycle club, that the Rare Breed are "aligned with" and support the Outlaws, and that the Rare Breed "had a relationship with Mr. Gerace and Pharoah's." *Id*. At 14-15. In support of these attenuated allegations, the Government merely cites to Docket No. 24, the Second Supersceding Indictment. To be clear, the Government does not attach any exhibits that support or corroborate these claims. Rather, the Government seeks to admit categories of evidence that lack any specificity.

The Government argues that "[t]he defendant's gang affiliation is directly relevant because it provides essential context without which the charged conduct does not make sense.[…] It is the framework that makes the charged conduct intelligible." *See* Govt. Motion in Limine at 16. Said another way, the Government has to advance this attenuated theory, despite the overwhelming lack of factual support for said theory, in order to charge Mr. Roncone with Count 1.

To be clear, Mr. Roncone's affiliation with the Rare Breed is irrelevant to the case at hand. And any alleged possible affiliation that the Rare Breed has with the Outlaws is irrelevant to the case at hand.

Even if those affiliation allegations were relevant – which there are not – the argument advanced by the Government does not abolish the requirement that the evidence they seek to admit must in fact be admissible under the FRE. Specifically, all evidence must be relevant under FRE 401, properly authenticated under FRE 901, a proper foundation must be laid prior to admission, the evidence must be reliable, it cannot be unnecessarily cumulative, and cannot be excludable under the rules of evidence. That is, the Court cannot grant the Government's motion simply because the Government would not have a case against Mr. Roncone if the proposed evidence was not admitted.

Here, the evidence the Government is seeking to admit is not permissible evidence under FRE 404. The proposed category of evidence merely seeks to improperly offer what is alleged propensity evidence, and the Government fails to show that any specific evidence tends to prove motive, intent, or knowledge as to Mr. Roncone.

The Government also argues that the proposed evidence – which is not specified – "is not more inflammatory than the charged conduct itself, which involves the obstruction of justice by way of killing a federal witness." *See* Govt. Motion in Limine at 19. Problematic to this argument is that the Government does not allege that Mr. Roncone was involved in killing a federal witness. In fact, they

6

have stated explicitly that they do not have evidence that he was involved in the death of Crystal Quinn. In its Reply in Support of its Pre-Trial Memorandum, dated April 24, 2026, the Government stated:

> "[…]the government does not believe that it possesses sufficient evidence at this time to showing [sic] by the preponderance that Mr. Roncone participated in a conspiracy to cause Ms. Quinn's unavailability."

Turning to the admissibility of the evidence against Mr. Roncone specifically, the Government does not provide any evidence whatsoever that shows Mr. Roncone personally had any involvement in or knowledge of the alleged conspiracy. Instead, the Government first intends to introduce evidence related to Mr. Roncone's membership in the Rare Breed, including "photographs; vests; apparel; meeting minutes; club records; and witness testimony showing that Mr. Roncone was a member and leader of the Rare Breed." *Id.* at 15, # 5. This evidence could serve only to attempt to illicit a "guilty by association" verdict against Mr. Roncone based purely on his hobby of riding motorcycles with other people who also ride motorcycles.

Mr. Roncone does not dispute the allegation that he was a member of the Rare Breed Motorcycle Club. Mr. Roncone does not dispute that he was previously the President of the Wellsville chapter of the Rare Breed. It is our position that his affiliation with the Rare Breed is not relevant to this case. Nonetheless, even if it were, there is no need for the Government to prove that Mr. Roncone was a member and former President of the Wellsville Chapter of the Rare Breed because that

particular fact is not in dispute. The Government does not need to waste the Court's time by entering evidence and testimony to prove this point. Because his membership and prior role of president is not a fact that must be found by the jury, the evidence the Government seeks to admit to prove that fact is not necessary, and rather is cumulative, a waste of time, and inadmissible.

