UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA


                    v.                                          23-CR-99-EAW

MICHAEL RONCONE,

                    Defendant.

_____


### MICHAEL RONCONE'S RESPONSE TO THE GOVERNMENT'S SUPPLEMENTAL LETTER REGARDING CRYSTAL QUINN'S TESTIMONIAL AND NON-TESTIMONIAL STATEMENTS


DATED: May 22 2026
Buffalo, New York


                                        Respectfully Submitted,

                                        s/ Jenna M. Wojdan-Price
                                        _____
                                        Jenna M. Wojdan-Price
                                        Wojdan-Price Law
                                        *Attorney for Defendant*
                                        *Michael Roncone*
                                        135 Delaware Ave. Suite 406
                                        Buffalo, New York 14202
                                        (716) 218-0895
                                        jenna@wojdanpricelaw.com

## INTRODUCTION

Defendant MICHAEL RONCONE, by and through his attorneys, submits this response to briefly respond to the Government's Supplemental Letter Regarding Crystal Quinn's Testimonial and Non-testimonial statements, at Dkt. 947 (the "Supplemental Letter"). Mr. Roncone has already set forth arguments in his response at Dkt. 855 (the "Pre-Trial Response") to the Government's Pre-Trial Memorandum at Dkt. 847 (the "Pre-Trial Memorandum"). Mr. Roncone is aware that other defendants have already, and additional defendants may file responses to the Supplemental Letter and intends to join in on those responses that are relevant and would benefit his defense. This response is intended to supplement arguments that have already been raised in Mr. Roncone's own prior filings, co-defendant filings, and the oral arguments that have already occurred.

For the reasons set forth in Mr. Roncone's Pre-Trial Response and his Motions in Limine, the contents of which he adopts here by reference, the arguments set forth below, and the arguments made in his co-defendants' filing, the Court should deny the Government's request to admit testimony as set forth in the Government's Pre-Trial Memorandum and Supplemental Letter.

Should the Court decide that preclusion of the statements submitted by the Government in their Pre-Trial Memorandum is not appropriate, a hearing is requested to determine their admissibility against Mr. Roncone specifically. In that event, Mr. Roncone would request that this Court conduct an evidentiary hearing

related only to him, separate from any other defendant, as to whether or not the statements are admissible against him.

Lastly, due to the complexity of this case and the voluminous, ongoing disclosures that have recently been, and continue to be provided by the government, Mr. Roncone reserves his right to make additional arguments as they present themselves.

## RELEVANT PROCEDURAL HISTORY

On March 11, 2026, the Government filed its Pre-Trial Memorandum under seal, which was accompanied by exhibits 1-51 and appendixes 1 and 2. Dkt. 847. Mr. Roncone filed his Pre-Trial Response on April 10, 2026. Dkt. 855. On May 1, 2026, a conference was held wherein the parties engaged in oral arguments and discussions related to various motions in limine. During that appearance, oral argument and discussion was held related to the Pre-Trial Memorandum, and the Government was instructed to file a supplement to their Pre-Trial Memorandum. Defense was instructed by the Court to response to that supplemental filing by May 22, 2026.

In its Reply in Support of its Pre-Trial Memorandum, dated April 24, 2026, the Government stated that it "does not believe that it possesses sufficient evidence at this time to showing [sic] by the preponderance that Mr. Roncone participated in a conspiracy to cause Ms. Quinn's unavailability. Accordingly, it will not move to admit Ms. Quinn's testimonial statements against Mr. Roncone."  Dkt. 926. Given

3

this concession by the Government, Mr. Roncone will only respond to the arguments the Government makes to admit Crystal Quinn's non-testimonial statements.

## LEGAL STANDARD

The Federal Rules of Evidence (the "FRE") set forth the standard that only relevant evidence may be admitted against a defendant. Without exception, irrelevant evidence is not admissible. Evidence is relevant only if it "has a tendency to make a fact more or less probable than it would be without the evidence," *and* "the fact is of consequence in determining the action." *See* FRE 401.

However, relevant evidence is not admissible if "its probative value is substantially outweighed by a danger of […] unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." *See* FRE 403.

## ARGUMENT

I.    Crystal Quinn's non-testimonial Statements (17 through 32) Are Not Admissible Against Mr. Roncone.

The Government's Supplemental Letter sets forth a series of non-testimonial statements made, or allegedly made, by Cristal Quinn that it seeks to admit. These statements vary in topic, but they have at least one thing in common- none of them refer to Mr. Roncone.

4

None of Crystal Quinn's statements are made to Mr. Roncone. None of Her statements are made about Mr. Roncone. And none of Crystal Quinn's statements refer to Mr. Roncone.

