IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

       v.                                                                23-CR-99-EAW

SIMON GOGOLACK, et al.,

       Defendants.

_____

### THE GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT GERACE'S MOTION TO STRIKE SURPLUSAGE FROM THE SECOND SUPERSEDING INDICMENT

**THE UNITED STATES OF AMERICA**, by and through its attorneys, Michael DiGiacomo, United States Attorney for the Western District of New York, and Katerina F. Powers, Assistant United States Attorney, of counsel, hereby offers the following response in opposition to Defendant Peter Gerace's motion to strike surplusage from the Second Superseding Indictment pursuant to Rule 7(d) of the Federal Rules of Criminal Procedure. *See* Dkt. 960.

1

## GOVERNING LEGAL PRINCIPLES

### 1. Rule 7(d) motions are granted only where allegations are irrelevant, prejudicial, and inflammatory.

A motion to strike surplusage should be granted only where the challenged allegations are "not relevant to the crime charged and are inflammatory and prejudicial." *United States v. Scarpa*, 913 F.2d 993, 1013 (2d Cir. 1990) (citation omitted). This standard is "exacting" and "only rarely" satisfied. *United States v. DePalma*, 461 F. Supp. 778, 797 (S.D.N.Y. 1978).

"If evidence of the allegation is admissible and relevant to the charge, then regardless of how prejudicial the language is, it may not be stricken." *Id*. (citation omitted); *see also United States v. Langella,* 776 F.2d 1078, 1081 (2d Cir.1985). As long as the overt acts alleged are relevant to the conspiracy charge, the trial judge's refusal to strike is not error. *United States v. Montour*, 944 F.2d 1019, 1026–27 (2d Cir. 1991).

An overt act need not itself be criminal to support a conspiracy conviction. *United States v. Slocum,* 695 F.2d 650, 654 (2d Cir.1982) ("[T]he function of the overt act is simply to demonstrate the conspiracy's existence, *i.e.*, to prove that it is at work." (internal citation omitted)).

The proper inquiry is not whether the act appears innocent in isolation, but whether it is relevant to the alleged conspiracy when viewed in the context of the evidence as a whole. *See United States v. Diaz,* 878 F.2d 608, 614–15 (2d Cir. 1989). Evidence of subsequent events may show relevance of prior conduct to conspiracy. *Id*. "If an act is relevant to the alleged conspiracy when viewed in light of all the evidence, it should not be stricken." *Montour*, 944 F.2d at 1026.

2

**2. Courts routinely decline to strike allegations from the indictment.**

Courts have refused to strike allegations of connections that explain the "means by which its members and associates conduct various criminal activities." *Scarpa*, 913 F.2d at 1013 (quoting *United States v. Napolitano*, 552 F. Supp. 465, 480 (S.D.N.Y. 1982)); *see also United States v. Rastelli*, 653 F. Supp. 1034, 1055 (E.D.N.Y. 1986) (finding "allegedly inflammatory material cited by defendants . . . should not be stricken because it concerns relevant and admissible evidence").

Allegations describing the "tactics and purposes" of a conspiracy, as well as admissible and relevant background evidence, are properly included in an indictment and should not be stricken as surplusage. *United States v. Mulder*, 273 F.3d 91, 100 (2d Cir. 2001) (affirming denial of motion to strike allegations describing the "tactics and purposes" of labor coalitions in extortion prosecution because the allegations constituted admissible and relevant background).

Courts likewise decline to strike allegations concerning the structure, operations, methods, and internal functioning of a conspiracy or enterprise where those allegations form part of the government's proof at trial. *See United States v. Persico*, 621 F. Supp. 842, 860 (S.D.N.Y. 1985) (declining to strike allegations concerning enterprise structure, terminology, and use of "anti-bugging" devices because such allegations were relevant to proving the enterprise's operations, intent, and consciousness of guilt). An indictment may properly include allegations that are "relevant to the case and will constitute part of the government's proof at trial." *United States v. Esposito*, 423 F. Supp. 908, 911 (S.D.N.Y. 1976) (finding aliases were relevant to government's proof and therefore their inclusion in the indictment proper).

