UNITED STATES DISTRICT COURT for the
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

               Plaintiff,                     NOTICE OF MOTION
                                          IN LIMINÉ

v.

FRANK KNIGHT,                           Case no.: 23-cr-099

               Defendant.

---

       PLEASE TAKE NOTICE that FRANK KNIGHT through his attorneys, Barry J.

Donohue, Esq. and Matthew Lembke, Esq., hereby moves to limit cell phone and text message

interpretive and opinion evidence presented by Agent Coyne or similar witness.

Dated: Tonawanda, New York
      May 26, 2026                 /s/Barry J. Donohue
                                      Barry J. Donohue
                                      Attorney for defendant FRANK KNIGHT
                                    77 Broad Street
                                    Tonawanda, New York 14150
                                    (716) 693-0359
                                    barry@donohuelaw.com

                                    Matthew R. Lembke
                                    CERULLI MASSARE & LEMBKE
                                    45 Exchange Blvd., Suite 925
                                    Rochester NY 14614
                                    Phone:  585-454-3323
                                    e-mail: www.mattlembke.com

To: Joseph Tripi, AUSA
138 Delaware Avenue
Buffalo, New York 14202
(716) 843-5839
e-mail: joseph.tripi@usdoj.gov

Nicholas Cooper, AUSA

138 Delaware Avenue
Buffalo, New York 14202
(716) 843-5712
e-mail: nicholas.cooper@usdoj.gov

Casey Chalbeck, AUSA
138 Delaware Avenue
Buffalo, New York 14202
(716) 843-5881
e-mail: casey.chalbeck@usdoj.gov

Joshua Violanti, AUSA
138 Delaware Avenue
Buffalo, New York 14202
(716) 843-5864
e-mail: joshua.violanti@usdoj.gov

UNITED STATES DISTRICT COURT for the
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

          Plaintiff,

v.

FRANK KNIGHT,

          Defendant.

MEMORANDUM IN SUPPORT OF
MOTION IN LIMINÉ

Case no.: 23-cr-099

---

    FRANK KNIGHT moves this court to limit the cell phone and text message interpretive

or opinion evidence of Agent Coyne or similar agent.  In particular, no federal agent should be

permitted to testify to patterns in communication (calls and texts) behavior and what it suggests.

Further, no agent should be permitted to testify to his or her opinions or interpretations as to what

the content of text messages might mean.

FACTUAL BACKGROUND

    In Agent Coyne's testimony before the grand jury December 27, 2023 she answered with

a simple "Yes" nearly 500 times.  3534E.  Consistent with the defendants' repeated criticism of

the grand jury process in this case, Agent Coyne was not providing evidence.  She was a mere

conduit of the government's narrative.  At one point in this grand jury investigation into whether

Crystal Quinn was killed the prosecutor assumed as part of the question Crystal Quinn was

killed.  3534E p. 108.  When afforded the opportunity to give more than a one word answer

Agent Coyne's answers were, to her credit, often more elucidating of the truth than the questions

put before her.  Even going so far as to attempt to clear up in later testimony a minor point that

1

she was inadvertently walked into.  *Cf.* 3534C p. 7 with 3534E p. 76.

The testimony of Agent Coyne reads more like a government closing argument than it does to the elicitation of evidence.  Sampled here are ten questions, in addition to the leading questions, that are impermissible at trial.

Q.    So what, if anything, do you infer from those one and two second long phone calls?

3534E p. 57.

Q.    Let's focus on Frank Knight and Michael Roncone.  In reviewing the CDRs of these two individuals, what, if anything, did you deduce from their relationship?

3534E p. 59.

Q.    Did it appear to you that Frank Knight and Michael Roncone's communication habits changed during the month of July?

3534E p. 59.

Q.    ...do members of criminal conspiracies sometimes stop communicating with one another to obfuscate the depth or the nature of their relationship?

3534E p. 60.

Q.    Based on your training and experience, Agent Coyne, do criminals sometimes like fish for information to assess their own criminal culpability?

3534E p. 75.

Q.    Based on the duration of the calls and the sequence of the calls around 9:01 a.m. what, if anything, do you infer about the content of those calls.?

3534E p. 78.

Q.    What do you infer, if anything, from Michael Roncone then communicating with Frank Knight over his new cell phone?

3534E p. 84.

Q.    What if anything do you infer from Frank sending this text message?

...

Q.    Does it indicate that Frank Knight is generally cognizant of who Outlaws are?

3534E p. 86.

Q.    And what, if anything, do you infer from Frank Knight referencing Simon by the first name?

3534E p. 87.

Q.    And what if anything do you infer from Frank Knight referring to this as Michael Roncone's camp?

3534E p. 89.

## LEGAL ANALYSIS

"(T)he government may not use expert testimony to 'provide [itself] with an additional summation by having the expert interpret the evidence.'" *US. V. Zhong*, 26 F.4th 536, 556 (2nd Cir. 2022). The objection here is not to the evidence as much as to having the agent interpret that evidence. Having the agent summarize and interpret the evidence in a way that amounts to an additional closing argument is prohibited.

The Second Circuit has warned trial courts to guard against prejudice to defendants when witnesses occupy a dual role: "We are cautious of "the risk that 'dual' police testimony may prejudice defendants at trial, both inflating an officer's expert opinions through his personal

3

involvement in the case and bathing his lay testimony in the aura of 'expertise'".” *United States v. Willis*, 14 F. 4th 170, 186 (2nd Cir. 2021) citing Anna Lvovsky, The Judicial Presumption of Police Expertise, 130 Harv. L. Rev. 1995, 2025 (2017); see *United States v. Dukagjini*, 326 F.3d 45, 53-54 (2d Cir. 2003) (“We agree that the use of the case agent as an expert increases the likelihood that inadmissible and prejudicial testimony will be proffered.”) The government has not identified Agent Coyne as an expert in the ability to interpret call or communication patterns. Indeed, it is hard to believe any such expertise even exists such that one could reliably infer from a change in call patterns the intent of the caller.  And even if the government wishes to argue some significance from the change in communication patterns in its summation, they should not be permitted to put an agent on the stand to confer that lay opinion with an aura of expertise.

It is impermissible to permit opinions about coded language without qualifying as an expert when those opinions are based “upon his specialized knowledge and experience as a DEA detective.”  See *United States v. Cabrera*, 13 F.4th 140, 150 (2nd Cir. 2021)  It is therefore requested that law enforcement officers not be permitted to render opinions about the contents of conversations in text and or other messages.  See *U.S. v. Grinage*, 380 F.3d 746, 750 (2nd Cir. 2004) (“Whether labeled as an expert or not, the risk that he was testifying based upon information not before the jury, including hearsay, or at the least, that the jury would think he had knowledge beyond what was before them, is clear.”) Again the government has not offered Agent Coyne as an expert.  This is not like a drug case where perhaps drug names or drug quantities are coded to avoid detection of transactions.  The government should not be permitted to ascribe meanings to communications where they are not participants to the communications or familiar with the people involved.

4

WHEREFORE request is made that the court prohibit testimony to patterns in communication (calls and texts) behavior and what is suggests and prohibit testimony interpreting or rending opinions concerning the content of messages.

Dated:  May 26, 2026                             /s/ Barry J. Donohue
                                                 Barry J. Donohue
                                                 Attorney for defendant KNIGHT
                                                 77 Broad Street
                                                 Tonawanda, New York 14150
                                                 (716) 693-0359
                                                 barry@donohuelaw.com

5