IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF NEW YORK

THE UNITED STATES OF AMERICA,

                                       **23-CR-99-EAW**

      v.

SIMON GOGOLACK

## RESPONSE TO GOVERNMENT'S MOTION TO DISMISS, SEVER DEFENDANTS AND RE-JOIN COUNTS ON BEHALF OF DEFENDANT SIMON GOGOLACK

Dated: June 6, 2026

By:    NICHOLAS T. TEXIDO, ESQ.
69 Delaware Avenue, Suite 1100
Buffalo, New York 14202
(716) 306-5251
nick@texidolawwny.com

PETER M. KOOSHOIAN, ESQ.
80 W. Huron Street
Buffalo, New York 14202
(716) 854-1300
pk@bufflaw.com

Attorneys for Defendant Simon Gogolack

## DISCUSSION

Mr. Gogolack does not object to dismissal of counts 1-3 or severance from Mr. Gerace. For the reasons set forth below Mr. Gogolack objects to re-joinder of Count 4 to Counts 8-18.

## ARGUMENT

### Joinder Standard

Federal Rule of Criminal Procedure 8(a) permits joinder when the offenses "are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." FRCRP Rule 8

### The Discrete Drug Distribution Resulting In Death (Count 4) Should Not Be Joined With Firearms, Kidnapping, and Tampering (Counts 8–18) Under Rule 8 (a)

The drug distribution resulting in death count involves a different victim, a different time period, and no overlapping evidence or instrumentalities—particularly no shared firearms—with the firearms, kidnapping, and witness tampering counts. Under U.S. v. Halper, 590 F.2d 422 (1978), commission of the drug distribution offense neither depended upon nor necessarily led to the commission of the kidnapping or witness tampering offenses, and proof of one neither constitutes nor depends upon proof of the other. Under U.S. v. Tubol, 191 F.3d 88 (1999), the different victims and different conduct defeat the "same or similar character" test. Under United States v. Jordan, 629 F.Supp.3d 49 (2022), temporal separation and the absence of a common plan or scheme render the charges an "anthology" rather than a "series." Under U.S. v. Giraldo, 859 F.Supp. 52 (1994) and U.S. v. Ashley, 905 F.Supp. 1146 (1995), the fact that the same defendant is charged in all counts is legally insufficient to support joinder. The joinder inquiry turns on the allegations in the indictment, not on anticipated evidentiary overlap. United States v. Jordan, 629 F.Supp.3d 49 (2022)

Under Rule 14 even if joinder were technically proper, the violent and inflammatory nature of the kidnapping and witness tampering evidence—which would be inadmissible in a separate trial on the discrete drug distribution count—creates a substantial risk of spillover prejudice that limiting instructions cannot cure. Under *Cardascia*, 951 F.2d at 483, when inadmissible evidence reflects activities of a violent nature, severance rather than a limiting instruction may be appropriate. See also U.S. v. Burke, 789 F.Supp.2d 395 (2011) (applying *Cardascia*). Under U.S. v. Sampson, 385 F.3d 183 (2004), where the government's evidence on the joined counts would be inadmissible under FRE 404(b) in a separate trial on the drug distribution count, and where the jury may be tempted to use evidence of kidnapping and witness tampering as propensity evidence on the drug count, the defendant suffers substantial prejudice.

## Evidence on Counts 8–18 Would Be Inadmissible in a Separate Trial on the Drug Distribution Count

Evidence of kidnapping and witness tampering would not be admissible in a separate trial on the drug distribution resulting in death count because the two sets of charges involve different victims, different time periods, and no overlapping instrumentalities. Ms. Quinn is unique to Count 4; J.C. and C.B. are unique to Counts 11–18; no firearms are alleged in Count 4, whereas firearms are central to Counts 8–10. The proof streams differ: Count 4 centers on overdose/causation and distribution evidence linked to Ms. Quinn and the residence; Counts 8–10 revolve around firearm possession; Counts 11–18 center on J.C./C.B. testimony, and CashApp messages dated August 14, 2023 relative to the kidnapping. Additionally, temporal separation undermines "same act/transaction" or "connected" prongs as the kidnappings in March 2023 occur months before Count 4's July 31–August 1 timeframe; witness tampering occurs on August 14; firearms searches/evidence cluster on August 2 and 8— bracketing but not integrating the distinct Count 4 event. Under U.S. v. Halper, 590 F.2d 422 (1978) and U.S. v. Sampson, 385 F.3d 183 (2d Cir. 2004), the failure of mutual admissibility is both a basis for misjoinder under Rule 8 and a basis for severance under Rule 14.The jury may use the inflammatory kidnapping and witness tampering evidence as propensity evidence to convict on the drug distribution count, which is impermissible under Federal Rule of Evidence 404(b). U.S. v. Sampson, supra. (The Second Circuit held that the district court abused its discretion in denying severance of earlier drug counts from later drug counts. The court reasoned that evidence of the later counts would be inadmissible under FRE 404(b) in a separate trial on the earlier counts)

## Violent and Inflammatory Nature of Counts 8–18 Warrants Severance Over Limiting Instructions

The kidnapping and witness tampering counts involve violent conduct that is qualitatively more inflammatory than a discrete drug distribution transaction, creating a risk that the jury will convict on the drug count based on the defendant's general bad character rather than the evidence specific to that count. Under Cardascia, 951 F.2d at 483, when the inadmissible evidence against a movant reflects activities of a violent nature, severance rather than a limiting instruction is the appropriate remedy. See also United States v. Burke, 789 F. Supp. 2d 395 (E.D.N.Y. 2011) (The court applying Cardascia granted severance of witness tampering counts from a RICO indictment charging murders and violent acts spanning three decades, finding that the risk of prejudicial spillover was significant and that the violent nature of the inadmissible evidence warranted severance over limiting instructions ).

## CONCLUSION

Based on the foregoing and pursuant to Rule 8(a) and Rule 14 Count 4 should not be re-joined with Counts 8-18.

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

**UNITED STATES OF AMERICA,**

　　　　　　　**Plaintiff,**

v.

**SIMON GOGOLACK, et al.,**

　　　　　　　**Defendant.**

**CERTIFICATE OF SERVICE**

**Indictment No.: 1:23-CR-99**

---

Peter M. Kooshoian, Esq., an employee with the office of Rosenthal, Kooshoian & Lennon, LLP located at 80 West Huron Street, Buffalo, New York 14202-3093 affirm to be true and state under penalty of perjury that on June 6, 2026 a RESPONSE TO GOVERNMENT'S MOTION TO DISMISS, SEVER DEFENDANTS AND RE-JOIN COUNTS ON BEHALF OF DEFENDANT SIMON GOGOLACK was electronically filed with the Clerk of the District Court using its CM/ECF system, which would then electronically notify the following CM/ECF participants on this case:

1. Hon. Elizabeth A. Wolford
   United States District Court Judge

2. Casey L. Chalbeck, Esq.
   Assistant United States Attorney

3. Nicholas Cooper, Esq.
   Assistant United States Attorney

_____
Peter M. Kooshoian

Sworn before me this 6
day of June, 2026.

_____
Notary Public
GARNET L. KELLY
Notary Public-State of New York
No. 01KE6296174
Qualified in Erie County
Commission Expires January 27, 2022

*Rosenthal, Kooshoian & Lennon, LLP*
ATTORNEYS AND COUNSELORS AT LAW / 80 WEST HURON STREET / BUFFALO, NEW YORK 14202 / (716) 854-1300