IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

v.                                                                23-CR-99-EAW

JOHN THOMAS ERMIN a/k/a "Tommy O"

Defendant.

---

## PLEA AGREEMENT

The defendant, JOHN THOMAS ERMIN a/k/a "Tommy O", and the United States

Attorney for the Western District of New York (hereinafter "the government") hereby enter

into a plea agreement with the terms and conditions as set out below.


### I.   THE PLEA AND POSSIBLE SENTENCE

1.   The defendant agrees to waive indictment and plead guilty to a one-count

Superseding Information which charges a violation of Title 18, United States Code, Section

4 (Misprision of Felony) for which the maximum possible sentence is a term of imprisonment

of 3 years, a fine of $250,000, a mandatory $100 special assessment, and a term of supervised

release of 1 year.  The defendant understands that the penalties set forth in this paragraph are

the maximum penalties that can be imposed by the Court at sentencing.

2.   The defendant understands that, if it is determined that the defendant has

violated any of the terms or conditions of supervised release, the defendant may be required

to serve in prison all or part of the term of supervised release, up to 1 year, without credit for

time previously served on supervised release.  As a consequence, a prison term imposed for a

1

violation of supervised release may result in the defendant serving a sentence of imprisonment longer than the statutory maximum set forth in ¶ 1 of this agreement.

## II.   ELEMENTS AND FACTUAL BASIS

3.     The defendant understands the nature of the offense set forth in ¶ 1 of this agreement and understands that if this case proceeded to trial, the government would be required to prove beyond a reasonable doubt the following elements of the crime:

a.  A federal felony was committed by another;

b.  The defendant had knowledge of the commission of that felony;

c.  The defendant failed to notify an authority, some judge or other person in civil or military authority under the United States as soon as possible; and

d.  The defendant did an affirmative act to conceal the crime.

## FACTUAL BASIS

4.     The defendant and the government agree to the following facts, which form the basis for the entry of the plea of guilty including relevant conduct:

a.  Peter Gerace Jr. ("Gerace") was the owner and operator of Pharaohs Gentleman's Club ("PGC"), located at 999 Aero Drive, Cheektowaga, New York, an establishment that sold alcohol, food, and offered live striptease performances by female dancers. Beginning in or about 2016, and continuing until in or about December 2023, the defendant, JOHN THOMAS ERMIN a/k/a Tommy O, was employed as the General Manager at PGC.

b.  During the timeframe from in or about 2016, through in or about December 12, 2019, Gerace operated and controlled PGC. The business of PGC required Gerace to employ dancers, bartenders, bouncers/security, managers, cooks, "shot girls", and disc jockeys (DJ's). PGC was divided into

2

various areas or sections -- the main stage, a main bar, VIP rooms, the "Champagne Room", a downstairs office, a downstairs locker room/dressing room, a DJ booth, public restrooms, private restrooms for dancers, a kitchen area, and an upstairs area that was laid out to look like an apartment. The upstairs area of PGC was an area that Gerace exclusively controlled.

c.  During the relevant time period, between 2016 and December 12, 2019, defendant witnessed illegal drug activity at PGC including use by dancers, customers, and others.

d.  Despite the defendant's knowledge of the illegal drug activity, the defendant admits that he did not notify the relevant federal authorities, or some judge or other person in civil or military authority under the United States as soon as possible.

e.  The defendant further admits that he affirmatively acted to conceal the fact that Gerace was illegally maintaining PGC as a drug-involved premises, in that he used his position as General Manager of PGC to discourage employees and customers from calling 911 or otherwise report PGC's illegal drug activity to law enforcement.

f.  The parties agree, and the defendant admits, that for the purposes of the Sentencing Guidelines, a conservative estimate is that at least one (1) gram of cocaine was distributed/used/possessed at PGC each day. Considering PGC was open seven (7) days per week, 364 days per year, the cocaine attributable to the underlying offense (Gerace's maintaining of PGC as a drug-involved premises) from 2016 through December 12, 2019 was at least 1,400 grams of cocaine.

## III.  SENTENCING GUIDELINES

5.  The defendant understands that the Court must consider but is not bound by the Sentencing Guidelines (Sentencing Reform Act of 1984).

3

## BASE OFFENSE LEVEL

6.     The government and the defendant agree that Guidelines § 2X4.1(a), § 2D1.1(a)(5), and § 2D1.1(c)(8) applies to the offense of conviction and provides for a base offense level of **15**.

