IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

v.                                                                23-CR-99-EAW

HOWARD HINKLE JR. a/k/a "Hard How",

Defendant.

---

## PLEA AGREEMENT

The defendant, HOWARD HINKLE JR. a/k/a "Hard How", and the United States

Attorney for the Western District of New York (hereinafter "the government") hereby enter

into a plea agreement with the terms and conditions as set out below.

## I.    THE PLEA AND POSSIBLE SENTENCE

1.    The defendant agrees to plead guilty to Counts 20 and 21 of the Second

Superseding Indictment which charge:

a)  in Count 20, a violation of Title 21, United States Code, Section 856(a)(1)

(maintaining a drug-involved premises), for which the maximum possible

sentence is a term of imprisonment of 20 years, a fine of $500,000, a mandatory

$100 special assessment, and a term of supervised release of 3 years; and

b)  in Count 21, a violation of Title 18, United States Code, Section 924(c)(1)(A)(i)

(possession of firearms in furtherance of drug trafficking), for which the

mandatory minimum sentence is a term of imprisonment of 5 years to run

consecutive to any other sentence imposed, and the maximum possible

1

sentence is a term of imprisonment of life, a fine of $250,000, a mandatory $100 special assessment, and a term of supervised release of no more than 5 years.

c) The defendant understands that the penalties set forth in this paragraph are the maximum penalties that can be imposed by the Court at sentencing.

2. The defendant understands that the Court may enter an order of community restitution in an amount not to exceed any fine imposed pursuant to Title 18, United States Code, Section 3663(c) and Sentencing Guidelines § 5E1.1(d).

3. The defendant understands that, if it is determined that the defendant has violated any of the terms or conditions of supervised release, the defendant may be required to serve in prison all or part of the term of supervised release, up to 7 years, without credit for time previously served on supervised release.

## II. ELEMENTS AND FACTUAL BASIS

4. The defendant understands the nature of the offenses set forth in ¶ 1 of this agreement and understands that if this case proceeded to trial, the government would be required to prove beyond a reasonable doubt the following elements of the crimes:

Count 20

a. That the defendant permanently or temporarily used or maintained the place described in the Second Superseding Indictment;

b. That the defendant maintained that place for the purpose of manufacturing, distributing, or using any controlled substance; and

c. That the defendant acted knowingly.

2

Count 21

   a. That the defendant knowingly possessed firearms; and

   b. That the defendant possessed the firearms in furtherance of a drug trafficking crime for which the defendant could be prosecuted in a court of the United States.

## FACTUAL BASIS

5.    The defendant and the government agree to the following facts, which form the basis for the entry of the pleas of guilty including relevant conduct:

   a. Beginning in 2023, and continuing until on or about October 24, 2023, in the Western District of New York, the defendant, Howard Hinkle Jr. a/k/a "Hard How" did unlawfully and knowingly use and maintain a place, that is, the premises and property at 4290 Donovan Road, Alma, New York, for the purpose of manufacturing, distributing, and using marihuana, a Schedule I controlled substance, and knowingly possessed firearms in furtherance of drug trafficking crimes for which he may be prosecuted in a court of the United States.

   b. Specifically, on October 24, 2023, members of law enforcement, including the Federal Bureau of Investigation ("FBI") executed a federal search warrant at the defendant's residence, located at 4290 Donovan Road, Alma, New York. Within the residence, among other things, law enforcement located: bulk quantities of marihuana including storage bins full of marihuana, equipment and paraphernalia designed or used for the drying, processing, and storage of bulk marihuana, digital scales, and labels and labeling items for distribution of marihuana. Outside of the residence, but on the property of 4290 Donovan Road, Alma, New York, law enforcement located over 120 marihuana plants. Also outside of the residence, but on the property of 4290 Donovan Road, Alma, New York, law enforcement located an RV/Trailer which was being used to store, process, and dry bulk marihuana for distribution. Additionally, during the search of 4290 Donovan Road, Alma, New York, law enforcement observed and recovered twenty-one (21) firearms, including firearms staged near doors and windows of the residence, and firearms in close proximity to some of the marihuana.

   c. Members of law enforcement searched the defendant's cellphone and found evidence in pictures and messages establishing that the defendant was engaged in the manufacturing and distribution of marihuana, to include the labeling and marketing of different "strains" and the discussion of prices for packaged marihuana and plants of marihuana.

