IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

v.                                                                  23-CR-99-EAW

MICHAEL RONCONE a/k/a "Cone,"

Defendant.

---

## PLEA AGREEMENT

The defendant, MICHAEL RONCONE a/k/a "Cone", and the United States Attorney for the Western District of New York (hereinafter "the government") hereby enter into a plea agreement with the terms and conditions as set out below.

### I.    THE PLEA AND POSSIBLE SENTENCE

1.    The defendant agrees to plead guilty to Count 26 of the Second Superseding Indictment which charges a violation of Title 18, United States Code, Section 1001(a)(2) (false statements) for which the maximum possible sentence is a term of imprisonment of 5 years, a fine of $250,000, a mandatory $100 special assessment and a term of supervised release of up to 3 years. The defendant understands that the penalties set forth in this paragraph are the maximum penalties that can be imposed by the Court at sentencing.

2.    The defendant understands that, if it is determined that the defendant has violated any of the terms or conditions of supervised release, the defendant may be required to serve in prison all or part of the term of supervised release, up to 2 years, without credit for time previously served on supervised release. As a consequence, a prison term imposed for a

1

violation of supervised release may result in the defendant serving a sentence of imprisonment longer than the statutory maximum set forth in ¶ 1 of this agreement.

## II.    ELEMENTS AND FACTUAL BASIS

3.    The defendant understands the nature of the offense set forth in ¶ 1 of this agreement and understands that if this case proceeded to trial, the government would be required to prove beyond a reasonable doubt the following elements of the crime:

a.  That the defendant made a statement or representation;

b.  That the statement or representation was material;

c.  That the statement or representation was false, fictitious, or fraudulent;

d.  That the false, fictitious, or fraudulent statement or representation was made knowingly and willfully; and

e.  That the statement or representation was made in a matter within the jurisdiction of the government of the United States.

## FACTUAL BASIS

4.    The defendant and the government agree to the following facts, which form the basis for the entry of the plea of guilty including relevant conduct:

a.  In or about August 2023, the Federal Bureau of Investigation ("FBI") began investigating the death of a federal witness, as well as narcotics and firearm offenses in the Western District of New York. The defendant, MICHAEL RONCONE a/k/a "Cone" ("RONCONE"), was identified as a person of interest in that investigation.

b.  A search warrant was obtained for RONCONE's residence at 4998 William Street, Lancaster, New York, which authorized law enforcement to search for and seize controlled substances and other evidence of RONCONE's possession, use, and distribution of controlled substances. During the search, law enforcement recovered a plastic bag twist containing cocaine from a dresser

2

drawer in RONCONE's bedroom. Various drug paraphernalia recovered from a safe also tested positive for the presence of cocaine.

c.  During the execution of the search warrant, RONCONE agreed to speak with the FBI. During the interview, he told the FBI that there were no drugs in his residence. Whether there were drugs in the defendant's residence was material to the FBI's investigation regarding RONCONE's involvement with illegal drugs, his association with others involved in the use and distribution of illegal drugs, and his possible commission of firearm offenses.

d.  RONCONE agrees that the FBI is within the executive branch of the Government of the United States, and that his interview with FBI agents was made in a matter within the jurisdiction of the executive branch of the Government of the United States.

e.  RONCONE admits that he knowingly and willfully made false, fictitious, and fraudulent statements and representations to the FBI when he told the FBI that there were no drugs in his residence. RONCONE admits that he knew there were drugs in his residence at the time he made that statement, including a quantity of cocaine in his dresser drawer. RONCONE further admits that his false, fictitious, and fraudulent statements to the FBI were material to the FBI's investigation into violations of Title 21, United States Code, Sections 841(a)(1), 846, and 856.

## III.  SENTENCING GUIDELINES

5.  The defendant understands that the Court must consider but is not bound by the Sentencing Guidelines (Sentencing Reform Act of 1984).

