UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

                                        Plaintiff,

                vs.                                Docket No 1:23-CR-99-LJV-JJM

JOHN THOMAS ERMIN,

                                        Defendant.

_____

**DEFENDANT JOHN ERMIN'S MOTION FOR RELEASE
FROM CUSTODY BETWEEN PLEA AND SENTENCE**

GEORGE V.C. MUSCATO, ESQ., and DONALD M. THOMPSON, ESQ., on behalf of JOHN THOMAS ERMIN, move for his release from custody following his plea of guilty and pending sentencing based on the arguments and authorities below.

Mr. Ermin was arrested on December 7, 2023 for a violation of 18 U.S.C. § 922(g)(3) (now count 24 of the above-numbered indictment) and has remained in custody pursuant to this Court's order of detention since that date.

The government recently forwarded an approved plea agreement to the Court and the defense which provides that Mr. Ermin may plead guilty to a one count superseding information charging Misprision of a Felony in violation of 18 U.S.C. § 4, in full satisfaction of the charges in the above-numbered indictment. A change of plea hearing is scheduled for June 5, 2026 at 11:30 a.m. for that purpose.

As recited in the approved plea agreement, the statutory maximum period of imprisonment for a conviction for Misprision of a Felony is 3 years, or 36 months,

1

although the parties have calculated Mr. Ermin's range of imprisonment under the Sentencing Guidelines to be a period of 8-14 months.

As of June 6, 2026, Mr. Ermin will have served almost exactly 30 months (29 months and 29 days) in custody.  A sentence of 14 months, the top of the parties' calculated Guideline sentencing range, equals 12 months after reducing the total sentence by 1/7th for good time credit.  In that case, Mr. Ermin will have already served 18 months more than he would have on a maximum Guideline sentence.

If, for reasons not contemplated by the parties in the plea agreement, Mr. Ermin were sentenced to the statutory maximum sentence of 36 months, that would translate to actual incarceration time of 30 months and 26 days, after applying credit of 1/7th of the total sentence toward good time.  In that case, as of June 6, 2026, Mr. Ermin would have 26 days left to serve, which would be completed well before any sentencing in this case.

Because Mr. Ermin could not receive a sentence that would obligate him to serve any additional time in custody under either the terms of plea agreement or the statutory maximum sentence provided for by 18 U.S.C. § 4, and because he would serve 75-90 days more if remanded pending sentencing, he respectfully requests an order directing that he be released from custody following his guilty plea, pending sentencing.

18 U.S.C. § 3143 provides, in relevant part, that

(a) Release or detention pending sentence. – (1) Except as provided in paragraph (2), the judicial officer shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence, other than a person for whom the applicable guideline promulgated pursuant to 28 U.S.C. 994 does not recommend a term of imprisonment, be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to

the safety of any other person or the community if released under section 3142(b) or (c). If the judicial officer makes such a finding, such judicial officer shall order the release of the person in accordance with section 3142(b) or (c).

Section 3143(2), referenced above, includes additional requirements for release where a defendant has been found guilty of an offense described under 18 U.S.C. § 3142(f)(1)(A), (B), or (C) – crimes of violence, offenses with maximum sentences of life in prison or death, and drug offenses carrying maximum sentences of ten or more years – none of which are applicable here.

To satisfy 18 U.S.C. § 3143(a)(1), a defendant must show by clear and convincing evidence that he is not likely to flee or pose a danger to the safety of any other person or the community if released under appropriate conditions imposed by the Court (*United States v. McDuffie*, 451 F.Supp.3d 281 [S.D.N.Y. 2020]).

At the time of Mr. Ermin's arrest for a violation of 18 U.S.C. § 922(g)(3), the Magistrate Judge found that Mr. Ermin was not a risk of flight or a danger to the community, denied the government's motion for detention, and ordered him released on the conditions recommended by the Probation Department. The government appealed, the order releasing Mr. Ermin was stayed, and this Court thereafter ordered Mr. Ermin detained. He was arraigned on the second superseding indictment a week later.

There is no serious dispute that Mr. Ermin is not likely to flee. Having served the entire incarceration portion of any sentence he could receive, and more, he has little incentive to do so. As indicated in the Pretrial Report, he has lived 41 Richmond Avenue in Lancaster, New York for the past 24 years together with his wife. Mr. Ermin has

extensive family and community support in the area as evinced by their attendance at every court proceeding. He has surrendered his passport to counsel, who still retains custody of it, and would comply with any travel restrictions imposed by the Court. Along those lines, has no need to travel outside of the Western District of New York.  While Mr. Ermin has family in Pennsylvania and Florida, his immediate family and support group are all located in this District.

While Mr. Ermin's possession of multiple firearms at the time of his arrest could have contributed to a finding of dangerousness, all of the weapons to which Mr. Ermin once had access were either seized by the government and remain in government custody or were voluntarily removed from the residence.  At the time of Mr. Ermin's detention hearing an issue presented by the government was his ability or motivation to intimidate any potential witnesses. However now, fully aware of the identities of witnesses, including cooperating witnesses, Mr. Ermin has made no attempt to have any contact with them, either personally or through third parties.  It is also relevant to any consideration of possible dangerousness that the current proposed plea would resolve, without any factual findings, all allegations suggesting or implying the use of violence.

Even where "the language of section 3143(b)(2) compels detention [not the case here], an exception permits release of mandatory detainees who meet the requirements for release under section 3143(b)(1), 'if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate' 18 U.S.C. § 3145(c)" (*United States v. DiSomma*, 951 F.2d 494, 496 [2nd Cir. 1991]).

In this regard, district courts have wide latitude to determine whether a particular set of circumstances is "exceptional" (*United States v. Lea*, 360 F.3d 401, 403 [2nd Cir. 2004]; *see also*, *DiSomma*, 951 F.2d at 497).  Such circumstances may include "a unique combination of circumstances giving rise to situations that are out of the ordinary" (*id.*). In *DiSomma*, for example, the Second Circuit found the possibility that the defendant might be confined unjustly should he prevail on appeal to be an exceptional circumstance.

Other courts have held that whether remanding the defendant to custody until sentencing would be tantamount to subjecting him to unjust detention also qualifies as an exceptional circumstance (*see United States v. Thomas*, No. 10-cr-229, 2010 WL 3323805, at *2 [D.N.J. 2010]; *United States v. Christman*, 712 F.Supp.2d 651, 655 [E.D. Ky. 2010]; *see also United States v. Thomas*, 2020 WL 5538923, *5 [N.D. Texas 2020]; *United States v. Tobacco*, 150 F.Supp.3d 1051, 1053-1054 [D.S.D. 2015]).

Here, if the Court accepts the terms of the plea agreement, Mr. Ermin would not receive a sentence requiring him to serve any additional time and in fact, will have already over-served whatever sentence is imposed by 1½ years. Thus, although based on the offense of conviction a finding of exceptional circumstances under 18 U.S.C. § 3143(2) is irrelevant to Mr. Ermin's release pending sentence, such circumstances do exist here and offer an additional justification compelling his release between his plea and the date of his sentence,

WHEREFORE, Mr. Ermin respectfully requests an order directing that he be released from custody following his guilty plea and pending sentencing, and for such further relief as the Court deems just and proper.

Dated: June 3, 2026

/s/ George V.C. Muscato
GEORGE V.C. MUSCATO, ESQ.
Attorney for Defendant JOHN ERMIN

/s/ Donald M. Thompson
DONALD M. THOMPSON, ESQ.
Attorney for Defendant JOHN ERMIN

6