IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

v.                                                    23-CR-99-EAW

SIMON GOGOLACK, et al.,

Defendants

---

### GOVERNMENT'S SUPPLEMENT TO ITS MOTION TO DISMISS CERTAIN COUNTS AS TO DEFENDANTS GOGOLACK AND GERACE

On June 5, 2026, the government moved to dismiss Counts 1 through 3 with prejudice as to defendant Simon Gogolack and Counts 2 and 3 as to defendant Peter Gerace pursuant to Federal Rule of Criminal Procedure 48(a).  *See* Dkt. 1000.  On June 8, 2026, the Court directed the government to supplement its motion with the factual bases supporting dismissal and explain why it is declining to dismiss Count 1 as to Mr. Gerace.  *See* Dkt. 1012.

Following the return of the Second Superseding Indictment on January 4, 2024, the government, as in all cases, continued to reevaluate its proof in light of newly discovered information and evidence, the availability and unavailability of witnesses, and Court rulings regarding the admissibility of evidence, all of which impacted the government's theory of the case. In that vein, prior to moving to dismiss Counts 1 through 3 against Mr. Gogolack and Counts 2 and 3 against Mr. Gerace, the government considered the recent receipt from defense counsel of a recording of two important government witnesses containing significant impeachment material; the deaths of two witnesses who had communications with Ms. Quinn shortly prior to her death; statements made by Ms. Quinn in the weeks before her death; evidence concerning Ms. Quinn's history of drug use; and mental health records

contained in Ms. Quinn's U.S. Probation Office files.   The government's evaluation of the case was further informed by controlling and persuasive case law relevant to whether—and to what extent—certain evidence, including statements by the defendants and Ms. Quinn, would be admissible.   As part of that evaluation, the government also carefully considered a recent evidentiary ruling that impacted the government's theory of the case.   *See* Dkt. 990.

After reviewing the remaining admissible evidence in its totality, the government did not believe that it could prove Mr. Gogolack and Mr. Gerace's guilt, as to those specific counts, beyond a reasonable doubt.   For that reason, the ends of justice counsel in favor of dismissing Counts 1 through 3 as to Mr. Gogolack and Counts 2 and 3 as to Mr. Gerace.

However, the admissible evidence does not merit dismissing Count 1 as to Mr. Gerace. Count 1 alleges two conspiratorial objects:

> (1) to defraud the United States of "its right to have its business and . . . affairs, . . . particularly the transaction of the official business of the United States District Court of the Western District of New York[] and the Grand Jury of the United States District Court . . . conducted honestly and impartially, free from corruption, fraud, improper and undue influence, dishonesty, unlawful impairment, and obstruction" ; and

> (2) to violate Title 18, United States Code, Section 1503 (Obstruction of Justice) by corruptly endeavoring to influence, obstruct, and impede the due administration of justice, that is, the proceedings of the federal grand jury and trials of the United States District Court for the Western District of New York.

Dkt. 24 at 8–9 ¶ 2(a)–(b).

Count 1 alleged that Mr. Gerace and other co-conspirators carried out the conspiracy in several ways.   One way was to prevent Ms. Quinn from testifying in the Grand Jury by installing an attorney they believed would intervene if the "feds" tried to "bring [her] in for questioning."   *See id.* at 14 ¶17. Another way was to fraudulently induce Judge Sinatra into recusing himself from cases 19-CR-227 and 23-CR-37 in hopes of securing a different judge

whom they believed would likely adjourn the trial, release Mr. Gerace from custody, and/or render decisions more favorable to the defendant. *See id.* at 16 ¶¶ 24, 26. The admissible evidence at trial—which will include witness testimony, court transcripts, and court records—will permit a reasonable jury to convict Mr. Gerace of conspiring with others to effectuate the fraud and obstruction alleged in Count 1.

By contrast, Mr. Gogolack's participation in the obstruction conspiracy was premised upon his *agreement* with others to (1) scare and kill Ms. Quinn, (2) advance the false narrative that she killed herself, and (3) conceal his firearms. *See generally id.* at 15, 20, 21 24 ¶¶ 18, 21, 45–47, 52, 71. Based on the government's assessment of the remaining admissible evidence, it does not believe that it can prove beyond a reasonable doubt that Mr. Gogolack took these actions as part of a criminal agreement with others.

For these reasons, the government believes that the interests of justice counsel in favor of dismissing Count 1 as to Mr. Gogolack and proceeding to trial on Count 1 as to Mr. Gerace.

DATED:  Buffalo, New York, June 9, 2026.

MICHAEL DIGIACOMO
United States Attorney

BY:    s/CASEY L. CHALBECK
       s/NICHOLAS T. COOPER
       Assistant United States Attorney
       United States Attorney's Office
       Western District of New York
       138 Delaware Avenue
       Buffalo, New York 14202
       716.843.5881
       Casey.Chalbeck@usdoj.gov