UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

                                    **AMENDED**
                                    **PRETRIAL ORDER**

      v.

                                   1:23-CR-00099 EAW

PETER GERACE, JR.,

          Defendant.

_____

     This order will control the conduct of the trial in the above-captioned case.

## I.    **SCHEDULE**

     A jury trial is scheduled to commence on <u>Monday, November 2, 2026, at 9:00 a.m.</u>, at the United States Courthouse, 100 State Street, Rochester, New York. This is a day-certain trial that will not be adjourned. Jury selection will continue until a jury has been selected. Once a jury is selected, the trial will proceed <u>each subsequent day for half days without a lunch break</u> (*i.e.*, commencing at approximately 9:00 a.m. and continuing until approximately 2:00 p.m.), excluding November 11, 2026; November 12, 2026; and November 13, 2026. While counsel and the parties should plan on this schedule, more specifics concerning the schedule will be discussed at the pretrial conference. The Court is planning on the trial lasting up to two weeks, and counsel and the parties should plan accordingly.

Counsel must notify this Court immediately if a pretrial resolution of this matter has been reached.  The Court encourages the Government to set a deadline for disposition of the case by plea.  This will allow for the orderly disposition of cases and avoid needless effort and expense of counsel and the Court.

A pretrial conference is scheduled for Thursday, October 15, 2026, at 10:00 a.m., at the United States Courthouse, 100 State Street, Rochester, New York.  The attorneys who will actually try the case, along with Defendant, **must** attend the pretrial conference in person.

In addition, a final pretrial status conference is scheduled for Tuesday, October 27, 2026, at 1:00 p.m., at the United States Courthouse, 100 State Street, Rochester, New York.  Again, the attorneys who will actually try and case, along with Defendant, **must** attend the final pretrial status conference.

## II.     **PRETRIAL SUBMISSIONS**

Unless otherwise indicated, the following pretrial submissions MUST BE FILED with the Clerk of the Court and served on opposing counsel on or before September 24, 2026.

### A.     **Voir Dire Preparation**

All parties must submit, on a separate page, the name, firm name (if applicable), and business address of the attorney or attorneys trying the case, and the names of any assistants who will be in court at counsel's table.

Defendant must submit, on a separate page, his full name and address.

The Government must submit a list of its prospective witnesses.

Defendant must submit a list of witnesses who are expected to testify as part of the defense direct case.

For proper identification to the jury, the parties' witness lists should include the following:

(A)     The full name of the witness;

(B)     The occupational association of the witness (*e.g.*, FBI, Erie County Sheriff's Department, victim teller at bank);

(C)     The address of the witness (city and state will be sufficient); and

(D)     A brief statement of the general subject matter expected to be covered by the witness (*e.g.*, John Doe, chemist who analyzed drugs; Mary Smith, victim teller at M&T Bank).

The Court will conduct oral voir dire by asking a standard list of questions of the panel.  The parties may submit a list of proposed questions they wish the Court to ask the panel.  Failure to do so constitutes a waiver of any requests by that party.

The parties shall also discuss and work to reach a short and concise statement of the case for the Court to use with the jury.

**B.      Jencks Act, 18 U.S.C. § 3500**

It is in all cases preferable and advisable that § 3500 material be exchanged according to a schedule previously established, but no later than THIRTY DAYS prior to the trial. This practice avoids lengthy delays during trial and affords the defense a reasonable opportunity to review this material. To the extent not already produced, the Court encourages the Government to comply with this timing.

**C.      Exhibit Lists and Exhibits**

The Government must file an exhibit list on forms supplied by the Clerk's Office that briefly describes each proposed exhibit. This list must include all exhibits that the Government intends to use in its case-in-chief.

Defendant must file an exhibit list containing those exhibits he expects to introduce in his direct case.

ALL exhibits shall be denominated by number. The Government's exhibits shall use numbers 1 through 4999; Defendant shall use numbers 5000 and above. All exhibits on the exhibit lists must be physically tagged and marked with the appropriate stickers prior to the commencement of the trial. Counsel are directed to identify those exhibits as to which admissibility will not be contested, and those that counsel will stipulate into evidence. Counsel should be prepared to discuss stipulating exhibits into evidence at the pretrial conference.

