IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

**23-CR-99-EAW**

v.

SIMON GOGOLACK,

*Defendant.*

---

## DEFENDANT SIMON GOGOLACK'S SUPPLEMENTAL RESPONSE TO THE GOVERNMENT'S MOTION FOR REJOINDER OF COUNTS 11-18.

1. After the dismissal of counts one through three of the indictment, Simon Gogolack stands charged under counts 4-10 with various drug and firearm-related offenses occurring between July 2, 2023 and August 8, 2023.

2. Under counts 11-18, he is charged with two counts of kidnapping, said incident allegedly occurring on March 14, 2023, along with several counts of witness tampering for conduct allegedly occurring on August 14, 2023.

3. The Government has moved to rejoin all of the counts. For the reasons that follow, this Court should not rejoin counts 11 through 18 to counts 4-10.

4. Under Rule 8(a), joinder is permissible where two or more offenses are (1) of the same or similar character, (2) based on the same act or transaction, or (3) connected with or constitute parts of a common scheme or plan.

5. In support of rejoinder, the Government primarily relies upon evidence that would be admitted at both trials, such as Mr. Gogolack's cell phone, and testimony that would be admitted at both trials, like the testimony of CB and JC.

6. However, even where some evidence overlaps, offenses are not joinable unless they satisfy one of Rule 8(a)'s requirements, being of the same or similar character, based upon the same act or transaction, or connected with and constituting parts of a common scheme or plan. United States v. Perry, 37 F.Supp.3d 546 (D.Mass. 2014). Here, the Government's argument that joinder should be predicated upon the argument that certain evidence of Counts 4-10 overlaps with evidence of Counts 11-18 is unavailing.

7. "Joinder under Rule 8 is not infinitely malleable." United States v. Richardson, 161 F.3d 728, 733 (D.C. Cir. 1998). Rather, "it cannot be stretched to cover offenses, like those here, which are discrete and dissimilar and which do not constitute parts of a common scheme or plan." Id. Joinder of unrelated transactions is not permitted merely because some evidence

might be common to all of the counts. <u>United States v. Jawara</u>, 474 F.3d 565 (9th Cir. 2007).

8.  The validity of a joinder is determined solely by allegations in the indictment. <u>United States v. Terry</u>, 911 F.2d 272 (9th Cir. 1990), <u>citing Schaeffer v. United States</u>, 362 U.S. 511 (1960).

9.  "In order for offenses discrete and dissimilar on their faces to be properly joined under Rule 8, there must be some logical relationship between them." <u>United States v. Richardson</u>, 161 F.3d 728, 733 (D.C. Cir. 1998).  Here, there is no logical connection between the alleged kidnapping in March 2023 and the alleged drug activity and firearms possession from July and August of 2023.

10.  Rejoinder is not permissible, as none of the criteria in Rule 8(a) are satisfied. Kidnapping is not of the same or similar character as gun possession and drug possession and distribution.  The March 15, 2023 alleged kidnapping and the events of July into August 2023 were not part of the same act or criminal transaction.  Nor is there any evidence that they constituted integral parts of a common scheme or plan.

11. The March 2023 kidnapping relies upon testimonial evidence of C.B., J.C., and E.B., as well as evidence from cell phones from around that date. Evidence that drugs were found in Gogolack's home five months later would

not be admissible to prove this discrete set of charges from March.  United States v. Alvarez-Sorto, 160 F.4th 930, 941 (8th Cir. 2025) ("None of the evidence here logically proved an element of any charged crime.  Whether they had drugs in South Dakota or elsewhere does not make any fact of consequence in determining whether the defendants committed the specific elements of carjacking, kidnapping, or possessing a firearm more or less probable").

12. Where there is not mutual admissibility of both sets of charges, counts cannot be joined under Rule 8(a).  United States v. Sampson, 385 F.3d 183 (2d Cir. 2004).

