UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

      v.

SIMON GOGOLACK, a/k/a Greek,

      Defendant.

**ORDER**

1:23-CR-00099 EAW

---

A trial in this matter is scheduled to commence as to defendant Simon Gogolack ("Defendant" or "Gogolack") on August 18, 2026. (Dkt. 1043). On June 17, 2026, after the initial trial date was adjourned and the government dismissed certain counts against Defendant, the undersigned issued an Order addressing the status of any outstanding motions filed by the government and by Defendant. (*See* Dkt. 1049). Thereafter, pursuant to the amended pretrial order issued by the Court, the government filed an additional motion *in limine*. (Dkt. 1075). On August 11, 2026, the Court held a pretrial conference and resolved the outstanding motions related to Defendant. (Dkt. 1087).

As explained in further detail on the record at the August 11, 2026 pretrial conference, the government's motion *in limine* filed at Docket 1075, which seeks to preclude Defendant from arguing for jury nullification, is granted to the extent that Defendant may not make any arguments for jury nullification, but at this stage the Court declines to bar the defense from arguing that Crystal Quinn committed suicide.

In addition, as referenced in the Order filed at Docket 1049, the government sought several forms of relief in its motion *in limine* filed at Docket 894, and some of the issues

remained outstanding and were addressed at the August 11, 2026 pretrial conference, as set forth below.[1]

The government's request seeking to admit evidence of Defendant's participation in a conspiracy to distribute fentanyl and Xanax and Defendant's offer of hitman services (*see* Dkt. 1049 at p. 4 (¶ I(A)(6)), is granted to the extent that the government may seek to admit evidence that Defendant participated in a conspiracy to distribute fentanyl and Xanax (the evidence is directly relevant), but is denied as moot with respect to Defendant's offer of hitman services because the government is no longer seeking to introduce that evidence.

The government's request seeking to admit evidence of Gogolack's prior bad acts (the kidnappings of Jeffrey Crowner and Charles Buchholz) (*id*. ¶ I(A)(7)) is granted because the kidnapping counts have been rejoined in the second superseding indictment and therefore the kidnappings are admissible as direct evidence of the crimes allegedly committed (as opposed to prior bad acts).

The government's request seeking to admit evidence of Gogolack's false impersonation of Scot Drummond (*id*. ¶ I(A)(8)) is granted for the reasons explained on the record in further detail at the appearance on August 11, 2026. Further, the government may seek to admit evidence that Defendant previously facilitated the distribution of green pills to Drummond. Accordingly, to the extent Defendant seeks to preclude evidence of Defendant "middling a deal" for Drummond (*see* Dkt. 941 at 6-7), that request is denied.

---

[1] The Court also confirmed at the pretrial conference on August 11, 2026, that the only outstanding issue that remained pending from Gogolack's motion *in limine* filed at Docket 857, had been mooted because of the rejoinder of the counts against Gogolack. (*See* Dkt. 1049 at p. 7 (¶ II(B)).

The government's request seeking to preclude comment, argument, and evidence regarding prosecutorial charging decisions suggesting that the prosecution was instituted for selective or vindictive purposes, and further seeking to preclude unfounded allegations of government misconduct or irrelevant charges to the quality of the government's work (particularly that Crystal Quinn committed suicide after the government relentlessly tried to pressure her into lying about Peter Gerace) (*see* Dkt. 1049 at p. 5 (¶ I(C)(2)), is denied as moot because Defendant is not seeking to make such arguments. However, the defense may pursue general arguments regarding the thoroughness of the government's investigation and whether the government took an objective view of the evidence, as discussed in further detail at the appearance on August 11, 2026.

Lastly, as to the government's request seeking to restrict the use of third-party statements to impeach a witness unless the witness has endorsed the statement, and that a third-party's notes or report of a witness's statement may not be admitted as a prior inconsistent statement unless it is a verbatim transcript of the witness's words (*id*. at 6 ¶ I(C)(5)), that request is denied, subject to renewal at the time of trial.

SO ORDERED.

ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated:      August 13, 2026
            Rochester, New York

- 3 -