This position is supported by well-established precedent. Under *Old Chief v. United States,* the Court held that where a defendant stipulates to a fact, evidence that serves only to prove that fact is cumulative, a waste of time, unduly prejudicial against the defendant and thus inadmissible. *See generally Old Chief v. United States,* 519 U.S. 172 (1997). While that case dealt with prior bad acts, the Court analyzed the relevancy and admissibility of evidence that generally proves a fact that is stipulated to under FRE 401 and 403. *See id.*

The Court pointed out that the companion rules to FRE 403 and the relevant commentaries:

> [M]akes it clear that what counts as the Rule 403 'probative value' of an item of evidence, as distinct from its Rule 401 'relevance,' may be calculated by comparing evidentiary alternatives. The Committee Notes to Rule 401 explicitly say that a party's concession is pertinent to the court's discretion to exclude evidence on the point conceded. [...T]he Notes make it clear that such rulings should be made not on the basis of Rule 401 relevance but on 'such considerations as waste of time and undue prejudice.'

*Old Chief v. United States*, 519 US 183.

Here, the Government seeks to admit this grouping of evidence to show only "Mr. Roncone's membership in the Rare Breed." *See* Govt. Motion in Limine at 14. With that fact not in dispute, the admission of this evidence would serve only to waste the Court's time and serve as a conduit for the Government to make improper speculative and propensity arguments, imputing undue prejudice on Mr. Roncone.

For the above reasons, the Court should deny the Government's Motion to admit evidence that show's "Mr. Roncone's membership with the Rare Breed." Rather, the Court should exercise its discretion and preclude the admission of this evidence as it would cause Mr. Roncone undue prejudice and would waste the time of the Court and the jury in what is already going to be a lengthy trial.

### C. The Government's Motion to Admit Evidence Allegedly Showing The Rare Breed's Efforts to Monitor Law Enforcement Investigations And Its Institutional Commitment To Harming Witnesses Should be Denied, And That Evidence Should Be Precluded.

Here, the Government seeks to prematurely admit evidence including records seized from the Rare Breed clubhouse, meeting minutes, photographs from inside the club, and witness testimony allegedly "evincing the Rare Breed's shared institutional commitment to silencing witnesses and monitoring law enforcement investigations." *See* Govt. Motion in Limine at 31. The Government further makes the vague allegation that "the Rare Breed monitored federal prosecutions of motorcycle clubs." *Id.* That is akin to alleging an attorney who monitors the federal prosecution of other attorneys is engaging in criminal behavior.

9

To support their motion, the Government points to two decorative posters hanging in the clubhouse, calling it "undeniably probative of their awareness of potential law enforcement investigations and tactics used by cooperators." *Id.*  One poster that the Government argues is "undeniably probative of their awareness of potential law enforcement investigations and tactics used by cooperators" is a poster stating that no cell phones were allowed. *Id.*

That allegation is absurd.

No cell phones are allowed by the general public, and even attorneys who do not possess the required media card, in the Robert H. Jackson U.S. Courthouse. Cell phones are prohibited in courts all across the country. Cell phones are not allowed in jails. Cell phone use is prohibited in many doctors' offices, hospitals, museums, movie theatres, comedy shows, voting locations, religious sites, libraries, testing sites, and New York State public schools…the list goes on. The leap the government is making in its argument is nothing more than a speculative propensity argument that attempts to fill in the factual gaps of their case theory. That speculative, irrational argument raises serious questions about the government's ability to distinguish fact from the fiction that has been concocted to fit its narrative.

Additionally, the government cannot skip the requirement of properly authenticating and laying of a foundation for the evidence which they seek to admit. For example, the meeting club minutes recovered during a search of the Rare Breed clubhouse, which will be discussed in more detail in the next section, cannot be admitted prior to the start of trial just because the Government says the contents

are relevant. That is not the standard for admission. A proper foundation must still be laid, the evidence must be authenticated, and it must also pass the test for hearsay which, we argue it cannot. These necessary analyses simply cannot occur at this juncture.