This is not surprising, though, as none of the allegations against Mr. Roncone allege that he had anything to do with Crystal Quinn prior to her death. Nor is he charged with Counts 2 or 3, which contain allegations of witness tampering and retaliation. And ,as set forth above, the Government has already conceded that it does not have evidence that Mr. Roncone was involved in obtaining her unavailability.

Mr. Roncone is not charged in Counts 2 and 3. The Government does not allege that Mr. Roncone was involved with Ms. Quinn prior to her death. And Mr. Roncone is not accused of being involved with procuring her unavailability. Therefore, the only logical conclusion is that none of Crystal Quinn's statements tend to make a fact that is a consequence of determining the action as to Mr. Roncone more or less probable. Thus, these statements are not admissible against Mr. Roncone pursuant to FRE 401. Because these statements are not relevant to Mr. Roncone, admitting these statements during trial could only subject Mr. Roncone to unfair prejudice, the likes of which could not be cured by a limiting instruction. Thus, they are excludable under FRE 403.

Regarding statements 19, 20, 21, and 26 specifically, the statements themselves are not statements made by Crystal Quinn, but rather are statements made by others, and thus are not admissible as presented. To the extent that the

statements would be admitted in the form of testimony purporting a quote from Crystal Quinn, those statements do not bear any more resemblance to relevance against Mr. Roncone than any other statements just because they mention "bikers." By the Government's own admission, these statements were made related to "unspecified" bikers. Meaning, even the Government does not know who Ms. Quinn was talking about. What we do know is that Crystal Quinn did not mention Mr. Roncone in any of her statements, and she did not mention the Rare Breed, the only Motorcycle Club that Mr. Roncone was a member of.

Fatal to any argument the Government could make, the Government also argues that Ms. Quinn traveled to Wellsville for safety. *See* Dkt. 947 at 5. That is, the Government states that Ms. Quinn "took steps to protect herself by leaving for Wellsville." Id. Logic tells us that if Ms. Quinn was afraid of Mr. Roncone or the Rare Breed Wellsville Chapter, that she would not have gone out of her way to travel almost two (2) hours to be in the same small town.

That makes no sense.

The Government is talking out of both sides of its mouth now by arguing that: (1) statements related to "unspecified motorcycle clubs" are admissible because Ms. Quinn was "afraid" of them (whoever "them" is); and (2) that she could not possibly have been suicidal because she was running from Buffalo and attempting to gain safety in Wellsville, the same small town the Rare Breed was located in.

This contradiction is not without consequence, as the Government is using these narratives simultaneously as support for its arguments to admit or preclude

6

evidence pretrial. This is but one example, and highlights the concerns defense counsel have been raising regarding credibility throughout the duration of this prosecution.

Relying on FRE 803(3) to admit these statements, the Government is required to show that a statement was made regarding Crystal Quinn's then existing mental, emotional, or physical condition. However, it is clear that even the Government is not sure what mental, emotional, or physical condition was being portrayed in the statements.

The Government cannot articulate in a non-contradicting way how Crystal Quinn's statements fit into an exception to the rules of hearsay, and so they cannot meet their burden to admit these statements. Further, even if there were a clear emotional, mental, or physical state that was being portrayed in these statements, the facts that purportedly caused the condition are not admissible under FRE 803(3).

For those reasons, the Government's motion to admit Ms. Quinn's statements must be denied.

## CONCLUSION

For all of the reasons stated above, in Mr. Roncone's previous submissions that are incorporated by reference here, and as set forth in his co-defendant's submissions as they are relevant and helpful to Mr. Roncone, the Government's motion to admit the statements made by Crystal Quinn must be denied.

Should the Court decide that preclusion of the statements submitted by the Government in their Pre-Trial Memorandum is not appropriate, a hearing is requested to determine their admissibility against Mr. Roncone specifically. In that event, Mr. Roncone would request that this Court conduct an evidentiary hearing related only to him, separate from any other defendant, as to whether or not the statements are admissible against him.

Due to the complexity of this case and the voluminous, ongoing disclosures that have recently been, and continue to be provided by the government, Mr. Roncone reserves his right to raise additional arguments as they become known.

DATED: May 22, 2026
Buffalo, New York

s/ Jenna M. Wojdan-Price

_____

Jenna M. Wojdan-Price
Wojdan-Price Law
*Attorney for Defendant*
*Michael Roncone*
135 Delaware Ave. Suite 406
Buffalo, New York 14202
(716) 218-0895
jenna@wojdanpricelaw.com