## ARGUMENT

### 1. The defendant's authorities do not support striking the challenged allegations.

The defendant's motion repeatedly conflates the minimum allegations necessary to charge a conspiracy offense with the broader category of factual allegations the government is permitted to include in a speaking indictment. The authorities the defendant cites do not support the sweeping proposition that relevant overt act allegations or factual detail should be stricken merely because a conspiracy charge could theoretically survive without them.

The defendant first cites *United States v. Persico*, 621 F. Supp. 842, 858 (S.D.N.Y. 1985), for the proposition that the government need prove "only one overt act" to plead Count One charging 18 U.S.C. § 371. *See* Dkt. 960-1 at 8. But the defendant omits the context in which that statement was made. There, *Persico* addressed venue, specifically whether the government had established overt acts occurring within the district. *Persico*, 621 F. Supp. at 857 ("With respect to the conspiracy charges, the government need only prove the occurrence of overt acts by one or more of the co-conspirators in furtherance of the conspiracy *in the Southern District of New York*." (emphasis added)).

The decision does not hold—explicitly or implicitly—that relevant overt act allegations are improper surplusage or that the government is limited to pleading only the bare minimum overt acts necessary to sustain a conviction. Indeed, the part of *Persico* that actually addresses surplusage supports the government's position: namely, that relevant factual allegations concerning the operation of the conspiracy are properly included in the indictment. *See Persico*, 621 F. Supp. at 860 ("An indictment may properly include any allegation that is relevant to the case and will constitute part of the government's proof at trial." (quotation marks and citation omitted)).

The defendant similarly overreads *United States v. Lyman*, 592 F.2d 496 (9th Cir. 1978). There, the Ninth Circuit upheld the pretrial striking of certain allegations because they neither constituted essential elements of the government's proof nor alleged intent or overt acts. *Id.* at 501. But that same decision expressly recognized that a conspiracy may be proven through "one *or more* overt acts in furtherance of the illegal purpose[.]" *Id.* (emphasis added).

Unlike in *Lyman*, the challenged allegations here are not collateral factual matters divorced from the charged conspiracy. They *are* the basis for the conspiracy. The allegations together demonstrate one of the mechanisms through which the conspiracy operated—by way of litigation tactics. It shows how the conspiracy is "at work." *Slocum*, 695 F.2d at 654.

The defendant's reliance on *Shabani*, *Whitfield*, and *Salinas* is even more misplaced. Those cases interpret entirely different conspiracy statutes that do not contain the § 371 overt act requirement. Far from supporting the defendant's position, *Whitfield* reaffirmed that § 371 is among the conspiracy statutes in which Congress expressly required proof of an overt act. *See Whitfield v. United States*, 543 U.S. 209, 214 (2005). More fundamentally, those cases concern what the government must minimally prove to establish liability under different conspiracy statutes. They do not address Rule 7(d). The defendant thus conflates the minimum pleading requirements for conspiracy offenses with the entirely separate question presented here: whether relevant allegations concerning the operation of the charged conspiracy should be stricken as surplusage. They should not.

## 2. Overt Acts 20, 24, 25, 26, 68, and 74

The defendant attempts to recharacterize core allegations of the charged conspiracy as merely "litigation strategy" and ordinary attorney conduct. *See* Dkt. 960-1 at 9. But the indictment does not criminalize lawful advocacy, motion practice, witness preparation, or

attorney communications in the abstract. It alleges that the defendant used those tools as vehicles to carry out the charged scheme to obstruct and defraud the court. That distinction is dispositive.

The challenged overt acts are not peripheral allegations that merely "invite side litigation" concerning attorney conduct. *See* Dkt. 960-1 at 4. They are direct evidence of the conspiracy itself. The government alleges that the defendant coordinated litigation tactics, witness handling, affidavit preparation, and related conduct in furtherance of a scheme to deceive the court and obstruct judicial proceedings—conduct that falls within the heartland of § 1503. *See  Hubbard v. United States*, 514 U.S. 695, 714 (1995) (recognizing that § 1503 can operate to "deter[] and punish[] litigation-related misconduct"). The defendant cannot immunize otherwise relevant overt acts from inclusion in the indictment simply by rebranding them as "litigation strategy."