## ACCEPTANCE OF RESPONSIBILITY

7.     At sentencing, the government agrees not to oppose the recommendation that the Court apply the two (2) level decrease of Guidelines § 3E1.1(a) (acceptance of responsibility), which would result in a total offense level of **13**.

## CRIMINAL HISTORY CATEGORY

8.     It is the understanding of the government and the defendant that the defendant's criminal history category is **I**. The defendant understands that if the defendant is sentenced for, or convicted of, any other charges prior to sentencing in this action the defendant's criminal history category may increase. The defendant understands that the defendant has no right to withdraw the plea of guilty based on the Court's determination of the defendant's criminal history category.

## ADJUSTMENT FOR ZERO-POINT OFFENDER

9.     It is the understanding of the government and the defendant that the defendant meets the criteria set forth in Guidelines Section 4C1.1(a)(1) – (11) (Adjustment for Certain Zero-Point Offenders), and as a result, a two-level downward adjustment applies, and the adjusted offense level is **11**.

## GUIDELINES' APPLICATION, CALCULATIONS AND IMPACT

10. It is the understanding of the government and the defendant that, with a total offense level of **11** and criminal history category of **I**, the defendant's sentencing range would be a term of imprisonment of **8** to **14** months, a fine of **$4,000** to **$40,000**, and a period of supervised release of **1** year. Notwithstanding this, the defendant understands that at sentencing the defendant is subject to the maximum penalties set forth in ¶ 1 of this agreement.

11. The government and the defendant agree to the correctness of the calculation of the Sentencing Guidelines range set forth above. The government and the defendant, however, reserve the right to recommend a sentence outside the Sentencing Guidelines range. This paragraph reserves the right to the government and the defendant to bring to the attention of the Court all information deemed relevant to a determination of the proper sentence in this action.

12. The defendant understands that the Court is not bound to accept any Sentencing Guidelines calculations set forth in this agreement and the defendant will not be entitled to withdraw the plea of guilty based on the sentence imposed by the Court.

13. In the event the Court contemplates any Guidelines adjustments, departures, or calculations different from those agreed to by the parties above, the parties reserve the right to answer any inquiries by the Court concerning the same.

## IV.    STATUTE OF LIMITATIONS

14.    In the event the defendant's plea of guilty is withdrawn, or conviction vacated, either pre- or post-sentence, by way of appeal, motion, post-conviction proceeding, collateral attack or otherwise, the defendant agrees that any charges dismissed pursuant to this agreement shall be automatically reinstated upon motion of the government and further agrees not to assert the statute of limitations as a defense to any federal criminal offense which is not time barred as of the date of this agreement. This waiver shall be effective for a period of six months following the date upon which the withdrawal of the guilty plea or vacating of the conviction becomes final.

15.    On the basis of the government's agreement to dismiss Count 1 (Obstruction of Justice Conspiracy), Count 2 (Witness Tampering Conspiracy), and Count 3 (Witness Retaliation Conspiracy), of the Second Superseding Indictment, the defendant agrees to waive any defense based on the statute of limitations as to Count 1 of the Superseding Information.

## V.    IMMIGRATION CONSEQUENCES

16.    The defendant represents that the defendant is a citizen of the United States. However, if the defendant is a naturalized citizen of the United States, the defendant understands that pleading guilty may result in denaturalization and removal. If the defendant is not a citizen of the United States, the defendant understands that, if convicted, the defendant may be removed from the United States, denied citizenship, and denied admission to the United States in the future. The defendant understands that any effect that the

defendant's conviction in this action will have upon the defendant's immigration status, that is, possible removal, denaturalization, or other immigration consequence, is the subject of a separate proceeding. The defendant has had an opportunity to fully determine what the consequences of the defendant's conviction may be on the defendant's immigration status, and the defendant understands that no one, including the defendant's attorney or the district court, can predict to a certainty the effect of the defendant's conviction on the defendant's immigration status. The defendant nevertheless affirms that the defendant wants to plead guilty regardless of any immigration consequences that the guilty plea may entail.

17.    The defendant understands that the defendant is bound by the guilty plea regardless of the immigration consequences of the plea. Accordingly, the defendant waives any and all challenges to the guilty plea and to the sentence based on those consequences, and agrees not to seek to withdraw the guilty plea or to file a direct appeal or any kind of collateral attack challenging the guilty plea, conviction, or sentence based on the immigration consequences of the guilty plea, conviction, or sentence. This waiver does not preclude the defendant from raising a claim of ineffective assistance of counsel in the appropriate forum.