3

d. The parties agree and the defendant admits that the defendant is a previously convicted felon, and that the defendant is not legally permitted to possess firearms. The defendant admits that he manufactured, processed, and stored the above-mentioned marihuana for the purpose of distributing it. He further admits that he possessed the firearms referenced in subparagraph (b), at least in part, for the purpose of protecting: his supply and crop of marihuana; his proceeds from the sale of marihuana; and himself, due to the likelihood of being targeted by rival drug dealers or armed robbers, given the dangerous nature of drug trafficking.

e. The parties agree that the United States Sentencing Guidelines indicate that each plant of marihuana be considered 100 grams of marihuana for purposes of determining the appropriate sentencing guideline. The parties agree that approximately 12 kilograms of marihuana are the amount involved in the defendant's relevant conduct encompassed in Count 20 of the Second Superseding Indictment.

## III.    SENTENCING GUIDELINES

6.    The defendant understands that the Court must consider but is not bound by the Sentencing Guidelines (Sentencing Reform Act of 1984).

## BASE OFFENSE LEVEL

7.    Regarding Count 20, the government and the defendant agree that Guidelines § 2D1.8(a)(1), § 2D1.1(a)(5) and § 2D1.1(c)(13) apply to the offense of conviction and provides for a base offense level of **14**.

## SPECIFIC OFFENSE CHARACTERISTICS
## U.S.S.G. CHAPTER 2 ADJUSTMENTS

8.    The government and the defendant agree that the following specific offense characteristic does apply:

a. the 2-level increase pursuant to Guidelines § 2D1.1(b)(12) (maintaining a drug-involved premises).

4

## ADJUSTED OFFENSE LEVEL

9.     Based on the foregoing, it is the understanding of the government and the defendant that the adjusted offense level for Count 20 is **16**.

## ACCEPTANCE OF RESPONSIBILITY

10.    At sentencing, the government agrees not to oppose the recommendation that the Court apply the two (2) level decrease of Guidelines § 3E1.1(a) (acceptance of responsibility) and further agrees to move the Court to apply the additional one (1) level decrease of Guidelines § 3E1.1(b), which would result in a total offense level of **13** for Count 20.

## CRIMINAL HISTORY CATEGORY

11.    It is the understanding of the government and the defendant that the defendant's criminal history category is **I**. The defendant understands that if the defendant is sentenced for, or convicted of, any other charges prior to sentencing in this action the defendant's criminal history category may increase. The defendant understands that the defendant has no right to withdraw the pleas of guilty based on the Court's determination of the defendant's criminal history category.

## GUIDELINES' APPLICATION, CALCULATIONS AND IMPACT

12.    Regarding Count 20, it is the understanding of the government and the defendant that, with a total offense level of **13** and criminal history category of **I**, the defendant's sentencing range would be a term of imprisonment of **12** to **18** months, a fine of **$5,500** to **$55,000**, and a period of supervised release of **3** years. Notwithstanding this, the

defendant understands that at sentencing the defendant is subject to the maximum penalties set forth in ¶ 1 of this agreement.

13.    The government and the defendant agree that Guidelines § 2K2.4(b) applies to the offense of conviction in Count 21 and provides that the Guidelines sentence is the minimum term of imprisonment required by statute.  The applicable statute, Title 18, United States Code, Section 924(c)(1)(A)(i), requires a term of imprisonment of not less than 5 years to be imposed consecutively to any other sentence of imprisonment, a fine of up to $250,000, and a term of supervised release of 2 to 5 years.

14.    Based on the above, it is the understanding of the government and the defendant that the aggregate sentencing range for the defendant is a term of imprisonment of 72 to 78 months (60 months on Count 21 to run consecutively to 12 to 18 months on Count 20), a fine of $25,000 to $1,000,000, and a term of supervised release of 3 to 5 years. Notwithstanding this, the defendant understands that at sentencing the defendant is subject to the maximum penalties set forth in ¶ 1 of this agreement for both counts of conviction.