## BASE OFFENSE LEVEL

6.  The government and the defendant agree that Guidelines § 2B1.1(a)(2) applies to the offense of conviction and provides for a base offense level of **6**.

## ACCEPTANCE OF RESPONSIBILITY

7.      At sentencing, the government agrees not to oppose the recommendation that the Court apply the two (2) level decrease of Guidelines § 3E1.1(a) (acceptance of responsibility) which would result in a total offense level of **4**.

## CRIMINAL HISTORY CATEGORY

8.      It is the understanding of the government and the defendant that the defendant's criminal history category is **I**. The defendant understands that if the defendant is sentenced for, or convicted of, any other charges prior to sentencing in this action the defendant's criminal history category may increase.  The defendant understands that the defendant has no right to withdraw the plea of guilty based on the Court's determination of the defendant's criminal history category.

## ADJUSTMENT FOR ZERO-POINT OFFENDER

9.      It is the understanding of the government and the defendant that the defendant meets the criteria set forth in Guidelines Section 4C1.1(a)(1) – (11) (Adjustment for Certain Zero-Point Offenders), and as a result, a two-level downward adjustment applies, and the adjusted offense level is **2**.

## GUIDELINES' APPLICATION, CALCULATIONS AND IMPACT

10.      It is the understanding of the government and the defendant that, with a total offense level of **2** and criminal history category of **I**, the defendant's sentencing range would be a term of imprisonment of **0** to **6** months, a fine of **$200** to **$9,500**, and a period of

4

supervised release of not more than **3** years. Notwithstanding this, the defendant understands that at sentencing the defendant is subject to the maximum penalties set forth in ¶ 1 of this agreement.

11.    The government and the defendant agree to the correctness of the calculation of the Sentencing Guidelines range set forth above. The government and the defendant, however, reserve the right to recommend a sentence outside the Sentencing Guidelines range. The government agrees not to request a sentence exceeding **18 months** imprisonment. This paragraph reserves the right to the government and the defendant to bring to the attention of the Court all information deemed relevant to a determination of the proper sentence in this action.

12.    The defendant understands that the Court is not bound to accept any Sentencing Guidelines calculations set forth in this agreement and the defendant will not be entitled to withdraw the plea of guilty based on the sentence imposed by the Court.

13.    In the event the Court contemplates any Guidelines adjustments, departures, or calculations different from those agreed to by the parties above, the parties reserve the right to answer any inquiries by the Court concerning the same.

## IV.    STATUTE OF LIMITATIONS

14.    In the event the defendant's plea of guilty is withdrawn, or conviction vacated, either pre- or post-sentence, by way of appeal, motion, post-conviction proceeding, collateral attack or otherwise, the defendant agrees that any charges dismissed pursuant to this

5

agreement shall be automatically reinstated upon motion of the government and further agrees not to assert the statute of limitations as a defense to any federal criminal offense which is not time barred as of the date of this agreement. This waiver shall be effective for a period of six months following the date upon which the withdrawal of the guilty plea or vacating of the conviction becomes final.

## V.    IMMIGRATION CONSEQUENCES

15.    The defendant represents that the defendant is a citizen of the United States. However, if the defendant is a naturalized citizen of the United States, the defendant understands that pleading guilty may result in denaturalization and removal. If the defendant is not a citizen of the United States, the defendant understands that, if convicted, the defendant may be removed from the United States, denied citizenship, and denied admission to the United States in the future. The defendant understands that any effect that the defendant's conviction in this action will have upon the defendant's immigration status, that is, possible removal, denaturalization, or other immigration consequence, is the subject of a separate proceeding. The defendant has had an opportunity to fully determine what the consequences of the defendant's conviction may be on the defendant's immigration status, and the defendant understands that no one, including the defendant's attorney or the district court, can predict to a certainty the effect of the defendant's conviction on the defendant's immigration status. The defendant nevertheless affirms that the defendant wants to plead guilty regardless of any immigration consequences that the guilty plea may entail.