At the pretrial conference on October 15, 2026, each party must provide the Court and opposing counsel with exhibit books containing copies of the exhibits (*i.e.*, three-ring binders with tabs for each exhibit).

### D. Stipulations

The parties should consider appropriate stipulations concerning undisputed facts or testimony. It is especially troubling to force custodians of business records and chain-of-custody witnesses to appear.

If the Government wishes to present proof by stipulation, it must submit to opposing counsel proposed stipulations of fact or proposed stipulations of testimony <u>on or before October 1, 2026</u>, with a request that Defendant agree to the stipulations.

Defendant shall notify the Government as soon as possible, but no later than <u>October 14, 2026</u>, whether he will agree to the proposed stipulations.

Proposed stipulations do not have to be filed with the Court as part of the pretrial submissions.

### E. Impeachment of Witnesses Under Fed. R. Evid. 608 and 609

Both the Government and Defendant must file notice if they intend to impeach any witness—including Defendant, should he choose to testify—by evidence of his character or specific instances of conduct, under Fed. R. Evid. 608, or by evidence of a prior conviction, under Fed. R. Evid. 609.

The notice should include the specific nature of the proposed impeachment evidence, including the dates of the prior acts or convictions, and citation to relevant case law that may assist the Court in determining admissibility.  Copies of any relevant exhibits sought to be introduced should be attached to the notice.

### F.        Evidence of Other Crimes, Wrongs or Acts Under Fed. R. Evid. 404(b)

The Government must file notice if it intends to introduce evidence of other crimes, wrongs, or acts under Fed. R. Evid. 404(b), whether in its case-in-chief or as rebuttal evidence.

The notice must set forth the specific nature of any such evidence, including the dates of the prior crimes, wrongs or acts, the specific purpose(s) under Fed. R. Evid. 404(b) for which the evidence is being introduced, and citation to any case law that would assist the Court in determining admissibility.  Copies of any relevant exhibits sought to be introduced should be attached to the notice.

### G.     Tapes and Transcripts

At least THIRTY DAYS before the pretrial conference, the Government must submit to the Court and opposing counsel the final version of any transcripts of tapes of electronic eavesdropping or monitoring that it intends to submit to the jury.  Transcripts do not have to be filed with pretrial submissions.

Defendant must file any objection to the transcripts or move against them by following the procedures set forth in paragraph I, *infra*.

**H.      Expert Testimony**

The parties must comply with all of the expert disclosure requirements listed at Fed. R. Crim. P. 16(a)(1)(G) [Government]; 16(b)(1)(C) [Defendant].  Failure to comply may result in preclusion of the testimony.

**I.      Evidentiary Issues and Motions in Limine**

By September 24, 2026, both the Government and Defendant must file any motions in limine concerning any potential evidentiary issues or procedural problems that may arise during the trial.  The parties must advise the Court of any significant evidentiary problems or anticipated proof problems that could arise.  The opposing party must file a response by October 8, 2026.

All motions in limine must be accompanied by a memorandum of law, which includes citation to relevant case law, to assist the Court in resolving the issues.

Surprises and gamesmanship have no place in a trial and benefit neither side.  It is in your interest that the Court be aware of potential problems so that careful consideration can be given to your respective positions.  Some issues cannot be anticipated, but many evidentiary issues can.  Examples include: the potential of witnesses to assert the Fifth Amendment; impeachment of witnesses or Defendant by character evidence, specific instances of conduct, or by evidence of prior conviction; the admissibility of other crimes, wrongs, or acts to prove intent and motive, etc. under Fed. R. Evid. 404(b); authentication of tapes and voice identification; obvious hearsay problems; prior inconsistent statements; objections to expert testimony, etc.

The Court intends to resolve motions in limine at the pretrial conference on October 15, 2026, to the extent possible.

**J.      Jury Instructions**

The Court gives standard jury instructions in every criminal case, and the parties are not required to file proposed instructions concerning these matters.

 By October 1, 2026, the Government must file proposed jury instructions on the substantive offense charged in the indictment.  The Government may file any other proposed jury instructions that it has reason to believe will be necessary (*e.g.*, use of accomplice testimony; impeachment by prior bad acts or felony conviction).