13. The Government acknowledges that it has no proof that the alleged kidnapping from March 15th was in relation to the drug trade, committed to recover drug debt, motivated by stealing drugs, or any other relation to drug activity.  Dkt. 1051, p. 11, fn. 5.  In fact, the available evidence indicates that it was a stolen package from Mr. Gogolack's porch, which package contained a cell phone, that sparked the events leading to the kidnapping charge.  Id.

14. That being the case, any ongoing drug and firearms activity in July and August of 2023 is not logically connected to the alleged kidnapping, nor to the alleged obstruction of justice related to the kidnapping, as charged in counts 11-18 of the indictment.

15. In United States v. Terry (911 F.2d 272 [9th Cir. 1990]), the defendant was charged with drug crimes under counts one and two for an event occurring on June 9, 1988. He was charged under count three with possessing a firearm in a different location on June 22, 1998. The Court found that the counts were improperly joined due to the lack of any logical connection between them.

16. An unrelated kidnapping is simply not joinable with a drug conspiracy absent a nexus between the two, such as a showing that the kidnapping was motivated by drug activity.

17. A mere temporal or spatial relationship is not sufficient to establish the propriety of joinder of offenses under Rule 8(a), as allowing joinder solely based on such proximity would effectively permit limitless joinder of any charges arising out of the same investigation. United States v. Hawkins, 776 F.3d 200 (4th Cir. 2015). In other words, in order to be joinable, the two sets of charges must show a common thread of an overarching criminal scheme connecting the crimes, not merely that the evidence was discovered during a single investigation. United States v. Suggs, 531 F.Supp.2d 13 (D. D.C. 2008).

18. Moreover, a joinder is not appropriate simply because both offenses involved the possession of a firearm. United States v. Serrano-Ramirez, 319 F.Supp.3d 918 (M.D. Tenn. 2018). Rather, there must be a logical and temporal connection between the alleged offenses.

19. Here, there is none.  Rather, the alleged kidnapping relates to a stolen package containing a cell phone rather than to drug distribution.  While the Government points to evidence that Mr. Gogolack used his phone for drug distribution purposes, there was no evidence that this particular stolen phone was to be used for any particular purpose, nor that his purchase of this phone related to drug trafficking.

20. The mere fact that those who deal in drugs use cell phones does not provide a logical nexus.  All people use cell phones for everything they do.  The mere fact that both crimes rely on cell phone evidence is unsurprising and unmoving.

21. Given the lack of a logical connection between an alleged kidnapping on March 15, 2023 and the charges leading to counts one through 10 of the indictment, the Government's motion for rejoinder should be denied.

22. Even if the Court finds there is a logical connection under Rule 8(a), it should nevertheless deny the Government's motion under Rule 14(a), as admission of the alleged kidnapping and witness tampering counts would be unduly prejudicial to a trial on counts 4-10.

WHEREFORE, defendant SIMON GOGOLACK asks this Court to deny the Government's motion for rejoinder of counts 11-18 with counts 4-10 of the second superseding indictment, and for such other and further relief as to the Court appears to be just and proper.

Dated:    June 29, 2026

By:    _____
NICHOLAS T. TEXIDO, ESQ.
Co-counsel for Defendant Simon Gogolack

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

        **23-CR-99-EAW**

  v.

        **CERTIFICATE OF SERVICE**

SIMON GOGOLACK,

      *Defendant.*

---

Nicholas T. Texido, Esq., with Offices located at 69 Delaware Avenue, Suite 1100, Buffalo, New York 14202, affirms to be true and states under penalty of perjury that on June 29, 2026, he filed the attached Supplemental Response to the Government's Motion for Rejoinder with the Clerk of the Court using the CM/ECF system, which would automatically notify the following participants on the case:

1. Hon. Elizabeth A. Wolford, Chief Judge
2. Casey L. Chalbeck, Esq., AUSA
3. Nicholas Cooper, Esq., AUSA

Dated:      June 29, 2026

NICHOLAS T. TEXIDO, ESQ.