Second, the argument the government sets forth to attempt to persuade the Court is speculative and not grounded in fact. The Government does not even charge Mr. Roncone, the only defendant who was a member of the Rare Breed, with harming a witness. The Government also moves to admit statements made by Mr. Knight regarding actions allegedly taken by the Rare Breed. Fatal to this argument is the fact that Mr. Knight was not a member of the Rare Breed. The theory they are attempting to advance through the admission of this category of evidence is nothing more than an impermissible and inadmissible, speculative theory of propensity that is not supported by fact.

For those reasons, the Government's motion to admit this category of evidence should be denied and rather should be precluded.

### D. The Government's Motion to Admit Alleged Evidence of Prior Acts Committed by the Rare Breed At the Behest of the Outlaws Should be Denied And That Evidence Should be Precluded.

Next, the Government argues that this evidence, whatever it may be, should be admitted because "it explains why the Outlaws would trust the Rare Breed to carry out a witness tampering and retaliation scheme.[…] because it is probative of the Rare Breed's motivation to tamper with, or retaliate against, Ms. Quinn, and

the plan by which such obstruction could be accomplished." *See* Govt. Motion in Limine at 34-5.

There are numerous issues with the attempted admission of this category of evidence. First, the Government is seeking to admit a broad category of evidence without any of the foundational evidentiary analyses occurring.

Second, there is no nexus between any alleged prior bad acts and the current allegation against Mr. Roncone. The Government has provided no proof, and makes no allegations, that Mr. Roncone has engaged in any prior bad acts "at the behest of the Outlaws." With a nexus, any such evidence would not make any fact before the jury more or less probably and thus would not be relevant under FRE 401.

Third, this category of evidence could be nothing but improper propensity evidence. The Government seeks to admit alleged prior bad acts admittedly in order to prove that other individuals not involved in those alleged prior acts would do it again.  This does not follow logic, and even if it did would be the definition of improper propensity evidence.

And lastly, and perhaps most importantly, the Government advances that this evidence is admissible to prove that the Rare Breed were trusted to carry out an act of violence against Crystal Quinn. But, the Government has not charged Mr. Roncone, the only defendant who was a Rare Breed, with tampering. The Government maintains that it does not believe that Mr. Roncone participated in a conspiracy to cause Ms. Quinn's unavailability. The Government cannot now

attempt to fabricate a nexus by alleging violence engaged in by the Rare Breed when the only indicted defendant who was affiliated with the Rare Breed is not charged with any acts, or conspiracy to commit acts, of violence.

The Government's motion to admit this category of evidence should be denied, and rather should be precluded.

### E.  The Government's Motion To Admit Out-Of-Court Statements Should be Denied, And That Evidence Should be Precluded.

The Government seeks to admit "RBMC and Outlaws Phone Lists, Meeting Minutes, and Ledgers." *See* Govt. Motion in Limine at 90.  As stated above, this evidence is not relevant to the case at hand. Even if it were, the authority the Government relies on is detrimental to their position, their argument fails, and the proposed category of evidence cannot be admitted at this juncture.

First, the Government relies on *United States v. Bellomo* for the idea that "statements offered as evidence of commands or threats or rules *directed to the witness*, rather than for the truth of the matter asserted therein, are not hearsay." *Id.*, quoting *United States v. Bellomo,* 176 F.3d 580, 586 (2nd Cir. 1999)(emphasis added). What the Government fails to acknowledge is that this holding requires the witness to be able to testify as to what was said to them. We do not have that here.

Additionally, the Government fails to acknowledge that immediately prior to the sentence quoted above, the Second first stated that "the most significant statements fall into the category of commands as to which the witness was the percipient hearer of the command." *United States v. Bellomo,* 176 F.3d, 580 586

13

(2nd Cir. 1999). There, a witness was able to testify that they heard commands. Here, the government is seeking to admit evidence that are not commands, *and* without the conduit of a witness who heard any of the related statements being made. These critical differences render *Bellomo* unpersuasive for the proposition the Government seeks to argue. As such, the proposed evidence is not admissible under *Bellomo*.