Nor does *Montour* assist the defendant. *Montour* expressly recognizes that lawful conduct may properly constitute an overt act where it is relevant to the charged conspiracy. *Montour*, 944 F.2d at 1026. That principle applies here. The fact that certain acts—viewed in isolation—may resemble ordinary litigation conduct does not render them irrelevant where the government alleges they were undertaken as part of a coordinated scheme to corruptly obstruct and defraud the court.

The defendant's argument also improperly collapses Rule 7(d) into a Rule 403 balancing exercise. The question is not whether the allegations are damaging to the defense; of course they are. The question is whether they are relevant to the charged offenses and unfairly inflammatory.

Here, the challenged allegations go directly to the means, methods, and execution of the charged conspiracy. Indeed, because the alleged conspiracy was carried out, in part, through the corrupt abuse of litigation processes, it would be impossible to describe the conspiracy without describing the litigation conduct through which it operated.

Ultimately, the defendant seeks to strike allegations not because they are irrelevant, but because they are central to the government's theory of guilt. But Rule 7(d) provides no basis for such relief.

### 3. Purported shadow trial

The defendant's passing assertion that the indictment will create a purported "shadow trial" concerning a non-defendant attorney fares no better. The government is entitled to allege and prove the existence of unindicted coconspirators and the acts undertaken in furtherance of the charged conspiracy. The fact that one alleged coconspirator is an attorney does not render otherwise relevant allegations improper or transform the indictment into a collateral proceeding concerning legal ethics.

More fundamentally, the defendant again ignores the nature of the charged scheme. The indictment alleges that the defendant, in part, conspired to obstruct and defraud the court through the corrupt misuse of litigation and lawyering processes. Where the alleged conspiracy itself operated through attorney communication, witness coordination, affidavit preparation, and litigation activity, allegations concerning the attorney participant are not collateral to the case—they are part of the alleged means and methods of the conspiracy.

The defendant cites no authority that otherwise relevant allegations must be stricken merely because they concern an unindicted coconspirator who happens to be a lawyer. Nor could they. If accepted, the defendant's theory would permit participants in a conspiracy to

insulate relevant conduct from the indictment simply because some of that conduct was carried out through counsel or involved litigation-related activity.

Ultimately, the defendant's "shadow trial" rhetoric is simply another way of arguing that the government should be prohibited from presenting evidence central to its theory of the case because that evidence is damaging to the defense. Rule 7(d) does not authorize courts to excise relevant allegations on that basis.

### 4. Overt Act 17

The defendant's argument again rests on the mistaken premise that allegations become improper surplusage simply because they are unfavorable to the defendant or involve attorneys. That is not the Rule 7(d) standard. The question is whether the allegations are relevant to the charged conspiracy and unfairly inflammatory. And here, the challenged allegations are relevant to how the conspiracy operated.

The defendant emphasizes that the indictment describes Attorney-2 as "unwitting," apparently suggesting that the allegation therefore lacks relevance. But that characterization misunderstands the government's theory entirely. The relevance of the allegation does not depend on Attorney-2's culpability. Rather, the allegation is relevant because it describes conduct undertaken in furtherance of the charged scheme. It explains how the conspirators advanced the conspiracy's objectives.

Nor does the allegation become improper because it involves attorney conduct or professional relationships. Courts routinely decline to strike allegations describing the methods, tactics, and operational details of conspiracies where those allegations form part of the government's proof. *See Mulder*, 273 F.3d at 100; *Persico*, 621 F. Supp. at 860. Again, the

defendant cites no authority suggesting that otherwise relevant allegations must be excised merely because they involve attorneys.

Finally, the defendant incorrectly argues that the government "does not need" the challenged allegations to prove Count One. *See* Dkt. 960-1 at 10.   Rule 7(d) does not require the government to plead only the bare statutory minimum necessary.  An indictment may properly include allegations that are "relevant to the case and will constitute part of the government's proof at trial." *Esposito,* 423 F. Supp. at 911.  The challenged allegations satisfy that standard and therefore should not be stricken.

### 5.  Overt Acts 76 through 81

The defendant again attempts to convert a Rule 7(d) motion into a premature evidentiary dispute under Rules 403 and 404(b).  But the issue at this stage is not whether the defendant disputes the government's evidence or whether the challenged allegation may ultimately give rise to factual disputes at trial.  The question is whether the allegations are relevant to the charged conspiracy and improperly inflammatory.  They are plainly relevant.