## VI.    GOVERNMENT RIGHTS AND OBLIGATIONS

18.    The defendant understands that the government has reserved the right to:

a. provide to the Probation Office and the Court all the information and evidence in its possession that the government deems relevant concerning the defendant's background, character and involvement in the offense charged, the circumstances surrounding the charge and the defendant's criminal history;

7

b. respond at sentencing to any statements made by the defendant or on the defendant's behalf that are inconsistent with the information and evidence available to the government;

c. advocate for a specific sentence consistent with the terms of this agreement including the amount of a fine, and the method of payment;

d. modify its position with respect to any sentencing recommendation or sentencing factor under the Guidelines including criminal history category, in the event that subsequent to this agreement the government receives previously unknown information, including conduct and statements by the defendant subsequent to this agreement, regarding the recommendation or factor; and

e. oppose any application for a downward departure and/or sentence outside the Guidelines range made by the defendant.

19.     At sentencing, the government will move to dismiss the Second Superseding Indictment in this action as against the defendant.

20.     The defendant agrees that any financial records and information provided by the defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation.

## VII.    APPEAL RIGHTS

21.     The defendant knowingly waives the right to appeal and collaterally attack the defendant's conviction in any proceeding, including, but not limited to, an application under Title 28, United States Code, Section 2255, and/or Section 2241. In addition to any other claims the defendant might raise, the defendant knowingly waives the right to challenge the conviction based on: (1) any non-jurisdictional defects in the proceedings prior to entry of this plea; (2) a claim that the statute to which the defendant is pleading guilty is unconstitutional, (except in the event that, in the future, the Supreme Court finds the statute in question

8

unconstitutional); and (3) a claim that the conduct admitted in the Factual Basis of this plea agreement does not fall within the scope of the statute to which the defendant is pleading guilty.

22.    The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed. The defendant, however, knowingly waives the right to appeal and collaterally attack, in any proceeding, including but not limited to, an application under Title 28, United States Code, Section 2255 and/or Section 2241, any component of a sentence imposed by the Court which falls within or is less than the sentencing range for imprisonment of **8 to 14** months, a fine of **$4,000** to **$40,000**, and a period of supervised release of **1** year, notwithstanding the manner in which the Court determines the sentence. The defendant further knowingly waives the right to appeal and/or collaterally attack any condition of supervised release imposed by the Court for which the defendant had notice, including from a recommendation by the Probation Office in the Presentence Investigation Report, and did not object. In the event of an appeal of the defendant's sentence by the government, the defendant reserves the right to argue the correctness of the defendant's sentence.

23.    The defendant understands that by agreeing not to collaterally attack the conviction or sentence in any proceeding, including, but not limited to, an application under Title 28, United States Code, Section 2255 and/or Section 2241, the defendant is waiving the right to challenge the conviction or sentence in the event that, in the future, the defendant becomes aware of previously unknown facts or a change in the law which the defendant believes would justify a decrease in the defendant's sentence.

24.    The government waives its right to appeal any component of a sentence imposed by the Court which falls within or is greater than the sentencing range for imprisonment of **8** to **14** months, a fine of **$4,000** to **$40,000**, and a period of supervised release of **1** year, notwithstanding the manner in which the Court determines the sentence. However, in the event of an appeal from the defendant's sentence by the defendant, the government reserves its right to argue the correctness of the defendant's sentence.

25.    By entering this plea of guilty, the defendant waives any and all right to withdraw the defendant's plea or to attack the defendant's conviction or sentence, either on direct appeal or collaterally, on the ground that the government has failed to produce any discovery material, (other than material the government was required to produce under *Brady v. Maryland* and its progeny), that has not already been produced as of the date of the signing of this Agreement.

26.    Notwithstanding the foregoing, nothing in the Appeal Rights section of this plea agreement shall be construed to be a waiver of whatever rights the defendant may have to assert claims of ineffective assistance of counsel, whether on direct appeal, collateral review, or otherwise.