15.    The government and the defendant agree to the correctness of the calculation of the Sentencing Guidelines range set forth above.  The government and the defendant, however, reserve the right to recommend a sentence outside the Sentencing Guidelines range. This paragraph reserves the right to the government and the defendant to bring to the attention of the Court all information deemed relevant to a determination of the proper sentence in this action.

6

16.    The defendant understands that the Court is not bound to accept any Sentencing Guidelines calculations set forth in this agreement and the defendant will not be entitled to withdraw the pleas of guilty based on the sentence imposed by the Court.

17.    In the event the Court contemplates any Guidelines adjustments, departures, or calculations different from those agreed to by the parties above, the parties reserve the right to answer any inquiries by the Court concerning the same.

## IV.    STATUTE OF LIMITATIONS

18.    In the event the defendant's pleas of guilty are withdrawn, or convictions vacated, either pre- or post-sentence, by way of appeal, motion, post-conviction proceeding, collateral attack or otherwise, the defendant agrees that any charges dismissed pursuant to this agreement shall be automatically reinstated upon motion of the government and further agrees not to assert the statute of limitations as a defense to any federal criminal offense which is not time barred as of the date of this agreement. This waiver shall be effective for a period of six months following the date upon which the withdrawal of the guilty pleas or vacating of the convictions becomes final.

## V.    IMMIGRATION CONSEQUENCES

19.    The defendant represents that the defendant is a citizen of the United States. However, if the defendant is a naturalized citizen of the United States, the defendant understands that pleading guilty may result in denaturalization and removal. If the defendant is not a citizen of the United States, the defendant understands that, if convicted, the defendant may be removed from the United States, denied citizenship, and denied admission

7

to the United States in the future. The defendant understands that any effect that the defendant's convictions in this action will have upon the defendant's immigration status, that is, possible removal, denaturalization, or other immigration consequence, is the subject of a separate proceeding. The defendant has had an opportunity to fully determine what the consequences of the defendant's convictions may be on the defendant's immigration status, and the defendant understands that no one, including the defendant's attorney or the district court, can predict to a certainty the effect of the defendant's convictions on the defendant's immigration status. The defendant nevertheless affirms that the defendant wants to plead guilty regardless of any immigration consequences that the guilty pleas may entail.

20.    The defendant understands that the defendant is bound by the guilty pleas regardless of the immigration consequences of the pleas. Accordingly, the defendant waives any and all challenges to the guilty pleas and to the sentence based on those consequences, and agrees not to seek to withdraw the guilty pleas or to file a direct appeal or any kind of collateral attack challenging the guilty pleas, convictions, or sentence based on the immigration consequences of the guilty pleas, convictions, or sentence. This waiver does not preclude the defendant from raising a claim of ineffective assistance of counsel in the appropriate forum.

## VI.    GOVERNMENT RIGHTS AND OBLIGATIONS

21.    The defendant understands that the government has reserved the right to:

    a. provide to the Probation Office and the Court all the information and evidence in its possession that the government deems relevant concerning the defendant's background, character and involvement in the offenses charged, the circumstances surrounding the charges and the defendant's criminal history;

8

b. respond at sentencing to any statements made by the defendant or on the defendant's behalf that are inconsistent with the information and evidence available to the government;

c. advocate for a specific sentence consistent with the terms of this agreement including the amount of a fine and the method of payment;

d. modify its position with respect to any sentencing recommendation or sentencing factor under the Guidelines including criminal history category, in the event that subsequent to this agreement the government receives previously unknown information, including conduct and statements by the defendant subsequent to this agreement, regarding the recommendation or factor; and

e. oppose any application for a downward departure and/or sentence outside the Guidelines range made by the defendant.

22.    At sentencing, the government will move to dismiss the open counts of the Second Superseding Indictment in this action as against the defendant.

23.    The defendant agrees that any financial records and information provided by the defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation.