16.    The defendant understands that the defendant is bound by the guilty plea regardless of the immigration consequences of the plea. Accordingly, the defendant waives

6

any and all challenges to the guilty plea and to the sentence based on those consequences, and agrees not to seek to withdraw the guilty plea or to file a direct appeal or any kind of collateral attack challenging the guilty plea, conviction, or sentence based on the immigration consequences of the guilty plea, conviction, or sentence. This waiver does not preclude the defendant from raising a claim of ineffective assistance of counsel in the appropriate forum.

## VI.    GOVERNMENT RIGHTS AND OBLIGATIONS

17.    The defendant understands that the government has reserved the right to:

a.  provide to the Probation Office and the Court all the information and evidence in its possession that the government deems relevant concerning the defendant's background, character and involvement in the offense charged, the circumstances surrounding the charge and the defendant's criminal history;

b.  respond at sentencing to any statements made by the defendant or on the defendant's behalf that are inconsistent with the information and evidence available to the government;

c.  advocate for a specific sentence consistent with the terms of this agreement including the amount of [restitution and/or] a fine and the method of payment;

d.  modify its position with respect to any sentencing recommendation or sentencing factor under the Guidelines including criminal history category, in the event that subsequent to this agreement the government receives previously unknown information, including conduct and statements by the defendant subsequent to this agreement, regarding the recommendation or factor; and

e.  oppose any application for a downward departure and/or sentence outside the Guidelines range made by the defendant.

18.    At sentencing, the government will move to dismiss the open counts of the Second Superseding Indictment in this action as against the defendant.

7

19.    The defendant agrees that any financial records and information provided by the defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation.

## VII.    APPEAL RIGHTS

20.    The defendant knowingly waives the right to appeal and collaterally attack the defendant's conviction in any proceeding, including, but not limited to, an application under Title 28, United States Code, Section 2255, and/or Section 2241. In addition to any other claims the defendant might raise, the defendant knowingly waives the right to challenge the conviction based on: (1) any non-jurisdictional defects in the proceedings prior to entry of this plea; (2) a claim that the statute to which the defendant is pleading guilty is unconstitutional, (except in the event that, in the future, the Supreme Court finds the statute in question unconstitutional); and (3) a claim that the conduct admitted in the Factual Basis of this plea agreement does not fall within the scope of the statute to which the defendant is pleading guilty.

21.    The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed. The defendant, however, knowingly waives the right to appeal and collaterally attack, in any proceeding, including but not limited to, an application under Title 28, United States Code, Section 2255 and/or Section 2241, any component of a sentence imposed by the Court which falls within or is less than the sentencing range for imprisonment of **0** to **6** months, a fine of **$200** to **$9,500**, and a period of supervised release of not more than **3** years, notwithstanding the manner in which the Court determines the sentence. The defendant further knowingly waives the right to appeal

and/or collaterally attack any condition of supervised release imposed by the Court for which the defendant had notice, including from a recommendation by the Probation Office in the Presentence Investigation Report, and did not object. In the event of an appeal of the defendant's sentence by the government, the defendant reserves the right to argue the correctness of the defendant's sentence.

22.    The defendant understands that by agreeing not to collaterally attack the conviction or sentence in any proceeding, including, but not limited to, an application under Title 28, United States Code, Section 2255 and/or Section 2241, the defendant is waiving the right to challenge the conviction or sentence in the event that, in the future, the defendant becomes aware of previously unknown facts or a change in the law which the defendant believes would justify a decrease in the defendant's sentence.

23.    The government waives its right to appeal any component of a sentence imposed by the Court which falls within or is greater than the sentencing range for imprisonment of **0** to **6** months, a fine of **$200** to **$9,500**, and a period of supervised release of not more than **3** years, notwithstanding the manner in which the Court determines the sentence. However, in the event of an appeal from the defendant's sentence by the defendant, the government reserves its right to argue the correctness of the defendant's sentence.