Each proposed jury instruction must be consecutively numbered and set forth on a separate page.  An index or Table of Contents for the instructions must be included.  Legal authority or the source for the instruction must be set forth at the end of each instruction. If the instruction comes from a form book, the party must advise the Court as to whether the instruction, as presented, has been modified from the instruction that appears in the form book.

Defendant may file any objections to the Government's proposed instructions and/or Defendant's own proposed jury instructions, in the form set forth above, by October 15, 2026.

The Government may file objections to Defendant's proposed jury instructions on or before October 22, 2026.

Any other proposed jury instructions from either party, based on events occurring during trial, must be filed as soon as possible.

### K.    Courtesy Copies

Each party shall provide to the Court a courtesy copy of all pretrial submissions filed pursuant to this Order.  Additionally, each party shall submit, by email, their exhibit list, voir dire material, and proposed instructions in Word format.  Those documents may be sent to Chambers email at wolford@nywd.uscourts.gov.

## III.    JURY SELECTION

The Court will pick a twelve-person jury plus two-to-four alternates.  The Court will use the "struck-jury" system.  Under the struck-jury system, the clerk will select a venire panel that equals the total of the number of petit jurors (12), plus the combined number of peremptory challenges allowed to all parties (16), plus the number of alternates selected (2-4), plus the peremptory challenges available for the alternates (2-4).

The Court will conduct voir dire of the entire panel.  The Court will give an opportunity to counsel, outside the presence of the jury, to make challenges for cause.

Counsel for each side then exercises peremptory challenges, on an alternating basis, until they have either exhausted or waived the allotted number of peremptory challenges. The first twelve panel members remaining will constitute the jury and the next two-to-four will be the alternates.

The Government will strike first by writing the name and juror number of its challenge on the strike sheet that will be provided.  Defendant will then exercise his peremptory challenges for rounds one and two, and then the Government will exercise its challenges in rounds two and three, etc.  In other words, the exercise of peremptory challenges will start with the Government but then continue on an alternating basis.

If a party does not exercise a challenge during a particular round, it loses only that peremptory challenge and may make other peremptory challenges in later rounds.

## IV.    TRIAL

The Court will advise counsel of its daily schedule so that arrangements can be made for witnesses, etc.  Counsel are responsible for having witnesses available as needed.

At the conclusion of each trial day, counsel will advise the Court and opposing counsel of the witnesses expected to be called the following day.

The parties are expected to cooperate in scheduling witnesses.  The Court is willing to take witnesses out-of-turn to accommodate experts and other non-party witnesses.

Jury time is valuable time, and the Court will not tolerate the squandering of this time with bench conferences concerning matters that could be resolved before the jury is summoned, during breaks, or in the evening.

If the Court recesses to 9:00 a.m., for example, it is expected that we will begin proof at that time.  If counsel expect problems or need to see the Court, they must make arrangements to meet with the Court at a time before the jury is scheduled to arrive, or in

the afternoon/evening after the jury has left.  <u>Nothing aggravates jurors more than waiting, without explanation, for long periods of time while counsel resolve matters that could have been resolved sooner.</u>

The Court will set time limits for opening statements and closing arguments, and it is expected that counsel will adhere to those limits.

Each party will be allowed one re-direct examination and one re-cross examination. Any request to exceed these limits must be based on unanticipated and extraordinary circumstances.

Each party is responsible for maintaining custody of that party's original exhibits and having them available in court for use during trial.

## V.    <u>SPEEDY TRIAL EXCLUSION</u>

Although the speedy trial clock is presently automatically stopped pursuant to 18 U.S.C. § 3161(h)(1)(D), as discussed at the court appearance on June 11, 2026, the Court finds that a continuance serves the ends of justice and outweighs the best interests of the public and Defendant in a more speedy trial, including because it will allow the parties time to brief and argue a motion addressed to the argument that the Government has constructively amended count one of the second superseding indictment.  For these reasons and all the reasons discussed on the record in further detail on June 11, 2026, pursuant to 18 U.S.C. § 3161(h)(7)(A) and (B)(iv), the Court finds that the time through August 13,

2026, is excluded from the speedy trial clock in the interests of justice, and those interests outweigh the interests of the public and Defendant in a more speedy trial.

      SO ORDERED.

_____
ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated:      June 15, 2026
             Rochester, New York