Next, the Government curiously relies on *United States v. Conde* for the proposition that under FRE 101(b)(4), business records include memorandum, reports, and data compilations. *See* Govt. Motion in Limine at 90. There is no dispute that that is in fact what FRE 101(b)(4) says. Nonetheless, in *Conde*, the Court dealt with an electronic record provided by a company that was authenticated by a record custodian's written certification. *See United States v. Conde,* 134 F.4th 82, 85 (2nd Cir. 2025). This is not what we have here. In fact, there is quite the opposite. In the present matter, the Government has no authentication, no record custodian, and no certification. As such, the Government's reliance on *Conde* is misplaced.

The Government next cites to *United States v. Collins,* a Sixth Circuit case, for the principle that "the foundations for admitting evidence under Rule 803(6) may be laid, in whole or in part, by the testimony of a government agent or other person outside the organization whose records are sought to be admitted. *See* Govt. Motion in Limine at 90, quoting *United States v. Collins,* 799 F.3d 554, 584 (6th Cir. 2015). However, like the others, this case lies in contrast with the present case and

14

underlying facts. In *Collins*, the foundation was partially laid by a record custodian, as well as an officer who was familiar with the system and "could testify to the process by which information is retrieved." *Collins,* 799 F.3d at 584. There is no proposed records custodian for the evidence the government seeks to admit, and there is no witness proposed to testify as to their familiarity with any record system the proposed evidence was created through. *Collins* too fails to support the Government's argument to admit this category of evidence. Once again, the Government here is attempting to skip all required foundation, authentication, and admissibility analyses in general.

The Government also argues that the proposed evidence was "maintained securely inside the clubhouse and homes," and that they constitute as "admissions and adoptive admissions of the club members, such as Mr. Roncone and Mr. Ermin." *See* Govt. Motion in Limine at 90. However, the Government does not offer any proof that this is so. Something being found somewhere does not mean it was "securely" kept there. It also does not offer any indication of how it got there, when it got there, how it was created, when it was created, why it was created, who accessed it, if it had been altered, or any other foundational fact that must be established prior to the admission of evidence. Further, there is no evidence that any of the potential hearsay statements or otherwise contained with the evidence the Government seeks to admit was in fact adopted by Mr. Roncone or any of the Defendants.

15

For those reasons, the Government's motion to admit this category of evidence should be denied, and rather should be precluded.

CONCLUSION

For the forgoing reasons, Mr. Roncone respectfully requests that the Court deny the Government's motions in limine, and preclude the evidence from being admitted as set forth above, plus any such further relief in Mr. Roncone's favor that the Court deem just and proper.

In the alternative, should the Court not deny the Government's motions, a limiting instruction must be provided to the jury, though it is Mr. Roncone's position that any limiting instruction would not be sufficient to cure any undue prejudice that would result from the admission of the above evidence. Mr. Roncone further reserves his right and seeks leave to raise additional objections related to the proposed evidence and arguments included in the Government's Motion in Limine as issues arise in the time leading up to and during trial.

DATED: May 15, 2026
Buffalo, New York

Respectfully Submitted,

/s/ Paul G. Dell
Paul G. Dell, Esq.
*Attorney for Defendant*
*Michael Roncone*
70 Niagara Street
Buffalo, New York 14202
(716) 362-1156
pgdell@aol.com

/s/ Jenna M. Wojdan-Price
Jenna M. Wojdan-Price, Esq.
*Attorney for Defendant*
*Michael Roncone*
135 Delaware Ave. Suite 406
Buffalo, New York 14202
(716) 218-0895
jenna@wojdanpricelaw.com