The challenged overt acts concern witness interviews, affidavit preparation, communications among participants, and filings alleged to contain false or misleading representations.  Those allegations are not collateral to the charged conspiracy; they are among the means through which the conspiracy operated.  Courts routinely decline to strike allegations describing the methods, tactics, and operational details of a conspiracy where those allegations form part of the government's proof. *See Mulder*, 273 F.3d at 100; *Persico*, 621 F. Supp. at 860.

The defendant's reliance on *Carboni* and *Kaiser*[1] is also misplaced. These cases concern evidentiary admissibility questions at trial—not Rule 7(d) motions. *See United States v. Kaiser*, 609 F.3d 556 (2d Cir. 2010) (evaluating evidence admitted under Rule 404(b) on appeal); *United States v. Carboni*, 204 F.3d 39, 44 (2d Cir. 2000) (evaluating evidence admitted under Rule 404(b) on appeal).

More fundamentally, the government does not contend that the allegations are merely "helpful to the narrative." *See* Dkt. 960-1 at 11. The indictment alleges that the challenged conduct furthered the objectives of the charged conspiracy itself.

Nor is there anything improper about allegations that may require the jury to resolve disputed factual issues concerning witness statements and falsifying affidavits. Conspiracy trials routinely involve disputes concerning what witnesses said and did and what defendants knew. That the defendant intends to contest those facts at trial does not render the allegations irrelevant or transform them into improper surplusage. Rule 7(d) does not authorize courts to excise otherwise relevant allegations merely because the defendant anticipates litigating them vigorously at trial.

### 6. Cumulative prejudice

The defendant's "cumulative prejudice" argument fails for the same reason as the rest of his motion: it improperly recasts a Rule 7(d) relevant inquiry as a free-ranging Rule 403 balancing exercise. The question at this stage is not whether the challenged assertions are

---

[1] The defendant also asserts—without citation or analysis—that *Mahaffy* would "make clear that not everything helpful to the narrative is inextricably intertwined." *See* Dkt. 960-1 at 11. Because the defendant does not meaningfully develop the argument or connect it to the governing surplusage standard, the government does not address it further.

cumulative in the evidentiary sense. The question is whether the allegations are relevant to the charged conspiracy. And they are relevant.

The defendant's assertion that the challenged allegations have only "incremental" probative value likewise ignores the nature of the conspiracy proof. *See* Dkt. 960-1 at 11. The government is entitled to present the full factual context demonstrating how the conspiracy operated, including the relationships among participants, the sequence of events, and the coordinated actions undertaken in furtherance of the scheme. *See Mulder*, 273 F.3d at 100; *Persico*, 621 F. Supp. at 860.

More fundamentally, the defendant again conflates the admissibility of evidence at trial with the propriety of allegations in the indictment. Rule 7(d) does not authorize courts to strike relevant allegations based on speculative predictions that the trial may involve factual disputes. Virtually every conspiracy prosecution involves such issues.

## 7. The Court should deny the defendant's requested relief.

The defendant's proposed remedy would effectively require the government to proceed on a sanitized, skeletal indictment stripped of factual detail explaining how the conspiracy functioned. But an indictment may properly include allegations that are "relevant to the case and will constitute part of the government's proof at trial." *Esposito,* 423 F. Supp. at 911. The challenged allegations readily satisfy that standard.

Finally, the defendant's request for pretrial evidentiary proffers categorizing allegations as direct, intrinsic, or Rule 404(b) evidence is procedurally misplaced in a Rule 7(d) motion. The only issue before the Court now is whether the allegations constitute improper surplusage.

11

## **CONCLUSION**

For all these reasons, and because the challenged allegations are directly relevant to the charged conspiracy and constitute part of the government's anticipated proof at trial, the defendant's motion to strike surplusage should be denied in its entirety.

DATED:  Buffalo, New York, May 26, 2026.

MICHAEL DIGIACOMO
United States Attorney

BY:    s/ KATERINA F. POWERS
Assistant United States Attorney
United States Attorney's Office
Western District of New York
138 Delaware Avenue
Buffalo, New York 14202
(716) 843-5702
Katerina.Powers@usdoj.gov