## VIII.   FORFEITURE PROVISIONS

## ABANDONMENT

27.    The defendant acknowledges that he has an ownership interest in the following items of property that are in the lawful custody of the United States:

   a.   One (1) Ruger Rifle Model: 10/22, .22LR caliber, bearing serial number 247- 30699;

   b.   One (1) Savage Arms Rifle Model: Mark II, .22LR caliber, bearing serial number 1529814;

   c.   One (1) Winchester Shotgun Model: 1200, .12 gauge caliber, bearing serial number L1404443;

   d.   One (1) Winchester Shotgun Model: 1200 Defender, .12 gauge caliber, bearing serial number L1301970;

   e.   One (1) FLLPIETTA Handgun Model: Unknown, .44 caliber, bearing serial number 227999 in brown leather holster;

   f.   One (1) Remington Shotgun Model: 1187, .12 gauge caliber, bearing serial number PC223867;

   g.   One (1) Ted Williams Shotgun Model: 200, .20 gauge caliber, bearing serial number P287624;

   h.   One (1) Marlin Rifle Model: Glenfield 60, .22LR caliber, bearing serial number 24411352;

   i.   One (1) Mossberg Shotgun Model: 930, .12 gauge caliber, bearing serial number AF121657;

   j.   One (1) Mossberg Shotgun Model: 500A, .12 gauge caliber, bearing serial number P582185;

   k.   Six (6) live rounds of Winchester 30-30 ammunition;

   l.   Twenty-seven (27) live rounds of Winchester 30-30 ammunition;

   m.   One hundred and eighty-six (186) various rounds of live ammunition and three (3) speed loaders;

   n.   Two hundred and fifty-nine (259) various rounds of live ammunition;

   o.   One (1) live round of ammunition;

   p.   One thousand three hundred and sixty-one (1,361) various rounds of live ammunition;

11

q. Four (4) rounds of 12 gauge ammunition.

r. One (1) Flintlock Antique Black Powder Pistol, unknown make and model, bearing serial number 1357;

s. One (1) Marlin Rifle Model: 1936, .30-30 caliber, bearing serial number 1145;

t. One (1) Marlin Rifle Model: 336W, .30-30 caliber, bearing serial number MR30199F win and black leather ammunition carrier in black case;

u. One (1) Mossberg Shotgun Model: 500A, .12 gauge caliber, bearing serial number R194409;

v. One (1) GEHA Shotgun, .12 gauge caliber, no model or serial number;

w. One (1) Rifle Model: 98, unknown make and caliber, bearing serial number 7570; and

x. One (1) pair of yellow-colored brass knuckles seized on December 7, 2023, from 41 Richmond Avenue, Lancaster, New York.

28. Defendant understands that he has the right and opportunity to claim the listed property. Defendant hereby knowingly and voluntarily waives all right, title, and interest in the listed property. Defendant waives, releases, and withdraws any claim that Defendant has made with respect to the listed property, and waives and releases any claim that Defendant might otherwise have made to the listed property in the future.

29. Defendant consents to the vesting of title to the listed property to the United States Government, pursuant to Title 41, Code of Federal Regulations, Section 128-48.102-1. Defendant also consents to the destruction of the property, or other disposition of the property in accordance with law, and without further notice to defendant.

30. Defendant waives any right defendant might otherwise have had to receive notice or a hearing with respect to any motion, pleading, order, or any other action that the

12

government might take, in its sole discretion, to carry out the abandonment, disposition, and/or destruction of the listed property. Defendant's waiver includes, without limitation, all common law, statutory, and constitutional claims or challenges, on any grounds, arising at any time from, or relating to, the seizure, abandonment, disposition, and destruction of the listed property, including any such claim for attorney's fees and litigation costs.

31.    Defendant further agrees to hold the United States of America, its agents and employees, harmless from any claims whatsoever in connection with the seizure, abandonment, disposition, and destruction of the listed property.

## TOTAL AGREEMENT AND AFFIRMATIONS

32.    This plea agreement represents the total agreement between the defendant, **JOHN THOMAS ERMIN a/k/a "Tommy O"**, and the government. There are no promises made by anyone other than those contained in this agreement. This agreement supersedes any other prior agreements, written or oral, entered into between the government and the defendant.

MICHAEL DIGIACOMO
United States Attorney
Western District of New York

BY: _____
NICHOLAS T. COOPER
Assistant United States Attorney

Dated: June 5, 2026

13

I have read this agreement, which consists of pages 1 through 14. I have had a full opportunity to discuss this agreement with my attorneys, George V. Muscato, Esq. and Donald M. Thompson, Esq. I agree that it represents the total agreement reached between me and the government. No promises or representations have been made to me other than what is contained in this agreement. I understand all of the consequences of my plea of guilty. I fully agree with the contents of this agreement. I am signing this agreement voluntarily and of my own free will.

_____
JOHN THOMAS ERMIN
Defendant

Dated: June 5th, 2026

_____
George V. Muscato, ESQ.
Attorney for the Defendant

Dated: June 5, 2026

14