## VII.    APPEAL RIGHTS

24.    The defendant knowingly waives the right to appeal and collaterally attack the defendant's convictions in any proceeding, including, but not limited to, an application under Title 28, United States Code, Section 2255, and/or Section 2241. In addition to any other claims the defendant might raise, the defendant knowingly waives the right to challenge the convictions based on: (1) any non-jurisdictional defects in the proceedings prior to entry of these pleas; (2) a claim that the statutes to which the defendant is pleading guilty are unconstitutional, (except in the event that, in the future, the Supreme Court finds the statute

9

in question unconstitutional); and (3) a claim that the conduct admitted in the Factual Basis of this plea agreement does not fall within the scope of the statutes to which the defendant is pleading guilty.

25.    The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed. The defendant, however, knowingly waives the right to appeal and collaterally attack, in any proceeding, including but not limited to, an application under Title 28, United States Code, Section 2255 and/or Section 2241, any component of a sentence imposed by the Court which falls within or is less than the **aggregate sentencing range for imprisonment of 72 to 78 months, a fine of $25,000 to $1,000,000, and a period of supervised release of 3 to 5 years**, notwithstanding the manner in which the Court determines the sentence. The defendant further knowingly waives the right to appeal and/or collaterally attack any condition of supervised release imposed by the Court for which the defendant had notice, including from a recommendation by the Probation Office in the Presentence Investigation Report, and did not object. In the event of an appeal of the defendant's sentence by the government, the defendant reserves the right to argue the correctness of the defendant's sentence.

26.    The defendant understands that by agreeing not to collaterally attack the convictions or sentence in any proceeding, including, but not limited to, an application under Title 28, United States Code, Section 2255 and/or Section 2241, the defendant is waiving the right to challenge the convictions or sentence in the event that, in the future, the defendant becomes aware of previously unknown facts or a change in the law which the defendant believes would justify a decrease in the defendant's sentence.

27.    The government waives its right to appeal any component of a sentence imposed by the Court which falls within or is greater than the **aggregate sentencing range for imprisonment of 72 to 78 months, a fine of $25,000 to $1,000,000, and a period of supervised release of 3 to 5 years**, notwithstanding the manner in which the Court determines the sentence.    However, in the event of an appeal from the defendant's sentence by the defendant, the government reserves its right to argue the correctness of the defendant's sentence.

28.    By entering these pleas of guilty, the defendant waives any and all right to withdraw the defendant's pleas or to attack the defendant's convictions or sentence, either on direct appeal or collaterally, on the ground that the government has failed to produce any discovery material, (other than material the government was required to produce under *Brady v. Maryland* and its progeny), that has not already been produced as of the date of the signing of this Agreement.

29.    Notwithstanding the foregoing, nothing in the Appeal Rights section of this plea agreement shall be construed to be a waiver of whatever rights the defendant may have to assert claims of ineffective assistance of counsel, whether on direct appeal, collateral review, or otherwise.

## VIII.  FORFEITURE PROVISIONS

30.    As a condition of the plea, the defendant agrees to forfeit all of the defendant's right, title, and interest to any and all property which is subject to forfeiture pursuant to Title 18, United States Code, Sections 924(d) and 3665; Title 21, United States Code, Section 853(a)(2); and Title 28, United States Code, Section 2461(c), which is in the possession and

control of the defendant or the defendant's nominees. That property includes the following seized on October 24, 2023, from 4290 Donovan Road, Alma, New York and 1614 Fanton Road, Wellsville, New York:

### FIREARMS AND AMMUNITION:

a. One (1) Savage Arms Rifle Model: 93, .22 gauge bearing serial number 944622 and magazine loaded with .22 gauge ammunition;

b. One (1) Knight Muzzleloader Model: LK-93, .50 caliber, bearing serial number 387345;

c. One (1) Remington Arms Rifle Model; 700ML, .50 caliber, bearing serial number ML076382;

d. One (1) Unknown make Shotgun Model: SB, .20 gauge caliber, bearing serial number C1236358;

e. One (1) J Stevens Arms Shotgun Model: 39A, .410 caliber, unknown serial number;