24.    By entering this plea of guilty, the defendant waives any and all right to withdraw the defendant's plea or to attack the defendant's conviction or sentence, either on direct appeal or collaterally, on the ground that the government has failed to produce any discovery material, (other than material the government was required to produce under *Brady*

9

*v. Maryland* and its progeny), that has not already been produced as of the date of the signing of this Agreement.

25.    Notwithstanding the foregoing, nothing in the Appeal Rights section of this plea agreement shall be construed to be a waiver of whatever rights the defendant may have to assert claims of ineffective assistance of counsel, whether on direct appeal, collateral review, or otherwise.

## VIII.    SEIZED PROPERTY DISPOSITION

26.    On January 9, 2024, the Federal Bureau of Investigation (FBI) took custody of firearms, ammunition and magazines (the "Seized Property") during the execution of search warrants at 4998 William Street, Lancaster, New York and a trailer located between 801 and 882 Alma Hill Road, Wellsville, New York.

27.    The defendant acknowledges that he has an ownership interest in a portion of the Seized Property and upon the Court's acceptance of this plea agreement, he is convicted of a crime punishable by imprisonment for a term exceeding one year, and his possession, custody or control of any firearms and/or ammunition is a violation of federal law. The defendant has made the government aware that if the government is not going to pursue forfeiture for the items, that the defendant would like to transfer/release his ownership interest in the Seized Property to one or more designees. The defendant agrees to take whatever steps are necessary to fully assist the legal transfer/release the defendant's ownership interest to the defendant's designee(s).

10

28.     The defendant acknowledges that the government may withhold and not transfer any of the Seized Property to anyone that is prohibited from the receipt or possession of the Seized Property under either federal or state law and that any agreement to transfer is conditional upon the completion of appropriate background checks. The defendant further acknowledges that the government may withhold and not release any of the Seized Property that cannot be lawfully possessed, transferred or returned, under state or federal law. If the government is unable to release any of the Seized Property for any reason, the defendant knowingly and voluntarily waives his right, title and interest in the Seized Property and agrees not to contest the vesting of his title of such property to the government.

29.     The defendant agrees to unconditionally release and hold harmless the United States of America, FBI, and its officers, employees and agents, from any and all claims, grievances, demands, damages, causes of action or suits, whether in their official or individual capacity, of whatever kind or description, and wherever located, for any and all losses or damages, including but not limited to destruction, physical injury, or death, to any persons or property of any kind, that might now exist or hereafter arise by reason of, or growing out of, or affecting, directly or indirectly, the possession, custody, transfer, or other lawful disposition of the Seized Property, by reason of FBI's release of the Seized Property at the request of the defendant to the defendant's designee(s).

11

## IX.   TOTAL AGREEMENT AND AFFIRMATIONS

30.    This plea agreement represents the total agreement between the defendant, **MICHAEL RONCONE a/k/a "Cone"**, and the government.  There are no promises made by anyone other than those contained in this agreement.  This agreement supersedes any other prior agreements, written or oral, entered into between the government and the defendant.

MICHAEL DIGIACOMO
United States Attorney
Western District of New York

BY: _____
NICHOLAS T. COOPER
Assistant United States Attorney

Dated:  June __5__, 2026

I have read this agreement, which consists of pages 1 through 12.  I have had a full opportunity to discuss this agreement with my attorneys, Paul G. Dell, Esq. and Jenna Wojdan-Price, Esq.  I agree that it represents the total agreement reached between me and the government.  No promises or representations have been made to me other than what is contained in this agreement.  I understand all of the consequences of my plea of guilty.  I fully agree with the contents of this agreement.  I am signing this agreement voluntarily and of my own free will.

_____
MICHAEL RONCONE
Defendant

Dated:  June __5__, 2026

_____
PAUL G. DELL, ESQ.
Attorney for the Defendant

Dated:  June __5__, 2026

12