f. One (1) Crescent Firearms Model: Peerless, unknown caliber, bearing serial number 238622;

g. One (1) CVA Olympia Optima Rifle, .50 caliber, bearing serial number 61-13- 017794-18;

h. One (1) Unknown Revolver bearing serial number M4255 [49];

i. One (1) Remington Arms Shotgun Model: 870, .12 gauge caliber, bearing serial number AZ00482M;

j. One (1) round of live .22 caliber ammunition;

k. Eleven (11) rounds of .22 ammunition;

l. Thirty-six (36) rounds of live ammunition;

m. Sixty (60) rounds of live .12 gauge ammunition;

n. Twenty-four (24) rounds of live ammunition;

o. Two (2) rounds of live ammunition;

p. Seventeen (17) .12 gauge rounds of live ammunition;

q. Thirteen (13) rounds of live ammunition;

r. Four (4) .16 gauge rounds of ammunition;

s. One (1) Box of .12 gauge ammunition;

t. Two (2) boxes of .12 gauge ammunition;

12

u. Two (2) rounds of .223 live ammunition;

v. One (1) .30-30 round of ammunition;

w. Various rounds of live ammunition;

x. One (1) Loaded Ruger magazine with .22 caliber ammunition and twenty- three (23) rounds of ammunition; and

y. One loaded Ruger magazine with 22 caliber ammunition and one (1) round of .243 live ammunition.

31. The defendant also agrees that the assets listed above are properly forfeitable to the government pursuant to Title 18, United States Code, Sections 924(d)(1) and 3665; Title 21, United States Code, Section 853(a)(2); and Title 28, United States Code, Section 2461(c).

32. After the entry of the defendant's guilty pleas, and pursuant to Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the defendant agrees to the entry of a Preliminary Order of Forfeiture and a Final Order of Forfeiture forfeiting the property listed above. The defendant further agrees that the Preliminary Order of Forfeiture and a Final Order of Forfeiture shall: (a) issue and become final as to the defendant prior to sentencing; (b) be made part of the defendant's sentence; and (c) be included in the judgment pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure. The defendant further agrees to the destruction of the firearms, ammunition, and magazines.

33. The defendant knowingly and voluntarily waives the defendant's right to any required notice in Rules 11(b)(1)(J), 32.2, and 43(a) and Title 18, United States Code, Section 983, including notice set forth in an indictment, information or administrative notice, the Court's advisement of any applicable forfeiture during the plea hearing, notice of the entry of the Preliminary Order of Forfeiture, the oral announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.

34.    The defendant knowingly, intelligently, and voluntarily waives any right to a jury trial on the forfeiture of the property. The defendant knowingly, intelligently, and voluntarily waives all constitutional, legal, and equitable defenses to the forfeiture of the property in any proceeding, including any defenses based on a claim of double jeopardy, whether constitutional or statutory, as to this proceeding or any related civil or administrative proceeding, the Ex Post Facto clause of the United States Constitution, any applicable statute of limitations, venue, or any defense under the Eighth Amendment, including a claim of excessive fines.

35.    The defendant acknowledges and understands that the forfeiture of property is (a) part of sentencing; (b) shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, any income taxes, or any other penalty imposed by the Court; and (c) shall survive bankruptcy.

36.    The defendant agrees not to file a claim or petition seeking remission or contesting the forfeiture of the property listed above in any administrative or judicial (civil or criminal) proceeding. The defendant further agrees not to assist any person or entity in the filing of any claim or petition seeking remission or contesting the forfeiture of the property listed above in any administrative or judicial (civil or criminal) forfeiture proceeding. Further, if any third-party files a claim to the property listed above, the defendant will assist the government in defending such claim.

## ABANDONMENT

37.    The defendant agrees to voluntarily abandon the following items seized during the criminal investigation associated with this matter:

14

a. One (1) Remington Arms Rifle Model: 770, .243 caliber bearing serial number M72127455;

b. One (1) Ruger LR Rifle Model: 10/22, .22 caliber, bearing serial number 824- 31238;

c. One (1) Remington Arms Rifle Model: 552, .22 caliber, bearing serial number A1825823;

d. One (1) Ithaca Gun Company Rifle Model: M66, .28 gauge caliber, bearing serial number 660257974;

e. One (1) Remington Arms Wingmaster Shotgun Model: 810, .12 gauge caliber, bearing serial number 843222V;

f. One (1) Remington Arms Shotgun Model: 1100, .20 gauge caliber, bearing serial number R034386K;

g. One (1) New England Firearms Handi-Rifle Model: 852, .223 caliber, bearing serial number NM283405;

h. One (1) Mossberg Shotgun Model: 855, .12 gauge caliber, bearing serial number UM0015640;

i. One (1) Remington Arms Shotgun Model: 1100, .20 gauge caliber, bearing serial number N844620K;

j. One (1) Spa Luige Franchi Brescia Shotgun, .12 gauge caliber, bearing serial number 056240;

38. The defendant agrees that the items are subject to abandonment. The defendant further agrees to sign any and all documentation in order to assist the government in facilitating the abandonment of such items

39. The defendant hereby knowingly and voluntarily waives any right, title, and interest in the property, and agrees not to contest the vesting of title in the government. The defendant waives the provisions of Title 41, Code of Federal Regulations, Sections 128-48.102-1 and 128-48.503 with respect to the abandonment of this property. The defendant further waives any and all rights or interest which the defendant may still possess in said property or for which the defendant may have any claim, including but not limited to, all

15

statutory and constitutional rights, time restrictions, notice provisions or any other applicable federal laws, with respect to the abandonment of these items.

40.    The defendant further understands that the government and any law enforcement agency acting on behalf of the government, to wit: the Federal Bureau of Investigation, may, in its discretion, destroy the firearms.

41.    The defendant agrees that in the event this plea agreement is voided for any reason, the agreement for forfeiture, abandonment, and disposition of the property listed above survives and shall be given full force and effect. The failure of the defendant to forfeit any property as required under this agreement, including the failure of the defendant to execute any document to accomplish the same on timely notice to do so, may constitute a material breach of this agreement.

42.    The defendant agrees that if, for any reason, in any pleadings before the Court, or any order of the Court, including but not limited to the Preliminary and/or Final Order of Forfeiture and the Judgment and Commitment, the government fails to properly identify and/or include any item that is forfeitable under the applicable statute, or includes a clerical or technical error, the defendant will consent and not oppose any effort by the government to amend, correct, or add to the description/list of items subject to forfeiture. Additionally, to the extent necessary, and at the discretion of the United States Attorney's Office, the defendant further agrees in the alternative, to the abandonment or civil forfeiture of any items that were excluded from the original description of items to be forfeited. Finally, if not specifically identified or listed above, the defendant agrees to the abandonment of any and all cellular phones seized by law enforcement in this case.

16

## TOTAL AGREEMENT AND AFFIRMATIONS

43.    This plea agreement represents the total agreement between the defendant, **HOWARD HINKLE, JR. a/k/a "Hard How"**, and the government.  There are no promises made by anyone other than those contained in this agreement.  This agreement supersedes any other prior agreements, written or oral, entered into between the government and the defendant.

MICHAEL DIGIACOMO
United States Attorney
Western District of New York

BY: _____
NICHOLAS T. COOPER
Assistant United States Attorney

Dated: June _5_, 2026

I have read this agreement, which consists of pages 1 through 17.  I have had a full opportunity to discuss this agreement with my attorneys, Daniel J. Henry, Esq. and Frank M. Bogulski, Esq.  I agree that it represents the total agreement reached between me and the government.  No promises or representations have been made to me other than what is contained in this agreement.  I understand all of the consequences of my pleas of guilty.  I fully agree with the contents of this agreement.  I am signing this agreement voluntarily and of my own free will.

_____
FRANK M. BOGULSKI, ESQ.

_____                    _____
HOWARD HINKLE, JR.                                 DANIEL J. HENRY, ESQ.
Defendant                                          Attorneys for the Defendant

Dated: June _5_, 2026                              Dated: June _5_, 2026

17